IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | 1:20-mj-114 (JFA/LMB) |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Defendant Zackary Ellis Sanders ("Sanders" or "defendant") has filed a document styled as an Objection to the Government's Motion to Extend Time for Indictment and Renewed Motion to Release Zackary Sanders [Dkt. No. 24]. For the reasons that follow, this motion will be denied.

Defendant has been charged by criminal complaint with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). After an initial appearance before Magistrate Judge John F. Anderson, defendant was ordered to be detained pending further proceedings. Defendant then filed a Motion for Revocation of Detention Order and Request for Expedited Hearing, which was denied. On April 9, 2020 the government filed a motion to extend time for indictment, pursuant to General Orders 2020-02, 2020-03, 2020-06, and 2020-07, under which the Chief Judge of this district cancelled all grand jury proceedings in the district until May 1, 2020 in light of the coronavirus and found that "the ends of justice outweigh the best interest of the public and the defendants in a speedy indictment and a speedy trial, and that the failure to grant such a continuance would prevent the completion of full and fair jury proceedings and

result in a miscarriage of justice."[1] General Order 2020-06 at 5-6. On the basis of these orders, and in the interests of justice and public safety, the Court granted the motion to extend the time in which to present defendant's case to a grand jury. On April 13, 2020, defendant filed the instant motion, in which he argues that extending the government's time to indict violates his right to a speedy trial, renews his request to be released on GPS monitoring to the custody of his parents, and in the alternative requests temporary release under 18 U.S.C. § 3142(i).

With respect to defendant's request that the Court reconsider its order as to his detention, the Court has already considered and rejected most of defendant's arguments, and the additional information provided in the instant motion does not change the Court's assessment. As explained in the April 2, 2020 Order denying defendant's motion to revoke his detention order, the Court found that defendant "failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(E) that there is no condition or combination of conditions that will reasonably assure the safety of the community." [Dkt. No. 17] at 4. Defendant has been charged with an extremely serious crime, and the documentation supporting the criminal complaint indicates that the crime was aggravated because it involved soliciting underage children to produce child pornography. Although defendant has proposed a set of conditions for home confinement, these conditions do not alleviate the Court's concerns about the threat defendant poses to the community. In addition, the Court has already considered the other issues raised in defendant's motion, including his health conditions, and determined that they do not justify release at this time. Although defendant argues that he is at significant risk of contracting the coronavirus in the Alexandria Adult Detention Center ("ADC") where he is currently confined, as of April 23, 2020, there are no reported cases of the virus in that facility, which is operating at approximately 50 percent of its

---

[1] This date was subsequently extended until June 10, 2020. See General Order 2020-12.

inmate capacity. The smaller number of inmates improves the jail's ability to impose some degree of social distancing. Accordingly, nothing in defendant's motion justifies reconsidering the Court's previous order.

For similar reasons, defendant's request for temporary release under 18 U.S.C. § 3142(i) will also be denied. Release is not necessary for the preparation of his defense and there is no other reason sufficiently compelling to justify release, particularly given the factors enumerated above that counsel against release. Although defendant asserts that he has been unable to have in-person meetings with a lawyer or a family member since his arrest, the Court has been informed that no inmates at the Alexandria Detention Center are currently permitted to have in-person meetings. Instead, attorneys have access to their clients via telephone, which ought to be sufficient for defendant to prepare his defense. This is one mechanism through which the facility is working to prevent the spread of the coronavirus.

With respect to defendant's objections to extending the government's time to indict, the Chief Judge of this district has concluded in a series of General Orders that delaying indictments is necessary given the current extenuating circumstances, which include the governor's Temporary Stay at Home Order Due to Novel Coronavirus (COVID-19). That order requires Virginians to remain in their homes unless leaving to engage in an approved activity and bars groups of more than 10 people from gathering. Grand jury proceedings must have a quorum of at least 16 grand jurors in attendance. Including a prosecutor and a witness, there must be at least 18 people present in a grand jury session. To avoid the spread of the coronavirus, such gatherings are presently not appropriate.

The conclusions of the Chief Judge's General Orders and this Court's Order extending the time to indict were sound and justified. In issuing its Order extending the time to indict, the

Court weighed defendant's interests and circumstances, including his health conditions, the risk of erroneous deprivation, and the government's interest, and concluded that the interests of justice required an extension. Accordingly, it is hereby

ORDERED that defendant's Objection to the Government's Motion to Extend Time for Indictment and Renewed Motion to Release Zackary Sanders [Dkt. No. 24] be and is DENIED.

The remaining issue in defendant's motion, concerning how he is presently being housed, in an "intake" facility with lights on 24 hours a day, raises a different issue which needs to be addressed. For these reasons, it is further

ORDERED that the government advise the Court and defense counsel by Monday, April 27, 2020 as to whether the defendant is still being held under those conditions and if so, why.

The Clerk is directed to forward copies of this Order to counsel of record and the United States Pretrial Services Office.

Entered this 23rd day of April, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge