IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:20-MJ-114 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## **PROTECTIVE ORDER**

This matter, having come to the Court's attention on the Motion for Entry of a Protective Order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced by the government in discovery in the above captioned case, including any copies that might be made of such materials.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The attorneys of record and members of the defense team may display and review the discovery materials with the defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the discovery materials to the defendant and other

persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the defendant and other persons.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure and the Local Criminal Rules.

5. Any discovery material, or information contained therein, that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. Additionally, any information related to a minor victim or witness's (1) name, (2) school, (3) social media names, handles, or user IDs, (4) home address, (5) birth date, (6) photographs or visual depictions, and (7) any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a) that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court, under 18 U.S.C. § 3509(d). Any publicly filed or disseminated documents that refer to any minor victim or witness shall do so by a generic name, such as "Minor Victim 1."

7. Any violation of any term or condition of this Order by the defendant, the defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Eastern District of Virginia, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. The defense team shall use discovery only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes all pretrial, trial, and post-trial proceedings in this Court, any appeals, and any motion filed by the defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion). Upon the final disposition of this case, any materials designated subject to the Protective Order shall not be used, in any way, in any other matter, absent a court order. All discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court. Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of defendant, the defense team shall either (1) return all discovery to the United States Attorney's Office for the Eastern District of Virginia within 10 days upon conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal, or (2) destroy all discovery and certify to the United States Attorney's Office that it has been destroyed.

9. Counsel for the defendant represents that they have discussed this Protective Order with their client, who agrees to be bound by all its terms. The defendant and his counsel are required to give a copy of this Protective Order to all individuals engaged or consulted by defense counsel to assist in this case.

10. By agreeing to the entry of this Protective Order, the defendant and the defense team do not concede—and expressly reserve the right to contest—that any of the United States' allegations against the defendant are true or that any of defendant's actions would have resulted in any person becoming a victim.

//

//

//

IT IS SO ORDERED:

Date: April 27, 2020
Alexandria, Virginia

/s/ *[signature]*
Leonie M. Brinkema
United States District Judge

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney

By: *[signature]* Digitally signed by WILLIAM CLAYMAN
Date: 2020.04.27 10:59:04 -04'00'

William G. Clayman
Special Assistant United States Attorney (LT)

SEEN AND AGREED:

*[signature]*

Jonathan S. Jeffress
Emily A. Voshell
Counsel for Zackary Ellis Sanders

4