IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 1:20-cr-143 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| Defendant. ) | |

## ORDER

On June 24, 2020, a federal grand jury returned a twelve-count indictment charging defendant Zackary Ellis Sanders with five counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2). On July 10, 2020, defendant was arraigned and entered a plea of not guilty, and a jury trial was scheduled for November 17, 2020.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the 70-day speedy trial period based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance. *See* 18 U.S.C. § 3161(h)(7)(B).

Chief Judge Mark S. Davis of the United States District Court for the Eastern District of

Virginia has entered several General Orders continuing all criminal jury trials in the Eastern District of Virginia, excluding time from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(B), and finding that the exclusion of time was necessary pursuant to the ends of justice and 18 U.S.C. § 3161(h)(7)(B) in light of the COVID-19 outbreak. Specifically, General Order No. 2020-19 provides that criminal jury trials will resume in this District on or after September 14, 2020. General Order No. 2020-19, at 2. And, as relevant here, General Order No. 2020-16 excluded the time period of June 11, 2020 through July 6, 2020 and General Order No. 2020-19 excluded the time period of July 7, 2020 through September 13, 2020 from the speedy trial calculation. In scheduling the November 17, 2020 jury trial in this matter, the parties and the Court were aware of Chief Judge Davis's General Orders continuing jury trials in this District and making findings pursuant to the Speedy Trial Act, but it is nevertheless appropriate to make findings specific to this case regarding the exclusion of time from speedy trial calculations and the ends of justice.

The Court **FINDS** that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice are served by commencing the trial on Tuesday, November 17, 2020, and that in so delaying the trial the ends of justice served outweigh the best interest of the public and defendant Sanders in a speedy trial.

The period of delay resulting from the continuance of all criminal jury trials in the Eastern District of Virginia—the period of June 24, 2020 through September 13, 2020—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act. The Court makes these ends of justice findings after balancing the factors discussed in 18 U.S.C. § 3161(h)(7)(B), and **FINDS** that the exclusion of this period of time is necessary to balance the health and safety of prospective jurors, court employees, defendant Sanders, counsel

2

for the government and defendant Sanders, this Court, and the public with the Constitutional and statutory responsibility to continue federal court operations during the COVID-19 pandemic.

The period of delay resulting from defendant's Motion to Compel Discovery—the period of July 13, 2020 through at least July 31, 2020, the date of the motion hearing, and continuing until the disposition of that motion—shall also be excluded in computing the time within which the trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D) (providing for the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The exclusion of the period of June 24, 2020 through September 13, 2020 results in an applicable Speedy Trial deadline of November 23, 2020, and the jury trial scheduled to begin on November 17, 2020 would thus begin within the Speedy Trial deadline.

Accordingly,

It is hereby **ORDERED** that the period of delay resulting from the suspension of jury trials in the Eastern District of Virginia—the period of June 24, 2020 through September 13, 2020—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

It is further **ORDERED** that the period of delay resulting from defendant's pretrial Motion to Compel Discovery—the period of July 13, 2020 through at least July 31, 2020, the date of the motion hearing, and continuing until the disposition of that motion—shall also be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
July 15, 2020

/s/
T. S. Ellis, III
United States District Judge