IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United

States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United

States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, files this response in

opposition to the defendant's Motion to Compel Discovery.  Dkt. No. 38 ("Mot.").  For the reasons

stated below, the defendant's motion should be denied.

**INTRODUCTION**

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████

    ██████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████    The defendant's
conclusory assertions fall well short of establishing materiality under Rule 16, *Franks*, *Brady*, or
any other relevant legal precedent, and his motion represents nothing more than a request to
embark on an impermissible fishing expedition for information that either is not material to his
defense or has already been provided.  Accordingly, his motion should be denied.

## BACKGROUND[1]

On June 24, 2020, a federal grand jury in Alexandria, Virginia, returned a twelve-count indictment charging the defendant with five counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), six counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Dkt. No. 29. These charges are based on online chats in which the defendant demanded that minors send him degrading and sexually explicit images and videos of themselves, as well as other files depicting minors engaged in sexually explicit conduct that law enforcement recovered from his electronic devices. *See* Dkt. No. 4.

On July 7, 2020, following the return of the indictment and prior to the arraignment in this matter, the United States provided the defendant with substantial discovery, some of which, like the affidavit in support of the search warrant ("SW Affidavit"), he had already received.[2] This initial July discovery production consisted of, among other things, reports and documents prepared by the FBI during the course of its investigation of the defendant, the SW Affidavit, photographs taken and recordings of interviews conducted during the execution of the warrant, and sanitized versions of the online chats that form the basis of the production- and receipt-of-child-pornography counts in the indictment. The United States also informed the defendant that it had physical

---

[1] The details of this investigation are highly sensitive and, accordingly, the government has filed a motion to seal its response to the defendant's motion. ███████████████████████████████████████████████████████████████████████████████████████████ *See* Dkt. No. 28.

[2] In April 2020, the warrant was unsealed for the limited purpose of permitting the government to provide the SW Affidavit to defense counsel. Because of the sensitive and ongoing nature of the investigation described in the SW Affidavit, the Court ordered that the warrant and its supporting documents remain under seal on the docket in all other respects.

evidence and evidence containing child pornography that it can make available for his review at an appropriate government facility.

Without conceding any obligation to do so, the government also included in this production a document from ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.[3]

Based on a review of the government's discovery production, defense counsel informed the government on July 7, 2020, that the defendant intended to file a motion to compel the production of additional information unless the government provided by July 8, 2020, all materials requested in several wide-ranging, pre-indictment discovery requests.  The next day, undersigned counsel advised the defense that the government had provided the defendant with an extensive and comprehensive discovery production prior to the arraignment in this matter but would continue to look into the defendant's requests and produce any discoverable materials as appropriate and consistent with Rule 16, *Jencks*, *Brady*, and any other discovery obligations.

On July 13, 2020, the defendant filed the instant motion pursuant to Federal Rule of Criminal Procedure 16, *Brady*, and the Sixth Amendment.  Mot. at 11–20.  His motion seeks an order compelling the government to produce all material—whether it be "emails, letters, documents, photographs, and/or other tangible evidence ████████████████████████ ████████████████████, and reports documenting the same"—related to the two main portions

---

[3] These two documents have been attached to the defendant's under seal motion as Exhibits 2 and 3.  *See* Dkt. No. 38, Exh. 2 & 3.

of ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████ Mot. at 11–12.

As undersigned counsel advised on July 8, 2020, the government has continued to look into the defendant's requests and has now provided the defendant with additional materials and contextual information related to ███████████.  Specifically, the government has produced to the defendant an intelligence report prepared by ████████████████████████████████████

████████████████████████████████████████████████████

███████.[4] ████████████████████████████████████████████████

████████████████████████████████████████████ While these additional materials should satisfy some of the defendant's current requests—██████████

████████████████████████████████████████████, for example, *see* Mot. at 12—the sweeping nature of the requests in his motion and his prior communications with the government indicate that he believes he is entitled to more.  He is not.

## ARGUMENT

"Generally, criminal defendants do not have a constitutional right to discovery absent a statute, rule of criminal procedure, or some other entitlement."  *United States v. Palacios*, 677 F.3d 234, 246 (4th Cir. 2012) (internal citations omitted).  The government is aware of its Rule 16, *Jencks*, *Brady*, and other discovery obligations and has complied with and will continue to comply with both the letter and spirit of those obligations.  In his motion, however, the defendant seeks to

---

[4] The two documents attached to the defendant's motion and this intelligence report from ██████████
████████████████████████████████████████████████████████

compel the government to turn over additional, irrelevant information to which he is not entitled. Specifically, based on his speculative belief that additional information related to the two main portions of ███████ might exist and that he might be able to use this information to request a *Franks* hearing, the defendant is seeking access to all material related to what he thinks the government knew or should have known about these two portions of ███ The defendant's motion fails to demonstrate that the wide-ranging evidence he seeks is material and discoverable under any of the relevant rules, standards, or caselaw, and it should therefore be denied.

**I.      The Defendant Has Failed to Show that the Requested Evidence is Material to his Defense Under Rule 16 and *Franks***

Under Rule 16 of the Federal Rules of Criminal Procedure, a defendant has a right to inspect documents, data, or tangibles objects "if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E). With respect to the materiality prong, "in the context of Rule 16, 'the defendant's defense' means the defendant's response to the Government's case in chief." *United States v. Armstrong*, 517 U.S. 456, 462 (1996). In interpreting Rule 16, the Fourth Circuit has stated that the defendant bears the burden of proving that the information sought "would . . . actually help[] prove his defense." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (internal citations omitted).

The Fourth Circuit has also stated that a defendant can satisfy his burden of proving the materiality of information requested under Rule 16 by showing that "there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)). Put differently, to prove materiality under Rule 16,

the defendant must provide "some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in his favor." *Id.* (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975), *cert. denied* 423 U.S. 836)). According to a Ninth Circuit decision favorably cited by the Fourth Circuit in *Caro*, 597 F.3d at 621, a defendant cannot meet this burden through "general description[s] of the information sought" nor through "conclusory allegations of materiality"; rather, "a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). Indeed, "ordering production by the government without any preliminary showing of materiality is inconsistent with Rule 16." *Mandel*, 914 F.2d at 1219. As courts have explained, doing so would allow a defendant "to carry out an impermissible 'fishing expedition,'" in which the defendant does not know what evidence he is looking for from the government until he finds it. *United States v. McLamb*, 220 F. Supp. 3d 663, 676 (E.D. Va. 2016) (denying motion to compel where defendant's requests were based on "mere speculation" of materiality); *see also United States v. Maranzino*, 860 F.2d 981, 985–86 (10th Cir. 1988) (explaining that "Rule 16 does not authorize a blanket request to see the prosecution's file" or a "fishing expedition" by the defense) (citing *Jencks v. United States*, 353 U.S. 657, 667 (1957)); *United States v. Wilford*, 961 F. Supp. 2d 740, 756 (D. Md. 2013) ("Rule 16 does not authorize a shotgun fishing expedition." (internal citations and quotation marks omitted.)); *United States v. Delacruz*, No. Case 14 Cr. 815 (KBF), 2015 WL 2211943, at *1 (S.D.N.Y. May 12, 2015) ("Rule 16 does not entitle a criminal defendant to a broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up." (internal citations and quotation marks omitted)).

7

Here, the defendant's primary claim to materiality under Rule 16 is that his broad requests might provide some additional information beyond the discovery he already has that he might be able to use in a motion for a hearing on the warrant pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Mot. at 11, 16. Where defendants have couched discovery requests under the need to mount a *Franks* challenge, courts have cautioned that such requests "should be denied where a defendant has failed to make the preliminary showing necessary for a *Franks* hearing."[5] *United States v. Messalas*, --- F. Supp. 3d ---, 2020 WL 1666162 (E.D.N.Y. April 4, 2020); *see also United States v. Garrison*, 147 F. Supp. 3d 1173, 1183 (D. Colo. 2015) ("[I]n the context of attempting to prepare a *Franks* challenge, the defendant must offer a specific, articulable basis for believing that the Government possesses particular evidence or information, not otherwise available to the defendant, that would support a claim that a warrant affiant intentionally or recklessly misstated or omitted material information[.]"); *United States v. Roybal*, 46 F. Supp. 3d 1127, 1162 (D.N.M. 2014) (explaining that "allowing the Defendants to obtain this evidence to mount a *Franks* challenge without making the requisite preliminary showing would vitiate the purpose of *Franks*" and noting that the court "could not find . . . a case in which a court has granted such a request"); *United States v. Harding*, 273 F. Supp. 2d 411, 430 (S.D.N.Y. 2003) (denying defendant's request for all documents from a confidential informant relied on in a warrant where defendant failed to meet the threshold showing required by *Franks*, and explaining that Rule 16 does not entitle a

---

[5] In *Franks*, the Supreme Court held that if a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 154, 155–56. No hearing is required, however, if after the "material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause." *Id.* at 171–72.

defendant "to wide-ranging discovery to canvass for evidence in support of his motion to suppress"). And the Fourth Circuit has made clear that, "[g]iven the presumption of validity with respect to the affidavit supporting [a] search warrant," satisfying the standard required for a *Franks* hearing is a "heavy burden" to bear. *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal citations and quotations omitted).[6] After all, as the Supreme Court explained, one purpose of requiring a defendant to make "a substantial preliminary showing" is "to prevent the misuse of a veracity hearing for the purposes of discovery and obstruction." *Franks*, 438 U.S. at 170.

Based on the above, the defendant's requests for all material related to the government's understanding of the two main components of  must be denied. Mot. at 11. The defendant does not assert that this information is material to his defense against the government's case at trial. Rather, he contends that it is material because it may bolster his unsupported theory that the SW Affidavit intentionally misrepresented or omitted material facts when it stated that:

(1) ███████████████████████████████████████████████████████████

████████ and (2) ███████████████████████████████████████████████

---

[6] There is a dearth of caselaw in this Circuit on the application of Rule 16 at the suppression or *Franks* stage of a case. At least one court has suggested that the Rule 16 materiality standard can simply be transposed to the suppression stage by assessing whether the defendant has requested specific, clearly-defined evidence that would, if provided, "alter the quantum of proof in [the defendant's] favor" by enabling him to prevail on a motion to suppress. *United States v. Wilford*, 961 F. Supp. 2d 740, 756 (D. Md. 2013) (internal citations and quotations omitted). Still, this court cautioned, "Rule 16 does not authorize a shotgun fishing expedition" through all information in the government's possession. *Id.* (rejecting as too broad a request for a wide-ranging category of information without clearly explaining why all information in that category would be pertinent to a pretrial suppression argument). Neither this Court nor the Fourth Circuit appear to have firmly addressed whether and how Rule 16's materiality standard should be applied at the suppression or *Franks* stage of a case, but the guidance from *Caro* and *Franks* make clear that, at a minimum and consistent with the authority cited herein, a defendant must make a preliminary showing of materiality based on specific, non-conclusory facts to compel the production of any evidence he seeks at the suppression stage under Rule 16.

████████████████████████████████████████████████████████████

*See* Exh. 1 (SW Affidavit) at ¶¶ 23, 25.  Tellingly, after learning that the SW Affidavit accurately

described these portions of ██████, the defendant has not presented any specific facts or

proof showing that these statements are intentionally or knowingly false.  Instead, he claims that

the government might be withholding additional, unspecified information showing that they are

false or incomplete by pointing out that the government used slightly different language to describe

████ on two occasions unrelated to the warrant, citing a declaration from a purported expert who

has not examined any of the physical evidence in this case, and concluding that the FBI could have

or should have done more to corroborate ████.  As explained below, none of these speculative,

conclusory theories are sufficient to require the production of the information the defendant seeks,

and his motion should be denied.

   **A.    The SW Affidavit accurately articulated the information ████████████**
   **██████**

   As explained in the SW Affidavit, one portion of ████████ states that ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████  Exh. 1 at ¶¶ 23, 24.  As the defendant knows, this language from the

SW Affidavit directly tracks the information contained in ████████ to the FBI and is the only

information that Magistrate Judge Anderson had before him regarding this portion of ████ when

he issued the search warrant.  As the defendant also knows, at no point does the SW Affidavit state

that the defendant ████████████████████, nor does it state that the defendant

██████████████████████████████████

Unsatisfied with his ability to challenge the search warrant on this basis, the defendant now suggests that the government might be aware of contradictory or even corroborative information about this portion of ███████████ that was not presented to Magistrate Judge Anderson and argues that all materials related to this portion of ██████ must be disclosed under Rule 16 so that he can find a basis to request a *Franks* hearing.[7]  Mot. at 16.  The primary basis for his claim that the SW Affidavit mischaracterizes this portion of ██████, however, is that an FBI form and undersigned counsel's response to a previous defense motion used slightly different language to describe ███ ██████ information.  *See* Mot. at 8–9, 17.  Even if such a pedantic distinction mattered, which it does not, there is no "world of difference" between these two descriptions of ██████████.  *Id.* at 17.  ████████████ and the SW Affidavit say that █████████████████████████████ ██████████████████  The FBI form and government filing say that an Internet user accessed a specific website that advertised child pornography.  *Id.* at 8–9.  Those descriptions are not even remotely contradictory: in order for a user to access child sexual abuse material via a website on May 23, 2019, as ██████████ states, that user would naturally also have to access that website on May 23, 2019.  More to the point, as the defendant knows from his review of the discovery, the SW Affidavit's description of this portion of ████████████ is entirely accurate and does not omit any material information.

The defendant's claim that this flimsy difference between the description of ██████ in the SW Affidavit and the FBI form establishes that the SW Affidavit contains a knowing and intentional falsehood or omission is a far cry from the kind of "substantial preliminary showing"

---

[7] The defendant also appears to suggest that this information is material under Rule 16 because it might be used to support a motion to suppress.  Mot. at 13.  The defendant's instant motion, however, focuses his Rule 16 materiality arguments on a future motion for a *Franks* hearing.  *Id.* at 12–14.  Accordingly, the government will focus its response on this latter theory of materiality.

required for this Court to grant a *Franks* hearing.  *See United States v. Matish*, 193 F. Supp. 3d 585, 605 (E.D. Va. 2016) ("Because affidavits supporting search warrants are presumed valid, in order to mandate an evidentiary hearing [under *Franks*], the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine." (internal citations and quotation marks omitted)).  The fact that the FBI form does not describe this portion of █ █ as precisely as the SW Affidavit has no bearing the veracity of the SW Affidavit. Further, his suggestion that this semantic and ultimately meaningless difference in descriptions proves that the government is in possession of other materials related to this portion of █ that might provide a basis for a *Franks* hearing is, at best, entirely speculative.  Without a far more substantial showing from the defendant—who, it bears repeating, already has in his possession all the documents from █ that form the basis of █ in the SW Affidavit—his wide-ranging request for all material, documents, and communications related this portion of █ would "vitiate the purpose of *Franks*, which is 'to prevent the misuse of a veracity hearing for the purposes of discovery and obstruction.'"  *Roybal*, 46 F. Supp. 3d at 1162 (quoting *Franks*, 438 U.S. at 170).  Because the defendant has not satisfied the heavy burden required for a *Franks* hearing to take place, his motion to compel discovery to support a *Franks* challenge should be denied.  *See, e.g.*, *Messalas* --- F. Supp. 3d ---, 2020 WL 1666162, at *11.

Even assuming that the defendant were entitled to discovery to come up with a preliminary showing under *Franks*, his motion fails to make even the most basic showing of materiality to support his discovery request under Rule 16.  He has provided no indication, let alone a strong one, that the material he seeks "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal."  *Caro*, 597 F.3d at 621 (4th Cir. 2010).  As noted above, the defendant's claim that that the SW Affidavit

misrepresented ▮▮▮▮▮▮ is flatly contradicted by ▮▮▮ itself, and the only facts he can muster to suggest that the information he requests might significantly assist him in "alter[ing] the quantum of proof in his favor" by prevailing on a *Franks* or suppression motion are two documents unrelated to the SW Affidavit in which the government described this portion of ▮▮▮ in a slightly different but entirely consistent way.  *Caro*, 597 F.3d at 621.

The defendant is also unable to articulate with any specificity or certainty what information he believes this discovery request will produce that would significantly improve his chances of prevailing on a critical pretrial motion.  Rather, he simply claims that the SW Affidavit and the substantial discovery provided to date might be incomplete or inaccurate as to this one portion of ▮▮▮▮▮▮ and then asserts that he needs to review all material in the government's possession related to this topic to corroborate that claim.  This unfounded theory of discovery would turn the criminal discovery process on its head and has, unsurprisingly, been rejected by this Court in the past.  *See Matish*, 193 F. Supp. 3d at 598 (rejecting a discovery request based only on speculation as to what the requested material might show and "the *ipse dixit* that the [evidence] is needed because its declarants opine that it is needed."); *see also United States v. Darby*, Case No. 2:16-CR-36 (RGD), Dkt. No. 49 (E.D. Va. Aug. 12, 2016) (rejecting discovery request based on defendant's claim that the government is "lying to him about its operation" and "he should not have to trust the sworn statements of government agents").  Indeed, if the mere assertion that a sworn representation from the government is false or incomplete, without any factual support and despite the existence of evidence proving its veracity, was sufficient to entitle a defendant to fish through every piece of information in the government's possession to look for something that might impeach that representation, there would be no limitation to criminal discovery in any case.  At the very least, this approach to discovery is inconsistent with the disclosure obligations under

Rule 16 articulated by the Fourth Circuit and other courts. *Caro*, 597 F.3d at 621; *see also Mandel*, 914 F.2d 1219 ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which could tend to show that the Government is in possession of information helpful to the defense."). Accordingly, the defendant's motion to compel the production of all "material regarding the FBI's knowledge of what the Internet user did and did not access," Mot. at 11, should be denied.

**B.    The SW Affidavit accurately articulated** 

As the SW Affidavit also explains, a second portion of ▮▮▮▮ states that it ▮▮▮▮

Exh. 1 at ¶ 25. The SW Affidavit also notes that ▮▮▮▮

*Id.* Once again, as the defendant knows based on discovery the government has provided, this language from the SW Affidavit fully and accurately describes the pertinent information from this portion of ▮▮▮▮ and was the only information that Magistrate Judge Anderson had before him when he issued the warrant.

Similarly unsatisfied with his ability to challenge the search warrant with respect to this portion of ▮▮▮▮, the defendant has also moved to compel the production of all "material regarding ▮▮▮▮ Mot. at 11. To prove the materiality of this broad discovery request under Rule 16, the defendant

speculates that ███████ must have lied in this portion of ██████, further speculates that the government must have known that ████████, and then even further speculates that, in fact, the government must have unspecified material in its possession that confirms his suspicion and that must now be produced so he can justify a request for a *Franks* hearing.  Mot. at 14–15.

      As an initial matter, the defendant does not—and, indeed, cannot—assert that this portion of the SW Affidavit intentionally misrepresented or omitted any information from the pertinent documents provided by ██████, which he has now received and reviewed.  Rather, to justify a future *Franks* hearing, he suggests that something contradictory or impeaching might exist based on a generic declaration from a purported expert, his understanding of unrelated U.S.-based ███ investigations, and ████████████████████████████████████████ ████████████████████████████████████████ ██████.  Mot. at 14–15.  This patchwork of assorted information unrelated to the facts and circumstances of the defendant's actual case fails to amount to a "substantial preliminary showing" under *Franks* or a non-conclusory allegation of materiality under Rule 16, and his request for discovery related to the second portion of ████████ should also be denied.

      To support his discovery request, the defendant attaches a declaration from Dr. Matthew Miller to his motion and claims that it proves ████████ must be false.  The declaration does nothing of sort.   To start, Dr. Miller does not conclude that the ████████████████████ ████████████████████████ Nor could he—Dr. Miller has no actual information about what █████ did.  Instead, Dr. Miller speculates that ████████████████ ████████████ was the "*most likely*" scenario based on his experience in other, unspecified cases.  Mot., Exh. 1 (emphasis added).  He does not state that it would be impossible for ███████ to have obtained this information using a methodology consistent with what is articulated in the SW

Affidavit.  Tellingly, he also does not elaborate on any other potential methods through which ██

██ could have obtained this information, nor does he allege to have any experience with ██

██ investigative techniques generally or in this case in particular.  Put simply, Dr. Miller is

familiar with at least one way ████ could have obtained this information and assumes that is

what ████ *probably* did.  His declaration, therefore, does nothing to advance the defendant's

argument here.

It is also telling that the defendant has not requested that Dr. Miller or any of the other

purported experts he retained, *see* Mot. at 2 n.1, be allowed to examine the electronic devices

seized from his home for any evidence that his computer was actually interfered with.  Instead, the

defendant relies on Dr. Miller's speculative assertions about ████████ investigations

generally to conclude here that ████ was lying and the government knew or should have known

it.[8]  This speculative theory about what happened here is, of course, entirely discredited by the

sworn statements in the SW Affidavit and the documents from ████.  But even assuming

*arguendo* that Dr. Miller's inconclusive assertion that ████████████

████████████ is correct, such a claim would not give rise to a substantial showing

that the SW Affidavit was so intentionally or recklessly false that an affiant would have "serious

doubts as to the truth" of it, as required for a hearing under *Franks*.  *See Matish*, 193 F. Supp. 3d

at 605 (internal citations omitted).  All the SW Affidavit states is that ████████████

████████████ with certain limited information and it then goes

on to accurately describe that information.  The defendant's suppositions of what the government

---

[8] The defendant also asserts that the government was actually working with t██████████
████████████ and is now "feign[ing]
ignorance" about what happened.  Mot. at 14, 17 n.17.  The defendant's claim that United
States participated in ████████████ is unfounded, and he
has provided no evidence beyond his rank speculation that this occurred.

could have or should have done to confirm ███████ information has no impact on the veracity of these statements in the SW Affidavit or the government's basis for believing them.

The two other data points that the defendant relies on here to raise the possibility of a future *Franks* hearing are also insufficient to support his broad discovery request. Mot. at 14–15. For one, the fact that the FBI used a Network Investigative Technique ("NIT") in an entirely different investigation roughly five years ago, or that other FBI agents testified about that NIT in other cases, has no bearing on this SW Affidavit or the defendant's case today. Mot. at 14 n.14. Similarly, his claim that ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████ is irrelevant to the case at hand. Mot. at 15. Put simply, the information that the defendant has cobbled together here allows him to make nothing more than a conclusory accusation that this portion of the SW Affidavit is invalid. Considering that the government has already provided documents from ███████ that corroborate the veracity of the SW Affidavit, this accusation is insufficient to satisfy the heavy burden required for a *Franks* hearing to take place and his motion to compel discovery to support a *Franks* challenge should be denied.

Setting the *Franks* analysis aside, the defendant's motion also fails to establish the materiality of the discovery he seeks pursuant to Rule 16. He has once again provided no indication, let alone a strong one, that the material he seeks "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Caro*, 597 F.3d at 621 (4th Cir. 2010). As noted above, the defendant has failed to articulate with any specificity or certainty what information he believes his request for additional material will produce that will contradict the sworn statements in the SW Affidavit accurately describing this portion of ███████. Once again, the defendant's discovery request

is premised on the unsupported notion that the SW Affidavit and the substantial discovery provided to date might be incomplete or inaccurate as to this portion of ███ and that he is therefore entitled to review all material in the government's possession related to this topic in the hopes of finding something that might corroborate that notion.  For the reasons noted above, *see supra*, p. 13, this backwards approach to discovery, wherein a defendant's unfounded suspicion about a presumptively true statement in a search warrant affidavit entitles him to access to all materials in the government's possession on that topic to find a means of impeaching that statement, is inconsistent with the principles of Rule 16 and Fourth Circuit precedent.  Accordingly, the defendant's Rule 16 motion to compel the production of all "material regarding ████████

████████████████████████████████████████████

███████████████████████████████████ Mot. at 11, should be denied.

## II.    The Defendant Is Not Entitled to the Requested Evidence Under *Brady* or the Sixth Amendment

In his motion, the defendant also argues that he is entitled to the additional information he is requesting pursuant to *Brady* and his Sixth Amendment right to counsel.  Mot. at 18–20.  Neither *Brady* nor the Sixth Amendment require the production of the information he seeks, and his motion on these two grounds should also be denied.

### A.    The defendant cannot show that the evidence he requests is favorable to him under *Brady*

While the defendant's motion is primarily a discovery request, he also frames as it as a request for *Brady* materials.  Under either rubric, it fails.  "In *Brady*, the Supreme Court announced that the Due Process Clause requires the government to disclose 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment.'"  *Caro*, 597 F.3d at 619 (quoting *Brady*, 373 U.S. at 87).  Favorable evidence is considered material if there exists

a reasonable probability "that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682.  A "reasonable probability," exists if there "is a probability sufficient to undermine confidence in the outcome" of a case.  *Caro*, 597 F.3d at 619 (quoting *Bagley*, 473 U.S. at 682).  "[A]s the Fourth Circuit has made clear, *Brady* requests cannot be used as discovery devices to obtain evidence the defendant believes would be helpful."  *United States v. Ducore*, 309 F. Supp. 3d 436, 440 (E.D. Va.) (internal citations and quotation marks omitted).  Accordingly, when a defendant "can only speculate as to what the requested information might reveal, he cannot satisfy *Brady*'s requirement of showing that the requested evidence would be favorable to the accused."  *Caro*, 597 F.3d at 619 (internal citation and quotation marks omitted); *see also United States v. Agurs*, 427 U.S. 97, 109–10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").

Applying the above principles here, the defendant's motion to compel all materials related to the two portions of ████████ should be denied.  Mot. at 19.  The defendant's sole interest in accessing this additional material is to fish for information that might support a request for a *Franks* hearing.  *Id.*  But, as noted elsewhere, the government has already provided the documents from ██████ that constitute █████ described in the SW Affidavit, and they confirm that the SW Affidavit accurately described ██████.  Based on these documents, however, the defendant speculates that the government might be withholding some additional, unspecified information related to two portions of █████ that might justify a *Franks* hearing here.  In other words, the defendant is only guessing as to what other material exists, and this guesswork is based primarily on his views about what the government could have or should have done after receiving ██████ ██.  This sort of speculative argument fails the threshold *Brady* requirement that a defendant must

provide more than mere speculation as to what the requested information might reveal to show that it would favorable to him.  *Caro* 597 F.3d at 619.  Since the defendant has not made that showing here, his request for this additional material under *Brady* should be denied.

> **B.     The Sixth Amendment does not guarantee the defendant the right to the evidence he requests**

The defendant last argues that he is entitled to the information he seeks based on his Sixth Amendment right to counsel.  Mot. at 19–20.  The gist of the defendant's argument is that his counsel needs all additional information related to the two portions of ▇▇▇▇▇▇▇▇ to effectively challenge the warrant here, and that a defense counsel's "[f]ailure to effectively move to suppress evidence obtained based on a knowingly or recklessly false affidavit should be one such circumstance" under *Strickland v. Washington*, 466 U.S. 668, 668 (1984), where a defense counsel's "performance falls 'below an objective standard of reasonableness.'"  Mot. at 19–20.  But the Supreme Court has made clear that "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Busey*, 429 U.S. 545, 559 (1977), and the defendant does not point to any authority suggesting that his Sixth Amendment right to counsel guarantees defense attorneys the right to all information they seek from the government, particularly when, as here, they have failed to demonstrate that this information is material and discoverable under Rule 16, *Franks*, or *Brady*.  Indeed, a discovery right cannot plausibly be read into the Sixth Amendment and, if it did exist, all other discovery obligations would be subsumed into the Sixth Amendment and rendered superfluous.  Accordingly, the defendant's request for additional material related to ▇▇▇▇▇▇▇▇ based on his Sixth Amendment right to counsel should be denied.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the

defendant's motion to compel discovery.

<div style="margin-left: 40%;">

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

</div>

Date: July 27, 2020               By:        /s/
                                     William G. Clayman
                                     Special Assistant United States Attorney (LT)
                                     Jay V. Prabhu
                                     Assistant United States Attorney
                                     United States Attorney's Office
                                     2100 Jamieson Avenue
                                     Alexandria, Virginia 22314
                                     Phone: 703-299-3700
                                     Fax: 703-299-3981
                                     Email: William.G.Clayman@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 27, 2020, I filed the foregoing with the Clerk of Court and

emailed an un-redacted copy of same to all counsel of record.


By:   _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov