Public Version

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                     Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Next Hearing Date: None Scheduled |

**SUPPLEMENTAL BRIEF ON DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Supplemental Brief pursuant to the Court's July 31, 2020 Order. On July 31, 2020, the parties appeared for a hearing on the Motion to Compel. The Court ordered the parties to submit supplemental briefing by August 10, 2020. This brief further demonstrates why the Court should, pursuant to Federal Rule of Criminal Procedure 16, order the Government to provide material in its possession, custody or control regarding Special Agent ▇'s understanding of (1) the ▇ ▇ of the Affidavit; and (2) how the ▇, at least to the extent it conflicts with ▇ of the Affidavit submitted in support of the search warrant ("the Affidavit").

The material Mr. Sanders has requested would help show that the Special Agent knew when he submitted the Affidavit that ▇ ▇ ▇. The material would further show that the Special Agent knew that ▇

██████████████████████████████████████████████████

██████████. The use of that ████████ contrary to the Special Agent's representations in

████████████████████████████████████████

████████████████████████████, both of which were critical to the probable cause determination.

The motions deadline in this case is August 20, 2020, at which time Mr. Sanders intends to file a motion to suppress and for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Mr. Sanders will not have the ability to present that motion effectively—and, in turn, the Court will not be able to adjudicate the issues the motion presents on an adequate record—unless the Government produces the material discovery it is currently withholding.[1]

## ADDITIONAL BACKGROUND

Notwithstanding Mr. Sanders's requests for documents relevant to his defense, the Government has provided just three one-page ████████████████████: (1) the ████████; (2) the ████████; and (3) the ████████████████████. The FBI received these, respectively, on ████████████████████.[2] The Government has disclosed no communications from the FBI to the ████—the documents that would most clearly convey the FBI's true understanding of the ████████ and how that understanding conflicts with the Affidavit.

### I. The ████████ Issue.

There are four reasons why the Special Agent understood when he submitted his Affidavit that the ████████████████████████████████████████████████:

(1) he knew that ████████████████████████████████

---

[1] Mr. Sanders has other arguments about why suppression is warranted and why he is entitled to a *Franks* hearing that he has not yet presented to the Court, because he is still at the motion to compel stage. The issue before the Court is not whether he is entitled to suppression or a *Franks* hearing but whether the Government must disclose material discovery it has in its possession, custody, or control. *See* Mot. to Compel; Reply to Gov't Opp'n.
[2] On July 28, 2020, the Government provided the defense with these dates. Mr. Sanders received the ████████ ████████ on July 8, 2020, and the ████████ on July 27, 2020.

████████████████████████████████████ (2) he knew from the ████

████████████████████████████████████████████████████████████

████████████████ (3) his ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ and (4) contrary to what the Government has repeatedly represented, ████████████████████████████████████████████

████████████████████████████████████████████.

  A. *The Special Agent knew that the* ████████████████████████████
████████████████████████████████████████████████████████████.

The Special Agent knew that the ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ how the Government later characterized them. *See* Comparison of ████ and Government Statements ("Comparison"), attached as Ex. 2. On ████████████████████████████████████████, stated in part:

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████ ████
████████████████████████████████████████████████████████████
████████████████████████

████████████████████████████████████████████; *see also* Ex. 2 (Comparison).

The ████████ not claim that the ████████ ████████████████████

---

[3] The FBI determined, ████████████████████████████████████████████
████████████████████████████████████████████████████████████
████. Mr. Sanders has requested both ████████████████████ but the Government continues to withhold those documents.

3

███████████████████████████████████████████████████████

████████████████████████████████.

████████████████████████████████████████

████████████████████████████████████████

██ ██ ████████████████████████████████

████████████████████████████████████████

██████████████████████████████ █ What the Special Agent knew ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ Ex. 2 (Comparison).

B. The ████████████████████████████████
████████████████.

The Special Agent misled the Magistrate by suggesting that the ████████

████████████████████████████████████████

███████████████████████████████ that stated in part: ██

████████████████████████████████████████

████████████████████████████████████ ██

█████████████████ Ex. 2 (Comparison). This ████████████

---

[4] ████████████████████████████████████████
████████. Mot. to Compel at 5-6, n.8; Reply to Gov't Opp'n at 9, n.4.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████.

The ███████████████ —which did *not* ███████ and which the Government has confirmed ███████████████—was the first document Mr. Sanders has received that ███████████████████ ███████

███████████████████████████████████████

█████████████ states in part:

> ███████████████████████████████████
> ███████████████████████████████████
> ███████████████████████████████████
> █████████████████████████████

████████████ *see also* Ex. 2 (Comparison). The ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[5] According to Government counsel, ██████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████████████████████.

[6] The ███████████████████████████████████ ███████████████████████████████████.

5


in the ███████████████████████████████████████

███████████████████████████████████—not ███████████████████████████

█████. When the █████████████████████████████████████████████

███████████████████████████████████████████████████████████. That the ████ did

not do so in this case further told the Special Agent that █████████████████████████

█████████████████.

   C.  *The Special Agent understood* ████████████████████████████████████.

      While none of the three ████ documents █████████████████████████████

████████████████████████████████████████ before the Special Agent

submitted the Affidavit, he ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████.

        ██████████████████████████████████.

      The Special Agent █████████████████████████████████████

████████████████████████████████████████████ ██ █████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

▬▬▬▬▬▬. The Special Agent ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. For the Special Agent to allege that the ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Given that the Special Agent knew the ▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, *see* Ex. 2

(Comparison)—it does not make sense to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. The only document from ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. No ▬▬▬▬▬▬▬▬ asserts what the Special

Agent added ▬▬▬▬▬▬▬▬.

## II. The ▬▬▬▬▬▬▬▬ Issue.

The ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ that the defense has not received). ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

## DISCUSSION

### I. There is additional material the Government is withholding.

While the Government claims the three pages it has produced "contain all the information that constitutes the ▮▮▮▮ as it is described in the ▮▮▮▮," Gov't Opp'n at 5, n.4, there must be other documents that would further demonstrate that the Special Agent knew ▮▮▮▮ ▮▮▮▮ were misleading and why—when corrected—there was no probable cause.[7] Furthermore, Mr. Sanders's discovery rights are not limited to the Government's after-the-fact characterization of ▮▮▮▮

### II. Rule 16 entitles Mr. Sanders to the discovery he has moved to compel.

Mr. Sanders has met the Rule 16 standard for the discovery he has moved to compel.[8] In both its Opposition and at the hearing, the Government erroneously conflated the standard for what would entitle Mr. Sanders to discovery under Rule 16 with what would entitle him to a *Franks* hearing. Gov't Opp'n at 8, 9. Mr. Sanders has not yet filed his motion to suppress and for a *Franks* hearing, and the Government cannot withhold discovery that is helpful to both suppression and demonstrating that the good faith exception to the warrant requirement does not apply here.

    A. *The Government must disclose material regarding* ▮▮▮▮.

Whether the inaccuracies in the ▮▮▮▮ stemmed from ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ it is clear that the Special Agent exploited ▮▮▮▮

---

[7] It is obvious the ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ ▮▮▮▮.

[8] Mr. Sanders is entitled to the information known to the FBI pursuant to *Brady* and for his defense team to provide effective assistance and present a defense. Mot. to Compel at 18-20; Reply to Gov't Opp'n at 22-24. Individual prosecutors cannot fail to comply with their "duty to learn of any favorable evidence known to the others acting on the government's behalf," including the FBI. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

████████████████████. He did so by: ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████.

The three-single page ████ documents produced so far ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ did not do so here. Had the Special Agent explained ████

████████████████████████████████████████

████████████████████████ the Magistrate could not have found probable cause.

Evidence of ████████████████████████████████

████████████████████████████████████████

████████, has never been enough for probable cause. There *is* a world of difference between

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████. If there was evidence that ████████

████████████████████████████████████████

---

[9] The Government is continuing to withhold ████████████████████████. It is clear from ████████████████████████████████████████. *See* Reply to Gov't Opp'n at 9-10, n.4.

███████████████████████████████████████. The Government would also have already said so in the course of litigating this Motion.

  B. *The Government must disclose material regarding the* ███████████████
  ███████████████.

  The Special Agent did not tell the Magistrate that the ███████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████  ███████████████████████████
███████████████████████████████████████.

  The misrepresentation in ███████████ is material for at least four reasons. First, it goes to the Special Agent's credibility, given that he ███████████████████████████
███████████████████████, which he knew was false. Second, it goes to whether the FBI ███████████████████. ███████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████. The FBI cannot procure illegally obtained evidence from ███
███████████████████ and then rely on it while misleading the Magistrate about how it was obtained. Gov't Opp'n at 16. The FBI's use of ██████ would support other reasons for suppression, including "when there is evidence of intentional and deliberate disregard of a provision [Rule 41]." *United States v. Darby*, 190 F. Supp. 3d 520, 535 (E.D. Va. 2016), *aff'd*, 721 F. App'x 304 (4th Cir. 2018). Furthermore, if the FBI was working with the ██████, it needed a warrant before ██████
███████████████████████████████████████ *Id*. at 530 (deployment of a NIT is a search

10

and seizure). Third, it goes to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Fourth, the type of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which is not illegal and does not demonstrate the intent to possess illegal content.

## CONCLUSION

In his Motion to Compel, Reply, and Supplemental Brief, Mr. Sanders has shown the requested discovery is material to his defense because, without it, he will be unable effectively to challenge the illegality of the search warrant and prevent the Government from presenting significant evidence in its case-in-chief. Accordingly, for the reasons stated above and in previous filings, and for any other reasons apparent to the Court, Mr. Sanders respectfully requests that this Court order the Government to provide ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Mot. to Compel at 10.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of August, 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Emily Voshell*
Emily Voshell