**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143 |
| | The Honorable Judge Ellis |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

**CONSENT MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF SAME**

Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, moves for an order permitting the defense to file under seal portions of Mr. Sanders's Supplemental Brief to Mr. Sanders's Motion to Compel Discovery, as well the entirety of exhibits 1 (discovery from the Government) and 3 (evidence the defense obtained based entirely on information in discovery that identifies the foreign law enforcement agency and operation in this case) and portions of exhibit 2 (comparison of discovery from the Government and Government filing) that Mr. Sanders intends to file with this Court on August 10, 2020. A proposed order is attached for the consideration of the Court.[1] The Government has previously consented to Mr. Sanders filing under seal material that relates to discovery that is under a protective order. Mr. Sanders seeks sealing for the same reasons here. In support of this motion, the defense further states:

**I.**     **Item to be Filed Under Seal, and Necessity for Sealing**

---

[1] The document to be filed under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

  A. Mr. Sanders asks the Court to seal portions of his Supplemental Brief and exhibit 2, and the entirety of exhibits 1 and 3, which pertain to and refer to material that is under a protective order. *See* 1:20-MJ-114 ECT No. 28. The defense has endeavored to seal only the minimum necessary portion of its Supplemental Brief and will file a redacted version on the public docket.

  B. Filing the Brief and exhibit 2 partially under seal is necessary because it contains discussion of material that is under a protective order, Exhibit 1 is discovery from the government that is, in its entirety, material under a protective order, and Exhibit 3 was obtained by the defense in its own independent investigation based on discovery from the government, and unless it was sealed in its entirety it would enable a person to determine the identity of the foreign law enforcement agency and the operation in this case. *See* 1:20-MJ-114 ECT No. 28.

  C. Counsel for Mr. Sanders has considered procedures other than filing under seal and none will suffice to protect disclosure of this information subject to a protective order.

  **II.** **Previous Court Decisions Which Concern Sealing Documents**

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### III. Period of Time to Have the Document Under Seal

The materials to be filed under seal would need to remain sealed as long as the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order allowing the defense to file under seal portions of his Brief and exhibit 2, as well as to seal the entirety of exhibits 1 (discovery from the Government) and 3 (identifies foreign law enforcement agency and operation, which are subject to the protective order).

| | |
|---|---|
| Dated: August 10, 2020 | Respectfully submitted,<br>*/s/ Jonathan S. Jeffress*<br>Jonathan S. Jeffress (#42884)<br>Emily Anne Voshell (#92997)<br>Jade Chong-Smith (admitted *pro hac vice*)<br>KaiserDillon PLLC<br>1099 14th Street, NW<br>8th Fl. West<br>Washington, DC 20005<br>Tel: (202) 640-4430<br>Fax: (202) 280-1034<br>jjeffress@kaiserdillon.com<br>evoshell@kaiserdillon.com<br>jchong-smith@kaiserdillon.com<br><br>*Attorneys for Defendant*<br>*Zackary Ellis Sanders* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

                                                */s/ Emily Voshell*
                                                Emily Voshell

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>      Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis |

**[PROPOSED] SEALING ORDER**

   This matter having come before the Court on the defendant's Consent Motion for Leave to File Under Seal pursuant to Local Criminal Rule 49(E).  Accordingly, for good cause shown, the Motion for Leave to File Under Seal is granted.

It is so ORDERED.

_____

UNITED STATES DISTRICT COURT JUDGE

Date: _____

   Alexandria, Virginia