IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                )<br>)<br>ZACKARY ELLIS SANDERS,       )<br>)<br>                              *Defendant.*  )<br>                                                 ) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III<br><br>**Filed Under Seal** |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL DISCOVERY**

On July 31, 2020, the Court held a hearing on the defendant's motion to compel discovery. Dkt. No. 38 ("Mot."). At the conclusion of the hearing, the Court instructed the parties that they had ten days to file any supplemental briefing. Accordingly, the United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, hereby files this supplemental response in opposition to the defendant's motion to compel discovery.

The facts underlying the government's investigation of the defendant are included in the government's initial response. *See* Dkt. No. 43 at 1–5. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, the United States obtained and executed a warrant to search the defendant's home. During the search, the defendant admitted to accessing child pornography on Tor. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Further, based on evidence seized pursuant to the

warrant, law enforcement discovered that he had also been chatting online with minors and ordering them to record and send him images and videos of themselves engaging in sexually explicit and demeaning conduct. These recordings include, for example, videos of the minors slapping their genitals and calling themselves the defendant's slaves. *See* Dkt. No. 4 at ¶¶ 15–22.

The United States has produced ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Seeing that ▓▓▓ was accurately described in the warrant, the defendant has now presented several speculative theories about how ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ might be unreliable, insufficient, or even intentionally false based on a patchwork of inconclusive and unrelated information. What is more, as he made clear at the hearing, the defendant is relying on these theories to conclude not just that ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓ Accordingly, the defendant's argument goes, his request for all materials and communications ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ will allow him to find some hypothetical document confirming his suspicions that he can then use to mount a *Franks* challenge by arguing that the warrant intentionally included false, material information. Mot. at 11–18. The defendant's motion, however, is based on pure conjecture, and his conclusory assertions about what he might find through his requests and how it might assist him fall well short of meeting his burden to

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

establish the materiality of the requested information under Rule 16, *Franks*, *Brady*, and any other relevant legal precedent.[2] His motion should therefore be denied.

With respect to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 48 at 8–13. The defendant reached this conclusion based solely on the fact that a FBI report and a previous filing from government counsel did not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. No. 43 at 11. Confusingly, however, neither the FBI report nor the government's filing cited by the defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which was accurately described in the search warrant affidavit. Nor does the defendant point to any evidence to prove that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Instead, it appears that the defendant came up with this theory about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on his own. This sort of speculative theory of discovery, in which the defendant simply decides not to believe a portion of a search warrant and discovery and then requests to review all of the government's material related to that topic to corroborate his disbelief, is wholly insufficient to satisfy his burden of proving that the information he requests is likely to contain material and relevant evidence under Rule 16, *Franks*, and *Brady*.

---

[2] The relevant legal standards are outlined in the government's initial response in opposition. *See* Dkt. No. 43 at 5–9, 18–20.

Further, as the government noted at the hearing on the defendant's motion, arguments related to whether ▮▮▮▮▮ provided a sufficient basis for the magistrate judge to have issued the warrant or how much weight it should have been given are arguments that go to probable cause and that can be resolved based on the facts set forth in the four corners of the warrant. And even assuming *arguendo* that ▮▮▮ is somehow incomplete or false—which, to be clear, the government has no reason to believe to be the case—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Accordingly, his motion for all material and communications related to ▮▮▮▮▮▮▮▮▮▮ should be denied.

With respect to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In support of this theory, the defendant points to three things: (1) materials and testimony from other law enforcement agents in years-old cases stemming from an entirely different investigation in which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (2) a declaration prepared by Dr. Matthew Miller opining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (3) a declaration prepared by Matthew Ryder, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Mot., Exh. 1; *see also*

Dkt. No. 48, Exh. 4. Relying on these three limited data points, the defendant now extrapolates that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

The entire premise of the defendant's argument—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *see* Dkt. No. 48 at 13–19—is not only inaccurate, but it is also unsupported by the declarations he provided. At most, Dr. Miller suggests that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Mot., Exh. 1 at 5. But, as Dr. Miller would acknowledge and as the declaration attached here as Exhibit 2 makes clear, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Exh. 2 at ¶¶ 5–8. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.*

Neither the defendant nor the declarations he has provided make any attempt to grapple with this information, which has been publicly available for years. Instead, all he has done is speculate as to one way in which ▓▓▓▓▓▓▓▓ might be false, ignore all evidence to the contrary, and conclude based on that speculation that the government must be withholding some document

or communication that confirms his belief. But Rule 16, *Franks*, and *Brady* require that he provide far more than his own speculative theories about what might exist and how it might be material to support his motion, particularly since the facts of the case and publicly available information contradict his own theory of materiality.

The United States has no reason to believe the defendant's theory that ███ ███████████████████████████████ But again, assuming *arguendo* that the defendant's theory is true and ██████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███ Accordingly, the defendant's theory that his discovery request will provide him access to material information that will "directly undermine the credibility and reliability" of the affiant to the search warrant—a dubious theory of materiality to begin with since the search warrant ███ ██████████████—is completely unfounded. Dkt. No. 48 at 19. Accordingly, the defendant's motion for all material and communications regarding █████████████ ██████████████████████████████████████████████████████ ████████████████████████████ should be denied. Mot. at 11.

At base, the defendant's motion represents nothing more than a request to embark on an impermissible fishing expedition to find some hypothetical document or communication to support his otherwise unfounded theories about ████████████████████████ to use in a motion for a *Franks* hearing. As demonstrated above and in the government's initial opposition to his motion, his conclusory assertions about what ████████ might mean are unsupported by the facts of this case and fall well short of establishing the materiality of his discovery requests under

6

Rule 16, *Franks*, *Brady*, or any other relevant legal precedent. Accordingly, the government respectfully requests that the Court deny the defendant's motion to compel discovery.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

Date: August 10, 2020        By:      /s/
                                        William G. Clayman
                                        Special Assistant United States Attorney (LT)
                                        Jay V. Prabhu
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        2100 Jamieson Avenue
                                        Alexandria, Virginia 22314
                                        Phone: 703-299-3700
                                        Fax: 703-299-3981
                                        Email: William.G.Clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2020, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov