IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | **Filed Under Seal** |
| *Defendant.* ) | |
| ) | |

**REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

On August 10, 2020, the parties filed simultaneous supplemental briefing on the defendant's motion to compel. On August 12, 2020, the defendant moved for leave to file a response to the government's supplemental brief. That same day, the Court granted the defendant's motion, filed his response, and permitted the government to file a reply on or before August 19, 2020, to address the allegations raised in his response. Accordingly, the United States of America, by and through undersigned counsel, hereby files this reply to the defendant's response to the government's supplemental briefing in opposition to his motion to compel.

In his latest filing, the defendant claims that the government "misrepresented" ▅▅▅ and builds on his prior speculation about what ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ As explained below, the United States has not misrepresented ▅▅▅ Further, none of the defendant's latest assertions satisfy his burden of proving the materiality of the information he seeks in his instant motion to compel under any relevant legal standard. Accordingly, his instant motion should be denied.

As the Court now knows, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ Paragraph

23 of the affidavit in support of the search warrant ("SW affidavit") accurately recites the substance of that information—███████████████████████████████████████████████████████

██████████████████████████████ The defendant has apparently interpreted ████████

████████ differently and now leaps to the conclusion that the government has misrepresented ██

██ He then claims that this purported misrepresentation entitles him to further discovery. But these are not specific facts in support of a discovery request; they are theoretical arguments premised on semantics and conjecture. The defendant is free to argue that ████████████ reveal some alleged misrepresentation in the SW Affidavit that should result in the suppression of evidence. But this court should not permit the defendant to base requests for further discovery on the faulty premise that he is right.

As the government has noted throughout the briefing, the defendant bears the burden of proving the materiality of the discovery he seeks in his instant motion under Rule 16, *Franks*, and *Brady*, and that burden requires far more than conclusory assertions that a portion of the SW Affidavit he does not like and the discovery related to that topic are false. Given that his instant motion is premised entirely on his need to find evidence to support his otherwise meritless *Franks* challenge, he bears the burden of presenting specific facts to show that the government has evidence that would significantly assist in his defense by proving that the SW Affidavit—as opposed to the other government filings he continues to focus on—knowingly and intentionally misrepresented material ███████████████████████████████████████████████

██.[1] He has repeatedly failed to do so and continues to assert instead that his speculative theory

---

[1] In a footnote, the defendant raises two issues that reflect a misunderstanding of ██████ and asserts that the government has concealed these issues. Dkt. No. 65 at 3 n.2. That is not the case. ████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████

about what ▮▮▮ means must be treated as fact and that the government must disprove it for him. That is not the applicable standard here, and his motion should therefore be denied.

The defendant dedicates the remainder of his response to recycling prior allegations and arguments, all of which remain meritless.  In particular, he argues that the government has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that this somehow proves the materiality of the information he seeks in his instant motion.  Dkt. No. 65 at 2.  This argument wholly misses the mark.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

That is no reason to doubt ▮▮▮ or to justify further discovery.  Again, the defendant bears the burden of proving the materiality of the requests in his instant motion.  All he has done with respect to his theory regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, adopt that hypothetical as reality, and then argue that he should be allowed to fish through the government's files to either confirm or disprove this theory.  The position that he takes in his latest filing—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—

---

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

makes it all the more clear that his instant motion is nothing more than a request to embark on an impermissible fishing expedition in the hopes of finding some hypothetical document that might be material to his defense. Accordingly, his motion to compel should be denied.

## CONCLUSION

The defendant's conclusory assertions about ▮▮▮▮▮▮ are unsupported by the facts of this case and fall well short of establishing the materiality of his discovery requests under Rule 16, *Franks*, *Brady*, or any other relevant legal precedent. Accordingly, the defendant's motion to compel should be denied.

                                        Respectfully submitted,

                                        G. Zachary Terwilliger
                                        United States Attorney

Date: August 19, 2020        By:      /s/
                                          William G. Clayman
                                          Special Assistant United States Attorney (LT)
                                          Jay V. Prabhu
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          2100 Jamieson Avenue
                                          Alexandria, Virginia 22314
                                          Phone: 703-299-3700
                                          Fax: 703-299-3981
                                          Email: William.G.Clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2020, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

By:     /s/
        William G. Clayman
        Special Assistant United States Attorney (LT)
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        (703) 299-3700
        Email: william.g.clayman@usdoj.gov