IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-CR-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on Defendant's Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit under Local Rule 47(F)(3). It appears that Defendant's request refers to his Motion to Suppress and for Reconsideration of his Motion to Compel Discovery ("Motion") (Dkt. 75). Defendant's Motion is more than eighty pages long and was filed prior to seeking permission from the Court. The Motion inappropriately combines and conflates his motion to suppress and his motion to reconsider. The resulting document more than doubles the thirty-page limit set in Local Rule 47(F)(3). Such a lengthy pleading is unwarranted. This is particularly true given the fact that Defendant has already filed more than sixty pages in connection with Defendant's motion to compel discovery which was resolved by the August 21 Memorandum Opinion and Order (Dkt. 73 and 74) that Defendant seeks to have reconsidered.

Although the thirty-page limit set in Local Rule 47(F)(3) should be sufficient for the memoranda in support of appropriately separated motions to suppress and to reconsider, the Court will grant a moderate increase of ten pages for the memorandum in support of Defendant's motion to suppress. Defendant will be limited to the thirty-page limit for the memorandum in

1

support of his motion to reconsider.

Defendant's refiled motion to reconsider must comply with requirements for motions to reconsider. There are no provisions in the Federal Rules of Criminal Procedure that govern a motion for reconsideration, so "courts are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F.Supp.3d 530, 555 (E.D. Va. 2017). Motions to reconsider interlocutory orders, though involving broader flexibility than reconsideration of final judgments, "closely resemble[] the standard applicable to motions to consider final orders." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). A motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 210 (4th Cir. 2017) (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). A motion to reconsider will not be granted when the moving party seeks to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly." *United States v. Dickerson*, 971 F.Supp. 1023, 1024 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Accordingly,

It is hereby **ORDERED** that Defendant's Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit under Local Rule 47(F)(3) is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit is granted insofar as Defendant is **GRANTED** leave to file a memorandum in support of a motion to suppress not exceeding forty pages. The motion is **DENIED** in all other respects.

It is further **ORDERED** that Defendant's Motion to Suppress and for Reconsideration of

his Motion to Compel Discovery filed August 27, 2020 (Dkt. 75) is **STRICKEN WITHOUT PREJUDICE** because it exceeds eighty pages and was filed without first receiving permission of the Court.

It is further **ORDERED** that Defendant is **DIRECTED** to file a memorandum in support of his motion to suppress within the forty-page limit on or before Wednesday, September 2, 2020 at 5:00 p.m.

It is further **ORDERED** that Defendant is **DIRECTED** to file a separate motion for reconsideration and supporting memorandum that complies with the limits set by Local Rule 47(F)(3) and with the established requirements for a motion for reconsideration.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 28, 2020

/s/
T. S. Ellis, III
United States District Judge