**\*\*\*PUBLIC VERSION\*\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                    Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Hearing: Sept. 11, 2020 |

**MEMORANDUM IN SUPPORT OF MR. ZACKARY ELLIS SANDERS'S MOTION TO SUPPRESS DUE TO LACK OF PROBABLE CAUSE (Motion to Suppress No. 1)**

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 14th Street. NW
8th Floor West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034

*Counsel for Defendant Zackary Ellis Sanders*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................ 1

BACKGROUND ............................................................................................................................. 2

   A. The Search Warrant. ........................................................................................................ 2

   B. Mr. Sanders's Initial Appearance, Detention Hearing, Indictment, and Arraignment. ...... 4

ARGUMENT ................................................................................................................................... 4

     I.   THE WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE. ..................... 4

        A. There was not probable cause to believe that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬ ............................................................................................................................. 5

           1. The Affidavit reflects no effort by law enforcement to corroborate the ▬▬▬
▬▬▬▬▬▬. ................................................................................................................ 5

           2. Without additional corroboration, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ........................................................................ 8

           3. There was not probable cause to believe ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬. .................................................................................................... 9

           4. The warrant was stale. ............................................................................................ 13

        B. The Good Faith Exception Does Not Apply. ............................................................ 13

     II.   ALL FRUITS OF THE ILLEGAL SEARCH MUST BE SUPPRESSED. ................... 14

CONCLUSION ............................................................................................................................. 15

Zackary Ellis Sanders, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 41 and the Fourth Amendment, respectfully moves this Court to suppress all evidence and illegal fruits obtained pursuant to the invalid search warrant issued in this case because it was not supported by probable cause.

## INTRODUCTION

 Ex. 5 (Intel Log).

Assuming *arguendo* that the FBI did not knowingly or recklessly mislead the Magistrate or omit material facts from the Affidavit—which it did, including in paragraph 23, which forms the crux of the Affidavit;[1] in paragraph 25;[2] and about Tor, the target website, and the subject premises[3]—the warrant issued in this case was still invalid because it was not supported by probable cause to search the Sanders's family home or the electronic devices within it. Even when reviewing the Affidavit in the light most favorable to the Government, the facts FBI Special Agent ("the Special Agent") presented in the Affidavit failed to provide "a fair probability that contraband or evidence of a crime w[ould] be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Affidavit contained "bare conclusions" that were

---

[1] *See* Motion to Suppress Based on Materially False and Misleading Information in Paragraph 23 (Motion to Suppress No. 2).
[2] *See* Motion to Suppress Based on Materially Misleading Statements and Omissions Regarding Tor, the Target Website, and the Subject Premises (Motion to Suppress No. 3).
[3] *See* Motion to Suppressed Based on Materially False and Misleading Information in Paragraph 25 (Motion to Suppress No. 4).

1

insufficient to meet the probable cause standard. *Id.* at 239. As a result, the Magistrate did not have "a substantial basis for determining the existence of probable cause" that a search would uncover evidence of wrongdoing. *Id.* at 239.

Because the Affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *United States v. Leon*, 468 U.S. 897, 932 (1984), the good faith exception does not apply. As a result, all evidence derived from the illegal search of the Sanders's family home, the interrogation of Mr. Sanders and his parents, and the forensic examinations of any tangible evidence should be suppressed as fruit of the poisonous tree.

## BACKGROUND

**A. The Search Warrant.**

████████████████████████████████████████████████████ The Affidavit contains just a single allegation of criminal activity by the Internet user whose home and electronic devices the Special Agent proposed to search. ████████████████████
████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████

Ex. 1 (Affidavit) at ¶ 23. While the Affidavit contains numerous other paragraphs documenting the Special Agent's background and experience, the Special Agent's ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[4] *See* Motion to Suppress Based on Materially False and Misleading Information in Paragraph 25 (Motion to Suppress No. 4).

███████████████████████████████████████████████████████████████. *Id.* at ¶¶ 33-35.  In stark contrast to cases where courts have upheld the Magistrate's probable cause determination, the Affidavit in this case did not describe specific content ████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████

The same day the Special Agent submitted the Affidavit, the Magistrate issued a warrant for the FBI to search the Sanders's family home, ████████████████████████████████

████████████████████████████████

On February 12, 2020, at 6:05 a.m., 26 law enforcement agents executed the invalid search warrant.  The agents, with guns drawn, pulled Mr. Sanders's parents out of their home and forced Mr. Sanders at gunpoint into his mother's office.  Ex. 2 ████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████  ██████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████████████████████████  ████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████

3

### B. Mr. Sanders's Initial Appearance, Detention Hearing, Indictment, and Arraignment.

On March 20, 2020, over five weeks later, Mr. Sanders was arrested and made his initial appearance.

On June 24, 2020, based on the evidence derived from the illegal search of the Sanders's family home, Mr. Sanders was indicted on five counts of production of child pornography in violation of 18 U.S.C. § 2251 (a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2). Mr. Sanders faces a mandatory minimum of fifteen years in prison for each count of production of child pornography.[5]

At arraignment on July 10, 2020, Mr. Sanders appeared before this Court. The Court set a schedule for Mr. Sanders to submit a motion to compel and, once the Court had resolved that motion, a motion to suppress.

## ARGUMENT

### I. THE WARRANT WAS NOT SUPPORTED BY PROBABLE CAUSE.

Assuming *arguendo* that the FBI did not knowingly or recklessly mislead the Magistrate or omit material facts from the Affidavit—which it did—the warrant issued in this case was invalid because it was not supported by probable cause to search the Sanders's family home or the electronic devices within it. The facts the Special Agent presented in the Affidavit failed to provide "a fair probability that contraband or evidence of a crime w[ould] be found in a particular place." *Gates*, 462 U.S. at 238. The Affidavit contained "bare conclusions" that were insufficient to meet the probable cause standard. *Id.* at 239. As a result, the Magistrate did not have "a substantial basis

---

[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4

for determining the existence of probable cause" that a search would uncover evidence of wrongdoing. *Id.* at 239.

A Magistrate is required to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. When a reviewing court examines the validity of a search warrant, such validity "must be assessed on the basis of the information that the officers disclosed, or had a duty to discover and to disclose, to the issuing Magistrate," and not on what was uncovered afterwards during the execution of the warrant. *Maryland v. Garrison*, 480 U.S. 79, 85 (1987).

**A. There was not probable cause to believe that the** ▬▬▬▬▬▬▬▬▬▬▬▬▬

***1. The Affidavit reflects no effort by law enforcement to corroborate the*** ▬▬▬▬

The Affidavit in this case rests *entirely* on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.[6]

The Special Agent's reiteration in ████████████████████████████ ███████ "mere affirmation of suspicion and belief without any statement of adequate supporting facts" that the Supreme Court has expressly rejected as providing an adequate basis for probable cause. *See Nathanson v. United States*, 290 U.S. 41, 46 (1933) (affiant's statement that he had "cause to suspect and does believe" that smuggled liquor was present in a private home was insufficient to provide probable cause).  The Affidavit does not show ████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

The Affidavit does not contain sufficient facts to provide "a substantial basis for crediting the hearsay" ████████████, and that hearsay is not "reasonably corroborated by other matters" that were within the Special Agent's knowledge. *Jones v. United States*, 362 U.S. 257, 269 (1960), *overruled on other grounds by United States v. Salvucci*, 448 U.S. 83, 100 (1980).

There are no facts from which to determine how ██████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

---

[6] ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████.

   ████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████ ████████
███████████████████████████████████████████████████████████
████████ ████████ ██ ████████ █ ████████████ ██ ██ ██
███████████████████████████████████████████████████████████
████████████████████████████████[7]

    An informant's "veracity, reliability, and *basis of knowledge*" are "closely intertwined issues" to be considered as part of the totality of the circumstances when determining whether there is probable cause. *Gates*, 462 U.S. at 230 (emphasis added). In conducting such an analysis in *Illinois v. Gates*, the Supreme Court held that the corroboration of a tip "through other sources of information reduce[s] the chances of a reckless or prevaricating tale" and "thus provid[es] a substantial basis for crediting . . . hearsay." *Id.* at 244-245 (quoting *Jones v. United States,* 362 U.S. at 269, 271 (internal quotations omitted).

    Here, however, ████████████████████████████████
███████████████████████████████████████████████████████████

---

[7] ██████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████████

███ The Fourth Amendment dictates that "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239. ███

███ it is the type of bare-boned statement found in *Nathanson* and other similar cases to be insufficient for probable cause.

   2. ***Without additional corroboration,*** ███████

The Affidavit is also notable for what it did not allege, but which would have been required for the Magistrate reasonably to infer ███

█████████████████████████████████████████████████████████████
████.

There are at least five circumstances reflected in the Affidavit that made it unreasonable,

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████[10]

3. There was not probable cause to believe ████████████████████████
████████████████.

---

[8] ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████.
[9] ███████████████████████████████████████████████████████████
█████████████ see also Motion to Suppress Based on Materially Misleading Statements and Omissions Regarding Tor, the Target Website, and the Subject Premises (Motion to Suppress No. 3).
[10] ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████.

Even assuming, *arguendo*, that there was probable cause to believe  *See, e.g.*, *United States v. Falso*, 544 F.3d 110, 120-21 (2d Cir. 2008) (finding no probable cause for possession of child pornography when it was alleged that defendant "appear[ed]" to have "gained access or attempted to gain access" to the cpfreedom.com website—which did not require registering an account or logging in—and that even if one inferred that the defendant had accessed cpfreedom.com, there was no specific allegation that the defendant "accessed, viewed or downloaded child pornography"); *see also, e.g. United States v. Doyle*, 650 F.3d 460, 472 (4th Cir. 2011) (finding no probable cause for possession of child pornography based on evidence of child molestation and claim from child victim that defendant showed the victim pictures of nude children).

Courts have required much more than the sparse facts contained in the Affidavit before finding probable cause. *See, e.g., United States v. Bosyk*, 933 F.3d 319, 322 (4th Cir. 2019) (finding probable cause where FBI described message with hyperlink with numerous thumbnail images depicting man sexually molesting female toddler, which was unmistakably child pornography, and records subpoenaed from a file sharing site showed the defendant had viewed and clicked on that hyperlink to download child pornography), *cert. denied*, 140 S. Ct. 1124 (2020); *United States v. Richardson*, 607 F.3d 357 (4th Cir. 2010) (finding probable cause where

10

investigation linked defendant's email accounts, which he used to distribute child pornography, to the address where the warrant was executed); *United States v. Bynum*, 604 F.3d 161 (4th Cir. 2010) (finding probable cause where someone with a particular screen name at address where warrant was executed had uploaded suspected child pornography to the Internet); *United States v. Goodwin*, 854 F.2d 33 (4th Cir. 1988) (finding probable cause for anticipatory search warrant when defendant ordered child pornography and investigation verified that materials would be delivered to address where warrant was executed); *United States v. Bailey*, 272 F. Supp. 2d 822, 824 (D. Neb. 2003) (finding probable cause where someone using a particular e-mail address knowingly subscribed to a specialized Internet site that distributed child pornography); *United States v. Shields*, No. 4:CR-01-0384, 2004 WL 832937, at *7 (M.D. Pa. Apr. 14, 2004), *aff'd*, 458 F.3d 269 (3d Cir. 2006) (finding probable cause where it was clear that the defendant voluntarily subscribed to and joined two websites whose purpose was to share child pornography); *United States v. Froman*, 355 F.3d 882, 890–91 (5th Cir. 2004) (finding probable cause where the defendant paid to join a group called Candyman where the sole purpose was to receive and distribute child pornography, the defendant registered screennames that reflected an interest in child pornography, and the defendant did not cancel his paid subscription to the group); *United States v. Hutto*, 84 F. App'x 6, 8 (10th Cir. 2003) (finding probable cause where the defendant paid to join a group where images of child pornography were available to all members).

[redacted]

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████

██████████

████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████ *Cf. Bosyk*, 933 F.3d at 322 (in affidavit, FBI alleged defendant clicked on with numerous thumbnail images depicting man sexually molesting female toddler), *cert. denied*, 140 S. Ct. 1124 (2020). ████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████ ███

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████

Generalized statements ████████████████████████████ ████████████████████████████████, are not probative of the required intent. Thus,

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

12

██████████████████████████████████████████████████

#### 4. *The warrant was stale.*

The FBI did not have probable cause to search the Sanders's family home in February 2020, ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████[11]

### B. The Good Faith Exception Does Not Apply.

---

[11] *See* Motion to Suppress Based on Materially Misleading Statements and Omissions Regarding Tor, the Target Website, and the Subject Premises (Motion to Suppress No. 3).

The good faith exception to the exclusionary rule does not apply here. *See United States v. Leon*, 468 U.S. 897 (1984). The Fourth Circuit has held:

> The *Leon* good-faith exception is not available where . . . the magistrate fails to perform a "neutral and detached" function and instead merely rubber stamps the warrant [or] . . . the affidavit does not provide the magistrate with a substantial basis for determining the existence of probable cause.

*United States v. Gary*, 528 F.3d 324, 329 (4th Cir. 2008).

Even assuming *arguendo* that the Special Agent did not knowingly or recklessly mislead the Magistrate, *the Magistrate failed to perform its neutral and detached function* because the Magistrate merely rubber-stamped the bare conclusions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Furthermore, the *Affidavit did not provide a substantial basis for probable cause*. This Court has held that "a magistrate may rely on law enforcement officers, who may draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person, *as long as the affidavit contains facts to support the law enforcement officer's conclusions*." *United States v. Matish*, 193 F. Supp. 3d 585, 602 (E.D. Va. 2016) (citing *United States v. Johnson*, 599 F.3d 339, 343 (4th Cir.2010)) (internal citations and quotations omitted) (emphasis added). In this case, for the reasons discussed, there were insufficient facts to support the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

## II. ALL FRUITS OF THE ILLEGAL SEARCH MUST BE SUPPRESSED.

All tainted fruits, including tangible evidence, electronic evidence, and statements Mr. Sanders made to law enforcement, should be suppressed. The FBI found the tangible evidence, obtained forensic electronic information, and obtained Mr. Sanders's statements by exploiting the illegally obtained search warrant, including by questioning him in his home. Because his statements are clearly the fruit of the poisonous tree, they must also be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963) ("verbal evidence which derives so immediately from an

unlawful entry and an unauthorized arrest as the officers' action in the present case is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion."); *United States v. Saafir*, 754 F.3d 262, 267 (4th Cir. 2014) (suppressing statements that were fruit of officer's false assertion of authority to search vehicle); *United States v. Watson*, 703 F.3d 684, 697 (4th Cir. 2013) (suppressing statement seized as fruit of unlawful arrest); *United States v. Seidman*, 156 F.3d 542, 548 (4th Cir. 1998) ("If the Government has committed a constitutional violation, however, evidence obtained as a result of the violation cannot be used unless the connection between the unlawful conduct and the acquisition of the evidence has become so attenuated as to dissipate the taint."); *United States v. Brown*, 401 F.3d 588, 592 (4th Cir. 2005) ("Evidence gathered as fruit of an unreasonable search or seizure is generally inadmissible against a defendant."); *see also New York v. Harris*, 495 U.S. 14, 20 (1990) ("The warrant requirement for an arrest in the home is imposed to protect the home, and anything incriminating the police gathered from arresting Harris in his home, rather than elsewhere, has been excluded, as it should have been; the purpose of the rule has thereby been vindicated.").

## CONCLUSION

Because the warrant issued in this case was based on a single, uncorroborated hearsay allegation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, the warrant was not supported by probable cause. Furthermore, because the Affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *United States v. Leon*, 468 U.S. 897, 932 (1984), the good faith exception does not apply. As a result, all evidence derived from the illegal search of the Sanders's family home, the illegal interrogation of Mr. Sanders and his parents, and the illegal forensic examinations of any tangible evidence should be suppressed as fruit of the poisonous tree.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*