***PUBLIC VERSION***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,

                                        Plaintiff,

        v.                                                      Case No. 1:20-cr-00143
                                                                The Honorable Judge Ellis
ZACKARY ELLIS SANDERS,                          Hearing: Sept. 11, 2020

                                        Defendant.

---

**MEMORANDUM IN SUPPORT OF MR. ZACKARY ELLIS SANDERS'S MOTION TO SUPPRESS BASED ON FALSE AND MISLEADING MATERIAL INFORMATION IN AFFIDAVIT PARAGRAPH 23 (Motion to Suppress No. 2)**

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 14th Street. NW
8th Floor West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034

*Counsel for Defendant Zackary Ellis Sanders*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

PROCEDURAL HISTORY..................................................................................................... 4

  A.  The Search Warrant. ......................................................................................... 4

  B.  Mr. Sanders's Initial Appearance, Detention Hearing, Indictment, and Arraignment. ...... 4

  C.  The Court's Memorandum Opinion.................................................................... 5

THE LAW OF FRANKS v. DELAWARE ............................................................................. 8

DISCUSSION ........................................................................................................................ 10

  I.  THE SPECIAL AGENT KNOWINGLY MISLED THE MAGISTRATE IN PARAGRAPH 23 REGARDING THE STATE OF THE GOVERNMENT'S EVIDENCE. 10

    A.  BACKGROUND ...................................................................................... 11

      ████ ███████████████████████████████████ 11

      ████████████████████████████████. ............................ 11

        ██  ███████████████████████████. ............................ 11

        ██  ████████████████████████████. ......................... 13

        ██  ████████████████████████████████████████ 13

          ████████████████████████. ................................................. 13

      ██  ████████████ ...................................................................... 14

        ██  ██████████. ...................................................................... 15

        ██  ███████tter. .................................................................... 15

        ██  ███████████. ................................................................. 16

      3.  How the Special Agent ████████████████████████ .......... 17

        ██  ███████████ ......................................................................... 17

        b.  The Affidavit ██████████████████ .............................. 17

    B.  ARGUMENT ............................................................................................ 19

      █ ████████████████████████████████████

      ████████████████████████████████████

      ████████████. ................................................................................ 22

      █ █████████████████████████████████████████

      ███████████████████████████████. .............................. 23

      █ ██████████████████████████████████████████

      ████████████████████████████████████████

      ████████████████████. ............................................................ 25

      ██ ████████████████████████████████████

      ████████████████████████████████████

██████████████████████████████████
████████████████████████████. ................................. 26
███ ████████████████████████. ................................. 28
II.   THE GOOD FAITH EXCEPTION DOES NOT APPLY. ........................................... 29
III.  ALL FRUITS OF THE ILLEGAL SEARCH MUST BE SUPPRESSED. .................. 29
CONCLUSION ..................................................................................................................... 30

**EXHIBITS INDEX**

| Exhibit # | Title |
|-----------|-------|
| 1 | ███████ |
| 2 | ███████ |
| 3 | ███████ |
| 4 | ██████ |
| 5 | ██████ |
| 6 | Comparison of How ████ and Government Describe the Internet User's Activities |
| 7 | Fourth Declaration of Dr. Matthew Miller |
| 8 | Declaration of Seth Schoen |
| 9 | ████████████████████████████████████████ |
| 10 | ███████████████████████████████ |
| 11 | ██████████ |
| 12 | ████████████ Job Description |
| 13 | July 31 Hearing Transcript |

Zackary Ellis Sanders, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 41 and the Fourth Amendment, respectfully moves this Court to suppress all evidence and illegal fruits obtained pursuant to the invalid search warrant issued in this case because the Special Agent deliberately and recklessly included false and misleading material information in paragraph 23.

## **INTRODUCTION**

The Federal Bureau of Investigation ("FBI") was investigating a website called



Ex. 1 (Intel Log).

come anywhere close to establishing

_____

[1] The FBI determined, through

Mr. Sanders has requested

.

probable cause for a search warrant, *i.e.*, to believe the Internet user had viewed or downloaded child pornography.

FBI Special Agent Christopher Ford ("the Special Agent") knew from ██████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████ ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████ Agent ████'s contemporaneous understanding of the limited nature of ██████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

██████ The foregoing all make clear that the Court's finding in its August 21, 2020 Memorandum Opinion on Mr. Sanders's Motion to Compel—██████████████████████████████████ ██████████████████████████████" Memorandum Opinion (ECF No. 73) (emphasis added) at 10—was, respectfully, incorrect. ██████████████████████████████ ██████████████████████ it was not, however, an accurate statement of the Government's evidence, as the Special Agent well knew.

───────────────────

[2] The Affidavit refers to the ██████████████████
[3] The Government has refused to disclose any communications from the FBI to the ██████—the documents that would most clearly convey the FBI's true understanding of the ██████'s evidence and how that understanding conflicts with the Affidavit.

Once one understands the true limits of the Government's evidence at the ▰▰▰▰▰ ▰▰▰▰▰, it is not hard to see how the FBI exploited ▰▰▰▰▰ ▰▰▰▰▰,[4] deliberately (or recklessly) misled the Magistrate about the state of the Government's evidence, and thereby obtained a warrant to search and seize every person, electronic device, room, garbage, treehouse, and vehicle on the family property ▰▰▰▰▰ ▰▰▰▰▰▰▰▰▰ ▰▰▰▰▰▰▰▰▰ And in addition to capitalizing on the poor wording ▰▰▰▰▰▰▰▰▰▰▰▰

▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

▰▰▰▰▰▰▰▰▰▰▰

Based on the scant discovery the Government has provided to date, other sections of the Affidavit itself, the Government's own statements, and the declarations submitted by two defense experts,[5] there is no question that Mr. Sanders has made "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978). The Affidavit misled the Magistrate regarding the state of the Government's evidence ▰▰▰▰▰▰▰

---

[4] ▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰▰

[5] The declarants are Dr. Matthew Miller, Associate Professor Computer Science and Information Technology at the University of Nebraska at Kearney and Seth Schoen, computer technologist and privacy specialist who worked as a Senior Staff Technologist at the Electronic Frontier Foundation for the past 19 years.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Particularly when the false statements are excised from the Affidavit and the material omissions are added, there was no basis for probable cause and no neutral Magistrate would have issued the warrant. As a result, Mr. Sanders requests, and is respectfully entitled to, a *Franks* hearing. *Id.* ("if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request").

Because the warrant was based on materially false statements and omissions, the good faith exception under *United States v. Leon*, 468 U.S. 897, 932 (1984), does not apply. As a result, all evidence derived from the illegal search of the Sanders's family home, the interrogation of Mr. Sanders and his parents, and the forensic examinations of any tangible evidence should be suppressed as fruit of the poisonous tree.

## PROCEDURAL HISTORY

### A.  The Search Warrant.

████████████████████████████████████ That same day, the Magistrate issued a warrant for the FBI to search the Sanders's family home, ███████ ████████████████████████████████. The circumstances of the execution of the search warrant are set forth in the Memorandum in Support of Mr. Sanders's Motion to Suppress Due to Lack of Probable Cause (Motion to Suppress No. 1) at 2-3.

### B.  Mr. Sanders's Initial Appearance, Detention Hearing, Indictment, and Arraignment.

On March 20, 2020, over five weeks later, Mr. Sanders was arrested and made his initial appearance.

On April 1, 2020, while litigating the issue of Mr. Sanders's detention, the Government represented that "[Mr. Sanders] came to the government's attention after an investigation conducted by the Federal Bureau of Investigation [] and other law enforcement entities revealed that an individual *accessed a website* that advertises child pornography[6] using an IP address associated with [Mr. Sanders's] residence in McLean, Virginia." Gov't Opp'n to Revocation of Detention Order (ECF No. 15) (emphasis added) at 2.

On June 24, 2020, based on the evidence derived from the illegal search of the Sanders's family home, Mr. Sanders was indicted on five counts of production of child pornography in violation of 18 U.S.C. § 225l (a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(l), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2). Mr. Sanders faces a mandatory minimum of fifteen years in prison for each count of production of child pornography.[7]

At arraignment on July 10, 2020, Mr. Sanders appeared before this Court and his counsel explained that he had a meritorious motion to suppress and for a *Franks* hearing, but that the Government was refusing to provide additional discovery in its possession, custody, or control relevant to that motion to suppress. The Court set a schedule for Mr. Sanders to submit a motion to compel and, once the Court had resolved that motion, a motion to suppress.

**C. The Court's Memorandum Opinion.**

---

[6] ███████████████████████████████████████████

[7] ███████████████████████████████████████████████████
███████████████████████████████████████████████████

On August 21, 2020 the Court issued an Order (ECF No. 74) denying Mr. Sanders's Motion to Compel Discovery.  In a Memorandum Opinion (ECF No. 73) accompanying the Court's Order, the Court appears to have fundamentally misunderstood Mr. Sanders's argument on the issue of whether Paragraph 23 materially misled the Magistrate.

The critical issue Mr. Sanders presented in his Motion to Compel (and also presents in this Motion) is not simply—as the Court characterized it—whether the Government accurately reiterated the ██████ *See* Memorandum Opinion (ECF No. 73) at 9 (finding that "Defendant's argument falters because defendant has not shown that any misrepresentation occurred here. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████. While, as the Court later acknowledged in its Opinion, ██████████ ████████████████████████████████████████████████████████ ██████████████████████████████

Instead, Mr. Sanders's core argument is that, although the Special Agent█████████████ ████████████████████████████████████████████ he knew that the imprecise language of the ████████ was materially misleading, *as he knew that in repeating it, he conveyed to the Magistrate* ██████████████████████████████████ ████████████████████████████████████████████████████████

██████████ The Special Agent's contemporaneous understanding is clear not just from the Special Agent's own ████████, which characterizes the extent of Mr. Sanders's activity as having ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████[8]

       Tellingly, nowhere in any of the Government's previous filings did the Government ever

represent that it believed then (or believes now) that it had actual evidence ████████████████

██████████████████████████████████████████████ That is the very

reason why the Special Agent resorted to the ████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████ *Id.* (emphasis added); *see also id.,* ¶ 29.

Accordingly, and respectfully, the Court's finding that ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████

             ███████████████████████████████████████████

███████████████████████████████████████████████████████

_____

[8] ████████████████████████████████████████████████████
████████████████████████████████████████████

[9] █████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████.[10]

Despite having multiple opportunities to do so, including through a Declaration ███████

████████████████████████████████████████████████████████

██████████████████████████████████

## THE LAW OF FRANKS V. DELAWARE

In *Franks v. Delaware*, the Supreme Court set forth a two-step test for defendants to challenge the veracity of an affidavit in support of a search warrant. 438 U.S. 154, 155-56, 98 S. Ct. 2674 (1978); *accord United States v. Clenney*, 631 F.3d 658, 663 (4th Cir. 2011).

First, Mr. Sanders must "make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant

---

[10] Respectfully, in addition to the Court's erroneous legal conclusion, the Court made a number of factual errors. ██████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████████
███████████████████

in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks,* 438 U.S. at 155–56; *see also United States v. Leonard*, No. 17-cr-135, 2017 WL 4478330 at *5 (E.D. Va. October 6, 2017) (similar).  "This showing must be more than conclusory and should include affidavits or other evidence to overcome the presumption of the warrant's validity." *Clenney*, 631 F.3d at 663 (quotation marks and internal punctuation omitted).

Second, at the *Franks* hearing, Mr. Sanders must establish "the allegation of perjury or reckless disregard . . . by a preponderance of the evidence." *Franks,* 438 U.S. at 156.  Furthermore, "with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."  *Id.* at 156.  "A warrant that violates *Franks* is not subject to the good-faith exception to the exclusionary rule." *Colkley*, 899 F.2d 297 at 300.

The Fourth Circuit has held that "[t]he *Franks* test also applies when affiants omit material facts "with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990); *see also Osborne v. Georgiades*, 697 F. App'x 234, 246 (4th Cir. 2017) ("To succeed on his claim, [the movant] must prove that [the affiant] deliberately or with a 'reckless disregard for the truth' made false statements of material fact in his affidavit, or omitted from that affidavit 'material facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading'"). An omitted fact "is material if it is necessary to the neutral and disinterested magistrate's finding of probable cause;" in order words, if "its inclusion in the affidavit would defeat probable cause."

*United States v. Wharton*, 840 F.3d 163, 168-169 (4th Cir. 2016) (quotation marks and punctuation omitted).

Mr. Sanders is entitled to a *Franks* hearing because this Motion makes the requisite substantial, non-conclusory, preliminary showing that the Special Agent misled the Magistrate with both deceptive statements and omissions on the matter fundamental to probable cause in Paragraph 23 of the Affidavit. *Franks*, 438 U.S. at 171. The Fourth Circuit and District Courts therein have found *Franks* hearings warranted on far lesser showings. *See, e.g.*, *United States v. Tate*, 524 F.3d 449 (4th Cir. 2008) (vacating the defendant's marijuana-related conviction and remanding for a *Franks* hearing when the defendant made a sufficient preliminary showing when the affiant officer omitted information about the location of the defendant's trash cans where the illegal marijuana was found); *United States v. Wharton*, No. ELH-13-0043, 2014 WL 3943358, at *1 (August 14, 2014), *aff'd United States v. Wharton*, 840 F.3d 163 (4th Cir. 2016) (granting a *Franks* hearing when an affiant officer executed a search warrant on the defendant's entire home but omitted information about the defendant occupying only a part of the home); *United States v. White*, No. 1:17-cr-94-1, 2017 WL 2633521, at *1 (M.D.N.C. June 19, 2017) (finding that the defendant made a preliminary showing that he was entitled to a *Franks* hearing based on a materially misleading statement in the affidavit, but a hearing was unnecessary because suppression was warranted on other grounds).

## DISCUSSION

### I.   THE SPECIAL AGENT KNOWINGLY MISLED THE MAGISTRATE IN PARAGRAPH 23 REGARDING THE STATE OF THE GOVERNMENT'S EVIDENCE.

The Affidavit contains just one allegation of criminal activity ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████  ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████  ██████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

**A. BACKGROUND**

■ ████████████████████████████████████
████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████

■ ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████  ██████████████████████████████████████

████████████████████████████████████████████











**3. How the Special Agent** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**b. _The Affidavit_** ▮▮▮▮▮▮▮▮▮▮

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████

Ex. 5 (Affidavit)█████.

██  ██  ████  ██  ██  ██  ████  ██  ████  ████  ████  ██████  ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████

Ex. 5 (Affidavit) at ███████████████  ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

18

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████

Ex. 5 (Affidavit) at ████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ *Id.*

**B.  ARGUMENT**

"[W]hen the Fourth Amendment demands a factual showing sufficient to comprise probable cause, the obvious assumption is that there will be a truthful showing." *Franks v. Delaware*, 438 U.S. 154, 164–65 (1978) (quotation marks and citations omitted). This showing must be "truthful . . . in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Id.* at 164-165. Furthermore, "[b]ecause it is the magistrate who must determine independently whether there is probable cause, . . . it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment." *Id.* at 165.

Under no interpretation of the *Franks* caselaw may an affiant include a tip—whether from a confidential informant or another law enforcement agency or from any other source—he knows is misleading on its face and then "omit" information in the affiant's possession regarding why that tip inaccurately describes the evidence. *Id.* at 156 (finding an omission material if it is "necessary to the [neutral and disinterested magistrate's] finding of probable cause"); *Colkley*, 899 F.2d 297 at 300 ("*Franks* protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate"); *United States v. Wharton*, 840 F.3d 163, 168–69 (4th Cir. 2016) (finding "a law enforcement officer's reckless omission of facts from his affidavit, which undermined the reliability of a confidential informant, were material"); *Miller v. Prince George's Cty., MD*, 475 F.3d 621, 629 (4th Cir. 2007) ("selectively includ[ing] information bolstering probable cause, while omitting information that did not . . . can mislead a magistrate by reporting less than the total story, thereby manipulating the inferences a magistrate will draw"); *United States v. Taylor*, 935 F.3d 1279, 1302-03 (11th Cir. 2019) ("If the officials who sought the warrant are culpable for misleading the magistrate, the fault lies with them. And the object of suppression would be to deter law enforcement from misleading

20

magistrates in the future, not to prevent warrants like this one from issuing"); *United States v. McLamb*, 880 F.3d 685, 690 (4th Cir. 2018) ("In *Leon*, the Supreme Court explained the limits of the good faith exception:  'Suppression . . . remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.'").









████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ These omissions if "included would defeat a

probable cause showing" and "w[ere] designed to mislead or w[ere] made with reckless disregard

of whether [such omissions] would mislead." *United States v. Tate*, 524 F.3d 449, 455 (4th Cir.

2008).

███ ██████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████

    This was obvious for at least five reasons. ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ ██████████████████████████

████████████████████████████████████████████████████

[REDACTED]

## II.      THE GOOD FAITH EXCEPTION DOES NOT APPLY.

The good faith exception to the exclusionary rule does not apply here because the Special Agent knowingly or recklessly misled the Magistrate in Paragraph 23 of the Affidavit and by omitting to disclose the true state of the Government's evidence, which was fundamental to probable cause.  *See United States v. Leon*, 468 U.S. 897 (1984).  The Fourth Circuit has held that "[t]he *Leon* good-faith exception is not available where . . . probable cause is based on statements in an affidavit that are knowingly or recklessly false."  *United States v. Gary*, 528 F.3d 324, 329 (4th Cir. 2008).

## III.      ALL FRUITS OF THE ILLEGAL SEARCH MUST BE SUPPRESSED.

As a result of the illegally-obtained warrant, all tainted fruits, including tangible evidence, electronic evidence, and statements Mr. Sanders made to law enforcement, should be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963) ("verbal evidence which derives so

immediately from an unlawful entry and an unauthorized arrest as the officers' action in the present case is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion."); *United States v. Saafir*, 754 F.3d 262, 267 (4th Cir. 2014) (suppressing statements that were fruit of officer's false assertion of authority to search vehicle).

## <u>CONCLUSION</u>

Because the warrant was based on materially false statements and omissions, *United States v. Leon*, 468 U.S. 897, 932 (1984), the good faith exception does not apply. As a result, all evidence derived from the illegal search of the Sanders's family home, the illegal interrogation of Mr. Sanders and his parents, and the illegal forensic examinations of any tangible evidence must be suppressed.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*