**\*\*\*PUBLIC VERSION\*\*\***

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                    Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Hearing: Sept. 11, 2020 |

**MEMORANDUM IN SUPPORT OF MR. ZACKARY ELLIS SANDERS'S RENEWED MOTION TO COMPEL DISCOVERY OR IN THE ALTERNATIVE FOR RECONSIDERATION OF THE COURT'S ORDER DENYING HIS MOTION TO COMPEL**

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 14th Street. NW
8th Floor West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034

*Counsel for Defendant Zackary Ellis Sanders*

Zackary Ellis Sanders, by and through undersigned counsel, respectfully renews his Motion to Compel, now that Mr. Sanders has submitted two motions to suppress, which include sworn declarations from two additional experts, and it is clear there is evidence in the Government's possession directly relevant to those motions. In the alternative, Mr. Sanders moves for reconsideration of the Court's Order on his Motion to Compel because, respectfully, the Court clearly erred in denying Mr. Sanders further discovery directly relevant to his claims under the Fourth Amendment.[1]

## INTRODUCTION[2]

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████ ████████████ Intel Log (Ex. 1). ████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[1] Given the record before this Court, the Court's denial of Mr. Sanders's Motion to Compel was both a "clear error of law or manifest injustice," or both. Mr. Sanders accordingly meets the standard in this Circuit for a motion for reconsideration. *United States v. Goode*, No. 4:08-CV-01253-TLW, 2014 WL 11497850, at *1 (D.S.C. Nov. 24, 2014), aff'd, 616 F. App'x 90 (4th Cir. 2015).

[2] Mr. Sanders incorporates by reference his previous filings pertaining to the litigation of his Motion to Compel and two of his motions to suppress,[2] as well as the Exhibits attached thereto. *See* Motion to Suppress Based on False and Misleading Material Information in Affidavit Paragraph 23 (Motion to Suppress No. 2); Motion to Suppress Based on False and Misleading Material Information In Affidavit Paragraph 25 (Motion to Suppress No. 4).

[3] The FBI determined, through ████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

1

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████' █████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████

## **BACKGROUND**

**A. The Government's Refusal to Provide Relevant Discovery.**

On April 29, 2020, the Government, pursuant to its discovery obligations, produced the ███████████████████████████████████████ On May 15, 2020, the Government produced the only other ████████████████████████████████████████████████████████ ██████████████████████████████████. On July 7, 2020, the Government produced two ████████████████████████████████████████████████████████████ Just several hours before filing its opposition to Mr. Sanders's Motion to Compel, the Government then produced a ████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[4] Motion to Suppress Based on False and Misleading Material Information in ███████████████ (Motion to Suppress No. 2); Motion to Suppress Based on False and Misleading Material Information In ████████████████ (Motion to Suppress No. 4).

2

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████.[5]

On June 24, 2020, based on the evidence derived from the illegal search of the Sanders's family home, Mr. Sanders was indicted on five counts of production of child pornography in violation of 18 U.S.C. § 225l (a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(l), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2). Mr. Sanders faces a mandatory minimum of fifteen years in prison for each count of production of child pornography.[6]

At the arraignment on July 10, 2020, Mr. Sanders appeared before this Court and his counsel explained that he had a meritorious motion to suppress and for a *Franks* hearing, but that the Government was refusing to provide additional discovery in its possession, custody, or control relevant to that motion to suppress. The Court set a schedule for Mr. Sanders to submit a motion to compel and, once the Court had resolved that motion, a motion to suppress.

**B. Litigation of the Motion to Compel.**

On July 13, 2020, and based on the Government's refusal to produce further discovery, Mr. Sanders moved to compel discrete categories of discovery. Mot. to Compel (ECF No. 37). The requested discovery would further establish that the Special Agent knew ███████████

███████████████████████████████████████████████████

---

[5] ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████████████████████████████████.

[6] ███████████████████████████████████████████████
███████████████████████████████████████████████████

3

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████. *Id.* Mr. Sanders noted that he had submitted detailed discovery requests to the Government regarding the Government's contemporaneous understanding ██████████████████████████. The Government, notwithstanding its obligations under Rule 16(a) and *Brady v. Maryland*, 373 U.S. 83 (1963), had refused to provide Mr. Sanders with meaningful discovery regarding the ████ ████████████████████████████████████████████████ This discovery was and is critical to Mr. Sanders's motion to suppress. *Id*. at 2.

On July 27, 2020, the Government filed an Opposition to Mr. Sanders's Motion to Compel Discovery. Gov't Opp'n (ECF. No. 41). Throughout the litigation of Mr. Sanders's motion, when ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *See, e.g.,* July 31 Hearing Transcript at 15, 20, 22, 24; Gov't Brief (ECF No. 53) at 1-3. The Government also repeatedly claimed ██ ████████████████████████████████████████████████████████████████████████████ ██—when there is no evidence that it did. None of the ████████████████████████ ████████████████████████████████████████    ███████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ███████████████

On August 10, 2020, Mr. Sanders and Government filed supplemental briefs. *See* Defense Brief (ECF No. 51); Gov't Brief (ECF No. 53). In its supplemental brief, the Government declined to explain to the Court ████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ██ ██████ ██ █████ █ █████ Again, although the Special Agent's contemporaneous understanding of the state of the Government's evidence ████████ █ is the central issue underlying Mr. Sanders's Motion to Compel and this Motion, the Government did not have the Special Agent address that issue in his Declaration. *Id.*

On August 12, 2020, Mr. Sanders filed a response to the Government's Brief to make clear that ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████ Mr. Sanders's response also noted that the "Government ha[d] presented an implausible, after-the-fact theory about how ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Response to Gov't Brief (ECF No. 64).

### C. The Court's Memorandum Opinion.

On August 21, 2020 the Court issued an Order (ECF No. 74) denying Mr. Sanders's Motion to Compel Discovery. In a Memorandum Opinion (ECF No. 73) accompanying the Court's Order, the Court rejected Mr. Sanders's central argument that the Government was in possession of

further communications and documents relevant to Mr. Sanders's motions to suppress that it was refusing to produce. *Id.* at 9.

## DISCUSSION

I. **THE COURT'S DENIAL OF MR. SANDERS'S MOTION TO COMPEL WOULD BE CLEAR ERROR.**

On the issue of ████████████████████████████████████, the Court's Memorandum Opinion reflects a fundamental misunderstanding of Mr. Sanders's argument. The critical issue Mr. Sanders presented in his Motion to Compel (and also presents in this Motion) is not simply—as the Court characterized it—████████████████████████████████ ███ *See* Memorandum Opinion (ECF No. 73) at 9 (finding that "Defendant's argument falters because defendant has not shown that any misrepresentation occurred here. ████████████

████████████████████████████████████████████████████████████████████████

███████. While, as the Court later acknowledged in its Opinion, ████████████████ ████████████████████████████████████████████████████████████ was not— and is not—Mr. Sanders's central argument. Instead, Mr. Sanders's core argument is that, although the Special Agent ████████████████████████████████████████████ ████████████████ he knew that the imprecise language of the ███████ was materially misleading, *as he knew that in repeating it, he conveyed to the Magistrate that* ███████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████ The Special Agent's contemporaneous understanding is clear not just from the Special Agent's own ███████, which characterizes the extent of Mr. Sanders's activity as having ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████

6

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████ Tellingly, nowhere in any of the Government's previous filings did the Government ever represent that it believed then (or believes now) that it had actual evidence ███████████ ████████████████████████████████████████████ That is the very reason why the Special Agent resorted to the ███████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ *Id.* (emphasis added).  Accordingly, and respectfully, the Court's finding that ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████ The Court's denial of Mr. Sanders's Motion to Compel accordingly violated his constitutional and statutory rights supporting further discovery on this

---

[7] ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████████████████████████

7

issue and, if left to stand, will permit the Government to continue to conceal all further evidence of the Special Agent's culpable state of mind. That was not just incorrect legally but also fundamentally unfair to the defense so as to deny Mr. Sanders due process.[8]

Based on the Government's submissions when litigating Mr. Sanders's Motion to Compel, it is certain that the Government continues to withhold *Brady* and Rule 16 material that would further corroborate Mr. Sanders's position that the Special Agent knowingly and recklessly misled

---

[8] ████████████████████████████████████████████████████████████████████ [redacted]

8

the Magistrate in multiple material respects. Indeed, despite having multiple opportunities to do so, including through a Declaration ███████████████████

███████████████████████████████████████████

████████ Instead, the Government has argued only that Mr. Sanders—a criminal defendant with no access to the Government's files—has not provided sufficient proof to "earn" discovery he has a right to in the first place. It is for these reasons that Mr. Sanders respectfully moves for renewal of his Motion to Compel, or, in the alternative, reconsideration of the Court's ruling on his Motion to Compel, in the event the Court does not at this time grant his Motions to Suppress.

## **CONCLUSION**

In his Motion to Compel, Reply, Supplemental Brief, Response to Government Brief, and numerous Motions to Suppress, Mr. Sanders has shown that, contrary to the Government's repeated representations to this Court, ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ Accordingly, for the reasons stated above and in previous filings, and for any other reasons apparent to the Court, Mr. Sanders respectfully requests that this Court order the Government to provide communications and other documents pertaining to ███████████████████████

███████████████████████████████████████████

████████████

<div style="margin-left: 3em;">

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

</div>