**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

UNITED STATES OF AMERICA,

                                        Plaintiff,

        v.

ZACKARY ELLIS SANDERS,

                                        Defendant.

Case No. 1:20-cr-00143
The Honorable Judge Ellis
Hearing: Sept. 11, 2020

## MR. ZACKARY ELLIS SANDERS'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS MOTION TO SUPPRESS DUE TO LACK OF PROBABLE CAUSE (Motion to Suppress No. 1)

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits the attached supplemental authority in further support of his Motion to Suppress Due to Lack of Probable Cause (Motion to Suppress No. 1). *See* Exhibit A (Order Granting the Defendant's Motion to Suppress in *United States v. Larry James Reece, II*, 16-CR-104 (E.D. Va. 2014)).

In *Reece*, the Court granted the defendant's motion to suppress because the warrant was unsupported by probable cause and the good faith exception did not apply. *See id.* Notably, the Affidavit in *Reece* contained more incriminating facts than the case *sub judice*: the FBI alleged that a specific IP address was used on one occasion to "download" or "attempt to download" a specific video of child pornography. Ex. A at 1. The Court reasoned it was insufficient for probable cause to allege that the "Defendant's IP address was used to access—or attempt to access—a link to a video of child pornography." *Id.* at 5. In that case, as here, "there [we]re no allegations of membership in a child pornography website or transmission or receipt of child pornography." *Id.* at 11. Thus, the Court reasoned that "absent some evidence of 'collecting

behavior,'" specific to the defendant, "evidence of an isolated and possibly unsuccessful attempt to access an illicit video over five months earlier is too stale to establish sufficient probable cause to search Defendant's home." *Id.* at 11.

Here, the Affidavit also did not allege that the Internet user ever attempted to view a specific image or video of child pornography; that the Internet user ever knowingly possessed or distributed child pornography; that there was evidence of collecting behavior specific to the Internet user; that the Internet user ever admitted to being a pedophile; that the Internet user had a history of possessing or receiving pornography images; that the Internet user ever paid for access to child pornography; or that the Internet user had any traits or characteristics of people who collected or were interested in child pornography. *Id.* at 13.

In ruling that that the good faith exception did not apply, the Court in *Reece* relied on what the FBI Special Agent knew or should have known, but omitted from the Affidavit, regarding the state of the Government's evidence. In that case, as here, there was no evidence that the defendant was a member of the target website or that the defendant had ever entered a password required to download or view illegal content. *Id.* at 20-21. Those facts were omitted, however, from the Affidavit. The Court found that such omissions "likely contributed to a finding of probable cause" and were "indicative of a reckless disregard for accuracy." *Id.* at 21. The Court held that the good faith exception did not apply "because of the apparent reckless disregard for the truth evident during the process of making the warrant application." *Id.* at 25.

Here, similarly, the failure to articulate the limits of the Government's evidence not only contributed to the finding of probable cause, but was exclusively responsible for it. The evidence derived from the invalid warrant should accordingly be suppressed.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of September 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

_/s/ Jonathan Jeffress_
Jonathan Jeffress

4