IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-143 |
| v. | ) | |
| | ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | **FILED UNDER SEAL** |
| *Defendant.* | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF HIS MOTION TO COMPEL**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, files this response in opposition to the defendant's motion for reconsideration of the Court's order denying his motion to compel. Dkt. No. 88. For the reasons stated below, the defendant's motion should be denied.

**BACKGROUND**

The Court's memorandum opinion denying the defendant's motion to compel sets forth the relevant background to the investigation and prosecution of the defendant. *See* Dkt. No. 73. This case stems from [REDACTED]. *Id.* at 3–5. As part of the tip, [REDACTED]. *Id.* The Federal Bureau of Investigation ("FBI") used this information to obtain and execute a warrant to search the defendant's home. *Id.* at 5–6. Based on evidence obtained during the search, a federal

grand jury returned a twelve-count indictment, charging the defendant with production, receipt, and possession of child pornography. Dkt. No. 29.

On July 13, 2020, the defendant moved to compel the production of discovery related to the two portions of the tip described in the warrant's supporting affidavit ("Affidavit")—[redacted]

[redacted]

[redacted]

[redacted]—in the hopes of fishing for information to use to request a *Franks* hearing. Dkt. No. 38. As the government noted at the time, the problem with this motion was that he had already received the three documents that constitute the tip and a review of those documents showed that the Affidavit accurately described the information. Dkt. No. 43 at 2. Realizing this, the defendant used his motion as an end run around his obligation to make a substantial preliminary showing under *Franks* by raising speculative and conclusory theories about how the two portions of the tip might be false and how the FBI might have known this, adopting these theories as fact, and then asserting that the government was obligated to provide him discovery to either disprove or confirm them.

After receiving full briefing, hearing oral argument, and then receiving a round of supplemental briefing, the Court denied the defendant's motion in a fourteen-page Memorandum Opinion and Order. Dkt. Nos. 73 & 74. The Court explained that the defendant failed to establish the materiality of his discovery requests under Fed. R. Crim. P. 16 and Fourth Circuit precedent because his motion "merely speculate[d] that the government possesses additional material that would show that paragraphs 23 and 25 of the search warrant affidavit are inaccurate." Dkt. No. 73 at 8–9. With respect to paragraph 23, the Court found that it accurately communicated [redacted]

[redacted]

█████████. *Id.* at 9. The Court rejected the defendant's theory that the ██████████ ████████████████████████████████████████ ████████████████████████████████████. *Id.* at 10–11. The Court also rejected his theory that this portion of the tip meant that ████████ ████████████████████████████████, explaining that the defendant presented no evidence to support his interpretation of the tip. *Id.*

With respect to paragraph 25, the Court again found that it accurately conveyed ██████ ██, meaning that the defendant had no viable challenge to the veracity of that paragraph. *Id.* at 12. The Court also rejected his speculation that the FBI knew that ██████████████ ██████████████████████████████████████.[1] The Court explained that there are methods through which ████████████████ ████████████████████████████████████████ ████████████ did not satisfy Rule 16's requirement that he "present facts that tend to show that the Government is in possession of information helpful to the defense." *Id.* (quoting *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010)). The Court also rejected his theory that the FBI prompted ████████████████████ describing that suggestion as "pure hopeful speculation[.]" *Id.* at 13. For these same reasons, the Court also denied the defendant's discovery request pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).[2] *Id.*

---

[1] The defendant hypothesizes that ████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████.

[2] The defendant also requested discovery pursuant to the Sixth Amendment, but the Sixth Amendment does not provide an independent basis for obtaining discovery. Dkt. No. 73 at 14.

A week later, the defendant filed an eighty-page motion asking the Court to suppress evidence, grant his request for a *Franks* hearing, and reconsider its denial of his motion to compel. Dkt. No. 75. The Court struck the motion, explaining that such a lengthy filing was unwarranted and that it inappropriately conflated his suppression motions with his motion to reconsider. Dkt. No. 80. On September 2, 2020, the defendant refiled his eighty-page motion as a motion to suppress, three motions for a *Franks* hearing, and a motion for reconsideration of the Court's denial of his motion to compel, totaling over 100 pages of briefing. Dkt. Nos. 81, 83, 85, 88, & 90.

## ARGUMENT

The Federal Rules of Criminal Procedure do not have a provision governing motions for reconsideration, so "courts are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017). "Motions to reconsider interlocutory orders, though involving broader flexibility than reconsideration of final judgments, 'closely resemble[] the standard applicable to motions to consider final orders.'" Dkt. No. 80 at 2 (quoting *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Thus, a motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* (quoting *United States ex rel. Carter v. Halliburton Co.*, 866 F.3d 199, 2010 (4th Cir. 2017)). "A party's mere disagreement with the court's ruling does not warrant a [motion to reconsider], and such motions should not be used to 'raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance.'" *United States v. Danielczyk*, 917 F. Supp. 2d 573, 576 (E.D. Va. 2013) (quoting *Pac. Ins. Co. v. Am. Natl' Fire Ins. Co*, 148 F.3d 396, 403 (4th Cir. 1998)); *United States v.*

*D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999) ("[A] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed.").

Applying these principles here, the defendant's motion for reconsideration should fail. While he claims that his motion is aimed at correcting a clear error of law and preventing manifest injustice, he does not identify any legal error in the Court's Rule 16, *Brady*, or Sixth Amendment analysis beyond his disagreement with the outcome and the only manifest injustice he has identified is that the Court's Order is preventing him from being able to fish through the government's files to see if he can find something to support his otherwise baseless motions for a *Franks* hearing. In short, he is asking the Court to simply "rethink what [it] has already thought through—rightly or wrongly"—which does not provide a proper basis for this Court to grant his request. *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997).

But even if this Court were to exercise its discretion to reconsider the defendant's same arguments, he has still failed to satisfy his burden of proving the materiality of his requested discovery under Rule 16, *Brady*, and any other relevant legal precedent. For example, he doubles down on his theory that [REDACTED] in paragraph 23 was intentionally misleading, speculating that the affiant must have shared his unsupported view that [REDACTED]. Dkt. No. 89 at 6–8. To borrow the Court's phrase, this is "pure hopeful speculation." Dkt. No. 73 at 13. To date, he has not explained—and, indeed, cannot explain—why the unambiguous term [REDACTED]. The far more logical and commonsense reading of the Affidavit, as the Court explained, is that [REDACTED]

. *Id.* at 10–11; *see also* , Dkt. No. 89, Exh. 1 ( ).

The defendant also seeks to revisit his theory that t , claiming now that the affiant's August 10, 2020, declaration did not support the Court's conclusion that there are Dkt. No. 73 at 12. In support of this claim, the defendant submits new declarations from two purported experts. Dkt. No. 89 at 8 n.8. Typically, however, on a motion for reconsideration, "evidence brought to the Court's attention which was available to the movant prior to an entry of judgement is not a basis for granting a motion for reconsideration as a matter of law." *Dickerson*, 971 F. Supp. At 1024 (internal citations and quotation marks omitted). The defendant has made no showing that this evidence was previously unavailable, but even if the Court exercised its discretion and took these declarations under consideration, the defendant's motion should still fail. Neither declaration endorses the defendant's unsupported claim that t . In fact, they both acknowledge that it is possible that *See* Third Declaration of Dr. Matthew Miller, Dkt. No. 89, Exh. 11 at ¶ 4 ); Declaration of Dr. Richard Clayton, Dkt. No. 89, Exh. 14 at ¶¶ 42, 47–52, 60–63 ( ).

In other words, despite having yet another opportunity to brief this issue, the defendant has not

found a single purported expert to substantiate his claim that [REDACTED] [REDACTED] and that the FBI therefore knew or should have known the tip was a lie. Given this repeated failure, the defendant cannot establish the materiality of his discovery requests with respect to paragraph 25 and his motion should be denied.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion for reconsideration.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: September 9, 2020    By: /s/

William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: William.G.Clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2020, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

By: /s/

William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov