# EXHIBIT 2

1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA          .     Criminal No. 1:17cr302
                                  .
     vs.                          .     Alexandria, Virginia
                                  .     February 2, 2018
NIKOLAI BOSYK,                    .     10:30 a.m.
                                  .
                    Defendant.    .
                                  .
.  .  .  .  .  .  .  .  .  .  .

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE LEONIE M. BRINKEMA
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:          NATHANIEL SMITH, III, AUSA
                             United States Attorney's Office
                             2100 Jamieson Avenue
                             Alexandria, VA 22314
                                and
                             LAUREN BRITSCH, ESQ.
                             U.S. Department of Justice
                             Criminal Division
                             Child Exploitation and Obscenity
                             Section
                             1400 New York Avenue, N.W.
                             6th Floor
                             Washington, D.C. 20530

FOR THE DEFENDANT:           MARK B. WILLIAMS, ESQ.
                             WILLIAM D. ASHWELL, ESQ.
                             Mark B. Williams &
                             Associates, PLC
                             27 Culpeper Street
                             Warrenton, VA 22186

OFFICIAL COURT REPORTER:     ANNELIESE J. THOMSON, RDR, CRR
                             U.S. District Court, Fifth Floor
                             401 Courthouse Square
                             Alexandria, VA 22314
                             (703)299-8595

(Pages 1 - 6)

COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

2

1                    P R O C E E D I N G S

2                    (Defendant present.)

3            THE CLERK:  Criminal Case 17-302, United States of

4    America v. Nikolai Bosyk.  Would counsel please note their

5    appearances for the record.

6            MR. SMITH:  Good morning, Your Honor.  Nathaniel

7    Smith and Lauren Britsch for the United States.

8            MS. BRITSCH:  Good morning.

9            THE COURT:  Good morning.

10           MR. ASHWELL:  Good morning, Your Honor.  William

11   Ashwell and cocounsel, Mark Williams, here for the defendant,

12   Nikolai Bosyk.

13           MR. WILLIAMS:  Good morning.

14           THE COURT:  Good morning.

15           All right, what's before the Court today is the

16   defendant's motion to suppress, which has been extensively

17   briefed, and the Court has had a chance to not only read over

18   the briefs, but obviously, I've read the affidavit for the

19   search warrant.

20           I don't need to hear any further argument from

21   counsel.  I'm just going to announce to you what my ruling is

22   in this case.

23           First of all, despite the defendant's argument and

24   despite the fact that there is some authority from one of our

25   Norfolk colleagues in the *Reece* case that a similar but not

3

1    exactly the same affidavit was insufficient to establish

2    probable cause, I disagree with that position, although I do

3    disagree with the defense that the government in its motion put

4    more evidence before the Court that was, that was in the

5    affidavit, and it would have been a stronger and better

6    affidavit if the background, the TOR discussion and how one

7    gets on to this type of bulletin board should have been in the

8    affidavit.

9         But the fact that not everything that could have been

10   in an affidavit was in it does not mean that there was not

11   sufficient probable cause.

12        What is clearly in the affidavit is that Bulletin

13   Board A is a dedicated bulletin board to advertising

14   distribution and production of child pornography and that it

15   therefore, already anybody who might be on that site, there

16   would be a reasonable belief that that person was interested in

17   accessing that kind of information.

18        Then there was the posting of that particular section

19   that was clearly advertising video clips of what would

20   absolutely be unequivocally child pornography, and the critical

21   fact that I think makes the difference between this affidavit

22   and the other one is that the same day that posting went up,

23   the URL that is linked -- or the IP address that is linked to a

24   computer in the defendant's home, not to the defendant

25   necessarily but to somebody in that home, attempts to or at

1   least shows an interest in that particular site.

2            In my view, that's enough for probable cause to

3   believe that there would be a computer in that residence that

4   would have child pornography on it.

5            Now, the other argument that is made in the

6   defendant's papers is that this is a staleness issue because

7   there is approximately a five-month time period between the

8   time of that contact with the URL and the obtaining of the

9   search warrant.  Again, in these types of cases, that is, cases

10  involving child pornography, it's well established in the

11  Fourth Circuit under the *Davis* case that as much as a one-year

12  time period is not excessive, and it is true, the Court has had

13  itself great experience with child pornography cases.  It's

14  very unusual to see people who, who do look at child

15  pornography not hold it for extensive periods of time.  It's

16  not the kind of material that dissipates, like a drug that

17  could be flushed down the toilet, and so I believe that there

18  was enough probable cause and that the -- it was not stale.

19           However, even if there were a defect, and I don't

20  think there was, but even if there were a defect, under the

21  *Leon* good faith exception or doctrine, there is nothing in this

22  record that in my view would support a finding that the officer

23  who swore out the affidavit or that the magistrate judge were

24  not acting in complete good faith and that there was any

25  intentional misleading of the magistrate judge, and so *Leon* in

5

1    my view would save this.

2        Now, I understand that, as I said, that the *Reece*

3    court looked at it differently, but I disagree with that

4    reasoning, and so I am going to deny the motion to suppress.

5    So that's my reasoning for that, and I think that was the only

6    issue that we had on in this case.

7        If there are going to be any motions in limine or

8    other motions connected with this case, obviously, we take

9    those up well before the trial, so you need to make sure that

10   they get noticed for any resolution well ahead of that time,

11   all right?

12       All right, anything further on this case?

13       MR. SMITH:  Nothing from the government, Your Honor.

14       THE COURT:  How about from defense counsel?

15       MR. ASHWELL:  Nothing from defense counsel.  If the

16   Court would just note our exception to the Court's opinion?

17       THE COURT:  And as I said, you wrote a good brief,

18   and you had authority for it.  I just think that it's -- we

19   differ on this.

20       MR. ASHWELL:  Thank you, Your Honor.

21       THE COURT:  All right, you're all free to go.

22       MS. BRITSCH:  Thank you, Your Honor.

23                        (Which were all the proceedings

24                         had at this time.)

25

6

1                    CERTIFICATE OF THE REPORTER

2        I certify that the foregoing is a correct transcript of

3   the record of proceedings in the above-entitled matter.

4

5

6                                    _____/s/_____
                                     Anneliese J. Thomson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25