***PUBLIC VERSION***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                      Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Hearing: Sept. 11, 2020 |

**MR. ZACKARY ELLIS SANDERS'S REPLY TO THE GOVERNMENT'S
OPPOSITION TO HIS RENEWED MOTION TO COMPEL**

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Reply to the Government's Opposition to his Renewed Motion to Compel Discovery, or in the Alternative for Reconsideration of the Court's Order Denying His Motion to Compel.

**I.     The Government does not deny the existence of additional undisclosed documents in its possession relevant to Mr. Sanders's motions to suppress.**

The Government does not deny that it possesses additional communications and other documents that would demonstrate the FBI's lack of corroboration of the Internet user's purported activity—as described in ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉—and FBI Special Agent ▉▉▉▉'s state of mind regarding what the ▉▉▉▉▉▉▉ meant to communicate about that activity. ▉▉▉▉▉▉▉▉▉, attached to Renewed Motion to Compel (ECF No. 88) as Ex. 5.

The Government should provide the documents and communications that demonstrate the Special Agent's actual understanding of ▉▉▉▉▉▉▉, as, contrary to ▉▉▉▉▉▉▉, it reflects the Agent's understanding of what the ▉▉▉▉▉▉▉ was suggesting. (ECF No. 88, Ex. 5). Or the Government should candidly acknowledge what is obvious from ▉▉▉▉▉▉▉▉▉▉▉▉▉

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ that there was no actual evidence that the Internet user ever viewed, downloaded, or distributed illegal content. The absence of any such evidence further confirms that the Special Agent knew the ▓▓▓▓▓▓▓ did not mean that the Internet user viewed, downloaded, or distributed illegal content—but only meant that the Internet user ▓▓▓▓▓▓▓▓▓ generally.

The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ use of ▓▓▓▓▓▓▓▓▓▓▓▓▓ to identify the Internet user suggests that the ▓▓▓ did not use a technique that would have produced any evidence that the Internet user actually viewed or downloaded illegal content. ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Second Declaration of Matthew Ryder, attached to Motion to Suppress No. 4 (ECF No. 91) as Ex. 8, at 2. Indeed, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ *Id.* at 3.

II. **The Government does not state how the Internet user was identified nor does the Government deny that there was no technique possible *in practice* that the Special Agent was aware of in February 2020 that would have allowed the foreign officer or agency to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓**

With respect to ▓▓▓▓▓▓▓▓, (ECF No. 88, Ex. 5, ¶ ▓), the Court erred in finding that there was a potential alternative technique that could accurately ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ particularly when the ▓▓▓ itself reported to the FBI that it identified the Internet user using ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, attached to Motion to Suppress No. 4 (ECF No. 91) as Ex. 2.

Contrary to what the Government incorrectly asserts in its Opposition, neither Dr. Richard Clayton nor Dr. Matthew Miller acknowledge that there is any technique that would ███████████████████████████████████████████████████████████████████ Gov't Opp'n at 6. The two alternative methods ████████████████████████████ ████████████████ were theoretical, not practical, and would not have worked under the facts alleged here. There was no alternative way for the ███ to have *accurately* identified the Internet user in a manner consistent with what the ██████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████

Regarding the theoretical concept of ██████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ████████████████████████████" Third Declaration of Dr. Matthew Miller, attached to Motion to Suppress No. 4 (ECF No. 90) as Ex. 5, at 2. However, these *theoretical* discussions were ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ██████████████████████████████ *Id.* at 2. █████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ *Id.* at 8.

Regarding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬ Declaration of Dr. Richard Clayton at 6.  In this case, the Internet user was only alleged to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 8.

Thus, the only way the ▬▬▬▬ could have accurately identified the Internet user, based on

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* at 8-10.  If the ▬▬▬▬▬▬

▬▬▬▬▬▬▬▬ instead, the FBI should not have acted upon a purported single visit to the website, as that data is not reliable enough to accurately identify an Internet user and confirm that they were the user who ▬▬▬▬▬▬▬▬▬▬. *Id.* at 8.  The use of a ▬▬▬▬▬▬▬▬ would further undermine the veracity of the tip and the sufficiency of the evidence for probable cause.

### III. There is no reason to credit the Special Agent over the sworn statements of the three distinguished defense experts—Dr. Matthew Miller, Dr. Richard Clayton, and Matthew Ryder QC.

While the Government dismisses the defense's experts as "purported experts," the Government does not provide any justification or explanation for why they would not qualify as experts, or why the Special Agent, who has only 1.5 years of experience in his current position and lacks the notable credentials and extensive experience of the defense's experts, is more

credible. Dr. Matthew Miller is an Assistant Professor at the University Nebraska at Kearney, with a Ph.D. in Computer Science, a M.S. in Computer Science, and a B.S. in Computer Science. First Declaration of Dr. Matthew Miller, attached to Motion to Suppress No. 4 (ECF No. 91) as Ex. 4, at 7-12. He has qualified as an expert in numerous previous cases involving the FBI's investigation of child pornography websites, and the defense is not aware of an instance where the Government objected to his expertise. Dr. Richard Clayton is the Principal Research Associate in the Computer Laboratory of the University of Cambridge and the Director of the Cambridge Cybercrime Center. Declaration of Dr. Richard Clayton at 1. He obtained his Ph.D. from the University of Cambridge in Anonymity and Traceability in Cyberspace, has acted as a special adviser to the U.K. Parliament in four inquiries, and has published and spoken widely in this area. *Id.* at 12-18. Matthew Miller, QC, is a barrister who has practiced in England & Wales for 27 years, sits part-time as a judge trying cases in higher criminal courts, and has special expertise in surveillance and investigatory powers law. First Declaration of Matthew Ryder, attached to Motion to Suppress No. 4 (ECF No. 91) as Ex. 7, at 1, 8-11.

In contrast, the Special Agent has demonstrated his relatively limited grasp of the areas in which Dr. Miller, Dr. Clayton, and Mr. Ryder are experts; lacks either a Master's or Ph.D. in computer science, and has only been involved in FBI investigations of ▮▮▮▮▮▮ ▮▮▮▮▮▮ for the past year and a half. Declaration of Special Agent ▮▮▮▮▮▮ attached to Gov't Brief (ECF No. 53) as Ex. 2, at 1.

## CONCLUSION

In his Motion to Compel, Reply, Supplemental Brief, Response to Government Brief, and numerous Motions to Suppress, Mr. Sanders has shown that, contrary to the Government's repeated representations to this Court, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5



. To the extent that Mr. Sanders cannot prove this conclusively, it is only because he has been denied the very documents and information the Government has continued to withhold from him despite its understanding of their relevance. Accordingly, for the reasons stated above and in previous filings, and for any other reasons apparent to the Court, Mr. Sanders respectfully requests that this Court order the Government to provide communications and other documents pertaining to ▮▮▮▮▮ (ECF No. 88, Ex. 5, ▮▮▮▮▮ ECF No. 88, Ex. 5, ▮▮). Mot. to Compel (ECF No. 37) at 10.

          Respectfully submitted,

          */s/ Jonathan Jeffress*

          Jonathan Jeffress (#42884)
          Emily Voshell (#92997)
          Jade Chong-Smith (admitted *pro hac vice*)
          KaiserDillon PLLC
          1099 Fourteenth St., N.W.; 8th Floor—West
          Washington, D.C. 20005
          Telephone: (202) 683-6150
          Facsimile: (202) 280-1034
          Email: jjeffress@kaiserdillon.com
          Email: evoshell@kaiserdillon.com
          Email: jchong-smith@kaiserdillon.com

          *Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress