IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143 |
| ZACKARY ELLIS SANDERS, | The Honorable Judge Ellis<br>Hearing: None Scheduled |
| Defendant. | |

## MR. ZACKARY ELLIS SANDERS'S NOTICE OF FILING OF DEFENSE EXHIBIT IN SUPPORT OF HIS MOTION TO SUPPRESS DUE TO LACK OF PROBABLE CAUSE (Motion to Suppress No. 1)

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits the attached Defense Exhibit in further support of his Motion to Suppress Due to Lack of Probable Cause (Motion to Suppress No. 1). The Exhibit was discussed at the motions hearing on September 11, 2020, and Mr. Sanders accordingly seeks to have it included in the record.

The Exhibit (attached as Exhibit A) is the Government's Opposition to Defendant's Motion to Suppress in *United States v. Nikolai Bosyk*, 17-CR-302 (E.D. Va. 2018)). In *Bosyk*, the facts were much more incriminating—and did far more to establish probable cause—than those present here. The affidavit in *Bosyk*: "(1) identifie[d] the existence of a [Tor Onion Service] website, [Bulletin Board A,] which cater[ed] specifically to a community of users looking to trade child pornography; (2) identifie[d] a *specific post* in a *sub-forum* catering to pre-teen hardcore content, which on its face provide[d] *thumbnails of child pornography* and a link to *download child pornography*; and (3) provide[d] information demonstrating that a computer with an IP address that c[ould] be traced back to the defendant's residence attempted to

download the child pornography on the same day it was posted on the website." Ex. A at 4 (emphasis added).[1] The incriminating evidence—that someone at Mr. Bosyk's residence actually viewed that link to download child pornography—was uncovered by the FBI itself, as opposed to uncorroborated hearsay from a tip.

In *Boysk*, the Government asserted that "probable cause . . . was based on the fact that someone in the defendant's residence *downloaded or attempted to download* child pornography from a link located in a post at Bulletin Board A." *Id.* at 10. According to the affidavit, that post was in a specific sub-forum, entitled "Pre-teen Hardcore, sub forum Videos," and the post stated that the link contained four explicit videos. *Id.* at 6. "[B]elow the posts [we]re twenty video thumbnail images that depict[ed] an adult male using his fingers to spread the vagina of a female who appears to be a toddler." *Id.* at 6. In order "to download this content via a link provided in the post, a user had to enter a password, which was provided in the body of the post." *Id.* at 6. Anyone who visited that link could download *only* content that was illegal, and none that was legal. Thus, it was reasonable to infer that anyone who visited the website, chose the specific sub-forum, chose the specific post within it, and then clicked on the URL that unambiguously led to specific videos of child pornography intended or attempted to download child pornography.

In this case, the Government admitted at the hearing on September 11, 2020, that there was nothing "specific" regarding this Internet user's activity on the website, *i.e.*, no specific information about what content this Internet user purportedly accessed; no information that what this Internet user actually viewed was legal or illegal; and no allegation that this Internet user

---

[1] In defending the warrant in *Bosyk*, the Government stated that because "there was no reason for the agent to believe the link was available anywhere other than on Bulletin Board A" and "defendant's IP address attempted to download the file in question *the same day* the link was posted on Bulletin Board A," "[i]t is unlikely the URL was accessed somewhere else [other than the Tor Onion Service website Bulletin Board A] given the close proximity in time between the posting at Bulletin Board A and attempt to download its child pornographic content." *Id.* at 8-9 (emphasis in original).

2

downloaded or attempted to download child pornography. By contrast, the Government admitted in *Boysk* that merely joining an e-group where child pornography was shared—which the Internet user in this case is not even alleged to have done—"falls short" of probable cause without any evidence that the person actually tried to or did possess child pornography. *Id*. at 11-12. The Government reasoned that "[w]hile merely joining an e-group without evidence that an individual either attempted to or did acquire illicit material falls short of the Fourth Amendment's requirements"—because "merely joining an e-group is not illegal"—"a click of a URL, that was advertising child pornography on a website dedicated to child pornography,[2] does establish probable cause." *Id.* at 11-12. In *Bosyk*, the "single click of a button allowed the defendant to download *four* [specific] images of child pornography." *Id.* at 12 (emphasis in original).

In upholding the warrant in *Bosyk*, the Court reasoned that "the *posting* of that *particular section* [of the website] . . . was *clearly advertising video clips of what would absolutely be unequivocally child pornography*," and "the same day that posting went up, . . . the IP address that is linked to a computer in the defendant's home . . . attempts to or at least shows an interest in [the link to download four videos of child pornography]." Transcript of *Boysk* Motions Hearing, attached as Ex. 2 to Gov't Opp'n (ECF No. 95), at 3-4 (emphases added).[3] Here, there is no evidence of the Internet user's actual activity on the website.

---

[2] The website in this case was not exclusively dedicated to child pornography. The posts that described the content an Internet user could view on the website were described as separate postings in sub-forums, not postings on the homepage of the website, and the forum topics of different categories of pornography were only available after an Internet user registered an account and logged in, which this Internet user is not alleged to have done.

[3] The Court also reasoned that "[i]t's very unusual to see people who . . . *do look* at child pornography to not hold it for extensive periods of time." *Id.* at 4. Here, unlike in *Bosyk*, without evidence that an Internet user actually viewed or downloaded illegal content, there is nothing to connect this Internet user to a community of people with an interest in viewing and collecting child pornography. That is particularly true when the name of the website in this case was not suggestive of child pornography.

3

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of September 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress
