IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143 <br> The Honorable Judge Ellis <br> Trial: November 17, 2020 |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

**MR. ZACKARY ELLIS SANDERS'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF HIS MOTIONS TO SUPPRESS NO.1 AND NO.3**

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits the attached supplemental authority in further support of his Motions to Suppress No.1 and No. 3. *See* Exhibit A (Complaint in *United States v. Google*).

This case involves the legal question of whether an uncorroborated tip stating that a user visited a particular Tor Onion Service website for one second on one day is alone sufficient to establish probable cause. One of the government's principle arguments in favor of an affirmative answer to that question is that downloading and using a non-default browser, specifically the Tor Browser, is inherently suspicious and indicative of illegal activity.

A landmark anti-trust case brought by the Department of Justice on October 20, 2020, *United States v. Google*, has undermined the prosecution's position in this case for two reasons. First, it demonstrates that most people download non-default web browsers: according to the government, "[i]n the United States, [the non-default browser] Google Chrome is the leading computer browser, with almost 60 percent market share," and another non-default browser, Mozilla Firefox, has "approximately 7 percent share." Ex. A at 17. In contrast, default browsers

1

that come automatically bundled with computers have a minority of market share: for example, "Apple's Safari browser has approximately 16 percent share on computers, . . . and Microsoft's Edge and Internet Explorer together have approximately 15 percent share." *Id.* at 17. The Government omitted this information from the Affidavit in support of the search warrant.

Second, the Google case demonstrates why people would have good reasons for downloading and using the Tor Browser as their non-default browser of choice: to avoid being "forced to accept Google's policies, privacy practices, and use of personal data." *Id.* at 7. The government itself criticized Google for its less privacy-protective policies, including the way Google tracks its users by using "consumer search queries and customer information to sell advertising." *Id*. at 4. The government noted that "DuckDuckGo" was an example of a search engine that, unlike Google, "does not rely on advertising profits derived from monetizing user information," and thereby "differentiates itself from Google through its privacy-protective policies." *Id.* at 5. DuckDuckGo is the default search engine for the Tor Browser. *See* Motion to Suppress No. 3, Ex. 7 (Declaration of Seth Schoen) at 9 (explaining that the Tor Browser performs searches by default using DuckDuckGo); *see also* Motion to Suppress No. 3, Ex. 6 (Fourth Declaration of Dr. Matthew Miller) at 7 ("Examples of search engines that Internet users can use in the Tor Browser include DuckDuckGo and Torch (Tor Search)"). On non-Tor browsers, even users who do not use the Google search engine are still tracked by advertising and cookies that Google runs on third-party websites. The Tor Browser blocks Google's tracking capabilities because it "has features that can help reduce what people reveal about themselves and prevent several different forms of online tracking." Motion to Suppress No. 3, Ex. 7 (Declaration of Seth Schoen) at 2.

Thus, the steps required to download and use the Tor Browser could very well reflect the legitimate desire for consumers to benefit from the "privacy-focused search provider DuckDuckGo," as well as avoiding tracking by companies like Google. Ex. A at 9.

The Search Warrant Affidavit's characterization of the Tor Browser in this case was materially inaccurate and was one of the reasons that the Magistrate was misled regarding the basis for probable cause here. The evidence derived from the invalid warrant should accordingly be suppressed.

October 26, 2020.

                                              Respectfully submitted,

                                              */s/ Jonathan Jeffress*

                                              Jonathan Jeffress (#42884)
                                              Emily Voshell (#92997)
                                              Jade Chong-Smith (admitted *pro hac vice*)
                                              KaiserDillon PLLC
                                              1099 Fourteenth St., N.W.; 8th Floor—West
                                              Washington, D.C.  20005
                                              Telephone: (202) 683-6150
                                              Facsimile: (202) 280-1034
                                              Email: jjeffress@kaiserdillon.com
                                              Email: evoshell@kaiserdillon.com
                                              Email: jchong-smith@kaiserdillon.com

                                              *Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress
