IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**UNITED STATES' MOTION TO SEAL, KEEP MEMORANDUM OPINION UNDER
SEAL, AND FILE REDACTED MEMORANDUM OPINION**

On October 26, 2020, the Court issued an Order (Dkt. No. 114) and a sealed Memorandum Opinion (Dkt. No. 113) denying the defendant's motions to suppress (Dkt. Nos. 81, 83, 85, and 90). The Court further ordered that the sealed Memorandum Opinion will be unsealed on October 29, 2020, unless a party submits a motion establishing good cause to keep it under seal. Dkt. No. 114. Accordingly, the United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, hereby files this motion to keep the Court's sealed Memorandum Opinion under seal and to file on the docket the copy of the Court's sealed Memorandum Opinion with the government's proposed redactions attached to this filing as Exhibit 1. The United States further moves to file under seal the accompanying memorandum in support of the instant motion.[1] A proposed Order is attached for the consideration of the Court.

---

[1] The Court's sealed Memorandum Opinion with the government's proposed redactions (Exhibit 1), as well as the memorandum in support of the instant motion will be delivered to the clerk's office with a copy of this motion and provided to defense counsel.

The government's memorandum in support of the instant motion explains why certain sensitive information in the Court's sealed Memorandum Opinion should remain under seal and be redacted in any public filing. The explanations for the proposed redactions are themselves sensitive, as they contain law enforcement information that, if revealed, could be used to determine what details the government has proposed to redact in the Court's sealed Memorandum Opinion and why. For the reasons explained in the memorandum in support, the disclosure of this information could jeopardize law enforcement investigations. Sealing the memorandum in support of the instant motion is therefore necessary in order to safeguard this information and protect these investigations.

Additionally, Exhibit 1 to this motion, which is a copy of the Court's sealed Memorandum Opinion with the government's proposed redactions, contains information which has been filed under seal by the Court. Accordingly, the United States will file Exhibit 1 under seal.

It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents. *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Washington Post Company v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). The Court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Such sealing is within the discretion of this Court and may be granted for "any legitimate prosecutorial need." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also, Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). The Fourth Circuit has explained that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents

that are the subject to the government's motion to seal." *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 66). The United States has considered alternatives less drastic than sealing and redacting the Court's Memorandum Opinion has found that none would suffice.

The Fourth Circuit's precedents also state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

//
//
//
//
//
//
//
//
//
//
//

WHEREFORE, the United States respectfully requests that the memorandum in support of the instant motion be sealed until further Order of the Court, that the Court's sealed Memorandum Opinion (Dkt. No. 113) be kept under seal until further Order of the Court, and that the Memorandum Opinion with proposed redactions attached here as Exhibit 1 be filed publicly instead.[2]

                                          Respectfully submitted,

                                          G. Zachary Terwilliger
                                          United States Attorney

By:     /s/
             William G. Clayman
             Special Assistant United States Attorney (LT)
             Jay V. Prabhu
             Assistant United States Attorney
             Office of the United States Attorney
             2100 Jamieson Avenue
             Alexandria, Virginia 22314
             (703) 299-3700
             william.g.clayman@usdoj.gov

---

[2] The United States intends to promptly file a similar motion to file redacted versions of the Court's sealed Memorandum Opinion denying the defendant's motion to compel discovery (Dkt. No. 73) and its sealed Order denying the defendant's motion to reconsider his motion to compel discovery (Dkt. No. 107).

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:         /s/        
William G. Clayman
Special Assistant United States Attorney (LT)
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
william.g.clayman@usdoj.gov