IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>ZACKARY ELLIS SANDERS,<br><br>       Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Trial: November 17, 2020 |

**<u>RENEWED UNOPPOSED MOTION TO CONTINUE
TRIAL AND WAIVER OF SPEEDY TRIAL RIGHTS</u>**

  Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Renewed Unopposed Motion to Continue his Trial, currently set for November 17, 2020, to a date that is convenient for the Court in March, April, or May 2021. By this motion, Mr. Sanders respectfully submits greater detail in support of the requested continuance, which, for the reasons stated below, is necessitated by the Sixth Amendment and the Due Process Clause of the United States Constitution. Mr. Sanders agrees to a waiver of his right to a speedy trial up to and including his new trial date. The government again does not oppose this Motion.

1. The first basis for the requested continuance is that the defense needs additional time to review discovery and consult with Mr. Sanders so that he can make a knowing and intelligent decision about whether to accept the government's plea offer or proceed to trial. As discussed in greater detail below, this is a complicated case—the Indictment contains twelve counts—that involves thousands of pages of electronic communications. To make matters much more difficult, the COVID-19 pandemic has imposed numerous barriers that have hampered counsel in being able to work with, prepare, and advise Mr.

Sanders regarding his defenses at trial. Due to restrictions imposed because of COVID-19, the defense has not been permitted in-person visits with Mr. Sanders at the Alexandria Detention Center (ADC) for the duration of the case; counsel have never been permitted to see Mr. Sanders in person except in Court. Instead, the defense is limited to communicating with Mr. Sanders by video call once per day, at most. These video calls are frequently cut out due to the poor Internet connection at ADC. Both the defense and Mr. Sanders spend a significant portion of the calls waiting for the Internet connection to resume or repeating what was said during a lost connection. The program function that allows the defense to share documents with Mr. Sanders—documents that the protective order in this case does not permit Mr. Sanders to possess himself at ADC—was disabled nearly all of this past month. Defense counsel is not permitted to provide Mr. Sanders with a copy of the discovery and other evidence against him. While the screen-sharing function was disabled, counsel was required to read Mr. Sanders documents, which was painstakingly laborious and time-consuming. Furthermore, due to short-staffing at the facility and the additional demands on staff due to COVID-19, the attorney calls are sometimes cut short. As a result, defense counsel has had inadequate time to discuss Mr. Sanders's case with him and advise him such that he can make a knowing and voluntary decision about whether to plead guilty or exercise his right to trial.

2. In addition to the above, the decision Mr. Sanders needs to make regarding his plea is completely life-altering, both for Mr. Sanders and his parents. Mr. Sanders is twenty-five years old; this is the first time he has ever been arrested let alone charged with any crime. Mr. Sanders's father is 83 years old, and Mr. Sanders's 63-year-old mother has breast cancer; if Mr. Sanders accepts the Government's current plea offer, he will likely never

see his parents again outside of prison.  That prospect (among the other dire consequences of a conviction, especially for a sex offense) is a lot for a young man to absorb.

3. Given the number of counts and the volume of evidence that the Government has in its possession for viewing by defense counsel—but not Mr. Sanders—only at FBI headquarters and at the U.S. Attorneys' Office, the logistical issues and concerns associated with COVID-19, including the fact that one of the defense attorneys is currently pregnant and is at heightened vulnerability to COVID-19, the defense is not sufficiently familiar with the Government's evidence and cannot be on this schedule. Indeed, the foregoing issues, which are extraordinary to say the least, have prevented the defense team from viewing *the majority* of the Government's evidence.  The defense team obviously needs to review all of that evidence in order to advise effectively Mr. Sanders about the Government's plea offer, and the defense does not have sufficient time to do so and safely prepare for trial on November 17, 2020.  Furthermore, a jury trial may unduly risk the health of the pregnant member of Mr. Sanders's defense team.[1]

4. The Government and defense agree that is it in the public's interest to avoid rushing to a trial that will not necessarily need to take place if additional time is provided for plea negotiations and for the defense to advise Mr. Sanders, a first-time defendant, accordingly. This will also avoid unnecessarily exposing prospective jury members to

---

[1] COVID-19 cases are continuing to rise suddenly in Virginia: cases have increased by over 1,000 cases per day in the past seven days; there are more than 174,000 cases reported in Virginia, deaths have increased by 46% in the past 14 days, and cases and hospitalizations have increased by six percent in the 14 days. *Virginia Covid Map and Case Count*, New York Times (Oct. 27, 2020, 8:12AM), https://www.nytimes.com/interactive/2020/us/virginia-coronavirus-cases.html (last visited Oct. 27, 2020, 11:12AM), attached as Exhibit A. Given these conditions, a trial could not be conducted safely, a representative jury could not be assembled, and the safety precautions that would need to be taken—including the wearing of masks inside the courtroom that would obscure Mr. Sanders's face—would prevent a fair trial.

3

COVID-19. Mr. Sanders is incarcerated and poses no risk to any member of the community.

5. This is the first trial setting and Mr. Sanders waives his Speedy Trial Rights between the date of this motion and a subsequent trial date in March, April, or May 2021.

6. On October 28, 2020, Mr. Sanders filed an unopposed motion for a continuance, which this Court denied: Mr. Sanders has now made the requisite showing for why it is in the public's interest, as well as additional grounds for the Court to make the findings required for a continuance.

7. The Government, through Assistant United States Attorneys Jay Prabhu and William Clayman, do not oppose the requested continuance.

Dated: October 30, 2020.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143 <br> The Honorable Judge Ellis <br> Trial: November 17, 2020 |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

**[PROPOSED] ORDER TO CONTINUE TRIAL**

This matter is before the Court on Mr. Sanders's Renewed Unopposed Motion to Continue Trial. Based on the reasons stated therein, the lack of any opposition from the Government, and for good cause shown, the Motion to Continue Trial is **GRANTED**; and it is further

**ORDERED** that the trial currently set for November 17, 2020, is hereby continued until: _____, 2021.

_____

THE HONORABLE JUDGE ELLIS

UNITED STATES DISTRICT COURT JUDGE

Date: _____