IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: November 17, 2020 |
| *Defendant.* | ) |
| | ) |

**GOVERNMENT'S NOTICE OF INTENT TO PRESENT
EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 414**

The United States, through G. Zachary Terwilliger, U.S. Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant U.S. Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, notices its intent to present evidence under Federal Rule of Evidence 414.

**LEGAL BACKGROUND**

Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Federal Rule of Evidence 414 governs the admission of evidence of similar crimes in child sex offense cases. Rule 414(a) provides, in pertinent part, that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Rule 414 broadly defines the term "child molestation" to encompass not only physical contact between an adult and a child that constitutes a crime under state or federal law, but also conduct that constitutes the federal crimes of production, receipt, and possession of child pornography. *See* Fed. R. Evid. 414(d)(2)(B) (defining "child molestation" as a state or federal crime "involving . . . any conduct prohibited by 18 U.S.C. chapter 110"). The upshot of Rule

414 is that evidence of a defendant's other acts of child molestation is presumptively admissible to establish the defendant's propensity to commit the charged child sex offense. Rule 414 thus stands in contrast to Federal Rule of Evidence 404(b). Although ordinarily "evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith,'" *United States v. Kelly*, 510 F.3d 433, 436 (4th Cir. 2007), Rule 414 expressly permits the admission of such propensity evidence.

In addition to the plain text of Rule 414, its legislative history shows that Congress intended Rule 414 to be an exception to the ordinary exclusion on propensity evidence. *See, e.g.*, *United States v. Mercer*, 653 F. App'x 622, 630 (10th Cir. 2016) (citing 140 Cong. Rec. H8991-92 (1994) ("[The Rule] is critical to the protection of the public . . . [a]nd is is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people.")). Rule 414, in other words, reflects Congress's judgment that evidence of prior acts of child molestation are "'typically relevant and probative'" in child sex offense cases. *Kelly*, 510 F.3d at 436. (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole))).

In considering the admission of such evidence, a court is not required to make a threshold finding that the defendant actually committed the proffered child molestation offense supported by the Rule 414 evidence. The applicable standard is Rule 104(b)'s conditional relevance (which also governs the admission of Rule 404(b) evidence). *See United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (finding that Rule 104(b) governs the admissibility of Rule 414 evidence); *see also Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152 (3d Cir. 2002) (finding

same).  Under Rule 104(b), a court need only examine the evidence in a case and decide whether the factfinder could reasonably find that the defendant committed the proffered prior acts by a preponderance of the evidence.  *Johnson*, 283 F.3d at 152.  Thus, it matters not that the prior offenses were uncharged—indeed, under Rule 414, courts are to "liberally admit evidence of prior uncharged sex offense[s]."  *United States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999) (quotation marks omitted).

### THE DEFENDANT'S OTHER CHILD MOLESTATION OFFENSE

The government may present evidence at trial of a child molestation offense committed by the defendant that constitutes "any conduct prohibited by 18 U.S.C. chapter 110."  Fed. R. Evid. 414 (d)(2)(B).  Specifically, the United States may introduce evidence that the defendant accessed a hidden service on The Onion Router ("Tor") with the intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  The government may introduce testimony that the Federal Bureau of Investigation ("FBI") executed a warrant to search the defendant's residence in February 2020 based on information that someone using an IP address associated with the defendant's residence accessed child exploitation material on a Tor hidden service dedicated to child pornography in May 2019.  The United States may also introduce testimony that, during the search of his home, the defendant voluntarily agreed to be interviewed by law enforcement and admitted that he accessed hidden service websites on Tor and viewed child pornography on them.  The government anticipates that it will introduce such evidence through the testimony of an FBI Special Agent and excerpts from a recorded interview of the defendant conducted during the search of his home.

The United States anticipates that an FBI Special Agent will testify that the FBI received information that an IP address associated with the defendant's residence in McLean, Virginia,

within the Eastern District of Virginia, was used to access child exploitation material on Tor in or around May 2019. The United States anticipates that a Special Agent will provide a brief explanation of the Tor network and of the type of child exploitation material found on the hidden service the defendant's IP address was used to access. Additionally, the United States anticipates that a Special Agent will explain that the FBI used this information to apply for a warrant in the U.S. District Court for the Eastern District of Virginia to search the defendant's residence for evidence of child-pornography-related activity.

The United States further anticipates that an FBI Special Agent will testify that during the search, the defendant voluntarily agreed to participate in an interview with two FBI Special Agents. The United States anticipates that a Special Agent will testify that this interview was recorded, and the United States will seek to introduce excerpts of this recorded interview at trial. Specifically, the United States anticipates seeking to introduce excerpts of this recorded interview in which the defendant discusses the process by which he found hidden services on Tor on which there was child pornography, the process he followed to register an account on at least one of these hidden services, and the process of downloading and storing material from these hidden services.

Notwithstanding the above disclosure, the United States may seek to admit some of the above evidence under Federal Rule of Evidence 404(b), for which it will provide separate notice.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: November 2, 2020   By:       /s/
William G. Clayman
Special Assistant United States Attorney (LT)

4

                Jay V. Prabhu
                Assistant United States Attorney
                U.S. Attorney's Office
                2100 Jamieson Avenue
                Alexandria, Virginia 22314
                Tel: 703-299-3700
                Fax: 703-299-3981
                Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov