IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

## **ORDER**

On October 30, 2020, the defendant, Zackary Ellis Sanders, filed a waiver of his speedy trial rights and a motion to continue the trial date in this matter from November 17, 2020, to a later date. Dkt. No. 124. The government does not oppose this motion. On November 6, 2020, the United States and the defendant, Zackary Ellis Sanders, with counsel, appeared before the Court for a hearing on the defendant's motion. For the reasons stated from the Bench and below the Court will grant the defendant's motion.

Pursuant to the Speedy Trial Act, the delay resulting from a continuance may be excluded from the calculation of the speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute further provides multiple factors that the Court shall consider in determining whether to grant a continuance.

A continuance is warranted in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Specifically, given the number of victims and the voluminous electronic discovery, much of which contains contraband material that can only be viewed at an appropriate government facility, this prosecution is sufficiently complex under 18 U.S.C. § 3161(h)(7)(B)(ii) such that it is unreasonable

to expect adequate preparation for the trial within the time limits currently set by the Court pursuant to the Speedy Trial Act. Additionally, the circumstances presented by the spread of COVID-19 have imposed additional burdens and time constraints on the ability of the defendant, who is currently detained at the Alexandria Adult Detention Center, to communicate and review evidence with his counsel. Accordingly, the defendant has not been able to adequately prepare for trial within the current timeframe set by the Court, and the failure to grant the defendant's motion for a continuance in this matter would therefore result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i).

The Court FINDS, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), that the ends of justice are served by continuing the trial date in this matter from November 17, 2020, at 10:00 AM to February 9, 2021, at 10:00 AM.

Accordingly, it is hereby ORDERED that the period of delay resulting from the Court's continuance upon the defendant's motion—the period from November 17, 2020, to February 9, 2021—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

November ____, 2020
Alexandria, Virginia

_____
Hon. T.S. Ellis, III
United States District Judge