IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: February 9, 2021 |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S AMENDED NOTICE OF INTENT TO PRESENT
EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 414**

The United States, through G. Zachary Terwilliger, U.S. Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant U.S. Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, hereby withdraws it prior notice of intent to present evidence under Federal Rule of Evidence 414 (Dkt. No. 127) and files this amended notice of its intent to present evidence under Federal Rule of Evidence 414.

**LEGAL BACKGROUND**

Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Federal Rule of Evidence 414 governs the admission of evidence of similar crimes in child sex offense cases. Rule 414(a) provides, in pertinent part, that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Rule 414 broadly defines the term "child molestation" to encompass not only physical contact between an adult and a child that constitutes a crime under state or federal law, but also conduct that constitutes the federal crimes of production, receipt, and possession of child pornography. *See* Fed. R. Evid. 414(d)(2)(B) (defining "child molestation" as a state or federal

crime "involving . . . any conduct prohibited by 18 U.S.C. chapter 110").  The upshot of Rule 414 is that evidence of a defendant's other acts of child molestation is presumptively admissible to establish the defendant's propensity to commit the charged child sex offense.  Rule 414 thus stands in contrast to Federal Rule of Evidence 404(b).  Although ordinarily "evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith,'" *United States v. Kelly*, 510 F.3d 433, 436 (4th Cir. 2007), Rule 414 expressly permits the admission of such propensity evidence.

In addition to the plain text of Rule 414, its legislative history shows that Congress intended Rule 414 to be an exception to the ordinary exclusion on propensity evidence.  *See, e.g.*, *United States v. Mercer*, 653 F. App'x 622, 630 (10th Cir. 2016) (citing 140 Cong. Rec. H8991-92 (1994) ("[The Rule] is critical to the protection of the public . . . [a]nd is is justified by the distinctive characteristics of the cases to which it applies.  In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people.")).  Rule 414, in other words, reflects Congress's judgment that evidence of prior acts of child molestation are "'typically relevant and probative'" in child sex offense cases.  *Kelly*, 510 F.3d at 436. (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole))).

In considering the admission of such evidence, a court is not required to make a threshold finding that the defendant actually committed the proffered child molestation offense supported by the Rule 414 evidence.  The applicable standard is Rule 104(b)'s conditional relevance (which also governs the admission of Rule 404(b) evidence).  *See United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (finding that Rule 104(b) governs the admissibility of Rule 414

evidence); *see also Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152 (3d Cir. 2002) (finding same).  Under Rule 104(b), a court need only examine the evidence in a case and decide whether the factfinder could reasonably find that the defendant committed the proffered prior acts by a preponderance of the evidence.  *Johnson*, 283 F.3d at 152.  Thus, it matters not that the prior offenses were uncharged—indeed, under Rule 414, courts are to "liberally admit evidence of prior uncharged sex offense[s]."  *United States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999) (quotation marks omitted).

### THE DEFENDANT'S OTHER CHILD MOLESTATION OFFENSES

On November 2, 2020, in advance of the trial previously scheduled to begin on November 17, 2020, the government filed a notice of its intent to introduce certain evidence pursuant to Federal Rule of Evidence 414.  Dkt. No. 127.  In this initial filing, the government noticed its intent to introduce as evidence at trial, among other things, background information related to the investigation that resulted in the search of the defendant's home.  *Id.* at 3–4.  After further review, the government does not intend to introduce such evidence at trial as it is not a pertinent part of the government's case-in-chief.  Additionally, after further review, the government may seek to introduce additional evidence related to the interview of the defendant at the trial now scheduled to begin on February 9, 2021, that it did not notice in its prior filing.  Accordingly, by this filing, the government withdraws its initial notice and provides this amended notice of its intent to introduce certain evidence at trial pursuant to Federal Rule of Evidence 414.

The government may present evidence at trial of a child molestation offense committed by the defendant that constitutes "any conduct prohibited by 18 U.S.C. chapter 110"—that is, evidence that the defendant engaged in other conduct constituting receipt of child pornography,

in violation of 18 U.S.C. § 2252(a)(2), and that he accessed material with the intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  Fed. R. Evid. 414 (d)(2)(B). Specifically, the government may introduce testimony that, during the search of his home, the defendant voluntarily agreed to be interviewed by law enforcement and admitted that he previously received child pornography using a mobile messaging application and that he accessed and downloaded child pornography from websites on a dark web network known as The Onion Router ("Tor").

The government anticipates that it will introduce such evidence through the testimony of a Special Agent with the Federal Bureau of Investigation ("FBI") and excerpts from a recorded interview of the defendant conducted during the search of his home.  The United States anticipates that an FBI Special Agent will testify that during the search, the defendant voluntarily agreed to participate in an interview with two Special Agents.  The United States anticipates that a Special Agent will testify that this interview was recorded, and the United States will seek to introduce excerpts of this recorded interview at trial.  A copy of this recording has been provided to the defendant.  Specifically, the United States anticipates seeking to introduce testimony about and excerpts of this recorded interview in which the defendant discussed receiving child pornography and accessing websites containing child pornography, including: (1) other prior instances in which he received child pornography using a mobile messaging application; (2) the process by which he found hidden services on Tor on which there was child pornography; and (3) other prior instances in which he downloaded and stored child pornography material from these hidden services.

Notwithstanding the above disclosure, the United States may seek to admit some of the above evidence under Federal Rule of Evidence 404(b), for which it will provide separate notice.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

Date: November 17, 2020          By:         /s/
                                     William G. Clayman
                                     Special Assistant United States Attorney (LT)
                                     Jay V. Prabhu
                                     Assistant United States Attorney
                                     U.S. Attorney's Office
                                     2100 Jamieson Avenue
                                     Alexandria, Virginia 22314
                                     Tel: 703-299-3700
                                     Fax: 703-299-3981
                                     Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov