# Exhibit 2



**1099 14TH ST. NW
8TH FLOOR WEST
WASHINGTON, DC 20005
(202) 640-2850
WWW.KAISERDILLON.COM**

November 13, 2020

**VIA ELECTRONIC MAIL**
Mr. Jay Prabhu
Mr. William G. Clayman
Assistant United States Attorneys
United States Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Jay.Prabhu@usdoj.gov
William.G.Clayman@usdoj.gov

Re: *United States v. Zackary Ellis Sanders*, 1:20-cr-00143

Dear Jay and Bill,

Thank you for sending the government's most recent discovery production, which we received via USAfx on November 10, 2020. We are writing regarding additional discovery in this matter, and in particular discovery related to the government's Notice of Intent to Introduce Certain Evidence Pursuant to Federal Rule of Evidence 414 ("Notice").

In the government's Notice, you indicated that the government will seek to introduce evidence about the ▮▮▮▮▮ website as part of its case-in-chief. The government anticipates "introducing evidence that [Mr. Sanders] accessed a hidden service [called ▮▮▮▮▮] on the Onion Router ('Tor') with the intent to view child pornography."[1] The government also "anticipates that a Special Agent will provide a brief explanation of . . . the type of child exploitation material found on [▮▮▮▮▮]."[2]

In view of the government's Notice, we are requesting further discovery related to the allegations contained therein.

First, we are requesting a screenshot of ▮▮▮▮▮'s homepage. We understand that the homepage does not advertise or display illegal content, and will therefore be helpful evidence for the defense at trial. In any event, the production of the screenshot falls under Rule 16, as it is

---

[1] Notice (ECF No. 127) at 3.
[2] *Id.* at 4.

material to the preparation of Mr. Sanders's defense.³  The government has never denied possessing this screenshot and—as you are aware—the Government has produced screenshots from other sections of the website.  If the Government refuses to produce the screenshot, please let us know immediately so we can seek appropriate relief from the Court.

      Second, we are requesting discovery (in whatever form) regarding how the FBI connected the Internet user with IP address ▮▮▮ (who was identified as part of ▮▮▮) with having visited ▮▮▮, which was referenced in connection to another person's case as part of ▮▮▮.  The Government has yet to produce any document that connects the Internet user's IP address with any Tor Onion Service website, let alone ▮▮▮.  To the extent there is no document or other material connecting the IP address to ▮▮▮, that is obviously *Brady* information to which Mr. Sanders is entitled in discovery—the lack of that connection would be used, *inter alia*, to cross-examine Agent Ford regarding the allegations in the Government's Notice.⁴  In any event, the manner in which the FBI connected the IP address to ▮▮▮ is plainly material to the preparation of Mr. Sanders's defense.

      Please let us know your position on the above matters so that we may seek the Court's intervention, if necessary.  Thank you in advance for your courtesy.

Sincerely,

Jonathan Jeffress
*Counsel for Zackary Ellis Sanders*

---

³ *See* Fed. R. Crim. Pro. 16(a) (requiring the government to permit inspection of certain records, "if those records are in the government's custody and the item is material to preparing the defense."); *see also United States v. Salad*, No. 2:11CR34, 2012 WL 5894387, at *1 (E.D. Va. Nov. 23, 2012).
⁴ *See Brady v. Maryland*, 373 U.S. 83, 83 (1963).