IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )<br>)<br>ZACKARY ELLIS SANDERS,           )<br>)<br>            *Defendant.*           )<br>                                          ) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III |

**MOTION TO MAINTAIN MEMORANDUM OPINION AND ORDER UNDER SEAL
AND FILE REDACTED MEMORANDUM OPINION AND ORDER**

      The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, hereby files this motion to maintain the Court's sealed Memorandum Opinion (Dkt. No. 73) and sealed Order (Dkt. No. 107) under seal and to file on the docket the copies of the Court's sealed Memorandum Opinion (Dkt. No. 73) and sealed Order (Dkt. No. 107) with the government's proposed redactions attached to this filing as Exhibits 1 and 2, respectively.   In support thereof, the government states as follows:

      1.      On August 21, 2020, the Court issued a sealed Memorandum Opinion (Dkt. No. 73) and an Order (Dkt. No. 74) denying the defendant's motion to compel discovery (Dkt. Nos. 37 & 38).

      2.      On September 10, 2020, the Court issued a sealed Order (Dkt. No. 107) denying the defendant's motion to reconsider his motion to compel discovery (Dkt. No. 88).

      3.      On October 26, 2020, the Court issued a sealed Memorandum Opinion (Dkt. No. 113) denying the defendant's motions to suppress (Dkt. Nos. 81, 83, 85, and 90).   On October 28,

2020, the government filed a motion to maintain this Memorandum Opinion under seal and to file on the public docket a version of the Memorandum Opinion containing redactions proposed by the government. Dkt. No. 117. The government included with this motion a sealed memorandum explaining why certain sensitive information in the Court's Memorandum Opinion should be redacted from the public docket to protect law enforcement investigations. Dkt. Nos. 118 & 120. On October 29, 2020, the Court granted the government's motion to maintain the full Memorandum Opinion under seal and ordered that the Memorandum Opinion containing the government's proposed redactions be filed on the public docket and made part of the record in this matter. Dkt. No. 123.

4. For the same reasons stated in the memorandum (Dkt. Nos. 118 & 120) accompanying the government's prior motion to file a redacted version of the Court's Opinion on the docket (Dkt. No. 117), the government respectfully requests that the Court maintain its sealed Memorandum Opinion (Dkt. No. 73) and its sealed Order (Dkt. No. 107) under seal and file on the public docket the versions of these documents with the government's proposed redactions attached to this motion as Exhibits 1 and 2, respectively. Specifically, the information the government seeks to redact in the Court's Memorandum Opinion (Dkt. No. 73) and Order (Dkt. No. 107) falls into the same category of sensitive information the Court previously ordered be maintained under seal in its Memorandum Opinion denying the defendant's motions to suppress (Dkt. No.113) to protect law enforcement investigations.

5. Because Exhibits 1 and 2 attached to this motion contain information that is presently maintained under seal by the Court, the government will file both exhibits under seal.

6. It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents. *Media General Operations, Inc. v.*

*Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Washington Post Company v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). The Court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Such sealing is within the discretion of this Court and may be granted for "any legitimate prosecutorial need." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also, Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989). The Fourth Circuit has explained that, "[i]f a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject to the government's motion to seal." *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 66). The United States has considered alternatives less drastic than maintaining the Court's Memorandum Opinion (Dkt. No. 73) and Order (Dkt. No. 107) under seal and filing redacted versions of both on the public docket and has found that none would suffice.

7. The Fourth Circuit's precedents also state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

WHEREFORE, the United States respectfully requests that the Court's sealed Memorandum Opinion (Dkt. No. 73) and sealed Order (Dkt. No. 107) be maintained under seal until further Order of the Court, and that the Memorandum Opinion with proposed redactions attached here as Exhibit 1 and the Order with proposed redactions attached here as Exhibit 2 be filed publicly instead.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:         /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
william.g.clayman@usdoj.gov