IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143 <br> The Honorable Judge Ellis <br> Pretrial Conference: Jan. 15, 2020 |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

### UNOPPOSED MOTION TO EXTEND THE MOTION *IN LIMINE* DEADLINE FOR ANY DEFENSE MOTIONS ARISING FROM THE REVIEW OF SEIZED DEVICES

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Unopposed Motion to Extend the Motion *In Limine* Deadline for any Defense Motions Arising from the Review of Seized Devices. Due to both Government and defense scheduling delays related to COVID-19, Mr. Sanders and his defense team have not been able to complete review of the evidence extracted from seized devices and Mr. Sanders's forensic experts have not yet been able to forensically examine relevant devices. Mr. Sanders is able to submit all other motions *in limine*, proposed jury instructions, and proposed *voir dire* by 5:00 p.m. on December 18, 2020. By this Motion, Mr. Sanders respectfully submits that good cause exists for an extension of the deadline for any motions arising from the continued review of the seized devices. The Government does not oppose this Motion.

1. The first basis for the requested continuance is that the defense needs additional time to review discovery and consult with Mr. Sanders regarding a potential motion *in limine* related to evidence on the seized devices. The devices contain the equivalent of thousands of pages of electronic communications and photographs, and the defense has

only been provided with two opportunities—on November 19, 2020, and December 8, 2020 (after a review scheduled for December 3, 2020 was cancelled by the Government)—to review the evidence. The defense's review of evidence from one device has been especially hampered by technical issues related to the volume of data extracted from it, which prevents the defense from reviewing the full Cellebrite extraction report. These evidence reviews were scheduled at the earliest opportunity after the defense received notice of the evidence the Government intended to introduce in its case in chief. Based on the Government's representations to the defense, the scheduling of these evidence reviews was delayed by complications imposed by COVID-19.

2. The second basis for the continuance is that defense forensic experts have not yet had an opportunity to conduct forensic examinations. The need to consult with forensic experts arose only after reviewing the extracted evidence on November 19, 2020, and the defense was only able to specifically identify what the experts would need to examine after the review on December 8, 2020. Based on the items the experts will review, the Government determined that such review must be conducted at the FBI field office in Manassas, VA. Scheduling that review has been delayed by complications related to COVID-19. The defense and Government had been working together to try to schedule the experts' examination so that it could be completed with sufficient time before the motion deadline. However, on December 16, 2020, the Government informed the defense that the earliest possible date that the experts could conduct their review is December 23, 2020. Because of the proximity to the holidays and personal commitments, the earliest the defense experts will be available to begin their examination is January 5, 2021.

3. Given the the volume of evidence that the government has in its possession for viewing by defense counsel only at FBI headquarters and at the U.S. Attorneys' Office and scheduling and logistical issues associated with COVID-19, Mr. Sanders respectfully requests that he be granted an additional five (5) days from when the defense experts complete their forensic examination to file any motions *in limine* that arise from that review.  Mr. Sanders also requests leave of the Court to file any additional motions *in limine* that arise from his own review of the evidence extracted from the seized devices upon uncovering any additional basis for a motion.

4. The Government, through Assistant United States Attorneys Jay Prabhu and William Clayman, do not oppose the requested extension.

Dated: December 17, 2020.

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                      Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Pretrial Conference: Jan. 15, 2020 |

**[PROPOSED] ORDER**

This matter is before the Court on Mr. Sanders's Unopposed Motion Extend the Motion *In Limine* Deadline for any Defense Motions Arising from the Review of Seized Devices ("Motion"). Based on the reasons stated therein, the lack of any opposition from the Government, and for good cause shown, the Motion is **GRANTED**; it is further

**ORDERED** that the motion *in limine* deadline currently scheduled for 5:00 p.m. on December 18, 2020, is hereby continued until five (5) days from when the defense experts complete their forensic examination with respect to any motion arising from that review; and it is further

**ORDERED** that Mr. Sanders be granted leave to later file any other motion *in limine* arising from his continued in-person review of evidence from the seized devices.

_____

THE HONORABLE JUDGE ELLIS

UNITED STATES DISTRICT COURT JUDGE

Date: _____

5