# EXHIBIT 2

# FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-CR-143 |
| | ) | UNDER SEAL |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**SEALED ORDER**

In a Memorandum Opinion and Order issued August 21, 2020, Defendant's Motion to
Compel Discovery was denied. Defendant, in the fashion of lawyers in these times whose
motions fail to succeed, filed a Motion to Reconsider (Dkt. 88). Because the defendant fails to
meet the requirements for a motion to reconsider, the Motion must be denied. But even if the
Court exercised its discretion to grant reconsideration of defendant's Motion to Compel, that
Motion would nonetheless fail because defendant fails to satisfy the materiality requirement in
Rule 16, Fed. R. Crim. P.

As the Memorandum Opinion reflects, on August 19, 2019, the Federal Bureau of
Investigation ("FBI") received a tip from a reliable foreign law enforcement agency ("FLA") ▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that an internet user using the Target IP Address had
accessed online child sexual abuse and exploitation material on May 23, 2019.[1] In response to an
administrative subpoena issued September 10, 2019, Cox Communications identified the Target

---

[1] A complete description of pertinent facts and background information can be found in the Memorandum Opinion
and Order denying defendant's Motion to Compel Discovery (Dkt. 73).

IP Address as connected with defendant Zackary Ellis Sanders' residence.[2] On September 16, 2019, the FLA sent a letter to a Supervisory Special Agent at the FBI stating that the FLA had provided the FBI with "data . . . in relation to Internet addresses (IPs), associated to individuals who have accessed online Child Sexual Abuse and Exploitation material." The FLA Letter states that during its investigation "at no time was any computer or device interfered with in the United States." On October 25, 2019, the FLA sent an ▆▆▆▆ Report for an operation, ▆▆▆▆ ▆▆▆▆" to the FBI, identifying "the TOR Hidden Service ▆▆ ▆▆ and stating that "[t]his site had an explicit focus on the facilitation of sharing child abuse material."[3] On February 10, 2020, FBI Special Agent Christopher Ford applied for a search warrant for defendant's residence. In connection with the warrant application, Special Agent Ford prepared a search warrant affidavit. On February 10, 2020, Magistrate Judge John F. Anderson authorized a search warrant for the residence on the basis of the affidavit, and, on February 12, 2020, the FBI executed the search warrant. On June 24, 2020, a federal grand jury returned a twelve-count indictment charging defendant with five counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2).

On July 13, 2020, defendant filed a Motion to Compel Discovery related to alleged

---

[2] Cox Communications identified the subscriber as Risa Sanders of ▆▆▆▆ McLean, VA 22102-1452. See Special Agent FD-1057, at 2.

[3] The October 25, 2019 ▆▆▆▆ identifies five images or videos shared on ▆▆▆▆ and states that "[t]his site had an explicit focus on the facilitation of sharing child abuse material (images, links and videos), ▆▆▆▆ ▆▆▆▆. Users were required to create an account (username and password) in order to access the majority of the material." October 25, 2019 ▆▆▆▆ Report. On October 25, 2019, the FLA sent the ▆▆▆▆ Report to "International partners ▆▆▆▆ ▆▆▆▆," including the FBI. Id. The October 25, 2019 ▆▆▆▆ Report does not state that IP address 98.169.118.39 created or accessed the five images or videos identified in the Report.

misrepresentations in Paragraphs 23 and 25 of the Search Warrant Affidavit. After defendant's

Motion to Compel was fully briefed and oral argument was held, the parties were afforded an

additional ten days from the date of oral argument, or until August 10, 2020, to submit any

additional matter they wished to have considered prior to the motion's disposition. Following

submission of these supplemental briefs, defendant sought and obtained leave to file a response

to the government's supplemental brief, and the government was afforded an opportunity to

reply to defendant's response on or before Wednesday, August 19, 2020. On August 21, 2020, a

Memorandum Opinion and Order issued denying defendant's Motion to Compel. On September

2, 2020, defendant filed a Renewed Motion to Compel or in the Alternative for Reconsideration

of the Court's Order Denying his Motion to Compel.[4] At issue now is defendant's Motion for

Reconsideration.

# I.

Defendant fails to meet the requirements for a motion to reconsider established by the

Fourth Circuit.

There are no provisions in the Federal Rules of Criminal Procedure that govern a motion

to reconsider, so "courts are guided by analogy to the standards established by the civil rules."

*United States v. Young*, 260 F.Supp.3d 530, 555 (E.D. Va. 2017). A motion for reconsideration

of a final judgment "can be successful in only three situations: (1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634,

---

[4] Defendant labeled his Motion a "Renewed Motion to Compel or in the Alternative Motion to Reconsider" (Dkt. 88). Defendant's creative titling does not alter the content of the Motion, which seeks reconsideration of the denial of defendant's motion to compel discovery. Whether styled a "Renewed Motion" or a "Motion to Reconsider," the motion must meet the requirements for a motion to reconsider.

637 (4th Cir. 2007). Reconsideration of interlocutory orders, though involving broader flexibility than reconsideration of final judgments, "closely resemble[] the standard applicable to motions to consider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). A motion to reconsider will not be granted when the moving party seeks to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly." *United States v. Dickerson*, 971 F.Supp. 1023, 1024 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The defendant fails to demonstrate any persuasive grounds for reconsideration, and thus the Motion must be denied. Defendant has not identified an intervening change in controlling law or accounted for new evidence, nor has defendant's motion identified a clear error of law or manifest injustice.[5]

The defendant first cites the fact that he has submitted "two motions to suppress, which include sworn declarations from two additional experts" to support the Motion. Def's Mem. Supp. Mot. Recons., at 1, ECF No. 88. Defendant's inclusion of declarations from two additional experts is not "new evidence" not available previously. *Zinkand*, 478 F.3d at 637. "In order to support a motion for reconsideration, 'the movant is obliged to show not only that . . . evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered or produced such evidence at the hearing.'" *Dickerson*, 971 F. Supp. at 1024 (quoting *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)). Here,

---

[5] The term "manifest injustice" refers to extraordinary circumstances such as when a court misconstrues or fails to address a party's case-dispositive claim. *See, e.g., Dahl v. Aerospace Employees' Ret. Plan of the Aerospace Corp.*, 2015 WL 6604799, at *6 (E.D. Va. 2015) (finding motion failed the "high hurdle" imposed by the manifest injustice standard because the court had not misapprehended party's argument).

defendant does neither. Defendant offers no evidence that the information contained in the experts' declarations was unavailable at the prior hearing and does not otherwise attempt to justify its omission from the defendant's extensively briefed Motion to Compel. The new experts' declarations are therefore insufficient to support a motion for reconsideration.

In the alternative, the defendant argues that the Court "clearly erred in denying Mr. Sanders further discovery." Def's Mem. Supp. Mot. Recons., at 1. Defendant claims that the Court's denial of his Motion to Compel was "a 'clear error of law or manifest injustice,' or both." *Id.* (citing *United States v. Goode*, 2014 WL 11497850, at *1 (D.S.C. Nov. 24, 2014), aff'd 616 F. App'x 90 (4th Cir. 2015)). Citing no legal authority, defendant further claims that the denial of his Motion to Compel "was not just incorrect legally but also fundamentally unfair to the defense so as to deny Mr. Sanders due process." *Id.* at 8. Here, the defendant is clearly attempting to have the Court "rethink what the Court ha[s] already thought through." *Dickerson*, 971 F.Supp. at 1024. Accordingly, the Motion for Reconsideration must be denied.

Next, the defendant attempts to avoid this result by articulating what he views as four errors in reasoning in the Memorandum Opinion and Order denying his Motion to Compel. He first argues that the Memorandum Opinion "reflects a fundamental misunderstanding of [his] argument." Def's Mem. Supp. Mot. Recons., at 6. Defendant argues that his core argument was that Special Agent Ford "knew that the imprecise language of the FLA tip was materially misleading, as he knew that in repeating it, he conveyed to the Magistrate that the FLA and the FBI had evidence of Mr. Sanders viewing or downloading child pornography, when in fact he knew that neither the FLA nor the FBI had any such thing," and not that the Special Agent inaccurately reiterated the FLA tip. *Id.* Defendant's argument fails. The idea that Special Agent Ford knew that the language was misleading is pure speculation. In this respect, the

Memorandum Opinion correctly concludes that there is "no evidence—either in documents generated by the [FLA] or by the FBI—that Special Agent Ford thought defendant merely visited ████████ homepage and did not view child sexual abuse and exploitation material." Sealed Mem. Op., at 10, ECF No. 73.

First, defendant argues that "the Court incorrectly concluded that . . . there was some other communication from the FLA to the FBI other than the August 19, 2019 Intel Log that comprised the tip." Def's Mem. Supp. Mot. Recons., at 8. This argument is incorrect. Nowhere does the Memorandum Opinion refer to additional communications beyond the three documents identified by the government as "mak[ing] up the entire substance of the tip." Hr'g Tr. at 25:6. The ████████ Report" referred to in the Memorandum Opinion is body of the August 19, 2019 communication from the FLA to the FBI. The Memorandum Opinion correctly describes the three communications received by the FBI from the FLA concerning this case. Accordingly, the Motion for Reconsideration based on this argument plainly fails.

Second, defendant argues that "the Court incorrectly concluded that paragraph 23 conveyed the same information contained in the FLA tip." Id. This argument is also incorrect. Indeed, this is merely an attempt by the defendant to have the Court "rethink what the Court ha[s] already thought through," and the defendant offers no new evidence to support this contention. Dickerson, 971 F.Supp. at 1024. As the Memorandum Opinion correctly states, there is "no meaningful difference between the [FLA's] tip and the Search Warrant Affidavit's language." Sealed Mem. Op., at 9-10.

Third, defendant relies on expert declarations, including the two new declarations that could have been submitted earlier, to contest Special Agent Ford's declaration concerning methods of de-anonymizing Tor users without interfering with a Tor user's computer. Defendant argues that the methods identified by Special Agent Ford do not work in practice. Def's Mem. Supp. Mot. Recons., at 8. Defendant contends that the FLA therefore necessarily interfered with defendant's computer during its investigation. This is pure speculation on defendant's part. It remains the case that even the defendant's own experts do not claim to be able to say with certainty that the FLA interfered with defendant's computer in order to get his IP address.[6] As was stated in the Memorandum Opinion, defendant's "allegation of implausibility is unpersuasive and fails to provide a basis for authorizing further discovery in this case." Sealed Mem. Op., at 12. The search warrant affidavit communicates the same information contained in the FLA's tip, and the defendant's speculation that the FLA must have interfered with defendant's computer "fails to present facts that show that the government possesses additional information that would be helpful to the defense." *Id*.

Because defendant fails to allege convincingly an intervening change in controlling law, the existence of new evidence not previously available, or that the denial of his Motion to Compel contained clear error of law or manifest injustice, defendant's Motion for Reconsideration is denied. Defendant is inappropriately attempting to have the Court "rethink what the Court ha[s] already thought through" without providing factual or legal support. *Dickerson*, 971 F. Supp. at 1024.

---

[6] "[T]he FLA *most likely* had to interfere with the Tor Browser's security protections to take control of, access, interfere with and/or search the contents of computers . . . to determine the true IP addresses of those Internet users." 3rd Declaration of Dr. Matthew Miller, at 1 (emphasis added). "[I]n this case *I would expect* that an active attack was used." Declaration of ▮▮▮▮▮▮▮ at 8 (emphasis added).

## II.

Even assuming, *arguendo*, that the defendant's Motion meets the requirements for a motion to reconsider—and it does not—defendant's arguments nonetheless fail on the merits.

As stated in the Memorandum Opinion, the dispute over whether the material sought by the defense is discoverable focuses on whether defendant's request seeks items that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E); *see also* Sealed Mem. Op., at 7. The finding of immateriality in the Memorandum Opinion remains valid.[7] The defendant has offered no new legal authority and no new, convincing evidence to support a finding of materiality.

For a defendant to show materiality under Rule 16(a)(1)(E), Fed. R. Crim. P., "[t]here must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010). To satisfy the materiality requirement, a defendant "must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* at 621 (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). Importantly, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *Id.*

Defendant has not made the requisite showing of materiality necessary to obtain additional discovery regarding Paragraph 23 of the search warrant affidavit. Defendant's Motion to Reconsider offered no new evidence or legal authority supporting a finding of materiality. Instead, defendant argues that the Memorandum Opinion "reflects a fundamental

---

[7] As the Memorandum Opinion states, "defendant's Motion to Compel must be denied because defendant seeks to engage in a fishing expedition for evidence that would support the defendant's speculative theories that the search warrant affidavit contains intentional misrepresentations material to a finding of probable cause. In the absence of a specific factual showing that the government possesses information helpful to defendant, defendant cannot satisfy Rule 16's materiality requirement." Sealed Mem. Op., at 13.

8

misunderstanding of Mr. Sanders' argument." Def's Mem. Supp. Mot. Recons., at 6. As articulated above, the Memorandum Opinion found that none of the arguments put forward by the defendant satisfied defendant's burden of setting forth facts to show that the government possesses additional information helpful to the defense. Instead, the defendant has advanced a conclusory allegation about Special Agent Ford's thought process at the time he wrote his affidavit. This is rank speculation. There is simply no evidence to suggest that Special Agent Ford knew the language of the tip was materially misleading at the time he wrote his affidavit. Indeed, there is no persuasive reason to conclude that it was materially misleading, or indeed misleading at all. Defendant has therefore failed to satisfy Rule 16's materiality requirement.

Defendant has also failed to make the requisite showing of materiality required to obtain additional discovery regarding Paragraph 25 of the search warrant affidavit. Although defendant has offered additional expert declarations concerning the difficulty of de-anonymizing a Tor user without interfering with the user's computer, defendant does not attempt to argue that they alter the materiality calculus from the Memorandum Opinion. As reiterated above, the search warrant affidavit communicates the same information contained in the FLA's tip, and the defendant's speculation that the FLA must have interfered with defendant's computer "fails to present facts that show that the government possesses additional information that would be helpful to the defense." Sealed Mem. Op., at 12.

In summary, defendant's Motion for Reconsideration must be denied because (1) it fails to satisfy the requirements for a motion to reconsider in the Fourth Circuit and (2) even assuming it meets those requirements, defendant's Motion fails on the merits. Defendant's Motion offers no new legal authority and no new, convincing evidence to support a finding of materiality. It therefore remains the case that the defendant has not provided facts—as opposed to conclusory

speculation—that the government is in possession of information helpful to the defense to justify a motion to compel discovery.

Accordingly,

It is hereby **ORDERED** that defendant's Renewed Motion to Compel Discovery or in the Alternative for Reconsideration of the Court's Order Denying his Motion to Compel (Dkt. 88) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
September 10, 2020

/s/

T. S. Ellis, III
United States District Judge