IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                      Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: January 15, 2021<br>Trial Date: February 9, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE IN
OPPOSITION TO GOVERNMENT'S AMENDED NOTICE OF INTENT
TO PRESENT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 414**

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Memorandum in Support of Motion in Limine in Opposition to the Government's Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414.

On November 17, 2020, the Government filed an Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 (ECF No. 133) ("Amended Notice").[1] Specifically, the Government noticed its intent to introduce testimony regarding Mr. Sanders's recorded interview with law enforcement from February 12, 2020, the date agents executed a search warrant at the Sanders' family home.[2] Though the taped portion of Mr. Sanders's statement was over three

---

[1] In its Amended Notice, the Government withdrew its previous 414 Notice, filed on November 2, 2020.

[2] In addition to the objections outlined in this Memorandum, Mr. Sanders objects to the introduction of his statement on constitutional grounds because law enforcement failed to give him *Miranda* warnings, despite the custodial setting, and because his statement was involuntarily given. Mr. Sanders is simultaneously filing a separate Motion to Suppress his statements on those grounds.

hours long, the Government has not identified which portions of the statement it intends to introduce at trial.

The Government's Amended Notice is too general for this Court to assess adequately the admissibility of the evidence and this Court should reject the notice on that basis alone. Further, this Court should deny the Government's request because the evidence fails the Rule 403 balancing test, as set out in *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007); the evidence is more prejudicial than probative; and the government cannot prove the other acts by a preponderance.

## ARGUMENT

I.  **The Government's 414 request should be denied because it fails to identify what evidence the government intends to admit pursuant to Rule 414.**

The Government's 414 notice fails to identify with specificity what evidence—specifically, what portions of Mr. Sanders's statements—the Government intends to introduce. In order for this Court to assess whether the Government's Amended Notice meets the requirements of the Rule 403 balancing test, the Government would have had to have provided more evidence than it did here. Specifically, "[i]n applying the Rule 403 balancing test to prior offenses admissible under Rule 414, a district court should consider a number of factors" which include: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Kelly*, 510 F.3d at 437.

The Government's Amended Notice fails to describe Mr. Sanders's alleged conduct with enough specificity to enable this Court to make this required assessment under Rule 403, as set forth in *Kelly*. Mr. Sanders's taped statement to law enforcement is three hours and eighteen minutes long. The Government failed to provide the defense or this Court with any notice of what specific portions of that statement it intends to introduce. Because the Government's vague notice

2

does not allow this Court to make the type of assessment the Fourth Circuit requires, the evidence should be excluded.

II.     **The Government's 414 request should be denied because it fails to meet the Rule 414 balancing test under Rule 403.**

As an initial matter, "[t]he facts here are different than in the cases in which evidence of other acts evidence has been admitted under Fed. R. Evid. 414." *United States v. Haas*, No. 3:16-CR-139, 2018 WL 4374168, at *4 (E.D. Va. Sept. 13, 2018). That is because Mr. Sanders has not been *convicted* of the Rule 414 allegations, unlike in *Kelly* or *United States v. Mason*, 532 Fed.Appx. 432, 437 (4th Cir. 2013). For that reason, as well as an analysis under the *Kelly* Rule 403 balancing test, the government's request should be denied.

The government has failed to meet the requirements under *Kelly* for admissibility. First, based on the limited representations contained in the Amended Notice, the Rule 414 material is not similar enough to the charged crime to be admissible. The Government notes its intent to introduce Mr. Sanders's statements about "(1) other prior instances in which he received child pornography using a mobile messaging application; (2) the process by which he found hidden services on Tor on which there was child pornography; and (3) other prior instances in which he downloaded and stored child pornography material from these hidden services." Amended Notice (ECF No. 133) at 4.

As to "(1) other prior instances in which he received child pornography using a mobile messaging application," there is insufficient detail to show that the prior material Mr. Sanders allegedly received was similar enough to the material he allegedly possessed here, or similar enough to the other charged counts in the indictment to be admissible.

Additionally, accessing the Tor network or "these hidden services" is not relevant to any issue the jury needs to decide. The indictment does not allege, and the defense is aware of no

3

evidence, that use of the Tor network has anything to do with the alleged charges. As the government explained at the hearing on the Motion to Suppress:

> [T]he search warrant is **unrelated** to anything he has been charged with. The evidence we found in the search warrant is what the basis for all the charges are. So **he hasn't been charged with accessing child sexual abuse material on this TOR site**. He has been charged with **entirely different conduct** related to chats that we uncovered with various minors in which he had them produce child pornography.

7/31/20 Tr. at 19 (emphases added).

Mr. Sanders is not alleged to have contacted or communicated with any of the various minors through the Tor network. Thus, there is insufficient similarity between Mr. Sanders's past alleged use of the Tor network and "these hidden services" and the instant charges.

Second, the temporal proximity does not warrant admissibility. The vague timeline Mr. Sanders gave in his statement is not of sufficiently close proximity to the time frames alleged in the indictment. Additionally Mr. Sanders told the agents at one point that he received material over Kik (a messaging application) when he was a juvenile—13 or 14 years old himself. This is surely not temporally proximate enough to the current charges to warrant admissibility. And to the extent to which this Court finds that the Rule 414 alleged acts are temporally close, this factor is insufficient to overcome the government's failure to meet the other *Kelly* factors.

Third, the Government's Amended Notice fails to state any frequency with which Mr. Sanders told law enforcement he used the Tor network or received messages over applications.

Fourth, there are no "intervening acts" that the government has identified, which makes this factor neutral. *See Haas*, 2018 WL 4374168, at *4 (finding the "intervening acts" to be neutral where the parties did not raise any intervening acts).

Fifth, the evidence supporting the Government's 414 allegations is not reliable. There is no certified prior conviction. *See Mason*, 532 Fed. Appx. at 437-38 (finding that, where

4

prosecution introduced certified documents and testimony from an investigator personally involved in the earlier case, the evidence of prior conviction was "eminently reliable"). There is no prior jury finding or guilty plea establishing beyond a reasonable doubt that Mr. Sanders engaged in any of the activity discussed in his statement. There is no technological evidence that the government plans to introduce to show that someone with Mr. Sanders's IP address did, in fact, visit Tor. *See*, *e.g.*, *Haas*, 2018 WL 4374168, at *4 (finding that DNA evidence on item in defendant's possession made fifth factor "likely" met). Indeed, the Government fails to identify any evidence, other than Mr. Sanders's statements themselves, that it intends to introduce to show that Mr. Sanders's statements are reliable.

Taken together, analysis under the *Kelly* factors shows that Mr. Sanders's alleged statements are not similar enough, do not show enough frequency of conduct, and are not sufficiently reliable evidence to be admitted.

**III.     The Government's 414 request should be denied because no reasonable jury could find by a preponderance of the evidence that Mr. Sanders committed the acts described in the notice.**

The Government's Rule 414 request should additionally be denied because no jury could reasonably find by a preponderance of the evidence that Mr. Sanders committed the acts described in his statements to law enforcement. *See United States v. Eiker*, No. 2:17CR72, 2017 WL 6459510, at *2 (E.D. Va. Dec. 18, 2017) ("In addition, because Rule 414 evidence is a type of prior act evidence, a district court considering whether to admit such evidence must heed the Supreme Court's instruction in *Huddleston* to first determine that a reasonable jury could find by a preponderance of the evidence that the defendant committed the prior act.") (citing *Huddleston v. United States*, 485 U.S. 681, 690 (1988)). The Government has no proof beyond Mr. Sanders's own statements that he engaged in that activity; indeed, the Government has

steadfastly—and erroneously—refused to produce any meaningful discovery on this subject. The government's notice should thus be rejected on this additional ground.

**IV.     The Government's 414 request should be denied under Rule 403 because it is more prejudicial than probative.**

The Government's request should also be denied because Mr. Sanders's statements are more prejudicial than probative. The introduction of testimony regarding Tor and "these hidden services" is likely to confuse and inflame the jury. The defense is not aware of any forensic evidence in the Government's possession, custody, or control showing that Mr. Sanders visited, clicked on, or downloaded content from the target website or any particular Tor Onion Service website. Yet based on its Amended Notice, it appears the government will try to introduce evidence of egregious content allegedly derived from such websites. This will only serve to inflame the jury. *See Haas*, 2018 WL 4374168, at *4-5 (finding that jury would likely give "undue weight" to "egregious and offensive" 414 evidence and was more prejudicial than probative). And it is not probative of the other charged offenses, for the reasons stated above at 3-5, *supra*, regarding the first *Kelly* prong. The evidence proffered in the Amended Notice should thus be excluded on this ground as well.

## CONCLUSION

For the foregoing reasons, Mr. Sanders respectfully requests that this Court deny the Government's request to introduce evidence of uncharged conduct under Federal Rule of Evidence 414(d)(2)(B).

Respectfully submitted,

_/s/_

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)

6

KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Emily Voshell*
Emily Voshell
