**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

UNITED STATES OF AMERICA,

                  Plaintiff,

   v.

ZACKARY ELLIS SANDERS,

                  Defendant.

Case No. 1:20-cr-00143
Honorable T.S. Ellis, III

Pretrial conference: Jan. 15, 2021
Trial: Feb. 9, 2021

## MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE CHAT TRANSCRIPTS AND RELATED TESTIMONY FROM NON-TESTIFYING PERSONS

Mr. Zackary Ellis Sanders, by and through counsel, respectfully moves this Court, pursuant to the Federal Rules of Evidence and the Confrontation Clause of the Sixth Amendment, to exclude the substance of conversations that the Government alleges took place between Mr. Sanders and any Government witness who does not testify at trial. Unless a Government witness testifies at trial, purported records of his alleged conversation with Mr. Sanders, and any related testimony, must be excluded because: (1) the conversation cannot be authenticated; (2) it is inadmissible hearsay; and (3) Mr. Sanders's Sixth Amendment right to confront the witnesses against him prohibits admission. Thus, any transcripts or screenshots of conversations that allegedly took place between Mr. Sanders and any Government witness who does not testify at trial, as well as any related testimony about the substance of such conversations, must be excluded.

## **BACKGROUND**

While Mr. Sanders is charged with, *inter alia*, production and receipt of child pornography, the Government has not alleged that Mr. Sanders himself recorded any photos or videos of anyone or that any production or receipt of pornography took place in-person.  Instead, the Government claims that the Government witnesses contacted Mr. Sanders through online messaging applications (Telegram, Kik, or iMessage); that the Government witnesses—not Mr. Sanders—recorded photos and/or videos of themselves; and that Mr. Sanders's online communications with these persons are what constituted employing, using, persuading, inducing, enticing, or coercing them into producing and sending child pornography.

Based on conversations with the Government and discovery received to date, the defense anticipates that the Government will attempt to offer into evidence out-of-court statements made by numerous persons *who will not testify at trial*.  The defense expects instead that an FBI agent will testify that the communications were extracted from three electronic devices seized from the Sanders's family home during the execution of the search warrant.

The communications the defense anticipates the Government seeking to introduce include, but are not limited to, conversations that allegedly took place with Mr. Sanders within the date ranges referenced on pages 2 and 3 of the Indictment (ECF No. 29), on messaging applications Telegram, Kik, and iMessage.  The dates and applications that pertain to each count are set forth in the table below:

| Count(s) | Date(s) | Application |
|---|---|---|
| 1, 7 | Between on or about November 20, 2019 and on or about November 25, 2019 | Telegram |
| 2, 8 | Between on or about November 10, 2019, and on or about November 14, 2019 | Kik |
| 3, 9 | Between on or about September 17, 2017 and on or about April 14, 2018 | iMessage |

| 4, 10 | Between on or about November 29, 2017, and on or about December 11, 2017 | Kik |
| 5, 11 | Between on or about May 8, 2017, and on or about October 21, 2017 | iMessage |
| 6 | On or about January 16, 2020 | Telegram |

## **ARGUMENT**

Pursuant to the Federal Rules of Evidence and the Sixth Amendment, the Government should be precluded from introducing exhibits and testimony related to online conversations that allegedly took place between Mr. Sanders and any Government witnesses who do not testify at trial. Screenshots, transcripts, excerpts, and testimony of or about the alleged online conversations should be excluded for four reasons. First, no one other than the witness who allegedly had the conversation with Mr. Sanders can lay a proper evidentiary foundation for such a conversation. Second, the statements are hearsay, and no exception applies. Third, admitting such evidence would violate Mr. Sanders's rights under the Confrontation Clause of the Sixth Amendment.

I.     **Unless the person testifies at trial, no other witness can properly authenticate the purported communications.**

Unless the person who allegedly communicated with Mr. Sanders testifies at trial, no other witness has personal knowledge of whether the conversations took place between the witness and Mr. Sanders and therefore no other witness can properly authenticate extracted transcripts or screenshots of such conversations. Fed. R. Evid. 901(a) (requiring a proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is"). Without such testimony from a person with knowledge, the purported conversations lack trustworthiness as to whether Mr. Sanders and the third party were actually participating in the conversation. An FBI agent does not have personal knowledge about who wrote and received the messages. At most, an FBI agent can only attest to the fact that

communications took place between certain accounts, but not who had access to or used those accounts, when the messages were sent or received, who had access to or used the devices on which the messages were sent or received, what messages were sent or received, or which individuals sent or received the messages.

The Government may try to argue that the evidence it seeks to admit is self-authenticating under Rule 902(11) or 803(6)(A)-(C). That is not so. While business records from providers may be self-authenticating for subscriber metadata—such as which users were in conversation with one another—such records are insufficient to authenticate the substance of the conversations themselves.

For a record to be authenticated under Rule 902(11) as a Certified Domestic Record of a Regularly Conducted Activity, it must meet the requirements of Rule 803(6), the business records exception. Fed. R. Evid. 902(11); *United States v. Ging-Hwang Tsoa*, No. 1:13CR137 JCC, 2013 WL 5837649, at *3 (E.D. Va. Oct. 29, 2013). That exception requires, *inter alia*, that the records were "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling;" "making the record was a regular practice of that activity;" and that the conditions of Rule 803(6) are "shown by the testimony of the custodian or another qualified witness." Fed. R. Evid. 803(6); *see also United States v. Francis*, 329 F. App'x 421, 426 (4th Cir. 2009) (same). "But that is not the case if the regularly conducted business activity is the production of evidence for use at trial." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009).

Thus, because the conversations that allegedly took place between Mr. Sanders and the third parties were supplied by a person outside of a business with no duty to report accurately, they are not subject to the business record hearsay exception and cannot be authenticated by Rule

902(11). *See United States v. Porter*, 821 F.2d 968, 977 (4th Cir.1987) (noting that a witness cannot qualify as a records custodian where "he did not know the record keeping requirements of the company"); *see also United States v. Gurr*, 471 F.3d 144, 152 (D.C. Cir. 2006) ("Because the regularity of making the record is evidence of its accuracy, statements by 'outsiders' are not admissible for their truth under Fed. R. Evid. 803(6)").

Since the records of the purported conversations are not self-authenticating and no FBI agent has the requisite personal knowledge to authenticate the conversations, unless a Government witness testifies at trial, records relating to their purported communications with Mr. Sanders cannot be properly authenticated and must be excluded.

## II. Out-of-court statements offered for the truth of the matter asserted are inadmissible hearsay.

The rule against hearsay applies to statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c); Fed. R. Evid. 802. Records of purported communications between third parties and Mr. Sanders contain out-of-court statements by declarants who may not testify. Fed. R. Evid. 801(c). If the Government offers statements by non-testifying individuals "to prove the truth of the matter asserted," then the statements are hearsay. Fed. R. Evid. 801(c)(2). Unless an exception to the rule against hearsay applies, records of the purported communications are inadmissible.

The online conversations that allegedly took place between Mr. Sanders and other individuals are undeniably statements: they consist of "written assertion[s]" that the declarants "intended" as assertions. Fed. R. Evid. 801(a). For example, statements about a person's identity, age, and other information suggestive of their age (such as their educational institution and attainment) are assertions offered for their truth.

The Government may try to argue that the statements should not be precluded by the Federal Rules of Evidence because the contents are not being offered for the truth of the matter asserted. If so, this Court must "identify[] the actual purpose for which [the Government] is introducing an out-of-court statement." *United States v. Gonzales-Flores*, 701 F.3d 112, 117 (4th Cir. 2012).

It is not possible, however, to identify any other actual purpose for which the Government would introduce statements from the alleged victims regarding their identity, age, and other information suggestive of their age. It is only the truth of the statements about their identity and age that account for their probative value. As a result, such statements must be excluded as inadmissible hearsay.

### III.    Unless a participant from the conversation testifies at trial, introducing the communications violates Mr. Sanders's right under the Confrontation Clause of the Sixth Amendment.

Even if records of the purported conversations are admissible under an exception to the prohibition against hearsay, the Sixth Amendment's Confrontation Clause bars the admission of such evidence. *Idaho v. Wright*, 497 U.S. 805, 814 (1990).

The Confrontation Clause guarantees Mr. Sanders's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. Unless a witness against the defendant is "unavailable to testify" and "the defendant had had a prior opportunity for cross-examination," the Confrontation Clause prohibits the "admission of testimonial statements of a witness who did not appear at trial." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). That prohibition applies "regardless of the inherent trustworthiness of the statement." *United States v. Loving*, 242 F. App'x 922, 925 (4th Cir. 2007).

Testimonial statements are those that a "reasonable person" would expect to be "used in a later criminal prosecution." *United States v. Udeozor*, 515 F.3d 260, 269 (4th Cir. 2008). The documents related to the extraction of the communications from the seized devices were prepared in anticipation of a criminal prosecution and are therefore testimonial: they were prepared with the "primary purpose of establishing or proving past events potentially relevant to later criminal prosecution." *Bullcoming v. New Mexico*, 564 U.S. 647, 659 n.6 (2011). Furthermore, the third parties appear to have anticipated that their statements could be used in a future criminal prosecution: they seem to have avoided using screen names that reflected their real names, and Government witness 1 specifically expressed concerns about the conversation later being reported to the police.

Under a plain reading of the Sixth Amendment, there are either witnesses "against the defendant," who the prosecution "must produce," or witnesses in the defendant's favor, who the defendant may choose to call: "there is not a third category of witnesses, helpful to the prosecution, but somehow immune from confrontation." *Melendez-Diaz*, 557 U.S. at 313–14. If a witness against the defendant has made testimonial statements, the Confrontation Clause "commands . . . that [their]reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Crawford,* 541 U.S. at 61.

The Government cannot decline to call a witness (who is clearly a witness against Mr. Sanders) but instead, and in effect, have that witness testify through the text of their alleged conversation with Mr. Sanders, which was extracted and prepared for the purpose of a criminal prosecution. The FBI agent would be "little more than a conduit or transmitter for testimonial hearsay, rather than as a true expert whose considered opinion sheds light on some specialized factual situation," which would then "provide an end run around *Crawford.*" *United States v.*

*Johnson*, 587 F.3d 625, 635 (4th Cir. 2009) (quotation marks and citations omitted).  Such an attempt to evade the dictates of the Sixth Amendment would "flout[] the deeply rooted common-law tradition of live testimony in court subject to adversarial testing."  *Melendez-Diaz*, 557 U.S. at 315 (quotation marks and citations omitted).

Thus, unless a Government witness testifies at trial, their purported communications with Mr. Sanders should be excluded pursuant to the Confrontation Clause of the Sixth Amendment.

## **CONCLUSION**

The authentication requirement, the rule against hearsay, and the Confrontation Clause of the Sixth Amendment all require exclusion of the purported online communications between Mr. Sanders and any third party who does not testify at trial.  For the foregoing reasons, and any other reasons appearing to the Court, Mr. Sanders respectfully requests that the Court issue an Order excluding any Government exhibits and related testimony about the purported online conversations between Mr. Sanders and any person the Government does not call as a witness at trial.

Respectfully submitted,

*/s/*_____
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of December 2020, the foregoing was served

electronically on the counsel of record through the U.S. District Court for the Eastern District of

Virginia Electronic Document Filing System (ECF) and the document is available on the ECF

system.

<u>*/s/ Emily Voshell*</u>
Emily Voshell