IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: February 9, 2021 |
| *Defendant.* | ) |
| | ) |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Federal Rule of Criminal Procedure 30, the United States of America, by and through undersigned counsel, respectfully requests that the Court include in its charge to the jury the following instructions and such other instructions as may be appropriate during the course of the trial.  The government further reserves the right to file any supplemental instructions as may appear necessary and proper.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:           /s/
        Jay V. Prabhu
        Assistant United States Attorney
        William G. Clayman
        Special Assistant United States Attorney (LT)
        U.S. Attorney's Office for the Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email:  Jay.Prabhu@usdoj.gov
        Email:  WClayman@usa.doj.gov

# TABLE OF CONTENTS

INSTRUCTION NO. 1 ...........................................................................................................1

Introduction to the Final Charge – Province of the Court and of the Jury ......................................1

INSTRUCTION NO. 2 ...........................................................................................................3

Judging the Evidence ..........................................................................................................3

INSTRUCTION NO. 3 ...........................................................................................................4

Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted ...........4

INSTRUCTION NO. 4 ...........................................................................................................6

Direct and Circumstantial Evidence ......................................................................................6

INSTRUCTION NO. 5 ...........................................................................................................7

Inferences from the Evidence ...............................................................................................7

INSTRUCTION NO. 6 ...........................................................................................................8

Evidence Admitted for a Limited Purpose Only .......................................................................8

INSTRUCTION NO. 7 ...........................................................................................................9

Charts & Summaries Admitted into Evidence...........................................................................9

INSTRUCTION NO. 8 .........................................................................................................10

Opinion Evidence – The Expert Witness ...............................................................................10

INSTRUCTION NO. 9 .........................................................................................................11

Credibility of Witnesses – Generally ....................................................................................11

INSTRUCTION NO. 10.........................................................................................................13

Credibility of Witnesses – Inconsistent Statement ..................................................................13

INSTRUCTION NO. 11.........................................................................................................14

Credibility of Witnesses – Bad Reputation for Truth and Veracity............................................14

INSTRUCTION NO. 12.........................................................................................................15

Credibility of Witnesses – The Refusal of a Witness or the Defendant to Answer.....................15

INSTRUCTION NO. 13.........................................................................................................16

Credibility of Witnesses – The Defendant as a Witness ..........................................................16

INSTRUCTION NO. 14.........................................................................................................17

Statement or Conduct of a Defendant – Single Defendant on Trial ..........................................17

INSTRUCTION NO. 15.........................................................................................................18

False Exculpatory Statements...............................................................................................18

INSTRUCTION NO. 16.........................................................................................................19

Effect of the Defendant's Decision Not to Testify ...................................................................19

INSTRUCTION NO. 17.........................................................................................................20

ii

Character Evidence – Reputation of the Defendant.................................................................20

INSTRUCTION NO. 18..............................................................................................................21

Objections and Rulings ..............................................................................................................21

INSTRUCTION NO. 19..............................................................................................................22

Court's Comments to Counsel....................................................................................................22

INSTRUCTION NO. 20..............................................................................................................23

Court's Questions to Witnesses ..................................................................................................23

INSTRUCTION NO. 21..............................................................................................................24

Court's Comments on Certain Evidence ....................................................................................24

INSTRUCTION NO. 22..............................................................................................................25

Jury's Recollection Controls ......................................................................................................25

INSTRUCTION NO. 23..............................................................................................................26

The Question Is Not Evidence ....................................................................................................26

INSTRUCTION NO. 24..............................................................................................................27

Consider Only the Offense Charged ..........................................................................................27

INSTRUCTION NO. 25..............................................................................................................28

Consider Each Count Separately ................................................................................................28

INSTRUCTION NO. 26..............................................................................................................29

Presumption of Innocence - Burden of Proof.............................................................................29

INSTRUCTION NO. 27..............................................................................................................30

The Indictment Is Not Evidence ................................................................................................30

INSTRUCTION NO. 28..............................................................................................................31

Disjunctive Proof – Explained....................................................................................................31

INSTRUCTION NO. 29..............................................................................................................32

"On or About" – Explained .........................................................................................................32

INSTRUCTION NO. 30..............................................................................................................33

Unanimity - Explained ...............................................................................................................33

INSTRUCTION NO. 31..............................................................................................................35

The Nature of the Offense Charged – Counts One through Five ...............................................35

(Production of Child Pornography)............................................................................................35

INSTRUCTION NO. 32..............................................................................................................36

The Statute Defining the Offense Charged – Counts One through Five.....................................36

(Production of Child Pornography)............................................................................................36

INSTRUCTION NO. 33..............................................................................................................37

Elements of the Offense Charged – Counts One through Five ..................................................37

(Production of Child Pornography)..........................................................................................37

INSTRUCTION NO. 34..............................................................................................................38

First Element – Age of the Minor ...........................................................................................38

INSTRUCTION NO. 35..............................................................................................................39

Second Element – Employment, Use, Persuasion, Inducement, Enticement, or Coercion of a Minor in Sexually Explicit Conduct ........................................................................................39

INSTRUCTION NO. 36..............................................................................................................40

Third Element – Effect on Interstate or Foreign Commerce ..................................................40

INSTRUCTION NO. 37..............................................................................................................42

Consent of Minor ....................................................................................................................42

INSTRUCTION NO. 38..............................................................................................................43

Venue .......................................................................................................................................43

INSTRUCTION NO. 39..............................................................................................................44

The Nature of the Offense Charged – Counts Six through Eleven..........................................44

(Receipt of Child Pornography)..............................................................................................44

INSTRUCTION NO. 40..............................................................................................................45

The Statute Defining the Offense Charged – Counts Six through Eleven ..............................45

(Receipt of Child Pornography)..............................................................................................45

INSTRUCTION NO. 41..............................................................................................................46

Elements of the Offense Charged – Counts Six through Eleven.............................................46

(Receipt of Child Pornography)..............................................................................................46

INSTRUCTION NO. 42..............................................................................................................47

Effect on Interstate Commerce ...............................................................................................47

INSTRUCTION NO. 43..............................................................................................................48

Attempt – Explained  – Counts One through Eleven..............................................................48

INSTRUCTION NO. 44..............................................................................................................50

The Nature of the Offense Charged – Count Twelve ..............................................................50

(Possession of Child Pornography).........................................................................................50

INSTRUCTION NO. 45..............................................................................................................51

The Statute Defining the Offense Charged – Count Twelve...................................................51

(Possession of Child Pornography).........................................................................................51

INSTRUCTION NO. 46..............................................................................................................52

Elements of the Offense Charged – Count Twelve .................................................................52

(Possession of Child Pornography)........................................................................52

INSTRUCTION NO. 47.............................................................................................53

Definitions          .............................................................................................53

INSTRUCTION NO. 48.............................................................................................54

Definition of "Visual Depiction" ...........................................................................54

INSTRUCTION NO. 49.............................................................................................55

Definition of "Computer"........................................................................................55

INSTRUCTION NO. 50.............................................................................................56

Definition of "Minor"..............................................................................................56

INSTRUCTION NO. 51.............................................................................................57

Definition of "Sexually Explicit Conduct"............................................................57

INSTRUCTION NO. 52.............................................................................................58

Definition of "Lascivious Exhibition" ...................................................................58

INSTRUCTION NO. 53.............................................................................................59

Proof of Knowledge or Intent .................................................................................59

INSTRUCTION NO. 54.............................................................................................60

Rule 404(b) Evidence ..............................................................................................60

INSTRUCTION NO. 55.............................................................................................61

Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court ...................................................................61

INSTRUCTION NO. 56.............................................................................................63

Exhibits During Deliberations ................................................................................63

**INSTRUCTION NO. 1**

<u>Introduction to the Final Charge – Province of the Court and of the Jury</u>

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

1

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of not guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:01 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 2**

<u>Judging the Evidence</u>

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:02 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 3**

<u>Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted</u>

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated, and all facts and events which may have been judicially noticed.

[[***If applicable:*** When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.]]

[[***If applicable:*** The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.]]

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:03 (6th ed. 2008, updated through Aug. 2020), modified in part to correct misstatements in publication that the jury is "not required to" accept as evidence a stipulation or agreement as to the existence of a fact or judicial notice of certain facts or event.

**INSTRUCTION NO. 4**

<u>Direct and Circumstantial Evidence</u>

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:04 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 5**

<u>Inferences from the Evidence</u>

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:05 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 6**

<u>Evidence Admitted for a Limited Purpose Only</u>

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 11:09 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 7**

Charts & Summaries Admitted into Evidence

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in records or other documents which [[***choose***:  are also in // have not been admitted into]] evidence in the case.  You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

Authority:  *Federal Jury Practice and Instructio*1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 14:02 (6th ed. 2008, updated through Aug. 2020), modified in part to remove the reference to "books" and account for the records underlying the summary exhibits not being admitted into evidence.  *See United States v. Blackwell*, 436 F. App'x 192, 199 (4th Cir. 2011) (per curiam).

**INSTRUCTION NO. 8**

<u>Opinion Evidence – The Expert Witness</u>

***If Applicable***

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial.  An exception to this rule exists as to those persons who are described as "expert witnesses."  An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area.  If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves.  You should consider the testimony of expert witnesses just as you consider other evidence in this case.  If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence [[***if applicable:*** including that of other "expert witnesses,"]] you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 14:01 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 9

<u>Credibility of Witnesses – Generally</u>

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness, you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent inability to remember, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.

11

You will then be in a position to decide whether the government has proven the charges beyond a

reasonable doubt.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:01 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 10**

<u>Credibility of Witnesses – Inconsistent Statement</u>

***If Applicable***

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

[[***If applicable:***  If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves]].

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:06 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 11**

<u>Credibility of Witnesses – Bad Reputation for Truth and Veracity</u>

***If Applicable***

The credibility of a witness [[***if applicable:*** or the defendant]] may be discredited or impeached by evidence showing that the general reputation of the witness [[***if applicable:*** or the defendant]] for truth and veracity is bad.

If you believe a witness [[***if applicable:*** or the defendant]] has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness [[***if applicable:*** or the defendant]] such weight, if any, you think it deserves. You may consider this evidence of bad reputation for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness [[***if applicable:*** or the defendant]].

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:09 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 12**

<u>Credibility of Witnesses – The Refusal of a Witness or the Defendant to Answer</u>

***If Applicable***

The law requires that every witness [[***if applicable:*** or the defendant]] answer all proper questions put to him or her at trial unless the Court rules that he or she is privileged to refuse to answer on Constitutional or other grounds.

The fact that a witness [[***if applicable:*** or the defendant]] refuses to answer a question after being instructed by the Court to answer it may be considered by the jury as one of the factors in determining the credibility of the witness [[***if applicable:*** or the defendant]] and the weight his or her testimony deserves.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:11 (6th ed. 2008, updated through Aug. 2020).

15

**INSTRUCTION NO. 13**

<u>Credibility of Witnesses – The Defendant as a Witness</u>

***If Applicable***

You should judge the testimony of a defendant in the same manner as you judge the testimony of any other witness in this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:12 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 14

### Statement or Conduct of a Defendant – Single Defendant on Trial

Evidence relating to any alleged statement, confession, admission, act, or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care.  All such alleged statements, confessions, admissions, acts, or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, act, or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, admission, act, or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by all of the evidence in the case.  Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, admission, act, or omission.

If, after considering the evidence, you determine that a statement, confession, admission, act, or omission was made or done knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 14:03 (6th ed. 2008, updated through Aug. 2020), modified to consistently include admissions, acts, or omissions.

## INSTRUCTION NO. 15

<u>False Exculpatory Statements</u>

### *If Applicable*

Statements knowingly and voluntarily made by the defendant upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons—fully consistent with innocence—that could cause a person to give a false statement showing that he did not commit a crime.  Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and* Instructions § 14:06 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 16**

Effect of the Defendant's Decision Not to Testify

*If Applicable*

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that a defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his or her privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:14 (6th ed. 2008, updated through Aug. 2020).

19

**INSTRUCTION NO. 17**

Character Evidence – Reputation of the Defendant

*If Applicable*

The defendant has offered evidence of his good general reputation for [[*choose:* truth and veracity // honesty and integrity // being a law-abiding citizen]].  The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

[[*If applicable:* Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person of good character for [[*choose:* truth and veracity // honesty and integrity // being a law-abiding citizen]] would commit such crimes.]]

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 15:15 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 18

<u>Objections and Rulings</u>

It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.  Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case.  I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 11:03 (6th ed. 2008, updated through Aug. 2020), modified to remove "Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards."

## INSTRUCTION NO. 19

<u>Court's Comments to Counsel</u>

### *If Applicable*

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 11:04 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 20

<u>Court's Questions to Witnesses</u>

### *If Applicable*

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 11:05 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 21

<u>Court's Comments on Certain Evidence</u>

### *If Applicable*

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 11:06 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 22**

<u>Jury's Recollection Controls</u>

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:07 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 23

<u>The Question Is Not Evidence</u>

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:08 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 24**

<u>Consider Only the Offense Charged</u>

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:09 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 25

<u>Consider Each Count Separately</u>

A separate crime is charged in each count of the indictment.  Each charge, and the evidence pertaining to it, should be considered separately by the jury.  The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:12 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 26**

<u>Presumption of Innocence - Burden of Proof</u>

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, began the trial with a "clean slate"—with no evidence against him.  The indictment is not evidence of any kind.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 12:10 (6th ed. updated through Aug. 2020), amended to conform with Fourth Circuit precedent by removing the disfavored "two inference instruction," *see United States v. Blankenship*, 846 F.3d 663, 679 (4th Cir. 2017), and the definition of reasonable doubt," which is not required to be given, *see United States v. Walton*, 207 F.3d 694, 696–97 (4th Cir. 2000) (per curiam); *United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998); *United States v. Oriakhi*, 57 F.3d 1290, 1300–01 (4th Cir. 1995); *United States v. Reives*, 15 F.3d 42, 46 (4th Cir. 1994).

29

## INSTRUCTION NO. 27

<ins>The Indictment Is Not Evidence</ins>

An indictment is only a formal method used by the government to accuse a defendant of a crime.  It is not evidence of any kind against the defendant.  The defendant is presumed to be innocent of the crime charged.  Even though the indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him or her.

The defendant has pled "Not Guilty" to the indictment and, therefore, denies that he is guilty of the charges.

<ins>Authority</ins>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 13:04 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 28**

Disjunctive Proof – Explained

The Court instructs the jury that although the indictment may charge the defendant with committing an offense in several ways, using conjunctive language (*i.e.*, "and"), it is sufficient if the government proves the offense in the disjunctive (*i.e.*, "or"), that is to say, the jury may convict on a unanimous finding of any of the elements of a conjunctively charged offense.

For example, Count One of the indictment charges that the defendant attempted to and did employ, use, persuade, induce, entice, and coerce a minor. Therefore, I instruct you that it is not necessary for the government to prove that the defendant did each of those things, named in Count One of the indictment. It is sufficient if the government proves beyond a reasonable doubt that the defendant did one of the alternative acts as charged, as long as you all agree that the same particular alternative act was committed. There are other examples of charging in the conjunctive or disjunctive in the indictment.

In order to prove the defendant guilty of a particular offense, the government does not need to prove that the defendant did all of those things, but only that he did one of those things. In the example above, the government would need to prove, beyond a reasonable doubt, that defendant attempted to or did employ or use or persuade or induce or entice or coerce a minor.

Authority: *United States v. Perry*, 560 F.3d 246, 256 (4th Cir. 2009), *as corrected* (Mar. 31, 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive."); *United States v. Rhynes*, 196 F.3d 207, 242 (4th Cir. 1999) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive. The district court, however, can instruct the jury in the disjunctive."), *opinion vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir. 2000), and *on reh'g in part*, 218 F.3d 310 (4th Cir. 2000).

## INSTRUCTION NO. 29

<u>"On or About" – Explained</u>

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 13:05 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 30

<u>Unanimity - Explained</u>

Counts One through Five of the indictment charge the defendant with a violation of federal law concerning the production of child pornography, Counts Six through Eleven of the indictment charge the defendant with a violation of federal law concerning receipt of child pornography, and Count Twelve of the indictment charges the defendant with a violation of federal law concerning possession of child pornography.  The indictment alleges a number of separate means or methods by which the defendant is accused of violating these laws.

The government is not required to prove all of the means or methods alleged in Counts One through Twelve of the indictment.

Each juror must agree with each of the other jurors, however, that the same means or methods alleged in Counts One through Five of the indictment were, in fact, engaged in or employed by the defendant in committing the crimes charged in Counts One through Five of the indictment.  The jury need not unanimously agree on each methods or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crimes charged in Counts One through Five of the indictment.

Similarly, each juror must agree with each of the other jurors that the same means or methods alleged in Counts Six through Eleven of the indictment were, in fact, engaged in or employed by the defendant in committing the crimes charged in Counts Six through Eleven of the indictment.  The jury need not unanimously agree on each methods or method, but, in order to

33

convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crimes charged in Counts Six through Eleven of the indictment.

Finally, each juror must agree with each of the other jurors that the same means or methods alleged in Count Twelve of the indictment were, in fact, engaged in or employed by the defendant in committing the crime charged in Count Twelve of the indictment.  The jury need not unanimously agree on each methods or method, but, in order to convict, must unanimously agree upon at least one such means or method as one engaged in by the defendant.

Unless the government has proven the same means or method to each of you, beyond a reasonable doubt, you must acquit the defendant of the crime charged in Count Twelve of the indictment.

Authority: Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 13:07 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 31

### The Nature of the Offense Charged – Counts One through Five

### (Production of Child Pornography)

Counts One through Five of the indictment charge that, in separate instances on or about the dates set forth below, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce and mailed, and which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, to wit: digital visual depictions of different minors engaged in sexually explicit conduct on the following dates:

| Count | Date | Minor |
|-------|------|-------|
| 1 | Between or about November 20, 2019 and on or about November 25, 2019 | MINOR VICTIM 1 |
| 2 | Between on or about November 10, 2019, and on or about November 14, 2019 | MINOR VICTIM 2 |
| 3 | Between on or about September 17, 2017, and on or about April 14, 2018 | MINOR VICTIM 3 |
| 4 | Between on or about November 29, 2017, and on or about December 11, 2017 | MINOR VICTIM 4 |
| 5 | Between on or about September 15, 2017, and on or about October 21, 2017 | MINOR VICTIM 5 |

Authority: Adapted from the Indictment and 18 U.S.C. § 2251(a) and (e).

**INSTRUCTION NO. 32**

<u>The Statute Defining the Offense Charged – Counts One through Five</u>

<u>(Production of Child Pornography)</u>

Section 2251(a) of Title 18 of the U.S. Code provides, in relevant part, that:

> Any person who employs, uses, persuades, induces, entices, or coerces [or attempts to employ, use, persuade, induce, entice, or coerce] any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be . . . [guilty of a federal crime] if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

<u>Authority</u>: 18 U.S.C. § 2251(a).

## INSTRUCTION NO. 33

Elements of the Offense Charged – Counts One through Five

(Production of Child Pornography)

In order to prove the defendant guilty of producing child pornography, as charged in Counts

One through Five, the government must prove the following elements beyond a reasonable doubt:

One:        MINOR VICTIMS 1, 2, 3, 4, and 5, the alleged victims named in Counts
            One through Five of the indictment, were under the age of eighteen;

Two:        The defendant attempted to or did employ or use or persuade or induce or
            entice or coerce MINOR VICTIMS 1, 2, 3, 4, and 5 to take part in sexually
            explicit conduct for the purpose of producing a visual depiction of that
            conduct; and

Three:      The visual depiction was produced using materials that had been mailed,
            shipped, or transported in or affecting interstate or foreign commerce by any
            means; or such visual depiction has actually been transported or transmitted
            using any means or facility of interstate or foreign commerce or in or
            affecting interstate or foreign commerce or mailed; or the defendant knew
            or had reason to know that the visual depiction would be transported or
            transmitted using any means and facility of interstate or foreign commerce.

Authority: Adapted from 3 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions –
Criminal*, § 62-2 (2020), *United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012) (listing elements
for violation of 18 U.S.C. § 2251(a): (1) the defendant knowingly enticed a person under the age
of 18; (2) to take part in sexually explicit conduct for the purpose of producing a visual depiction
of that conduct; and (3) that either the defendant knew or had reason to know that the visual
depiction will be transported in interstate commerce, or that the visual depiction has actually been
transported in interstate commerce), and *United States v. Malloy*, 568 F.3d 166, 169 (4th Cir. 2009)
(same).

## INSTRUCTION NO. 34

### First Element – Age of the Minor

The first element that the government must prove beyond a reasonable doubt is that MINOR VICTIMS 1, 2, 3, 4, and 5 were less than eighteen years old at the time of the acts alleged in the indictment.

The government does not have to prove that the defendant knew that MINOR VICTIMS 1, 2, 3, 4, and 5 were less than eighteen years old.  Moreover, the defendant's belief, reasonable or not, that MINOR VICTIMS 1, 2, 3, 4, and 5 were eighteen years or older is irrelevant and not a defense to the crime charged.

I therefore instruct you that if you find that MINOR VICTIMS 1, 2, 3, 4, and 5 were, in fact, less than eighteen years old at the time of the acts alleged in the indictment, then that is sufficient to satisfy the first element of the offense.

Authority: 3 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions – Criminal*, § 62-3 (2020); *United States v. Malloy*, 568 F.3d 166, 171–77 (4th Cir. 2009) (reviewing the statutory language, legislative history, and judicial interpretations of § 2251(a), and concluding that "the actual age of the victim . . . controls," a defendant's belief regarding a victim's age is "irrelevant," and defendants cannot assert a reasonable mistake of age defense); 18 U.S.C. § 2256(5).

**INSTRUCTION NO. 35**

<u>Second Element – Employment, Use, Persuasion, Inducement, Enticement, or Coercion of a
Minor in Sexually Explicit Conduct</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant employed or used or persuaded or induced or enticed or coerced MINOR VICTIMS 1, 2, 3, 4, and 5 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image, whether or not stored in a permanent format.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

<u>Authority</u>: Adapted from 3 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions –
Criminal*, §§ 62-5 and 62-6 (2018), *United States v. Palomino-Coronado*, 805 F.3d 127, 131 (4th
Cir. 2015) ("[C]ourts do not require that a defendant be single-minded in his purpose to support a
conviction under § 2251(a)."), and 18 U.S.C. § 2256(3) & (5).

**INSTRUCTION NO. 36**

Third Element – Effect on Interstate or Foreign Commerce

The third element that the government must prove beyond a reasonable doubt is that (1) the visual depiction was produced using materials that had been mailed or transported in interstate or foreign commerce; (2) that the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means and facility of interstate or foreign commerce; or (3) that the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

Simply stated, the phrase "transported in interstate or foreign commerce" means that the materials used to produce the visual depiction had previously moved from one state to another or between the United States and another country.

If you find, for example, that a cellular phone or computer was used to produce the visual depiction in question and that the cellular phone was manufactured or assembled outside the Commonwealth of Virginia, then that is sufficient to satisfy this element.

The government does not have to prove that the defendant personally transported the cellular phone or computer across a state line or into the United States, or that the defendant knew that the cellular phone or computer had previously crossed a state line or previously had been imported into the United States.

Furthermore, because of the interstate nature of the internet, if you find beyond a reasonable doubt that the defendant used the internet in receiving or possessing the produced visual depiction of a minor engaged in sexually explicit conduct, then that visual depiction traveled in interstate commerce. It does not matter whether the computer that visual depiction was transported to was in Virginia, and it does not matter whether the visual depiction the defendant received or possessed

was transmitted from within Virginia.  If the internet was used in moving the visual depictions, then it traveled in interstate commerce.

Authority: Adapted from 3 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions – Criminal*, § 62-10 (2020), *United States v. Wallace*, 713 F.3d 422, 429 (8th Cir. 2013), *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010), and *United States v. Malloy*, 568 F.3d 166, 179–180 (4th Cir. 2009); *United States v. Ellyson*, 326 F.3d 522, 533 (4th Cir. 2003) ("[P]roof of transmission of pornography over the Internet . . . satisfies the interstate commerce element of the offense[.]" (quoting *United States v. Hilton*, 257 F.3d 50, 54–55 (1st Cir. 2001)); *United States v. Kaye*, 451 F.Supp.2d 775, 782 (E.D. Va 2006) (finding defendant's use of a facility of interstate commerce was satisfied by proof that he used e-mail and the internet to communicate with the victim); *United States v. MacEwan*, 445 F.3d 237, 245 n.8 (3d Cir. 2006) (noting that the internet is both a channel of interstate commerce—a worldwide communications system of interconnected networks of computers, data lines, routers, servers, and electronic signals—and an instrumentality of interstate commerce like a bridge, railroad, highway or airplane); *Payne v. United States*, 2009 WL 2516332, *7 (N.D. Ind. 2009) (slip opinion) ("Use of the Internet for carrying out criminal activity has been recognized to constitute the 'use of a facility of interstate commerce' required to support federal jurisdiction."); *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of interstate commerce."); *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007).

**INSTRUCTION NO. 37**

<u>Consent of Minor</u>

I instruct you that a minor cannot consent to unlawful sexual conduct.  A person under the age of 18 lacks the capacity to consent to unlawful sexual conduct.  Accordingly, any argument regarding a minor's consent must not be considered by you in reaching a verdict.

<u>Authority</u>: Adapted from *United States v. Sibley*, 681 F. App'x 457, 461 (6th Cir. 2017) (approving district court's jury instruction in a § 2251(a) prosecution that "'[a] minor may not legally consent to being sexually exploited.'"), and *United States v. Raplinger*, 555 F.3d 687, 692 (8th Cir. 2009) (finding district court "correctly stated the law" when it instructed jury in a § 2251(a) prosecution that "'a minor may not legally consent to being sexually exploited.'").

**INSTRUCTION NO. 38**

<u>Venue</u>

The government only has to prove venue, that is the place where this occurred, by a preponderance of the evidence.  This  means the government only has to convince you that it is more likely than not that part, if not all,  of the offenses took place in the Eastern District of Virginia.

<u>Authority</u>: Adapted from *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) ("The prosecution bears the burden of proving venue by a preponderance of the evidence . . . ."), and *United States v. Robinson*, 275 F.3d 371, 378 (4th Cir. 2001) (same).

## INSTRUCTION NO. 39

### The Nature of the Offense Charged – Counts Six through Eleven

### (Receipt of Child Pornography)

Counts Six through Eleven of the indictment charge that, in separate instances on or about the dates set forth below, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, attempted to and did receive a visual depiction using any means and facility of interstate and foreign commerce and that had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct, to wit: digital visual depictions of different minors engaged in sexually explicit conduct on the following dates:

| Count | Date | Minor |
|---|---|---|
| 6 | On or about January 16, 2020 | MINOR VICTIM 6 |
| 7 | Between or about November 20, 2019 and on or about November 25, 2019 | MINOR VICTIM 1 |
| 8 | Between on or about November 10, 2019, and on or about November 14, 2019 | MINOR VICTIM 2 |
| 9 | Between on or about September 17, 2017, and on or about April 14, 2018 | MINOR VICTIM 3 |
| 10 | Between on or about November 29, 2017, and on or about December 11, 2017 | MINOR VICTIM 4 |
| 11 | Between on or about September 15, 2017, and on or about October 21, 2017 | MINOR VICTIM 5 |

Authority: Adapted from the Indictment and 18 U.S.C. § 2252(a)(2) and (b)(1).

## INSTRUCTION NO. 40

<u>The Statute Defining the Offense Charged – Counts Six through Eleven</u>

<u>(Receipt of Child Pornography)</u>

Section 2252(a)(2) of Title 18 of the U.S. Code provides, in relevant part, that:

Any person who knowingly receives … , or attempts to receive any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—

> (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

> (B) such visual depiction is of such conduct;

[shall be guilty of a federal crime].

<u>Authority</u>: 18 U.S.C. § 2252(a)(2) and (b)(1).

**INSTRUCTION NO. 41**

<u>Elements of the Offense Charged – Counts Six through Eleven</u>

<u>(Receipt of Child Pornography)</u>

In order to prove the defendant guilty of receiving child pornography, as charged in Counts Six through Eleven of the indictment, the government must prove the following elements beyond a reasonable doubt:

<u>One</u>:    The defendant knowingly received or attempted to receive any visual depiction;

<u>Two</u>:
(a) The defendant received or attempted to receive the visual depiction using any means or facility of interstate or foreign commerce; or

(b) The visual depiction had been shipped or transported in or affecting interstate or foreign commerce; or

(c) The visual depiction contained materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce;

<u>Three</u>:    The producing of the visual depiction involved using a minor engaged in sexually explicit conduct;

<u>Four</u>:    The visual depiction is of a minor engaged in sexually explicit conduct; and

<u>Five</u>:    That the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

<u>Authority</u>: 18 U.S.C. § 2252(a)(2); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina,* 18 U.S.C. § 2252(a)(2) (Emily Deck Harrill, ed., 2020 Online Edition, p. 410); *Eleventh Circuit Pattern Jury Instructions, Criminal*, No. 83.2 (2020); *United States v. Cedelle*, 89 F.3d. 181, 185 (4th Cir. 1996).

## INSTRUCTION NO. 42

### Effect on Interstate Commerce

The government must prove beyond a reasonable doubt that the visual depiction was received in one of three ways: first, that the visual depiction was received using any means or facility of interstate or foreign commerce; second, that the visual depiction had been shipped or transported in or affecting interstate or foreign commerce, or third, that the visual depiction contained materials which had been mailed, or shipped or transported in and affecting interstate commerce, by any means including by computer.

The term "means or facility of interstate commerce" includes the use of any electronic device or program connected to the internet and capable of sending information over the internet.

The phrase "affecting" interstate or foreign commerce means having at least a minimal effect upon interstate or foreign commerce.

The government is not required to prove that the defendant knew that a means or facility of interstate commerce had been or would be used when he received the visual depictions.

Authority: 18 U.S.C. § 10; *Pattern Criminal Jury Instructions, Sixth Cir.* 16.05 (2019 ed.)(elements of offense); *United States v. Malloy*, 568 F.3d 166, 169, 179 (4th. Cir. 2009); *United States v. Forrest*, 429 F.3d 73, 78-79 (4th Cir. 2005); *United States v. Ellyson*, 326 F.3d 522, 533 (4th Cir. 2003) ("[P]roof of transmission of pornography over the Internet . . . satisfies the interstate commerce element of the offense" citing *United States v. Hilton*, 257 F.3d 50, 54-55 (1st Cir. 2001); *United States v. Kaye*, 451 F.Supp.2d 775, 782 (E.D.Va 2006) (proof that defendant used a facility of interstate commerce was satisfied by proof he used e-mail and the Internet to communicate with the victim); *United States v. MacEwan*, 445 F.3d 237, 245-46 (3d Cir. 2006) (Internet is both a channel of interstate commerce – a worldwide communications system of interconnected networks of computers, data lines, routers, servers, and electronic signals – and an instrumentality of interstate commerce like a bridge, railroad, highway or airplane); *Payne v. United States*, 2009 WL 2516332, *7 (N.D. Ind. 2009) (slip opinion) (use of the Internet for carrying out criminal activity has been recognized to constitute the "use of facility of interstate commerce" required to support federal jurisdiction) (citing *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ('The Internet and email are facilities or means of interstate commerce"); *United States v. Schaefer*, 501 F.3d 1197. 1204 – 05 (10th Cir. 2007) (proof of use of internet, without more, is sufficient to show the use of a facility of interstate); *United States v. Evans*, 476 F.3d 1176, 1180-81 (11th Cir. 2007).

## INSTRUCTION NO. 43

<u>Attempt – Explained  – Counts One through Eleven</u>

The government has alleged that the defendant either produced or attempted to produce child pornography, as charged in Counts One through Five of the indictment.  In addition, the government has alleged that the defendant either received or attempted to receive child pornography, as charged in Counts Six through Eleven of the indictment.

In order to sustain its burden of proof for the crime of attempt as charged in these counts of the indictment, the government must prove the following two (2) essential elements beyond a reasonable doubt:

<u>One</u>:   That the defendant intended to commit the crime of production of child pornography and receipt of child pornography, the requirements for which have just been read to you; and

<u>Two</u>:   Thereafter, the defendant did an act constituting a substantial step towards the commission of that crime.

A defendant may be found guilty of attempting to commit a federal crime even though no one actually did all of the acts necessary in order to commit that crime.  A defendant may not be found guilty of attempting to commit any crime, however, merely by thinking about it or even by making some plans or some preparation for the commission of a crime.

The difference between conduct which violates the law and conduct which does not violate the law, in this regard, is what is referred to as "a substantial step" towards the commission of a crime.

In determining whether or not the defendant took "a substantial step" towards the commission of a crime, you must consider all of the evidence admitted in the case concerning that defendant and the alleged commission of that crime.

In order to find the defendant guilty of committing the crime of attempted production of child pornography and attempted receipt of child pornography, the government must prove beyond a reasonable doubt that the mental processes of the defendant passed from the stage of thinking about the crime to actually intending to commit that crime and that the physical process of the defendant went beyond and passed from the stage of mere preparation to some firm, clear, and undeniable action to accomplish that intent.

Authority: 1A O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 21.02 (6th ed. 2008, updated through Aug. 2020) ("There is no general 'attempt' statute in the federal criminal code. In a prosecution under a specific federal criminal provision which includes its own separate attempt provision, that statute should be read to the jury".); *Pattern Crim. Jury Instr., First Circuit*, 4.18.00 (2019) (burden of proof for attempt); 2 O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 21.03 (6th ed. 2008, updated through Aug. 2020) (essential elements) and § 21.04 (substantial step - last four paragraphs); *United States v. Thomas*, 410 F.3d 1235, 1245 (10th Cir. 2005).

## INSTRUCTION NO. 44

<u>The Nature of the Offense Charged – Count Twelve</u>

<u>(Possession of Child Pornography)</u>

Count Twelve of the indictment charges that, in or about February 2020, within the Eastern District of Virginia, the defendant, ZACKARY ELLIS SANDERS, knowingly possessed at least one matter which contained a visual depiction that that had been mailed, or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which had been mailed or so shipped or transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, to wit: digital visual depictions of minors, including prepubescent minors and minors who had not attained 12 years of age, engaged in sexually explicit conduct stored on a Sandisk Cruzer Edge thumb drive, an HP Elite Book 755 laptop, a Lexar thumb drive, an HP laptop (S/N: 5CH1262Y5Y), and an HP laptop (S/N: CNF8255WH5).

<u>Authority</u>: Adapted from the Indictment and 18 U.S.C. § 2252(a)(4)(B).

## INSTRUCTION NO. 45

### The Statute Defining the Offense Charged – Count Twelve

### (Possession of Child Pornography)

Section 2252(a)(4)(B) of Title 18 of the U.S. Code provides, in relevant part, that:

Any person who knowingly possesses, … 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

> **(i)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

> **(ii)** such visual depiction is of such conduct;

[shall be guilty of a federal crime].

Authority: 18 U.S.C. § 2252(a)(4)(B).

**INSTRUCTION NO. 46**

<u>Elements of the Offense Charged – Count Twelve</u>

<u>(Possession of Child Pornography)</u>

In order to prove the defendant guilty of possessing child pornography, as charged in Count

Twelve of the indictment, the government must prove the following elements beyond a reasonable

doubt:

<u>One</u>:  The defendant knowingly possessed a matter which contained any visual depiction;

<u>Two</u>:  The producing of such visual depiction involved the use of a minor engaging in
sexually explicit conduct, and the visual depiction is of such sexually explicit
conduct;

<u>Three</u>:
(a) The matter which contained a visual depiction involving the use of a minor
engaging in sexually explicit conduct had been transported using any means or
facility of interstate or foreign commerce or in or affecting interstate or foreign
commerce, by any means, including by computer; or

(b) The matter which contained a visual depiction involving the use of a minor
engaging in sexually explicit conduct was produced using materials which had
been mailed or so shipped or transported, by any means, including by computer;
and

<u>Four</u>:  The defendant knew that the visual depiction involved the use of a minor engaging
in sexually explicit conduct.

<u>Authority</u>: 18 U.S.C. § 2252(a)(4)(B); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal
Criminal Cases, District of South Carolina*, 18 U.S.C. § 2252(a)(4)(B) (Emily Deck Harrill, ed.,
2020 Online Edition, p. 411) (modified to remove inapplicable language); *United States v. Cedelle*,
89 F.3d. 181, 185 (4th Cir. 1996) (element four).

**INSTRUCTION NO. 42**

<u>Definitions</u>

I will now define the terms "visual depiction," "computer," "minor," "sexually explicit conduct," and "lascivious exhibition," which apply to your deliberations and the indictment.

<u>Authority</u>:  18 U.S.C. § 2256.

**INSTRUCTION NO. 43**

<u>Definition of "Visual Depiction"</u>

The term "visual depiction" includes images, pictures, videos, undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

<u>Authority</u>:  18 U.S.C. § 2256(5).

**INSTRUCTION NO. 44**

Definition of "Computer"

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

Authority:  18 U.S.C. §§ 1030(e)(1); 2256(6).

**INSTRUCTION NO. 45**

<u>Definition of "Minor"</u>

The term "minor" means any person under the age of eighteen years.

<u>Authority</u>:  U.S.C. § 2256(1).

## INSTRUCTION NO. 46

### Definition of "Sexually Explicit Conduct"

The term "sexually explicit conduct" means actual or simulated –

i.      sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or

ii.     bestiality; or

iii.    masturbation; or

iv.     sadistic or masochistic abuse; or

v.      the lascivious exhibition of the genitals or pubic area of any person.

Authority:  18 U.S.C. § 2256(2)(A).

## INSTRUCTION NO. 47

### Definition of "Lascivious Exhibition"

For the visual depiction of an exhibition of the genitals or pubic area of a minor to be considered "sexually explicit conduct," the exhibition must be "lascivious." Whether a picture or image of the genitals or pubic area constitutes such a lascivious exhibition requires a consideration of the overall context of the material.

In determining whether an exhibition of the genitals or pubic area of a minor is lascivious, you may consider the following factors:

1.   Whether the focal point of the visual depiction is on the minor's genitals or pubic area;

2.   Whether the setting of the visual depiction is sexually suggestive, that is, a place or pose generally associated with sexual activity;

3.   Whether the minor is depicted in an unnatural pose, or in inappropriate attire considering the age of the minor;

4.   Whether the minor is fully or partially clothed, or nude;

5.   Whether the visual depiction suggests coyness or a willingness to engage in sexual activity; and

6.   Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

A picture or image need not involve all of these factors to be a lascivious exhibition of the genitals or pubic area. It is for you to decide the weight or lack of weight to be given to any of these factors. Ultimately, you must determine whether the visual depiction is lascivious based on its overall content.

Authority:  18 U.S.C. § 2256(2); *United States v. Whorley*, 550 F.3d 326, 351 n.5 (4th Cir. 2008); *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011); *United States v. Daniels*, 653 F.3d 399, 407 (6th Cir. 2011); *United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011); *United States v. Overton*, 573 F.3d 679, 686 (9th Cir. 2009); *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009); *United States v. Rivera*, 546 F.3d 245, 249 (2d Cir. 2008); *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986) (six factors).

**INSTRUCTION NO. 48**

<u>Proof of Knowledge or Intent</u>

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

<u>Authority</u>: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 17:07 (6th ed. 2008, updated through Aug. 2020).

## INSTRUCTION NO. 49

Rule 404(b) Evidence

"**If Applicable**"

You have heard evidence that the defendant allegedly engaged in misconduct in the past. You may not consider this evidence in deciding if the defendant committed the acts charged in the indictment.  However, you may consider this evidence for certain limited purposes, such as to prove that the defendant had a motive or the opportunity to commit the crime charged in the indictment; to prove that the defendant had the state of mind or the intent necessary to commit the crime charged in the indictment; to prove that the defendant acted according to a plan or in preparation to commit the crime charged in the indictment; to prove that the defendant knew what he was doing when he committed the crime charged in the indictment; to prove the defendant's identity; or to prove that the defendant did not commit the crime charged in the indictment by mistake or accident.

Do not conclude from this evidence that the defendant has bad character in general or that because the defendant may have committed other similar acts that it is more likely that he committed the crime with which he is currently charged.

Authority: Adapted from Fed. R. Evid. 404(b) and Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, pp. 961-962 (2019 Online Edition, last updated Jul. 18, 2014).

**INSTRUCTION NO. 50**

<u>Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of
Verdict – Communication with the Court</u>

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case.  Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

61

What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

Forms of verdicts have been prepared for your convenience and reads as follows:

[[*The verdict or a summary can be read to the jury*]]

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts on the forms, date and sign the forms, and then return with your verdicts to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 20:01 (6th ed. 2008, updated through Aug. 2020).

**INSTRUCTION NO. 51**

<u>Exhibits During Deliberations</u>

I am sending the exhibits which have been received in evidence during the trial with you as you retire for your deliberations.

Authority: 1A Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* § 20:04 (6th ed. 2008, updated through Aug. 2020), modified to state exhibits are being provided to the jurors during deliberations.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 18, 2020, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling

(NEF) of the foregoing to the following attorneys for the Defendant:


By:        /s/
          William G. Clayman
          Special Assistant United States Attorney (LT)
          U.S. Attorney's Office for the Eastern District of Virginia
          2100 Jamieson Avenue
          Alexandria, VA 22314
          Phone: (703) 299-3700
          Fax: (703) 299-3981
          Email:  Jay.Prabhu@usdoj.gov