IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>         Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE LAY OPINION TESTIMONY ABOUT FORENSIC EXAMINATIONS**

Mr. Zackary Ellis Sanders, by and through counsel, pursuant to Rules 701 and 702 of the Federal Rules of Evidence, respectfully moves this Court to preclude any of the Government's witnesses from offering layperson opinion testimony about forensic examinations of seized devices. The Government's proffered testimony about forensic examinations is not admissible under Rule 701 because, contrary to what Rule 701 permits, it is based on specialized knowledge beyond the ken of the average juror. The defense respectfully reserves the right to conduct expert *voir dire* at trial and to lodge any objections to qualifications and reliability at that time.

**BACKGROUND**

The Government noticed its intent to rely on expert testimony from FBI Information Technology Specialist-Forensic Examiner Daniel Iannotti, Special Agent Andrew Kochy (Computer Analysis Response Team), and Special Agent Christopher Ford (Washington Field Office's Evidence Response Team) regarding "the imaging and forensic examination" of evidence extracted from computers and other digital devices seized from the Sanders's family home. Government Expert Notice (ECF No. 126) at 1.

According to the Government, the three proffered witnesses will testify based on "their *specialized knowledge* of the imaging and forensic examination of computers and digital media" and "will be asked to explain their respective training and background." *Id.* at 1 (emphasis added). The Government nonetheless claims that these three witnesses will only "testify in the nature of fact witnesses," but only "out of an abundance of caution . . . notice[d] these witnesses as experts" and disclosed their qualifications to the defense. *Id*. at 2.

### ARGUMENT

The Federal Rules of Evidence distinguish "lay" testimony, governed by Rule 701, from "expert" testimony, governed by Rule 702, "to avoid the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." *United States v. Yu*, 411 F. App'x 559, 566 (4th Cir. 2010) (quotation marks and citations omitted). Rule 701 prohibits lay testimony that requires scientific, technical, or other specialized knowledge "within the scope of Rule 702." Fed. R. Evid. 701.

The Supreme Court has assigned district courts the "gatekeeping role" to exclude irrelevant or unreliable expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 589, 597 (1993). That role applies to all expert testimony, not just to scientific testimony. *Kumho v. Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999).

**I.      The proffered testimony is not admissible as lay opinion testimony.**

"Rule 701 forbids the admission of expert testimony dressed in lay witness clothing." *United States v. Perkins*, 470 F. 3d 150, 156 (4th Cir. 2006); Fed. R. Evid. 701 (providing that a non-expert witness cannot offer an opinion on a matter "based on scientific technical, or other specialized knowledge within the scope of Rule 702").

Opinion testimony about the imaging and forensic examination of computers and digital media is undeniably based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. The Fourth Circuit has recognized that "many courts have noted that the process of forensic data extraction requires specialized knowledge or skill conducive to expert testimony." *United States v. Stanley*, 533 F. App'x 325, 327 (4th Cir. 2013). That is so because "the process of forensic data extraction requires some specialized knowledge or skill or education that is not in possession of the jurors." *Yu*, 411 F. App'x at 566–67 (4th Cir. 2010).

The proffered testimony is therefore inadmissible as lay opinion testimony; only an expert who can meet the *Daubert* requirements can give an opinion about the imaging and forensic examination of computers and digital media. Fed. R. Evid. 701.

## CONCLUSION

For the foregoing reasons, and any other reasons appearing to the Court, Mr. Sanders respectfully requests that the Court issue an Order precluding any of the Government's proffered experts from offering lay opinions about the forensic examinations of the seized devices.

Respectfully submitted,

*/s/*_____
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Emily Voshell*
Emily Voshell