IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: February 9, 2021 |
| *Defendant.* | ) |
| | ) |

**GOVERNMENT'S MOTION *IN LIMINE*
TO PERMIT PRESENTATION OF CHILD PORNOGRAPHY EVIDENCE**

The United States of America, by and through the undersigned counsel, respectfully files this pre-trial motion as to why certain recordings of child pornography that the defendant produced, received, and possessed should be published to the jury at trial.

**BACKGROUND**

The charges against the defendant are based on evidence the Federal Bureau of Investigation ("FBI") obtained during the execution of a search warrant for child-pornography-related evidence at the defendant's residence in February 2020.

Pursuant to the warrant, law enforcement seized multiple electronic devices from the defendant's home. A forensic examination of one set of the devices, which includes the defendant's Apple iPhone and Apple iPads, uncovered online chats between the defendant and MINOR VICTIMS 1, 2, 3, 4, 5, and 6 referenced in Counts 1 through 11 of the indictment. For Counts 1 through 5 and 7 through 11, the defendant persuaded, induced, and coerced these minor victims to produce and send to him visual depictions of themselves engaging in sexually explicit conduct, or attempted to do so believing they were minors. Many of these visual depictions depict the minors engaged in sexually degrading conduct or inflicting pain on themselves. For MINOR

VICTIM 6 in Count 6, the defendant knowingly received a visual depiction of this individual engaged in sexually explicit conduct, with the belief that this individual was a minor in the video.

A forensic examination of other devices referenced in Count 12 of the indictment uncovered image and video files depicting minors engaged in sexually explicit conduct, including anal and oral sex and sadistic or masochistic abuse. Many of these files have titles that are clearly indicative of child pornography.

The defendant was indicted in June 2020 for producing, receiving, and possessing child pornography. A jury trial is currently scheduled for February 9, 2021. Aware of the incriminating nature of the videos and images described above, the defendant may object to their publication to the jury as potentially prejudicial. Such an objection would not be meritorious.

## LEGAL DISCUSSION

### I. The Presentation of Essential Evidence is Not Unfairly Prejudicial

It is possible that the defendant will attempt to prevent publication of the child pornography material in this case to the jury by invoking Federal Rule of Evidence 403. That is, the defendant will claim that the probative value of publishing the images and videos described above would be substantially outweighed by a danger of unfair prejudice.

Generally speaking, however, the United States has the discretion to choose which evidence to present and how to present it. *United States v. Janati*, 374 F.3d 263, 274 (4th Cir. 2004) ("Subject to the district court's reasonable management of cases brought to the court for trial, the government too has broad discretion to prosecute crimes, probably limited otherwise only by an unconstitutional motive."). This principle follows from the fact that, because the United States carries the burden of proof at trial, it should be afforded reasonable leeway in determining the most effective ways to present evidence.

Evidence in the form of child pornography is incriminating by its very nature. Child pornography is, in and of itself, contraband, and there is simply no good reason for producing, receiving, or possessing it. It does not follow, however, that the fact that certain evidence is harmful to a defendant's case means that it is unfairly prejudicial. Indeed, as the Fourth Circuit has long recognized: "damage to a defendant's case is not a basis for excluding probative evidence. And for good reason. Evidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998).

Moreover, the images and videos referenced above are an essential component of the government's case. To convict the defendant of production of child pornography, the government must prove that the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, or attempted to do so. *United States v. Malloy*, 568 F.3d 166, 169 (4th Cir. 2009). The government submits that satisfying this element necessarily requires the jury to view the visual depictions of MINOR VICTIMS 1, 2, 3, 4, and 5, that there were produced according to the defendant's instructions. To hold otherwise would be to prevent the jury from viewing the essential evidence in this case.

Similarly, the defendant is charged with receiving and attempting to receive child pornography, as well as possessing child pornography. To convict the defendant of receipt of child pornography, the government must show that the defendant knowingly received visual depictions of MINOR VICTIMS 1, 2, 3, 4, 5, and 6 engaged in sexually explicit conduct, or attempted to do so believing they were minors. And to convict him of possession of child pornography, the government must show that the defendant knowingly possessed files depicting minors engaged in sexually explicit conduct on the devices described in Count 12 of the indictment. The government submits that satisfying the elements of these offenses similarly requires the jury to view the visual depictions that were received and possessed by the defendant.

Notably, the government does not intend to publish the entirety of every video depicting MINOR VICTIMS 1 through 5 engaged in sexually explicit conduct, or every video depicting MINOR VICTIMS 1 through 6 engaged in sexually explicit conduct that the defendant received, or every image and video he possessed on his various other electronic devices. Rather, the government seeks to introduce only clips and, in some instances, still images from a representative selection of the videos referenced above in order to show the minor, the sexually explicit conduct, or both.

## CONCLUSION

For the reasons stated herein, the government respectfully asks the Court for permission to publish to the jury the child pornography files at issue in this case. It should also be noted that the government intends to ask the Court to publish these recordings only to the Court and the jury and not to the public in the gallery.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) to counsel of record for the Defendants.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:    /s/
        William G. Clayman
        Special Assistant United States Attorney (LT)
        U.S. Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Tel: 703-299-3700
        Fax: 703-299-3981
        Email: william.g.clayman@usdoj.gov