IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>ZACKARY ELLIS SANDERS,   )<br>)<br>*Defendant.* )<br>) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III<br><br>Trial: February 9, 2021 |

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE AND LIMIT
CERTAIN ARGUMENTS, LINES OF QUESTIONING, AND EVIDENCE AT TRIAL**

The United States of America, by and through the undersigned counsel, respectfully moves this Court *in limine* for an order excluding arguments, lines of questioning, and evidence at trial related to the following: (1) the victims' alleged voluntary participation in the offense conduct referenced in Counts 1 through 11 of the indictment; (2) the victims' alleged sexual behavior or sexual predisposition; (3) any mistake-of-age defense with respect to the completed offenses charged in Counts 1 through 5; (4) the identity of and investigation conducted by the foreign law enforcement agency that led to the search of the defendant's home; (5) specific-instance character evidence regarding the defendant; (6) the defendant's health; and (7) the potential penalty or punishment the defendant will face if convicted. Each of these categories of information should be excluded at trial because they are irrelevant to the charges against the defendant and, even if relevant, would be unduly prejudicial.

**BACKGROUND**

The charges against the defendant are based on evidence the Federal Bureau of Investigation ("FBI") obtained during the execution of a search warrant for child-pornography-related evidence at the defendant's residence in February 2020.

Pursuant to the warrant, law enforcement seized multiple electronic devices from the defendant and the defendant's bedroom. A forensic examination of one set of the devices, which includes the defendant's Apple iPhone and Apple iPads, uncovered online chats between the defendant and MINOR VICTIMS 1, 2, 3, 4, 5, and 6 referenced in Counts 1 through 11 of the indictment. For Counts 1 through 5 and 7 through 11, the defendant persuaded, induced, and coerced these minor victims to produce and send to him visual depictions of themselves engaging in sexually explicit conduct, or attempted to do so believing they were minors. Many of these visual depictions depict the minors engaged in sexually degrading conduct or inflicting pain on themselves. For MINOR VICTIM 6 referenced in Count 6, the defendant knowingly received a visual depiction of this individual engaged in sexually explicit conduct, with the belief that this individual was a minor in the video depiction.

A forensic examination of other devices referenced in Count 12 of the indictment uncovered image and video files depicting minors engaged in sexually explicit conduct, including anal and oral sex and sadistic or masochistic abuse. Many of these files have titles that are clearly indicative of child pornography.

The defendant was indicted in June 2020 for producing, receiving, and possessing child pornography. A jury trial is currently scheduled for February 9, 2021.

**ARGUMENT**

The government seeks to exclude evidence that is irrelevant to the issues before the jury at trial and that is therefore inadmissible under the Federal Rules of Evidence. In other words, the categories of evidence at issue in this motion—(1) the victims' alleged voluntary participation in the offense conduct referenced in Counts 1 through 11 of the indictment; (2) the victims' alleged sexual behavior or sexual predisposition; (3) any mistake-of-age defense with respect to the completed offenses charged in Counts 1 through 5; (4) the identity of and investigation conducted

2

by the foreign law enforcement agency that led to the search of the defendant's home; (5) specific-instance character evidence regarding the defendant; (6) the defendant's health; and (7) the potential penalty or punishment the defendant will face if convicted—do not satisfy the most basic rule of evidence: Federal Rule of Evidence 402's requirement that proffered evidence must be relevant.

Evidence is relevant only if it tends to "make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. In guiding this analysis, the Court should look at the elements of the charged offense. To convict under 18 U.S.C. § 2251(a) and (e), the jury must find: (1) that the victim was less than 18 years old; (2) that the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (3) that the visual depiction was produced using materials that had been transported in interstate or foreign commerce, or that the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce. Similarly, in order to convict under an attempt theory of 18 U.S.C. § 2251(a) and (e), the jury must find that the defendant (1) specifically intended to produce child pornography and (2) took a substantial steps towards the creation of child pornography. *United States v. Sims*, 708 F.3d 832, 835 (6th Cir. 2013); *see also United States v. Isabella*, 918 F.3d 816, 848 (10th Cir. 2019); *United States v. Schwarte*, 645 F.3d 1022, 1030 (8th Cir. 2011).

A conviction under 18 U.S.C. § 2252(a)(2) and (b)(1) requires the jury to find (1) that the defendant knowingly received a visual depiction of a minor engaging in sexually explicit conduct; (2) that defendant received this visual depiction using any means or facility of interstate commerce or using any device or instrumentality that has been shipped or transported in or affecting interstate

3

commerce; and (3) that defendant knew that the production of this visual depiction involved the use of a minor engaging in sexually explicit conduct and that the visual depiction was of a minor engaging in sexually explicit conduct. Likewise, in order to convict under an attempt theory of 18 U.S.C. § 2252(a)(2) and (b)(1), the jury must find that the defendant (1) specifically intended to commit the underlying offense of receipt of child pornography and (2) took a substantial step towards the commission of that crime that strongly corroborates that intent. *United States v. Eychaner*, 326 F. Supp. 3d 76, 85 (E.D. Va. 2018). Evidence that does not assist the jury in making a determination regarding one of those considerations should be excluded. As set forth more fully below, each of the categories of evidence at issue in this motion will not assist the jury as factfinder.

Furthermore, even if the Court were to find that any of the categories of information addressed in this motion were relevant, that information may still properly be excluded if the dangers associated with its introduction outweigh any probity. Rule 403 allows the exclusion of evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. Trial judges also have "wide latitude" to restrict cross-examination of witnesses for reasons beyond those outlined in Rule 403, including "concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). Relevant evidence should be excluded "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006)). As explained in further detail below, the evidence at issue in this motion, even if admissible, would primarily serve only these impermissible purposes.

**I.      Alleged Consent or Voluntariness Evidence Related to the MINOR VICTIMS**

Evidence that MINOR VICTIMS 1 through 5 consented to the production of visual depictions of themselves engaged in sexually explicit conduct, or that MINOR VICTIMS 1 through 6 voluntarily sent such visual depictions to the defendant has no bearing on the defendant's guilt under 18 U.S.C. § 2251(a) or § 2252(a)(2). Therefore, the United States requests that any such evidence, argumentation, or questioning be prohibited at trial.

With respect to Counts 1 through 5, the elements of 18 U.S.C. § 2251(a) plainly do not require that a child's exploitation be non-consensual. Nor is the notion that a child can consent to sexual exploitation a permissible defense to a charge of producing child pornography. 18 U.S.C. § 2251(a); *see also United States v. Sibley*, 681 F. App'x 457, 461 (6th Cir. 2017) (holding that the victim's "consent is irrelevant to the question whether [the defendant] used her for the purposes of 18 U.S.C. § 2251(a)"); *United States v. Wells*, 843 F.3d 1251, 1255 (10th Cir. 2016) ("[O]f course, a minor cannot consent to production of child pornography."); *Ortiz-Graulau v. United States*, 756 F.3d 12, 21–22 (1st Cir. 2014) (concluding that the consensual nature of the relationship was irrelevant); *Malloy*, 568 F.3d at 175 ("[T]he State may legitimately protect children from self-destructive decisions reflecting the youthful poor judgment that makes them, in the eyes of the law, 'beneath the age of consent.'" (quoting *Gilmour v. Rogerson*, 117 F.3d 368, 372 (8th Cir. 1997))); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008) ("[T]he district court properly concluded consent was not a defense and . . . [the victim's] willingness to engage in acts was irrelevant."); *accord United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) (holding that consent is not a defense to sexual assaults committed against children and noting "[t]he law assumes a 26-year old has the maturity and self-control to say 'no' to a willing or even solicitous 13-year old"). Similarly, a victim's purportedly voluntary participation in the photographing or

5

recording of the visual depiction is not a defense, and any evidence to that effect is irrelevant. *See Ortiz-Graulau*, 756 F.3d at 19 (finding "facts about the consensual and allegedly non-exploitative nature of the relationship between [the defendant and the minor victim] or about the circumstances in which the photographs were taken could not have supported a legally permissible defense"). As this Court has previously observed,

> information regarding the minor's state of mind, *i.e.* whether she wanted to have sex with the defendant or to be filmed by the defendant, in no way informs the jury about defendant's state of mind . . . . More specifically, whether the minor consented to sex or to filming the sexual activity makes it no more or less probable that defendant engaged in sexual activity with the minor victim and that at least one of defendant's purposes in doing so was to produce a visual depiction of the sexual activity.

*United States v. McCauley*, Case No. 1:18-cr-330-TSE, ECF No. 77, at 5 (E.D. Va. Jan. 25, 2019) ("*McCauley* Opinion"). Similarly, that the minor victims purportedly consented to sending the defendant the visual depictions of themselves engaging in sexually explicit conduct is not a defense to the charge of receipt of child pornography, which also focuses on the state of mind of the person receiving the visual depiction.

At trial, the government will seek to introduce the online chats between the defendant and MINOR VICTIMS 1, 2, 3, 4, 5, and 6, which contain evidence related to the production and receipt of child pornography alleged in Counts 1 through 11 of the indictment. These chats provide context to the circumstances in which the visual depictions were produced, the manner in which the defendant received them and the defendant's state of mind when requesting them. The government will also seek to introduce the visual depictions that the defendant received, which speak for themselves. Any further evidence of the victims' alleged consent or any suggestion that the minors allegedly consented to engage in this conduct is wholly irrelevant to the defendant's

culpability. In light of the considerable weight of case law, any such arguments or evidence should be excluded from trial under Federal Rule of Evidence 402.

Even if the Court were to determine that evidence of a minor victim's consent to record himself engaged in sexually explicit conduct or to send a visual depiction of himself engaging in sexually explicit conduct to a defendant is somehow relevant, that evidence is still inadmissible under Rule 403. Allowing this evidence would unfairly shift the burden to victims to prove their innocence and purity, and would confuse the issues and mislead the jury. Moreover, such a result would cause undue prejudice by implying that minors are at fault for their own sexual victimization.

## II. Alleged Sexual History, Conduct, or Predisposition Evidence Related to the MINOR VICTIMS

The United States further moves the Court to exclude at trial any argument, questioning, or evidence regarding the sexual history, conduct, or predisposition of MINOR VICTIMS 1, 2, 3, 4, 5, and 6, whether before or after the time of the offense here. Federal Rule of Evidence 412 forbids the admission of evidence of a victim's sexual behavior or sexual predisposition in criminal proceedings involving sexual misconduct allegations except under three narrow exceptions. These exceptions are limited to instances in which (1) the evidence is offered to prove someone other than the defendant was the source of physical evidence (*e.g.*, semen), (2) the victim's behavior with respect to the defendant is offered by the government or to prove consent, or (3) excluding the evidence would violate the defendant's constitutional rights. *See* Fed. R. Evid. 412. The aim of this rule is "to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." Advisory Committee's Notes on Fed. R. Evid. 412. Sexual behavior includes "all activities that involve actual physical

conduct, *i.e.* sexual intercourse or sexual contact" or that include "activities of the mind, such as fantasies or dreams." *Id.* With respect to sexual predisposition, Rule 412 is "designed to exclude evidence . . . the proponent believes may have a sexual connotation for the factfinder," including "the alleged victim's mode of dress, speech, or life-style." *Id.*

Here, the defendant may attempt to introduce evidence or argument that the minor victims had a history of engaging in behaviors that could be viewed by the factfinder as sexual in nature, either with the defendant or with others. None of the exceptions to Rule 412 apply in this case, however, and thus any such evidence must be excluded. There is no semen, injury, or other similar physical evidence for which there could be a second contributor. Further, as established previously, consent is not a defense to the charged conduct, and there is no basis to conclude that the defendant's constitutional rights would be infringed if evidence regarding the victim's sexual history, conduct, or predisposition were excluded. Accordingly, such evidence or argument should be excluded.

**III.     Mistake-of-Age Evidence**

The United States moves the Court to preclude the defendant from arguing with respect to the completed offenses charged in Counts 1 through 5 that he mistakenly believed MINOR VICTIMS 1 through 5 were adults at the time he persuaded, induced, and coerced them to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. It is well established that mistake-of-age is not a defense to the substantive offense of production of child pornography. *See United States v. Malloy*, 568 F.3d 166, 171 (4th Cir. 2009) ("[K]nowledge of the victim's age is neither an element of the offense [under 18 U.S.C. § 2251(a)] nor textually available as an affirmative defense."); *see also United States v. Henry*, 827 F.3d 16, 23 (1st Cir. 2016) (finding the statutory text "plainly does not require that a person convicted of violating

8

[§ 2251(a)] needs to know the actual age of the minor victim" and declining to impose such a requirement); *United States v. Fletcher*, 634 F.3d 395 (7th Cir. 2011) (similar); *United States v. Humphrey*, 608 F.3d 955 (6th Cir. 2010) (similar); *United States v. Wilson*, 565 F.3d 1059 (8th Cir. 2009) (similar); *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008) (similar); *United States v. Griffith*, 284 F.3d 338 (2d Cir. 2002) (similar); *United States v. Crow*, 164 F.3d 229 (5th Cir. 1999) (similar).[1]  As this Court has previously noted "the victim's age is not relevant to any element of [the production of child pornography] and . . . mistake of age is not an affirmative defense to the charged conduct." *McCauley* Opinion, at 4.  To be sure, however, at least one court of appeals has noted that a conviction for the *attempted* production of child pornography—as opposed to the completed offense—requires proof of specific intent to commit the crime—that is, proof that the defendant believed that the individual he used or persuaded to engage in sexually explicit for the purpose of producing a visual depiction of that conduct was a minor.  *See United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004).

Because mistake-of-age is not an affirmative defense to the completed offense of production of child pornography, the Court should preclude the defendant from arguing to the

---

[1] The only court of appeals to hold otherwise, the Ninth Circuit, created a limited mistake-of-age defense that requires a defendant to show by clear and convincing evidence that he did not know and could not reasonably have learned that the individual was a minor. *United States v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 858 F.2d 534, 543 (9th Cir. 1988).  The Ninth Circuit's holding, however, is a product of the facts of that case.  The defendants, who had produced a pornographic film featuring a 16-year-old minor, sought to present a mistake-of-age defense because the 16-year-old minor had presented falsified identification, had appeared in widely-released adult magazines with a reputation for reliably investigating the age of their models and in adult films and materials with no one suggesting that she was a minor, and had been represented by others as being an adult. *Id.* at 540.  The Ninth Circuit read a "reasonable mistake of age defense" into § 2251(a), observing that the production of adult pornography would be chilled otherwise because individuals who "produce and distribute adult films" have "no way of being absolutely sure that an actor or actress who is youthful in appearance is not a minor[,] [e]ven after taking the most elaborate steps to determine how old the subject is . . . ." *Id.*

contrary with respect to the substantive offenses alleged in Counts 1 through 5.² It is the United States' burden with respect to Counts 6 through 11, on the other hand, to show that the defendant knew or believed at the time that he received the visual depiction that it involved the use of a minor engaging in sexually explicit conduct. Accordingly, the defendant is entitled to advance a mistake-of-age defense with respect to Counts 6 through 11. Should the defendant introduce such evidence, the government requests that a limiting instruction be given to the jury clearly instructing that any such evidence is only to be considered with respect to Counts 6 through 12, and, to the extent applicable, the attempted production of child pornography alleged in Count 2.

## IV.     The Foreign Law Enforcement Agency

The United States also moves the Court to prohibit the defendant from seeking to introduce at trial evidence, arguments, or questions regarding the identity of and the investigation conducted by the foreign law enforcement agency ("FLA") that provided the information that led to the search of his home. The affidavit in support of the search warrant in this matter is based in part on information provided by the FLA that an Internet Protocol address associated with the defendant's home was used to access child sexual abuse material. In pretrial litigation, the defendant

---

² The United States anticipates offering proof at trial of the minor status of MINOR VICTIMS 1, 3, 4, and 5 at the times alleged in the indictment. MINOR VICTIM 2 is located abroad, which may present difficulties with establishing proof of his minor status beyond his very young appearance in the multiple visual depictions he recorded of himself engaging in very specific instances of sexually explicit conduct based on the defendant's instructions. While the government believes that the extremely youthful appearance of MINOR VICTIM 2 in these multiple visual depictions is sufficient to establish that he was a minor at the time alleged in the indictment, the evidence will also show that the defendant believed that MINOR VICTIM 2 was a minor when the defendant persuaded and coerced him to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, which is sufficient to sustain a conviction for the attempted production of child pornography. Specifically, the evidence will show that on multiple occasions in the online conversation between the defendant and MINOR VICTIM 2, the victim represented and the defendant confirmed that the victim is a minor. Accordingly, to the extent the defendant is permitted to raise a mistake-of-age defense with respect to the attempted production of child pornography charged in Count 2 of the indictment, it will not be successful.

unsuccessfully moved to suppress all evidence obtained during the search by arguing that the affidavit lacked probable cause and contained material and deliberate falsehoods and omissions. Many of these arguments were based on the defendant's unsupported theories about the FLA's investigation and the website it investigated.

Neither the identity of the FLA nor any details of its investigation—including, for example, the defendant's speculation about its investigative techniques or the website it investigated—are relevant to the defendant's guilt in this matter. None of the charges in the indictment are based on the FLA's tip, which has already been the subject of significant litigation. Instead, the charges against the defendant are based on evidence obtained during the search of his home, which shows that: he induced and coerced five minors to engage in sexually explicit conduct for the purpose of producing visual depictions of themselves engaged in such conduct, or attempted to do so; he received sexually explicit images and videos depicting those five minors and one additional minor, or attempted to do so; and he possessed child pornography. And even if the Court were to find evidence about the FLA relevant, it should nevertheless be excluded under Rule 403 because any probative value it has is substantially outweighed by the danger of confusing the issues for the jury. Indeed, references to the identity of the FLA, its investigation, or the defendant's theories about the investigation would inevitably result in a mini-trial over issues the Court has already resolved in its memorandum opinion denying the defendant's suppression motions. Accordingly, evidence, argument, and questions related to the identity of the FLA and its investigation should be deemed inadmissible under Federal Rules of Evidence 401, 402, and 403.

**V.  Specific-Instance Character Evidence**

Regarding evidence of the defendant's conduct, testimony as to instances of his good conduct would violate Federal Rule of Evidence 405(a), and the United States accordingly moves

to preclude any such evidence. *See, e.g.*, *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (finding testimony of specific activities with March of Dimes inadmissible to show good character); *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987); *Government of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985).  Federal Rule of Evidence 404(a)(1) further states that evidence of a person's character is not admissible for the purpose of proving a person's actions on a particular occasion except when evidence of a pertinent trait of character is offered by an accused or by the prosecution to rebut the same.  Thus, a character witness may not offer specific instances of conduct by the defendant that would tend to support the reputation of the defendant. *See, e.g.*, *United States v. Giese*, 597 F.2d 1170, 1188–94 (9th Cir. 1979) (holding that character witnesses must restrict their direct testimony to appraisals of defendant's reputation); *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989) ("While a defendant may show a characteristic for lawfulness through opinion or reputation testimony, evidence of specific acts is generally inadmissible." (internal citation omitted)); *McCauley* Opinion, at 8 ("[W]hile defendant is entitled to offer reputation or opinion evidence of a pertinent character trait, defendant may not seek to prove his good character through testimony regarding specific instances of defendant's good behavior.").  To the extent the defendant intends to offer evidence of specific instances of his good conduct, such as specific evidence of non-criminal interactions with minors, he should be prohibited from doing so.

## VI. References to the Defendant's Present Health or to COVID-19

The United States also respectfully moves to preclude the defendant from introducing any evidence, making any statement, or asking any questions regarding the defendant's current physical or mental health, including, without limitation, current diseases, traumas, illnesses, attacks, and medical or psychological conditions.  This includes any reference to how his potential

12

conviction or continued detention could intersect with the ongoing COVID-19 pandemic. Though the defendant's health at the time of the offenses may be relevant, information regarding his current condition is irrelevant. Additionally, because it serves only to appeal to the sympathies of the jury, it would be highly prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that unfairly prejudicial evidence is evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" (quoting Advisory Committee's Notes on Fed. R. Evid. 403)); *McCauley* Opinion, at 9 ("The only purpose for introducing [the current state of defendant's health] is to appeal to the jury's sympathy, and this evidence is therefore unfairly prejudicial and impermissible under Rule 403"). Accordingly, any evidence of the defendant's current physical or mental state is not a proper concern for the jury. *See* Fed. R. Evid. 401, 402, and 403.

### VII. Reference to Penalty or Punishment

Finally, the United States moves to prohibit the defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to the penalty or punishment the defendant faces if convicted of the charged conduct.

It is "well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote and citation omitted). A jury's task is to "find the facts and decide whether, on those facts, the defendant is guilty of the crime charged," while a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion." *Id.* Evidence or

argument relating to a potential sentence, or any other punishment, is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Id*; *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (stating that "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed."); *McCauley* Opinion, at 10 (holding that "evidence concerning the sentence the defendant may receive if convicted is of no concern to the jury"). Accordingly, the defendant should be prohibited from making any comment or reference, whether direct or indirect, to the penalty or punishment in this case as to the charges the defendant faces.

## CONCLUSION

For the reasons stated above, the government respectfully requests the entry of an order prohibiting the defendant from making any argument, soliciting any questions, or introducing any evidence at trial regarding: (1) the victims' voluntary participation in the offense conduct referenced in Counts 1 through 11 of the indictment; (2) the victims' alleged sexual behavior or sexual predisposition; (3) any mistake-of-age defense with respect to the completed offenses charged in Counts 1 through 5; (4) the identity of and investigation conducted by the FLA that led to the search of the defendant's home; (5) specific-instance character evidence regarding the defendant; (6) the defendant's present health; and (7) the potential penalty or punishment the defendant will face if convicted.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney

U.S. Attorney's Office  
2100 Jamieson Avenue  
Alexandria, Virginia 22314  
Tel: 703-299-3700  
Fax: 703-299-3981  
Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov
