IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                       )<br>)<br>ZACKARY ELLIS SANDERS,            )<br>)<br>                             *Defendant.*     )<br>_____ ) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III<br><br>Trial: February 9, 2021 |

## GOVERNMENT'S MOTION *IN LIMINE*
## TO ADMIT CERTAIN RECORDS AND EVIDENCE

The United States of America, by and through the undersigned counsel, respectfully moves this Court *in limine* for an order ruling admissible certain records and evidence. The government submits that a pre-trial ruling on the admissibility of these documents will reduce the length of trial and conserve resources of the Court and the parties.[1]

## BACKGROUND

The defendant was charged in a twelve-count indictment alleging violations of federal law related to the production, receipt, and possession of child pornography. At trial, the government intends to introduce, among other things, the following:

1. **The Birth Certificates of MINOR VICTIMS 1, 3, 4, and 5:** The United States intends to introduce the certified birth certificates of MINOR VICTIMS 1, 3, 4, and 5 issued by the offices of vital records in the victims' birth states.

2. **Trade Inscriptions:** The United States intends to present photographs of inscriptions on the devices identified in Count 12 of the indictment, which indicate that the devices were manufactured and/or assembled in China. These devices were seized from the defendant's bedroom in his home in the Eastern District of Virginia.

---

[1] The government reserves the right to seek the admission of any other documents pursuant to the Federal Rules of Evidence that may have been inadvertently left out of this motion.

The government submits that the items in the two categories of evidence identified above are admissible pursuant to the Federal Rules of Evidence, as discussed below.

## LEGAL ARGUMENT

I. **The Birth Certificates of MINOR VICTIMS 1, 3, 4, and 5 Are Relevant and Admissible Under Rule 902(1) and 803(9)**

The government has recently received copies of the birth certificates of MINOR VICTIMS 1, 3, 4, and 5, from the offices of vital records associated with the victims' respective birth states and will provide copies of them to the defendant promptly. These birth certificates are self-authenticating records that are relevant to proving an element of the crimes alleged under 18 U.S.C. §§ 2251(a) and 2252(a)(2)—namely, that MINOR VICTIMS 1, 3, 4, and 5, were minors during the dates alleged in the indictment. Federal Rule of Evidence 902(1) provides that documents bearing the seal of a state of the United States along with a signature purporting to be an execution or attestation is self-authenticating. Moreover, the contents of a birth certificates do not constitute inadmissible hearsay because the information contained therein is excepted as hearsay under Federal Rule of Evidence 803(9) and does not implicate the Confrontation Clause. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (explaining that "public records are generally admissible absent confrontation because they are "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial").

Admitting the birth certificates is also consistent with Fourth Circuit precedent. In *United States v. Williams*, 946 F.2d 888 (4th Cir. Oct. 8, 1991), the defendant argued on appeal that the trial court erred in admitting into evidence his birth certificate, among other documents, because the government had not sufficiently established that the birth certificate was the defendant's, *id.* at *10. The Fourth Circuit in an unpublished opinion quickly disposed of the defendant's claimed error. It observed that the birth certificate was a copy of a public record that "bore the seal and

certificate of the public custodian thereof" and determined that it was relevant in light of other evidence admitted at trial. *Id.*

In light of the foregoing, the Court should find that the proffered birth certificates are admissible into evidence and make such a finding pre-trial.

## II. Trade Inscriptions are Relevant, Self-Authenticating Evidence Under Rule 902(7) and Are Admissible

The photographs of the inscriptions of the defendant's devices identified in Count 12 of the indictment are relevant to establish the jurisdictional element of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Caley*, 355 F. App'x 760, 761 (4th Cir. 2009) (per curiam) (finding contraband images were produced when copied to a computer for jurisdictional element of possession of child pornography offense); *United States v. Joubert*, 778 F.3d 247, 255 (1st Cir. 2015) ("This court recently held that the interstate commerce element [of possession of child pornography] is satisfied by the copying of child pornography onto a thumb drive that had traveled interstate.").

Federal Rule of Evidence 902(7) succinctly designates as self-authenticating "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." Inscriptions of foreign origins, such as the ones here, are regulated and misleading designations are prohibited by federal law. *See* 19 U.S.C. § 1304; 15 U.S.C. § 1456. This renders such inscriptions "particularly trustworthy." *United States v. Boles*, 914 F.3d 95, 109 (2d Cir. 2019). Thus, the labels of origin related to the devices listed in Count 12 of the indictment in this case—namely, a Sandisk Cruzer Edge thumb drive (1B1), an HP Elite Book 755 laptop (1B2), a Lexar thumb drive (1B3), an HP laptop (S/N: 5CH1262Y5Y) (1B5) seized from the defendant's bedroom, and an HP laptop (S/N: CNF8255WH5) (1B6)—are self-authenticating.

Additionally, these inscriptions are not inadmissible hearsay. *See CA, Inc. v. Simple.com, Inc.*, 780 F.Supp.2d 196, 224 (E.D.N.Y.2009) ("Computer generated time stamps are mechanical traces that can be used to prove the occurrence of an event."). Other courts have emphasized that inscriptions are not statements within the meaning of the hearsay rule. *See United States v. Koch*, 625 F.3d 470, 480 (8th Cir.2010) (holding that computer and flash drive labels indicating they were manufactured in China were not inadmissible hearsay, and citing *United States v. Bowling*, 32 F.3d 326, 328 (8th Cir.1994), which held that a manufacturer's name stamped on a firearm is not a statement); *United States v. Thody*, 978 F.2d 625, 631 (10th Cir .1992) (holding that a "manufacturer's imprint in the gun is not hearsay" since it "is technically not an assertion by a declarant as contemplated by" the hearsay rules). As one court observed, "it makes much more sense to think of a 'Made in China' inscription on a product (in all likelihood the result of a mechanical, assembly-line mold) as circumstantial evidence that it was indeed made in that country" rather than "a statement made by the company that is subject to the hearsay rules." *United States v. Scott*, 2014 WL 2808802, at *4 (E.D. Va. June 20, 2014). And this Court has concluded that such inscriptions fall under the residual hearsay exception. *See United States v McCauley*, Criminal No 1:18-cr-330, Dkt No. 90 ("[C]ourts have sensibly concluded that manufacturers' inscriptions indicating a product's country of origin fall under the residual hearsay exception in Rule 807") (J. Ellis).

Accordingly, these inscriptions here are not inadmissible hearsay and should be admitted.

## CONCLUSION

For the reasons stated above, the government respectfully requests that the materials discussed in this motion be admitted under the Federal Rules of Evidence.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:     /s/
        William G. Clayman
        Special Assistant United States Attorney (LT)
        Jay V. Prabhu
        Assistant United States Attorney
        U.S. Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Tel: 703-299-3700
        Fax: 703-299-3981
        Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) to counsel of record for the Defendants.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:     /s/
        William G. Clayman
        Special Assistant United States Attorney (LT)
        U.S. Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Tel: 703-299-3700
        Fax: 703-299-3981
        Email: william.g.clayman@usdoj.gov