IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v.       ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS,   ) | |
| ) | Trial: February 9, 2021 |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO INTRODUCE CERTAIN EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414**

The United States of America, by and through the undersigned counsel, respectfully moves this Court *in limine* for an order on the admissibility of evidence pursuant to Federal Rules of Evidence 404(b) and 414, specifically the defendant's statements that he previously received child pornography using a mobile messaging application and that he accessed and downloaded child pornography from websites on a dark web network.

**BACKGROUND**

The charges against the defendant are based on evidence the Federal Bureau of Investigation ("FBI") obtained during the execution of a search warrant for child-pornography-related evidence at the defendant's residence in February 2020. At the search, the defendant voluntarily agreed to speak to two FBI special agents in a recorded interview. During the interview, the defendant admitted to accessing material that depicts the sexual abuse of children online using multiple means. The defendant admitted to receiving child pornography using a mobile messaging application and to downloading child pornography from websites on a dark web network known as The Onion Router ("Tor"). He described the websites he found on Tor, the

process by which he found those websites, and how he accessed the child pornography stored there.

Based on evidence obtained from devices seized during the search of his home, the defendant was charged in a twelve-count indictment alleging violations of federal law related to the production, receipt, and possession of child pornography. A jury trial is currently scheduled for February 9, 2021.

## ARGUMENT

Out of an abundance of caution, the government provided notice under Rule 414 of the Federal Rules of Evidence that it intends to admit at trial testimony about and excerpts of this recorded interview in which the defendant discussed receiving child pornography and accessing websites containing child pornography, including: (1) other prior instances in which he received child pornography using a mobile messaging application; (2) the process by which he found hidden services on Tor on which there was child pornography; and (3) other prior instances in which he downloaded and stored child pornography material from these hidden services. Dkt. No. 133. The government incorporates by reference its notice pursuant to Federal Rule of Evidence 414, which was timely filed on November 17, 2020. *Id.* At this time, the government now moves for a ruling from the Court that the defendant's admissions outlined above are admissible as intrinsic evidence, or alternatively under either Federal Rule of Evidence 414 or 404(b).

**I. The Defendant's Various Means of Collecting Child Pornography Should Be Admitted as Intrinsic Evidence of the Charged Conduct**

The Fourth Circuit has instructed that evidence is intrinsic, and therefore not subject to Rule 404, if it is "an essential part of the crimes on trial, or . . . furnishes part of the context of the crime." *United States v. Queen,* 132 F.3d 991, 998 (4th Cir. 1997); *cf. United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal citations omitted) (noting that "[e]vidence of uncharged

2

conduct is not 'other crimes' evidence subject to Rule 404 if the uncharged conduct 'arose out of the same series of transactions as the charged offense, or if [evidence of the uncharged conduct] is necessary to complete the story of the crime on trial.'"). Here, the defendant is charged with knowingly possessing child pornography on various electronic storage media. Dkt. 29, at 4. This charge is not limited to any particular file or means and method of acquisition. As part of the government's evidence showing that the defendant's possession of this illegal material was knowing, the government intends to introduce evidence showing the various means that he defendant obtained child pornography, including the means that the defendant admitted in his statements to law enforcement during this investigation. Thus, the uncharged conduct provides context that is "intrinsic to the story of the crime" and should be admitted as such. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).

## II. Evidence of the Defendant's Prior Child Pornography Offenses Is Also Admissible Pursuant to Federal Rule of Evidence 414

Enacted as part of the Violent Crime Control and Law Enforcement Act of 1994, Federal Rule of Evidence 414 governs the admission of evidence of similar crimes in child sex offense cases. Rule 414(a) provides, in pertinent part, that "[i]n a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Rule 414 broadly defines the term "child molestation" to encompass not only physical contact between an adult and a child that constitutes a crime under state or federal law, but also conduct that constitutes the federal crimes of distribution, receipt, and possession of child pornography. *See* Fed. R. Evid. 414(d)(2)(B) (defining "child molestation" as a state or federal crime "involving . . . any conduct prohibited by 18 U.S.C. chapter 110"). The upshot of Rule 414 is that evidence of a defendant's prior acts of child molestation is presumptively

3

admissible to establish the defendant's propensity to commit the charged child sex offense. Rule 414 thus stands in contrast to Federal Rule of Evidence 404(b). Although ordinarily "evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith,'" *United States v. Kelly*, 510 F.3d 433, 436 (4th Cir. 2007), Rule 414 expressly permits the admission of such propensity evidence.

In addition to the plain text of Rule 414, its legislative history shows that Congress intended Rule 414 to be an exception to the ordinary exclusion on propensity evidence. *See, e.g.*, *United States v. Mercer*, 653 F. App'x 622, 630 (10th Cir. 2016) (citing 140 Cong. Rec. H8991-92 (1994) ("[The Rule] is critical to the protection of the public . . . [a]nd is is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant—a sexual or sado-sexual interest in children—that simply does not exist in ordinary people.")). Rule 414, in other words, reflects Congress's judgment that evidence of prior acts of child molestation are "'typically relevant and probative'" in child sex offense cases. *Kelly*, 510 F.3d at 436. (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole))).

### A. Rule 414's Prerequisites for Admitting Evidence of Prior Acts of Child Molestation Are Met Here

In order to introduce at trial evidence that the defendant possessed child pornography on prior occasions, the government must make three showings. First, the government must establish that the defendant is accused of a child molestation offense. Second, the government must show that the evidence to be admitted concerns other acts of child molestation committed by the defendant. And, third, that the evidence of the defendant's prior acts of child molestation is relevant to a matter at trial. Each of these prongs is met here.

First, the Indictment charges the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Because these offenses are federal crimes set forth in Chapter 110 of Title 18 of the U.S. Code, they qualify as a "child molestation" offenses for purposes of Rule 414. *See* Fed. R. Evid. 414(d)(2)(B).

Second, the proffered Rule 414 evidence qualifies as a "child molestation" offense as that term is defined in the rule. The government intends to admit at trial evidence based on his statements to law enforcement that, on occasions other than the charged instances of receipt of child pornography, he accessed and received child pornography using a mobile messaging application and that he accessed and downloaded stored child pornography material from hidden services websites on Tor. Such conduct constitutes a crime under Chapter 110 of Title 18 of the U.S. Code and therefore prior acts of "child molestation" under Rule 414.[1]

---

[1] The fact that the defendant was not charged or convicted for this earlier conduct is not an impediment to the introduction of this evidence under Rule 414. As numerous courts have recognized, Rule 414 permits the admission of relevant, uncharged sexual offenses. *See, e.g.*, *United States v. Lewis*, No. 07-3143, 2009 WL 377302, at *2 (D.C. Cir. Jan. 23, 2009) (defendant's uncharged possession of child pornography admissible under Rule 414 in prosecution for attempted coercion and enticement of a minor); *United States v. Seymour*, 468 F.3d 378, 384–86 (6th Cir. 2006) (defendant's prior, uncharged sexual assaults of adult females admissible under Rule 414 in case charging child molestation offenses); *United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005) (defendant's uncharged molestation of victim's sister admissible under Rule 414). Moreover, permitting the introduction of uncharged conduct pursuant to Rule 414 accords with the Rule's legislative history. *See* 140 Cong. Rec. H8992 (1994) (Statements by Rep. Molinari and Senator Dole) ("Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible . . . ."); *see also United States v. Guidry*, 456 F.3d 493, 502–03 (5th Cir. 2006) ("Because sexual assault allegations are often reduced to a swearing match, Congress aimed to assist the fact finder's assessment of credibility through allowing evidence of the defendant's extrinsic sexual misconduct as character or propensity evidence."); *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 151 (3d Cir. 2002) ("Congress intended to allow admission not only of prior convictions of sexual offenses, but also of uncharged conduct"); *United*

Third, the proffered evidence of prior child molestation offenses is relevant to the charged conduct. Evidence is relevant "if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the defendant's prior conduct and the connection to the charged conduct is relevant to the charged offenses in two regards. First, the prior conduct provides context for how the defendant amassed the child pornography that he is charged with possessing. In addition, the defendant's long-standing interest in child pornography and his various means of satisfying this interest, further underscores that it was the defendant who intentionally produced, received, and possessed child pornography during the charged timeframe, and that he did so knowingly. Thus, the proffered evidence is "exceptionally probative and will certainly shed some light on the credibility of the charge and any denial by the defense." 140 Cong. Rec. S12990 (statement of Sen. Dole) (1994). Indeed, such similarities between the current and prior conduct give rise to a presumption of admissibility. *See Johnson*, 84 F.3d at 155 ("Where the government can show a past offense with specificity and the act is sufficiently similar to the act with which the defendant is charged, there is a presumption in favor of admissibility.").

---

*States v. Mann*, 193 F.3d 1172, 1173 (10th Cir. 1999) ("[C]ourts are to 'liberally' admit evidence of prior uncharged sex offense . . . .").

Relatedly, the Court is not required to make a preliminary finding that the defendant actually committed the offenses supported by the proffered Rule 414 evidence. The question of the defendant's commission of the conduct is one of conditional relevance under Rule of Evidence 104(b), not a preliminary question of admissibility under Rule 104(a). *See Norris*, 428 F.3d at 914 (finding that Rule 104(b) governs the admissibility of Rule 414 evidence in light of the holding in *Huddleston v. United States*, 485 U.S. 681, 689 (1988), that Rule 104(b) controls the admission of Rule 404(b) evidence); *Johnson*, 283 F.3d at 152 (same); *United States v. Reynolds*, No. 3:11-CR-42, 2012 WL 12895042, at *3 (S.D. Iowa Mar. 15, 2012) (same). As a result, the Court needs only to "examine[] all the evidence in the case and decide[] whether the jury [or, here, the Court as factfinder] could reasonably find the conditional[—*i.e.*, whether the [d]efendant committed the proffered prior acts—] by a preponderance of the evidence." *Johnson*, 283 F.3d at 152.

6

### B. The Probative Value of the Proffered Rule 414 Evidence Is Not Substantially Outweighed by the Danger of Unfair Prejudice.

Although Rule 414 supersedes Rule 404's general prohibition of evidence of character or propensity, it does not supplant other general standards under the rules of evidence. Evidence admitted under Rule 414 is therefore subject to the balancing test imposed by Rule 403. *Kelly*, 510 F.3d at 437. As a result, even if proffered evidence satisfies all of the elements for admission under Rule 414, the evidence "may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant." *Id.* (internal quotations and citations omitted).

Yet, as several courts have recognized, Rule 414 necessarily alters the typical operation of Rule 403. "[N]early all evidence admissible under Rule 414 will be highly prejudicial." *United States v. Sanchez*, 440 F. App'x 436, 439 (6th Cir. 2011). Congress nonetheless made the legislative determination that propensity evidence is critical evidence that ordinarily should be admitted in child sex offense cases. *See* 140 Cong. Rec. H8991-92 ("The presumption is in favor of admission. The underlying legislative judgment is that the evidence admissible pursuant to [Rule 414] is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects."). Courts thus are reluctant to apply Rule 403 stringently to Rule 414 evidence. *See Sanchez*, 440 F. App'x at 439 (warning that Rule 403 should not be used to "gut[]" Rule 414); *United States v. Meacham*, 115 F.3d 1488, 1492 (10th Cir. 1997) ("Rule 403 balancing is still applicable . . . but clearly under Rule 414 the courts are to 'liberally' admit evidence of prior uncharged sex offenses").

In the Fourth Circuit, courts are to engage in a specialized Rule 403 analysis of Rule 414 evidence. They are to apply Rule 403's balancing test by considering at least the following five factors: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal

7

proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Kelly*, 510 F.4d at 437. Here, the *Kelly* factors overwhelmingly support admitting evidence related to the defendant's prior child-pornography-related activity found not to be intrinsic to the charged conduct.

First, the only difference between the charged conduct and prior conduct is that rather than soliciting images of children engaging in sexually explicit conduct from the children themselves—conduct with which he is now charged—he previously sought out pre-existing images of children engaging in sexually explicit conduct, such as the images he is charged with possessing. Thus, "the similarity between the previous offense and the charged crime," *Kelly*, 510 F.3d at 437, weighs heavily in favor of admission, *see United States v. Rice*, 347 F. App'x 904, 906 (4th Cir. 2009) (holding that prior acts evidence was similar enough for admission in child pornography trial where prior acts involved "showing [a victim] child pornography, as well as taking pictures of [the victim's] genitalia"); *United States v. Majeroni*, 784 F.3d 72, 75–77 (1st Cir. 2015) ("The fact that the prior conduct was similar to the charged conduct enhanced its presumed probativeness.") (collecting cases admitting evidence under Rule 414).

Second, to the extent the defendant's prior child-pornography-related activity can be separated from the charged possession, the temporal proximity between is small in that this was a continuing course of conduct. The defendant is charged with receiving child pornography on various dates from May 8, 2017 through January 16, 2020, and possessing child pornography in February 2020. Dkt. 29, at 3–4. The defendant admitted in his interview that he received child pornography through mobile messaging applications when he was a minor, possibly when he was 14 years' old, and that he had moved the child pornography he obtained from Tor on his laptop to

an external drive as recently as a month before the interview, which was in February 2020. Thus, his conduct spans as much as twelve years all the way through and including the charged timeframe. This gap is particularly narrow when compared to other cases in which the Fourth Circuit has affirmed admitting Rule 414 evidence that occurred decades before the charged crimes. *See United States v. Mason*, 532 F. App'x 432, 434 (4th Cir. 2013) (admitting decades-old evidence of molestation in child pornography trial); *Kelly*, 510 F.3d at 437 (finding a twenty-two year intervening period did not render the prior acts inadmissible); *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (finding a twenty year intervening period to be acceptable); *United States v. Carino*, 368 F. App'x 929, 929 (11th Cir. 2010) (admitting, in child pornography trial, decades-old evidence that the defendant molested his younger sister when he was sixteen); *United States v. Eiker*, 2:17-CR-72 (MSD) 2017 WL 6459510, at *1–6 (noting that "the intervening period between alleged prior acts and the instant charges—somewhere between eleven and twenty-one years—does not render the prior acts inadmissible").

Third and fourth, "the frequency of the prior acts," and "the presence or absence of any intervening acts" cut in favor of admission. There is no evidence of intervening acts that would render this evidence less probative or reliable. And although the frequency of the prior acts is hard to pinpoint, even if these were only occasional instances of prior conduct on the part of the defendant, that does not undercut the probity of the evidence.

Finally, the evidence of the defendant's prior child-pornography-related activity is reliable. The defendant himself admitted to these acts. He also showed the agents during the interview how he accessed one of the Tor sites and provided his log in credentials to access it. That the forensic examination corroborated that the defendant did indeed have a collection of child pornography underscores the reliability of the defendant's admissions.

As the cases cited above demonstrate, courts typically find that the 403-balancing test favors admissibility of Rule 414 evidence, even if the Rule 414 evidence is decades-old. *See, e.g.*, *Rice*, 347 F. App'x at 906 (admitting in child pornography trial testimony of live victim regarding decades-old abuse involving distribution and production of child pornography). This trend is not surprising since "'Rule 414 reflects Congress's view that,'" when it comes to sexual offenses, "'propensity evidence is typically relevant and probative.'" *United States v. Haney*, 693 F. App'x 213, 214 (4th Cir. 2017) (quoting *Kelly,* 510 F.3d at 437). While all Rule 414 evidence carries some inherent prejudice, courts have repeatedly held that it is the type of prejudice contemplated by Congress and thus should not be considered unfair prejudice under Rule 403. *See Rice*, 347 F. App'x at 906 (noting that "past 'sexual abuse [evidence] was certainly prejudicial to Rice's defense, it was not *unfairly* prejudicial.' Instead, 'it was prejudicial for the same reason it is probative' it tends to prove that Rice has a deviant sexual attraction towards children" (quoting *Kelly*, 510 F.3d at 438) (emphasis in original)). Moreover, where, as here, the Rule 414 evidence is similar to the crimes charged, courts have found that the evidence adds little marginal prejudice. *See Eiker*, 2017 WL 6459510, at *3 (noting that "while the prior acts here are clearly disturbing, they do not have a strong danger of causing unfair prejudice because they concern similar types of sexual exploitation to those for which Defendant has been charged").

### III. The Prior Child Pornography Offenses Are Admissible Under Rule 404(b) to Show Identity, Knowledge, Opportunity, Intent, and Lack of Mistake

Even if this evidence was not intrinsic to the government's charges, and even if Rule 414 did not apply, the defendant's admissions to engaging in prior child pornography offenses are nevertheless admissible under Rule 404(b) as "relevant to an issue other than character, such as identity or motive." *United States v. Blauvelt*, 638 F.3d 281, 292 (4th Cir. 2011). Rule 404(b)'s prohibition on the introduction of "[e]vidence of a crime, wrong, or other act" applies only where

10

the purpose of such evidence is "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." For Rule 404(b) to apply, the other acts evidence must be "extrinsic to the [conduct] charged." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotations and citation omitted). That is, prior bad acts "intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *Id.* (internal quotation and citation omitted). Rule 404(b) thus has no application to evidence of uncharged conduct that "arose out of the same series of transactions as the charged offense," "is necessary to complete the story of the crime on trial," or "is necessary to provide context relevant to the criminal charges." *Id.* (internal quotations and citation omitted). Likewise, Rule 404(b)'s limitations do not apply to evidence of uncharged conduct that is "inextricably intertwined," "part of a single criminal episode," or "were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996).

Even if other acts evidence is "extrinsic" to the crime charged, such evidence may still be admitted consistent with Rule 404(b). As the Fourth Court has observed, Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." *Basham*, 561 F.3d at 326 (internal quotations and citation omitted). So long as the proffered bad acts are relevant to an issue other than the defendant's character—such as "'proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident,'" *Basham*, 561 F.3d at 326 (quoting Fed. R. Evid. 404(b))—and the threshold requirements of Rule 404(b) are met, then evidence of the other bad acts is admissible. *Morgan*, 846 F.2d at 944.

The Fourth Circuit has developed a four-pronged test to protect against the dangers Rule 404(b) is intended to address. *See United States v. Johnson*, 617 F.3d 286, 296–97 (4th Cir. 2010).

Evidence of prior bad acts becomes admissible under Rule 404(b) and Rule 403 if it meets the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant. In this regard, the more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes. (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense. (3) The evidence must be reliable. And (4) the evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process.

*Id.* (quoting *United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). The threshold for relevancy and necessity are not high. Relevancy requires only that the evidence be "worth consideration by the jury" or have a "plus value" to be admissible. *Queen*, 132 F.3d at 998. As for necessity, prior acts evidence is considered necessary where, "considered in the light of other evidence available to the government, it is an essential part of the crimes on trial, or it furnishes part of the context of the crime." *Id.* (internal quotations and citation omitted). Where intent is at issue and the Rule 404(b) evidence is important to the proof of intent, the evidence may be considered necessary. *Id.* The proffered evidence satisfies this four-part test.

    **A.    The Prior Child Pornography Offenses are Relevant, Necessary, and Reliable.**

All extrinsic evidence of prior child pornography offenses is highly relevant to the charged conduct because they show motive (that the defendant had an intense desire to receive and possess child pornography), and hence identity (that it was likely the defendant and not anyone else who engaged in the charged conduct). *See United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006) ("Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children."); *Eiker*, 2017 WL 6459510, at *3

12

("Defendant's prior acts demonstrate an interest in prepubescent girls, and the images described as forming the basis for Counts 1–3 show victims engaged in sexual conduct similar to that of the prior acts."). Motive to obtain child pornography is especially relevant because such a desire does not exist in the overwhelming majority of the population. *See United States v. Hawpetoss*, 478 F.3d 820, 824 (7th Cir. 2007) ("In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant ... that simply does not exist in ordinary people."). Any extrinsic evidence of prior child pornography offenses combined with other evidence the government intends to offer at trial, will show that the defendant was the only person with the motive and opportunity to commit the charged crimes. *See United States v. Siegel*, 536 F.3d 306, 317–18 (4th Cir.2008) (admitting evidence of past crimes to show motive for murder).

Evidence of the prior child pornography offenses and his admissions regarding how the obtained child pornography in the past are also highly relevant to show that the defendant received and possessed the charged child pornography knowingly and not by mistake. "A not-guilty plea puts one's intent at issue and thereby makes relevant evidence of similar prior crimes when that evidence proves criminal intent." *United States v. Sanchez*, 118 F.3d 192, 196 (4th Cir. 1997). Thus, even outside the child pornography context, courts routinely admit similar prior bad acts to show that the charged conduct was committed intentionally. *See, e.g.*, *id.* at 195–96 (evidence of prior drug dealing admissible to show defendant was an "intentional, rather than unwitting, participant in the conspiracy"); *United States v. Ford,* 88 F.3d 1350, 1362 (4th Cir. 1996) (prior drug arrest admissible to show intent to distribute narcotics); *United States v. Tanner*, 61 F.3d 231, 237 (4th Cir. 1995) (same); *United States v. Aguilar-Aranceta*, 58 F.3d 796, 799 (1st Cir. 1995) ("Where the evidence is susceptible to the explanation that the acts alleged to constitute the crime

were innocently performed and the crucial issues of intent and knowledge are keenly disputed, . . . the government [may] introduce evidence of prior or similar offenses . . . .").

The relevancy analysis also shows that this evidence is necessary. Because this conduct both "furnishes part of the context of the crime" and is relevant to the defendant's intent, which "is an essential part of the crimes on trial," the proffered evidence is necessary for the purposes of 404(b). *See Queen*, 132 F.3d at 998 (internal quotations and citation omitted).

Last, the evidence is sufficiently reliable. "Evidence is reliable for purposes of Rule 404(b) 'unless it is so preposterous that it could not be believed by a rational and properly instructed juror.'" *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008) (quoting *United States v. Aramony,* 88 F.3d 1369, 1378 (4th Cir. 1996)). Here, the source for the proffered evidence is the defendant's own statements, which, as discussed above, are far from preposterous and were confirmed by the forensic examination in this case.

### B. The Probative Value of the Proffered Rule 404(b) Evidence Is Not Substantially Outweighed by the Danger of Unfair Prejudice.

Incriminating evidence is inherently prejudicial. *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). The necessary question under Rule 403 therefore is whether the evidence has the potential to cause unfair prejudice, and whether the danger of such prejudice substantially outweighs any probative value that the evidence might have. *See United States v. Mark*, 943 F.2d 444, 449 (4th Cir. 1991). Unfair prejudice does not include "damage to a defendant's case that results from the legitimate probative force of the evidence." *Basham*, 561 F.3d at 327 (internal quotations and citation omitted). Rather, "Rule 403 'only requires suppression of evidence that results in unfair prejudice—prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice *substantially*

14

outweighs the probative value of the evidence." *Id.* (quoting *United States v. Mohr*, 318 F.3d 613, 619–20 (4th Cir. 2003)).

To the extent the proffered Rule 404(b) evidence is prejudicial to the Defendant, it is not unfairly prejudicial. The defendant's uncharged conduct and the charged offense are sufficiently similar so as to negate an improper appeal to emotion that may otherwise be present if he were not already charged with a child sex offense. *See United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) ("Generally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.'" (quoting *United States v. Boyd*, 53 F.3d 631, 637 (4th Cir. 1995))). In other words, the potential prejudice already is present in this case given the nature of the charge, and it will not be exacerbated by admitting evidence that the defendant also obtained child pornography through Tor and through instances other than the charged instances on mobile messaging applications, particularly where the government is only seeking to introduce the defendant's statements on that conduct and not any additional images of child pornography. If anything, the uncharged conduct is less prejudicial than the charged conduct— which involves the defendant communicating with actual minors and persuading them to produce child pornography for him. In any event, the Court can mitigate the risk of unfair prejudice or confusion by providing a limiting instruction to the jury that specifies how the jury may properly consider the proffered evidence. *See United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005) ("[A]ny risk of [unfair] prejudice was mitigated by a limiting instruction from the district court clarifying the issues for which the jury could properly consider this evidence.").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court find that the proffered evidence is intrinsic to the charged conduct or, in the alternative, that the evidence is admissible under Federal Rule of Evidence 414 and 404(b).

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov