**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Crim. No. 1:20-cr-00143 |
| | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Trial: Feb. 9, 2020 |
| Defendant. | |

## DEFENDANT ZACKARY ELLIS SANDERS'S PROPOSED JURY INSTRUCTIONS

Mr. Zackary Ellis Sanders, by and through undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury.  Mr. Sanders reserves the right to modify, withdraw, supplement, or substitute instructions as may be suggested by the evidence in the case before the charge conference.  Mr. Sanders also reserves the right to supplement these instructions with an appropriate "Theory of the Defense" instruction prior to the charge conference.

| No. | Instruction | Authority |
|---|---|---|
| 1. | Objections and Rulings | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th Ed. 2008) |
| 2. | Evidence Admitted for a Limited Purpose Only | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.09 (6th Ed. 2008) |
| 3. | Judging the Evidence | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.02 (6th Ed. 2008) |
| 4. | Evidence Received in the Case | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.03 (6th Ed. 2008) |
| 5. | Court's Comments to Counsel | O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 11.04 (6th ed. |

1

| | | 2018). |
|---|---|---|
| 6. | Direct and Circumstantial Evidence | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.04 (6th Ed. 2008) |
| 7. | Inferences from Evidence | O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 12:05 (6th ed. 2018) |
| 8. | Jury's Recollection Controls | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.07 (6th Ed. 2008) |
| 9. | Consider Only the Offenses Charged | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.09 (6th Ed. 2008) |
| 10. | Consider Each Count Separately | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.12 (6th Ed. 2008) |
| 11. | Burden of Proof – Reasonable Doubt | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.10 (6th Ed. 2008) |
| 12. | The Indictment is Not Evidence | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 13.04 (6th Ed. 2008) |
| 13. | Witness Credibility – General Instruction | Adapted from 1 L. Sand, et. al., Modern Federal Jury Instructions, § 7-1 (2004) |
| 14. | Witness Credibility – Law Enforcement Witness | 1 L. Sand, et. al., Modern Federal Jury Instructions, § 7-16 (2004) |
| 15. | Witness Credibility – Inconsistent Statements | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.06 (5th ed. 2000) |
| 16. | Witness Credibility – The Defendant as a Witness | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.12 (5th ed. 2000) |
| 17. | Effect of the Defendant's Failure to Testify | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 15.14 (5th ed. 2000) |
| 18. | Statement or Conduct of a Single Defendant on Trial | O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 14:03 (6th ed. 2018) |
| 19. | Weak or Less Satisfactory Evidence | O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 14:14 (6th ed. 2008) |
| 20. | Absence of Witness | O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 14:15 (6th ed. 2008) |

| 21. | Offense Charged - 18 U.S.C. § 2251(a) | Eighth Circuit Model Jury Instructions (2017 Ed.); 3 L. Sand, et al., Modern Federal Jury Instructions, § 62-2 (2013); Fifth Circuit Pattern Jury Instructions 2.82A (2012). |
|-----|---------------------------------------|------------------------|
| 22. | Offense Specific Definition – "Purpose of Producing" | United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015); United States v. Sirois, 87 F.3d 34, 39 (2d Cir. 1996); United States v. Miller, 148 F.3d 207, 212–13 (2d Cir. 1998). |
| 23. | Offense Specific Definition – "Sexually Explicit Conduct" | 3 L. Sand, et al., Modern Federal Jury Instructions – Criminal, § 62-7 (2013); Seventh Circuit Pattern Criminal Jury Instruction at 603 (2012) |
| 24. | Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form of Verdict – Communication with the Court | O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 20.01 (6th Ed. 2008). |
| 25. | Unanimity/Disagreement Among Jurors | The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, Instruction 7.03 (2020 Ed.) |

Dated: December 18, 2020

Respectfully submitted,

/s/ _____

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted pro hac vice)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of December 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

<u>*/s/ Emily Voshell*</u>
Emily Voshell

# JURY INSTRUCTIONS WITH CITATION OF AUTHORITY

**JURY INSTRUCTION NO. 1**

OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.

It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.

Only by raising an objection can a lawyer request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side.

You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 11.03 (6th Ed. 2008).

**JURY INSTRUCTION NO. 2**

EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.

You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 11.09 (6th Ed. 2008).

**JURY INSTRUCTION NO. 3**

JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.

You are expected to use your good sense in considering and evaluating the evidence in the case.

Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.

If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court.

Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.02 (6th Ed. 2008).

**JURY INSTRUCTION NO. 4**

EVIDENCE RECEIVED IN THE CASE – STIPULATIONS AND INFERENCES PERMITTED

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts which may have been agreed to or stipulated.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.
Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.      In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.03 (6th Ed. 2008).

**JURY INSTRUCTION NO. 5**

COURT'S COMMENTS TO COUNSEL

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice & Instructions</u> § 11:04 (6th ed. 2018).

**JURY INSTRUCTION NO. 6**

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.04 (6th Ed. 2008).

**JURY INSTRUCTION NO. 7**

INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

AUTHORITY: 1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice & Instructions</u> § 12:05 (6th ed. 2018).

**JURY INSTRUCTION NO. 8**

JURY'S RECOLLECTION CONTROLS

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.07 (6th Ed. 2008).

**JURY INSTRUCTION NO. 9**

CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

AUTHORITY: 1A O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 12:09 (6th ed. 2018).

**JURY INSTRUCTION NO. 10**

CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 12.12 (6th ed. 2008).

**JURY INSTRUCTION NO. 11**

BURDEN OF PROOF – REASONABLE DOUBT

The law presumes the defendant to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a clean slate, with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in Court to be considered in support of any charge against the defendant.

The presumption of innocence alone, therefore, is sufficient to acquit the defendant. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. It is not required that the government proves guilt beyond all possible doubt.

The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act.
Proof beyond a reasonable doubt must, therefore, be of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that the defendant has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense.

If the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury must, of course, adopt the conclusion of innocence.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 12.10 (6th Ed. 2008).

**JURY INSTRUCTION NO. 12**

THE INDICTMENT IS NOT EVIDENCE

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "not guilty" to this indictment and, therefore, denies that he is guilty of the charges.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions,</u> § 13.04 (6th Ed. 2008).

**JURY INSTRUCTION NO. 13**

WITNESS CREDIBILITY—GENERAL INSTRUCTION

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense, which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or She was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testifies? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness— consciously or not—to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of other evidence.

In other words, what you must try to do in deciding credibility if to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

AUTHORITY: Adapted from 1 L. Sand, et al., Modern Federal Jury Instructions, § 7-1 (2004).

18

**JURY INSTRUCTION NO. 14**

WITNESS CREDIBILITY—LAW ENFORCEMENT WITNESS

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

AUTHORITY: 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, § 7-16 (2004).

**JURY INSTRUCTION NO. 15**

WITNESS CREDIBILITY – THE DEFENDANT AS A WITNESS

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

AUTHORITY: O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.06 (5th ed. 2000).

**JURY INSTRUCTION NO. 16**

WITNESS CREDIBILITY – INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.06 (5th ed. 2000).

**JURY INSTRUCTION NO. 17**

EFFECT OF THE DEFENDANT'S FAILURE TO TESTIFY

A defendant in a criminal case has an absolute right under the constitution not to testify.

The fact the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his or her privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 15.14 (6th Ed. 2008).

**JURY INSTRUCTION NO. 18**

WEAKER OR LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

AUTHORITY: 1A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 14.14 (6th Ed. 2008).

**JURY INSTRUCTION NO. 20**

ABSENCE OF WITNESS

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely repetitive or cumulative.

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

AUTHORITY: 1A O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 14.15 (6th Ed. 2008).

**JURY INSTRUCTION NO. 21**

OFFENSE CHARGED - 18 U.S.C. § 2251(a)

The crime of production of child pornography, as charged in Counts [INSERT] has four elements, each of which the Government must prove beyond a reasonable doubt. They are:

One, that the defendant knowingly employed, used, persuaded, or induced each minor to take part in sexually explicit conduct;

Two, with respect to each minor, the defendant acted with the specific purpose of producing a visual depiction of the sexually explicit conduct;

Three, each minor was under the age of eighteen; and

Four, the defendant knowingly produced the visual depiction using materials that had been transported in interstate or foreign commerce.

AUTHORITY: Adapted from the Eighth Circuit Model Jury Instructions (2017 Ed.); 3 L. Sand, et al., Modern Federal Jury Instructions, § 62-2 (2013); Fifth Circuit Pattern Jury Instructions 2.82A (2012).

**JURY INSTRUCTION NO. 22**

OFFENSE SPECIFIC DEFINITION – "PURPOSE OF PRODUCING"

"Purpose of producing" means that Defendant must engage in activity with the specific intent to produce a visual depiction of that conduct. The facts must support the conclusion that the defendant engaged in conduct in order to produce a visual depiction.[1]

It is not necessary for the Government to prove that the production of a visual depiction of sexually explicit conduct was the Defendant's sole or primary purposes in engaging in activity. Rather, it is sufficient for the Government to prove that Defendant had a dominant motivating purpose of producing a visual depiction of sexually explicit conduct when engaging in activity.[2] Dominant in this context means that criminal motivations predominate over other, less powerful motivations for conduct.[3]

When deciding whether the Government has proven that Defendant acted with the requisite culpable purpose, you may consider all the evidence concerning Defendant's conduct.

AUTHORITY: United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015); United States v. Sirois, 87 F.3d 34, 39 (2d Cir. 1996); United States v. Miller, 148 F.3d 207, 212–13 (2d Cir. 1998).

---

[1] United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015).
[2] United States v. Sirois, 87 F.3d 34, 39 (2d Cir. 1996).
[3] United States v. Miller, 148 F.3d 207, 212–13 (2d Cir. 1998).

26

**JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITION – "SEXUALLY EXPLICIT CONDUCT"

The term "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in in appropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious.

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer. It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

AUTHORITY: 3 L. Sand, et al., <u>Modern Federal Jury Instructions</u> - Criminal, § 62-7 (2013) (omitting "beastiality"); Seventh Circuit Pattern Criminal Jury Instruction at 603 (2012) ("Only the applicable terms within this definition should be used").

**JURY INSTRUCTION NO. 24**

VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY –
PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT

Upon retiring to the jury room to begin your deliberation, you will elect one of your members to act
as your foreperson. The foreperson will preside over your deliberations and will be your
spokesperson here in court.

Your verdict must represent the collective judgment of the jury in order to return a verdict, it is
necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view
towards reaching an agreement if you can do so without violence to individual judgment. Each of
you must decide the case for himself and herself, but do so only after an impartial consideration of
the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate
to reexamine your own views and to change your opinion if convinced it is erroneous. Do not
surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for
the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case.
Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or
read outside of court may be considered. Nothing that I have said or done during the course of this
trial is intended in any way, to somehow suggest to you what I think your verdict should be.

Nothing said in these instructions and nothing in any form of verdict, which has been prepared for
your convenience, is to suggest or convey to you in any way or manner any intimation as to what
verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of
the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively
within the province of the court and should never be considered by the jury in any way in arriving at
an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

**[Please read the form of verdict to the jury]**

You will take this form to the jury room and, when you have reached unanimous agreement as to
your verdicts, you will have your foreperson write your verdict, date and sign the form, and then
return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a
note, signed by your foreperson or by one or more members of the jury through the court security

officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note that the court security officer, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

AUTHORITY: O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 20.01 (6th Ed. 2008).

**JURY INSTRUCTION NO. 25**

UNANIMITY/DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re- examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict. The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

AUTHORITY: The *William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit*, Instruction 7.03 (2020 Ed.)

**JURY INSTRUCTIONS WITHOUT CITATION OF AUTHORITY**

**JURY INSTRUCTION NO. 1**

OBJECTIONS AND RULINGS

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards.

It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law.

Only by raising an objection can a lawyer request and obtain a ruling from the court on the admissibility of the evidence being offered by the other side.

You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

**JURY INSTRUCTION NO. 2**

EVIDENCE ADMITTED FOR A LIMITED PURPOSE ONLY

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.

You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

**JURY INSTRUCTION NO. 3**

JUDGING THE EVIDENCE

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.

You are expected to use your good sense in considering and evaluating the evidence in the case.

Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.

If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the court.

Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

**JURY INSTRUCTION NO. 4**

EVIDENCE RECEIVED IN THE CASE – STIPULATIONS AND INFERENCES
PERMITTED

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who
may have called them – all exhibits received in evidence – regardless of who may have produced
them – all facts which may have been agreed to or stipulated.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept
the stipulation as evidence and regard that fact as proved. You are not required to do so,
however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court
and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.
Anything you may have seen or heard outside the courtroom is not evidence and must be entirely
disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless
made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of
the evidence received, however, you are not limited to the bald statements of the witnesses or to
the bald assertions in the exhibits.      In other words, you are not limited solely to what you see
and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw from
the facts which you find have been proved such reasonable inferences as you feel are justified in
the light of your experience and common sense.

35

**JURY INSTRUCTION NO. 5**

COURT'S COMMENTS TO COUNSEL

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

**JURY INSTRUCTION NO. 6**

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

**JURY INSTRUCTION NO. 7**

INFERENCES FROM THE EVIDENCE

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

**JURY INSTRUCTION NO. 8**

JURY'S RECOLLECTION CONTROLS

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

**JURY INSTRUCTION NO. 9**

CONSIDER ONLY THE OFFENSE CHARGED

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

**JURY INSTRUCTION NO. 10**

CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. The fact that you may find the defendant guilty or not guilty as to one of the counts should not control your verdict as to any other count.

**JURY INSTRUCTION NO. 11**

BURDEN OF PROOF – REASONABLE DOUBT

The law presumes the defendant to be innocent of the crime charged. Thus, the defendant, although accused of a crime in the indictment, begins the trial with a clean slate, with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in Court to be considered in support of any charge against the defendant.

The presumption of innocence alone, therefore, is sufficient to acquit the defendant. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government. It is not required that the government proves guilt beyond all possible doubt.

The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense, the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that the defendant has committed each and every element of the offenses charged in the indictment, you must find him not guilty of the offense.

If the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, the jury must, of course, adopt the conclusion of innocence.

**JURY INSTRUCTION NO. 12**

THE INDICTMENT IS NOT EVIDENCE

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "not guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**JURY INSTRUCTION NO. 13**

WITNESS CREDIBILITY—GENERAL INSTRUCTION

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judge of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense, which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of witnesses you have listened to and observed. In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or
She was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testifies? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of other evidence.

In other words, what you must try to do in deciding credibility if to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**JURY INSTRUCTION NO. 14**

WITNESS CREDIBILITY—LAW ENFORCEMENT WITNESS

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

**JURY INSTRUCTION NO. 15**

WITNESS CREDIBILITY – THE DEFENDANT AS A WITNESS

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

**JURY INSTRUCTION NO. 16**

WITNESS CREDIBILITY – INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

**JURY INSTRUCTION NO. 17**

EFFECT OF THE DEFENDANT'S FAILURE TO TESTIFY

A defendant in a criminal case has an absolute right under the constitution not to testify.

The fact the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his or her privilege under the constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

**JURY INSTRUCTION NO. 18**

WEAKER OR LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

**JURY INSTRUCTION NO. 20**

ABSENCE OF WITNESS

If it is peculiarly within the power of either the government or the defense to produce a witness who could give relevant testimony on an issue in the case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such conclusion should be drawn by you, however, with regard to a witness who is equally available to both parties or where the testimony of that witness would be merely repetitive or cumulative.

The jury must always bear in mind that the law never imposes on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**JURY INSTRUCTION NO. 21**

OFFENSE CHARGED - 18 U.S.C. § 2251(a)

The crime of production of child pornography, as charged in Counts [INSERT] has four elements, each of which the Government must prove beyond a reasonable doubt. They are:

One, that the defendant knowingly employed, used, persuaded, or induced each minor to take part in sexually explicit conduct;

Two, with respect to each minor, the defendant acted with the specific purpose of producing a visual depiction of the sexually explicit conduct;

Three, each minor was under the age of eighteen; and

Four, the defendant knowingly produced the visual depiction using materials that had been transported in interstate or foreign commerce.

**JURY INSTRUCTION NO. 22**

OFFENSE SPECIFIC DEFINITION – "PURPOSE OF PRODUCING"

"Purpose of producing" means that Defendant must engage in activity with the specific intent to produce a visual depiction of that conduct. The facts must support the conclusion that the defendant engaged in conduct in order to produce a visual depiction.

It is not necessary for the Government to prove that the production of a visual depiction of sexually explicit conduct was the Defendant's sole or primary purposes in engaging in activity. Rather, it is sufficient for the Government to prove that Defendant had a dominant motivating purpose of producing a visual depiction of sexually explicit conduct when engaging in activity. Dominant in this context means that criminal motivations predominate over other, less powerful motivations for conduct.

When deciding whether the Government has proven that Defendant acted with the requisite culpable purpose, you may consider all the evidence concerning Defendant's conduct.

**JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITION – "SEXUALLY EXPLICIT CONDUCT"

The term "Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

The term "lascivious exhibition" means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. Not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In deciding whether the government has proved that a particular visual depiction constitutes a lascivious exhibition, you should consider the following questions:

Whether the focal point of the visual depiction is on the child's genitals or pubic area, or whether there is some other focal area.

Whether the setting of the visual depiction makes it appear to be sexually suggestive, for example, in a place or pose generally associated with sexual activity.

Whether the child is displayed in an unnatural pose, or in in appropriate attire, considering the age of the child.

Whether the child is fully or partially clothed, or nude, although nudity is not in and of itself lascivious.

Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

Whether the visual depiction is intended or designed to elicit a sexual response in the viewer. It is not required that a particular visual depiction involve all of these factors to be a lascivious exhibition. The importance which you give to any one factor is up to you to decide.

**JURY INSTRUCTION NO. 24**

VERDICT – ELECTION OF FOREPERSON – DUTY TO DELIBERATE – UNANIMITY – PUNISHMENT – FORM OF VERDICT – COMMUNICATION WITH THE COURT

Upon retiring to the jury room to begin your deliberation, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury in order to return a verdict, it is necessary that each juror agree to it.   Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.

Nothing said in these instructions and nothing in any form of verdict, which has been prepared for your convenience, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

**[Please read the form of verdict to the jury]**

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdict, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the court, you may send a note, signed by your foreperson or by one or more members of the jury through the court security officer. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing and the court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note that the court security officer, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person–not even to the court–how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.

**JURY INSTRUCTION NO. 25**

UNANIMITY/DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict. The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.