IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |
| Defendant. | |

**CONSENT MOTION TO SEAL EXHIBITS AND MEMORANDUM IN SUPPORT**

Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, at the Government's request, moves for an order sealing exhibits previously filed with this Court (ECF Nos. 135-4, 138-1, 138-2, 138-3, 138-8, and 138-11).[1] A proposed order is attached for the consideration of the Court. In support of this motion, the defense further states:

1. It is the Government's position that this Court should seal exhibits with ECF Nos. 135-4, 138-1, 138-2, 138-3, 138-8, and 138-11. *See* 1:20-MJ-114 ECF No. 28.

2. Before the Government filed its Motion for Order to Show Cause and to Seal (ECF No. 170), the defense had already agreed to move to seal the exhibits in question, even though the defense does not believe sealing is warranted.[2] As discussed below, the protective order does not apply to information that is publicly available on the Internet and obtained through

---

[1] At the time, the Government did not object. On Dec. 18, 2020, however, the Government requested that the defense move to seal the exhibits. To promote judicial economy and avoid any further litigation on this issue, the defense now does so.
[2] The defense intends to file a response to the Government's Motion for Order to Show Cause and to Seal (ECF No. 170), as the Government's position is factually unsupported and legally untenable.

independent investigation. Nevertheless—and in the interests of judicial economy and to conserve the resources of the Court—the defense now moves to seal the exhibits in question.

3. In Motions to Seal (ECF Nos. 136 and 139) filed respectively on Nov. 27, 2020, and Dec. 5, 2020, the defense explained that it did not believe that the exhibits in question warranted sealing because they are publicly available documents. In both instances, the defense provided the Government and Chambers with courtesy copies of the motions to seal, which were also filed on the ECF system. The Government did not object to either of the defense's motions to seal.

4. The exhibits (ECF Nos. 135-4, 138-1, 138-2, 138-3, 138-8, and 138-11) are publicly available documents that the defense obtained through its own investigation; they were not provided by the Government as discovery. It is unclear whether the Government was even aware of the existence of the documents prior to the defense filing them on November 27, 2020, and December 5, 2020.

5. On December 14, 2020, relying on publicly available documents and independent defense investigation, the defense submitted a Freedom of Information Act request in order to comply with its Sixth Amendment and ethical obligations in order to obtain evidence relevant and material to Mr. Sanders's defense that the Government has refused to provide.

6. At 9:25 am, on Dec. 18, 2020, while preparing to respond to the defense's Motion to Compel *Brady* material, the Government informed the defense for the first time that it believed the exhibits in question should have been filed under seal and requested that the defense move to seal the exhibits in question. The defense responded that, notwithstanding the fact that the documents were all publicly available, and that the defense had been open

and transparent about its understanding of the protective order, in the interests of judicial efficiency it would move to seal the exhibits the Government had flagged. Notwithstanding this agreement, the Government proceeded to file its Motion for Order to Show Cause and to Seal these exhibits. In any event, the defense now moves to seal the exhibits.

7. The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

Accordingly, Mr. Sanders respectfully requests that this Court enter an order sealing exhibits with ECF Nos. 135-4, 138-1, 138-2, 138-3, 138-8, and 138-11.

Dated: December 18, 2020

Respectfully submitted,
*/s/ Jonathan S. Jeffress*
Jonathan S. Jeffress (#42884)
Emily Anne Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 14th Street, NW
8th Fl. West
Washington, DC 20005
Tel: (202) 640-4430
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
evoshell@kaiserdillon.com
jchong-smith@kaiserdillon.com

*Attorneys for Defendant*
*Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>      Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |

**[PROPOSED] SEALING ORDER**

This matter having come before the Court on the defendant's Consent Motion to Seal Exhibits pursuant to Local Criminal Rule 49(E). Accordingly, for good cause shown, the Motion is granted and exhibits with ECF Nos. 135-4, 138-1, 138-2, 138-3, 138-8, and 138-11 are ordered sealed.

It is so ORDERED.

_____

UNITED STATES DISTRICT COURT JUDGE

Date: _____

Alexandria, Virginia