# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                                                 Case No. 1:20-cr-00143

ZACKARY ELLIS SANDERS,

                Defendant.

**Third Declaration of Matthew Ryder QC**

I, Matthew Ryder, Declare under penalty of perjury that:

1. I am lawyer practicing in ▓▓▓ and have been retained in my professional capacity as a barrister by Mr Sanders's defense team to provide my expert opinion on ▓▓▓ law, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. This is my THIRD declaration in this case.

2. My first declaration in this case was dated 29 July, 2020 ("MRQC-1") in which I set out my background and expertise and attached my CV. I do not repeat it in this document. My second declaration was dated 19 August 2020 ("MRQC-2"). This declaration should be read in conjunction with both MRQC-1 and MRQC-2.

3. Since making my earlier declarations I have been asked by Mr Sanders's defense team to provide my expert opinion on two further matters:

    (1) What discovery would be available to a criminal defendant in Mr Sanders's position being prosecuted in ▓▓▓, who was challenging the admissibility of evidence obtained through executing a search warrant based on information provided by the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓? In particular, what discovery would the prosecution be required to provide to the defense team to ensure that the defendant had a fair trial?

1

(2) Am I aware, from my own expert knowledge and experience, of any cases in which the information provided by the ▮▮ relating to a ▮▮ warrant is being challenged as being unreliable or inaccurate?

<u>What discovery would be provided to a defendant to ensure a fair trial in ▮▮▮▮, if the defendant was challenging evidence obtained pursuant to a search warrant based on information provided by the ▮▮?</u>

*The fundamental right to a fair trial*

4. It is a longstanding and fundamental principle of ▮▮▮▮ law that a defendant charged with a criminal offence must be given a fair trial. The right to a fair trial, like the right to life, is an unqualified right. It cannot be balanced against other public interests (e.g. national security), no matter how important those other interests might be. If a criminal defendant cannot be given a fair trial the prosecution cannot proceed.

5. The right to a fair trial is provided to a defendant in legal systems across the world. It is recognised in Articles 10 and 11 of the Universal Declaration of Human Rights (to which both the United States of America and the ▮▮▮▮▮▮ are signatories). It is also enshrined in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to which the ▮▮▮▮▮▮ is a signatory, and which is incorporated into ▮▮ domestic law through the ▮▮▮▮▮▮▮▮.

6. A critical feature of the right to a fair trial is the right for a defendant to have adequate "discovery" – described in ▮▮▮ law as "disclosure" - from the prosecuting authorities. The importance of a defendant being given proper disclosure was famously articulated by one of the most highly regarded judges of the modern era, ▮▮▮▮▮▮▮▮▮▮, in the case of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who stated at §14:

> "Fairness ordinarily requires that any material held by the prosecution which weakens its case or strengthens that of the defendant, if not relied on as part of its formal case against the defendant, should be disclosed to the defence. Bitter experience has shown that miscarriages of justice may occur where such

2

material is withheld from disclosure. The golden rule is that full disclosure of such material should be made."

7.  In ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ went on to acknowledge exceptional circumstances where, compatibly with the right to a fair trial, some material that would ordinarily fall to be disclosed to the defense may be withheld. But the 'golden rule' in favour of full disclosure of such material, as described by ▮▮▮▮▮▮▮▮, remains a critical axiom of ▮▮▮▮ criminal law to ensure a fair trial.

*Discovery relating to challenging admissibility*

8.  The fair trial principle means that if the prosecuting authorities are in possession – or can obtain possession – of material that would assist a defendant in challenging the admissibility of evidence adduced against him, that material should be disclosed to the defendant. This includes information that would assist the defendant in asserting that the evidence had been obtained pursuant to an unlawful search; or that an officer had acted improperly in obtaining the necessary judicial authorisation for such a search (e.g. by failing to act with proper candour, or by misleading the judge).

9.  If disclosure would risk prejudice to an important public interest, the material should be shown to the judge by the prosecution, *ex parte*, in order for the judge to determine whether the withholding of such material from the defense was incompatible with the defendant having a fair trial. If so, the material must be disclosed, or the prosecution must be discontinued.

10. The following principles would therefore apply in criminal proceedings in ▮▮▮▮, if a defendant was seeking to challenge the admissibility of evidence against him obtained pursuant to a search warrant, based on information given to a police officer by the ▮▮▮:

    (1) The prosecuting authorities are under a duty to disclose material it has in its possession that either undermines the prosecution case or assists the defense case. This would include material that assists the defense in submitting that the evidence had been obtained unlawfully and should be excluded (even if the prosecution did not agree with the defense position).

3

(2) In the particular context of a ▇▇▇ warrant (used by the ▇▇ in this case), the prosecuting authorities would be required to disclose ▇▇ reports and assessments created in the course of the ▇▇ activity, if such material assisted the submissions on admissibility being made by the defense. For example:

(a) Information that positively indicated the lack of any link between the defendant and the reasons for the ▇▇ activity. In particular, the lack of any positive link between an IP address alleged to be associated with the defendant and specific content of a website.

(b) Reports or assessments that revealed the limits of the ▇▇ surveillance, thereby revealing the limited nature of any "tip" provided by the ▇▇ to law enforcement agencies and then used to obtain a warrant.

(3) Further to (2), if the prosecuting authorities had information that suggested a police officer knowingly or recklessly allowed a judge to be misled by a search warrant application, that information should be disclosed to the defense. That would include information that suggested a police officer had overstated the significance of information provided by the ▇▇. It would also include information that suggested the police officer had deliberately or recklessly not pursued obvious and relevant enquiries of the ▇▇ in clarifying the extent to which the information provided by the ▇▇ supported the application for the search warrant.

(4) The disclosure of such information would be necessary to ensure the defendant had a fair trial.

Cases in which the information provided by the ▇▇ relating to a ▇▇ warrant is being challenged?

11. I am defense counsel in the case of ▇▇▇ at ▇▇▇ Court, before ▇▇▇. That case involves one of the largest operations in ▇▇ history, and is based on information obtained pursuant to a ▇▇ warrant.

12. That case has some similarities to this case in that it involves the ▇▇ obtaining information pursuant to a ▇▇ warrant and involves the ▇▇ liaising with foreign

4

agencies – in that case law enforcement officers from France, and the Netherlands – in the context of obtaining and sharing information. It is not a case where the foreign agencies acted on a "tip" from the ▇▇▇, but the Court is considering submissions about the admissibility of evidence relating, in part, to the reliability and candour with which ▇▇▇ officers conveyed information they obtained. The matters being considered by the Court include whether ▇▇▇ officers misled judicial authorities and foreign law enforcement officers when conveying information to them.

13. In accordance with orders made by ▇▇▇▇▇▇▇▇▇▇, I am not permitted publicly to provide further information about that case, while the Court is considering its rulings. However, ▇▇▇▇▇▇▇▇ is expected to give his judgment on the preliminary rulings on ▇▇▇▇▇ 2021.

DONE this day 22 December 2020.

_____

Matthew Ryder QC

5