IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>     v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                                Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |

**CONSENT MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF SAME**

Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, moves for an order permitting the defense to file under seal portions of Mr. Sanders's Reply to the Government's Opposition to his Motion to Compel the Government to Produce Material, or, in the Alternative, to Submit Material for *In Camera* Inspection ("Reply"); the entirety of exhibits 1 and 4; as well as portions of exhibits 2-3, 5-9. A proposed order is attached for the consideration of the Court.[1] The Government has previously consented to Mr. Sanders filing under seal material that relates to discovery that is under a protective order. Mr. Sanders seeks sealing for the same reasons here. In support of this motion, the defense further states:

**I.    Item to be Filed Under Seal, and Necessity for Sealing**

      A.    Mr. Sanders asks the Court to seal portions of his Reply, the entirety of exhibits 1 and 4 (which are discovery provided by the Government), and the portions of exhibits 2-3, 5-9 that

---

[1] The document to be filed under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

pertain to and refer to material that is under a protective order and that the Government has not previously moved to unseal.  *See* 1:20-MJ-114 ECF No. 28; *see also* ECF Nos. 117, 144.  The defense has endeavored to seal only the minimum necessary portion of its Reply and exhibits and will file a redacted version on the public docket.

        B.        Filing the Reply and exhibits 2-3, 5-9 partially under seal is necessary because they contain discussion of material that is under a protective order and exhibits 1 and 4 are discovery material provided by the Government that need to be sealed in their entirety.  *See* 1:20-MJ-114 ECT No. 28.  The defense has not moved to seal information that the Government has previously moved to unseal or that the Government has disclosed in its publicly available filings.

        C.        Counsel for Mr. Sanders has considered procedures other than filing under seal and none will suffice to protect disclosure of this information subject to a protective order.

        **II.**        **Previous Court Decisions Which Concern Sealing Documents**

The Court has the inherent power to seal materials submitted to it.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

**III.    Period of Time to Have the Document Under Seal**

The materials to be filed under seal would need to remain sealed as long as the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order allowing the defense to file under seal portions of Mr. Sanders's Reply and exhibits 2-3, 5-9, as well as the entirety of exhibits 1 and 4.

Respectfully submitted,
/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Emily Voshell*
Emily Voshell

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>         v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                        Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |

**[PROPOSED] SEALING ORDER**

This matter having come before the Court on the defendant's Consent Motion for Leave to File Under Seal pursuant to Local Criminal Rule 49(E). Accordingly, for good cause shown, the Motion for Leave to File Under Seal is granted.

It is so ORDERED.

_____

UNITED STATES DISTRICT COURT JUDGE

Date: _____

Alexandria, Virginia

5