IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>ZACKARY ELLIS SANDERS,<br><br>        Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: January 15, 2021<br>Trial Date: February 9, 2021 |

## RESPONSE TO SHOW CAUSE ORDER

Zackary Ellis Sanders, by and through undersigned counsel, respectfully responds to this Court's Order (ECF No. 152) that he show cause as to why he filed his motion to suppress after the general motions deadline.

Mr. Sanders respectfully submits that there is good cause for the Court to rule on his Motion to Suppress Statements (ECF Nos. 149) on the merits. Most importantly, the Government is not prejudiced by Mr. Sanders's filing—Mr. Sanders's Motion was filed 53 days before the currently scheduled trial date and prior to the motions in limine deadline. There is ample time for Mr. Sanders's Motion to be litigated and ruled upon in advance of trial. Moreover, the Government did not give Mr. Sanders notice of its intent to introduce his statements until it filed its Notice and Amended Notice under Rule 414, which was well after the initial motions deadline. Mr. Sanders then filed his Motion prior to the motions in limine deadline.

Additionally, the interests of justice weigh in favor of permitting Mr. Sanders's Motion to be heard on the merits. This is a very serious case for Mr. Sanders and those who love him, including his parents. Mr. Sanders is just 25 years old. The Government's current plea offer

involves a 15-year mandatory minimum, a sentence that would virtually guarantee that Mr. Sanders would never again see his father (who is 82) except during prison visits, and could very well mean the same for his 63-year-old mother, who is recovering from breast cancer. Given the very serious consequences at stake here, the interests of justice weigh in favor of addressing the violation of Mr. Sanders's constitutional rights, as asserted in his Motion.

In the alternative, Mr. Sanders respectfully requests that the Court construe his Motion, together with his Motion in Limine in Opposition to Government's Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 and the accompanying memorandum (ECF Nos. 153, 154) as a Motion in Limine to Exclude 414 Evidence on Constitutional Grounds. Mr. Sanders is happy to refile his Motion in this fashion.

## **PROCEDURAL BACKGROUND**

Mr. Sanders was arraigned in this case on July 10, 2020. Minute Entry, July 10, 2020, Dkt. 34. At his arraignment, his counsel noted that Mr. Sanders had a meritorious motion to suppress evidence based on materially misleading statements in the Affidavit in support of the search warrant and requested a briefing schedule on a motion to compel discovery, which this Court granted.

The parties then engaged in extensive briefing on Mr. Sanders's Motion to Compel, which sought material from the Government relevant to the FBI's application for the search warrant for the Sanders' family home. Mr. Sanders filed his Motion to Compel on July 13, 2020. The Government filed its Opposition on July 27, 2020 (ECF No. 41). The defense filed a Reply to the Government's Opposition on July 30, 2020 (ECF No. 45). On July 31, 2020, the Court ordered supplemental briefing from the defense and the Government to be filed on August 10, 2020. Both the defense and the Government submitted supplemental briefing on August 10,

2020 (ECF Nos. 51, 53, 57, 58).  On August 12, 2020, the defense filed a Response to the Government's Supplemental Brief (ECF Nos. 60-1, 64). That same day, this Court ordered that the Government could file a response to Mr. Sanders's Response on or before Wednesday, August 19, 2020, at 5:00 p.m. (ECF No. 60).

On August 17, 2020, Mr. Sanders submitted a Motion to Extend Briefing Schedule concerning Defendant's motion to suppress evidence and motion for a *Franks* hearing (ECF No. 66).  In that motion, Mr. Sanders noted that the material he sought related to the search warrant for his home was critical for his forthcoming Motion to Suppress and for a *Franks* hearing.  The Court granted that motion in part (ECF No. 72).  This Court denied Mr. Sanders's Motion to Compel on August 21, 2020, in a sealed Memorandum Opinion (ECF No. 73).

On August 27, 2020, Mr. Sanders filed a Motion to Suppress and for Reconsideration of his Motion to Compel Discovery (ECF No. 75), which was again focused on the suppression of evidence seized from the Sanders' home.  The indictment in this case is based entirely on that evidence and subsequent investigation.  Pursuant to this Court's Order on his Motion for Leave to File Motion to Suppress in Excess of Thirty Page Limit Under Local Rule 47(F)(3), Mr. Sanders later filed four separate motions with accompanying memoranda to suppress evidence seized from his home, alleging various issues with the search warrant in this case (ECF Nos. 81, 82, 83, 84, 85, 86, 90, 91).

On October 26, 2020, this Court issued a Memorandum Opinion (ECF No. 113) denying Mr. Sanders's Motions to Suppress.  That same day, the Court ordered that motions in limine be submitted by November 6, 2020 at 5:00 p.m. (ECF No. 115).  On October 28, 2020, Mr. Sanders moved to continue the trial (ECF No. 116), which was set for November 17, 2020.  On October 29, 2020, this Court denied that Motion (ECF No. 119).  On October 30, 2020, Mr. Sanders filed

a renewed unopposed motion to continue the trial (ECF No. 124). That same day, this Court ordered oral argument on the motion to continue for November 6, 2020 (ECF No. 125).

On November 2, 2020, the Government provided Mr. Sanders with notice, for the first time, of its intent to use portions of his statement at trial, by filing its Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 (ECF No. 127). At the November 6, 2020 hearing on the motion to continue, this Court stated that it would continue the trial and extend the motions in limine deadline. This Court further instructed the parties to draft an order reflecting the reasons for the continuance and addressing the Speedy Trial Act. On November 9, 2020, this Court signed an order granting Mr. Sanders's motion to continue the trial and reset the motions in limine deadline to December 18, 2020. ECF No. 131. On November 17, 2020, the Government withdrew its November 2, 2020 notice and filed an Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 (ECF No. 133).

Prior to the Government's Rule 414 notices, the Government had not, in any filing, letter, or otherwise, indicated to Mr. Sanders that it intended to use any portion of his recorded statement at trial.

In advance of this Court's December 18, 2020 deadline for motions in limine, and in opposition to the Government's Amended 414 Notice, Mr. Sanders filed a Motion to Suppress Statements on December 17, 2020. On December 18, 2020, this Court issued an Order (ECF No. 152) that Mr. Sanders show cause by December 28, 2020 by 5:00 p.m. why his counsel filed a Motion to Suppress one hundred and twelve (112) days after the deadline for pretrial motions. This Response timely follows.

## **ARGUMENT**

### I.     There is Good Cause to Consider Mr. Sanders's Motion to Suppress Statements

Mr. Sanders respectfully submits that there is good cause to hear his Motion to Suppress Statements on the merits, notwithstanding the timing of his motion.  As this Court has recognized, "[a]lthough motions to suppress must be raised in a timely manner, an untimely motion may also be considered if the moving party shows good cause." *United States v. Samuel*, No. 1:14-CR-351, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), *aff'd*, 674 F. App'x 322 (4th Cir. 2017) (citing Fed. R. Crim. P. 12(c)(3)).  *See also United States v. Chavez*, 902 F.2d 259, 262–64 (4th Cir. 1990).

Courts consider the following in determining the existence of good cause: "i) the extent of the untimeliness, (ii) the reason for late filing, (iii) prejudice to the other party, and (iv) whether the receipt of additional information after the filing deadline 'alerted defendant to facts on which a motion to suppress might be based.'" *Samuel*, No. 1:14-CR-351, 2015 WL 1442884, at *3 (quoting *United States v. Cross,* 256 F. App'x 623, 627 (4th Cir.2007)).

All of the above factors weigh in favor of finding that there is good cause for the Court to hear Mr. Sanders's Motion to Suppress Statements.  Though the Motion was filed well after the motions deadline, it was filed well in advance of the current trial date (53 days) and prior to the deadline for motions in limine.  In *Chavez*, 902 F.2d 259, the Fourth Circuit found that the district court abused its discretion in denying the defendant's request for a suppression hearing just 11 days before trial.  *Id*. at 263-64.  In so doing, the Court stated that it was "not unmindful of the pressures of pretrial activity, or of the importance of court-imposed deadlines[.]" *Id*. at 264.

The reason for the late filing also weighs in favor of permitting the Motion. The Government did not provide Mr. Sanders with notice that it intended to use any portion of his taped statement until it filed its 414 Notices—well after the motions deadline passed and Mr. Sanders's other Motions to Suppress had been ruled upon. Mr. Sanders then filed his Motion to Suppress Statements on December 17, 2020, in advance of the next court-imposed deadline, which was for motions in limine. In Mr. Sanders's Motion to Suppress Statements, he informed the Court that the Government had not, prior to the 414 notices, given him notice that it intended to use portions of his taped statement, and wrote, "Now that notice has been provided (and in advance of the Motions in Limine deadline), Mr. Sanders respectfully moves this Court to suppress those statements." *See* ECF No. 150 at 2-3.

The Government is not prejudiced by the late filing. Mr. Sanders's Motion was filed 53 days before the current trial date and in advance of the motions in limine deadline. Responses to motions in limine are due on January 8, 2020. This leaves ample time before the February 8, 2020 trial to litigate his Motion. *See Samuel*, No. 1:14-CR-351, 2015 WL 1442884, at *3 ("Most importantly, however, no prejudice to the government resulted from the late filing as it was filed well in advance of the scheduled trial.").

Finally, Mr. Sanders received additional information, in the form of the Government's 414 Notices, between the initial motions deadline and his filing. This, too, weighs in favor of considering Mr. Sanders's Motion on the merits.

The Court should also consider that the equities weigh in favor of addressing Mr. Sanders's Motion on its merits. This case is one with extremely serious potential consequences for Mr. Sanders and his family. Under the Government's proposed plea offer—which necessitates a plea to the lead count, Production of Child Pornography, 18 U.S.C. 2251(A) —Mr.

6

Sanders will spend a mandatory minimum of 15 years in federal prison.  Mr. Sanders is now 25 years old (and was even younger (21 to 23 years old) during the time of the alleged offenses) and has never been *arrested* prior to this case.  His parents, Drs. Jay and Risa Sanders, are 82 and 63 years old, respectively.  If Mr. Sanders were either to accept the Government's plea offer (which the Government has adamantly refused to change) or be convicted at trial, he will likely never see his parents on the outside again.  In addition, a 15-year sentence for a person as young as Mr. Sanders is devastating in other respects, including the inevitable institutionalization that will follow.

The Court's resolution of Mr. Sanders's Motion to Suppress Statements on its merits is especially critical given the clear violation of Mr. Sanders's Fifth Amendment rights.  Law enforcement chose not to read Mr. Sanders his *Miranda* rights before interrogating him for over three hours, under circumstances that are nearly identical to those in *United States v. Hashime*, 734 F.3d 278 (4th Cir. 2013), in which the Fourth Circuit suppressed the defendant's statement and overturned his conviction.

## II.     In the Alternative, Mr. Sanders's Motion to Suppress Statements Should be Construed as a Motion in Opposition to the 414 Notice.

Alternatively, Mr. Sanders respectfully requests that this Court construe his Motion to Suppress Statements as a Motion in Opposition to the Government's Amended 414 Notice on Constitutional Grounds.  Mr. Sanders is entitled to object to the Government's Rule 414 and Rule 404 notices on constitutional grounds.  *See, e.g.*, *United States v. Jones*, No. 13-30046, 2014 WL 4287279, at *9–10 (C.D. Ill. Aug. 29, 2014) (finding that defendant's agreement not to object to evidence under Rule 404 (b) did not waive any objection on constitutional grounds).  The Government would suffer no prejudice from Mr. Sanders's Motion being construed in this fashion.  Mr. Sanders is happy to re-file his Motion as this Court might direct, if necessary.  He

7

also consents to an extension of time for the Government to respond, should the Government so request.

## **CONCLUSION**

For the foregoing reasons, Mr. Sanders respectfully requests that this Court consider his Motion to Suppress Statements on its merits.

Respectfully submitted,

/s/

Jonathan Jeffress (#42884)

Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December, 2020, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Emily Voshell*
Emily Voshell