IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: February 9, 2021 |
| *Defendant.* ) | |
| ) | |

## GOVERNMENT'S POSITION ON THE COURT'S ORDER TO SHOW CAUSE

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, William G. Clayman, Special Assistant United States Attorney (LT), and Jay V. Prabhu, Assistant United States Attorney, hereby submits this filing in response to the Court's Order to Show Cause, Dkt. No. 152, instructing the defendant to show cause as to why he filed his fifth motion to suppress over 100 days after the Court's deadline for filing pretrial motions. Based on the additional information set forth below, the defendant's response to the Court's Order, Dkt. No. 177, fails to demonstrate good cause as to why he ignored this Court's pretrial motions deadline and the Court should strike the defendant's motion with prejudice as untimely filed.

## BACKGROUND

On February 12, 2020, law enforcement executed a federal warrant to search the defendant's home in McLean, Virginia. The defendant was interviewed in his home by two law enforcement agents during the search and, after consulting with his mother during the interview, made admissions regarding his online child-pornography-related activity. Based on the evidence obtained during the search, the defendant was charged by criminal complaint with production of

child pornography on March 19, 2020. The affidavit in support of the complaint references the defendant's statements during his interview with law enforcement regarding his child-pornography-related activity on the dark web and his possession of such material on external storage devices. Dkt. No. 4 at ¶ 11. Following his arrest, the government provided the defendant with discovery materials. Specifically, on April 29, 2020, the government shared with the defendant a copy of the search warrant materials and a recording of his interview with law enforcement during the search of his home.

A federal grand jury in the Eastern District of Virginia returned a 12-count indictment against the defendant on June 24, 2020, charging him with production, receipt, and possession of child pornography. Dkt. No. 29. On July 7, 2020, the government produced additional discovery material to the defendant, including reports and documents prepared by the Federal Bureau of Investigation related to the search, as well as an additional copy of the defendant's recorded interview. At his arraignment on July 10, 2020, the defendant advised the Court that he intended to file a motion to compel and asked the Court to set a hearing on that motion for July 31, 2020. The Court granted the defendant's request, and set the deadline to file all other pretrial motions as August 20, 2020, with a hearing on any pretrial motions scheduled for September 11, 2020, and a trial date set for November 17, 2020. Dkt. No. 34.

The defendant filed a motion to compel discovery on July 13, 2020. Dkt. No. 37. After the motion was fully briefed, the Court heard argument on July 31, 2020. Dkt. No. 49. Then, after receiving simultaneously filed supplemental briefing on the motion and granting the defendant's request to file a response to the government's supplemental brief, the Court denied his motion to compel on August 21, 2020. Dkt. No. 74. Additionally, shortly before ruling on the motion, the

Court granted in part the defendant's motion to extend the deadline to file pretrial motions, extending that deadline from August 20, 2020, to August 27, 2020. Dkt. No. 72.

On August 27, 2020, the defendant simultaneously filed an approximately 80-page motion to suppress and a motion for leave to exceed the 30-page limit set in Local Rule 47(F)(3) in his motion to suppress. Dkt. Nos. 75 & 77. The Court struck the defendant's motion to suppress for exceeding the page limit set by the local rules but granted in part his motion for leave to exceed the 30-page limit, allowing him to refile his motion with a 40-page limit on or before September 2, 2020. Dkt. No. 80. On September 2, 2020, the defendant filed four separate motions to suppress, totaling over 90 pages of briefing, as well as a motion to reconsider his motion to compel. Dkt. Nos. 81, 83, 85, 88, & 90. Despite having already received the recording of his interview and the reports and documents regarding the search of his home, at no point in his stricken motion or his four refiled motions to suppress did the defendant argue that his interview was custodial or that his statements to law enforcement were made involuntarily. Instead, his motions focused on the validity of the search warrant.

Following extensive briefing and a motions hearing, the Court denied the defendant's motions to suppress on October 26, 2020. Dkt. Nos. 113 & 114. Two days later, the defendant filed a motion to continue the November 17, 2020, trial date, representing that he could not prepare for trial while his suppression motions were pending. Dkt. No. 116. After the Court denied this motion, Dkt. No. 199, the defendant refiled his motion to continue the trial date, representing that he needed additional time to review discovery and prepare for trial in light of complications caused by COVID-19. Dkt. No. 124. On November 2, 2020, the government filed its expert notice and its notice pursuant to Federal Rule of Evidence 414 in advance of the November 17, 2020, trial date. Dkt. Nos. 126 & 127. The Court granted the defendant's motion to continue the trial date

on November 6, 2020, finding that a continuance was warranted given the amount of contraband forensic evidence in this case and the defendant's difficulties meeting with his counsel because of COVID-19, and rescheduled the trial for February 9, 2021. Dkt. No. 128; *see also* Dkt. No. 130.

After the Court continued the trial to allow the defendant additional time to review evidence and consult with counsel, the defendant filed a renewed motion to compel on November 27, 2020, Dkt. No. 135, and a supplement to the motion on December 5, 2020. Dkt. No. 138. Then, on December 17, 2020, one day before the deadline to file motions *in limine*, he filed his fifth motion to suppress, arguing for the first time that the statements he made to law enforcement during the search of his home should be suppressed. Dkt. Nos. 149 & 150. Although the pretrial motions deadline had lapsed months prior after being twice continued to accommodate the defendant, he did not seek leave of the Court to file this untimely motion. On December 18, 2020, the Court filed an Order, instructing the defendant to show cause by December 28, 2020, as to why he filed his motion to suppress 112 days after the deadline to file pretrial motions. Dkt. No. 152.

On December 23, 2020, the defendant filed a response to the Court's Order, alleging that he was not aware of the government's intent to use his statements until it filed its notice under Federal Rule of Evidence 414 and arguing that he believed the motion could be resolved in advance of the trial date. Dkt. No. 177. Alternatively, the defendant requests that the Court construe his untimely motion to suppress as an opposition to the government's notice pursuant to Rule 414. *Id.*

## ARGUMENT

"Under Fed. R. of Crim. P. 12, motions to suppress must be filed prior to trial or by the deadline established by the court." *United States v. Lester*, 311 F. App'x 660, 660 (4th Cir. 2009) (unpublished per curiam); *see* Fed. R. Crim. P. 12(b)(3)(C), 12(c). "A defendant waives the right to file a suppression motion if he fails to file the motion prior to the time set by the district court,

4

unless he can establish good cause for the waiver." *Lester*, 311 F. App'x at 600 (citing Fed. R. Crim. P. 12(e)). Factors this Court and others have considered in determining whether a defendant has shown good cause for filing an untimely motion to suppress include "the extent of the untimeliness," "the reason for the late filing," the prejudice caused by the late filing, and whether information after the filing deadline alerted the defendant to facts on which a motion to suppress might be based. *United States v. Samuels*, 1:14-cr-351 (E.D. Va.), 2015 WL 1442884, at *3 (E.D. Va. March 26, 2015) (citing *United States v. Cross*, 265 F. App'x 623, 627 (4th Cir. 2007)). Importantly, however, "[e]ven if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or should have discovered the basis for the claim." *United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999).

Here, the defendant cannot show good cause to excuse his over-100-day delay in moving to suppress his statements. As the memorandum in support of his untimely motion makes clear, both the defendant and his mother have been intimately familiar with the circumstances surrounding his interview with law enforcement since it occurred in February 2020. *See* Dkt. No. 150. The fact that he was interviewed by law enforcement and the substance of some of the inculpatory statements he made during the interview were included in the affidavit in support of the criminal complaint, and a recording of this interview was provided to defense counsel in April as part of the government's discovery materials. Another copy of the recording was provided to defense counsel in July as part of a post-indictment discovery production, along with documents and reports related to the search and interview. In other words, since the very early stages of this case, he has possessed all the information and evidence needed to move to suppress his statements prior to the Court's extended pretrial motions deadline. He did not do so, choosing instead to

5

prioritize his challenges to the affidavit in support of the search warrant in pretrial litigation.[1] Accordingly, the arguments in the defendant's fifth, untimely motion to suppress should be treated as waived and the Court should strike his motion with prejudice.

Importantly, the defendant does not—and cannot—claim that the government withheld his statements to law enforcement or any evidence that prevented him from filing his fifth motion to suppress. Instead, he advances two theories to justify the months-long delay in his filing: (1) despite the government repeatedly producing the interview to him and relying on it in the affidavit in support of the criminal complaint, he did not realize the government intended to rely on his statements to law enforcement until the government filed its notice pursuant to Rule 414; and (2) he filed his untimely motion prior to the trial date, which was moved at his request to February 9, 2021. Dkt. No. 177 at 6.[2] Neither of these arguments establish good cause for his failure to comply with the Court's pretrial motions deadline, which the Court already extended to accommodate him.

The defendant's suggestion that he was unaware of the government's intention to rely on his statements to law enforcement until the filing of the Rule 414 notice is belied by the background above, which shows that the government repeatedly produced discovery related to the defendant's interview well in advance of the pretrial motions deadline and described the inculpatory nature of the statements he made in the affidavit in support of the criminal complaint. In any event, as the Fourth Circuit has explained, "[d]efendants are subject to a due diligence standard" when

---

[1] To be sure, after the Court struck the defendant's approximately 80-page motion to suppress and instructed him to file a motion that does not exceed 40 pages, the defendant filed four separate motions to suppress that resulted in more than twice the permitted page limit in total briefing. Despite greatly exceeding the permitted page limit, the defendant did not raise any of the suppression arguments now raised in his fifth, untimely suppression motion.

[2] The defendant's response to the Court's Order also discusses the sentence he will face if convicted and his family life, neither of which explain nor justify his failure to comply with the Court's pretrial motions deadline. *See* Dkt. No. 177.

determining whether to file a pretrial motion to suppress. *United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999). This means that "[e]ven if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or should have discovered the basis for a claim." *Id.* Thus, his suggestion that he simply did not realize that his recorded statements to law enforcement regarding his child-pornography-related activity could be used at trial is insufficient to establish good cause for his now months-late motion to suppress those statements.

Particularly instructive on this point is *United States v. Chavez*, 902 F.2d 259, 263 (4th Cir. 1990), which the defendant cites on page five of his response to the Court's Order. Dkt. No. 177 at 5. In *Chavez*, 902 F.2d at 261, the defendant was prevented from questioning a search warrant affiant about the reliability of an informant at a pretrial hearing. Eleven days before trial, the defendant received a copy of the affiant's grand jury testimony that provided a basis to question the informant's reliability. *Id.* at 262. Based on this newly produced testimony, the defendant immediately requested leave to file an untimely motion to suppress. *Id.* The Fourth Circuit found that the defendant should have been permitted to file his untimely motion because the "tardiness was due . . . to the fact that the government did not turn over the grand jury transcript . . . until one day before the filing." *Id.* at 263–64. Here, unlike in *Chavez*, the defendant had all the information needed to file his fifth motion to suppress in a timely manner but failed to do so. *See Cross*, 256 F. App'x at 628 (distinguishing *Chavez* on similar grounds); *Ruhe*, 191 F.3d at 386–87 (same). The defendant has not identified any case, nor is the government aware of one, in which a defendant in his position—a defendant who had all the relevant discovery needed for a potential motion to suppress upwards of four months before the pretrial motions deadline—was permitted to file a motion to suppress over 100 days after the pretrial motions deadline.

Last, the defendant asserts that this Court should consider his untimely motion because he filed it before the trial. Dkt. No. 177 at 6. As an initial matter, it is worth noting that the Court continued the November 2020 trial date to February 9, 2021, based on the defendant's representations that his ability to prepare for trial had been hampered by his difficulty meeting with defense counsel at the Alexandria Detention Center and reviewing evidence due to COVID-19. Dkt. No. 124. Since the Court granted his request for a continuance, the defendant has filed, among other things, a renewed motion to reconsider his motion to compel and an untimely motion to suppress, both of which could have been filed moths prior. Moreover, he filed his untimely motion to suppress the day before the Court's deadline to file motions *in limine* and other trial-related materials. The government is now in the process of responding to the defendant's motions *in limine* and is engaged in trial preparation involving multiple out-of-state witnesses and victims during an unprecedented pandemic. Accordingly, and contrary to his claims in his response to the Court's Order, permitting the defendant to flout the Court's twice-extended pretrial motions deadline to litigate yet another motion to suppress that he should have filed months ago would indeed prejudice the government.

//

//

//

//

//

//

//

//

## **CONCLUSION**

For the foregoing reasons, the government submits that the defendant has not demonstrated good cause as to why he failed to file his fifth motion to suppress before this Court's pretrial motions deadline and respectfully requests that the Court strike the defendant's untimely motion.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: William.G.Clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov