IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ZACKARY ELLIS SANDERS,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: Jan. 15, 2021<br>Trial: Feb. 9, 2021 |

**Defendant's Reply to Government's Position on Order to Show Cause**

　　Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this reply to the Government's Position on the Court's Order to Show Cause (ECF No. 179). Mr. Sanders has demonstrated good cause as to why he filed his Motion to Suppress Statements (ECF No. 149) after the general motions deadline, or, in the alternative, why this Court should construe his Motion to Suppress Statements, together with his Motion in Limine in Opposition to Government's Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 and the accompanying memorandum (ECF Nos. 153, 154) as a Motion in Limine to Exclude 414 Evidence on Constitutional Grounds, which Mr. Sanders can simply refile in that fashion, should the Court so prefer.

　　First, there was no reason for Mr. Sanders to move to suppress statements that were unrelated to the charges filed in the indictment, until he received notice that the Government intended to introduce such statements as evidence of *uncharged* misconduct under Rule 414. Initial 414 Notice (ECF No. 127) at 3 ("the United States may introduce evidence that the defendant accessed a hidden service on [Tor] with the intent to view child pornography . . . The

United States may also introduce testimony that, during the search of his home, the defendant . . . admitted that he accessed hidden service websites on Tor and viewed child pornography on them"); Amended 414 Notice (ECF No. 133) at 3 ("In [its Initial 414 Notice], the government noticed its intent to introduce as evidence at trial . . . background information related to the investigation that resulted in the search of the defendant's home. . . After further review, the government does not intend to introduce such evidence at trial as *it is not a pertinent part of the government's case-in-chief*") (emphasis added); *id.* at 3 ("after further review, the government may seek to introduce additional evidence related to the interview of the defendant at the trial now scheduled to begin on February 9, 2021, that it did not notice in its prior filing").[1]

As the Government acknowledged in July 2020, prior to the pretrial motions deadline, the charges in this case have nothing to do with Tor or Mr. Sanders's purported activity on Tor, and by extension, they have nothing to do with Mr. Sanders's allegedly inculpatory statements about such activity. July 31 Hearing Transcript, Ex. 20 to ECF No. 89, at 19 (Government counsel explaining that " ███████████████████████████████████████

███████████████████████████████████████

---

[1] The Government has failed to offer any legitimate explanation for amending its Rule 414 Notice (ECF No. 133), but it appears to have done so only to try and deny Mr. Sanders discovery related the target website (which did not advertise child pornography, contrary to what the Government repeatedly represented) and the Special Agent's true understanding of the state of the Government's evidence prior to submitting the Affidavit (that, contrary to what Paragraph 23 clearly suggested, there was no evidence the Internet user ever went beyond the innocuous homepage of the target website). ECF No. 167. The Government has also failed to note that it only provided two exculpatory screenshots of the target website, including its homepage, on December 18, 2020, just before it filed its Opposition to Mr. Sanders's Motion to Compel the Government to Produce Material, or, in the Alternative, to Submit Material for *In Camera* Inspection. ECF No. 174 at 1.

██████████████████████████████████████████████████████ . . .") (emphases added).²

After reviewing the discovery, the defense concluded that Mr. Sanders's statements were not admissions related to any of the charges filed in the indictment. Mr. Sanders's statements about when he accessed and received child pornography on websites on Tor—none of which included the target website mentioned in the Affidavit in Support of the Search warrant—do not correspond to the date in the indictment for when he is alleged to have possessed child pornography. The charges for production and receipt of child pornography also do not involve the Tor network and instead involve "████████████████████████████." July 31 Hearing Transcript, Ex. 20 to ECF No. 89, at 19.

Second, the Government mischaracterizes Mr. Sanders's arguments presented in his Response to Show Cause Order (ECF No. 177): rather than claiming that the Motion to Suppress Statements should be considered simply "because [Mr. Sanders] filed it before trial," ECF No. 179 at 8, Mr. Sanders explained that because it was filed *prior to the motions* in limine *deadline*—as the Government did not file its 414 Notices (ECF Nos. 127 and 133) until well after the initial motions deadline—and 53 days before the currently scheduled trial date, there "is ample" time for the Motion to be litigated and ruled on before trial. ECF No. 177 at 1.

Given that the Government's 414 notices and Mr. Sanders's opposition thereto also still need to be litigated and ruled upon in advance of trial, the Court will have to consider the

---

² The affidavit in support of the criminal complaint refers to this unrelated, uncharged conduct and states only that Mr. Sanders "admitted to law enforcement that he accessed and received child pornography through websites on the Tor network" and "that he transferred [such] child-pornography material that he downloaded over the internet from his laptop to external media storage devices." Affidavit (ECF No. 4) at ¶ 11. These statements have nothing to do with the charges that were ultimately filed in the indictment and do not indicate an intent on behalf of the Government to introduce such statements at trial.

3

constitutional reasons (among others) for admitting or excluding the statements.  The Government fails entirely to address Mr. Sanders's alternative argument that this Court should construe his Motion to Suppress Statements, together with his Motion in Limine in Opposition to Government's Amended Notice and the accompanying memorandum (ECF Nos. 153, 154) as a Motion in Limine to Exclude 414 Evidence on Constitutional Grounds.  There is no reason in law or common sense for the Court to fail to consider Mr. Sanders's constitutional arguments in determining whether to admit the evidence set forth in the Government's notices.

Finally, because prosecutors have the special "responsibility" of "minister[s] of justice, and not simply [that of advocates]," Va. RPC 3.8 *cmt.* 1, the Government should not be opposing—and should instead be supportive of—Mr. Sanders's efforts to protect his constitutional rights, particularly given the lengthy term of incarceration Mr. Sanders would face if convicted. *See, e.g.,* ECF No. 179 at 3 and 6 n.1 (criticizing the length of defense filings and casting aspersion against Mr. Sanders for discharging their ethical obligations as defense attorneys and seeking to vindicate his Constitutional rights).

For the foregoing reasons, Mr. Sanders respectfully requests that this Court consider his Motion to Suppress Statements on its merits.

Respectfully submitted,
<u>            /s/            </u>
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 4, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

                                                      */s/ Jonathan Jeffress*
                                                      Jonathan Jeffress