IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-CR-143 |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | **FILED UNDER SEAL** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE AND TO SEAL**

The United States of America, by and through undersigned counsel, hereby files this reply to the defendant's response to the government's motion for an order to show cause. Dkt. No. 181. For the reasons set forth below and in its original motion and memorandum [Dkt. Nos. 170 & 173], the government respectfully requests that the Court order the defendant to immediately move to seal and file a redacted version of his complaint in the U.S. District Court for the District of Columbia ("D.D.C."), case no. 1:20-cv-3672, or, if he refuses to do so, find him in violation of the Court's Protective Order.

The defendant's response to the government's motion [Dkt. No. 181] misses the point. The government has moved to unseal as much information as possible in this matter based on the Court's instructions, *see* Dkt. No. 113 at 18, but also with the understanding that a Protective Order was in place to cover the most sensitive aspects of the case, *see* Dkt. No. 28. [REDACTED] .[1] The reason for this, as

[1]The Court is by now very familiar with the background of this investigation and case, which the government will not repeat here.

the government has explained, is two-fold: [redacted] . *See* Dkt. Nos. 121 & 173. [redacted]

Through filings in both this Court and D.D.C., however, the defendant has jeopardized both of these objectives. [redacted] . *See* Dkt. No. 173-1. [redacted] .

[redacted]

Dkt. No. 181 at 7–10. A closer inspection reveals that not to be the case; , *see* Dkt. No. 181 at 8 n.8, Dkt. No. 173-1 at 4, 8. . *Id.*; *see also* Dkt. No. 181 at 5 n.4. . Again, he only knows this because of discovery in this case. In fact, none of the documents and articles he has cobbled together, taken as a whole or by themselves, [2]

[2] The defendant also attempts to excuse his work-around of the Protective Order by asserting that the government belatedly provided him with alleged *Brady* material—namely, a screenshot of the homepage of the website. Dkt. No. 181 at 2, 9. As the government has explained, and as the Court has found, the defendant's theory regarding the homepage is pure speculation contradicted by the plain language of the FLA's tip and does not impact the Court's finding that there was probable cause to search his home. *See* Dkt. No. 167 at 7 n.2. But, setting that aside, the fact that the defendant disagrees with the government's position does not give him license to violate

But even treating the defendant's assertion as correct, his theory of how he should be permitted to use information obtained through the sensitive discovery in this case does not hold water. [REDACTED]. This becomes particularly clear by analogy. Suppose the government had disclosed to the defendant the identity of an FBI confidential informant. Under the defendant's view, [REDACTED]. That would plainly violate the terms of the Protective Order governing the parties' use of the information contained in discovery material, and so too does the defendant's use of the information the government provided here.[3]

As a final note, the defendant made this information publicly available in D.D.C. without advising the government and, as far as the government knows, without seeking leave of the Court. Despite knowing that a Protective Order was in place to protect sensitive information, the

---

this Court's Protective Order as he sees fit.

[3] The defendant also accuses the government of inconsistently interpreting the Protective Order because [REDACTED]. Dkt. No. 181 at 10. While the government has sought to unseal as much information as possible in this case, it has been clear for months that [REDACTED]. *See* Dkt. No. 121. That the defendant has managed to include references to that sensitive information beyond the more explicit ones the government has initially identified does not render that information any less sensitive. Should there be any doubt, the government's position continues to be that [REDACTED] should be redacted and/or filed under seal.

defendant took it upon himself to decide the scope of the Court's Order. [REDACTED] The defendant learned both of these facts through the sensitive discovery in this case, which was produced pursuant to the Protective Order. Accordingly, the United States respectfully requests that the Court order the defendant to immediately move to seal his complaint in D.D.C. case no. 1:20-cv-3672; [REDACTED]; or to hold him in contempt for violating the Court's Protective Order.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

/s/

William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record, and emailed an unredacted copy of the same to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov