# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| | The Honorable Judge Ellis |
| v. | |
| | Pretrial Conference: Jan. 15, 2021 |
| ZACKARY ELLIS SANDERS, | Trial: Feb. 9, 2021 |
| Defendant. | |

## CONSENT MOTION TO CONTINUE TRIAL, EXTEND DEADLINE, AND WAIVER OF SPEEDY TRIAL RIGHTS

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Consent Motion to Continue, Extend Deadline, and Waiver of Speedy Trial Rights. Mr. Sanders respectfully requests that this Court continue his trial, currently scheduled for February 9, 2021, to mid-April 2021.[1] Mr. Sanders also respectfully requests that this Court extend the deadline for defense motions in limine arising from the review of seized devices from January 8, 2021, to February 12, 2021. For the reasons set forth below, including Mr. Sanders's infection by COVID-19 while in custody at Alexandria Detention Center ("ADC"), both the continuance and the motions deadline are necessitated by the Sixth Amendment and the Due Process Clause of the United States Constitution. Mr. Sanders agrees to a waiver of his right to a speedy trial up to and including his new trial date. The Government consents to this Motion.

1. The defense does not have adequate access to Mr. Sanders to allow him to assist in preparing his defense. The last time the defense spoke with Mr. Sanders by video

---

[1] Government counsel has a trial starting March 29, 2021, and defense counsel has a trial starting May 3, 2021.

conference was 19 days ago, on December 18, 2020, the same date that two inmates at ADC began exhibiting COVID-like symptoms and then tested positive. Sherriff's Office Press Release, attached as Ex. 1, at 4. On December 20, 2020, due to a COVID-19 outbreak at ADC, all video calls with defense counsel were suspended. ECF No. 182 at 1. Video calls have since been suspended through January 7, 202; it is unclear when such calls will next resume, as ADC will not schedule them at this time. *Id.* at 2. Video calls are the only means by which the defense is able to review documents, discovery, and other work product with Mr. Sanders.

2. On December 17, 2020, the defense moved for additional time to file motions in limine arising from the review of seized devices. ECF No. 145. That same day, the Court granted an extension until Friday, January 8, 2021 at 5:00 p.m. ECF No. 148. Since December 17, 2020, Mr. Sanders has had no opportunity to review additional evidence because of the ongoing COVID-19 outbreak, and it is unclear when he will next be permitted to leave ADC to do so.

3. On December 22, 2020, Mr. Sanders tested positive for COVID-19 and was placed in quarantine. The defense received Mr. Sanders's positive COVID-19 results on December 29, 2020. ECF No. 182 at 2.

4. On December 31, 2020, the Sheriff's Office determined that a total of 78 inmates had tested positive for COVID-19, "with 80% of those positive cases from the same housing unit." Ex. 1 at 4. Mr. Sanders is currently being held in quarantine in the housing unit where over 50 inmates are positive for COVID-19. Even after Mr. Sanders recovers from COVID-19 and is no longer testing positive, it is unclear whether he will be required to

continue to quarantine because of the number of other inmates with COVID-19 in his unit.

5. Mr. Sanders had no contact with his defense team from December 23, 2020, to January 5, 2021.  On January 5, 2021, the defense was able to speak with Mr. Sanders for only 10 minutes by phone, after being on hold for about 50 minutes.  On January 6, 2021, the defense learned that Mr. Sanders is permitted outside of his cell for only 25 minutes per day, during which time he is forced to choose between washing up, showering, making food, and speaking with his defense team by phone—if they are able to get through to him.  It is unclear how often the defense will be able to speak with Mr. Sanders, given the need for other inmates to use the phones and staffing shortages at ADC.  "COVID-19 has had a detrimental effect on the staffing at [ADC] and has impeded operations," which "limits staff's ability to give inmates reasonable time out of their cells." Ex. 1 at 4.

6. Because Mr. Sanders is currently in quarantine and because of the high number of COVID-19 cases in Mr. Sanders's housing unit, it is also unclear when Mr. Sanders will be cleared to leave ADC to travel to the U.S. Attorney's Office to review evidence with the defense.  Mr. Sanders has not been able to review evidence at the U.S. Attorney's Office since December 8, 2020.

7. As this Court is aware, this is a complicated case—the Indictment contains 12 counts—and involves thousands of pages of electronic communications.  The COVID-19 pandemic has continued to impose numerous additional barriers that have prevented defense counsel from being able to work with, prepare, and advise Mr. Sanders regarding his defenses at trial.

8. A defense expert was scheduled to conduct a forensic review at FBI headquarters on January 5 and 6, 2021.  The defense expert was not able to complete his review of the evidence because he could not open a significant portion of it.  The defense expert attempted to load the data in Cellebrite, which is the same program the Government used to analyze the data.  He let it run all of January 5, 2021, overnight, and through the morning of January 6, 2021, when he returned to FBI headquarters.  At that time, no progress loading the data had been made from when he left the day before.  Based on his experience with large cellphone extractions, he would have expected the data to have been opened by the next morning.  A different attempt to load the data on January 6, 2021, was unsuccessful.  It appears that there may be some issue with the copy of the data that he was provided by the Government.  The defense and Government are working to coordinate when the defense expert will be able to return to FBI headquarters to continue the forensic examination, and how the Government can pre-load the evidence on its system in advance so that the defense expert can review the data and complete the forensic examination.

9. The Government and defense agree that is it in the public's interest to continue this trial and extend the motions in limine deadline for any motions arising from the review of the seized devices, given Mr. Sanders's COVID-19 diagnosis, quarantining, the associated difficulty of communicating with the defense, and other challenges related to COVID-19.  The hurdles presented are only anticipated to increase given the ongoing COVID-19

outbreak at ADC and the fact that cases continue to increase in the surrounding region.[2]

Given the present circumstances, a continuance is in the public's interest.

10. This is the second trial setting and Mr. Sanders waives his Speedy Trial Rights between the date of this motion and a subsequent trial date in mid-April 2021.

11. The Government, through Assistant United States Attorneys Jay Prabhu and William Clayman, consent to the requested continuance.

Dated: January 6, 2020.

---

[2] *See, e.g.,* Jenna Portnoy, *Virginia sets single-day record for coronavirus infections on final day of 2020*, Washington Post (Dec. 31, 2020), https://www.washingtonpost.com/local/coronavirus-virginia-record/2020/12/31/9dfedc84-4b65-11eb-a9d9-1e3ec4a928b9_story.html (last accessed Jan. 6, 2021) ("D.C., Maryland and Virginia reported 8,437 new infections Thursday, topping the previous single-day record of 8,001 new cases on Dec. 12. The 5,239 cases in Virginia set a state record Thursday that was well above its rolling seven-day average of 3,667 daily cases"); *see also* Insidenova Staff, *Virginia hits more new highs for COVID-19 cases, hospitalizations*, InsideNova (Jan. 6, 2021), https://www.insidenova.com/headlines/virginia-hits-more-new-highs-for-covid-19-cases-hospitalizations/article_23e33db6-5036-11eb-a316-438cd9b2a3bc.html (last accessed Jan. 6, 2021) ("The Virginia Department of Health reported a record 5,387 new cases of coronavirus on Wednesday, [Jan. 6, 2021,] following 4,377 on Tuesday[, Jan. 5, 2021]. Wednesday's number marked the fourth day in the past week that the state has exceeded 5,000 new cases, and it brought the state's seven-day average to a new record high of 4,707.9. The average is up 22.5% in the past two weeks and 56.7% in the past month").

Respectfully submitted,

*/s/ Jonathan Jeffress*

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

                                        */s/ Jonathan Jeffress*
                                        Jonathan Jeffress

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| | The Honorable Judge Ellis |
| v. | |
| | Pretrial Conference: Jan. 15, 2021 |
| ZACKARY ELLIS SANDERS, | Trial: Feb. 9, 2021 |
| Defendant. | |

## [PROPOSED] ORDER TO CONTINUE TRIAL AND EXTEND DEADLINE

This matter came before the Court on Mr. Sanders's Consent Motion to Continue Trial and Extend Deadline and waived his speedy trial rights. The Government consented to the Motion. For the reasons stated herein, the Court will grant the Consent Motion.

Pursuant to the Speedy Trial Act, the delay resulting from a continuance may be excluded from the calculation of the speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute further provides multiple factors that the Court shall consider in determining whether to grant a continuance.

A continuance is warranted in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Specifically, given the number of victims and the voluminous electronic discovery, much of which contains contraband material that can only be viewed at an appropriate government facility, this prosecution is sufficiently complex under 18 U.S.C. § 3161(h)(7)(B)(ii) such that it is unreasonable to expect adequate preparation for the trial within the time limits currently set by the Court pursuant to the Speedy Trial Act. Additionally, the circumstances presented by the

spread of COVID-19 have imposed further additional burdens and time constraints on the ability of the defendant, who is currently detained at the Alexandria Adult Detention Center under quarantine, to communicate and review evidence with his counsel. Accordingly, the defendant has not been able to adequately prepare for trial within the current timeframe set by the Court, and the failure to grant the defendant's motion for a continuance in this matter would therefore result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i).

The Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), that the ends of justice are served by continuing the trial date in this matter from February 9, 2021, at 9:00 a.m. to _____, 2021 at 9:00 a.m.  The pretrial conference scheduled for January 15, 2021, is vacated and rescheduled for _____, 2021.

Accordingly, it is hereby **ORDERED** that the period of delay resulting from the Court's continuance upon the consent motion—the period from February 9, 2021, to _____, 2021—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

It is further **ORDERED** that that the deadline for defense motions related to issues raised by forensic examination of evidence by defense experts and continued in-person review of evidence from seized devices currently scheduled for January 8, 2021 at 5:00 p.m., is extended to February 12, 2021 at 5:00 p.m.

_____

THE HONORABLE JUDGE ELLIS

UNITED STATES DISTRICT COURT JUDGE

Date: _____