**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Criminal Action No. 1:20-cr-143 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| Defendant.   ) | |

### ORDER

At issue pretrial in this twelve-count criminal prosecution for production, receipt, and possession of child pornography is whether defendant has shown good cause to excuse the late filing of his fifth motion to suppress, which was late by more than one hundred days after the deadline for filing such motions. Given the extreme tardiness of the motion, an Order to show cause for the delay was issued. Defendant filed briefing in response, and the government filed a reply. Because the matter has been fully briefed and because the facts and legal contentions are clear from the record, oral argument is unnecessary and would not aid the decisional process. Accordingly, the matter is ripe for disposition. For the reasons that follow, defendant has failed to show good cause for his tardy motion, and defendant's motion to suppress must therefore be denied.

**I.**

On February 10, 2020, Magistrate Judge John F. Anderson authorized a search warrant for defendant's residence. Two days later, on February 12, 2020, law enforcement agents executed the search warrant. During the execution of the search warrant, defendant spoke with law enforcement in a recorded interview. On March 19, 2020, the government filed a criminal complaint charging defendant with production of child pornography and used defendant's statements in his February 12 interview as part of the affidavit in support of the criminal complaint. In April 2020, the

government provided the recording of the interview, along with other discovery, to defense counsel. On June 24, 2020, a twelve-count indictment was returned, charging defendant with:

> (i) five counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and § 2251(e),
>
> (ii) six counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and
>
> (iii) one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2).

Indictment, at 2-4 (Dkt. 29).

On July 10, 2020, defendant appeared with counsel before the Court for his arraignment. At the time of arraignment, the deadline for pretrial motions was originally set for August 20, 2020. On August 20, 2020, the Court granted in part defendant's motion for extension of briefing schedule, extending the deadline for pretrial motions to August 27, 2020. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 20, 2020) (Order). On August 27, 2020, defendant, by counsel, simultaneously filed an eighty (80) page motion to suppress (Dkt. 75) and a motion for leave to exceed the thirty (30) page limit set by Local Criminal Rule 47(F)(3) (Dkt. 77). The latter motion was granted in part, allowing defendant to refile his motion within a forty (40) page limit. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 28, 2020) (Order). On September 2, 2020, defendant, by counsel, filed four separate motions to suppress, with memoranda in support totaling over ninety (90) pages (Dkt. 81, 83, 85, 90). Following oral argument, defendant's motions to suppress were denied. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, October 26, 2020) (Memorandum Opinion and Order).

On December 17, 2020, defendant filed, by counsel, the instant motion to suppress, his

fifth, one hundred and twelve (112) days after the deadline for pretrial motions (Dkt. 149).[1] Defendant also requested an evidentiary hearing. Defendant's fifth motion to suppress raises an argument not mentioned in his previous four motions, namely that defendant's statements in his interview with law enforcement should be suppressed because the interview was a custodial interrogation in which defendant was not given *Miranda* warnings. Given the tardiness of this fifth motion to suppress, an Order issued on December 18, 2020 requiring defendant to show cause as to why defendant filed his motion one hundred and twelve days after the deadline for pretrial motions. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, December 18, 2020) (Order).

## II.

Where, as here, a deadline has been set by the Court for filing pretrial motions, motions to suppress must be filed by that deadline. *See* Fed. R. Crim. P. 12(b)(3), 12(c). As the Fourth Circuit has made clear, "[a] defendant waives the right to file a suppression motion if he fails to file the motion prior to the time set by the district court, unless he can establish good cause for the waiver." *United States v. Lester*, 311 F. App'x 660, 660 (4th Cir. 2009). In determining whether a defendant has established good cause for filing an untimely motion to suppress, courts generally consider "(i) the extent of the untimeliness, (ii) the reason for late filing, (iii) prejudice to the other party, and (iv) whether the receipt of additional information after the filing deadline 'alerted defendant to facts on which a motion to suppress might be based.'" *United States v. Samuel*, Case No. 1:14-cr-351, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), aff'd, 674 F. App'x 322 (4th Cir. 2017) (quoting *United States v. Cross*, 256 F. App'x 623, 627 (4th Cir. 2007)). Here, each of the four

---

[1] Earlier, on November 27, 2020, defendant filed a renewed motion to compel. On December 18, 2020, the day after filing his tardy fifth motion to suppress, defendant filed three motions *in limine* with the Court.

factors point persuasively to the conclusion that defendant has failed to establish good cause for filing an untimely motion to suppress.

Defendant's fifth motion to suppress was filed more than three months after the deadline for pretrial motions. Although the motion to suppress was filed fifty-three (53) days before the current trial date, the motion, along with defendant's request for an evidentiary hearing, would be all but certain to delay the current trial date given the difficulties surrounding travel and courtroom procedures during the Covid-19 pandemic. Nor does defendant escape the weight of this factor by noting that defendant has recently tested positive for Covid-19, potentially necessitating a trial continuance in and of itself. Defendant's positive diagnosis would complicate the scheduling of any evidentiary hearing and manufacture further delay. In short, defendant's motion to suppress was not only filed over a hundred days late, but also is likely to delay the trial, which has already been continued on defendant's motion.

Additionally, defendant provides no adequate or persuasive reason for the more than three month late filing of his fifth motion to suppress. In this respect, defendant claims that he is filing his tardy fifth motion to suppress now because the government recently gave notice of its intent to use portions of defendant's taped statements at trial. This does not justify defendant's extraordinarily late filing. The inculpatory nature of the recording is apparent on its face, and it should have been clear to defense counsel that defendant's statements could be used at trial. In fact, the fact of defendant's interview with law enforcement and the substance of some of defendant's statements in that interview were included in the affidavit in support of the criminal complaint. *See* Aff. in Supp. of Crim. Compl., ¶ 11 (Dkt. 4). Moreover, the recording of the interview was provided to defense counsel in April 2020. Accordingly, long before the deadline for pretrial motions, defendant had the materials to know that the government had defendant's

recorded statements and could use them at trial. Indeed, it appears that defense counsel considered the possibility and made a strategic decision not to challenge the voluntariness of the interview. Defendant admits as much when he concedes in his reply brief that "the defense concluded that Mr. Sanders's statements were not admissions related to any of the charges filed in the indictment." Def. Reply, at 3 (Dkt. 174). This conclusion was clearly incorrect and unwarranted, particularly given the government's reliance on those statements in support of the criminal complaint. In other words, defense counsel made a judgment to focus on the validity of the search warrant—the focus of his four previous motions to suppress—rather than the voluntariness of defendant's taped statements. Defense counsel's strategic decision to forego challenging the voluntariness of the interview does not constitute good cause for extending the deadline for pretrial motions by one hundred and twelve days.[2]

Furthermore, defendant's untimely fifth motion to suppress appears likely to prejudice the government. Defendant filed his tardy fifth motion to suppress more than three months late, only one day before the deadline for motions *in limine* and fifty-three (53) days before the current trial date. Allowing defendant to proceed with his untimely motion is thus likely to prejudice the government, which is in the midst of responding to defendant's motions *in limine* and preparing for trial. Moreover, requiring the government to respond to defendant's tardy motion and prepare for an evidentiary hearing would require the government to arrange for the attendance of witnesses at the hearing, potentially including travel to and lodging in the Eastern District of Virginia during the pandemic. Moreover, denial of defendant's motion is unlikely seriously to prejudice defendant. Although defendant's statements to law enforcement will not be suppressed, this does not preclude

---

[2] *See United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999) ("Defendants are subject to a due diligence standard. Even if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or should have discovered the basis for the claim.").

defendant from presenting evidence at trial about the allegedly coercive atmosphere of defendant's interview with law enforcement and the voluntariness of defendant's statements, nor does it preclude defendant from challenging the inclusion of defendant's statements under any applicable rule of evidence.[3]

Finally, defendant provides no plausible argument that he received new information that alerted him to facts on which the motion to suppress could be based. As discussed above, all of the information necessary for defendant's fifth motion to suppress was known to defendant prior to the government's notice that it intends to use portions of defendant's recorded statements at trial. Indeed, defendant's tardy motion to suppress rests on the recollections of defendant and his family members, who have been available to defense counsel at all times. Because defendant's statements were clearly inculpatory, defendant knew when he was originally provided with his statements in April 2020 that his statements could be used at trial. Although defense counsel may have found the likelihood of the government using defendant's recorded statements improbable and thus chose not to file the instant motion to suppress prior to the deadline for pretrial motions, defense counsel's judgment to forego raising the motion in a timely manner is not good cause for allowing defendant's untimely fifth motion to suppress to proceed.

In conclusion, defendant's motion to suppress must be denied as untimely.

---

[3] *See* 18 U.S.C. § 3501(a) ("If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."). *See also Crane v. Kentucky*, 476 U.S. 683, 691 (1986) ("[E]vidence about the manner in which a confession [or otherwise inculpatory statement] was obtained is often highly relevant to its reliability and credibility.").

Accordingly,

It is hereby **ORDERED** that defendant's Motion to Suppress (Dkt. 149) is **DENIED AS UNTIMELY**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
January 7, 2021

/s/
T. S. Ellis, III
United States District Judge