IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: February 9, 2021 |
| *Defendant.* | ) |
| | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S PROPOSAL FOR *VOIR DIRE***

The United States of America, by and through undersigned counsel, hereby files this response to the defendant's proposal for *voir dire*. Dkt. No. 157. The government believes the Court should use its standard practice for *voir dire* and should decline the defendant's proposal for use of an extensive written questionnaire. There is nothing extraordinary in the nature of this matter that requires such a different procedure. The government believes that the customary procedures and questions traditionally asked by the Court have led to impartial juries. The government has proposed its own set of supplemental questions that it hopes the Court will consider. Dkt. No. 158.

The government believes that many of the proffered questions of the defendant are inappropriate and/or unnecessary, especially when asked in the absence of the guidance of the Court. For example, the proposed questionnaire asks about the religious background of the jurors (1, 2); asks numerous questions about homosexuality (3-7, 23), which could instead be a simple single question of whether they have any bias for or against homosexuals—though homosexual contact is not an issue in the case; asks about the number of children they have (8), which is provided to the parties by the clerk's office; asks a question about the honesty of children (11) that

does not provide any guidance about whether they could fairly evaluate testimony of people of different ages; asks about the jurors' attitude towards BDSM (9-10, 26), when BDSM is not illegal and does not suggest that a juror would be unable to be impartial; asks questions about sexting (21, 22) that provide no guidance for whether they would be fair judges of the evidence in this matter; asks about giving to sexual abuse victim organizations (14), when this does not mean that a juror could not be impartial; asks questions about adult pornography (19, 20) that are not relevant in the case; asks about familiarity with technology (24, 25), which is not relevant and does not demonstrate bias; and, most importantly, asks questions on which the Court will specifically instruct the jurors (15, 16, 28, 29). Such questions would not be helpful in ensuring a diverse and impartial jury, which is the point of the procedures of the Court, and would frankly require substantial follow up questions before making decisions on the suitability of any juror.

    For the reasons set forth here, the government respectfully requests that the Court reject the defendant's request to utilize a written questionnaire, not ask the inappropriate/unnecessary questions proffered by the defense, and consider asking the questions proposed by the government.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

      /s/
    Jay V. Prabhu
    Assistant United States Attorney
    William G. Clayman
    Special Assistant United States Attorney (LT)
    United States Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    (703) 299-3700
    Email: jay.prabhu@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By: /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov