IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.     )<br>)<br>ZACKARY ELLIS SANDERS,     )<br>)<br>*Defendant.*  )<br>) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III<br><br>Trial: February 9, 2021 |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### PROPOSALS FOR JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, hereby files this response to the defendant's proposal for jury instructions.  Dkt. No. 166.  The government believes that the form and substance of its submissions are more appropriate to that proposed by the defendant and would ask the Court to utilize the instructions produced by the government. Dkt. No. 159.

Specifically, the government believes that many of the proposed questions of the defendant are particularly inappropriate and/or unnecessary, as described below:

Proposed Instruction #11 – BURDEN OF PROOF – REASONABLE DOUBT

The Fourth Circuit generally condemns trial court attempts to define reasonable doubt in their jury instructions, *United States v. Moss*, 756 F.2d 329, 333 (4th Cir. 1985), and this Court should decline the defendant's invitation to do so here.   In fact, the practice of defining reasonable doubt in the charge to the jury has been widely condemned.  *Smith v. Bordenkircher*, 718 F.2d 1273, 1276 (4th Cir. 1983); *Whiteside v. Parke*, 705 F.2d 869, 871 (6th Cir. 1983), *cert. denied*, 464 U.S. 843, 104 S.Ct. 141, 78 L.Ed.2d 133 (1983); *United States v. Martin-Trigona*, 684 F.2d 485, 493 (7th Cir. 1982); *Dunn v. Perrin*, 570 F.2d 21, 23 (1st Cir. 1978), *cert. denied*, 437 U.S.

910 (1978); *see also Taylor v. Kentucky*, 436 U.S. 478, 488 (1978).   Even the Supreme Court has acknowledged that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury."  *Holland v. United States*, 348 U.S. 121, 140 (1954).

Proposed Instruction #13 – WITNESS CREDIBILITY—GENERAL INSTRUCTION

The defendant's proposed instruction is inappropriate and confusing.   It has a number of rhetorical questions.   The standard instruction offered by the government is more appropriate.

Proposed Instruction #14 – WITNESS CREDIBILITY—LAW ENFORCEMENT

The defendant's proposed instruction is unnecessary since the witness credibility instruction should be equally applied to all witnesses.

Proposed Instruction #18 – WEAKER OR LESS SATISFACTORY EVIDENCE

The defendant's proposed instruction is unnecessary and confusing.

Proposed Instruction #20 – ABSENCE OF WITNESS

The defendant's proposed instruction is unnecessary and confusing.   Because third party electronic communications can be admissible as non-hearsay, this instruction would be particularly inappropriate.

Proposed Instruction #21 – OFFENSE CHARGED - 18 U.S.C. § 2251(a)

The defendant's proposed instruction does not track the charged statue and potentially inserts elements that are inconsistent with the statute and the language previously used for this charge in this Court.

Proposed Instruction #22 – OFFENSE SPECIFIC DEFINITION – "PURPOSE OF PRODUCING"

The proposed instruction is unnecessary and confusing and potentially inserts elements that are inconsistent with the statute and the language previously used for this charge in this Court.

Proposed Instruction #23 – SPECIFIC DEFINITION – "SEXUALLY EXPLICIT CONDUCT"

The defendant's proposed instruction is less clear than the government's proposed instruction. It is also inconsistent with the language previously used in this Court.

Proposed Instruction #25 – UNANIMITY/DISAGREEMENT AMONG JURORS

The defendant's proposed instruction is less clear than the government's proposed instruction. It is also inconsistent with the language previously used in this Court.

For the reasons set forth here, the government respectfully requests that the Court reject the defendant's proposed jury instructions and adopt those proposed by the government.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Jay V. Prabhu
Assistant United States Attorney
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: jay.prabhu@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov