IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: February 9, 2021 |
| *Defendant.* | ) |
| | ) |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION
TO EXCLUDE ADMISSIBLE NON-HEARSAY EVIDENCE RECOVERED
FROM THE DEFENDANT'S ELECTRONIC DEVICES**

The United States of America, by and through undersigned counsel, hereby files this response to the defendant's motion *in limine* to exclude electronic chats recovered from the defendant's electronic devices. Dkt. Nos. 155 and 156. For the reasons set forth below, the government respectfully requests that the Court deny the defendant's pre-trial request and instead admit these relevant electronic materials recovered from the defendant's devices that are admissible non-hearsay at trial.

The defendant asks this Court to take the extraordinary step of excluding pre-trial chats that he had with minors, some of which included sending pictures of himself, that were recovered from his electronic devices, because he claims that they cannot be authenticated, that they are inadmissible hearsay, and that the Sixth Amendment gives him the right to confront this electronic evidence only if the third parties (mostly minors) involved personally testify at trial. Dkt. No. 156. All of these claims are spurious. As further detailed below, the chats were recovered from the defendant's electronic devices and are self-authenticating under Federal Rule of Evidence 902(14). The chats are admissible on a number of grounds, including, but not limited to: they are

admissions/statements against interest by the defendant; they involve images that are not statements; they involve non-hearsay questions, commands, and statements of third parties (who are identified and unidentified minors) that are not offered for the truth of the matter; they are statements that provide circumstantial evidence of the defendant's involvement and knowledge; and they are statements illustrating the defendant's state of mind. Lastly, while the defendant certainly has a Sixth Amendment right to confront witnesses against him, he is not guaranteed a witness related to otherwise admissible evidence. For these reasons, the defendant's motion should be rejected in its entirety and the government would ask the Court to admit these electronic chats at trial.

**ARGUMENT**

**I.   The Electronic Chats Recovered from the Defendant's Residence Are Self-Authenticating Under Rule 902(14)**

Federal Rule of Evidence 902 catalogues certain categories of evidence that are "self-authenticating" and "require no extrinsic evidence of authenticity in order to be admitted." Contrary to the defendant's claims, each of the electronic records at issue here are self-authenticating and should be admitted without any further evidence of authenticity. The defendant mistakenly posits that the electronic chats in this case are business records that were recovered from a third party (like an email provider) and references certification of business records under Rule 902(11). *See* Dkt. No. 156 ("While business records from providers may be self-authenticating for subscriber metadata—such as which users were in conversation with one another—such records are insufficient to authenticate the substance of the conversations themselves."). His arguments about business records produced by a third party are inapposite since this case involves electronic chats recovered from the defendant's devices, which are instead covered by Rule 902(14). His misunderstanding is clear since he does not even reference the

clearly applicable rule governing this type of evidence in either his motion or memorandum.

Specifically, Rule 902(14) provides that "Certified Data Copied from an Electronic Device" that is authenticated by a process of digital identification is self-authenticating. These electronic devices here were recovered from the residence of the defendant. They were copied by forensic examiners who used a process of digital identification. They are therefore self-authenticating and the defendant's claims to the contrary are completely without merit.

## II. The Electronic Chats Involving the Defendant and Third Parties Are Admissible Non-Hearsay

The Federal Rules of Evidence typically prohibit the receipt at trial of out-of-court statements offered to prove the truth of the matter asserted. Fed. R. Evid. 801, 802. However, out-of-court statements made by the defendant are admissible by the government in a criminal trial to prove the truth of the facts stated therein. *See* Fed. R. Evid. 801(d)(2)(A); *United States v. Matlock*, 415 U.S. 164, 172 (1974) (finding that a party's "own out-of-court admissions . . . surmount all objections based on the hearsay rule . . . and [are] admissible for whatever inferences the trial judge [can] reasonably draw."). A number of cases have recognized the application of this rule with regard to electronic evidence. *See, e.g., United States v. Burt*, 495 F.3d 733, 738 (7th Cir. 2007) (admitting portions of an online chat communication that represented defendant's writings as admissions by a party opponent under Rule 801(d)(2)); *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000) (noting that the emails "sent by Siddiqui constitute admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A)"); *United States v. Safavian*, 435 F. Supp. 2d 36, 43 (D.D.C. 2006) ("The [email] statements attributed directly to Mr. Safavian come in as admissions by a party opponent under Rule 801(d)(2)(A) of the Federal Rules of Evidence.").

The statements of other participants to a conversation may be admitted as non-hearsay on a number of grounds. They can be admitted to provide context to the communication. *See, e.g.,*

*United States v. Manning*, 738 F.3d 937, 943-944 (8th Cir. 2014) (holding that statements of unknown parties in chats with defendant in child pornography case were not hearsay because they were not offered for their truth, but rather to provide context for defendant's responses); *United States v. Cooke*, 675 F.3d 1153, 1156 (8th Cir. 2012) (holding that unknown person's statement in sexually explicit email was not hearsay because it was not offered for truth, but to provide context for defendant's response); *United States v. Lebowitz*, 676 F.3d 1000, 1009-10 (11th Cir. 2012) (holding that printouts of internet chat conversations between victim and defendant were properly authenticated and admitted into evidence); *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) (holding that transcripts of instant messenger conversations between detective and defendant in form of word processing document created by the detective using cut-and-paste method that preserved conversations in their entirety were properly authenticated and admitted); *United States v. Burt*, 495 F.3d 733, 738-739 (7th Cir. 2007) (holding that online chats were admissible because they were not offered for their truth but to provide context for defendant's admissions); *United States v. Dupre*, 462 F.3d 131, 136-37 (2d Cir. 2006) (holding that emails from investors demanding information about defendant's fraudulent scheme were not hearsay when offered to provide the context for the defendant's message sent in response and to rebut argument that she did not know the scheme was fraudulent; finding no Confrontation Clause issues arose because the statements were offered for a non-hearsay purpose); *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005) (holding that the government should be permitted to introduce the balance of telephone conversations to put the statements of the other parties to the conversations "into perspective and make them intelligible to the jury and recognizable as admissions."); *United States v. Simpson*, 152 F.3d 1241, 1249-50 (10th Cir. 1998) (finding that chat logs were sufficiently authenticated and properly admitted by trial court).

Notably, questions or commands do not generally constitute hearsay. *See United States v. Bellomo*, 176 F.3d 580, 586-87 (2d Cir. 1999); *United States v. Dominguez-Gabriel*, 511 F. App'x. 17, 20 (2d Cir. 2013); *Quartararo v. Hanslmaier*, 186 F.3d 91, 98 (2d Cir. 1999); *United States v. Wright*, 343 F.3d 849 (6th Cir. 2003) ("[A] question is typically not hearsay because it does not assert the truth or falsity of a fact. A question merely seeks answers and usually has no factual content."). Additionally, an out-of-court statement made by a third party is not hearsay if offered as circumstantial evidence of the defendant's state of mind, rather than for its truth. *United States v. Detrich*, 865 F.2d 17, 21 (2d Cir. 1988); *United States v. Dunloy*, 584 F.2d 6, 11 (2d Cir. 1978). Such evidence of intent, planning, pattern, or knowledge is admissible as non-hearsay. Finally, statements are admissible as non-hearsay to show the effect on the listener, *i.e.,* to demonstrate what if any actions the defendant took, or responses the defendant gave, based on the third party's statements. *See* Fed. R. Evid. 801(c); *United States v. Shaw*, 824 F.3d 624, 630 (7th Cir. 2016) (noting that effect on the listener is a valid non-hearsay purpose); *United States v. Dupree*, 706 F.3d 131, 136 (2d. Cir 2013) ("[A] statement offered to show its effect on the listener is not hearsay."); *United States v. Payne*, 944 F.2d 1458, 1472 (9th Cir. 1991) ("We find that the statement properly was treated as non-hearsay because it was not introduced for the truth of the matter asserted. The statement was introduced . . . to show the effect on the listener[.]").

**III. The Admission of Electronic Chats Recovered from the Defendant's Devices That Meet Firmly Rooted Hearsay Exceptions Does Not Violate the Sixth Amendment Right to Confrontation**

The defendant cites *Idaho v. Wright*, 497 U.S. 805 (1990), to justify his extraordinary argument that the Sixth Amendment should overcome decades of experience with the firmly recognized admission of non-hearsay statements in federal criminal trials based on the Confrontation Clause. Dkt. No. 156 at 6. *Wright* involved a defendant who was convicted in a

state matter based on the testimony of a doctor who reported an incriminating statement from a child about abuse. The oral testimony was originally admitted under a state residual hearsay exception and the child did not testify. The Supreme Court found that "Idaho's residual hearsay exception is not a firmly rooted hearsay exception for Confrontation Clause purposes" and therefore disallowed the incriminating statement's admission. *Wright*, 497 U.S. at 805. *Wright* specifically noted that, where the statement falls within "a firmly rooted hearsay exception," such testimony would be permitted. *Id.* at 815–17 (*citing Ohio v. Roberts,* 448 U.S. 56 (1980)). It is obvious that well-defined hearsay exceptions in the Federal Rules of Evidence are firmly rooted and the Court should decline the defendant's invitation to ignore decades of jurisprudence.

Unlike *Wright*, the electronic evidence here does not involve testimony of an individual communicating an incriminating statement against the defendant by another third party that is based on a state evidentiary rule. It instead involves contemporaneous electronic evidence involving the defendant and third parties that fit into firmly rooted federal hearsay exceptions and that have been found repeatedly to not violate the Confrontation Clause. The defendant certainly has a Sixth Amendment right to confront witnesses against him, but he is not guaranteed a witness related to otherwise admissible evidence. To rule otherwise would seriously undermine the firmly established hearsay exceptions in the Federal Rules of Evidence, which are constitutionally appropriate, and complicate the ability of parties to conduct a trial efficiently as has been done in this Court for decades.

## CONCLUSION

For all these reasons, the defendant's motion should be denied and the government would ask the Court to admit these electronic chats recovered from the defendant's devices at trial.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

_____/s/_____
Jay V. Prabhu
Assistant United States Attorney
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: jay.prabhu@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:       /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov