IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v.  ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: February 9, 2021 |
| *Defendant.* ) | |
| ) | |

**UNITED STATES' RESPONSE TO THE DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE LAY WITNESS OPINION**

The United States of America, by and through undersigned counsel, hereby responds in opposition to the defendant's motion *in limine* seeking to exclude lay witness opinion. *See* Dkt. Nos. 160 and 161. In the government's notice of expert testimony under Rule 16(A)(1)(G), the government makes clear that its designated experts will testify about the process of forensic imaging of electronic devices, as well as personal reviews of the resulting evidence. Dkt No. 126, at 1. The government suggested that *much* of the testimony will be "in the nature of fact witnesses, explaining how they located and/or preserved certain evidence from the devices and evidence they examined." *Id.* The defendant in his motion has conflated the evidence-review process with the forensic processing of the evidence (only the latter of which requires specialized knowledge) to suggest that the expert witnesses may be asked to give lay *opinion* testimony. *See* Dkt. No. 161, at 1-2. The government has merely provided notice of its potential expert testimony and noted that the witnesses are expected to also testify about facts. The defendant's motion is premature, at best, and should be denied.

The defendant misleadingly states that "these three witnesses will *only* 'testify in the nature of fact witnesses[.]'" Dkt. No. 161, at 2 (emphasis added). In fact, the government's Rule 16(A)(1)(G) Notice actually indicates:

> These witnesses will testify regarding their specialized knowledge of the imaging and forensic examination of computers and digital media. Generally, the witnesses will be asked to explain their respective training and background, the nature of the examinations they conducted in this case, and the methods and tools they used to assist in their examinations. The government submits that these witnesses will testify in the nature of fact witnesses, explaining how they located and/or preserved certain evidence from the devices and evidence they examined.

Dkt. No. 126, at 1. Obviously, the defendant's dismissal of part of the notice that talks about "specialized knowledge" and other details that have been selectively ignored by using the qualifier "*only*" is inappropriate. The filing gives explicit notice of expected expert testimony and the defendant's attempted limitation is without merit. Notably, the defendant does not cite any specific portion of the noticed expert testimony that is actually inadmissible.

Even if there were a specific allegation of testimony being lay opinion, the defense also mischaracterizes the admissibility of lay opinion testimony. Rule 701 "permits lay opinion testimony as long as it is based on the witness' own perception, is helpful to the jury in understanding facts at issue or that witness' testimony, and is 'not based on scientific, technical, or other specialized knowledge.'" *United States v. Hoston*, 728 F. App'x. 223, 223-24 (4th Cir. 2018) (quoting Fed. R. Evid. 701). As long as a witness's testimony is based on his or her own "eyewitness observations" or "contemporaneous perceptions," courts will admit lay witness testimony under Rule 701 even if that testimony also incorporates elements of the witness's "particularized experience." *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (upholding admission of testimony of police officer based on the officer's "particularized experience"). While the Rule "forbids the admission of expert testimony dressed in lay witness

clothing, . . . it '*does not* interdict all inference drawing by lay witnesses.'" *Id*. (quoting *United States v. Santos*, 201 F.3d 953, 963 (7th Cir. 2000)) (emphasis added). Indeed, lay witnesses are permitted to "express a lay opinion" even on topics that might *also* be the proper subject of expert testimony so long as the lay opinion is properly "based on past experience and observation." *United States v. Hubbard*, No. 91-5272, 1993 WL 326615, at *5 n.15 (4th Cir. Aug. 27, 1993) (unpublished); *see also United States v. Sanjar*, 876 F.3d 725, 738 (5th Cir. 2017) ("Even if [opinion] testimony requires some specialized knowledge, it is admissible so long as the lay witness offers straightforward conclusions from observations informed by his or her experience"); *United States v. Paiva*, 892 F.2d 148, 157 (1st Cir. 1989) ("No longer is lay opinion testimony limited to areas within the common knowledge of ordinary persons. Rather, the individual experience and knowledge of a lay witness may establish his or her competence, without qualification as an expert, to express an opinion on a particular subject outside the realm of common knowledge.").

Returning to the defendant's motion, nowhere does he indicate what specific lay opinion testimony he is attempting to preclude. He indicates that:

> Opinion testimony about the imaging and forensic examination of computers and digital media is undeniably based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. The Fourth Circuit has recognized that "many courts have noted that the process of forensic data extraction requires specialized knowledge or skill conducive to expert testimony." *United States v. Stanley*, 533 F. App'x 325, 327 (4th Cir. 2013). That is so because "the process of forensic data extraction requires some specialized knowledge or skill or education that is not in possession of the jurors." United States v. *Yu*, 411 F. App'x at 566–67 (4th Cir. 2010).

Dkt. No. 161, at 3. But the proffered opinion testimony related to forensic data extraction is, in fact, in the *expert* notice provided by the government. See Dkt. No. 126, at 1 ("These witnesses will testify regarding their specialized knowledge of the imaging and forensic examination of

3

computers and digital media. Generally, the witnesses will be asked to explain their respective training and background, the nature of the examinations they conducted in this case, and the methods and tools they used to assist in their examinations."). Therefore, the defendant is asking the Court to exclude potential expert testimony with a proper foundation because the witness could also provide potentially lay opinion testimony. He does not, as he must, specify how the proffered testimony is actually excludable.

"District courts routinely deny a motion *in limine* that does not specify the evidence or argument to be excluded because such a motion is premature." *A. Hak. Indus. Servs. BV Techcorr USA, LLC v. A. Hak. Indus. Servs. B.V.*, No. 3:11cv74, 2014 WL 12591696, at *1 (N.D.W. Va. Dec. 18, 2014) (collecting cases). Put differently, a court should not "issue a blanket ruling barring opinion testimony from lay witnesses without any specificity." *Harris v. Q&A Assocs., Inc.*, No. 2:16cv46, 2018 WL 3084709, at *9 (N.D.W. Va. June 22, 2018); *see also United States v. Verges*, No. 1:13cr222, 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014) ("[O]rders in limine which exclude broad categories of evidence should rarely be employed.") (internal citations omitted) (Cacheris, J.)). Here, the defendant fails to identify any *specific* excludable testimony. Without more, the defendant's motion fails.

An expert witness, as the Court is well aware, can also testify about facts in his or her personal knowledge, but the government is only required to provide notice of his or her expert opinion testimony pre-trial through a notice under Rule 16(A)(1)(G). The remainder of his or her testimony is subject to the normal rules that govern the presentation of evidence at trial. If a witness can testify, for example, about specific relevant documents and other data that was on the device, this testimony is not opinion and should not be precluded. At trial, the government intends to make clear when testimony is expert opinion and when it is fact. The Court and the defendant

4

will have the full and fair opportunity to review the qualifications and nature of the testimony during the trial, and the government expects to satisfy the requirements of Federal Rule of Evidence 902(14), which explicitly governs the extraction of data from electronic devices. To make a ruling prior to trial excluding such evidence cannot be justified.

## CONCLUSION

The defendant's motion does not adequately specify what it seeks to exclude, seeks to exclude testimony the United States does not intend to offer, and seeks an overbroad ruling excluding potentially admissible testimony. As such, the defendant's motion *in limine* should be denied.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney


  /s/
Jay V. Prabhu
Assistant United States Attorney
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: jay.prabhu@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

      By:    /s/
      William G. Clayman
      Special Assistant United States Attorney (LT)
      United States Attorney's Office
      Eastern District of Virginia
      2100 Jamieson Avenue
      Alexandria, Virginia 22314
      (703) 299-3700
      Email: william.g.clayman@usdoj.gov