IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: February 9, 2021 |
| *Defendant.* ) | |
| ) | |

## UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION *IN LIMINE* IN OPPOSITION TO NOTICE PURSUANT TO FEDERAL RULE OF EVIDENCE 414

The United States of America, by and through the undersigned counsel, hereby files this response to the defendant's motion and supporting memorandum opposing the government's notice to present evidence pursuant to Federal Rule of Evidence 414. Dkt. Nos. 153 and 154. For the reasons stated below and in the government's motion *in limine* for an order on the admissibility of evidence pursuant to Federal Rules of Evidence 404(b) and 414, *see* Dkt. No. 165, the government respectfully requests that the Court deny the defendant's motion.

### BACKGROUND

The defendant has been charged in a 12-count indictment with production, receipt, and possession of child pornography. Dkt. No. 29. On November 17, 2020, the government notified the defendant of its intent to introduce certain evidence of the defendant's uncharged child molestation offenses pursuant to Federal Rule of Evidence 414. Dkt. No. 133. The evidence is statements the defendant made in a voluntary interview with law enforcement during the search of his home regarding his prior acts of receiving child pornography using a mobile messaging application, accessing websites on the dark web to view child pornography, and downloading and storing child pornography from the internet. *Id.* at 4.

On December 18, 2020, the government filed a motion *in limine* to introduce certain evidence pursuant to Federal Rules of Evidence 404(b) and 414, namely the statements referenced in the Rule 414 Notice. Dkt. No. 165. In the motion, the government argues that the defendant's admissions to these other acts: (1) should be admitted as evidence that is intrinsic to the charged offense of possession of child pornography; (2) should be admitted as evidence under Rule 414 because they constitute other acts of child molestation that are relevant and similar to the charged conduct; and (3) should be admitted as evidence under Rule 404(b) because they are relevant, reliable, and not unfairly prejudicial. *Id.* at 2–15.

Also on December 18, 2020, the defendant filed a motion *in limine* and memorandum opposing the government's Rule 414 Notice. Dkt. Nos. 153 and 154. He seeks to exclude the evidence noticed in the government's Rule 414 Notice, arguing: (1) that the Rule 414 Notice does not specifically identify his statements the government may introduce; (2) that the other child molestation offenses are not sufficiently similar or close enough in time to the charged conduct, and that his own admissions are unreliable; (3) that his admissions do not prove the uncharged conduct by a preponderance of the evidence; and (4) that his admissions are unfairly prejudicial. Dkt. No. 154 at 2–6. For the reasons below and in the government's motion *in limine*, Dkt. No. 165, the defendant's motion should be denied.

## ARGUMENT

At trial, the government anticipates seeking to introduce evidence related to the statements and admissions the defendant made to law enforcement in a recorded interview during the search of his home. This evidence will come in the form of testimony from a special agent with the Federal Bureau of Investigation, as well as excerpts of the recorded interview. The testimony and excerpts will include portions of the interview in which the defendant: (1) admits that, as a teenager, he received child pornography images and "some Dropbox things" containing child

2

pornography over a mobile messaging application known as Kik, *see* Ex. 1; (2) admits to using the internet, via a dark web network known as The Onion Router or "Tor," to navigate to websites containing child pornography and downloading a file from a child pornography website containing "multiple files" to his computer, *see* Ex. 2; (3) admits that, about a month before the interview, he moved the child pornography files to a flash drive from his laptop, which had been retrieved for him during the interview to show law enforcement the websites he visited, *see* Ex. 3; and (4) admits that after receiving child pornography via Kik when he was younger, he decided to access websites on Tor because he was "curious" to see the child pornography available, *see* Ex. 4.[1]

## I. The Evidence of the Defendant's Other Online Child Molestation Offenses Satisfies Rule 414's Prerequisites for Admission

The defendant does not appear to dispute that the proffered evidence satisfies the baseline prerequisites for admission under Rule 414, nor could he. The defendant has been charged with child molestation offenses as defined by Federal Rule of Evidence 414(d)(2)(B), so the government may introduce evidence of the defendant's other child molestation offenses under Rule 414. Further, the proffered Rule 414 evidence qualifies as other child molestation offenses because the defendant's prior instances of receiving and accessing child pornography online via Kik, accessing Tor websites in order to view child pornography, and downloading child pornography from Tor qualify as crimes under chapter 110 of Title 18 of the U.S. Code. Fed. R. Evid. 414(d)(2)(B).

---

[1] While the defendant asserts that the government's Rule 414 Notice was too general to know what statements the government intends to introduce, he proceeds to argue in his motion why the specific statements he made regarding his use of a mobile messaging application to receive child pornography should not be admitted at trial. Dkt. No. 154 at 2–4. In any event, the government has now identified specific portions of the defendant's recorded interview it anticipates introducing at trial as Rule 414 evidence.

Finally, the proffered Rule 414 evidence is relevant because it provides context for how the defendant amassed the child pornography he possessed and demonstrates his long-standing interest in child pornography, which underscores that he is the one who produced, received, and possessed child pornography as charged in the indictment. Fed. R. Evid. 414(a) ("The evidence may be considered on any matter to which it is relevant."); Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Indeed, the similarities between the charged conduct—using mobile messaging applications to coerce minors to produce child pornography, receiving that child pornography, and possessing child pornography—and the uncharged conduct from the Rule 414 Notice—receiving child pornography over a mobile messaging application and accessing and downloading child pornography from the internet—give rise to a presumption of admissibility. *See Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 156 (3d Cir. 2002).

## II. The Evidence of the Defendant's Other Online Child Molestation Offenses Satisfies the *Kelly* Factors

The defendant dedicates the bulk of his motion to arguing that the proffered Rule 414 evidence does not satisfy the Rule 403 balancing test set forth in *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007). Dkt. No. 154 at 3–5. As the government explained in its motion in *limine*, Dkt. No. 165 at 7–8, in the Fourth Circuit, courts are to engage in a specialized Rule 403 analysis of Rule 414 evidence by considering at least the following five factors: "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense." *Kelly*, 510 F.3d at 437. Contrary to the

4

defendant's arguments, these factors overwhelmingly support admitting the evidence related to the defendant's other online child molestation offenses.

The defendant first argues that the other child molestation offenses are not sufficiently similar to the charged offenses because the two categories of offenses might involve different types of child pornography and because his charged conduct does not involve the use of Tor. Dkt. No. 154 at 3–4. As an initial matter, the proffered Rule 414 evidence involves admissions that the defendant received images depicting "sexual things happening" with "boys," which is, indeed, very similar to the child pornography at issue in the indictment. Moreover, the defendant's focus on Tor misses the point. At base, the uncharged child molestation offenses involve the defendant's use of the internet to access, receive, and possess child pornography. That is precisely what the defendant is charged with doing here. In fact, the only meaningful difference between the charged conduct and the prior conduct is that he is now actively soliciting child pornography from minors as opposed to seeking out pre-existing child pornography. Thus, "the similarity between the previous offense and the charged crime," *Kelly*, 510 F.3d at 437, weighs heavily in favor of admission, *see United States v. Rice*, 347 F. App'x 904, 906 (4th Cir. 2009) (holding that prior acts evidence was similar enough for admission in child pornography trial where prior acts involved "showing [a victim] child pornography, as well as taking pictures of [the victim's] genitalia"); *United States v. Majeroni*, 784 F.3d 72, 76–77 (1st Cir. 2015) ("The fact that the prior conduct was similar to the charged conduct enhanced its presumed probativeness.").

The defendant next argues that the temporal proximity between the charged conduct and the other child molestation offenses does not warrant admissibility. Dkt. No. 154 at 4. The relevant precedent shows that not to be the case. The defendant is charged with receiving child pornography on various dates from 2017 through 2020, and possessing child pornography in

February 2020. Dkt. 29, at 3–4. The defendant admitted in his interview that he received child pornography through mobile messaging applications when he was around 14 years' old, and that he had moved the child pornography he obtained from Tor on his laptop to an external drive as recently as a month before the interview, which was in February 2020. Thus, the uncharged Rule 414 conduct spans roughly twelve years, all the way through and including the charged timeframe. The Fourth Circuit and other courts have affirmed admitting Rule 414 evidence that occurred decades before the charged crimes. *See United States v. Mason*, 532 F. App'x 432, 437 (4th Cir. 2013) (admitting decades-old evidence of molestation in child pornography trial); *Kelly*, 510 F.3d at 437 (finding a 22 year intervening period did not render the prior acts inadmissible); *United States v. Emmert*, 825 F.3d 906, 909 (8th Cir. 2016) (finding a 20 year intervening period to be acceptable); *United States v. Carino*, 368 F. App'x 929, 929 (11th Cir. 2010) (admitting, in child pornography trial, decades-old evidence that the defendant molested his younger sister when he was 16); *United States v. Eiker*, 2:17-CR-72 (MSD) 2017 WL 6459510, at *3 (E.D. Va. Dec. 18, 2017) (noting that "the intervening period between alleged prior acts and the instant charges— somewhere between eleven and twenty-one years—does not render the prior acts inadmissible").

Third and fourth, "the frequency of the prior acts," and "the presence or absence of any intervening acts" cut in favor of admission. There is no evidence of intervening acts that would render this evidence less probative or reliable. And even if these were only occasional instances of prior conduct on the part of the defendant, that does not undercut the probity of the evidence.

The defendant last argues that the evidence of his prior online child molestation offenses is not reliable because there is no jury finding of guilt. Dkt. No. 154 at 6. As many courts have recognized, however, uncharged conduct is admissible under Rule 414. *See, e.g.*, *United States v. Lewis*, 318 F. App'x 1, 1 (D.C. Cir. 2009) (finding defendant's uncharged possession of child pornography admissible under Rule 414 in prosecution for attempted coercion and enticement of a

6

minor); *United States v. McHorse*, 179 F.3d 889, 898 (10th Cir. 1999) (noting that "clearly under Rule 414 the courts are to liberally admit evidence of prior uncharged sex offenses." (internal quotation marks omitted)).  Moreover, the defendant himself admitted to these acts.  In fact, as the evidence will make clear, the defendant asked for his laptop during his interview, showed law enforcement sites he accessed on Tor to view child pornography, and provided law enforcement with his credentials to log in to a child pornography site.  That the forensic examination established that the defendant did indeed have a collection of child pornography underscores the reliability of his admissions and proves that he engaged in this prior conduct by a preponderance of the evidence.

### III. The Evidence of the Defendant's Other Online Child Molestation Offenses Is Not Unfairly Prejudicial

The defendant last hypothesizes that the proffered Rule 414 evidence is unfairly prejudicial because the government may seek to introduce evidence about the kinds of "egregious content" on the child pornography websites he admitted to accessing.  As noted above, however, the government intends to introduce evidence that focuses on the defendant's admissions during the voluntary interview.  The government does not intend to introduce testimony about the many horrific depictions of child sexual abuse on the websites the defendant admitted to accessing.  Moreover, while all Rule 414 evidence carries some inherent prejudice, courts have repeatedly held that it is the type of prejudice contemplated by Congress and thus should not be considered unfair prejudice under Rule 403.  *See Rice*, 347 F. App'x at 906 (noting that "past sexual abuse [evidence] was certainly prejudicial to Rice's defense, it was not *unfairly* prejudicial.  Instead, 'it was prejudicial for the same reason it is probative-' it tends to prove that Rice has a deviant sexual attraction towards children" (quoting *Kelly*, 510 F.3d at 438) (emphasis in original)).  Finally, where, as here, the Rule 414 evidence is so similar to the crimes charged, courts have found that the evidence adds little marginal prejudice.  *See Eiker*, 2017 WL 6459510, at *3 (noting that "while

7

the prior acts here are clearly disturbing, they do not have a strong danger of causing unfair prejudice because they concern similar types of sexual exploitation to those for which Defendant has been charged").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's motion *in limine*.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov