IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: Jan. 15, 2021 |
| Defendant. | Trial: Feb. 9, 2021 |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION IN LIMINE TO ADMIT CERTAIN RECORDS AND EVIDENCE**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Response to the Government's Motion In Limine to Admit Certain Records and Evidence (ECF No. 164).

The Government asks this Court to rule on the admissibility of certified birth certificates of government witnesses 1, 3, 4, and 5. Assuming that the birth certificates are true and accurate copies of the certificates issued by the offices of vital records in the government witnesses' birth states, the defense does not object to the certificates being offered as true and accurate copies.

In order to admit the birth certificates into evidence, however, the Government still needs to establish, through testimony by an appropriate witness—i.e., the individual identified in the birth certificate—with personal knowledge, that each individual birth certificate belonged to a specific person who was in fact chatting online with Mr. Sanders at the relevant date(s) and time(s). Fed. R. Evid. 602; Fed. R. Evid. 901(a)-(b)(1). Otherwise, there is no connection between the birth certificates and the charged conduct.

Without such testimony from a person with knowledge, the birth certificates are not relevant, risk confusing the issues, and are more prejudicial than probative, and Mr. Sanders

objects to their admission.  Further, to the extent that the Government intends to introduce testimony matching the birth certificates to any individual through any witness other than the individual identified in the birth certificate, Mr. Sanders objects to such testimony as hearsay and as a violation of his Confrontation Clause rights under the Sixth Amendment.  *See* ECF No. 156 at 5-8.  Mr. Sanders incorporates by reference the arguments made in ECF No. 156 at 5-8.  An FBI agent cannot simply claim that a birth certificate belongs to someone who participated in a particular online conversation.  Instead, a witness with personal knowledge needs to testify that they in fact participated in a particular online conversation with a particular user at the relevant date(s) and time(s), and that a particular birth certificate belongs to them.  Because testimony from an appropriate witness is required to lay the foundation for the relevance and admissibility of the birth certificates, this Court should defer ruling on the admissibility of each birth certificate until such testimony has been offered.

      Mr. Sanders has no objection to the trade inscriptions being self-authenticating evidence under Rule 902(7) provided the Government calls an appropriate witness with personal knowledge who can lay an appropriate foundation.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

3

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

                                            */s/ Emily Voshell*
                                            Emily Voshell