**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: Jan. 15, 2021 |
| Defendant. | Trial: Feb. 9, 2021 |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO
PERMIT PRESENTATION OF CHILD PORNOGRAPHY EVIDENCE**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Opposition to the Government's Motion in Limine to Permit Presentation of Child Pornography Evidence (ECF No. 162).

The Government seeks to publish to the jury images and videos of "minors engaged in sexually degrading conduct or inflicting pain on themselves," of alleged minor victim 6 "engaged in sexually explicit conduct," and of "minors engaged in . . . anal and oral sex and sadistic or masochistic abuse." ECF No. 162 at 1-2. While the Government acknowledges that it "does not intend to publish the entirety of every video . . . or every image," but "seeks to introduce only clips and, in some instances, still images from a representative selection of the videos," the Government does not indicate which particular videos or stills it intends to use, how it has determined what constitutes a representative selection, or why it is entitled to introduce a representative selection in the first instance.

It appears that the Government is attempting to cherry-pick the images and videos it considers to be most prejudicial to Mr. Sanders precisely to bias the jury against him. The

defense disputes that the images and videos that the Government describes form a representative selection of content extracted from the devices or of content that could be considered contraband. When the defense has reviewed evidence at the U.S. Attorney's Office, the Government has not flagged any particular images or videos, of the hundreds of thousands of images that were extracted from numerous devices, as constituting a representative selection or those it specifically intended to publish to the jury.

The Government's Motion is far too general for this Court to assess adequately the admissibility of the evidence and this Court should reject the Motion on that basis alone. Furthermore, this Court should deny the Government's request because the images and videos are far more prejudicial than probative.  Fed. R. Evid. 403.

## ARGUMENT

I.      **The Government's Motion should be denied because it fails to identify what evidence the Government intends to publish to the jury.**

The Government's Motion fails to identify with specificity what evidence—specifically which particular image and video files and what those images and videos depict—the Government intends to publish to the jury.  In order for the defense to adequately respond and for this Court to adequately assess whether the evidence should be excluded under Rule 403, the Government must describe the evidence with sufficient specificity as to which image and video files it will seek to introduce and what those image and video files portray.  Mr. Sanders and his defense team have never reviewed the images and video files that the Government is seeking to publish to the jury, as the Government has never specifically identified any particular images and video files, out of the hundreds of thousands that were extracted from various devices, as the ones it intends to use at trial or publish to the jury.

The Government seized electronic devices from the Sanders' family home and then extracted all images and videos from such devices. Because some of the images and videos allegedly contain contraband, Mr. Sanders and his counsel do not have unfettered access to the Government's evidence. Rather, Mr. Sanders must make an appointment through the Government in order to view the images and videos. Mr. Sanders has twice been to the U.S. Attorney's Office to review evidence extracted from the seized devices, on November 18, 2020, and December 8, 2020;[1] however, he has only been able to review a small portion of that evidence. The Government has extracted what appear to be over 750,000 image and video files from a number of different devices, which consist of all the image or video files that were ever saved on those devices, regardless of whether they are contraband or not (and the vast majority likely are not). There is no meaningful way for Mr. Sanders to sift through these files. Furthermore, the Government has not identified for Mr. Sanders which particular files it is seeking to publish. Because the Government's vague Motion does not allow the defense or Court to make the assessment required by Rule 403, the evidence should not be published to the jury.

II.     **The Government's Motion should also be denied under Rule 403 because the images and videos are far more prejudicial than probative and will cause undue delay in the presentation of evidence, waste time, and needlessly present cumulative evidence.**

The Government's Motion should additionally be denied because the images and videos it seeks to publish are far more prejudicial than probative and will cause undue delay in the presentation of evidence, waste time, and needlessly present cumulative evidence. Fed. R. Evid.

---

[1] Mr. Sanders has not been able to return to review additional evidence since December 8, 2020, because of a subsequent outbreak of COVID-19 at Alexandria Detention Center ("ADC"). All inmate takeouts from ADC have been cancelled. It is unclear when Mr. Sanders will next be able to return to review the evidence against him.

403.  "Whether evidence is more probative than prejudicial under Rule 403 requires a

determination of whether the risk that the jury will be excited to irrational behavior is

disproportionate to the probative value of the evidence."  *United States v. Brooks*, 189 F. App'x

284, 286 (4th Cir. 2006) (quotation marks and citations omitted).  Thus, evidence should be

excluded where, as here, it is "the kind of evidence which might incite a jury to render an

irrational verdict based on emotion."  *United States v. Holloman*, 238 F.3d 416 (4th Cir. 2000).

To convict Mr. Sanders of production of child pornography, the Government claims that

a visual depiction of a minor engaged in sexually explicit conduct was *produced according to the*

*defendant's instructions*.  That is not so.  The Government need only prove beyond a reasonable

doubt that a visual depiction of that conduct was produced.  The Government cites no authority

for its claim that it must prove that any visual depiction was produced "according to the

defendant's instructions," ECF No. 162 at 3, nor does it ask the Court to instruct the jury

accordingly in its proposed jury instructions, *see, e.g.,* ECF No. 159 at 37.  Testimony from a

purported minor that he did in fact produce a visual depiction would allow the jury to infer,

without actually viewing inflammatory images or videos, that a visual depiction was produced.

Thus, the incremental probative value of the photos or videos is far outweighed by the certain

and considerable prejudice that would result from publishing the images or videos.[2]

To convict Mr. Sanders of possession of child pornography, the Government claims that

it must "show that the defendant knowingly possessed files depicting minors engaged in sexually

explicit conduct on the [five] devices described in Count 12 of the indictment."  ECF No. 162 at

3; *see also* ECF No. 29 at 4.  Again, this position is inconsistent with the Government's proposed

---

[2] It is unclear how many images or videos the Government will seek to introduce to attempt to convict Mr. Sanders of the production and receipt counts, any number of images or videos is unnecessary given the inference the jury can draw from testimony from the purported minors.

jury instructions.  *See, e.g.,* ECF No. 159 at 51-52 (omitting any reference in the statute defining the offense or the elements of the offense charged that the Government is required to show that Mr. Sanders possessed contraband on each of the five devices).

Furthermore, the images and videos that the Government has apparently selected relating to Count 12 seem to be images and videos that would be particularly inflammatory and, frankly, potentially traumatizing, for the jury to observe: they apparently consist entirely (or almost entirely) of images and videos of "minors engaged in . . . anal and oral sex and sadistic or masochistic abuse."  ECF No. 162 at 2.  Allowing the Government to publish such inflammatory images and videos, including from each of the five devices described in Count 12, would unfairly prejudice Mr. Sanders, cause undue delay in the presentation of evidence, waste time, and needlessly present cumulative evidence.  Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, Mr. Sanders respectfully requests that this Court deny the Government's Motion to publish to the jury child pornography files.

Respectfully submitted,

       /s/

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will then send a notification of such filing to counsel

of record.


<u>/s/ Emily Voshell</u>
Emily Voshell