IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on Defendant Zackary Sanders's Consent Motion to Continue Trial and Extend Deadline. Defendant, who currently stands charged with Production, Receipt, and Possession of Child Pornography, in violation of 18 U.S.C. 2251(a) and (e), 18 U.S.C. 2252(a)(2) and (b)(1), and 18 U.S.C. 2252(a)(4)(B) and (b)(2), requests, through counsel, a continuance of his February 9, 2021 trial date and an extension of the deadline for defendant to file motions *in limine* arising from review of seized devices and forensic examinations of seized items. Defendant has waived his speedy trial rights up to and including a new trial date in mid-April. The government consented to the motion. For the reasons stated below, defendant's consent motion to continue and extend deadline will be granted.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the 70-day speedy trial period based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy

1

Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance. *See* 18 U.S.C. § 3161(h)(7). For the reasons that follow, the consent motion will be granted and the time from February 9, 2021 through April 26, 2021 shall be excluded from the speedy trial calculation.

Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the calculation of the speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance.

A continuance is warranted in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Specifically, given the number of victims and the voluminous electronic discovery, much of which contains contraband material that can only be viewed at an appropriate government facility, this prosecution is sufficiently complex under 18 U.S.C. § 3161(h)(7)(B)(ii) such that it is unreasonable to expect adequate preparation for the trial within the time limits currently set by the Court pursuant to the Speedy Trial Act. This concern is particularly acute given defendant's recent Covid-19 diagnosis and the continuing Covid-19 outbreak at Alexandria Detention Center, which have introduced constraints to defendant's ability to communicate with counsel and review evidence. Accordingly, defendant would be unable to adequately prepare for trial within the current timeframe set by the Court, and the failure to grant the consent motion for a continuance in this matter would therefore result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, the Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), that the ends of justice are served by continuing the trial date in this matter from February 9, 2021, at 9:00 a.m. to April 26, 2021 at 9:00 a.m.

Additionally, defendant seeks to extend his motions *in limine* deadline for defense motions related to issues raised by forensic examination of evidence by defense experts and continued in-person review of evidence from seized devices. Defense counsel states that there have been difficulties conducting forensic review of evidence and therefore asks for an extension of time to conduct that review and file motions *in limine* that arise based on that review. Such an extension is appropriate.

Accordingly,

It is hereby **ORDERED** that defendant's Consent Motion to Continue Trial and Extend Deadline (Dkt. 192) is **GRANTED**. The trial date in this matter is **CONTINUED** from February 9, 2021, at 9:00 a.m. to Monday, April 26, 2021 at 9:00 a.m.

It is **FURTHER ORDERED** that the motion *in limine* deadline for defense motions related to issues raised by forensic examination of evidence by defense experts and continued in-person review of evidence from seized devices is **EXTENDED** to Friday, February 12, 2021 at 5:00 p.m.

It is further **ORDERED** that the final pretrial conference scheduled for January 15, 2021, is vacated and rescheduled for Friday, April 9, 2021 at 10:00 a.m.

It is further **ORDERED** that the period of delay resulting from the Court's continuance upon the consent motion—the period from February 9, 2021, to April 26, 2021—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 8, 2021

T. S. Ellis, III
United States District Judge

/s/

T. S. Ellis, III
United States District Judge