IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>    v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                         Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: April 9, 2021<br>Trial Date: April 26, 201<br><br>**EVIDENTIARY HEARING<br>REQUESTED** |

**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE
TO INTRODUCE EVIDENCE PURSUANT TO
<u>FEDERAL RULES OF EVIDENCE 404(B) AND 414</u>**

      Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Opposition to the Government's Motion in Limine to Introduce Certain Evidence Pursuant to Federal Rules of Evidence 404(b) and 414 (ECF No. 165).

      On November 17, 2020, the Government filed an Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 (ECF No. 133) ("Amended Notice").[1] Specifically, the Government noticed its intent to introduce testimony regarding Mr. Sanders's recorded interview with law enforcement from February 12, 2020, the date agents executed a search warrant at the Sanders' family home. Though the taped portion of Mr. Sanders's statement was over three hours long, the Government has not identified which portions of the statement it intends to introduce at trial. In that Amended Notice, the Government noticed its intent to introduce

---

[1] In its Amended Notice, the Government withdrew its previous 414 Notice, filed on November 2, 2020. ECF No. 127.

testimony regarding Mr. Sanders's recorded interview with law enforcement from February 12, 2020, the date agents executed a search warrant at the Sanders' family home.

On December 18, 2020, the Government filed a Motion in Limine to Introduce Certain Evidence Pursuant to Federal Rules of Evidence 404(b) and 414. Specifically, the Government asked this Court to permit it to introduce testimony regarding and excerpts of Mr. Sanders's recorded interview with law enforcement on February 12, 2020. The Government incorporated by reference its Amended Notice. ECF No. 165 at 2. The Government failed to provide any additional details or notice regarding which portions of Mr. Sanders's hours-long interrogation it hopes to introduce at trial.

This Court should deny the Government's request because Mr. Sanders objects to his statements being introduced on constitutional grounds because law enforcement failed to give Mr. Sanders *Miranda* warnings, despite the custodial setting, and because his statement was involuntarily given. Further, the Government has not identified which portions of Mr. Sanders's statement it intends to introduce at trial and both the Government's Notice and Motion are far too general for this Court to assess the admissibility of the evidence. Finally, the evidence fails the Rule 403 balancing tests set out in *United States v. Kelly*, 510 F.3d 433 (4th Cir. 2007) (governing 414 evidence) and *United States v. Byers*, 649 F.3d 197, 206 (4th Cir. 2011) (governing 404(b) evidence) and is more prejudicial than probative.

Mr. Sanders incorporates by reference, as if stated fully herein, the arguments made in his Motion to Suppress Statements and accompanying memorandum (ECF Nos. 149, 150) and his Motion in Limine in Opposition to the Government's Amended Notice and accompanying memorandum (ECF Nos. 153 and 154).

## ARGUMENT

**I.     The Government's Motion should be denied on Constitutional and *Miranda* grounds.**

In addition to the evidentiary reasons stated below, the Government's Motion to introduce evidence under Rules 404(b) and 414 should be denied on constitutional grounds.  Mr. Sanders hereby incorporates by reference, as if fully stated herein, his objections to the Government's introduction of his statements at trial for the reasons stated in his Motion to Suppress Statements and the Memorandum in support of that motion, as well as the attached exhibits (ECF Nos. 149, 150), and respectfully requests an evidentiary hearing on the same.  *See also* ECF No. 154 at 1 (Mr. Sanders's objection to the 414 evidence on constitutional grounds for the reasons stated in his Motion to Suppress Statements and accompanying Memorandum).  Specifically, as argued in more detail in his Memorandum (ECF No. 150), Mr. Sanders objects to the admission of his statements because law enforcement never gave him *Miranda* warnings, despite the fact that he was in custody.  Further, Mr. Sanders's statement to law enforcement was not voluntary.  For these reasons, the Government's Motion should be denied.

**II.    The Government's 404(b) and 414 requests should be denied because the Government fails to identify with specificity what evidence it intends to admit pursuant to Rules 404(b) and 414.**

For the reasons set forth in ECF Nos. 153 and 154, the Government's requests should be denied because its notice fails to provide the defense or this Court with notice of what specific portions of Mr. Sanders's three-hour-and-eighteen-minute-long taped statement to law enforcement it intends to introduce.  Because the Government's vague notice and Motion does not allow this Court to make the type of assessment the Fourth Circuit requires, the evidence should be excluded.

3

**III.   The Government's 404(b) and 414 requests should be denied because they fail to meet the Rule 404(b) and 414 balancing tests under Rule 403.**

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is *not* admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b) (emphasis added). Such evidence, however, may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 681, 686 (1988); *see also United States v. Siegel*, 536 F.3d 306, 317–18 (4th Cir.2008) (similar).

Although the Fourth Circuit has described Rule 404(b) as a rule of "inclusion," it has emphasized the narrow scope of exceptions under Rule 404(b) and set forth a test that must be met in order for evidence to be admissible. *United States v. Byers*, 649 F.3d at 206. The Government has failed to meet the requirements of *Byers* for admissibility. First, based on the limited representations contained in the Amended Notice and the Motion, the Rule 404(b) material is not relevant to an issue other than character. The Government notes its intent to introduce Mr. Sanders's statements about "(1) other prior instances in which he received child pornography using a mobile messaging application; (2) the process by which he found hidden services on Tor on which there was child pornography; and (3) other prior instances in which he downloaded and stored child pornography material from these hidden services." ECF No. 133 at 4; ECF No. 165 at 2 (exact same).

As to "(1) other prior instances in which he received child pornography using a mobile messaging application," the instances that Mr. Sanders described to law enforcement were those in which he received unsolicited child pornography when he was a juvenile because he was a

member of various chat groups dedicated to LGBTQ issues (not groups that were dedicated to child pornography). This evidence is not evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Fed. R. Evid. 404(b), nor is it relevant to the offenses charged. The Government would only be introducing this as improper character evidence to incorrectly suggest to the jury that because Mr. Sanders had received child pornography when he was a juvenile, that makes it more likely that he knowingly received child pornography approximately ten years later.

As to (2) and (3), accessing the Tor network or "these hidden services" is not relevant to any issue the jury needs to decide and is not intrinsic evidence. The indictment does not allege, and the defense is aware of no evidence, that use of the Tor network has anything to do with the alleged charges. As the Government explained at the hearing on the Motion to Compel, evidence of Mr. Sanders's activity on Tor cannot be considered intrinsic evidence:

> [T]he search warrant is **unrelated** to anything he has been charged with. The evidence we found in the search warrant is what the basis for all the charges are. So **he hasn't been charged with accessing child sexual abuse material on this TOR site**. He has been charged with **entirely different conduct** related to chats that we uncovered with various minors in which he had them produce child pornography.

7/31/20 Tr. at 19 (emphases added).

Mr. Sanders is not alleged to have contacted or communicated with any of the various alleged minors through the Tor network, nor is there any evidence the defense is aware of to show that any particular material was obtained from any particular Tor sites. The Government would only be introducing this as improper character evidence to incorrectly suggest to the jury that someone who goes on Tor is the type of person who downloads, produces, and receives child pornography and that on this occasion Mr. Sanders acted in conformity with that character trait. This is impermissible under 404(b).

5

Second, based on the limited representations contained in the Amended Notice and Motion, the Rule 404 material is not "necessary to prove an element of the crime charged . . . or to prove context." *Byers,* 649 F.3d at 206 (citing *United States v. Queen,* 132 F.3d 991, 995 (4th Cir.1997)). The vague timeline Mr. Sanders gave in his statement is not of sufficiently close proximity to the time frames alleged in the indictment—and therefore cannot constitute intrinsic evidence. Additionally, Mr. Sanders told the agents at one point that he received material over Kik (a messaging application) when he was a juvenile—13 or 14 years old himself. This is surely not temporally proximate enough to the current charges to warrant admissibility. And to the extent to which this Court finds that the Rule 404 alleged acts are temporally close and are relevant, Mr. Sanders's statements would be cumulative of other non-Rule 404(b) evidence. *See, e.g., United States v. Lighty*, 616 F.3d 321, 354 (4th Cir. 2010) ("if the Rule 404(b) evidence is entirely cumulative to other non-Rule 404(b) evidence available to the government, the Rule 404(b) evidence may not meet the necessity prong").

Third, the evidence is not reliable, because any statements made by Mr. Sanders were involuntary and were made under circumstances that show they were not reliable, and there is no technological or forensic evidence demonstrating that someone with the Sanders' family's IP address did in fact visit Tor sites and download child pornography from such sites. Mr. Sanders's statements were made after twenty-six armed agents and officers arrived at Mr. Sanders's home at 6:05 a.m., banged on the door, pointed guns at his parents, yelled an obscenity and pointed a gun at Mr. Sanders (who was naked and sleeping when they arrived), separated Mr. Sanders from his parents, chose not to give him *Miranda* warnings (despite his repeated remarks about a lawyer and not wanting to talk to law enforcement), and interrogated him for at least three hours and eighteen minutes when he had slept for less than two hours, had no prior

experience with law enforcement, and had recently been treated with extremely powerful steroids that can interfere with cognition, behavior, and mood. *See* ECF No. 150 at 16-19 (detailing why Mr. Sanders's statements were not voluntary). The evidence shows that Mr. Sanders made such statements involuntarily and under coercion. Law enforcement threatened to take all of Mr. Sanders's and his parents' electronic devices—on which they all depended for work—if he did not answer their questions. They made clear that they would not leave the Sanders' family home until he did. These circumstances do not show that the statements were reliable. Indeed, the Government fails to identify any evidence, other than Mr. Sanders's statements themselves, that it intends to introduce to show that Mr. Sanders's statements are reliable.

  Fourth, the probative value of the evidence is "substantially outweighed by its prejudicial effect." Fed. R. Evid. 403. The introduction of testimony regarding Tor and "these hidden services" is likely to confuse and inflame the jury. The defense is not aware of any forensic evidence in the Government's possession, custody, or control showing that Mr. Sanders visited, clicked on, or downloaded content from the target website or any particular Tor Onion Service website. Yet based on its Amended Notice and Motion, it appears the Government will try to introduce evidence of egregious content allegedly derived from such websites.

  Taken together, analysis under the *Byers* facts shows that Mr. Sanders's alleged statements are not relevant to issues other than character, are not relevant to prove an element or context—but even if they were, they would be cumulative to other evidence, are not reliable, and are substantially more prejudicial than probative. For all the reasons discussed in ECF Nos. 153 and 154, the statements are not admissible under Rule 414.

**CONCLUSION**

For the forgoing reasons, including those stated in ECF Nos. 149, 150, 153, and 154, Mr. Sanders respectfully requests that this Court deny the Government's request to introduce character evidence under Rule 404(b) and uncharged conduct under Rule 414(d)(2)(B).

Respectfully submitted,
<u>     /s/     </u>
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

                                  */s/ Emily Voshell*
                                  Emily Voshell