IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>       Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: April 9, 2021<br>Trial: April 26, 2021 |

**DEFENDANT'S OPPOSITION TO THE
GOVERNMENT'S FOURTH PROPOSED VOIR DIRE QUESTION**

  Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Opposition the Government's Fourth Proposed Voir Dire Question (ECF No. 158). Mr. Sanders does not object to the remaining three voir dire questions that the Government has proposed.

  The Government proposed that prospective jurors be asked the following (Question 4):

> Do you disagree with the law that states that, despite what a minor says or does, a minor can never been deemed [sic] to have consented to any sexual activity with an adult? Would you have difficulty following an instruction from the Court that consent is not a defense to a charge of production of child pornography?

ECF No. 158 at 2 (emphasis in original).

  Combined, these two questions are unduly prejudicial because they ask jurors to form an unduly negative opinion about Mr. Sanders's relationships with the alleged minor victims. *See, e.g., Irvin v. Dowd*, 366 U.S. 717, 722 (1961) ("[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors"); *Reynolds v. United States*, 98 U.S. 145, 155 (1878) ("The theory of the law is that a juror who has formed an opinion cannot be impartial"). Mr. Sanders objects to the first question being asked under any

circumstances.  He further objects to the second question being read alongside the first question; if this Court rejects the first question of Question 4, Mr. Sanders has no objection to the second question of Question 4 being read on its own.

The first of the two questions in the Government's Question 4 should not be posed to prospective jurors because it will poison the jury and deprive Mr. Sanders of a fair trial: (1) it is designed to argue rather than elicit facts; (2) it is not designed to elicit an answer that would provide a basis for a challenge for cause or a peremptory challenge; and (3) it seeks to instruct the panel on a question of law while misstating the law.

First, the first question of Question 4 is designed to argue rather than elicit facts because it incorrectly suggests that this case involves sexual activity, *i.e.,* sexual acts or sexual contact between a minor and an adult.  *See, e.g.,* 18 U.S.C. 2246(2) (defining "sexual act" as requiring physical contact with a person's genitalia or anus); 18 U.S.C. 2246(3) (defining "sexual contact" as intentional touching of a person's genitalia, anus, groin, breast, inner thigh, or buttocks); 18 U.S.C. 2252 (requiring only that a minor engage in sexually explicit conduct, which does not require any sexual act or sexual contact with the defendant).  None of the charges of production, receipt, or possession of child pornography involve in-person interactions of any kind, let alone sexual activity.  Rather, the Government alleges that all of the charged conduct took place through online chats.  The Government further alleges that minors took photos and videos of themselves as part of those online chats.  In other words, this is a "sexting" case, not a typical in-person production case.  Because this question suggests that Mr. Sanders engaged in in-person sexual acts and/or contact with a minor, it will unfairly prejudice the jury against him.

Second, the first question is not designed to elicit an answer that would provide a basis for either a cause or peremptory challenge because a juror's views on consent and sexual activity

between a minor and an adult are not relevant to the charges in this case and are not indicative of whether a juror could be impartial. *See Mu'Min v. Virginia*, 500 U.S. 415, 431 (1991) ("Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges"). A potential juror's agreement or disagreement with laws governing in-person sexual activity is simply irrelevant to the charges in the indictment here—possession and distribution of child pornography. Further, the relevant question is if a potential juror can follow the law, not whether the juror agrees or disagrees with it.

Finally, the first question of Question 4 seeks to instruct the jury on questions of law—that in all cases, sexual activity between someone under the age of eighteen and someone eighteen or older is illegal (which has no relevance to the charged conduct of this case), and that in all cases, even online discussions of sexual topics constitute sexual activity to which a minor cannot consent—but in fact misstates the law. First, it is incorrect that universally, a seventeen-year-old cannot consent to sexual activity with someone eighteen or older. *Statutory Rape: A Guide to State Laws and Reporting Requirements*, U.S. Dep't of Health & Human Services, Office of the Assistance Secretary for Planning and Evaluation (Dec. 15, 2004), https://aspe.hhs.gov/report/statutory-rape-guide-state-laws-and-reporting-requirements-summary-current-state-laws/sexual-intercourse-minors (last accessed Jan. 8, 2021) (reporting that as of 2004, the age of consent in "the majority of states," 34, is 16 years of age, the age of consent in 6 states is 17 years of age, and in only 11 states the age of consent is 18 years of age). Second, it is incorrect that all online chat conversations involving sexual topics between an adult and someone under the age of 18 consist of sexual activity and are illegal. If that were the case, discussions of art, sexual education, reproductive and sexual health, and other topics between

3

adults and people under the age of eighteen could be criminalized as sexual activity to which a minor cannot consent.

For the foregoing reasons, Mr. Sanders respectfully requests that this Court prohibit the Government from asking prospective jurors, ""Do you disagree with the law that states that, despite what a minor says or does, a minor can never been deemed [sic] to have consented to any sexual activity with an adult?" ECF No. 158 at 2. Instead, at most, the Government should be permitted to ask prospective jurors solely the second question of Question 4, "Would you have difficulty following an instruction from the Court that consent is not a defense to a charge of production of child pornography?" ECF No. 158 at 2.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Emily Voshell*
Emily Voshell
