IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: April 9, 2021 |
| | Trial: April 26, 2021 |
| Defendant. | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S
PROPOSED JURY INSTRUCTIONS**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Response to the Government's Proposed Jury Instructions (ECF No. 159).

Mr. Sanders objects to the following Proposed Jury Instructions because the defense's proposed instructions are more appropriate, given the law and the facts, and should be given instead: No. 9 (Credibility of Witness – Generally), 26 (Presumption of Innocence), 30 (Unanimity – Explained), 33 (Elements of the Offense Charged – Counts One through Five), and 52 (Definition of 'Lascivious Exhibition') (mislabeled by the Government as 47).

Mr. Sanders objects to specific language within the following Proposed Jury Instructions, as outlined below, and proposes striking certain language, giving alternative language, and/or giving the defense's proposed instructions, as further explained specifically below: 28 (Disjunctive Proof – Explained), 31 (Nature of the Offense Charged – Counts One through Five), 33 (Elements of the Offense Charged – Counts One through Five), 34 (First Element – Age of the Minor), 35 (Second Element – Employment, Use, Persuasion, Inducement, Enticement, or Coercion of a Minor in Sexually Explicit Conduct), 36 (Third Element – Effect on Interstate or

Foreign Commerce), 37 (Consent of Minor), and 39 (Nature of the Offense Charged – Counts Six through Eleven),

Mr. Sanders objects to the use of the following Proposed Jury Instructions because the language in their entirety is excessively vague, they will mislead the jury, and they will impermissibly shift the burden of proof to Mr. Sanders: 37 (Consent of Minor) and 43 (Attempt – Explained – Counts One through Eleven).

Mr. Sanders reserves his right to object to the Proposed Jury Instruction No. 29 ("On or About" Explained) depending on what evidence is presented at trial.  *See, e.g., United States v. Neuroth*, 809 F.2d 339, 341–42 (6th Cir. 1987) ("In determining whether an "on or about" instruction is proper in a particular case, the district court should look at how specifically the government alleges, in its indictment, the date on which the offense occurred, and compare that to the proof at trial as to what date the offense occurred.")

Mr. Sanders has no objection to the remaining jury instructions that the Government has proposed.

**ARGUMENT**

Mr. Sanders objects to Proposed Jury Instructions Nos. 9, 26, 28, 30, 33, 34, 35, 36, 37, 39, 43, and 52 (which was mislabeled by the Government as Instruction No. 47) being read as the Government proposes because they would violate his right to a fair trial and a trial by jury. "The right to trial by jury reflects . . . a profound judgment about the way in which law should be enforced and justice administered.  The deprivation of that right, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as 'structural error.'" *Sullivan v. Louisiana*, 508 U.S. 275, 281–82 (1993) (quotation marks and citation omitted).

I. **THE COURT SHOULD DEFINE "REASONABLE DOUBT" FOR THE JURY, USING DEFENSE'S PROPOSED INSTRUCTION NO. 11, AS OPPOSED TO GOVERNMENT INSTRUCTION 26.**

The Government's proposed Instruction No. 26 (Burden of Proof) differs from the defense's proposed Instruction No. 11 (Burden of Proof – Reasonable Doubt) in that it fails to define reasonable doubt. ECF No. 159 at 29. The Government argues that its instruction should be used because the Court is not "required" to instruct the jury on the definition of reasonable doubt. *Id*. However, even if this Court is not required to define reasonable doubt for the jury, it should nonetheless do so as the concept of "beyond a reasonable doubt" is one of the most critical principles for the jury to understand.

In 1970, the Supreme Court held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The Court recognized that "[t]he reasonable-doubt standard . . . is a prime instrument for reducing the risk of convictions resting on factual error," and that it "provides concrete substance for the presumption of innocence—that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law." *Id.* at 363 (quotation marks and citation omitted). That standard allows "every individual going about his ordinary affairs [to] have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with *utmost certainty*." *Id.* at 364 (emphasis added).

"Because of the importance of understanding precisely what the words reasonable doubt mean as a legal standard, counsel for criminal defendants frequently request a further definition of those terms. At a minimum, the instructions to the jury must as a whole, fairly and accurately convey the meaning of reasonable doubt." *United States v. Nolasco*, 926 F.2d 869, 871 (9th Cir.

1991) (quotation marks and citation omitted). The phrase "beyond a reasonable doubt," however, "is not a common phrase used by lay people and does not have a self-evident meaning. True, each word in the phrase occurs regularly in common speech. . . . placed together without further explanation, the words do not necessarily convey the high standard of proof that the due process clause requires." *Id.* at 873 (Wiggins, J. dissenting) (citing *United States v. Witt,* 648 F.2d 608, 612 (9th Cir.1981) (Anderson, J., concurring)).

In this case, the failure to instruct the jury on the definition of reasonable doubt would lessen the Government's burden of proof. *United States v. Reives*, 15 F.3d 42, 44 (4th Cir. 1994) ("it is per se reversible error to give a reasonable doubt instruction that arguably decreases the government's burden of proof"); *Begley v. Werremeyer Assocs., Inc.*, 638 S.W.2d 817, 820 (Mo. Ct. App. 1982) ("The fact that the very words 'burden of proof' [a]re not used [i]s irrelevant to" whether an "instruction communicated to the jury that defendant ha[s] a burden of proof").

The Court should therefore use the pattern jury instruction that Mr. Sanders proposed (Instruction No. 11) that includes the definition of reasonable doubt, ECF No. 166 at 16, rather than the non-pattern instruction that the Government proposed that fails to define reasonable doubt, ECF No. 159 at 29.

The Government also states that its version of the Burden of Proof instruction should be included because the "two inference instruction" is disfavored. ECF No. 159 at 29. Mr. Sanders has no objection to the "two inference instruction" being removed from his proposed instruction No. 11 if the definition of reasonable doubt is given to the jury.

## II. THE COURT SHOULD USE DEFENSE'S PROPOSED INSTRUCTION ON WITNESS CREDIBILITY (NO. 13) BECAUSE IT PROVIDES CLEARER INSTRUCTIONS FOR THE JURY TO ASSESS THE CREDIBILITY OF WITNESSES THAN THE GOVERNMENT'S INSTRUCTION (NO. 9).

Mr. Sanders's objects to Government's proposed Instruction No. 9 (Credibility of Witnesses – Generally), ECF No. 159 at 11: This Court should use the defense's proposed Instruction No. 13 (Witness Credibility – General Instruction) because that instruction, adapted from another set of pattern of instructions, is a clearer instruction for the jury and will make it easier for the jury to assess the credibility of witnesses. ECF No. 166 at 18. The defense's proposed instruction provides additional questions for the jury to ask itself when considering witness credibility, including whether the witness was evasive; whether a witness had some incentive, loyalty, or bias, not necessarily to lie but to shade the truth; whether the witness testified differently on cross-examination compared to direct examination; or whether the witness appeared to be trying to provide anything other than a completely accurate account of the facts. *Id*. The Government's proposed instruction focusses on a witness's opportunity to observe and recollection. ECF No. 159 at 11. The Government's proposed instruction would be better suited to a case in which there was some sort of in-person identification or where a witness's opportunity to observe or remember are the primary issues in dispute; however, this is not a case where a witness's opportunity to observe or remember are likely to be key issues in dispute. Thus, Mr. Sanders's Instruction No. 13 should be given.

## III. MR. SANDERS OBJECTS TO THE NON-PATTERN INSTRUCTIONS THE GOVERNMENT PROPOSED IN INSTRUCTION NOS. 28, 30, 31, 33, 34, 35, 36, 37, 39, 43, AND 52 AND PROPOSES THE BELOW ALTERNATIVES.

Pattern jury instructions, also known as "approved" instructions, provide "commonly accepted guides or standards." 6 Am. Jur. Trials 923 (Originally published in 1967). Pattern instructions are designed "to leave evidentiary detail to the argument of counsel and to submit

only the ultimate issues for the jury's resolution by means of *simple and concise* instructions. Pattern instructions are *impartially prepared* and *intended to be free of argumentative language*." 75A Am. Jur. 2d Trial § 933 (emphases added). Because pattern instructions "are grounded in a longstanding practice," they "are regularly consulted to determine whether jury instructions are erroneous." *Id.*

### A. The jury should not be instructed that the Government need only prove one element of an offense beyond a reasonable doubt.

Mr. Sanders objects to non-pattern Instruction No. 28 (Disjunctive Proof – Explained), ECF No. 159 at 31 being given as the Government has proposed, because its phrasing misstates the law and is likely to suggest to the jury that it could convict by a unanimous finding of *any* of the element that constitute production, rather than *all* of the elements. *In re Winship*, 397 U.S. at 364 (requiring "proof beyond a reasonable doubt of every fact necessary"); *Patterson v. New York*, 432 U.S. 197, 210 (1977) (requiring "the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged"); *but see* ECF No. 159 at 31 (requiring the prosecution to prove only one element).

Specifically, Mr. Sanders objects to the third sentence of the second paragraph and the first sentence of the last paragraph being given. The third sentence of the second paragraph proposes that the jury be instructed that "it is sufficient if the government proves the offense in the disjunctive (i.e., 'or'), that is to say, the jury may convict on a unanimous finding *of any of the elements* of a conjunctively charged offense." *Id*. (emphasis added). This sentence would likely lead the jury to misunderstand its duty and convict if the Government proves *just one* element beyond a reasonable doubt. The first sentence of the last paragraph reads, "[i]n order to prove the defendant guilty of a particular offense, the government does not need to prove that the defendant did all of those things, *but only that he did one of those things*." *Id.* (emphasis added).

6

This Court should not instruct the jury using either of those two misstatements of law. *See, e.g., United States v. Dickerson*, 27 F. App'x 236, 245–46 (4th Cir. 2001) ("To be sure, the conjunctive charge, disjunctive proof instruction would have been clearer had the district court substituted 'alternative acts' for 'elements.'"). This Court should thus strike these two misstatements (the third sentence of the second paragraph and the first sentence of the last paragraph) from the proposed instruction, and in place of the second misstatement, should state, "In addition to you all agreeing that the same particular act was committed, you also must all agree that the prosecution has proven each element of an offense beyond a reasonable doubt. I will instruct you about each element that must be met for each particular charge." *See, e.g., supra* at 5; *Patterson*, 432 U.S. at 210.

    **B. The Court should instruct the jury using standard language on unanimity as the defense has proposed in Defense Instruction No. 25.**

Mr. Sanders objects to the Court using the Government's non-pattern Instruction No. 30 (Unanimity – Explained); instead, the Court should instruct the jury using the defense's proposed Instruction No. 25 (Unanimity/Disagreement Among Jurors). Unlike the Government's language, which is adapted from a pattern instruction, the defense's proposed instruction uses language taken directly and verbatim from a pattern instruction. ECF No. 166 at 30; *The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit*, Instruction 7.03 (2020 Ed.).

    **C. The Court should not refer to the complainants as "minor victims" in its instructions, because doing so impermissibly shifts the burden of proof.**

Mr. Sanders objects to the Court referring to the complainants as "minor victims" in the Government's proposed Instructions Nos. 31, 33, 34, 35, and 39. Using the term "minor victims" instructs the jury that the purported minors are in fact victims because Mr. Sanders committed offenses against them and impermissibly shifts the burden to Mr. Sanders. *United*

*States v. Porter*, 821 F.2d 968, 973 (4th Cir. 1987) ("The law presumes a defendant to be innocent, and the presumption of innocence alone is sufficient to acquit a defendant, unless the jury is satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of the evidence introduced at trial"); *Patterson*, 432 U.S. at 215 (the Government may not shift the burden of proof to the defendant). In Government's proposed Instructions Nos. 31, 33, 34, 35, and 39, instead of the term "minor victims," the Court should use the term "complainants." In the alternative, the Court could use the term "alleged minor victims."

**D. The Court should use Mr. Sanders's proposed Instruction No. 21 instead of the Government's proposed Instruction No. 33, because the Government's instruction misstates the law and impermissibly shifts the burden of proof to Mr. Sanders.**

Mr. Sanders objects to the Court using the Government's non-pattern Instruction No. 33 (Elements of the Offense Charged – Counts One through Five) because it misstates the law and impermissibly shifts the Government's burden to Mr. Sanders; instead, this Court should use the defense's proposed Instruction No. 21 (Offense Charged – 18 U.S.C. § 2251(a)). The Government's instruction treats § 2251(a) as having only three elements, when in fact it has four, including a specific intent element which the Government has minimized in its instructions. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) ("As the text indicates, § 2251(a) contains a specific intent element: the government was required to prove that production of a visual depiction was a purpose of engaging in the sexually explicit conduct").

**E. This Court should not instruct the jury that there is no reasonable mistake-of-age defense in this case because to do so would render § 2251(a) constitutionally infirm under these circumstances.**

Mr. Sanders objects to the second and third paragraphs of Government's non-pattern Instruction No. 34 because this Court must read a mistake-of-age defense into 18 U.S.C. § 2251 under these circumstances, where all production and receipt purportedly took place online. Mr.

8

Sanders incorporates by reference the arguments made in his Opposition to Government's Motion in Limine to Preclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial. ECF No. 209 at 7-13. Mr. Sanders respectfully respects that those two paragraphs be stricken from the Government's proposed instruction.

### F. This Court should instruct the jury that producing a visual depiction of sexually explicit conduct was the defendant's dominant or primary purpose.

Mr. Sanders objects to the Government's non-pattern Instruction No. 35 (Second Element – Employment, Use, Persuasion, Inducement, Enticement, or Coercion of a Minor in Sexually Explicit Conduct) because it fails to recognize that producing a visual depiction must be the defendant's dominant or primary purpose. On its face, 18 U.S.C. § 2251(a) criminalizes

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for *the* purpose of producing any visual depiction of such conduct …

18 U.S.C. § 2251(a) (emphasis added).

The use of the word "the," to describe a singular or dominant purpose is unambiguous. Thus, the plain language should control, given the lack of ambiguity in the statute. *See United States v. Turkette*, 452 U.S. 576, 580 (1981) (court must accord words of statute their common and ordinary meaning unless ambiguous); *United States v. Palomino-Coronado*, 805 F.3d 127, 130–31 (4th Cir. 2015) ("It is simply not enough to say 'the photo speaks for itself *and* for the defendant and that is the end of the matter'") (quotation marks and citation omitted).

The jury should be instructed that the culpable motive must be at least one of the dominant motives for the conduct. *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996 (holding "that a jury may find a violation of § 2251(a) so long as the evidence shows that illegal sexual

9

activity for the production of visual depictions of that depiction was *one of the dominant motives*") (emphasis added). In this context, "'dominant' simply means that [criminal] motivations predominate over other, less powerful motivations for conduct." *United States v. Miller*, 148 F.3d 207, 212 (2d Cir. 1998). Thus, even if it is not the only motive, the culpable motive must be a dominant motive.

### G. The Government's proposed Instruction No. 37 is poorly worded, excessively vague, and reflects a misstatement of law as applied to these charges.

Mr. Sanders objects to the Government's non-pattern Instruction No. 37 (Consent of a Minor) being given because it is overly vague, poorly worded, and misstates the law as it applies to the charges in this case. ECF No. 159 at 42 ("I instruct you that a minor cannot consent to unlawful sexual conduct. A person under the age of 18 lacks the capacity to consent to unlawful sexual conduct. Accordingly, any argument regarding a minor's consent must not be considered by you in reaching a verdict.")

First, this instruction poorly worded such that it wrongly suggests that Mr. Sanders engaged in sexual acts or sexual touching with any of the complainants, when it is the complainants who are alleged to have photographed or videotaped themselves engaging in sexually explicit conduct while they were alone. *See, e.g.,* 18 U.S.C. § 2246(2) (defining "sexual act" as requiring physical contact with a person's genitalia or anus); 18 U.S.C. § 2246(3) (defining "sexual contact" as intentional touching of a person's genitalia, anus, groin, breast, inner thigh, or buttocks); 18 U.S.C. § 2252 (requiring only that a minor engage in sexually explicit conduct, which does not require any sexual act or sexual contact with the defendant).

Second, this instruction is so ambiguous that the jury is likely to erroneously interpret it and refrain from considering constitutionally relevant evidence. *Boyde v. California*, 494 U.S. 370, 380 (1990) (Where an instruction is "ambiguous" and "subject to an erroneous

interpretation . . . the proper inquiry . . . is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence"). This instruction is reasonably likely to prevent the jury from considering evidence that is relevant to his state of intent, state of mind, and motive, and could therefore impermissibly shift the burden of proof to Mr. Sanders. Mr. Sanders incorporates by reference the arguments made in his Opposition to the Government's Motion in Limine to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial (ECF No. 209). Finally, this instruction should not be permitted because it misstates the law as applied to these facts: 18 U.S.C. § 2251 does not encompass all sexual conduct generally, whatever that means. As a result, the jury instruction misstates the law and is overbroad. Instruction No. 37 should not be permitted on the ground that alone. Additionally, this instruction does not reflect the law of the Fourth Circuit, as the Government relies entirely on out-of-circuit authority. ECF No. 159 at 42. It is also incorrect that universally, a seventeen-year-old cannot consent to "unlawful sexual conduct," whatever that may be. *Statutory Rape: A Guide to State Laws and Reporting Requirements*, U.S. Dep't of Health & Human Services, Office of the Assistance Secretary for Planning and Evaluation (Dec. 15, 2004), https://aspe.hhs.gov/report/statutory-rape-guide-state-laws-and-reporting-requirements-summary-current-state-laws/sexual-intercourse-minors (last accessed Jan. 8, 2021) (reporting that as of 2004, the age of consent in "the majority of states," 34, is 16 years of age, the age of consent in 6 states is 17 years of age, and in only 11 states the age of consent is 18 years of age).

### H. The Government's attempt instruction is excessively vague.

Mr. Sanders objects to the Government's non-pattern Instruction No. 43 (Attempt – Explained – Counts One through Eleven) being given because it is excessively vague and likely

to be erroneously interpreted by the jury. *See supra* at 9-10. It is unclear what would constitute "an act constituting a substantial step" towards the commission of production or receipt of child pornography. ECF No. 159 at 48. This instruction will tend to confuse the jury and result in the jury applying a lower burden of proof than beyond a reasonable doubt for each element of the charged offenses.

> I. **This Court should not provide a non-pattern instruction to define "lascivious exhibition" and should instead give only Defense Instruction No. 23.**

Mr. Sanders objects to the Government's non-pattern Instruction No. 52 (mislabeled by the Government as 47) (Definition of Lascivious Exhibition) (ECF No. 159 at 58). The language that Mr. Sanders proposed in defense's Instruction No. 23 (Offense Specific Definition – "Sexually Explicit Conduct") uses language that is directly and verbatim from a pattern jury instruction. ECF No. 166 at 27; 3 L. Sand, et al., Modern Federal Jury Instructions - Criminal, § 62-7 (2013) (omitting "bestiality"); Seventh Circuit Pattern Criminal Jury Instruction at 603 (2012) ("Only the applicable terms within this definition should be used").

The defense's pattern instruction, unlike the Government's non-pattern instruction, better reflects the authority that the Government cited in support of its instruction, *United States v. Russell,* which notes that "[t]he word 'lascivious' is defined as 'of or marked by lust' or 'exciting sexual desires.'" *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011). Furthermore, "the term 'lascivious exhibition' means a depiction which displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation of the viewer. Not every exposure of the genitals or pubic area of children constitutes a lascivious exhibition. In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct." *Id.* at 840; Defense's Proposed Instruction No. 23

12

(exact same). The Court in *Russell* further noted that "more than nudity is required to render a photograph lascivious; rather, the focus of the image must be on the genitals or the image must be otherwise sexually suggestive." *United States v. Russell*, 662 F.3d at 843.

## CONCLUSION

Because it would interfere with his right to a fair trial and an impartial jury, Mr. Sanders respectfully requests that the Court make the above adjustments, substitutions, and exclusions to the Government's Proposed Jury Instructions Nos. 9, 26, 28, 30, 33, 34, 35, 36, 37, 39, 43, and 52 (which was mislabeled by the Government as Instruction No. 47).

Respectfully submitted,
/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Emily Voshell*
Emily Voshell
