IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: April 9, 2021 |
| Defendant. | Trial: April 26, 2021 |

**DEFENDANT'S RENEWED MOTION FOR LEAVE FOR THIS COURT TO CONSIDER HIS MOTION TO SUPPRESS STATEMENTS AS TIMELY FILED**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Renewed Motion for Leave for this Court to Consider his Previously Filed Motion to Suppress Statements (ECF No. 149) as Timely Filed.

On January 7, 2021, the Court denied Mr. Sanders's Motion to Suppress (ECF No. 149) as untimely. ECF No. 196. In denying the Motion, the Court reasoned that "[a]lthough the motion to suppress was filed fifty-three (53) days before the current trial date, [February 9, 2021,] the motion, along with defendant's request for an evidentiary hearing, would be all but certain to delay the current trial given the difficulties surrounding travel and courtroom procedures during the Covid-19 pandemic." *Id.* at 4. The Court also reasoned that its consideration of the Motion would prejudice the Government because it was "in the midst of responding to defendant's motions *in limine* and preparing for trial [on February 9, 2021]." *Id.* at 5. The very next day, the Government submitted its responses to Mr. Sanders's motions *in limine* and the Court granted the Consent Motion to Continue (ECF No. 192) and rescheduled the trial from February 9, 2021, to April 26, 2021. Given the additional 76 days between February 9,

2021, and April 26, 2021, the Government has more than enough time to respond to the Motion to Suppress and prepare for an evidentiary hearing. The defense does not believe that the Government would need to arrange travel or lodging in the Eastern District of Virginia for witnesses required for an evidentiary hearing on the Motion to Suppress, as all of the Government's witnesses would be FBI or other law enforcement agents who work in or in close proximity to the District. The Government therefore cannot plausibly claim prejudice.

"Although motions to suppress must be raised in a timely manner, an untimely motion may be considered if the moving party shows good cause." *United States v. Samuel*, No. 1:14-CR-351-TSE, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), *aff'd*, 674 F. App'x 322 (4th Cir. 2017). A motion should be considered if, "[m]ost importantly, . . . no prejudice to the government resulted from the late filing as it was filed well in advance of the scheduled trial." *Id.* at 3. Here, where the Motion to Suppress was filed 130 days in advance of the currently scheduled trial date, and there remain 127 days until trial, there is, "most importantly," no prejudice to the Government and the Motion should be considered. *Id.* at 3; *compare United States v. Long*, 803 F. Supp. 1086, 1089 (D.S.C. 1992) (finding motion to suppress untimely when it was made "*only a few minutes before the trial* was scheduled to begin") (emphasis added).

Furthermore, Mr. Sanders has shown good cause for the timing of his filing (in response to the Government's Amended Notice and in advance of the motions *in limine* deadline).[1] The statements themselves are not inculpatory as to any of the charged offenses, as evidenced by the Government's attempt to introduce the statements as *uncharged* misconduct under Rule 414. ECF No. 133. The Government seeks to describe as inculpatory statements that are not evidence

---

[1] Mr. Sanders incorporates by reference the arguments made in ECF Nos. 177 and 186.

2

of any illegal conduct or wrongdoing, including instances where Mr. Sanders was subjected to and exposed to sexual exploitation and abuse as a minor. *See, e.g.* ECF No. 201-1 (Mr. Sanders describing instances when he was "much younger," as in when he was 13 or 14 years old and in "middle school or . . . high school," and was sent what appeared to child pornography or other "sexual things" through Kik); ECF No. 202-2 (Mr. Sanders describing instances before he was 18 years old when he accidentally downloaded content); ECF No. 202-3 (Mr. Sanders describing instances when he was 13 or 14 years old); ECF No. 202-4 (Mr. Sanders denying that he had any physical contact with people underage, that he had intended to download particular content, or that he had ever uploaded or distributed illegal content).

Merely because the Government references a statement about purported uncharged misconduct in one paragraph of an affidavit in support of a criminal complaint, that does not provide sufficient notice that the Government will seek to introduce evidence of such "*unrelated*" and "*entirely different* conduct" at trial. July 31 Hearing Transcript, Ex. 20 to ECF No. 89, at 19 (Government counsel explaining that "the search warrant is *unrelated to anything he has been charged with* . . . he hasn't been charged with accessing child sexual abuse material on this TOR site. He has been charged with *entirely different conduct* related to chats that we uncovered . . ." (emphases added)). The conduct referenced in the affidavit in support of the criminal complaint, ECF No. 4 at ¶ 11, relates to Mr. Sanders's purported activity on Tor at an unspecified time (with no connection to the target website) and has nothing to do with the actual charges in this case.

Because the Government did not inform the defense of its intent to introduce the statements of unrelated, entirely different uncharged misconduct until November 2020, after the motions deadline, and because Mr. Sanders filed his Motion to Suppress in advance of the

motions *in limine* deadline, Mr. Sanders's motion to suppress should not be denied as untimely, particularly given the additional 76 days the Government now has to prepare for trial.  *See, e.g., United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999) (permitting consideration of a motion to suppress filed after the motions deadline because the Government had since given the defendant a list of evidence it intended to introduce at trial, which gave the defendant the requisite notice to challenge the evidence via a motion to suppress).

Given that the trial in this case has been rescheduled to April 26, 2021 and that Mr. Sanders's Motion to Suppress would cause no prejudice to the Government, as well as the circumstances under which Mr. Sanders learned of the Government's intent to use his statements, Mr. Sanders respectfully moves for leave for the Court to consider his Motion to Suppress Statements (ECF No. 149) as timely filed.

Respectfully submitted,
       /s/
_____
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ZACKARY ELLIS SANDERS, <br><br> Defendant. | Case No. 1:20-cr-00143 <br> Honorable T.S. Ellis, III <br><br> Pretrial conference: April 9, 2021 <br> Trial: April 26, 2021 |

**[PROPOSED] ORDER**

This matter is before the Court on Mr. Sanders's Motion for Leave for this Court to Consider his Previously Filed Motion to Suppress Statements (ECF No. 149) as Timely Filed. Based on the reasons stated therein, any Opposition thereto, and for good cause shown, the Motion is **GRANTED**; it is further **ORDERED** that Mr. Sanders's Motion to Suppress Statements (ECF No. 149) will be considered by this Court; and it is further **ORDERED** that the Government's Response is due _____, 2021.

_____

THE HONORABLE JUDGE ELLIS

UNITED STATES DISTRICT COURT JUDGE

Date: _____