IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                    Defendant. | Crim. No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial Conference: Apr. 9, 2021<br>Trial: Apr. 26, 2021 |

**REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE LAY OPINION TESTIMONY ABOUT FORENSIC EXAMINATIONS**

      Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Reply to the Government's Response to his Motion *In Limine* to Preclude Lay Opinion Testimony about Forensic Examinations (ECF No. 200).

      How witnesses "located and/or preserved certain evidence from devices and evidence they examined," ECF No. 200 at 1, as part of forensic extractions and examinations they conducted, is based on specialized knowledge that is beyond the ken of the average juror and should not be permitted as lay testimony.  *United States v. Stanley*, 533 F. App'x 325, 327 (4th Cir. 2013) ("the process of forensic data extraction requires specialized knowledge or skill conducive to expert testimony"); *United States v. Yu*, 411 F. App'x 559, 566-67 (4th Cir. 2010) ("the process of forensic data extraction requires some specialized knowledge or skill or education that is not in possession of the jurors").

      Only an expert who meets the requirements set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* can offer an opinion about the forensic examination of computers and digital media.  509 U.S. 579, 589, 597 (1993); Fed. R. Evid. 701; Fed. R. Evid. 702.  Mr. Sanders

has not yet received documents specifically identified by the Government as the "written findings, conclusions, and opinions" that "set forth the bases of [Special Agent Ford's, Special Agent Kochy's, or Forensic Examiner Iannotti's] expected testimony." ECF No. 126. Mr. Sanders reserves the right to conduct expert *voir dire* at trial and to lodge any objections to qualification and reliability at that time.

For the reasons stated above, and the reasons stated in ECF Nos. 160 and 161, this Court should preclude the Government from offering lay opinions about forensic examinations of seized devices.

Respectfully submitted,

     /s/     

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress