IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> v.<br><br>ZACKARY ELLIS SANDERS,<br><br>          Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: Apr. 9, 2021<br>Trial Date: Apr. 26, 2021 |

**REPLY TO GOVERNMENT'S RESPONSE
TO MR. SANDERS'S OPPOSITION TO 414 NOTICE**

Mr. Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this Reply to the Government's Response to his Motion *In Limine* Opposing the Government's 414 Notice (ECF No. 201).

On November 17, 2020, the Government filed an Amended Notice of Intent to Present Evidence Under Federal Rule of Evidence 414 (ECF No. 133) ("Amended Notice").[1] Specifically, the Government noticed for the first time its intent to introduce testimony regarding Mr. Sanders's recorded interview with law enforcement from February 12, 2020, the date agents executed a search warrant at the Sanders' family home. Mr. Sanders responded by seeking suppression of

---

[1] In its Amended Notice, the Government withdrew its previous 414 Notice, filed on November 2, 2020. ECF No. 127. The Government has never provided a plausible explanation of its reason for doing so. ECF No. 167. It is clear that the Government did so in an effort to deny Mr. Sanders discovery to which he is entitled, including exculpatory screenshots of the target website and Special Agent Ford's contemporaneous understanding of the state of the Government's evidence at the time he submitted the Affidavit in Support of Search Warrant. ECF Nos. 137, 142, 176. This Court has not yet ruled on Mr. Sanders's Motion to Compel the Government to Produce Material, or, in the Alternative, to Submit Material for *In Camera* Inspection. ECF Nos. 137, 142, 176.

Mr. Sanders's statements on constitutional grounds (ECF Nos. 149 and 150) and moving *in limine* to oppose the Government's Amended Notice (ECF Nos. 153 and 154) (objecting to the introduction of Mr. Sanders's statements on constitutional grounds, in addition to evidentiary ones, because law enforcement failed to give Mr. Sanders *Miranda* warnings despite the custodial setting and because his statements were involuntarily given).

On December 18, 2020, the Government filed a Motion *In Limine* to Introduce Certain Evidence Pursuant to Federal Rules of Evidence 404(b) and 414 (ECF No. 165). The Government incorporated by reference its Amended Notice. ECF No. 165 at 2. At that time, the Government failed to provide any additional details or notice regarding which portions of Mr. Sanders's hours-long interrogation it hopes to introduce at trial.

On January 8, 2021, the Government filed its Exhibit List (ECF No. 206), which indicated that it would seek to introduce a "bulk" "audio recording, interview of the defendant," as well as 4 clips, which it referred to as "audio recording, interview of the defendant." ECF No. 206 at 1.[2] The Government also filed its Response to Mr. Sanders's Motion *In Limine* Opposing the Government's 414 Notice (ECF No. 201). The Government attached four portions of a transcript of Mr. Sanders's custodial interrogation with law enforcement. ECF Nos. 201-1, 201-2, 201-3, and 201-4.[3]

Mr. Sanders incorporates by reference, as if stated fully herein, the facts and arguments stated in his Motion in Limine in Opposition to the Government's Amended Notice and accompanying memorandum (ECF Nos. 153 and 154), his Motion to Suppress Statements and

---

[2] On January 11, 2021, Mr. Sanders requested, but has not yet received, the specific audio clips the Government listed in its Exhibit List.

[3] It is unclear whether these transcripts are a complete and full reflection of the portions of the recorded interview that the Government is seeking to introduce at trial.

accompanying memorandum (ECF Nos. 149, 150), and his Opposition to the Government's Motion in Limine to Introduce Certain Evidence Pursuant to Federal Rules of Evidence 404(b) and 414 (ECF No. 207).

## ARGUMENT

**I.  Mr. Sanders's accidental receipt of child pornography when he was a child and membership in LGBT Kik groups do not constitute child molestation offenses.**

The Government's assertion that "the proffered Rule 414 evidence involves admission that the defendant received images depicting 'sexual things happening' with 'boys,'" primarily through Kik Messenger when he was 13 or 14 years old, ECF No. 201 at 5, suggests that the Government is attempting to introduce evidence of Mr. Sanders being a victim of a crime as a child as evidence of his guilt in this case.  That is not a permissible use of Rule 414 evidence. Further, the Government appears to be implicitly relying on stereotypes that homosexuality is associated with criminal behavior in order to introduce a broad swathe of unreliable and irrelevant evidence.  The fact that Mr. Sanders belonged to LGBT Kik mobile messaging groups when he was 13 or 14, which then resulted in him accidentally and unknowingly receiving child pornography through Kik and other links shared through Kik, is not evidence of a child molestation offense.  Instead, it is evidence of Mr. Sanders's isolation as a young LGBT person, his use of online communication to avoid being bullied (including for his perceived sexual orientation), and his victimization as a result of crimes by others.  Such evidence is not admissible under Rule 404(b) or 414.

**II.  The Government has misleadingly characterized Mr. Sanders's involuntary statements from his hours-long custodial interrogation.**

The defense disputes the way the Government characterizes Mr. Sanders's statements in the four portions of the interview that it attached.  ECF Nos. 201, 201-1, 201-2, 201-3, and 201-4.  Additionally, the statements themselves are not reliable because they were made involuntarily and

3

under coercion after hours of interrogation. Mr. Sanders only made such statements after law enforcement threatened to take all of his and his parents' electronic devices—which they all depended on for work—if he did not answer their questions (which they repeatedly implied required admitting to some type of wrongdoing). They also made clear that they would not leave the Sanders' family home until he did. Because of those circumstances, the statements cannot be considered reliable. Mr. Sanders also objects to their admission on constitutional grounds, for the reasons stated in ECF Nos. 149 and 150.

The Government continues to insist that information about Mr. Sanders's access of the Tor network is relevant at trial, despite its previous representations that the charged conduct is "entirely different" from accessing child sexual abuse material on the Tor website. *See* 7/31/20 Tr. at 19. However, not only is this irrelevant to the charged conduct, it is also unreliable. Nearly a year since the execution of the search warrant, the Government has still failed to present the defense or the Court with any reliable, technological evidence that Mr. Sanders ever accessed child exploitation material using Tor. The only evidence the Government hopes to introduce on this irrelevant (yet confusing and prejudicial) point are Mr. Sanders's own coerced statements, made during an unconstitutional interrogation. This is not permissible.

The Government also cannot be permitted to suggest to the jury that because of Mr. Sanders's involuntary and reliable statements that he unknowingly and accidentally received child pornography when he was a child, that makes it more likely that he produced and knowingly received child pornography about a decade later. In ECF No. 201-1, Mr. Sanders describes instances when he was much "younger," "years, years ago," as in when he was 13 or 14 years old and in "middle school or . . . high school," and was sent what appeared to be child pornography or

4

other "sexual things," including nude photos and "Dropbox things"[4] through Kik.  ECF No. 201-1 at 2-4.  Unknowingly receiving nude photos and sexual things when someone was just a child, and was subjected to child sexual exploitation himself, does not constitute a child molestation offense under Rule 414.  In ECF No. 201-2, Mr. Sanders describes instances when he was around 14 years old when he accidentally clicked on and downloaded content.  In ECF No. 201-3, Mr. Sanders describes instances when he was 13 or 14 years old, "many years ago," and explains that there was content he accidentally downloaded at that time, did not want on his computer, and did not want to look at.  ECF No. 201-3 at 2-3.  In ECF No. 202-4, Mr. Sanders denies that that he had intended to download particular content, that he has had any physical contact with people under 18, or that he has ever uploaded or distributed illegal content.  ECF No. 201-4 at 2-8.

Without relying on impermissible stereotypes and ignoring the context of Mr. Sanders's involuntary and unreliable statements, this Court cannot find that there is sufficient similarity between Mr. Sanders's alleged acts as a child and the charged offenses.  That Mr. Sanders himself was a victim of someone else's crimes 11 to 13 years ago, or that he accidentally downloaded content when he was a child, is not evidence of "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Fed. R. Evid. 404(b), nor is it relevant or sufficiently similar to the offenses charged under Rule 414.

## CONCLUSION

For the forgoing reasons, including those stated in ECF Nos. 149, 150, 153, 154, and 207, Mr. Sanders respectfully requests that this Court deny the Government's request to introduce character evidence under Rule 404(b) and uncharged conduct under Rule 414(d)(2)(B) on both

---

[4] There is no allegation that for any of the charged offenses Mr. Sanders possessed or received any child pornography through Dropbox.  *See, e.g.,* ECF No. 29.

5

evidentiary and constitutional grounds, as stated, *inter alia*, in Mr. Sanders's Motion to Suppress Statements.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

<i><u>/s/ Emily Voshell</u></i><br>
Emily Voshell