IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ZACKARY ELLIS SANDERS, <br><br> Defendant. | Case No. 1:20-cr-00143 <br> Honorable T.S. Ellis, III <br><br> Pretrial conference: Apr. 9, 2021 <br> Trial: Apr. 26, 2021 |

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CHAT TRANSCRIPTS
AND RELATED TESTIMONY FROM NON-TESTIFYING PERSONS**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Reply to the Government's Response to his Motion *In Limine* to Exclude Chat Transcripts and Related Testimony from Non-Testifying Persons (ECF No. 199). The Government fails to i) explain how at least four of the chats it seeks to introduce could be properly authenticated, ii) demonstrate that the chat transcripts meet the requirements for self-authentication, iii) show that statements about a witness's identity or age or other statements offered for their truth are admissible as non-hearsay, iv) demonstrate that images purportedly extracted from the chats are independently admissible, or v) rebut Mr. Sanders's Confrontation Clause argument.

**I.     The chats cannot be properly authenticated without testimony from a witness with personal knowledge.**

Contrary to what the Government has suggested, the evidentiary requirements of personal knowledge and authentication are not "extraordinary." ECF No. 199 at 1; *cf.* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter"); Fed. R. Evid. 901(a) (requiring a

proponent of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is"); *United States v. Habteyes*, 356 F. Supp. 3d 573, 581 (E.D. Va. 2018) ("Authenticity is a requirement of admissibility"); *Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 538 (D. Md. 2007) (requiring that electronically stored information (ESI), to be admissible, must, *inter alia*, be "authentic as required by 901(a) (can the proponent show that the ESI is what it purports to be)"); *United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009) ("The district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic").

The Government asserts that the multiple chats it will seek to introduce took place between two different Internet users, Mr. Sanders and a purported minor; however, without sufficient testimony from a witness with personal knowledge, there is no witness who can properly authenticate the chats as being between Mr. Sanders and a purported minor. To properly authenticate a chat, an appropriate witness must testify that a chat in fact took place between themselves and another user who was Mr. Sanders, that the particular conversations on particular date(s) and time(s) are ones they participated in, that the substance of the messages are the same as the messages that were sent and received on particular date(s) and time(s), that a username or phone number in question belonged to them, that no one else had access to their device, and that no one else had access to their account. *See, e.g., Colborn v. Forest Good Eats, LLC*, No. 5:19-CV-431-D, 2020 WL 6437747, at *3 (E.D.N.C. June 16, 2020), *report and recommendation adopted*, No. 5:19-CV-431-D, 2020 WL 5629765 (E.D.N.C. Sept. 21, 2020) ("In considering whether an email is authenticated, the court must do more than examine the names of the sender and recipient. . . . Both email and electronic chats are faceless means of communication, with users identified by an email address or username. The recipient cannot,

simply by looking at the email address or username provided in the document, readily identify the true identity of a message's sender"); *United States v. Shah*, 125 F. Supp. 3d 570, 577 (E.D.N.C. 2015) ("[W]hen faced with evidence of electronic communications, courts have demanded a somewhat more stringent showing than would be required in the face of 'ordinary' evidence").

Because the Government only intends to call two witnesses who purportedly participated in online chats with the Internet user alleged to be Mr. Sanders, ECF No. 205 (Government intends to call alleged minor victims 1 and 5, but not alleged minor victims 2, 3, 4, or 6), this Court should not permit admission of any chat transcripts or related testimony pertaining to chats in which alleged minor victims 2, 3, 4, or 6 purportedly participated. The Court should defer ruling on the admission of chat transcripts or related testimony pertaining to chats in which alleged minor victims 1 and 5 purportedly participated depending on whether such witnesses can lay an appropriate foundation and authenticate the chat transcripts.

None of the FBI agents involved in this case are alleged to have participated in online chats with Mr. Sanders. An FBI agent does not have personal knowledge about who wrote and received the messages at issue in this case. At most, an FBI agent can only attest to the fact that communications took place between certain accounts but has no personal knowledge of and cannot attest to who had access to or used those accounts, when the messages were sent or received, who had access to or used the devices on which the messages were sent or received, what messages were sent or received, or which individuals sent or received the messages.

Out-of-circuit authority cited by the Government supports the defense's position. ECF No. 199 at 4. In *United States v. Lebowitz*, 676 F.3d 1000 (11th Cir. 2012), the minor victim testified at trial that he had participated in an online chat, "that he had printed out the chats[,] and

that the printouts submitted into evidence accurately reflected the chat messages." *Id.* at 1009. Because of the minor victim's testimony, the Court found that "the Government met its prima facie burden under Rule 901." *Id.* at 1009. In *United States v. Lanzon*, 639 F.3d 1293 (11th Cir. 2011), the defendant participated in an online conversation with an undercover detective who testified at trial "that he participated in the online chats and the transcripts were accurate copies of those conversations. *Id.* at 1301. His testimony was [therefore] sufficient 'competent evidence' to authenticate the transcripts." *Id.* at 1301. In *United States v. Simpson*, 152 F.3d 1241, (10th Cir. 1998), a law enforcement officer testified that he participated in an online conversation with a user who identified himself as "B. Simpson," and who gave a street and email address that belonged to the defendant, Mr. Simpson. *Id.* at 1244. Through the undercover officer's testimony, a printout of the conversation that the officer participated in was admitted. *Id.* at 1244.

      Here, unlike in *Lebowitz*, *Lanzon*, or *Simpson*, the Government does not intend to call as a witness each witness who purportedly participated in a chat: At least four purported minors will not testify that they in fact participated in a particular chat or that the chat messages that the Government is seeking to introduce accurately reflect the chat messages they sent or received. ECF No. 205. Without such a foundation, there is no evidence that their chats are what the Government claims they are, and the chats are cannot be properly authenticated. *See, e.g., United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992) ("[E]vidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not that which its proponent claims").

4

## II.    The Government has not and cannot meet the requirements for self-authentication under Rule 902(14).

The chats are not self-authenticating under Rule 902(14).  Rule 902(14) provides that "[d]ata copied from an electronic device" is self-authenticating if it is "shown by a certification of a qualified person that complies with the certification requirements of *Rule 902(11)* [Certified Domestic Records of a Regularly Conducted Activity]" and the proponent "*meet[s] the notice requirements of Rule 902(11)*."  Fed. R. Evid. 902(14) (emphases added) (omitting reference to Rule 902(12) because it is not relevant).  While the Government claims that it does not need to meet any of the requirements of 902(11), ECF No. 199 at 2 ("[t]he defendant mistakenly posits that the electronic chats in this case are business records . . . and references certification of business records under Rule 902(11)"), the plain text of 902(14) shows that the Government is incorrect.

For evidence to be self-authenticating under Rule 902(14), it must meet the certification and notice requirements of Rule 902(11) and therefore Rule 803(6)(A)-(C), which is otherwise known as the business records exception.  Fed. R. Evid. 902(14); Fed. R. Evid. 902(11) ("The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court").  The certification requirements of Rule 803(6) are not met where, as here, "the regularly conducted business activity is the production of evidence for use at trial."  *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321 (2009); ECF No. 156 at 3-5.  Additionally, the Government has not provided "reasonable written notice of the intent to offer" particular portions of any chats, nor has it made particular portions of the chats or "certification available for inspection."  Fed. R. Evid. 902(11).

5

Because the conversations that allegedly took place between Mr. Sanders and third parties were supplied by a person outside of a business, *i.e.* the FBI, with no duty to report accurately, they are not subject to the business record hearsay exception and cannot be authenticated by Rule 902(11) or Rule 902(14). *See United States v. Porter*, 821 F.2d 968, 977 (4th Cir.1987) (noting that a witness cannot qualify as a records custodian where "he did not know the record keeping requirements of the company," in this case, Kik, Telegram, or iMessage); *see also United States v. Gurr*, 471 F.3d 144, 152 (D.C. Cir. 2006) ("Because the regularity of making the record is evidence of its accuracy, statements by 'outsiders' are not admissible for their truth under Fed. R. Evid. 803(6)").

As a result, because the chats are not self-authenticating, without an appropriate witness with personal knowledge who can lay the requisite evidentiary foundation, the chats cannot be authenticated.

### III. Even if the Government could authenticate the chats, many of the out-of-court statements are inadmissible hearsay.

Even if the Government could authenticate the chats, it fails to show how the out-of-court statements can be admissible as non-hearsay. There is insufficient foundation to find that statements were made by Mr. Sanders, as opposed to someone else, and are party-opponent statements. With regard to people who are not alleged to be Mr. Sanders, the Government fails to "identify[] the actual purpose for which [the Government] is introducing an out-of-court statement" by any of the purported minors regarding their identity, age, and other information suggestive of their age (such as their educational institution and attainment), other than for the truth of those statements. *United States v. Gonzales-Flores*, 701 F.3d 112, 117 (4th Cir. 2012). Thus, much of the evidence that the Government seeks to introduce does not fall under an exception to the hearsay requirement.

The Government only cites to inapplicable, out-of-circuit authority for its claim that "statements of other participants to a conversation may be admitted as non-hearsay . . . to provide context to the communication." ECF No. 199 at 3. In each of the out-of-circuit cases that the Government cites, the proffered statements were not offered for their truth, but for some other purpose. *United States v. Manning*, 738 F.3d 937 (8th Cir. 2014), is not a production case; in that case, the defendant was charged with receipt and possession, not production, and the age and identity of the other participants in the chats was irrelevant to any element the Government was required to prove beyond a reasonable doubt. *Id.* Given the facts related to possession and receipt, the Court prohibited the Government from introducing evidence contained in the chats that the defendant had engaged in sexual conduct with his children but permitted only information "that would tend to identify that user as [the defendant]," as well as information that would tend to show knowledge. Manning Transcript at 273, attached as Ex. 1. *United States v. Cooke*, 675 F.3d 1153 (8th Cir. 2012), is also not a production case; in that case, the defendant was charged with conduct relating to his response to an ad placed by law enforcement and communications with undercover law enforcement officers, and the text of sexually explicit emails with a non-law enforcement officer was unobjected to at trial and was only introduced as evidence of uncharged misconduct, which was accompanied by a limiting instruction. *Id.* at 1157. In *United States v. Burt*, 495 F.3d 733 (7th Cir. 2007), after the Government called as a witness a person who described online chats he had participated in with the defendant and testified to screennames that were used by him and the defendant, the Government later admitted transcripts that included the two screen names the witness who participated in the chat had testified to. *Id.* at 735. In introducing the witness's statements from the chat for "context," the Court also noted that none of the statements were being introduced "for the purpose of proving

the truth of the matter asserted in them." *Id.* at 739; *see also United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006) (the "e-mail messages were not admitted for their truth"); *United States v. Hendricks*, 395 F.3d 173, 183, 46 V.I. 704, 718 (3d Cir. 2005) (statements from wiretap recordings and recording by an undercover informant were offered "for a purpose other than establishing the truth of the matters contained therein").

Because statements about or suggestive of the identity and ages of the witnesses could only be offered for their truth, the Government's purported authorities are inapplicable, and such out-of-court statements should be ruled inadmissible hearsay.

### IV. Without appropriate foundation and authentication, images purportedly extracted from chats are not independently admissible.

The Government asserts that images extracted from the chats are admissible as non-hearsay; nonetheless, the Government must still lay the requisite foundation for such images from someone with personal knowledge who can testify what the photo is of, whether they or someone else is in the photo, when the photo was taken, who took the photo, and whether the photo is a true and accurate depiction. Fed. R. Evid. 602; Fed. R. Evid. 902. From the limited information contained in the Government's Response, it is unclear whether any of the witnesses the Government calls at trial will be able to provide the necessary foundation or authentication for the photos the Government mentioned (and which the defense was not aware of until the filing of the Government's Response (ECF No.199)).[1]

---

[1] Mr. Sanders reserves his right to further object to such photos after reviewing them. Mr. Sanders has previously requested copies of such photos or the opportunity for his defense team to review such photos.

V. **The admission of chats and related testimony from non-testifying persons would violate Mr. Sanders's Confrontation Clause rights.**

Unless a Government witness testifies at trial, purported records of his alleged conversation with Mr. Sanders, and any related testimony, must be excluded because Mr. Sanders's Sixth Amendment right to confront the witnesses against him prohibits admission. ECF No. 156 at 6-8. Without an opportunity to confront the Government witness who purportedly participated in a chat, Mr. Sanders cannot cross-examine the witness on topics related to the circumstances of the chat, whether the witness participated in the chat, whether the witness knew Mr. Sanders was participating in the chat, whether the witness believed the statements in the chat were meant to be taken seriously, whether the witness was serious about the statements made, whether the witness was "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]" into engaging in sexually explicit conduct, 18 U.S.C. § 2251(a), and whether the purpose of the witness participating in the chat and later engaging in sexually explicit conduct was to produce a visual depiction of sexually explicit conduct. The Government cannot introduce statements that are purportedly from an alleged minor, without any opportunity for Mr. Sanders to cross-examine that alleged minor and therefore challenge the Government's claim that Mr. Sanders "employ[e]d, use[d], persuade[d], induce[d], entice[d], or coerce[d] any minor to engage in . . . sexually explicit conduct for the purpose of producing any visual depiction of such conduct," which the Government is required to prove beyond a reasonable doubt with respect to each purported minor and for each count of production. 18 U.S. Code § 2251(a).

## **CONCLUSION**

Thus, for the reasons stated above and in ECF Nos. 155 and 156, any transcripts or screenshots of conversations that allegedly took place between Mr. Sanders and any Government

witness who does not testify at trial, as well as any related testimony about the substance of such conversations, should be excluded.

Respectfully submitted,

/s/

Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Emily Voshell*
Emily Voshell