IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Pretrial conference: April 9, 2021 |
| Defendant. | Trial: April 26, 2021 |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO
DEFENDANT'S PROPOSAL FOR JURY INSTRUCTIONS**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Reply to the Government's Response to Defendant's Proposals for Jury Instructions (ECF No. 198). Mr. Sanders incorporates by reference the arguments made in ECF No. 211.

The Government attempts to characterize, in a conclusory manner, Mr. Sanders's proposed jury instructions as "unnecessary and confusing." ECF No. 198 at 2. The Government is incorrect and fails to provide appropriate authority for its claim that its proposed instructions should be provided instead of Mr. Sanders's proposed instructions.

First, the Government objects to defining proof beyond a reasonable doubt for the jury. *Id.* at 1. The instruction that Mr. Sanders proposed (Instruction No. 11) is a verbatim pattern instruction that includes the definition of reasonable doubt, O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 12.10 (6th Ed. 2008), a phrase that is not used in common speech or adequately understood by the average person, ECF No. 211 at 4. Mr. Sanders's proposed instruction is drawn from the same source that the Government drew 26 out of its 56 instructions, without any modification whatsoever. ECF No. 159, Government's Proposed

Instructions Nos. 1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 27, 29, 53, 55, 56.  The Government's proposed instruction (Instruction No. 26), which fails to define reasonable doubt, is a non-pattern instruction that departs from O'Malley et al. through that failure to define reasonable doubt.  ECF No. 211 at 3-4.  Mr. Sanders's proposed pattern instruction (Instruction No. 11) is therefore more appropriate.

Second, the Government objects to Mr. Sanders's proposed instruction on witness credibility (Instruction No. 13).  The Government's proposed instruction (Instruction No. 9) is better suited to a different case, which turns on eyewitnesses' observation of events and on witnesses' opportunities to observe, rather than the case at hand.  ECF No. 211 at 5.  The rhetorical questions in Mr. Sanders's proposed instruction are appropriate because they will aid, rather than confuse, the jury in assessing the credibility of witnesses generally.  Mr. Sanders's proposed instruction (Instruction No. 13) will therefore better assist the jury given the allegations in this case.

Third, the Government objects to Mr. Sanders's proposed instruction about the credibility of law enforcement witnesses (Instruction No. 14), which is a verbatim pattern instruction.  1 L. Sand, et al., *Modern Federal Jury Instructions*, § 7-16 (2004).  The Government has indicated its intent to call at trial 11 law enforcement witnesses and only 2 non-law enforcement witnesses.  ECF No. 205.  This instruction is required precisely because jurors likely will not understand that law enforcement, simply because they are law enforcement, are not more credible than any ordinary witnesses.  Mr. Sanders's proposed pattern instruction (Instruction No. 14) will therefore assist the jury in understanding that any other instruction(s) about witness credibility "should be equally applied to all witnesses."  ECF No. 198 at 2.

Fourth, the Government objects to Mr. Sanders's proposed instruction about weaker or less satisfactory evidence (Instruction No. 18), which is a verbatim pattern instruction. O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14.14 (6th Ed. 2008).  Mr. Sanders's proposed instruction is drawn from the same source that the Government drew 26 out of its 56 instructions, without any modification whatsoever.  ECF No. 159, Government's Proposed Instructions Nos. 1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 27, 29, 53, 55, 56.  The Government offers no support for why this Court should refrain from following this pattern instruction from O'Malley et al.  Mr. Sanders's proposed pattern instruction (Instruction No. 18) is therefore not unnecessary or confusing and should be provided to the jury.

Fifth, the Government objects to Mr. Sanders's proposed instruction about the absence of a witness (Instruction No. 20).  Mr. Sanders's proposed instruction is another verbatim pattern instruction, O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 14.15 (6th Ed. 2008), which is drawn from the same source that the Government drew 26 out of its 56 instructions, without any modification whatsoever, ECF No. 159, Government's Proposed Instructions Nos. 1, 2, 4, 5, 6, 8, 9, 10, 11, 12, 13, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 27, 29, 53, 55, 56.  Even if the third party electronic communications that the Government intends to introduce can be admissible as non-hearsay, which Mr. Sanders disputes, *see* ECF No. 155, the instruction is not inappropriate, unnecessary, or confusing and should be provided to the jury.

Sixth, the Government objects to Mr. Sanders's proposed instruction about the offense charged (18. U.S.C. § 2251(a)) (Instruction No. 21), even though it reflects the elements that the Government is required to prove beyond a reasonable doubt.  The Government's proposed non-

pattern instruction impermissibly shifts the burden of proof to Mr. Sanders.  ECF No. 211 at 8.  Mr. Sanders's proposed instruction should therefore be provided to the jury.

Seventh, the Government objects to Mr. Sander's proposed instruction about the purpose of producing (Instruction No. 22) because the Government considers it "unnecessary and confusing" and claims that it "*potentially* inserts elements that are inconsistent with the statute and the language previously used for this charge."  ECF No. 198 at 2.  The Government provides no authority for its claim.  Moreover, the Government's argument is inconsistent with the Fourth Circuit's recent opinion in United States v. McCauley, No. 19-4318, 2020 WL 7414398 (4th Cir. Dec. 18, 2020), attached as Ex. 1, where the Court held that 18 U.S.C. § 2251 "requires the government to prove that creating a visual depiction was 'the purpose' of an accused for engaging in sexual conduct, not merely 'a purpose' that may happen to arise at the same instant as the conduct."  Id. at 3. Based on the Fourth Circuit's recent opinion, Mr. Sanders submits a revised proposed Instruction No. 22.  See Revised Jury Instruction No. 22, attached as Ex. 2.

Mr. Sanders's proposed instruction is consistent with the statute, which uses the unambiguous "the" when describing the "the purpose" the Government is required to prove beyond a reasonable doubt.  18 U.S.C. § 2251(a); Ex. 2; see also United States v. Palomino-Coronado, 805 F.3d 127, 130 (4th Cir. 2015) ("As the text indicates, § 2251(a) contains a specific intent element: the government was required to prove that production of a visual depiction was a purpose of engaging in the sexually explicit conduct"); see also ECF No. 211 at 9-10.  "The difference [between 'the purpose' and 'a purpose'] is whether the accused's alleged purpose carries some predominant weight, as required by the plain statutory language, or whether [producing a visual depiction] was one among many, potentially much more significant purposes. . . . But the language 'the purpose' requires that [producing a visual depiction] be at

4

the very least a significant purpose in the sexual conduct itself, not merely incidental." *McCauley*, No. 19-4318, 2020 WL 7414398, at 4. The Fourth Circuit reasoned that "[t]he minimum penalty under 18 U.S.C. § 2251 further underscores the requisite seriousness of intent. . . [and] demonstrates that Congress meant what it said when it wrote that creating a visual depiction must be 'the purpose' in engaging in the sexual conduct." *Id.* at 4.

The Government's proposed instruction (Instruction No. 35) fails to explain that producing a visual depiction must be at the very least a significant purpose, and not merely incidental. If this Court were to select the Government's Instruction No. 35, rather than Mr. Sanders's Instruction No. 22, it would fail to follow the Fourth Circuit's precedent set by *McCauley*. "Instructing a jury that it is sufficient to find [producing a visual depiction] was 'a purpose' that could 'arise at any time' during the sexual conduct is for courts to improperly greenlight a fifteen-year minimum sentence" where producing a visual depiction was not the predominant or significant purpose. *Id.* at 4. This Court should therefore instruct the jury according to Mr. Sanders's revised Instruction No. 22. Ex. 2.

Eighth, the Government objects to Mr. Sanders's proposed instruction defining sexually explicit conduct (Instruction No. 23) because it believes the instruction is "less clear" than the Government's proposed instruction" and is "inconsistent with the language previously used in this Court." ECF No. 198 at 3. The Government provides no authority for its claim. Unlike the Government's proposed non-pattern instruction, Mr. Sanders's proposed instruction is drawn directly and verbatim from a pattern instruction. 3 L. Sand, et al., *Modern Federal Jury Instructions - Criminal*, § 62-7 (2013) (omitting "bestiality"); Seventh Circuit Pattern Criminal Jury Instruction at 603 (2012) ("Only the applicable terms within this definition should be used"). Mr. Sanders's proposed instruction more accurately reflects the language chosen by the

5

authorities the Government cited in support of its non-pattern instruction and Mr. Sanders's proposed instruction should therefore be used instead. ECF No. 211 at 12-13.

<u>Finally</u>, the Government objects to Mr. Sanders's proposed instruction about unanimity/disagreement among jurors (Instruction No. 25) because it believes the instruction is "less clear" than the Government's proposed instruction" and is "inconsistent with the language previously used in this Court." ECF No. 198 at 3. The Government provides no authority for its claim. Unlike the Government's proposed non-pattern instruction, Mr. Sanders's proposed instruction is drawn directly and verbatim from a pattern instruction. *The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit*, Instruction 7.03 (2020 Ed.). Mr. Sanders's proposed instruction should therefore be used instead.

For the reasons set forth above and in ECF No. 211, Mr. Sanders respectfully requests that the Court adopt the instructions proposed by Mr. Sanders.

                                              Respectfully submitted,
                                                    /s/
                                            Jonathan Jeffress (#42884)
                                            Emily Voshell (#92997)
                                            Jade Chong-Smith (admitted *pro hac vice*)
                                            KaiserDillon PLLC
                                            1099 Fourteenth St., N.W.; 8th Floor—West
                                            Washington, D.C. 20005
                                            Telephone: (202) 683-6150
                                            Facsimile: (202) 280-1034
                                            Email: jjeffress@kaiserdillon.com
                                            Email: evoshell@kaiserdillon.com
                                            Email: jchong-smith@kaiserdillon.com

                                            *Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Emily Voshell*
Emily Voshell