IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: April 26, 2021 |
| *Defendant.* | ) |
| | ) |

**REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES'
MOTION *IN LIMINE* TO ADMIT CERTAIN RECORDS AND EVIDENCE**

On December 18, 2020, the government filed a motion *in limine* seeking a pre-trial ruling on the admissibility of certain records and evidence—namely, certified copies of birth certificates of MINOR VICTIMS 1, 3, 4, and 5, and photographs of trade inscriptions on devices identified in Count 12 of the indictment. Dkt. No. 164. On January 8, 2021, the defendant filed a response to the government's motion, arguing that only the MINOR VICTIMS themselves can lay the foundation for the admissibility of these birth certificates and that testimony from anyone other than the MINOR VICTIMS regarding the birth certificates would be hearsay and would violate his rights under the Confrontation Clause of the Sixth Amendment. Dkt. No. 202. The United States, by and through undersigned counsel, hereby files this reply to the defendant's response.

There can be no dispute that birth certificates are self-authenticating under Federal Rule of Evidence 902(1) and certified copies of birth certificates are similarly self-authenticating under Federal Rule of Evidence 902(4). Further, the information contained in birth certificates is excepted as hearsay under Federal Rule of Evidence 803(9). Finally, because birth certificates are created as records of live births by states and not for the purpose of establishing some fact at trial, they are considered non-testimonial evidence and thus do not implicate the Confrontation Clause.

*United States v. Oliveira-Guarequi*, 445 F. App'x 224, 227 (11th Cir. 2011) (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)); *see also United States v. Vidrio-Osuna*, 198 F. App'x 582, 584 (9th Cir. 2006); *United States v. Cabrera-Beltran*, 660 F.3d 742, 752 (4th Cir. 2011) (noting that records created "merely to administer the affairs" of a government agency are non-testimonial and their admission does not violate the Confrontation Clause).

The defendant provides no support for his proposition that only the individual who is the subject of a birth certificate can lay the necessary foundation to introduce that birth certificate as evidence at trial. In fact, courts across the country have recognized the admission of birth certificates at trial through witnesses other than the individuals identified in them, including through law enforcement agents. *See United States v. Deverso*, 518 F.3d 1250, 1256 (9th Cir. 2008) (rejecting challenge to admission of copy of victim's foreign birth certificate through law enforcement agent); *United States v. Medrano*, 356 F. App'x 102, 109 (10th Cir. 2009) (rejecting challenge to admission of defendant's foreign birth certificate); *United States v. Burgess*, 684 F.3d 445, 454 (4th Cir. 2012) ("The victim's identity and age were verified by her birth certificate and the testimony of the agent who arrested the producer of the video recording."). In this case, the United States intends to introduce the birth certificates through the MINOR VICTIMS and/or law enforcement agents who have met with the MINOR VICTIMS and can identify them through the image and/or video files the defendant received from them. To the extent the defendant intends to challenge the information contained in the birth certificates, "that challenge goes to the weight of the evidence, not its admissibility on grounds of authenticity." *Deverso*, 518 F.3d at 1256.

## CONCLUSION

For the reasons stated, the United States respectfully requests a pre-trial ruling that certified copies of the birth certificates of MINOR VICTIMS 1, 3, 4, and 5, and photographs of the

inscriptions of devices identified in Count 12 of the indictment—all of which is self-authenticating, non-hearsay evidence—are admissible.

                              Respectfully submitted,

                              G. Zachary Terwilliger
                              United States Attorney

By:     /s/
                              William G. Clayman
                              Special Assistant United States Attorney (LT)
                              Jay V. Prabhu
                              Assistant United States Attorney
                              U.S. Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Tel: 703-299-3700
                              Fax: 703-299-3981
                              Email: william.g.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov