IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA  )  <br>  ) | Case No. 1:20-CR-143 |
| v.  ) | |
|  ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS,  ) | |
|  ) | Trial: April 26, 2021 |
| *Defendant.*  ) | |
|  ) | |

**REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES'
MOTION *IN LIMINE* TO PERMIT PRESENTATION OF
CHILD PORNOGRAPHY EVIDENCE**

On December 18, 2020, the government filed a motion *in limine* seeking permission to publish to the jury a small portion of the child pornography files at issue in this case. Dkt. No. 162. On January 8, 2021, the defendant filed a response, taking the extraordinary position that the government should not be permitted to publish any child pornography at trial in a case that charges him with 12 child-pornography-related offenses. Dkt. No. 203. The United States, by and through undersigned counsel, hereby files this reply to the defendant's response.

The defendant first argues that the government should not be permitted to publish any child pornography because it has not specifically identified the files it may seek to publish and because the defendant has not personally reviewed every image and video file, including the non-contraband files, recovered from his electronic devices. Dkt. No. 203 at 2–3. The government has now filed its exhibit list, which identifies the files depicting the sexual abuse of children that the government intends to introduce at trial. Dkt. No. 206.[1] Moreover, the defendant's suggestion that the government should not be permitted to publish child pornography because the defendant

---

[1] The government reserves the right to amend the exhibit list in advance of trial.

has not personally reviewed every image and video the government recovered from his own devices is without merit. Months ago, the government provided the defense with sanitized versions of his online chats with MINOR VICTIMS 1, 2, 3, 4, 5, and 6 that form the basis of the charges in Counts 1–11 of the indictment, and the government has repeatedly offered to make the non-sanitized versions of these chats available so the defense can review the limited set of contraband images and videos in them. The government has also offered to make contraband evidence that forms the basis of Count 12 available for the defense's review. With the exception of one occasion, the defense has declined to review contraband evidence without the defendant physically present at the U.S. Attorney's Office. While the government has worked to accommodate this when possible, the logistical difficulties of transporting the defendant from the Alexandria Detention Center during the pandemic should not have prevented defense counsel from coming to a government facility to review the child pornography material. And as this Court has noted, a defendant's right to review discovery material can be satisfied through counsel. *United States v. Hewlett*, 1:20-cr-64 (TSE), Dkt. No. 84, at 10–11 (E.D. Va. Aug. 12, 2020) (citing cases). Accordingly, the defense's self-imposed restrictions on their review of the contraband material in this case should not impact the government's right to rely on this material at trial.[2]

The defendant next argues that the government should not be permitted to present any child pornography evidence at trial because it would be unfairly prejudicial and cumulative. Dkt. No. 203 at 3–5. As an initial matter, the term "unfair prejudice" in Federal Rule of Evidence 403 refers to the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilty a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519

---

[2] The government will continue to make the child pornography evidence in this case reasonably available to the defense consistent with 18 U.S.C. § 3509(m).

2

U.S. 172, 180 (1997).  In *Old Chief*, the Supreme Court explained that it is "unquestionably true as a general matter" that "the prosecution is entitled to prove its case by evidence of its own choice[.]"  *Id.* at 186-87.  Evidence should therefore not be excluded merely because it might be graphic or disturbing.  *United States v. Kapp*, 419 F.3d 666, 677 (7th Cir. 2005); *see also United States v. Morales-Aldahondo*, 524 F.3d 115, 119–20 (1st Cir. 2008) (finding in child pornography case that "the court is not required to scrub the trial clean of all evidence that may have an emotional impact, where the evidence is part of the government's narrative" (internal quotations omitted)).  Indeed, the Fourth Circuit has long recognized that "damage to a defendant's case is not a basis for excluding probative evidence" and "[e]vidence that is highly probative invariably will be prejudicial to the defense." *United States v. Grimmond*, 137 F.3d 823, 833 (4th Cir. 1998).  Thus, while child pornography evidence may be upsetting to view, courts should steadfastly reject Rule 403 challenges where a defendant is "being prosecuted for exactly what [the evidence] depicts."  *United States v. Hanna*, 630 F.3d 505, 512 (7th Cir. 2010) (citations omitted).

Here, with respect to Counts 1–11 of the indictment, the government has included on its exhibit list just 11 files depicting MINOR VICTIMS 1, 2, 3, 4, 5, and 6 engaged in sexually explicit conduct.  Dkt. No. 206 at 4–8.[3]  These files are necessary to establish that the defendant used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct and to establish that the defendant knowingly received files depicting a minor engaged in sexually explicit conduct, as required under 18 U.S.C. §§ 2251(a) and 2252(a)(2).  With respect to Count 12, the government has included on

---

[3] Many of these files are videos.  To avoid having to play each video at trial, the government has included on its exhibit list the videos as well as storyboard images of the videos.  Storyboards consist of a series of still images taken from a video file to show what is depicted in the video.  Accordingly, while some of these 11 files are duplicated on the exhibit list as both video and storyboard exhibits, the government may only seek to publish the storyboard file.

3

its exhibit list just six child pornography files (out of many more recovered in this case) across four of the defendant's devices identified in the indictment. Dkt. No. 206 at 8–11.[4] These files are necessary to establish that the devices contained videos and images that depict minors engaged in sexually explicit conduct and that some of these files depict a prepubescent minor or a minor who had not attained 12 years of age. *See* 18 U.S.C. § 2252(a)(4)(B) and (b)(2). These files are also necessary to show that the defendant's possession of these files was not by accident and that he possessed more than three files. *See* 18 U.S.C. § 2252(c).

Courts across the country recognize that the government should be permitted to publish child pornography to the jury in similar cases.[5] The defendant, on the other hand, provides no

---

[4] As with the files relevant to Counts 1–11, these files consist of videos, and the exhibit list includes both the video files as well as storyboard images of the videos.

[5] *See Morales-Aldahondo*, 524 F.3d at 119–20 (affirming conviction where jury was shown, over defendant's objection, 12 images and 10 video clips despite defendant's offer to stipulate that all images and videos met the legal definition of child pornography); *United States v. Polouizzi*, 564 F.3d 142, 152–53 (2d Cir. 2009) (affirming conviction where jury was shown, over defendant's objection, each image or video charged in 23-count indictment); *United States v. Finley*, 726 F.3d 483, 493–94 (3rd Cir. 2013) (finding district court properly allowed admission and publication of 13 video segments and two images contained in defendant's collection of child pornography); *United States v. Caldwell*, 586 F.3d 338, 343 (5th Cir. 2009) (affirming conviction where jury was shown, over defendant's objection, three excerpts from three of the 17 videos on defendant's computer, despite defendant's stipulation); *United States v. Mellies*, 329 F. App'x 592, 600–01 (6th Cir. 2009) (admission of 1,600 images and publication of 114 images was not improper despite defendant's admission that the images portrayed child pornography); *United States v. Keith*, 440 F. App'x 503, 507 (7th Cir. 2011) (affirming conviction where jury was shown, over defendant's objection, 32 child pornography images found on the defendant's computer); *United States v. Becht*, 267 F.3d 767, 774 (8th Cir. 2001) (affirming conviction where jury was shown, over defendant's objection, 39 child pornography images); *United States v. Sewell*, 457 F.3d 841, 844 (8th Cir. 2006) (in interlocutory appeal, court held that the district court "abused its discretion in refusing to allow the Government to publish a representative sample of the [child pornography] images" found on defendant's computer); *United States v. Ganoe*, 538 F.3d 1117, 1123–24 (9th Cir. 2008) (affirming conviction where jury was shown, over defendant's objection, 10 still images of child pornography); and *United States v. Dodds*, 347 F.3d 893, 897–99 (11th Cir. 2003) (affirming conviction in which jury was shown, over defendant's objection that the evidence was cumulative and unduly prejudicial, 66 images of child pornography).

support for his sweeping claim that the government should not be permitted to publish any child pornography at his trial involving a dozen child pornography offenses, nor has he presented any evidence for his claim that the government "cherry-pick[ed] the images and videos it considers to be most prejudicial" here. Dkt. No. 203 at 1–2. Accordingly, and given that the government intends to publish a very limited set of child pornography files out of the many relevant files that were recovered in this case, the Court should grant the government's motion *in limine*.

## CONCLUSION

For the reasons stated, the United States respectfully requests that the Court permit the government to publish to the jury a limited set of the child pornography files relevant to this case. The government also notes that it intends to ask the Court to publish these files only to the Court and the jury and not to the public in the gallery.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov