IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ZACKARY ELLIS SANDERS, )<br>)<br>*Defendant.* )<br>) | Case No. 1:20-CR-143<br><br>Honorable T.S. Ellis, III<br><br>Trial: April 26, 2021 |

**REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES'
MOTION *IN LIMINE* TO ADMIT CERTAIN EVIDENCE
PURSUANT TO FEDERAL RULES OF EVIDENCE 404(B) AND 414**

On December 18, 2020, the government filed a motion *in limine* seeking a pre-trial ruling on the admissibility of evidence pursuant to Federal Rules of Evidence 404(b) and 414—namely, the defendant's admissions in a recorded, voluntary interview with law enforcement that he previously received child pornography using a mobile messaging application and that he accessed and downloaded child pornography using the internet. Dkt. No. 165. On January 8, 2021, the defendant filed a response opposing the admission of these statements. Dkt. No. 207. The United States, by and through undersigned counsel, hereby files this reply to the defendant's response.

The defendant first opposes the government's motion *in limine* because he believes the interview was custodial and his statements were involuntary, citing his tardy motion to suppress that the Court recently denied as untimely. *See* Dkt. No. 207 at 3. As the Court previously explained, the defendant forfeited these suppression arguments when the defense made the strategic decision to focus their pre-trial suppression motions on the validity of the search warrant, *see* Dkt. No. 196 at 4–6, and the defendant should not be permitted to restyle his extraordinarily untimely motion to suppress as a response to a motion *in limine*, *see United States v. McLean*, 150

F. App'x 249, 253 (4th Cir. 2005) (affirming denial of motion *in limine* to suppress evidence as untimely where the motion was filed months after the filing deadline for pre-trial suppression motions under Fed. R. Crim. P. 12).[1]  Indeed, a motion *in limine* is defined as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial," typically based on the prejudicial nature of the evidence, *see* MOTION IN LIMINE, Black's Law Dictionary (11th ed. 2019), while a motion to suppress is generally defined as "[a] request that the court prohibit the introduction of illegally obtained evidence at a criminal trial," *see* MOTION TO SUPPRESS, Black's Law Dictionary (11th ed. 2019).  The defendant's argument that his statements in the recorded interview were obtained unlawfully therefore should have been raised in a pre-trial motion to suppress, not a response to the government's instant motion *in limine*.

The defendant next argues that the government's motion should be denied because it does not specify exactly which portions of his recorded interview the government may seek to introduce at trial.  Dkt. No. 207 at 3.  The government believes that its motion adequately advises the defendant and the Court of the nature of the admissions that it may seek to introduce and, indeed, the defendant has been able to identify these statements and has argued that they should not be

---

[1] *See also United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("The court also did not abuse its discretion by denying Trancheff's motion in limine as untimely on the ground that it was an untimely effort to preserve issues that could have been raised in a timely motion to suppress."); *United States v. Mangine*, 302 F.3d 819, 822 (8th Cir. 2002) (affirming admission of statements where defendant "appears to have disguised a late motion to suppress evidence . . . as a motion in limine."); *United States v. Figaro-Benjamin*, 392 F. Supp. 3d 280, 282 (D.P.R. 2019) (interpreting motion in *limine* to "preclude" statements as a motion to suppress and denying it as untimely); *United States v. Elcock*, 2019 WL 3577658, at *1 (D.V.I. Aug. 5, 2019) ("[A]lthough Defendant's filing was styled as a Motion in Limine, it was in reality a motion to suppress evidence that required an evidentiary hearing, and which should have been filed by the [] deadline for pretrial motions."); *United States v. Bundy*, 2017 WL 521629, at *2 (D. Nev. Feb. 7, 2017) ("While styled as a motion in limine, [defendant] in effect seeks a motion to suppress the seized evidence."); and *United States v. Edgerson*, 2006 WL 568376, at *1 (E.D. Mich. March 7, 2006) (denying as untimely motion *in limine* that was "really nothing more than another Motion to Suppress" and was filed months after the pre-trial motions deadline).

admitted. *Id.* at 4–5. Nevertheless, the government has specified for the defense what portions of the defendant's recorded interview the government may seek to play at trial that fall within the scope of the government's motion *in limine*. *See* Dkt. No. 201 at 2–3. As made clear in the government's previous filings, these statements involve the defendant's admissions that he received child pornography and "Dropbox things" containing child pornography over a mobile messaging application, and that he accessed and downloaded child pornography from websites on the dark web.[2] *Id.*; *see also* Dkt. Nos. 201-1, 201-2, 201-3, 201-4.

The defendant last argues that the government's motion *in limine* should be denied because his statements improperly go to his "character" under Federal Rule of Evidence 404(b), as opposed to proof of motive, opportunity, intent, preparation, knowledge, or identity.[3] Dkt. No. 207 at 4–7. The defendant's argument simply misses the point. The defendant admitted to receiving images of child pornography and "Dropbox things" containing child pornography while using a mobile messaging application. Dkt. No. 201 at 2–3. He also admitted to navigating to websites on the dark web dedicated to child pornography and downloading child pornography from these websites, and that he did so because he was "curious" to see the child pornography available on these websites after he previously received child pornography through a mobile messaging application. *Id.* To the extent this evidence is not intrinsic to the charged conduct, it is highly relevant to prove,

---

[2] The defendant's claim that his receipt of child pornography over a mobile messaging application was "unsolicited," Dkt. No. 207 at 4, is inconsistent with his admission that he received child pornography via "some Dropbox things" over a mobile messaging application, Dkt. No. 201 at 2. In order to have received child pornography through a Dropbox link sent via a mobile messaging application, the defendant would likely need to take several affirmative steps of his own, including clicking on the link and downloading the content there.

[3] The defendant also argues that the statements are unreliable and prejudicial—arguments that the government has adequately addressed in other filings. *See* Dkt. No. 165 at 13–15; Dkt. No. 201; at 6–8.

among other things, the defendant's motive and lack of mistake with respect to the crimes charged by demonstrating that he has a long-standing interest in child pornography—an interest that the overwhelming majority of the population does not share—and sought it out before using the internet and mobile messaging applications.

## CONCLUSION

For the reasons stated above, in the government's motion *in limine*, Dkt. No. 165, and in the government's response to the defendant's motion *in limine*, Dkt. No. 201, the United States respectfully requests that the Court find that the proffered evidence is intrinsic to the charged conduct or, in the alternative, that the evidence is admissible under Federal Rule of Evidence 404(b) and 414.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:     /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov