IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-143 |
| v. | ) | |
| | ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | Trial: April 26, 2021 |
| *Defendant.* | ) | |
| | ) | |

**REPLY TO DEFENDANT'S RESPONSE TO THE UNITED STATES'
MOTION *IN LIMINE* TO EXCLUDE AND LIMIT CERTAIN ARGUMENTS,
LINES OF QUESTIONING, AND EVIDENCE AT TRIAL**

On December 18, 2020, the government filed a motion *in limine* seeking a pre-trial Order

from the Court excluding certain arguments, lines of questioning, and evidence at trial related to a

number of topics that are irrelevant, unduly prejudicial, and routinely excluded in similar cases.

Dkt. No. 163.  On January 8, 2021, the defendant filed a response, opposing the entirety of the

government's motion.  Dkt. No. 209.  The United States, by and through undersigned counsel,

hereby files this reply to the defendant's response.

As an initial matter, the defendant claims that the government's motion should be denied

as an improper attempt to force him to reveal his defense theory.  *Id.* at 2–3.  That is incorrect.

The government did not ask him to disclose his defense theory and, indeed, he filed a lengthy

response without doing so.  The government is simply seeking a pre-trial ruling that certain

inadmissible and prejudicial evidence cannot be referred to or offered at trial.   That is the purpose

of a motion *in limine*.  *See* MOTION IN LIMINE, Black's Law Dictionary (11th ed. 2019)

(defining a motion *in limine* as "[a] pretrial request that certain inadmissible evidence not be

referred to or offered at trial").  Moreover, and for the reasons explained in the government's

motion, each of the categories of information the government has identified is irrelevant and unduly prejudicial, and should therefore be excluded at trial.  Dkt. No. 163 at 5–14.  To aid the Court in its decisional process, the government responds to the defendant's arguments with respect to three of these categories of information.

## I.     Alleged Consent or Voluntariness Evidence Related to the MINOR VICTIMS

The defendant asserts that he should be permitted to introduce evidence about the MINOR VICTIMS' alleged voluntary participation in the offense conduct because the production-of-child-pornography charges are based on online sexual conduct with minors—as opposed to in-person sexual contact with minors—and the allegedly voluntary nature of his sexual relationships with these minors is relevant to whether he had the requisite intent to violate 18 U.S.C. § 2251(a) based on *United States v. Palomino-Coronado*, 805 F.3d 127 (4th Cir. 2015).[1]  Dkt. No. 209 at 4–7.

The defendant's two arguments make little sense together.  As he correctly notes, the charges here are not based on videos of in-person sexual encounters with minors that he recorded during the acts, like in *United States v. McCauley*, Case No. 1:18-cr-330 (TSE) (E.D. Va.).  Rather, they are based on sexually explicit chats in which he used, persuaded, induced, enticed, and coerced minors to engage in sexually explicit conduct and to record themselves doing so.  Accordingly, the Fourth Circuit's decisions in *Palomino-Coronado* and, now, *McCauley* are not implicated here.  He can make no plausible argument that his decision to record a minor engaged in sexual activity was spontaneously made during an in-person sexual encounter and was only incidental to him consummating his "amorous feelings" for the minor, as he suggests.  Dkt. No.

---

[1] The Fourth Circuit recently expounded on what the government needs to prove to convict under 18 U.S.C. § 2251(a), explaining that the production of a visual depiction of a minor engaging in sexually explicit conduct must "be at the very least a significant purpose in the sexual conduct itself, not merely incidental."  *United States v. McCauley*, --- F.3d ---, 2020 WL 7414398, at *4 (4th Cir. 2020).

209 at 7.  In fact, the stated purpose of the defendant's decision to persuade these minors to engage in sexually explicit conduct was for them to produce a visual depiction of them doing so and send it to him.  More to the point, that a defendant's unlawful conduct occurred online does not alter the fact that a minor's ultimate willingness to engage in sexual acts is irrelevant to the question of whether *the defendant* used, persuaded, induced, enticed, or coerced a minor for the purposes of 18 U.S.C. § 2251(a).  *See* Dkt. No. 163 at 5 (citing cases).  The relevant inquiry here is the defendant's state of mind, not the MINOR VICTIMS'.

## II.     Mistake-of-Age Evidence

The defendant next argues that he should be permitted to argue a mistake-of-age defense despite the abundance of caselaw holding that knowledge of the victim's age is not an element of the offense under 18 U.S.C. § 2251(a).  Dkt. No. 209 at 8–13.  The crux of his argument is that he used and persuaded minors to engage in sexually explicit conduct online, as opposed to in person, and that he should therefore be permitted to argue a mistake-of-age defense.[2]  The defendant provides no legal authority for this claim and, indeed, other courts have rejected similar arguments in online production cases.  *See United States v. Seibert*, No. 5:17-cr-00572, 2018 WL 4025429, at *2–3 (E.D. Pa. Aug. 23, 2018) (granting motion *in limine* to preclude a mistake-of-age defense over defendant's objections that *Malloy* is distinguishable because he had no in-person contact with minor victims).[3]  The defendant also asserts that, in 1977, Congress could not have anticipated

---

[2] It is worth noting that contrary to the defendant's assertions that "no interaction and no sexual activity took place in person" here, Dkt. No. 209 at 9, the online chats and the MINOR VICTIMS' interviews—both of which have been provided to the defense—show that the defendant did in fact meet some of these minors in person.  The charges in this case, however, are based on the defendant's conduct in the online chats with these minors.

[3] *See also United States v. Walker*, 917 F.3d 1004, 1011 n.3 (8th Cir. 2019) (approving refusal to instruct jury that knowledge of victim's age is an element of § 2251(a) in case based on online messages); *United States v. Tollefson*, 367 F. Supp. 3d 865, 870–78 (E.D. Wis. 2019) (rejecting

§ 2251(a) being applied to a defendant who, like him, relied on the internet to coerce minors to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. Dkt. No. 209 at 10–13. The defendant fails to note, however, that § 2251(a) has been amended multiple times since 1977, including in 2008, when Congress amended it to apply to live transmissions of child sexual abuse via web cams and other internet technology. *See* Protect Our Children Act of 2008, Pub. L. No. 110-401, § 301, 122 Stat. 4242 (2008). Congress did not, however, amend § 2251(a) to require proof that the defendant knew the age of the victim despite the proliferation of online child sexual abuse. Finally, as the government noted in its motion, the online chats in this case will show that the defendant had ample opportunity to question whether the MINOR VICTIMS in this case were indeed minors and, in some cases, did so and received confirmation. Dkt. No. 163 at 10 n.2.

## III.    The Foreign Law Enforcement Agency

The defendant also asserts that he should be permitted to cross-examine government witnesses regarding the investigation of the foreign law enforcement agency described in the search warrant affidavit in this case. Dkt. No. 209 at 13–16. In so doing, he recycles the arguments he has raised throughout this case, claiming without any evidence that the affidavit is false and misleading and that the government is concealing evidence to prove this theory. *Id.* The Court has already determined, however, that the affidavit does not contain any false or misleading statements in this regard, and the defendant should be precluded from seeking to re-litigate these

---

constitutional challenge to § 2251(a)'s strict liability with regard to victim's age where charge was based on online activity with minor); *United States v. McElroy*, 2014 WL 1155230, at *2 (D. Or. March 21, 2014) (rejecting defendant's similar challenge to the scienter requirement in § 2251 based on "advances in technology and the Internet"); and *United States v. McClelland*, Crim. No. 10-10173, 2011 WL 5025025, at *2 (D. Kan. Oct. 21, 2011) (rejecting constitutional challenge to § 2251(a)'s strict liability with regard to victim's age where charge was based on online activity with a minor).

prejudicial issues during trial.  Any effort to do so will confuse the issues before the jury and inevitably result in a distracting mini-trial over irrelevant matters that the Court has already resolved.

## CONCLUSION

For the reasons stated, the United States respectfully requests the entry of an Order prohibiting the defendant from making any argument, soliciting any questions, or introducing any evidence at trial regarding the categories of information identified in the government's motion *in limine*.  Dkt. No. 163 at 1.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:  _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 15, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:          /s/
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov