IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>       Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: April 9, 2021<br>Trial: April 26, 2021 |

**MR. ZACKARY ELLIS SANDERS'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS OPPOSITION TO
GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE AND LIMIT CERTAIN
ARGUMENTS, LINES OF QUESTIONING, AND EVIDNECE AT TRIAL**

  Mr. Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits the attached supplemental authority in further support of his Opposition to Government's Motion *In Limine* to Exclude and Limit Certain Arguments, Lines of Questioning, and Evidence at Trial (ECF No. 209).  *See United States v. McCauley*, No. 19-4318, 2020 WL 7414398 (4th Cir. Dec. 18, 2020), attached as Ex. 1.

  The Government argued that any evidence of consent or voluntariness should be excluded or limited was because of the opinion in *United States v. McCauley*, Case No. 1:18-cr-330-TSE, ECF No. 77 ("McCauley Opinion").  ECF No. 163 at 6.  The Government reasoned that whether the minor consented to engaging in sexually explicit conduct or to "sending the defendant the visual depictions of themselves engaging in sexually explicit conduct," *id.* at 6, was irrelevant to whether "*at least one of the defendant's purposes* . . . was to produce a visual depiction" of the sexually explicit conduct, *id.* at 6 (quoting McCauley Opinion at 5) (emphasis added).

The Fourth Circuit's recent opinion vacating and remanding *McCauley* makes clear that 18 U.S.C. § 2251(a) "requires the government to prove that creating a visual depiction was 'the purpose' of an accused for engaging in sexual conduct, not merely 'a purpose' that may happen to arise at the same instant as the conduct." Ex. 1 at 5. The Court reasoned that there is a "fundamental difference" between "the purpose," which is the language of the statute and which suggests that "the accused's alleged purpose carries some predominant weight," and "a purpose," which is the language the Government has relied on and which suggests producing a visual depiction "was one among many, potentially much more significant purposes." *Id.* at 5. The Court emphasized that "[t]he minimum penalty under 18 U.S.C. § 2251," fifteen years in federal prison, "further underscores the requisite seriousness of intent" and "demonstrates that Congress meant what it said when it wrote that creating a visual depiction must be 'the purpose' in engaging in the sexual conduct." *Id.* at 5-6.

Because this is a sexting case—not a typical, in-person production case where a defendant films or photographs sexual activity they engaged in with a minor—where the purported minors are alleged instead to have taken any photos or videos when they were by themselves and then sent such photos or videos to Mr. Sanders via mobile messaging applications, the character of the purported interactions between Mr. Sanders and the alleged minors is probative of Mr. Sanders's intent, state of mind, and motive and whether the purpose of producing a visual depiction was the predominant purpose, or some other purpose.

Accordingly, Mr. Sanders should be able to present evidence regarding the nature of the alleged interactions that makes it more likely that the predominant purpose was not to produce a visual depiction.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress