IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: April 26, 2021 |
| *Defendant.* ) | |
| ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE UNTIMELY FIFTH MOTION TO SUPPRESS

The defendant has filed a motion for leave to file a fifth motion to suppress well over 100 days after the deadline for such motions. Dkt. No. 213. The Court has instructed the government to file a response on or before January 22, 2021. Dkt. No. 214. Accordingly, the United States, by and through undersigned counsel, hereby submits this response and respectfully requests that the Court deny the defendant's attempt to file this extraordinarily untimely motion.

## BACKGROUND

On December 17, 2020, the defendant filed an untimely motion to suppress—his fifth thus far—seeking to suppress statements he made in a voluntary interview with law enforcement during the February 2020 search of his home. Dkt. Nos. 149 and 150. He filed the motion over 100 days after the pre-trial motions deadline, which the Court had already twice extended to accommodate him.[1] Dkt. No. 196 at 1. After ordering the defendant to show cause for his late filing and receiving full briefing, the Court denied his motion as untimely. *Id.* The Court explained that: (1)

---

[1] The Court first continued the pre-trial motions deadline at the defendant's request from August 20, 2020, to August 27, 2020. Dkt. No. 72. After the defendant improperly filed a motion that exceeded the permitted page limit, the Court struck the defendant's motion and instructed the defendant to re-file by September 2, 2020. Dkt. No. 80.

the motion and requested evidentiary hearing would likely delay the trial in this matter, which had already been continued at his request and was scheduled to begin on February 9, 2021; (2) he provided no plausible explanation for his extremely delayed filing since the defense received a copy of his recorded interview in April 2020 and had all the information needed to file the motion months prior to the pre-trial motions deadline; (3) the delayed filing would prejudice the government by requiring it to divert resources from the trial and prepare for an evidentiary hearing in the midst of a pandemic, while the denial of his motion was unlikely seriously to prejudice him; and (4) the defense's strategic decision to forego challenging the voluntariness of his interview "is not good cause for allowing [his] fifth motion to suppress to proceed." *Id.* at 4–6.

On January 6, 2021, the defendant filed a consent motion to continue the February 9, 2021, trial. Dkt. No. 192. Noting that the Alexandria Detention Center had suspended video calls and that he was in quarantine after testing positive for COVID-19, the defendant sought a continuance to allow for adequate time to prepare for trial. *Id.* The Court granted the defendant's motion on January 8, 2021, continuing the trial date to April 26, 2021, and resetting the pre-trial conference for April 9, 2021. Dkt. No. 204 at 2. Five days later, the defendant filed a motion for leave to re-file his untimely motion to suppress.[2] Dkt. No. 213. In his motion, he again argues that his extremely untimely filing is justified because he did not realize the government might use his incriminating statements to law enforcement at trial until the government filed its Notice under Federal Rule of Evidence 414 ("Rule 414 Notice") after the pre-trial motions deadline, and that the government will not be prejudiced by his untimely filing because the Court granted his request for a trial continuance due to complications caused by COVID-19. Dkt. No. 213 at 2–4.

---

[2] While styled as a "renewed" motion for leave, the defendant did not seek leave of the Court before filing his tardy motion to suppress on December 17, 2020. *See* Dkt. Nos. 149 and 150.

## ARGUMENT

As the Court noted, the defendant's latest motion "fails to provide a persuasive reason for the failure to file his fifth motion to suppress in a timely manner." Dkt. No. 214. He does not dispute that the affidavit in support of the criminal complaint described incriminating statements from his interview and that he received a copy of this interview in April 2020.[3] Nor does he dispute that he was required to exercise "due diligence" to determine whether there was a basis to move to suppress his statements before the pre-trial motions deadline, *United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999), and that all the information supporting the arguments in his motion was available well before then. Instead, he attempts to justify his late filing by reemphasizing the implausible claim that he did not realize the government might use his recorded interview at trial until the government filed its Rule 414 Notice. Dkt. No. 213 at 2–4. That justification is not supported by the facts or the law, and the defendant's motion for leave to file his untimely motion should be denied.

As an initial matter, the defendant's suggestion that he did not make incriminating statements in his interview related to the charged offenses, Dkt. No. 213 at 2, is incorrect. For example, during the interview, he is asked about a thumb drive containing child pornography found in his bedroom and, after privately consulting with his mother, he states that he moved child pornography onto this thumb drive. He has now been charged with possession of child pornography based on child sexual abuse material found on this thumb drive. Dkt. No. 29 at 4. He is asked about how he obtained child pornography and, in response, he tells law enforcement he used The Onion Router ("Tor") network on this computer to find and download child pornography and asks for his laptop that was hidden under the mattress in his bedroom to show

---

[3] On July 7, 2020, the government also produced a written summary of this interview.

law enforcement. He has also been charged with possession of child pornography based on child sexual abuse material found on this laptop. Dkt. No. 29 at 4. He also tells law enforcement that he uses mobile messaging applications known as Kik and Telegram and that his display name on Telegram is "Sir Zack." As the defendant knows, *see* Dkt. No. 156 at 2–3, he has now been charged with production and receipt of child pornography based on sexually explicit chats with minor victims that law enforcement recovered from Kik and the "Sir Zack" Telegram account on his devices, Dkt. No. 29 at 1–3.

The defendant makes no attempt to address these admissions and, indeed, ignores that the government specifically highlighted in the affidavit in support of the criminal complaint his admission that he knowingly possessed child pornography, which is one of the charges in the indictment.[4] Nor does he dispute that he had all the information that forms the basis of his untimely motion to suppress well before the pre-trial motions deadline. In fact, in one of his four earlier motions to suppress, he acknowledges his admissions to law enforcement and summarizes the claims he now seeks to raise in his untimely motion. *See* Dkt. No. 82 at 3. He ultimately made the "strategic decision to forego challenging the voluntariness of the interview," however, and focused his pre-trial suppression motions on challenges to the validity of the warrant. Dkt. No. 196 at 5. Given that he has been charged with, among other crimes, possession of child

---

[4] *Compare* Dkt. No. 4, at ¶ 11 ("In this interview, SANDERS admitted to law enforcement that he accessed and received child pornography through websites on the Tor network. *SANDERS also stated that he transferred child-pornography material that he downloaded over the internet from his laptop to external media storage devices*." (emphasis added)) *with* Dkt. No. 213 at 3 ("The conduct referenced in the affidavit in support of the criminal complaint, ECF No. 4 at ¶ 11, relates to Mr. Sanders's purported activity on Tor . . . and has nothing to do with the actual charges in this case.").

4

pornography, the defendant offers no other plausible explanation for his failure to move to suppress his statement that he knew he possessed child pornography on a thumb drive found in his bedroom.

Moreover, the defendant's reliance on *Ruhe* to justify his untimely filing is unavailing. Dkt. No. 213 at 4.  The appellant in *Ruhe* argued that he should be allowed to file an untimely motion to suppress because the basis for his claim—that the FBI asked his employee to provide evidence without a warrant—was revealed at trial.  191 F.3d at 386.  Contrary to what the defendant claims, Dkt. No. 213 at 4, the Fourth Circuit rejected Ruhe's argument, explaining that he had a duty to investigate and move to suppress evidence as soon as he became aware of even a potential basis for that claim, which occurred before trial, *Ruhe*, 191 F.3d at 386.  In other words, the relevant inquiry is whether a defendant has enough information to find a basis to suppress evidence through due diligence and not, as the defendant suggests, whether a defendant has received notice that this evidence may be used at trial.  *Id.*; *see also United States v. Chavez*, 902 F.2d 259 (4th Cir. 1990) (permitting untimely motion where basis for suppression claim was revealed after deadline).  Ruhe had enough information to learn whether there was a basis to suppress when the government filed an exhibit list suggesting that his employee acted at the government's direction.  *Ruhe*, 191 F.3d at 386–87 ("Although the exhibit list was not one-hundred percent clear, the statement in the exhibit list was sufficient to alert Appellant that he needed to investigate further.").  Here, the defense had enough information to know whether there was a basis to move to suppress at the outset of the case.  And, to be sure, the defense was also notified that the government may use the defendant's incriminating statements through the affidavit in support of the criminal complaint, also at the outset of the case.  The defendant's focus on the Rule 414 Notice is simply a distraction from what this Court already found: he could have filed a timely motion to suppress his statements but made the strategic choice not to, which does not constitute

good cause under Rule 12. Dkt. No. 196 at 5; *see also United States v. Abdi*, 827 F. App'x 499, 504 (6th Cir. 2020) ("Such a decision to wait and see how the court rules on an earlier motion before filing another one based on previously available evidence is not good cause for months of delay." (internal citations and quotation marks omitted)). Since he cannot show any cause—let alone good cause—for his untimely filing, his instant motion should be denied. *See United States v. Robinson*, 92 F. App'x 48, 48 (4th Cir. 2004) ("Counsel's decision not to file a pretrial motion to suppress did not constitute good cause to excuse the waiver.").[5]

The defendant focuses the remainder of his motion on the new trial date, claiming that he has shown good cause for his extraordinarily untimely filing because the trial was continued due to COVID-19. Dkt. No. 213 at 1–3. An unrelated trial continuance, however, is insufficient for a defendant to show good cause for his untimely filing, as required by Federal Rule of Criminal Procedure 12. *See United States v. Walden*, 625 F.3d 961, 965–66 (6th Cir. 2010) ("At a minimum, [good cause] requires the party seeking a waiver to articulate some legitimate explanation for the

---

[5] *See also United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020) (rejecting untimely pretrial suppression motion because "no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." (internal citations and quotations marks omitted)); *United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019) (noting that counsel's conscious decision not to raise a suppression argument prior to the pre-trial motions deadline "is exactly the kind of strategy that Rule 12(b)(3) is designed to block"); *United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016) ("Parties generally cannot establish good cause for untimely filings when their tardiness results from a lawyer's conscious decision not to file a pre-trial motion before the deadline." (internal citations and quotation marks omitted)); *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) ("A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'"); *United States v. Schulte*, 436 F. Supp. 3d 747, 750 n.6 (S.D.N.Y. 2020) ("Counsel neglecting to file a motion, despite ample opportunity to do so, with no reasonable excuse—does not establish good cause."); *United States v. Robinson*, 357 F. Supp. 3d 221, 223 (E.D.N.Y. 2019) ("Put another way, he made a strategic decision not to advance the Defendant's motion [to suppress], and now regrets not doing so because he is more confident in his chances than he was at the time. However, the law is clear that the strategic decisions of counsel cannot establish cause under Rule 12(c)(3).")

failure to timely file."); *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) ("Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases. . . . The possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause.").

Further, as the Court already observed, the government is in the midst of preparing for trial. Dkt. No. 196 at 5. Both parties recognize that this case is a complex one given the number of minor victims, the amount of electronic and physical discovery, and the sensitive nature of the evidence. *See* Dkt. Nos. 129, 130. And while the trial was briefly continued two weeks ago, the defendant has, in the past five days alone, already submitted additional briefing related to the pending motions *in limine*, an amended witness list doubling the number of potential defense witnesses, and a motion to modify the Protective Order with the aim to fish for more immaterial information and re-litigate discovery and suppression arguments that this Court has already decided. *See* Dkt. Nos. 225, 226, 229, and 230. Requiring the government to divert resources from these filings and other ongoing trial preparation to litigate yet another motion to suppress and prepare for an evidentiary hearing that should have occurred months ago would therefore prejudice the government. This is particularly so given that the pandemic-related restrictions on traveling and gathering in person have already complicated trial preparation and would certainly complicate the government's ability to prepare for a last-minute evidentiary hearing likely requiring multiple witnesses, including law enforcement witnesses whose involvement with this case ended after the search a year ago.[6] More importantly, as the Court already explained, a "denial of defendant's

---

[6] Multiple law enforcement agents from the search continue to work in the Washington, D.C. area, although at least one has since retired. While the government would not need to arrange lodging for those witnesses, the defendant's untimely motion would nevertheless require the government

7

motion is unlikely seriously to prejudice the defendant" because he has other avenues to raise the claims in his motion. Dkt. No. 196 at 5–6. Accordingly, his motion for leave to file his untimely fifth motion to suppress should be denied.

## CONCLUSION

For the foregoing reasons, the government submits that the defendant has not demonstrated good cause for his failure to file his fifth motion to suppress before this Court's twice-continued pre-trial motions deadline. Accordingly, the government respectfully requests that the Court deny his motion for leave to submit this untimely filing. Dkt. No. 213.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov

---

to set aside trial preparation to, among other things, determine which of the potential witnesses are indeed available and work with them and other government employees to prepare for the suppression hearing—tasks that are complicated by the COVID-19-related restrictions described above. Had the defendant filed his motion on time, on the other hand, the government would be able to focus its resources at this time on preparing for the upcoming, multi-victim trial in these unprecedented circumstances, as was contemplated when the Court set the pre-trial motions deadline.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov