**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 1:20-cr-143** |
| | ) | |
| **ZACKARY ELLIS SANDERS,** | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on Defendant Zackary Sanders's Motion to Compel the Government to Produce Material, or, in the Alternative, to Submit Material for *in Camera* Inspection (Dkt. 135). Although labeled by defendant as a Motion to Compel, the motion is more accurately considered a renewed motion to reconsider defendant's motion to compel originally denied on August 21, 2021. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 21, 2020) (Memorandum Opinion and Order). Because the matter has been fully briefed and because the facts and legal contentions are clear from the record, oral argument is unnecessary and would not aid the decisional process. The matter is therefore ripe for disposition.

## I.

The pertinent facts in this case have been reiterated many times in previous memorandum opinions and orders and need not be repeated here. *See*, *e.g.*, *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, October 26, 2020) (Memorandum Opinion and Order). However, a brief summary of procedural history as it relates to this motion is appropriate. Defendant, by counsel, filed his first motion to compel discovery on July 13, 2020. After extensive briefing and oral argument, defendant's motion to compel discovery was denied. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 21, 2020) (Memorandum Opinion and Order). On September 2, 2020, defendant, in the fashion of lawyers in these times whose motion fails to succeed, filed a

1

motion to reconsider his motion to compel, which was denied. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, September 10, 2020) (Order).

On November 27, 2020, three months after the deadline for pretrial motions in this case, defendant filed the instant renewed motion to reconsider his motion to compel, asking the Court to compel the government to produce screenshots of the Target Website's homepage as well as evidence reflecting how the government linked defendant to the Target Website and what the government understood regarding defendant's actions on the Target Website as reflected in Special Agent Christopher Ford's Affidavit in support of the Search Warrant ("Affidavit"). After the filing of his motion, defendant received screenshots of the Target Website's homepage from the government, leaving only the latter two subject materials outstanding.[1] Defendant rationalizes the tardiness of his motion by claiming that new information has come to light that warrants renewed reconsideration of his motion to compel. Namely, defendant cites several reports related to ███ ████████ discovered through independent investigation as well as the government's notice and

---

[1] Defendant spills much ink arguing that the newly disclosed screenshots of the Target Website's homepage do not advertise the fact that the website is dedicated to child pornography. In so doing, defendant misses the point entirely. The question is not and has never been whether the Target Website's dedication to child pornography was immediately apparent from its homepage. Rather, the key question presented in defendant's motion to suppress related to this issue was whether the magistrate judge was misled by Special Agent Ford's Affidavit in support of the Search Warrant. The answer to that question remains no. As stated previously, Special Agent Ford's Affidavit accurately reiterated the tip from the foreign law enforcement agency ("FLA") that defendant "accessed online child sexual abuse and exploitation material," and correctly described the Target Website as being dedicated to child pornography. The fact that the Target Website's homepage does not mention child pornography in no way changes the conclusion that the Affidavit accurately portrayed the Target Website and the FLA Tip.

That conclusion stands for two main reasons. To begin with, on its face, the FLA Tip states that the user of the target IP address "accessed online child sexual abuse and exploitation material," *not* that the user accessed only the Target Website's homepage. However, even if the FLA Tip were read to mean that the target IP address user visited only the Target Website's homepage, "the information in the Affidavit noting the steps the Target IP Address user was required to take to navigate to the [Target Website] warrants the inference that the Target IP Address user's arrival at the [Target Website] was purposeful, that is the Target IP Address user's purpose was to access the website and its illegal content." *United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, October 26, 2020) (Memorandum Opinion). Furthermore, it is important to note that the mere fact that the website's homepage did not mention child pornography does not alter the conclusion, as indicated in the Affidavit and as evident from the screenshots of the website, that the website was dedicated to child pornography. Thus, the magistrate judge was in no way misled about the Target Website or its contents.

amended notice under Rule 414 Fed. R. Evid., filed respectively on November 9 and 17, 2020. Defendant contends that the government's amended notice proved that the government was concealing material required to be disclosed under *Brady v. Maryland*, depriving defendant of material that would be helpful to his defense. 373 U.S. 83 (1963). Defendant is plainly incorrect and, as such, his tardy, repetitive renewed motion for reconsideration of his motion to compel must be denied.

## II.

The standard governing motions to reconsider is well-established. Although there is no provision in the Federal Rules of Criminal Procedure governing such a motion, "courts are guided by analogy to the standards established by the civil rules." *United States v. Young*, 260 F. Supp. 3d 530, 555 (E.D. Va. 2017). A motion for reconsideration of a final judgment "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Reconsideration of interlocutory orders, though involving broader flexibility than reconsideration of final judgments, "closely resembles the standard applicable to motions to consider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). A motion to reconsider will not be granted when the moving party seeks to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly." *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Although defendant fails to address the standard for a motion to reconsider directly, it is apparent from his briefing that defendant's central ground for reconsideration is new evidence that defendant claims was not previously available. Even assuming, *arguendo*, that defendant has discovered new evidence that was not previously available and that reconsideration is therefore warranted, defendant's newly discovered evidence does not alter the Court's previous materiality analysis, and does not warrant further discovery under Rule 16, Fed. R. Crim. P. or *Brady v. Maryland*. Instead, defendant offers up an array of unsupported conjecture that provides insufficient basis for a motion to compel.

The standard for materiality under Rule 16 was examined in depth in the Order denying defendant's original motion to compel. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 21, 2020) (Memorandum Opinion and Order). Important here, in order to compel discovery, a defendant must "present facts which would tend to show that the Government is in possession of information helpful to the defense." *Caro*, 597 F.3d at 621 (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). In this respect, courts have held that "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *Id.* As with defendant's original motion to compel, defendant's renewed motion to reconsider his motion to compel fails because defendant offers only conclusory speculation that the government possesses additional information that would aid defendant by showing that Special Agent Ford recklessly or intentionally misled the magistrate judge in the Affidavit.

Seeking to avoid this result, defendant argues that new evidence demonstrates that the FLA never connected defendant to the Target Website. This is unwarranted speculation. Defendant attempts to inject confusion into the FBI's identification of ███████████ the website visited by defendant's IP Address by citing FLA government reports on ███████████ that reveal the

investigation as extending beyond Target Website. Despite defendant's obfuscation, the FBI's connection of the Target Website with defendant remains straightforward: the FBI received a Tip and a Report from the FLA, both of which were provided to defendant. The FLA Tip states that defendant's IP Address was used to access:

> "online child sexual abuse and exploitation material, with an explicit focus on the facilitation of sharing child abuse material (images, links and videos), ███████████ ████████████. Users were required to create an account (username and password) in order to access the majority of the material."

FLA August 19, 2019 ████████ Report, Def. Ex. 1, Dkt. 86, ("FLA Tip").

Later, the FLA sent a Report regarding an unrelated individual that provided the contextual information necessary to connect defendant with the Target Website. Namely, the FLA Report describes the Target Website as having:

> "an explicit focus on the facilitation of sharing child abuse material (images, links and videos), █████████████████████████ ██████████. Users were required to create an account (username and password) in order to access the majority of the material."

FLA October 25, 2019 ████████ Report, Def. Ex. 3, Dkt. 86, ("FLA Report").

The description is identical, and the connection is clear. Although the FLA Tip does not explicitly connect defendant with the Target Website, the FLA Tip, when combined with the FLA Report, clearly allows the reasonable connection between defendant and the Target Website. Thus, defendant's conclusory and wide-ranging speculation regarding ████████████ and the FLA's investigation into child sexual abuse and exploitation websites generally is woefully insufficient to establish that "that the Government is in possession of information helpful to the defense." *Caro*, 597 F.3d at 621.

Defendant also argues that discovery is appropriate with respect to Special Agent Ford's state of mind at the time he wrote the Affidavit because of newly discovered evidence concerning

the FBI's collaboration in ████████████ and the quality of data produced by ████████████.

Here, defendant again engages in speculation untethered from the analysis required under Rule 16 and *Brady*. In essence, defendant contends that the FBI was intimately involved in ████████ ████████ and was therefore party to an imagined Fourth Amendment violation alluded to in defendant's previous motions to suppress. This contention amounts to unsupported speculation. Defendant's allegation relies on nothing more than general statements from the FBI and the FLA that the agencies collaborate with international partners in their efforts to combat online child sexual abuse and exploitation. Defendant's allegation that such collaboration is deeper than the information sharing apparent from this case is pure speculation. Moreover, defendant's attempt to import reported issues in data quality from a presentation by a single regional unit of the FLA and generalized concern about digital forensic standards from a national investigation is insufficient to warrant the wide-ranging fishing expedition sought by defendant. Importantly, defendant fails to establish that Special Agent Ford could have had, or should have had, concerns about the validity of the information received from the FLA concerning defendant.[2] As the Affidavit made clear, the FLA had proven itself in the past to be a reliable source of information to the FBI. Thus, Special Agent Ford was warranted in relying on the FLA Tip in his drafting of the Affidavit.

Accordingly, in the absence of a specific factual showing that the government possesses information helpful to defendant, defendant cannot satisfy Rule 16's materiality requirement, and his renewed motion to reconsider his motion to compel pursuant to Rule 16 must fail.

Defendant's request for discovery pursuant to *Brady v. Maryland* and *Giglio v. United States* also fails. The Due Process Clause requires the government to disclose "evidence favorable to an accused on request . . . where the evidence is material either to guilt or to punishment." *Brady*

---

[2] Indeed, as the voluminous evidence found during the execution of the Search Warrant shows, Special Agent Ford's reliance on the FLA Tip and FLA Report was evidently warranted.

*v. Maryland*, 373 U.S. 83, 87 (1963).[3]  The Supreme Court has made clear that "evidence affecting credibility [of witnesses] falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154 (1972). For the reasons described above, defendant has still not provided non-conclusory, non-speculative arguments that the requested discovery exists and falls within *Brady*.[4] Similarly, with respect to *Brady* and *Giglio*, narrower avenues of discovery than Rule 16, defendant's argument fails to show that the government possesses any potentially exculpatory evidence that the government has not provided to defense counsel.

Defendant's request for *in camera* review also fails. As the Fourth Circuit has made clear, *in camera* review is appropriate in "atypical" *Brady* cases in which the defendant cannot specifically prove the materiality of suppressed evidence because the government has not turned it over. *See United States v. King*, 628 F.3d 693, 702–03 (4th Cir. 2011). In those cases, the defendant must make "'some plausible showing' that exculpatory material exists." *Id.* at 703 (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15 (1987)). However, as the Fourth Circuit has explained, the defendant "must identify the requested confidential material with some degree of specificity." *United States v. Abdallah*, 911 F.3d 201, 218 (4th Cir. 2018) (citing *King* 628 F.3d at 703). Moreover, "[m]ere speculation that the information may be helpful is insufficient to justify an *in camera* review," *United States v. Savage*, 885 F.3d 212, 221 (4th Cir. 2018).

---

[3] Of course, if the government has additional evidence favorable to defendant, whether relating to the reliability of a given witness or evidence otherwise material for guilt or punishment, then the government is required to provide that evidence to defendant. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972); Fed. R. Crim. P. 16(a)(1)(E). However, defendant has made no non-conclusory, non-speculative showing that the government is in possession of such evidence at this time.

[4] Defendant alleges that the government's notice and amended notice under Rule 414, Fed. R. Evid. reveal that the government has *Brady* material that the government is attempting to hide from the defense. This is rank speculation. Indeed, regardless of the government's motivation, the government's amendment to its 414 notice in no way lessens its obligations under *Brady*. Defendant's speculation does not support the imposition of a baseless fishing expedition into government records.

Here, defendant's renewed motion for reconsideration of his motion to compel presents pure speculation in support of a groundless fishing expedition into the government's records. Thus, *in camera* review is not appropriate.

Accordingly,

It is hereby **ORDERED** that defendant's Renewed Motion to Reconsider his Motion to Compel (Dkt. 135) is **DENIED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
January 26, 2021

/s/
T. S. Ellis, III
United States District Judge

8