IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>     v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                          Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: April 9, 2021<br>Trial: April 26, 2021 |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO HIS
RENEWED MOTION FOR THIS COURT TO CONSIDER HIS
<u>MOTION TO SUPPRESS STATEMENTS AS TIMELY FILED</u>**

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this Reply to the Government's Opposition (ECF No. 235) to his Renewed Motion for this Court to Consider His Previously Filed Motion to Suppress Statements as Timely Filed (ECF No. 213).

The Government does not dispute that a motion should be considered timely filed if, "[m]ost importantly, . . . no prejudice to the government resulted from the late filing as it was filed well in advance of the scheduled trial." *United States v. Samuel*, No. 1:14-CR-351-TSE, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), *aff'd*, 674 F. App'x 322 (4th Cir. 2017). The Government claims, however, that prejudice would result because it would be logistically difficult to find any date between now and *April 26, 2021—three months from now*[1]—when law enforcement witnesses would be free to testify at a suppression hearing, and because the

---

[1] As this Court is well aware, under the Speedy Trial Act, 70 days is typically the time between a defendant's initial appearance and trial. 18 U.S.C. § 3161 (c)(1).

Government would need to prepare those witnesses to testify regarding the purported voluntariness of Mr. Sanders's statements.

This Court cannot plausibly find that there would be prejudice to the Government in responding to a motion to suppress (ECF No. 149) filed 130 days before the currently scheduled trial date, particularly when the testimony the Government would seek to elicit at a suppression hearing would overlap almost in its entirety with the same testimony, from the same witnesses, that the Government would seek to elicit at trial. *See e.g.,* ECF No. 159 at 17 (Government's proposed jury instructions stating that the burden is on the Government to prove beyond a reasonable doubt that Mr. Sanders's statements were voluntary); ECF No. 196 at 6 (Court acknowledging that Mr. Sanders can challenge "the allegedly coercive atmosphere of [his] interview with law enforcement and the voluntariness of [his] statements" at trial).

The Government notes that while "[m]ultiple law enforcement agents from the search [of the Sanders' family home] continue to work in the Washington D.C. area, although at least one [of the 26 agents who executed the search] has retired,"[2] it claims that determining the availability of the agents and preparing them for the suppression hearing would be logistically onerous. ECF No. 235 at 7-8 n. 6. In addition to the fact that three months is more than enough time to accomplish the task of preparing one or two witnesses to testify at a suppression hearing, the Government's argument is entirely unpersuasive for at least three other reasons.

---

[2] The Government does not say which one of the 26 agents has since retired. Nor does the Government say that the agent, as a result of his retirement, is unavailable. Even if the agent is truly unavailable, it is extremely doubtful that his testimony could not be presented in hearsay form through one of the agents the Government intends to call at trial. *See infra* at 3.

First, at trial, the Government needs to prove beyond a reasonable doubt the voluntariness of Mr. Sanders's statements:[3] the Government therefore already needs to prepare its witnesses to testify to the circumstances of Mr. Sanders's interrogation. *Crane v. Kentucky*, 476 U.S. 683, 691 (1986) ("[E]vidence about the manner in which a confession [or otherwise inculpatory statement] was obtained is often highly relevant to its reliability and credibility."). A suppression hearing therefore cannot create prejudice because the Government is already preparing its witnesses to testify to the circumstances and purported voluntariness of Mr. Sanders's statements and for cross-examination by the defense on the same issue.

Second, hearsay is admissible at a suppression hearing. It is extremely doubtful, based on the discovery received to date, that the agents who were not named for trial would have testimony that could not be presented through the agents the Government intends to call at trial (assuming the agents who were not named for trial even have testimony that would be relevant to the suppression hearing, as discovery suggests they would not). The witnesses the Government would call to testify at a suppression hearing therefore should overlap entirely with the witnesses the Government intends to call at trial. More than half of the 13 witnesses the Government intends to call to testify at trial were agents who participated in the search of the Sanders' family home: Seven of the Government's 13 trial witnesses executed the search warrant, and two of those seven, Special Agents Ford and Obie, were the agents who interrogated Mr. Sanders.

---

[3] The Government has asked that the jury be instructed that "[a]ll . . . [of Mr. Sanders's] alleged statements, confessions, admissions, acts, or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, act, or omission was made or done *knowingly and voluntarily*." ECF No. 159 at 17 (emphasis added). In making such a determination, the Government has asked that the jury be instructed to consider, *inter alia*, Mr. Sanders's "treatment *while in custody or under interrogation*" and "*all other circumstances in evidence surrounding the making of the alleged statement, confession, admission, act, or omission*." *Id.* at 17 (emphases added).

*Compare* Ex. 1 (Highlighted List of Agents Executing Search Warrant) *with* Ex. 2 (Highlighted List of Agents Testifying at Trial).

Third, the Government would not be required to arrange travel or lodging for any of its potential witnesses, including the two most relevant (and potentially only relevant) Government witnesses—Special Agents Ford and Obie. They presumably have not retired because they last accompanied Mr. Sanders to review evidence at the U.S. Attorney's Office less than two months ago, they intend to again accompany Mr. Sanders to review evidence on February 2, 2021, and they are named by the Government as witnesses for trial. Any COVID-19-related travel restrictions therefore should not impact the ability of law enforcement witnesses to testify at a suppression hearing.

The Government cannot point to Mr. Sanders's replies to the Government's response to his motions *in limine* or his amended witness list (amended in light of the Government's witness list and the Fourth Circuit's recent ruling in *United States v. McCauley*, No. 19-4318, 2020 WL 7414398 (4th Cir. Dec. 18, 2020)) as reasons the Government will not be able to prepare for a suppression hearing. The Government should know well that the local rules permit replies to responses, Local Criminal Rule 47(F),[4] and four of the five additional witnesses that Mr. Sanders included are four of the six alleged minor victims (as the Government is declining to call, in its case-in-chief, four of the six alleged minor victims, ECF No. 205). These are all witnesses who the Government has spoken with and who form the basis for the majority of the charges in the indictment.

---

[4] Notably, the Government filed its four replies to Mr. Sanders's responses to the Government's motions *in limine* after the required deadline under Local Rule 47(F). *See* ECF Nos. 221, 222, 223 and 224.

4

While the lack of prejudice to the Government is the "[m]ost important[]" factor to whether a motion should be considered timely, *Samuel*, No. 1:14-CR-351-TSE, 2015 WL 1442884, at *3, Mr. Sanders has previously shown good cause for the timing of his filing: because it was filed when Mr. Sanders learned of the Government's intent to introduce statements about unrelated, uncharged misconduct, in response to the Government's Amended Rule 414 Notice (ECF No. 133) and in advance of the motions *in limine* deadline. ECF No. 213 at 2-4; *see also* ECF Nos. 177 and 186 (incorporated by reference in ECF No. 213). The Government claims that Mr. Sanders "does not dispute that the affidavit in support of the criminal complaint described incriminating statements from his interview." ECF No. 235 at 3. That is incorrect. The conduct referenced in the affidavit in support of the criminal complaint, ECF No. 4 at ¶ 11, relates to Mr. Sanders's purported activity online at an unspecified time (with no connection to the target website), potentially when he was as young as 13 or 14, and has nothing to do with the actual charges in this case. As Mr. Sanders stated in his Motion, the "Government seeks to describe as inculpatory statements that are not evidence of any illegal conduct or wrongdoing, including instances where Mr. Sanders was subjected to and exposed to sexual exploitation and abuse as a minor." ECF No. 213 at 3. What Mr. Sanders experienced as a child, when he himself was a victim of sexual exploitation and abuse, is not inculpatory. The fact that Mr. Sanders did not want to look at, and later tried to get rid of, images he was exposed to as a middle school student, is also not inculpatory.

For all the reasons stated in ECF Nos. 177, 186, 213 and above, and because the trial in this case has been rescheduled by consent to April 26, 2021 and Mr. Sanders's Motion to Suppress would cause no prejudice to the Government, Mr. Sanders respectfully requests that this Court consider his Motion to Suppress Statements (ECF No. 149).

Respectfully submitted,

/s/
_____
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to counsel of record.

*/s/  Emily Voshell*
Emily Voshell