IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## ORDER

At issue pretrial in this twelve-count criminal prosecution for production, receipt, and possession of child pornography is whether the Court should reconsider its decision to dismiss Defendant Zackary Sanders's fifth motion to suppress as untimely. Because defendant continues to fail to show good cause for the extreme tardiness of his fifth motion to suppress, defendant's motion must be denied.

On January 7, 2021, an order issued denying defendant's fifth motion to suppress as untimely. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, January 7, 2021) (Order). On January 8, 2021, an order issued granting Defendant's Consent Motion to Continue and rescheduling the trial in this case from February 9, 2021 to April 26, 2021. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, January 8, 2021) (Order). Defendant, by counsel, then filed the present motion, arguing that the continuance granted on January 8, 2021 alleviates concern surrounding the timeliness of his fifth motion to suppress, and that his motion to suppress should therefore be considered timely.

The standard for considering untimely motions has been discussed previously,[1] but as a general matter, courts confronted with an untimely motion consider "(i) the extent of the untimeliness, (ii) the reason for late filing, (iii) prejudice to the other party, and (iv) whether the

---
[1] *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, January 7, 2021) (Order).

1

receipt of additional information after the filing deadline 'alerted defendant to facts on which a motion to suppress might be based.'" *United States v. Samuel*, Case No. 1:14-cr-351, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), *aff'd*, 674 F. App'x 322 (4th Cir. 2017) (quoting *United States v. Cross*, 256 F. App'x 623, 627 (4th Cir. 2007)).

The continuance granted in this case in no way affects (ii) the reason for late filing or (iv) whether the receipt of additional information after the filing deadline alerted defendant to facts on which a motion to suppress might be based. Defendant has still not provided any adequate or persuasive reason for filing his fifth motion to suppress more than three months after the filing deadline. Moreover, it is clear from defendant's tardy fifth motion to suppress that defendant had access to all the evidence necessary for the motion long before the filing deadline, and defendant has provided no convincing reason that he could not have discovered the basis for the claim with due diligence.[2] There is thus no persuasive reason for defendant's failure to file his fifth motion to suppress on time when he filed his four previous motions to suppress.

The continuance granted in this case has the potential to impact the two other factors: (i) the extent of the untimeliness and (iii) prejudice to the other party. Although defendant's tardy fifth motion to suppress was filed one hundred and twelve (112) days after the deadline for pretrial motions, the continuance granted in this case increases the time before trial, potentially alleviating the consequences of defendant's untimeliness, including the prejudice to the government created by defendant's tardy filing. However, although the continuance lessens the prejudice to the government caused by defendant's tardy motion, the continuance does not eliminate it. Acceptance of defendant's tardy motion as timely would still force the government to divert resources from

---

[2] *See United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999) ("Defendants are subject to a due diligence standard. Even if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or should have discovered the basis for the claim.").

2

preparing for trial to prepare for an evidentiary hearing on an issue that could have been raised months earlier. Furthermore, as stated previously, denial of defendant's tardy motion is unlikely seriously to prejudice defendant because defendant has other avenues to raise the claims in his motion.[3] In conclusion, because defendant has still failed to show good cause for the tardy filing of his fifth motion to suppress, defendant's motion must be denied.

Accordingly,

It is hereby **ORDERED** that defendant's Renewed Motion for Leave for this Court to Consider His Motion to Suppress Statements as Timely Filed (Dkt. 213) is **DENIED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
February 4, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[3] See 18 U.S.C. § 3501(a) ("If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."). See also Crane v. Kentucky, 476 U.S. 683, 691 (1986) ("[E]vidence about the manner in which a confession [or otherwise inculpatory statement] was obtained is often highly relevant to its reliability and credibility.").