**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| | The Honorable Judge Ellis |
| v. | |
| | Pretrial Conference: Apr. 9, 2021 |
| ZACKARY ELLIS SANDERS, | Trial: Apr. 26, 2021 |
| Defendant. | |

**MOTION TO FILE REDACTED VERSIONS OF TRANSCRIPTS AND EXHIBITS ON
THE PUBLIC DOCKET AND MEMORANDUM IN SUPPORT OF SAME**

Zackary Ellis Sanders, through counsel, moves this Court, pursuant to Local Criminal Rule 49(E) and the public's common law and constitutional rights of access to pretrial documents, for entry of an Order unsealing portions of previous transcripts, filings, and exhibits that are not subject to the Protective Order whereby redacted copies would be filed on the public docket and made part of the public record in this case.  Specifically, Mr. Sanders moves for leave to file on the public docket copies of transcripts of two hearings and exhibits to five of Mr. Sanders's previously filed motions, with Mr. Sanders's proposed redactions attached to this filing as Exhibits A-G.  The information contained in the documents has been discussed on the public record, directly quoted from, and made public in other filings.  *See, e.g.,* Unsealed Copies of Memorandum Opinions (ECF Nos. 122, 146); *see also* Court Orders Unsealing Portions of Memorandum Opinions (ECF Nos. 123, 147). A proposed order is attached for the consideration of the Court.

This motion is also being filed pursuant to this Court's instruction at the September 11, 2020 hearing regarding motions to unseal, at which the Court stated its view that "as much as possible in this or any case should be out of seal and in the public view."  Ex. B at 33.

The documents to be filed partially under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21).  Pursuant to the Local Rules, the documents are to be treated as sealed pending the outcome of this motion.

In support of this motion, the defense further states:

## I.       Items to be Filed Partially Under Seal, and Necessity for Sealing

A.       Mr. Sanders is seeking leave to file redacted versions of transcripts, pleadings, and exhibits to allow for the unredacted portions, that are not subject to the protective order, to be available on the public docket.  *See* ECF Nos. 28, 122, 123, 146, 147.  Given the public's right of access to judicial documents, any redactions must be narrowly tailored to information that should properly remain under seal.[1]  Accordingly, Mr. Sanders asks the Court to unseal portions of

(1) the July 31st Hearing Transcript, attached as Ex. A;

(2) the September 11th Hearing Transcript, attached as Ex. B;

(3) Exhibits 1 through 5 of Mr. Sanders's previously filed Memorandum in Support of Motion to Suppress No. 1 (ECF No. 82), attached as Ex. C;

(4) Exhibits 1 through 13 of Mr. Sanders's previously filed Memorandum in Support of Motion to Suppress No. 2 (ECF No. 86), attached as Ex. D;

(5) Exhibits 1 through 10 of Mr. Sanders's previously filed Memorandum in Support of Motion to Suppress No. 3 (ECF No. 84), attached as Ex. E;

(6) Exhibits 1 through 12 of Mr. Sanders's previously filed Memorandum in Support of Motion to Suppress No. 4 (ECF No. 91). attached as Ex. F; and

---

[1] While the defense disputes that the name of the target website, name of the operation, or identity of the foreign law enforcement should be maintained under seal, *see* ECF Nos. 181, the defense does not seek to unseal such information at this time.

(7) Exhibits 1 through 5 of Mr. Sanders's previously filed Memorandum in Support of Renewed Motion to Compel (ECF No. 89), attached as Exhibit G.

Each of the attached transcripts and exhibits was previously filed either entirely under seal or with greater redactions than were necessary to continue to protect the name of the target website, the identity of the foreign law enforcement agency, and the name of the operation. All of the proposed redactions would maintain under seal the name of the target website, the identity of the foreign law enforcement agency, and the name of the operation.

B.      Mr. Sanders is seeking leave to file redacted versions of the documents that would not disclose confidential information that this Court has not yet unsealed or put on the public record, such as the name of the target website, the identity of the foreign law enforcement agency, and the name of the operation (*i.e.,* such information would remain redacted). Furthermore, none of the above-mentioned documents contain personally identifying information related to any of the alleged minor victims.

C.      Counsel for Mr. Sanders has considered procedures other than filing redacted versions of the documents and none will suffice to protect disclosure of the information the Government considers subject to a protective order.

## II.      Previous Court Decisions Which Concern Sealing Documents

It is generally recognized that the public has a common law right of access to judicial documents. *Media General Operations, Inc. v.* Buchanan, 417 F.3d 242, 429 (4th Cir. 2005); *In re Washington Post Company v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991).

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see*

*also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C.

Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory

power over its own records and may, in its discretion, seal documents if the public's right of access

is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The Fourth Circuit has explained that, "[i]f a judicial officer determines that full public

access is not appropriate, she 'must consider alternatives to sealing the documents,' which may

include giving the public access to some of the documents or releasing a redacted version of the

documents that are the subject to the government's motion to seal." *Media General Operations*,

417 F.3d at 429 (quotation and citation omitted).

## III.     Period of Time to Have the Documents Under Seal

The portions of the materials to be filed under seal would need to remain sealed as long as

the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order placing the

attached exhibits on the public docket, with the proposed redactions.

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                              Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: Apr. 9, 2021<br>Trial: Apr. 26, 2021 |

**[PROPOSED] ORDER**

This matter having come before the Court on the defendant's Motion to File Redacted

Versions of Transcripts and Exhibits on the Public Docket ("Motion").  Accordingly, for good

cause shown, the Motion is granted. It is ORDERED that the versions of the transcripts and

exhibits, with the defense's proposed redactions, attached to the Motion as Exhibits A, B, C, D,

E, F, and G, shall be filed on the public docket and made part of the record in this matter, as

follows:

1. Exhibit A (Redacted July 31 Hearing Transcript) shall be filed in reference to
   ECF No. 49.
2. Exhibit B (Redacted September 11 Hearing Transcript) shall be filed in reference
   to ECF No. 108.
3. Exhibit C (Redacted Exhibits to Memorandum in Support of Motion to Suppress
   No. 1) shall be filed in reference to ECF No. 82.
4. Exhibit D (Redacted Exhibits to Memorandum in Support of Motion to Suppress
   No. 2) shall be filed in reference to ECF No. 86.
5. Exhibit E (Redacted Exhibits to Memorandum in Support of Motion to Suppress
   No. 3) shall be filed in reference to ECF No. 84.
6. Exhibit F (Redacted Exhibits to Memorandum in Support of Motion to Suppress
   No. 4) shall be filed in reference to ECF No. 91.
7. Exhibit G (Redacted Exhibits to Memorandum in Support of Renewed Motion to
   Compel) shall be filed in reference to ECF No. 89.

It is so ORDERED.

_____

UNITED STATES DISTRICT COURT JUDGE

Date: _____

Alexandria, Virginia