IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: April 9, 2021<br>Trial: April 26, 2021 |

**[PROPOSED] ORDER**

This matter comes before the Court on Defendant Zackary Sanders's Motion to Continue Trial. Mr. Sanders, who currently stands charged with Production, Receipt, and Possession of Child Pornography; in violation of 18 U.S.C. § 2251(a) and (e), 18 U.S.C. § 2252 (a)(2) and (b)(1), and 18 U.S.C. 2252 (a)(4)(B) and (b)(2), requests, through counsel, a continuance of his April 26, 2021 trial date. Defendant has waived his speedy trial rights up to and including a new trial date. For the reasons stated below, defendant's
motion to continue will be granted.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S. C. § 3161 (c)(l). Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the 70-day speedy trial period based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161

(h)(7)(A). The Speedy Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance. *See* 18 U.S.C. § 3161 (h)(7).

A continuance is warranted in this case pursuant to 18 U.S.C. § 316l (h)(7)(B)(i) and (ii). Specifically, given the number of victims and the voluminous electronic discovery, much of which contains contraband material that can only be viewed at an appropriate government facility, this prosecution is sufficiently complex under 18 U.S.C. § 3161 (h)(7)(B)(ii) such that it is unreasonable to expect adequate preparation for the trial within the time limits currently set by the Court pursuant to the Speedy Trial Act.

Accordingly, defendant would be unable to adequately prepare for trial within the current timeframe set by the Court, and the failure to grant the consent motion for a continuance in this matter would therefore result in a miscarriage of justice under 18 U.S.C. § 3161 (h)(7)(B)(i). Accordingly, the Court **FINDS**, pursuant to 18 U.S.C. § 3161 (h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), that the ends of justice are served by continuing the trial date in this matter from April 26, 2020, at 9:00 a.m. to _____, 2021 at 9:00 a.m.

Accordingly, it is hereby **ORDERED** that defendant's Motion to Continue Trial is **GRANTED**. The trial date in this matter is **CONTINUED** from April 26, 2021, at 9:00 a.m. to _____, 2021 at 9:00 a.m.

It is further **ORDERED** that the period of delay resulting from the Court's continuance upon the defendant's motion—the period from April 26, 2021, to _____, 2021—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act. The Clerk is directed to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____  
Date

_____  
T.S. Ellis, III  
United States District Judge