# EXHIBIT 2A



1099 14TH ST. NW
8TH FLOOR WEST
WASHINGTON, DC 20005
(202) 640-2850
WWW.KAISERDILLON.COM

February 15, 2021

**VIA ELECTRONIC MAIL**
Mr. Jay Prabhu and Mr. William G. Clayman
Assistant United States Attorneys
United States Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Jay.Prabhu@usdoj.gov and William.G.Clayman@usdoj.gov

**Re:** *United States v. Zackary Ellis Sanders*, 1:20-cr-00143

Dear Jay and Bill,

We are writing to request the opportunity to examine a full forensic copy of the iPhone (1B27) seized from Mr. Sanders's home during the execution of the search warrant, as well as a copy of the Cellebrite extraction report with active links to images/chats on the phone. We are also requesting that Mr. Sanders be present for the entirety of the review. Access to the iPhone's hard drive is material to the preparation of the defense because, among other things, it is necessary to (1) provide additional context for the jury to understand the relationships between Mr. Sanders and the alleged minor victims, (2) defend against the allegations that Mr. Sanders's predominant purpose was to produce a visual depiction of sexually explicit conduct, and (3) impeach the testimony of alleged minor victims 1 and 5 at trial.

In order to conduct a full examination of the iPhone and Cellebrite extraction report, we are requesting that the government make available a stand-alone computer with enough memory and processing power to enable counsel and the defendant to view the contents of the phone in its original format and to make use of active links in the Cellebrite report. We are also requesting that the computer be connected to a large TV screen or monitor so that counsel and the defendant can view the contents of the iPhone while maintaining a safe distance from each other.

On January 29, 2021, you informed us by email that "[t]here is no feasible way to review the entirety" of the forensic copy of the iPhone (1B27) or the Cellebrite extraction report at the U.S. Attorney's Office because "[o]pening and processing 1B27 requires a powerful, stand-alone computer, like the one [the Government] made available for []our examiner to review 1B27 at the FBI on Jan. 27 and Jan. 28, and [you] do not have that at [the U.S. Attorney's] Office."

1

   During previous reviews, the government provided access to copies of more than 750,000 files in no meaningful order. The files were not in their original format, lacked certain metadata, and gave limited indication of where they were stored on the phone. Without access to the iPhone in its original format, Mr. Sanders cannot search the phone for exculpatory evidence or prepare to refute the government's allegations. Nor can he make effective use of the Cellebrite report. We estimate that it would take more than 2,000 hours to review the more than 750,000 files in the format in which they were previously produced.

   We therefore request that you either make the necessary arrangements to provide a sufficiently powerful, stand-alone computer at the U.S. Attorney's Office or for Mr. Sanders to be transported to an FBI facility where such a computer is available. Mr. Sanders's presence is required in order to locate and make sense of the evidence contained on the iPhone and, therefore, to prepare his defense.

   After completing our examination of the iPhone (1B27) and related Cellebrite extraction report, we will also need to examine forensic copies of additional devices seized during the execution of the search warrant, as well as the related UFED files/Cellebrite extraction reports, which relate to the remaining charges.

   Finally, we also need access to forensic copies of the devices obtained from or belonging to any of the alleged minor victims, as well as the related UFED files/Cellebrite extraction reports.

   We would be happy to discuss arrangements for making this evidence available. Given the current trial date of April 26, 2021, and the health and safety precautions required by COVID, we would like to do so at your earliest convenience.

   Thank you in advance for your prompt attention to this matter.

                  Sincerely,

                  Jonathan Jeffress

                  Nina Ginsberg

                  *Counsel for Zackary Ellis Sanders*