# EXHIBIT 3A

**Zachary Deubler**

| | |
|---|---|
| **From:** | Nina Ginsberg |
| **Sent:** | Tuesday, March 9, 2021 7:36 PM |
| **To:** | Clayman, William G (USAVAE); Prabhu, Jay (USAVAE) |
| **Cc:** | Jon Jeffress; Jade Chong-Smith; Zachary Deubler; Nina Ginsberg |
| **Subject:** | US v. Sanders - Review of Devices |

Bill,

I write to follow up to your email earlier today and to clarify my four separate requests from February 24, 2021 which you may have confused:

**First:** to effectively prepare for trial, we need to examine forensic images and the forensic/extraction reports for the **8** devices containing images that the government intends to rely on at trial. We need to have our forensic expert and Mr. Sanders present when we examine the 8 devices. I noted that we wanted to begin with the iPhone (1B27) since it is the basis for 7 of the 12 charges. The **8** devices have been described in the discovery as follows:

    Production/receipts counts for alleged minor victims 1 (counts 1 and 7), 3 (counts 3 and 9), 5 (counts 5 and 11), and 6 (count 6):
- 1B27 iPhone

    Production/receipt counts for alleged minor victim 2 (counts 2 and 8)
- 1B19 iPad

    Production/receipt counts for alleged minor victim 4 (counts 4 and 10)
- 1B22 iPad

    Possession (count 12)
- 1B1 SanDisk Thumb Drive
- 1B2 HP Laptop
- 1B3 Lexar Thumb Drive
- 1B5 HP Laptop
- 1B6 HP Laptop

**Second:** we will also need to examine forensic images and forensic/extraction reports for any device belonging to an alleged minor victim that the government seized or copied and currently has its in its possession, custody, or control.

**Third:** given the time you have indicated it may take to produce a forensic image and full Cellebrite report of the iPhone (1B27) (a request we originally made on February 15, 2021), I asked to examine the contraband images/videos and the unsanitized chats at issue in this case. I noted my understanding that there are 7 folders that had previously been made available for Jon and Jade to review—one containing the contraband images/videos and unsanitized chats for each of the six alleged minor victims, and a seventh folder containing all the images the government intends to rely on for the possession counts. Zach Deubler and I would like the opportunity to review the images in the seven folders at your office as soon as possible **without** Mr. Sanders present. We are available on Thursday (3/11) from 9 am to 12 pm; on Friday (3/12) from 2:00 pm to 4:00, or Monday (3/15) anytime.

**Fourth:** We also requested the opportunity to review, with Mr. Sanders present, any chats with the alleged minor victims that the government has not yet produced in unsanitized form and your "storyboards" when available. On March 2, I indicated that we would also like to review the image artifacts (all screenshots stored in the camera roll) and

1

chat artifacts (all chats and messages) from 1B27 (the iPhone), and the full Cellebrite reports for 1B19 and 1B22 (the iPads), when we return with Mr. Sanders.  We are available to begin reviewing these items on 3/17 anytime or on 3/19 after 12:00 pm if Mr. Sanders can be brought over from the jail.

Lastly, our expert, Dave Best, is available to come to Manassas on Monday (3/15) and Tuesday (3/16) to examine 1B2 (the HP Elitebook).  Neither the lawyers nor Mr. Sanders needs to be present for Mr. Best's examination.

I remain concerned that a continuance will be required to allow us to effectively prepare the defense given the limitations imposed by COVID, the time needed to get access to all 8 of the devices, and the time it will take to review them with Mr. Sanders.

I'm looking forward to our call tomorrow.
Nina



OUR EXPERIENCE.
YOUR EDGE.

**Nina J. Ginsberg**

**DiMuroGinsberg, PC**
**1101 King Street, Suite 610**
**Alexandria, VA  22314-2956**
**703-684-4333 (telephone)**
**703-548-3181 (facsimile)**
**703-623-6975 (cellular)**
**nginsberg@dimuro.com**



CONFIDENTIALITY NOTICE: This electronic message (and any attachment) is intended to be viewed only by the individual or entity who is the intended recipient.  Information contained in this electronic transmission may be privileged, confidential, and exempt from disclosure  If you are not the intended recipient, any disclosure, copying, distribution, or other use of the contents is prohibited.