IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-143 |
| v. | ) | |
| | ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | Trial: April 26, 2021 |
| *Defendant.* | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S
## MOTION TO CONTINUE TRIAL

On March 24, 2021, the defendant filed a motion to continue the trial in this matter from April 26, 2021, to a date no earlier than July 19, 2021.  Dkt. No. 264.  To expedite the resolution of the motion, the Court set a hearing for April 2, 2021, and ordered the government to file any opposition by March 31, 2021.  Dkt. No. 267.  Accordingly, the United States, by and through undersigned counsel, hereby files this response to the defendant's motion to continue the trial.

## BACKGROUND

On June 24, 2020, a federal grand jury sitting in the Eastern District of Virginia returned a twelve-count indictment charging the defendant with production, receipt, and possession of child pornography.  Dkt. No. 29.  Law enforcement recovered the forensic evidence supporting the production and receipt charges from the defendant's Apple iPhone and two Apple iPads seized from his home.  Law enforcement recovered the forensic evidence supporting the possession charge from the various other electronic devices identified in the indictment, which law enforcement also seized from the defendant's home.  In short, the forensic evidence supporting the charges include six online chats the defendant had with the minor victims identified in the indictment, as well as child pornography found on multiple devices that the defendant possessed.

On July 7, 2020, the government produced discovery consisting of, among other things, sanitized versions of the defendant's online chats with MINOR VICTIMS 1 through 6. These chats range from 11 pages in length to 991 pages in length, for a total of approximately 2,150 pages (in the government's discovery production, these chats are labeled US-00000053 to US-00002207). Several of these chats include messages that were exchanged before or after the timeframes charged in the indictment. Approximately 1,000 pages of these chats fall within the charged timeframes.[1] The chats and the sexually explicit files the minors created for and sent to the defendant in the chats form the basis of Counts One through Eleven in the indictment. The government has also provided the defense with sanitized reports related to files that law enforcement identified on the devices named in Count Twelve of the indictment. These reports identify several hundred potentially illegal images and videos on the defendant's devices by file name, location, and creation date, among other identifiers. Pursuant to 18 U.S.C. § 3509(m), the government has also advised the defendant that certain discovery in this case contains child sexual abuse material and would be made available for the defense's review at a government facility. This material includes the images and videos the minor victims produced based on the defendant's instructions, as described above, as well as child sexual abuse material found on the electronic devices identified in Count Twelve of the indictment.

Consistent with the requirements of 18 U.S.C. § 3509(m), the government has made the child pornography evidence available for the defense to review on multiple occasions based on the

---

[1] The government recently produced additional chats from the defendant's iPhone. The participants in these chats appear to be the defendant and MINOR VICTIM 5, although they post-date the date range for the conduct charged in the counts related to MINOR VICTIM 5. The defendant has been provided with multiple opportunities to review the data on the iPhone, including all the chats on the device.

defendant's requests.  Specifically, the government has worked with the defense to make it

available on the following dates and in the following ways:

- On October 22, 2020, defense counsel came to the U.S. Attorney's Office in Alexandria, Virginia, and reviewed in private non-sanitized versions of the defendant's online chats with MINOR VICTIMS 1 through 6, as well as non-sanitized reports regarding child sexual abuse material recovered from the devices identified in Count Twelve of the indictment;

- On November 19, 2020, December 8, 2020, and February 2, 2021, multiple law enforcement agents transported the defendant from the Alexandria Detention Center ("ADC") to the U.S. Attorney's Office in Alexandria, Virginia, and the defendant reviewed child sexual abuse material relevant to the charges in the indictment and other material from his electronic devices in private with various members of the defense team; and

- On January 5, 2021, January 6, 2021, January 27, 2021, and January 28, 2021, a forensic examiner retained by the defendant travelled to the Federal Bureau of Investigation's ("FBI") office in Manassas, Virginia, and examined forensic evidence obtained from the defendant's various electronic devices identified in the indictment.[2]

On February 8, 2021, two attorneys noticed their appearance on behalf of the defendant in

this matter, in addition to the three attorneys of record who noticed their appearance on behalf of

the defendant in April 2020.  Since the defendant expanded his defense team, the government has

worked with the defendant to make the child pornography evidence available for the defense's

review on the following dates and in the following ways:

- On March 12, 2021, the newly noticed defense counsel came to the U.S. Attorney's Office and reviewed in private non-sanitized versions of the defendant's online chats with MINOR VICTIMS 1 through 6, as well as reports regarding child sexual abuse material recovered from the devices identified in Count Twelve of the indictment;

- On March 16, 2021, March 29, 2021, March 30, 2021, and March 31, 2021, forensic examiners retained by the defendant travelled to the FBI's office in Manassas, Virginia, and examined forensic evidence obtained from the defendant's electronic devices identified in the indictment.  The government understands that a defense examiner and

---

[2] The defendant first raised the possibility of having his own examiner inspect the seized devices on December 7, 2020.  Because of discussions related to the extent of the material the examiner wanted the FBI to make available and scheduling conflicts associated with the holidays, the review began on January 5, 2021.

other members of the defense team intend to return to the FBI to continue the review on April 1, 2021.[3]

The government has repeatedly noted for the defendant that his devices contain a significant amount of data such that a review of the *entirety* of the data extracted from them—as opposed to just the child pornography material related to the charges—would not be feasible at the U.S. Attorney's Office.  In particular, all the data extracted from the defendant's iPhone cannot be reviewed in a readable format at the U.S. Attorney's Office given the amount of data and the resources available at the U.S. Attorney's Office.  The government has nevertheless endeavored to organize and present child pornography evidence from his devices in a manner that allows for an efficient yet thorough review by the defendant at the U.S. Attorney's Office.  For example, the government has identified the online chats with MINOR VICTIMS 1 through 6 that form the basis of the charges involving the production and receipt of child pornography and has placed these chats in labeled folders on a laptop for the defendant to review with his counsel.  The folders contain searchable versions of the chats with the produced and received child pornography files embedded in the text, as well as sub-folders with the produced and received files separated out for the defendant to review and identify which files to search for within the chats.  The government has created similar folders containing non-sanitized reports related to potential child sexual abuse material from the devices identified in Count Twelve of the indictment with the goal of presenting child pornography evidence for the defendant to review in a manner that can be easily understood and would not require the defense to sift through potentially irrelevant data, images, and videos.

---

[3] The defendant has also requested to review material on a cell phone that one of the minor victims' mother provided to law enforcement during this investigation.  To date, the FBI has been unable to extract or review any data from this device.  The government is continuing to evaluate what options are available to review the contents of the phone.  Should the FBI access the contents of the phone, the government will promptly make any evidence on the device available for review.

The government has offered to make the evidence available to defense counsel in this format at the U.S. Attorney's Office whenever counsel for both parties are available.

At the same time, the government has made and will continue to make full forensic copies of the defendant's devices available for inspection at the FBI's office in Manassas, Virginia, so the defense team can conduct as thorough a review of these items and the data on them as desired. The government has also offered to make the data extracted from his iPhone available to defense counsel and the defense examiners at a Department of Justice facility in Washington, D.C., that has a computer with sufficient processing power to open the full forensic report of the device. As the government has explained previously, if defense counsel or a defense examiner identifies non-contraband files or forensic artifacts from the defendant's iPhone or any other device during a review that they would like copies of to review with the defendant, the government would be able to produce that material after confirming that it does not contain any child pornography. And while there is no practical way to conduct the same level of detailed inspection of this data at the U.S. Attorney's Office, the government has nevertheless made large amounts of contraband and non-contraband data from the defendant's iPhone available at the U.S. Attorney's Office for the defendant to review in person with his counsel on multiple occasions.

Indeed, the defense has requested the opportunity to review every image from the defendant's iPhone at the U.S. Attorney's Office with the defendant present, regardless of whether the image depicts child pornography. Despite the practical difficulties of conducting a review of this nature at the U.S. Attorney's Office, the government has made hundreds of thousands of images from this device and still more from other devices available for the defendant to review in private at the U.S. Attorney's Office. Unsurprisingly, the defendant reports that he has been unable to review every single image from his iPhone. To address these difficulties, the government has

offered to make a report containing a full extraction of the data from this device available for defense counsel and any defense examiners to review at a more appropriate government facility. In this scenario, defense counsel would be able to confer with the defendant prior to the review regarding the type of images on his own iPhone he has in mind as potentially relevant and the location of these images (for example, in the iPhone's camera roll), navigate to the potentially relevant images with the assistance of an examiner during the review, and, assuming the images do not depict child pornography material, ask the government for copies of them to review with the defendant in private.  The defendant would be able to do the same with any other type of data extracted from the his devices, not just images.  Until recently, however, the defense has declined to take the government up on any offer to review the material in this manner and has opted instead to review the images from the defendant's iPhone at the U.S. Attorney's Office or have an examiner inspect the device at the FBI without any other members of the defense team present.

The Court originally set the trial in this case to begin on November 17, 2020.  Dkt. No. 40. The defendant filed a consent motion to continue the trial on October 30, 2020, Dkt. No. 124, which the Court granted on November 9, 2020, resetting the trial to begin on February 9, 2021, Dkt. No. 131.  On January 8, 2021, the Court granted the defendant's second consent motion to continue the trial date, Dkt. No. 192, resetting the trial to begin on April 26, 2021, Dkt. No. 204.

On March 24, 2021, the defendant filed the instant motion to continue the trial.  Dkt. No. 264.  In his supporting memorandum, the defendant asserts that he has not been able to effectively review discovery material with his counsel due to COVID-19, the restrictions in the agreed-upon Protective Order, the amount of discovery, and the defendant's health.  Dkt. No. 265.  At approximately 8:20 PM on March 30, 2021, defense counsel informed the government for the first time of two potential health issues involving the defendant.   Government counsel spoke with

members of the defense team on March 31, 2021, and understand that the defendant intends to provide the Court and the government with additional information regarding these potential issues in advance of the hearing on April 2, 2021.  The government has not received any additional information, although it is the government's understanding that the defendant only has preliminary information regarding the potential issues.

## LEGAL STANDARD

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment[.]"  18 U.S.C. § 3161(c)(1).  The Speedy Trial Act further provides that any delay resulting from a continuance may be excluded from the seventy-day speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Under the Speedy Trial Act, the Court may consider several factors in determining whether to grant a continuance, including whether: the failure to grant a continuance will make a continuation of the proceeding impossible or result in a miscarriage of justice; the case is so unusual or complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the established timeframe; or the failure to grant such a continuance would deny defense counsel or government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *Id.* at § 3161(h)(7)(B).

## GOVERNMENT'S RESPONSE

As detailed above, the government has complied with its obligation under 18 U.S.C. § 3509(m) to make the child pornography evidence reasonably available to the defendant and his

defense team.  While there is a large amount of data on the defendant's seized devices, the government has separated relevant child pornography material and made that available on multiple occasions for the defendant to review and inspect at the U.S. Attorney's Office.  The government has also made and will continue to make the entirety of the data from his devices available for the defense's review and inspection at an appropriate government facility.

Further, while the defendant is not presently seeking to modify the agreed-upon Protective Order, he does indicate that it is affecting his ability to consult with his counsel.  Dkt. No. 265 at 7.  The Protective Order, however, is critical to safeguarding information associated with the minor victims and does not violate the defendant's rights under the Sixth Amendment.  Indeed, the Protective Order follows the requirements of the Crime Victims' Rights Act, which provides that victims have a right to be "reasonably protected from the accused" and a "right to be treated with . . . respect for [their] dignity and privacy."  18 U.S.C. § 3771(a)(1), (8).  Child victims in particular are entitled to further protection, including guarantees that "all documents that disclose the name *or any other information concerning a child*" be kept in a secured place "to which no person who does not have reason to know their contents has access," and that such documents or the information contained therein only be disclosed to individuals who "by reason of their participation in the proceeding, have reason to know such information."  18 U.S.C. § 3509(d)(1)(A) (emphasis added).  And while COVID-19 has impacted the ability of defense counsel to review such discovery material in person with defendants detained at ADC, the facility has implemented measures that would permit defense counsel to review material virtually through a shared-screen with the defendant.  For these same reasons, this Court has previously found that a substantially similar Protective Order does not violate a defendant's Sixth Amendment rights.  *See* Order at 9–11, *United States v. Hewlett*, 1:20-CR-642-TSE (E.D. Va. Aug. 12, 2020).

Nevertheless, the government understands that the outbreak of COVID-19 has limited the ways in which defense counsel can communicate, meet, and prepare with defendants who are detained at ADC.   Based on the defendant's representations that he will not receive effective assistance of counsel if this matter proceeds to trial as scheduled, and in light of the potential health issues the defendant raised yesterday, the government does not oppose the defendant's motion to continue the trial date and will defer to the Court on the appropriate length of any necessary continuance under 18 U.S.C. § 3161(h)(7)(A).  The government will continue to make the evidence available for the defense's review in advance of trial.

## **CONCLUSION**

For the reasons stated above, the United States does not oppose the defendant's motion to continue the trial date and will defer to the Court on whether a continuance is necessary.

Respectfully submitted,


Raj Parekh
Acting United States Attorney

By:     _____/s/_____
Matlin G. Clayman
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Assistant United States Attorney
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov
Email: jay.prabhu@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:         /s/
                 William G. Clayman
                 Special Assistant United States Attorney (LT)
                 U.S. Attorney's Office
                 2100 Jamieson Avenue
                 Alexandria, Virginia 22314
                 Tel: 703-299-3700
                 Fax: 703-299-3981
                 Email: william.g.clayman@usdoj.gov