**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00143 |
| v. | The Honorable Judge Ellis |
| ZACKARY ELLIS SANDERS, | Pretrial Conference: April 9, 2021 |
| Defendant. | Trial: April 26, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S
SUPPLEMENT TO CORRECTED MOTION TO CONTINUE TRIAL,
AND WAIVER OF SPEEDY TRIAL RIGHTS**

**I.     INTRODUCTION**

Zackary Ellis Sanders, by counsel, moves this Honorable Court, pursuant to Local Crim. R. 49, for entry of an Order permitting his Motion to Seal Defendant's Supplement to Corrected Motion to Continue Trial, and Waiver of Speedy Trial Rights and exhibits thereto under seal. Sealing is necessary because the it contains private medical information.

**II.    ARGUMENT**

The Motion to Seal Defendant's Supplement to Corrected Motion to Continue Trial, and Waiver of Speedy Trial Rights should be sealed because it contains confidential and medical information that the public would not, under any other circumstances, be entitled to see. It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)). The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Virginia Dep't of State*

*Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*. at 575. Ultimately the decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*, 386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has previously held that such records are entitled to privacy protection and may be filed under seal. *James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at *12 (Nov. 21, 2007 E.D. Va.).

Finally, sealing, as opposed to redaction, is necessary to protect the confidential information contained in the document is confidential in its entirety.

### III.   CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that Defendant's Motion to Seal Defendant's Supplement to Corrected Motion to Continue Trial, and Waiver of Speedy Trial Rights and exhibits thereto shall be permanently filed under seal.

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

Respectfully submitted,
         /s/
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

2

/s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify on this 31st day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

*/s/ Nina J. Ginsberg*
Nina J. Ginsberg