IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on Defendant Zackary Sanders's Unopposed Motion to Continue Trial. Defendant, who currently stands charged with Production, Receipt, and Possession of Child Pornography, in violation of 18 U.S.C. 2251(a) and (e), 18 U.S.C. 2252(a)(2) and (b)(1), and 18 U.S.C. 2252(a)(4)(B) and (b)(2), requests, through counsel, a continuance of his April 26, 2021 trial date. Defendant has waived his speedy trial rights up to and including a new trial date. The government does not oppose defendant's motion. For the reasons stated below, defendant's unopposed motion to continue will be granted in part and denied in part.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1). Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the 70-day speedy trial period based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance. *See* 18 U.S.C. § 3161(h)(7). For the reasons that follow, the unopposed motion will

1

be granted and the time from April 26, 2021 through July 12, 2021 shall be excluded from the speedy trial calculation.

Pursuant to the Speedy Trial Act, any delay resulting from a continuance may be excluded from the calculation of the speedy trial deadline based on a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Speedy Trial Act provides multiple factors that shall be considered in determining whether to grant a continuance.

A continuance is warranted in this case pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Specifically, given the voluminous electronic discovery, much of which contains contraband material that can only be viewed at an appropriate government facility, combined with the challenges to viewing the evidence and sharing the evidence with defendant presented by COVID-19, this prosecution is sufficiently complex such that it is unreasonable to expect adequate preparation for the trial within the time limits currently set by the Court pursuant to the Speedy Trial Act. Because of the extensive discovery and the challenges posed by COVID-19 restrictions, defendant would be unable to prepare adequately for trial within the current timeframe set by the Court, and the failure to grant the unopposed motion for a continuance in this matter would therefore result in a miscarriage of justice under 18 U.S.C. § 3161(h)(7)(B)(i). Accordingly, the Court **FINDS**, pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), that the ends of justice are served by continuing the trial date in this matter from April 26, 2021 at 9:00 a.m. to July 12, 2021 at 10:00 a.m.

Accordingly,

It is hereby **ORDERED** that defendant's unopposed Motion to Continue Trial (Dkt. 264) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted insofar as the trial date

in this matter is **CONTINUED** from Monday, April 26, 2021 at 9:00 a.m. to July 12, 2021, at 10:00 a.m.

It is further **ORDERED** that the period of delay resulting from the Court's continuance upon the unopposed motion—the period from April 26, 2021 to July 12, 2021—shall be excluded in computing the time within which the trial must commence under the Speedy Trial Act.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
April 2, 2021

/s/
_____
T. S. Ellis, III
United States District Judge