**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00143 |
| v. | The Honorable Judge Ellis |
| ZACKARY ELLIS SANDERS, | Motions Hearing: May 7, 2021 |
| Defendant. | Trial: July 12, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**
**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE**
**TO FILE RULE 12.2(B) NOTICE OF EXPERT EVIDENCE OF A MENTAL**
**CONDITION BEARING ON LACK OF GUILT**

**I.     INTRODUCTION**

Zackary Ellis Sanders, by counsel, moves this Honorable Court, pursuant to Local Crim. R. 49, for entry of an Order permitting his Memorandum in Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt under seal.  Sealing is necessary because the it contains private medical information.

**II.     ARGUMENT**

The Motion to Seal Defendant's Memorandum in Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt should be sealed because it contains confidential and medical information that the public would not, under any other circumstances, be entitled to see.  It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents.  *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)).  The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the

public interests in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*. at 575. Ultimately the decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*, 386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has previously held that such records are entitled to privacy protection and may be filed under seal. *James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at *12 (Nov. 21, 2007 E.D. Va.).

Finally, sealing, as opposed to redaction, is necessary to protect the confidential information contained in the document is confidential in its entirety.

## III.     CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that Defendant's Motion to Seal Defendant's Memorandum in Support of his Motion for Leave to File 12.2(B) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt shall be permanently filed under seal.

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

Respectfully submitted,

_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify on this 26th day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/_____
Nina J. Ginsberg