**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

UNITED STATES OF AMERICA,

v.

ZACKARY ELLIS SANDERS,

                     Defendant.

Case No. 1:20-cr-00143
The Honorable Judge Ellis

Pretrial Conference: May 7, 2021
Trial: July 12, 2021

**[PROPOSED] ORDER**

This matter comes before the Court on Mr. Sanders's Motion for Entry of a Discovery

Order and Modification of Protective Order to facilitate Mr. Sanders's review of discovery

material to preparing his defense.

The Court having found that the parties have conferred and agreed upon procedure for

Mr. Sanders to review discovery that contains contraband material, including Cellebrite reports

for the devices that underlie the production and receipt counts, iPhone (1B27) and two iPads

(1B19 and 1B22), as well as the files, file listings, and metadata that underlie the possession

count, beginning on May 3, 2021, and that the parties have further agreed that this review will

take place from 9:00 AM to 4:00 PM over three days, in a room at the United States Attorney's

Office large enough for counsel and the defendant to scroll through and review evidence on a

sufficiently powerful computer at the same time; and

The Court also having found the parties have been unable to reach agreement regarding

Mr. Sander's review of non-contraband discovery; and further that,

There are file system extractions and/or forensic images containing over two terabytes of

data from eight electronic devices that the government may introduce in its case-in-chief, and

that the non-contraband discovery includes approximately 2150 pages of sanitized chats that form the basis for Counts 1 through 11 of the indictment, an additional 515 pages of chats that were purportedly exchanged between Mr. Sanders and one of the alleged victims, approximately 2000 additional pages of allegedly exculpatory reports extracted by the defense forensic expert, as well as file listings and web browser history listings running into the thousands of pages; and

As represented by defense counsel, to date Mr. Sanders has only been able to review a small portion of the evidence due largely to the Protective Order currently in place, which prohibits counsel from providing Mr. Sanders with physical copies of any of the discovery materials, and to conditions at the Alexandria Adult Detention Center that limit Mr. Sanders to examining discovery on a computer screen during video calls with his attorneys; and

In light of the volume of discovery and the importance of adhering to the currently scheduled trial date of July 12, 2021, and the Court's further findings that pursuant to 18 U.S.C. §§ 3771(a)(1),(8)  and 18 U.S.C. § 3509(d)(1) respectively, the proposed redactions would protect the rights of any alleged victims to be reasonably protected from the accused and for their dignity and privacy to be treated with fairness and respect, while also protecting Mr. Sanders's need to know by virtue of his participation in the proceedings; it is hereby

**ORDERED** that Mr. Sanders be provided with sanitized, redacted copies of chat messages and other non-contraband discovery material that the defense has extracted from seized devices with the names of the alleged minor victims and their family members, contact information, addresses, usernames and/or passwords, and educational institutions attended by any of the alleged minor victims removed. and that the redacted chats and sanitized discovery **SHALL** be provided to Mr. Sanders in hard copy, or via an iPad that will not connect to the Internet at the Alexandria Detention Center each day; and it is further

**ORDERED** that the Protective Order (ECF No. 28) is hereby modified to allow Mr. Sanders to receive copies of the sanitized, redacted copies of chat messages and other non-contraband discovery material that the defense has extracted from seized devices with the names of the alleged minor victims and their family members, contact information, addresses, usernames and/or passwords, and educational institutions attended by any of the alleged minor victims removed in hard copies, or on an iPad that will not connect to the Internet according to a schedule agreed to by the Alexandria Adult Detention Center.

The Clerk is **DIRECTED** to send a physical and electronic copy of this Order to all counsel of record, and to provide a physical copy of this Order to the United States Marshal's Service and the Alexandria Adult Detention Center.

It is so **ORDERED**.


_____                    _____
Date                                     T.S. Ellis, III
                                         United States District Judge