# Exhibit 2



1099 14TH ST. NW
8TH FLOOR WEST
WASHINGTON, DC 20005
(202) 640-2850
WWW.KAISERDILLON.COM

April 7, 2021

**VIA ELECTRONIC MAIL**
Mr. Jay Prabhu and Mr. William G. Cayman
Assistant United States Attorneys
United States Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA  22314
Jay.Prabhu@usdoj.gov and William.G.Clayman@usdoj.gov

Re: *United States v. Zackary Ellis Sanders*, 1:20-cr-00143

Dear Jay and Bill,

This letter is to follow up to the April 2nd hearing, during which we informed the Court that the defense and government would work together on a proposed order to ensure we can maintain the current trial schedule.  We are writing to propose arrangements for Mr. Sanders to review discovery that is exculpatory and material to preparing his defense.

**Challenges due to the volume of discovery**

As you know, the discovery in this case is voluminous.  There are approximately 2,150 pages of sanitized versions of chats that underlie the government's case-in-chief.  Gov't Response (ECF No. 272) at 2; *see also* Gov't Exhibit List (ECF No. 206).  According to the government's exhibit list, the government also intends to introduce full file system extractions and/or forensic images of seven electronic devices as bulk exhibits: two Apple iPads (1B19 and 1B22) (Exhibit Nos. 4-4 and 5-3), an Apple iPhone (1B27) (Exhibit No. 4-6), a Sandisk Cruzer Edge thumb drive (1B1) (Exhibit No. 9-3), two HP laptops (1B2 and 1B5) (Exhibit Nos. 10-3 and 12-3), and a Lexar thumb drive (1B3) (Exhibit No. 11-3).  Gov't Exhibit List (ECF No. 206). In addition to the approximately 2,150 pages of sanitized chats, the government has provided an additional approximately 515 pages of chats that were purportedly exchanged between Mr. Sanders and one of the alleged victims.

Mr. Sanders has only been able to review a small portion of the chats and other discovery to date because, as explained during the hearing, he has been forced to review individual chats and other discovery on a shared computer screen during video calls, which makes effective review next to impossible and requires frequent back tracking before we can move forward. Mr.

Sanders's review of discovery has also been made more difficult by his inability to review copies of discovery material outside of his video calls, because the protective order has prevented us from providing him copies of discovery to review in his cell.

Furthermore, according to our forensic expert, the eight devices underlying Counts 1 through 12 contain over 2 terabytes or 2,000 gigabytes of material. During last week's forensic examinations, Mr. dePue extracted over 2,000 additional pages of reports from the eight devices, as well as a large number of file listings and web browser histories that Mr. Sanders needs to review. Mr. dePue has estimated that the contents of the file and browser listings, if printed, would easily run into the thousands of pages for each computer system. These additional reports and listings are believed to contain information that is both exculpatory and material to preparing Mr. Sanders's defense.

**Proposed plan for facilitating review of discovery**

In light of the volume of discovery and the importance of adhering to the July 12, 2021 trial date, we ask that you agree to allow us to provide Mr. Sanders with sanitized, redacted copies of the chat messages that remove the names, family members, contact information, addresses, usernames and/or passwords, and educational institutions of the alleged minor victims. If there is other information you think should be redacted, please let us know. These redactions would preserve the rights of any alleged victims to be reasonably protected from the accused and for their dignity and privacy to be treated with fairness and respect. *See* 18 U.S.C. §§ 3771(a)(1), (8). The redacted documents would disclose only information that Mr. Sanders needs to know by virtue of his participation in the instant proceeding. *See* 18 U.S.C. § 3509(d)(1)(ii) and (4). Mr. Sanders is among the class of people with a need to know, within the meaning of the statute, permitting him to possess the information in order to understand and assist in his defense. Moreover, § 3509(d)(4) expressly provides that this subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant.[1]

We therefore propose providing the redacted chats, and noncontraband material we have extracted during the course of our forensic examinations, on an iPad that the ADC could provide Mr. Sanders on a schedule that we agree to with the appropriate jail personnel. The iPad would be disabled from connecting to the Internet. None of the material on the iPad would consist of contraband. At the end of Mr. Sanders's review periods, the ADC could collect the iPad, and

---

[1] *See e.g.*, *United States v. Eychaner*, No. 4:17CR76, 2018 WL 921503, at *3 (E.D. Va. Feb. 16, 2018) (Payne, J.). Placing the sanitized, redacted chats on an iPad controlled by the ADC would provide Mr. Sanders the "ample opportunity" required by the statute to understand the context for the charges against him and to assist in his defense. *See United States v. Green*, No. 4:20CR1, 2020 WL 5877893, at *5 (E.D. Va. Oct. 2, 2020), *appeal dismissed*, 834 F. App'x 21 (4th Cir. 2021) (Mr. Sanders cannot be "rushed to trial without having had ample time to review the discovery provided by the Government."); *see also United States v. Gerard*, 826 F. App'x 298, 299 (4th Cir. 2020) (A defendant cannot be "denied access to discovery, denied the opportunity to assist in his defense, or [be] compelled to go to trial before having the opportunity to review discovery").

recharge it while it is not in Mr. Sanders's possession. The iPad would be able to store thousands of pages of PDFs, all of which Mr. Sanders could review in his cell.

In order for Mr. Sanders to review discovery that has contraband mixed in, we propose that Mr. Sanders be transported to the United States District Court for the Eastern District of Virginia, Alexandria Division, once a week from 9:00 AM to 4:00 PM, beginning no later than April 15, 2021, in order to review electronic discovery provided by the Federal Bureau of Investigation.

If available, this in-person review could be done in one of the SCIFs or other rooms in the basement of the Courthouse which would enable defense counsel and Mr. Sanders to review and discuss the material together. The plexi-glass separations in the Marshal's interview rooms adjacent to the lockup will make it impossible for Mr. Sanders to clearly view the screen and click through the material, or to segregate and discuss the specific content he is viewing with counsel.

The discovery we would need to review with Mr. Sanders includes the Cellebrite reports for the devices that underlie the production and receipt counts: the iPhone (1B27) and two iPads (1B19 and 1B22). We would prefer to start with the iPhone (1B27). We would also request that the FBI make available the same computer provided for the forensic review that was able to load and open the entire contents of the iPhone. The FBI indicated at the end of the forensic examination that they would leave that computer set up since we anticipated the need to return.

***

A proposed order is attached. We would be happy to discuss logistics and the proposed order with you. Please let us know when you would be available this week to discuss this further.

Sincerely,

Jonathan Jeffress

Nina Ginsberg

*Counsel for Zackary Ellis Sanders*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: May 7, 2021<br>Trial: July 12, 2021 |

**[PROPOSED] ORDER**

This matter comes before the Court on a Consent Motion to for Entry of Order ("Consent Motion"). Mr. Sanders, who currently stands charged with five counts of production (18 U.S.C. § 2251(a) and (e)), six counts of receipt (18 U.S.C. § 2252 (a)(2) and (b)(1)), and one count of possession of child pornography (18 U.S.C. 2252 (a)(4)(B) and (b)(2)), requests, through counsel, and with the consent of the government, the entry of an Order to facilitate Mr. Sanders's review of discovery material to preparing his defense. For the reasons stated below, the Consent Motion will be granted.

There is voluminous electronic discovery in this case. There are approximately 2,150 pages of sanitized versions of chats that underlie the government's case-in-chief. Gov't Response (ECF No. 272) at 2; *see also* Gov't Exhibit List (ECF No. 206). According to the government's exhibit list, the government also intends to introduce full file system extractions and/or forensic images of seven electronic devices: two Apple iPads (1B19 and 1B22) (Exhibit Nos. 4-4 and 5-3), an Apple iPhone (1B27) (Exhibit No. 4-6), a Sandisk Cruzer Edge thumb drive (1B1) (Exhibit No. 9-3), and two HP laptops (1B2 and 1B5) (Exhibit Nos. 10-3 and 12-3), a Lexar thumb drive (1B3) (Exhibit No. 11-3). Gov't Exhibit List (ECF No. 206). In addition to

the at least 2,150 pages of sanitized versions of chats that form the basis for Counts 1 through 11, the government has provided an additional approximately 515 pages of chats that were purportedly exchanged between Mr. Sanders and one of the alleged victims.

According to the defense's forensic expert, the eight devices that underlie Counts 1 through 12 constitute over 2 terabytes or 2,000 gigabytes of material. At a forensic examination spanning from March 29, 2021, to April 1, 2021, the defense extracted over 2,000 pages of reports from these eight devices, as well as filing listings and web browser history listings that need to be reviewed. The contents of each of these listings, if printed, would easily run into the thousands of pages for each computer system.

To date, as represented by Counsel, Mr. Sanders has only been able to review a small portion of the digital evidence in this case, due in large part because Mr. Sanders is limited to examining material on a computer screen during video calls with his attorneys. Counsel has advised that the video/screen sharing review process is an ineffective way to read, understand, and analyze thousands of pages of material.

Mr. Sanders's review of discovery has also been made more difficult by his inability to review copies of non-contraband discovery material outside of his video calls with his attorneys, given the conditions of the protective order currently in place (ECF No. 28); which prohibits counsel from providing Mr. Sanders with physical copies of any of the discovery materials.

In light of the volume of discovery and the importance of adhering to the currently scheduled trial date of July 12, 2021, the government has agreed to allow Mr. Sanders's defense team providing him with sanitized, redacted copies of chat messages that remove the names, family members, contact information, addresses, usernames and/or passwords, and educational institutions of the alleged minor victims. These redactions would protect the rights of any

alleged victims to be reasonably protected from the accused and for their dignity and privacy to be treated with fairness and respect. *See* 18 U.S.C. §§ 3771(a)(1),(8). These redactions would allow for disclosure only of information that Mr. Sanders, by virtue of his participation in the proceeding, has reason to know. *See* 18 U.S.C. § 3509(d)(1).

      The defense and government have conferred and agreed upon a way for Mr. Sanders to efficiently review the thousands of pages of non-contraband discovery. The redacted chats and sanitized discovery can be provided to Mr. Sanders via an iPad at the ADC each day. The protective order (ECF No. 28) should therefore be modified to allow Mr. Sanders to review the material on the iPad per a schedule agreed to by the parties. Moreover, the ADC will ensure that the iPad will not connect to the Internet. None of the material provided to Mr. Sanders at ADC would contain contraband.

      The defense and government have also conferred and agreed upon procedure for Mr. Sanders to review discovery that contains contraband material. Mr. Sanders could be transported to the United States District Court for the Eastern District of Virginia, Alexandria Division, once a week from 9:00AM to 4:00PM, beginning as soon as possible but no later than _____, 2021, in order to review electronic discovery provided by the Federal Bureau of Investigation. Such discovery would include Cellebrite reports for the devices that underlie the production and receipt counts: iPhone (1B27) and two iPads (1B19 and 1B22). This review is to be done at the United States Attorney's Office or in a room at the courthouse large enough for counsel and the defendant to scroll through and review evidence on a computer at the same time.

      Because of the number of alleged victims and voluminous electronic discovery, in order for Mr. Sanders to adequately prepare for trial within the time limits currently set by the Court

pursuant to the Speedy Trial Act, it is hereby **ORDERED** that Defendant's Consent Motion is **GRANTED**.

It is further **ORDERED** that Defendant Zackary Sanders **SHALL** be permitted to review discovery material necessary to the preparation of his defense; including but not limited to: the chats that underlie the production and receipt charges, the file listings and metadata that underlie the possession charge, and exculpatory material that the defense has extracted from the devices in the government's possession. To this end, the ADC is **DIRECTED** to take prompt steps to facilitate Mr. Sanders's receipt of an iPad containing redacted, sanitized material each day, and then to retrieve the iPad at the conclusion of each day in order to charge it. ADC or the United States Marshals Service **SHALL** transport defendant to Court once a week for his arrival at Court at 9:00 a.m., beginning as soon as possible but no later than _____, 2021, and concluding no earlier than _____, 2021. Mr. Sanders **SHALL** have at least four opportunities to do so, but this order does not preclude the provision of additional opportunities if required. This review **SHALL** consist of the Cellebrite reports for the devices that underlie the production and receipt charges: 1B27, 1B22, and 1B19. The Government **SHALL** ensure that a powerful enough computer is provided that is able to load and display the requisite three Cellebrite reports. The ADC or the United States Marshals Service **SHALL** transport defendant from Court once a week, departing Court at 4:00 p.m. Transport to and from Court will avoid the necessity of quarantining defendant upon his return to ADC.

The Clerk is **DIRECTED** to send a physical and electronic copy of this Order to all counsel of record, and to provide a physical copy of this Order to the United States Marshal's Service and the Alexandria Adult Detention Center.

It is so **ORDERED**.

4

_____  _____
Date                                          T.S. Ellis, III
                                              United States District Judge