# Exhibit 7

| | |
|---|---|
| **Subject:** | RE: Scheduling Sanders' Discovery Review |
| **Date:** | Wednesday, April 21, 2021 at 2:12:22 PM Eastern Daylight Time |
| **From:** | Nina Ginsberg |
| **To:** | Clayman, William G (USAVAE), Prabhu, Jay (USAVAE), Schlessinger, Seth (USAVAE) |
| **CC:** | Jade Chong-Smith, Jon Jeffress, Zachary Deubler, Nina Ginsberg |
| **Attachments:** | image001.jpg, image005.jpg, image002.jpg |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know that the content is safe.

Hi Bill,

Thank you for making arrangements for Mr. Sanders to review the iPhone and other contraband evidence with us at the U.S. Attorney's Office. We will get as much done in three sessions as possible. I'll check with our team and let you know if May 3 and 4 will work.

That does not, however, resolve our need to have Mr. Sanders review all the chats that underlie the production and receipt charges, the file listings and metadata that underlie the possession charge, and exculpatory material that the defense expert has extracted from the devices in the government's possession which exceeds 4,500 pages.

We received the following instructions from the jail regarding the resumption of in-person attorney visits which you may not be aware of:

The Alexandria Sheriff's Office will begin allowing in person Attorney Client Visits for non-urgent matters starting May 1st. All visits will be by appointment only, in 45 minute blocks. Attorney Client video visitation will continue as well. Please see below for the schedule and further guidelines/instructions:

**Schedule:**

- Monday:
    - In Person Visits 0800 to 1145 / 1900 to 2245
    - Video Visits 1300 to 1645
- Tuesday thru Friday:
    - In Person Visits 1900 to 2245
    - Video Visits 0800 to 1645
- Saturday & Sunday:
    - In Person Visits 0800 to 1145 / 1300 to 1645 / 1900 to 2245

**Guidelines/Instructions**

- We would respectfully request that all attorneys who are choosing to visit their clients in person for routine, non-urgent manners, be fully vaccinated. The Sheriff's Office will not

- conduct any type of verification of vaccination, it is simply a request to keep our inmates and staff as safe as possible.
- All attorneys that visit in person with their clients, must wear a K-95 mask with a surgical mask on top, a face shield, and latex gloves.  The Sheriff's Office will provide the latex gloves but all other items must be provided by the attorney.
- Attorneys should remain 6 feet away from their client at all times unless it is absolutely necessary.
- No more than two attorneys are permitted to visit with their client at a time.  If more individuals are required for the visit please provide your reasoning, and your request will be forwarded to the Chief of Security.
- Attorney Client visitation rooms will be cleaned after each visit by ASO staff.

If you would like to schedule an in-person or video visit, please contact Sgt. Diaz at 703-746-5155.  If you have any questions / comments / concerns, please let me know.

Thanks,

Acting Captain Sean Casey
Alexandria Sheriff's Office
Division Commander, Administration Bureau
O)703-746-5116
C)703-380-6193


You can see that all visits have to be scheduled in advance and that the jail is only allowing individual attorney visits of up to 45 minutes.  In-person visits during the day can only be scheduled on Mondays from 8:00 AM to 11:45 AM and on Saturdays and Sundays from 8:00 AM to 11:45 AM and from 1:00 PM to 4:45 PM.  Evening visits can be scheduled between 7:00 PM and 10:45 PM but are much more difficult for the attorneys all of whom have family or other similar obligations.  There are 3 attorney-client rooms available at the jail.  There is a fourth room which is sometimes made available when it is not being used by jail staff for processing inmates.  Prior to COVID, it was not unusual to get to the jail and be told that all the attorney-client rooms were occupied and to experience waits of up to two hours to see a client.  I'm sure that it will not be easy to schedule visits with the number of lawyers who will need to see their clients.  It will also be difficult to look at a computer screen with Mr. Sanders because the visitation rules require attorneys to stay 6 feet away from their clients.  The volume of chats that Mr. Sanders needs to review cannot be accommodated under these procedures.

We previously requested that Mr. Sanders be permitted to review redacted, sanitized copies of discovery material necessary to the preparation of his defense at the jail.  This can be accomplished by providing him with hard copies, or with an iPad with no internet connectivity that contains only non-contraband, redacted, sanitized material.  Before COVID, it was possible to arrange to have an inmate review discovery on an iPad in the law library at the jail.  If the government agrees, we will ask the jail if they can facilitate Mr. Sanders's receipt of an iPad containing redacted, sanitized material each day, and then to retrieve the iPad at the conclusion of each day.

I heard Jay's objection to this in Court but have not been able to find case law or other authority interpreting the Adam Walsh Act to prohibit Mr. Sanders from receiving sanitized copies of chats that

he previously received from the alleged victims with their personal identifiers redacted.   Specifically, I have found no authority that would support Jay's interpretation that anything a minor might have said during an evidentiary chat could be considered personal identifying information.

Providing Mr. Sanders with sanitized copies of the chats, file listings and metadata underlying the possession count, and the exculpatory material that the defense expert extracted is the only way that we will be able to prepare for a July trial.  We will try to accomplish as much of that as possible during the three days Mr. Sanders will be reviewing discovery at your office, but we will be focusing on reviewing information that can only be viewed at your office or at an FBI facility during those three days.  My recollection is that Judge Ellis encouraged us to find a way for Mr. Sanders to review the discovery that he needed to defend the case.  Please send me any authority you believe supports Jay's interpretation of the Adam Walsh Act and suggestions, if you have any.  We have to find a solution or go back to the Judge.

Regards,
Nina




**Nina J. Ginsberg**
**DiMuroGinsberg, PC**
**1101 King Street, Suite 610**
**Alexandria, VA  22314-2956**
**703-684-4333 (telephone)**
**703-548-3181 (facsimile)**
**703-623-6975 (cellular)**
**nginsberg@dimuro.com**



**CONFIDENTIALITY NOTICE: This electronic message (and any attachment) is intended to be viewed only by the individual or entity who is the intended recipient.  Information contained in this electronic transmission may be privileged, confidential, and exempt from disclosure  If you are not the intended recipient, any disclosure, copying, distribution, or other use of the contents is prohibited.**

---

**From:** Clayman, William G (USAVAE) <William.G.Clayman@usdoj.gov>
**Sent:** Wednesday, April 21, 2021 12:44 PM
**To:** Nina Ginsberg <nginsberg@dimuro.com>; Prabhu, Jay (USAVAE) <Jay.Prabhu@usdoj.gov>; Schlessinger, Seth (USAVAE) <Seth.Schlessinger@usdoj.gov>
**Cc:** Jade Chong-Smith <jchong-smith@kaiserdillon.com>; Jon Jeffress <jjeffress@kaiserdillon.com>
**Subject:** RE: Scheduling Sanders' Discovery Review

Hi Nina,

Based on our meeting with Supervisory Deputy Nazaire, we would propose conducting the evidence review at the U.S. Attorney's Office in the defense evidence room that Jon and Jade have previously used.  If we hold the review at our office, the government will be able make available: the computer your examiners have used at the FBI's office to review the evidence in this case; the Cellebrite reports for 1B19, 1B22, and 1B27 that

you have requested; and a larger monitor for you to use during the review. Holding the review at the U.S. Attorney's Office will also allow us to avoid the grand jury, which will provide more flexibility. As was the case during your client's three previous evidence reviews at our office, FBI agents will be outside the room while you review the material privately. Based on Judge Ellis's instructions at the last hearing, as well as the fact that in-person meetings at ADC are resuming every day of the week beginning on May 1, we will accommodate this review at our office up to three times. The in-person meetings at ADC will resolve the issues you said you have been having with reviewing material over videoconference. We can plan for the review to last from approximately 9:00am to 4:00pm, depending on what arrangements can be made with the USMS and ADC for your client's transportation.

Please let me know If the above works for you. If so, we can schedule an evidence review as soon as May 3 or May 4 (or both days, if you would like). You will need to comply with all the COVID-related safety protocols followed in the Courthouse while at the U.S. Attorney's Office.

I'm copying on this email AUSA Seth Schlessinger, who will be joining the case. Please copy him on all future correspondence.

Best,
Bill

_____
William G. Clayman
Special Assistant United States Attorney (LT)
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Desk: (703) 299-3744
Cell: (703) 380-9684

---

**From:** Nina Ginsberg <nginsberg@dimuro.com>
**Sent:** Monday, April 19, 2021 12:11 PM
**To:** Prabhu, Jay (USAVAE) <JPrabhu@usa.doj.gov>; Clayman, William G (USAVAE) <WClayman@usa.doj.gov>
**Cc:** Jade Chong-Smith <jchong-smith@kaiserdillon.com>; Jon Jeffress <jjeffress@kaiserdillon.com>; Nina Ginsberg <nginsberg@dimuro.com>
**Subject:** Scheduling Sanders' Discovery Review
**Importance:** High

Jay and Bill,

At Judge Ellis' direction, Bill and I met with the Supervisor of the Marshal's Service on April 14, 2021 to look at rooms on the basement level of the courthouse where Mr. Sanders can review discovery with us. We identified two witness interview rooms and the second grand jury room that the Marshals can make available on days when the grand jury is not meeting. We were informed that the grand jury meets every Tuesday, Wednesday, and Thursday. We were also informed that there are some Tuesdays, Wednesdays and Thursdays when the grand jury only meet for half a day. Therefore, the Marshals can make those rooms available for discovery review on Mondays and Fridays and for half days when the grand jury does not meet for a full day. The Marshals have agreed to transport Mr. Sanders from the jail. We were told that two FBI agents will have to remain outside the room where the discovery review takes place as is usually the case when an inmate is brought to the U.S. Attorney's Office.

We need to begin this process immediately in order to give the defense adequate time to prepare in advance of the July trial date.  Please let me know as soon as you have made arrangements with the FBI and the Marshals to transport Mr. Sanders and can provide computer that is powerful enough to review the information on the iPhone.  We will need some notice so that the lawyers who will be present with Mr. Sanders can plan their schedules.

Thank you,
Nina



**Nina J. Ginsberg**
***DiMuroGinsberg*, PC**
**1101 King Street, Suite 610**
**Alexandria, VA  22314-2956**
***703-684-4333 (telephone)***
***703-548-3181 (facsimile)***
***703-623-6975 (cellular)***
**nginsberg@dimuro.com**



**CONFIDENTIALITY NOTICE: This electronic message (and any attachment) is intended to be viewed only by the individual or entity who is the intended recipient.  Information contained in this electronic transmission may be privileged, confidential, and exempt from disclosure  If you are not the intended recipient, any disclosure, copying, distribution, or other use of the contents is prohibited.**