**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                               Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br><br>Pretrial conference: May 7, 2021<br>Trial: July 12, 2021<br><br>**Hearing Requested** |

**REPLY TO GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO FILE REDACTED VERSIONS
OF TRANSCRIPTS AND EXHIBITS ON THE PUBLIC RECORD**

In light of the information this Court has already made publicly available in this case, as well as information that was unsealed on ███████, 2021, and is publicly available in *United States v.* ████████████████████████████████████████, the redacted versions of transcripts and exhibits Mr. Sanders has proposed should be filed on the public docket. *See* Public Memorandum Opinions and Orders (ECF Nos. 122, 146, 146-1); *see also* ██████ Complaint, attached as Ex. 1 (stating that ██████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████) (emphasis added). Additionally, the name of the target website in this case should also be unsealed. Ex. 1.

**ADDITIONAL BACKGROUND**

On March 23, 2021, Mr. Sanders filed a motion seeking leave to file redacted versions of transcripts and exhibits on the public docket. ECF No. 258. As grounds, Mr. Sanders cited this

Court's instruction at the September 11, 2020 hearing that "as much as possible in this or any case should be out of seal and in the public view," September 11 Hearing Transcript, attached as Ex. 2, at 33.  Mr. Sanders also relied on Local Criminal Rule 49(E) and the public's common law and constitutional rights of access to pretrial documents in support of his motion.  ECF No. 302.

The very next day, the United States Attorney's Office for ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉ filed a letter motion asking the Court to unseal the case in *United States v.* ▉▉▉▉, which included unsealing the Complaint which revealed the name of the target website.  Letter Motion, attached as Ex. 3. An order unsealing the Complaint in ▉▉▉▉ was issued that same day.  Order to Unseal, attached as Ex. 4.

## DISCUSSION

**I.     The government agrees that eight documents can be filed on the public docket.**

On April 21, 2021, the government filed its response to Mr. Sanders's motion.   ECF No. 294.  In its response, the government agreed that the following defense exhibits could be filed without additional redactions:

| Document | Mr. Sanders's Exhibit |
|---|---|
| July 31, 2020 hearing transcript | Exhibit A and Exhibit D-13 |
| September 11, 2020 hearing transcript | Exhibit B |
| FBI 302 dated February 14, 2020 [provided in discovery] | Exhibit C-2 and Exhibit G-2 |
| Photographic log dated February 12, 2020 [provided in discovery] | Exhibit C-3 and Exhibit G-3 |
| Second Declaration of Dr. Matthew Miller | Exhibit E-5 |
| Third Declaration of Dr. Matthew Miller | Exhibit F-5 |
| Application for a search warrant in Operation Pacifier case | Exhibit F-10 |
| Declaration of Special Agent Christopher A. Ford | Exhibit F-12 |

Gov't Response (ECF No. 294) at 7.  The government continues to claim that certain "highly sensitive" information in this case cannot be made public.

## II. The government's claim that certain information cannot be made public is unsupported.

The government has long claimed that information about this investigation—especially the name of the target website—is "highly sensitive," and that the public disclosure of such information would allow targets to destroy evidence or flee. ECF No. 294 at 2; *see also* ECF Nos. 121, 173, 193, and 244.

However, the United States Attorney's Office for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ clearly disagrees. That office moved to unseal the entire case ▮▮▮▮▮▮▮▮ including the name of the target website in a case that stems from the same operation. *United States* ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (stating that the government moved ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮) Ex. 3 (Letter Motion). That order was issued ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 4 (Order to Unseal).[1]

---

[1] In ▮▮▮▮ 2020, the U.S. Attorney's Office for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ also made the name of the target website publicly available: in a plea agreement on the public docket, the government and defense stipulated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ Plea Agreement, attached as Ex. 5; *see also* ▮▮▮▮ News Story, attached as Ex. 6. There have been many other news stories that publicly named ▮▮▮▮. *See, e.g.,* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

Information has been publicly available since ▮▮▮▮, 2021, confirming the fact that the FBI is investigating individuals who have accessed the ▮▮▮▮ website on Tor based on information provided by a foreign law enforcement agency ("FLA"), as well as the date on which ▮▮▮▮'s IP address became the target of an FBI investigation. Ex. 1 at ¶ 3. The same information has also been reported by the media. ▮▮▮▮ News Story, attached as Ex. 7.

Nonetheless, the government persists in its claims that the following six exhibits require additional redactions "to prevent the disclosure of protected information and information that can be used to identify the Target Website or the FLA." ECF No. 294 at 8.

| Document | Mr. Sanders's Exhibit | Government's Exhibit |
|---|---|---|
| FBI FD-1057 dated January 17, 2020 | Exhibit C-4, Exhibit D-4, Exhibit E-2, and Exhibit G-4 | Exhibit 1 |
| Comparison chart | Exhibit D-6 | Exhibit 2 |
| Fourth Declaration of Dr. Matthew Miller | Exhibit D-7, Exhibit E-6, and Exhibit F-6 | Exhibit 3 |
| Declaration of Seth Schoen | Exhibit D-8 and E-7 | Exhibit 4 |
| Declaration of Dr. Matthew Miller | Exhibit E-4 and Exhibit F-4 | Exhibit 5 |
| Declaration of Dr. Richard Clayton | Exhibit E-8 and Exhibit F-9 | Exhibit 6 |

*Id.* at 8.

The government's proposed redactions should not be imposed because (1) information that the U.S. government is investigating visitors to the ▮▮▮▮ website based on a tip that the FLA provided in August 2019 is already publicly available, and (2) the government proposes to redact *the same information or same type of information that has already been discussed on the public record, directly quoted from, and made public in other filings*. *See, e.g.,* Unsealed Copies of Memorandum Opinions (ECF Nos. 122, 146, 146-1); *see also* Court Orders Unsealing Portions of Memorandum Opinions (ECF Nos. 123, 147).

4

For example, the government proposes to redact information found in this Court's memorandum opinions, (ECF Nos. 122, 146, 146-1), and public order, (ECF No. 237), which it previously requested the Court unseal (ECF Nos. 117, 144, 144-2, 144-3). The Court granted the government's motions and then ordered those memorandum opinions be unsealed and placed on the public docket (ECF Nos. 122, 123, 146, 146-1, 147).

Furthermore, the government seeks to redact any reference to "Intel Log," in all exhibits, ECF No. 146-1 at 6, a phrase that the government also requested be made publicly available and placed on the public docket, ECF Nos. 144, 144-3 at 4, as well as the following information that this Court has already made publicly available:

- ███████████ (FBI FD-1057 dated January 17, 2020)
    - That the target website was "an online bulletin board dedicated to the advertisement and distribution of child pornography that operated from approximately 2016 to June 2019." Opinion (ECF No. 122) at 2; 146-1 at 4.
    - The target website's "mention of '18' and 'hurtcore' content," ECF No. 122 at 10, that "'hurtcore' refers to violent pornography," *id.* at 10, n.8, and that the website was "created to host content featuring '18 (twinks) and younger," *id.* at 16.
    - That the target "website's board index is divided into categories for 'Ages 0-5,' Ages 6-13,' and 'Ages 14+.'" ECF No. 122 at 10, 16.
    - The names of two other FBI agents involved in this case, when the government has agreed that the names of the 26 agents who executed the search warrant in this case can be made available on the public docket. Gov't Response (ECF No. 294) at 7 (agreeing that the FBI 302 dated February 14, 2020, listing the names of 26 FBI agents, can be unsealed).

- ███████
    - That the FLA provided the FBI with a report entitled "CSAE Imagery on Tor Hidden Service Site." ECF No. 146 at 4; ECF No. 146-1 at 2, n.3.
    - That the "Report" was "sent" "to 'International partners in receipt of [redacted']," "including the FBI." ECF No. 146 at 4; ECF No. 146-1 at 2, n.3.
    - The name of the "Supervisory Special Agent at the FBI" to whom the FLA "sent a letter" "[o]n September 16, 2019." ECF No. 122 at 2; ECF No. 146 at 4; ECF No. 146-1 at 2.

- ███████
    - Basic features of Tor hidden services that are set forth in many publicly available documents. ECF No. 122 at 6 n.4 ("Tor hidden services operate in a manner designed to obscure the true IP address and location of the server hosting the

      website. These features of Tor hidden services hinder efforts to determine the true IP address and location of a server hosting Tor hidden services."); *see also* ECF No. 146 at 3 ("These hidden services websites operate in a manner designed to obscure the true IP address of the computer hosting the website. There are no publicly available listings for determining the IP address of a computer server hosting a Tor hidden services website. These features of Tor hidden services websites hinder law enforcement officers' efforts to determine the true IP address of a computer hosting a Tor hidden services website."). Such information was also included in an exhibit that the defense filed on December 5, 2020, that the government did not object to being on the public docket. ECF No. 138-4 at 2 ("Tor software provides for user anonymity in two primary ways: *first*, by allowing Tor users to access ordinary 'Open Internet' websites without revealing their IP addresses to the website; and *second,* by allowing users to operate (and access) Dark Web websites, called 'hidden services,' whose actual server location is obscured . . . By masking a Tor user's true IP address, Tor effectively conceals the actual location of Tor users' computers. A criminal suspect's use of Tor accordingly makes it extremely difficult, if not impossible, for law enforcement agents who are investigating online crime to determine a Tor user's physical location . . . Tor also makes it possible for users to operate and user websites— which Tor calls 'hidden services' . . . [that] bear unique technical features that conceal the computer server's location.").

- o That "[t]he Affidavit . . . establishes that the . . . website was a Tor hidden service accessible only through the Tor network," and that "the Affidavit communicates that, as such, the website would be substantially more difficult to navigate to than an ordinary internet website." ECF No. 122 at 6; *see also id.* at 6, n.6 ("The Affidavit explains that directory sites . . . and Tor hidden services generally, are similarly difficult to navigate to because they are comprised of a 16-or-56 character web address containing a largely random string of numbers and letters . . . The Affidavit further explains that Tor hidden services are much more difficult to find using a search engine because such sites are not indexed to the same extent as websites on the open internet.").
- o That "privacy features of the Tor browser . . . make evidence of the defendant's May 23, 2019 visit to the . . . website unlikely to be found in a the [sic] browser's cache or elsewhere on the computer." ECF No. 122 at 7, n.6.
- o That, "[a]s the Affidavit notes, there is a well-established tendency in individuals with a sexual interest in children to collect and retain child pornography. Affidavit ¶¶ 41-48." ECF No. 122 at 10.

- ███████
  - o That "disclosed screenshots of the Target Website's homepage do not advertise the fact that the website is dedicated to child pornography," and that "the Target Website's dedication to child pornography" was not "immediately apparent from its homepage" as "the Target Website's homepage does not mention child pornography." ECF No. 237 at 2, n.1.

Finally, the government claims that ten additional exhibits cannot be made publicly available with "the defendant's redactions *or any additional redactions*," ECF No. 294 at 8 (emphasis added), even though federal prosecutors have already disclosed the name of the target website on the public docket *and this Court has extensively quoted from such documents in public memorandum opinions and orders*.

| Document | Mr. Sanders's Exhibit |
|---|---|
| Affidavit in Support of an Application for a Search Warrant | Exhibit C-1, Exhibit D-3, Exhibit F-3, and Exhibit G-1 |
| FLA document [August 19, 2019 Intel Log] | Exhibit C-5, Exhibit D-1, Exhibit E-1, Exhibit F-1, and Exhibit G-5 |
| FLA letter dated September 16, 2019 | Exhibit D-2 and Exhibit F-2 |
| Third FLA document [October 25, 2019 report] | Exhibit D-3 |
| Screenshot of Target Website | Exhibit D-9 and Exhibit E-9 |
| Screenshots of Target Website | Exhibit D-10 and Exhibit E-10 |
| Search and Seizure Warrant | Exhibit D-11 |
| Online posting | Exhibit D-12 |
| Declaration of Matthew Ryder | Exhibit F-7 |
| Second Declaration of Matthew Ryder | Exhibit F-8 |

Gov't Response (ECF No. 294) at 9.

For example, as this Court knows well, it has already quoted almost the entirety of the August 19, 2019, September 16, 2019, and October 25, 2019 documents from the foreign law enforcement agency, significant portions of the Affidavit in Support of an Application for a Search Warrant, and significant portions of Matthew Ryder's declarations in public opinions and orders. ECF Nos. 122, 146, 146-1. Given the information that has already been made publicly available by this and other Courts, as a result of motions filed by the government, there can be no legitimate basis for preventing publication of the redacted information sought in Mr. Sanders's motion.

The government has failed to show good cause as to why the transcripts and exhibits, with redactions proposed by Mr. Sanders, cannot be put on the public docket. See *In re Terrorist*

*Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury"). The government has not shown that a clearly defined, specific, or serious injury would occur from the disclosures requested in this case.

## CONCLUSION

For the reasons stated, Mr. Sanders respectfully requests that the Court order that copies of the two transcripts and exhibits that are the subject of this motion with the proposed redactions be filed on the public docket. Mr. Sanders also respectfully requests that the Court unseal the name of the target website, which the government moved to unseal in another case that stemmed from the same investigation. *See* Ex. 1 (███ Complaint).

Respectfully submitted,

*/s/*
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*/s/*
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress