**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00143 |
| v. | The Honorable Judge Ellis |
| ZACKARY ELLIS SANDERS, | Pretrial Conference: May 7, 2021 |
| Defendant. | Trial: July 12, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO FILE REDACTED VERSIONS OF TRANSCRIPTS AND EXHIBITS ON THE PUBLIC RECORD**

**I.   INTRODUCTION**

Zackary Ellis Sanders, by counsel, moves this Honorable Court, pursuant to Local Crim. R. 49, for entry of an Order permitting portions of his Reply to Government's Opposition to Defendant's Motion to File Redacted Versions of Transcripts and Exhibits on the Public Record ("Reply") and the entirety of exhibits thereto under seal. Sealing is necessary because it contains information that is currently subject to the protective order (ECF No. 28).

**II.   ARGUMENT**

Portions of the Reply and the entirety of exhibits thereto should be sealed because they contain information that is currently subject to the protective order, in particular the name of the target website (or would allow members of the public to deduce the name of the target website). It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)). The presumption of the right of access can be

rebutted if countervailing interests heavily outweigh the public interests in access.  *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.  *Id*. at 575.  Ultimately the decision to seal is a matter best left to the sound discretion of the district court.  *Washington Post*, 386 F.3d at 575.

Finally, sealing, as opposed to redaction, of the exhibits is necessary to protect the name of the target website.

### III.   CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that Defendant's Reply to Government's Opposition to Defendant's Motion to File Redacted Versions of Transcripts and exhibits on the Public Record and exhibits thereto shall be permanently filed under seal.

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

Respectfully submitted,
          /s/
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

2

                                      */s/*
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify on this 5th day of May 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress