IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-CR-143 |
| v. | ) | |
| | ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | **UNDER SEAL** |
| *Defendant.* | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR LEAVE
TO FILE RULE 12.2(B) NOTICE**

On April 26, 2021, the defendant filed a motion for leave to file an untimely notice of expert evidence of a mental condition bearing on the issue of his guilt pursuant to Rule 12.2(b) of the Federal Rules of Criminal Procedure.  Dtk. No. 299.  The United States, by and through undersigned counsel, hereby files this response to the defendant's motion.

**BACKGROUND**

On June 24, 2020, a federal grand jury in the Eastern District of Virginia returned a twelve-count indictment charging the defendant with production, receipt, and possession of child pornography.  Dkt. No. 29.  On March 24, 2021, the defendant filed his fourth motion to continue the trial in this matter.  Dkt. No. 264.   Six days later, defense counsel informed the government for the first time that ████████████████████████████ *See* Exh. 1. ████████████████
████████████████████████████████████████████████████████
████████████████████████████

On April 2, 2021, the defendant filed a supplement to his motion to continue the trial that contained an approximately six-page report prepared by Dr. Tyler Whitney, a clinical psychologist. Dkt. No. 282.  Dr. Whitney's report is based on a remote interview of the defendant's mother, who

is also a clinical psychologist.[1]  Dkt. No. 282-1.  According to the defendant, Dr. Whitney is still

in the process of evaluating him.  Dkt. 305 at 3.  Dr. Whitney estimates that his evaluation will be

completed in approximately 90 to 180 days.  Dkt. No. 282-1 at 6.  Finally, ██████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████████

█████████████████████████████████  *Id.*

        The Court granted the defendant's motion to continue the trial in this matter on April 2,

2021, resetting it to begin on July 12, 2021.  Dkt. No. 287.  On April 26, 2021, the defendant filed

his instant motion for leave to file a notice of expert evidence of a mental condition bearing on the

defendant's guilt pursuant to Federal Rule of Criminal Procedure 12.2(b).  In the memorandum

supporting his motion, the defendant asserts with little explanation that ████████████████████

████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████.  Dkt.

No. 305 at 1, 3.  The defendant does not appear to be asserting an insanity defense, however, which

is governed by Rule 12.2(a) and requires that he prove by clear and convincing evidence that he

was unable to appreciate the nature and quality or the wrongfulness of his acts at the time of the

commission of the acts as a result of a severe mental disease or defect, *see* 18 U.S.C. § 17.

## RESPONSE

        Rule 12.2(b) of the Federal Rules of Criminal Procedure instructs that "[i]f a defendant

intends to introduce expert evidence relating to a mental disease or defect or any other mental

condition of the defendant bearing on . . . the issue of guilt," then "the defendant must—within the

---

[1] According to her website, the defendant's mother specializes in treating, among other things, adjustment issues, internet addiction, and communication skills.  *See* Risa E. Sanders, Ph.D. Therapy for Individuals, Couples, & Families, www.drrisasanders.com (last visited May 3, 2021).

time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intent and file a copy of the notice with the clerk." If a defendant fails to give notice under the rule, the Court "may exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt[.]" Fed. R. Crim. P. 12.2(d)(1)(A).

The deadline to file pretrial motions in this case was August 27, 2020, meaning that the defendant's notice is approximately eight months late. Dkt. No. 72. The defendant's notice is also incomplete. The information in the report the defendant provided is based solely on Dr. Whitney's remote interview of the defendant's mother. Dr. Whitney's evaluation of the defendant, having apparently begun within the last month, is said to be ongoing and not likely to be completed for several months. Dr. Whitney's report also fails to explain how ███████████████████ ████████████████████████████████████████████████████ ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████

More substantively, the government harbors deep skepticism regarding some of Dr. Whitney's claims based on his interview of the defendant's mother. At a minimum, the conclusions in Dr. Whitney's report are inconsistent with the medical records the defendant has previously provided in this case. For example, unlike Dr. Whitney, the doctor at Integrated Neurology Services PLLC who met the defendant in person on March 30, 2021, ███████████ ██████████████████ Dkt. No. 275-2 at 4. ██████████████████████████████████████████████████████ ███████████ *Id.* The claims in Dr. Whitney's report are also inconsistent with the records

provided by Rahul Dave at Inova Health Systems, who the defendant has identified as his treating

neurologist.  *See* Dkt. 275 at 2.  Following a January 23, 2020, appointment with the defendant,

Dr. Dave ███████████████████████.  Dkt. No. 169 at 10.  Dr. Dave ███████

██████████████████████████████████████████████████

█████████████████████████  *Id.*  ██████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████  *Id.*  About a week before that visit, the defendant met with FNP Wendy

Thompson at Inova Health Systems, who similarly ████████████████████████████

███████████████████████  *Id.* at 26.  FNP Thompson also ████████████████

███████████████████████████████

        Dr. Whitney's claims about ███████████████████████████████████

████████████████████ are also inconsistent with the defendant's actual background.  For

example, the defendant received a Bachelor's degree from New York University, Dkt. No. 13 at

8, during which time he lived in New York City ██████████  Dkt. No. 13-1 at 19.  He also

told law enforcement in a voluntary interview during the search of his home that he studied lighting

design in school and worked on Broadway in New York City, ████████████.  He reported

to the Court that he served as the Youth Director of the Gay, Lesbian, Straight Education Network

in Northern Virginia and volunteered with various organizations in the Virginia area, including for

years in leadership roles that required working with others and organizing events.  Dkt. No. 13 at

8–9.  Moreover, prior to his arrest, the defendant was running a food vending business with

multiple employees that provided food and drinks at local youth sporting events and other events

in the area.  Indeed, the defendant attempted to recruit a minor victim in this case to work for his

company, including at large, social events like Capital Pride in Washington, D.C., and discussed with law enforcement the competitive process by which he would seek out government contracts, put together complex proposal packets, and bid on contracts for his business, ██████████ ████. And, of course, the defendant denied ever engaging in sexual activity with minors to law enforcement, contradicting Dr. Whitney's suggestion that ███████████████████ ████████████████████████████████████████████

Accordingly, if the Court permits the defendant to file his untimely notice, the government reserves the right to move to exclude Dr. Whitney's testimony—a right the government is currently unable to exercise in light of the plainly incomplete nature of the notice the defendant seeks to file. Moreover, should the Court permit the defendant to offer evidence related to his mental condition under Federal Rule of Criminal Procedure 12.2(b) at trial, the government intends to file a motion under Rule 12.2(c)(1)(B) to have the defendant psychologically examined as soon as practicable.[2]

Finally, the substance of the defendant's recent filings and communications have raised concerns regarding the defendant's competency that should be resolved promptly.  Regardless of whether the defendant seeks to introduce evidence related to his mental condition at trial, the government intends to ask the Court to hold a hearing to determine the mental competency of the defendant pursuant to 18 U.S.C. § 4241(a).  The government submits that such a determination is necessary in light of Dr. Whitney's claims regarding ███████████████████████ ████████████████████████████████████████. Dkt. No. 282-1 at 6.  The Court may base its determination on a psychological evaluation of the defendant, which can be ordered pursuant to 18 U.S.C. § 4241(b), or through the Court's "first-hand

---

[2] Rule 12.2(c)(1)(B) permits the government to file such a motion only after the defendant files a notice of intent to introduce evidence under Rule 12.2.

interactions with, and observations of, the defendant and the attorneys at bar[.]"  *United States v. Bernard*, 708 F.3d 583, 592 (4th Cir. 2013); *see also United States v. Muriel-Cruz*, 412 F.3d 9, 13 (1st Cir. 2005) ("[T]he district court may rely upon various kinds of evidence, including written medical opinions and observations by the court, counsel, and defendant himself regarding the defendant's demeanor and fitness to stand trial." (internal citations omitted)).  Should the Court decline to hold such a hearing or make an explicit finding regarding the defendant's competency to stand trial, the government alternatively requests that the Court direct counsel for the defendant to state on the record whether or not counsel makes any claim that the defendant is in any way incompetent to stand trial, or has any reason to believe that the defendant is not competent.

> Respectfully submitted,
>
> Raj Parekh
> Acting United States Attorney

By:    _____/s/_____
    William G. Clayman
    Special Assistant United States Attorney (LT)
    Jay V. Prabhu
    Seth M. Schlessinger
    Assistant United States Attorney
    U.S. Attorney's Office
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Tel: 703-299-3700
    Fax: 703-299-3981
    Email: william.g.clayman@usdoj.gov
    Email: jay.prabhu@usdoj.gov
    Email: seth.schlessinger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.


By:   _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
U.S. Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov