**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>   v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                            Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial Conference: May 7, 2021<br>Trial: June 12, 2021 |

## CONSENT MOTION TO SEAL AND MEMORANDUM IN SUPPORT OF SAME

Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, moves for an order permitting the defense to file under seal portions of Mr. Sanders's Memorandum in Support of Motion to Compel, or, in the alternative, to Submit Material for *in camera* Inspection ("Memorandum") and Exhibits (the entirety of Exhibits 1-3, and portions of Exhibits 4-6) thereto.  A proposed order is attached for the consideration of the Court.[1]  The Government has previously consented to Mr. Sanders filing under seal material that it considers to be subject to the protective order, that it considers particularly sensitive, or that has previously been filed under seal.  Mr. Sanders seeks sealing for the same reasons here. In support of this motion, the defense further states:

---

[1] The document to be filed under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

## I.    Item to be Filed Under Seal, and Necessity for Sealing

A.    Mr. Sanders asks the Court to seal portions of his Memorandum in Support of Motion to Motion to Compel, or, in the alternative, to Submit Material for *in camera* Inspection and Exhibits (the entirety of Exhibits 1-3, and portions of Exhibits 4-6) thereto, which pertain to and refer to material that the Government believes is under a protective order, that the Government believes is most sensitive, or has been previously filed under seal.  *See* ECF No. 28.  The defense has endeavored to seal only the minimum necessary portion of its Memorandum and will file a redacted version on the public docket.

B.    Filing the Memorandum partially under seal is necessary because it contains discussion of material that the Government considers under a protective order, that the Government considers most sensitive, or that has previously been filed under seal.  *See* ECF No. 28.

C.    Counsel for Mr. Sanders has considered procedures other than filing under seal and none will suffice to protect disclosure of this information that the Government considers subject to a protective order or most sensitive, or that has previously been filed under seal.

## II.    Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

2

### III.     Period of Time to Have the Document Under Seal

The materials to be filed under seal would need to remain sealed as long as the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order allowing the defense to file under seal portions of his Memorandum in Support of Motion to Motion to Compel, or, in the alternative, to Submit Material for *in camera* Inspection and Exhibits (the entirety of Exhibits 1-3, and portions of Exhibits 4-6).

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

Respectfully submitted,
_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com


_____/s/_____
Jonathan Jeffress (#42884)
Emily Voshell (#92997)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: evoshell@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of May, 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ _____
Nina J. Ginsberg

4