**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                          Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Pretrial conference: May 7, 2021<br>Trial: July 12, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL SUPPLEMENT TO MR. ZACKARY ELLIS SANDERS' MOTIONS IN LIMINE (ECF NOS. 153 AND 207) AND MOTION TO SUPPRESS STATEMENTS (ECF No. 149)**

**I.    INTRODUCTION**

Zackary Ellis Sanders, by counsel, moves this Honorable Court, pursuant to Local Crim. R. 49, for entry of an Order permitting his Supplement to Motions *In Limine* (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying Exhibit thereto be filed under seal. Sealing is necessary because it contains private medical information.

**II.    ARGUMENT**

Defendant's Supplement To Motions In Limine (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying exhibit should be sealed because it contains confidential and medical information that the public would not, under any other circumstances, be entitled to see. It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)). The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the

public interests in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*. at 575. Ultimately the decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*, 386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has previously held that such records are entitled to privacy protection and may be filed under seal. *James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at *12 (Nov. 21, 2007 E.D. Va.).

Finally, sealing, as opposed to redaction, is necessary to protect the confidential information contained throughout the entirety of the document, there is no readability available way to redact this information without revealing confidential information. As such the entire pleading ought to be placed under seal.

### III.  CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that Defendant's Supplement To Motions In Limine (ECF Nos. 153 and 207) and Motion To Suppress Statements (ECF No. 149), and accompanying exhibit shall be permanently filed under seal.

> Respectfully submitted,
>
> ZACKARY ELLIS SANDERS
> By Counsel
>
> _____/s/_____
> Nina J. Ginsberg (#19472)
> Zachary Deubler (#90669)
> DiMuroGinsberg, P.C.
> 1101 King Street, Suite 610
> Alexandria, VA  22314
> Telephone: (703) 684-4333
> Facsimile: (703) 548-3181
> Email: nginsberg@dimuro.com
> Email: zdeubler@dimuro.com

                                                          /s/
                                       Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2021, the foregoing was served electronically on counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

                           /s/
                           Nina Ginsberg