**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>   v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                        Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Trial: July 12, 2021 |

### **DEFENDANT'S NOTICE OF OBJECTION TO RULE 404 AND 414 RULING**

Zackary Ellis Sanders, by and through counsel, respectfully submits this Notice of Objection to the Court's bench ruling on Mr. Sanders's motion to exclude the government's proposed Rule 404 and 414 evidence. Counsel for Mr. Sanders was told he would be given the opportunity to make the instant objection at Friday's hearing but the Court left the bench without having provided counsel with the opportunity to do so.

As noted during the argument on the admission of Mr. Sanders's statement to law enforcement under Rules 404 and 414, the defense timely objected to the admission of that statement under those rules shortly after the government first noticed its intent to introduce such statements and before the motions *in limine* deadline set by this Court.[1] One basis for Mr. Sanders's objection was that Mr. Sanders's statements were taken in violation of *Miranda* and

---

[1] The government first noticed such intent in an amended notice (ECF No, 133), which it filed on November 17, 2020, after the pretrial motions deadline but well in advance of the motions *in limine* deadline of December 18, 2020. Prior to the government's filing of its amended notice, the government had stated at a hearing on July 31, 2020 that "the search warrant is *unrelated* to anything he has been charged with. . . he hasn't been charged with accessing child sexual abuse material on this TOR site." July 31, 2020 Hearing Transcript at 19 (ECF No. 316-6).

were also involuntary, and therefore taken in violation of the United States Constitution.  Indeed, the Fourth Circuit case *United States v. Hashime*, 734 F.3d 278, 285 (4th Cir. 2013), is directly on point and bars the admission of the statement as taken in violation of *Miranda*.  *Hashime* Opinion, attached s Ex. 1.  While the Court held on January 7, 2021 that Mr. Sanders's motion to suppress his statement was untimely under Rule 12, and that the government was prejudiced because there was insufficient time to conduct a motion to suppress (despite the fact that this case had been pending for well over a year, and *there are still* two months left until trial), the Court has never held that the statements were taken consistent with *Miranda*.  Indeed, even given the extreme length of time this case has been pending, the Court has not addressed the merits of this important constitutional issue at all.

　　While the defense urged the Miranda and involuntariness argument upon the Court as a primary basis for denying the admission of Mr. Sanders's statement under Rule 404 and Rule 414 at Friday's hearing, and the Court acknowledged this argument and questioned the government about it, the Court did not address this issue in its bench opinion.

　　Mr. Sanders's statements should not be admitted at this trial.  They were taken in violation of *Miranda* and the Constitution and this Court has not found to the contrary.  Moreover, there has been more than enough time to conduct a hearing on Mr. Sanders's motion to suppress—the government's contrary argument, especially given how quickly criminal cases usually proceed in this District, is a pretextual basis for avoiding a hearing on the motion to suppress that would inevitably have led to suppression under the law.  But even were the Court to maintain its incorrect view that Mr. Sanders's *motion to suppress* was untimely, and that having to hold a one-day, basic evidentiary hearing in the many months this case has been

pending (or in the two months before trial) is somehow unduly prejudicial to the government,[2] there is no question that the defense timely made its objection to the government's Rule 404(b) and Rule 414 notices based on, *inter alia*, the government's violation of *Miranda* and Mr. Sanders's rights under the Constitution. Indeed, this objection that was made *prior* to this Court finding Mr. Sanders's motion to suppress untimely. Mr. Sanders's accordingly objects to the Court's failure to consider that argument in ruling on the admissibility of his statements under Rule 404(b) and Rule 414.

Respectfully submitted,

*/s/*
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

*/s/*
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

*Counsel for Defendant Zackary Ellis Sanders*

---

[2] The defense notes that two months is still ample time to hold an evidentiary hearing on Mr. Sanders's motion to suppress statements and respectfully moves the Court to do so.

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress
