# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br><br>       Plaintiff,  <br><br>v.  <br><br>ZACKARY ELLIS SANDERS,  <br><br>       Defendant. | Case No. 1:20-cr-00143  <br>The Honorable Judge Ellis  <br><br>Status Conference: May 21, 2021  <br>Trial: July 12, 2021 |

### DEFENDANT'S NOTICE OF OBJECTION TO RULING ON MOTION IN LIMINE TO EXCLUDE CHAT TRANSCRIPTS AND RELATED TESTIMONY FROM NON-TESTIFYING PERSONS

  Zackary Ellis Sanders, by and through counsel, respectfully submits this Notice of Objection to the Court's bench ruling on Mr. Sanders's motion to exclude the chat transcripts and related testimony from non-testifying persons (ECF No. 155).

  This is not an in-person production case. The government is claiming that the minors listed in the indictment initiated contact with Mr. Sanders through online messaging applications, that those minors recorded photos or videos of themselves when they were by themselves, and that those minors then transmitted such photos or videos to Mr. Sanders via the Internet. The FBI extracted chats of such conversations from the devices that it seized for the purposes of this prosecution; the chats were not produced as business records from any company.

  The Federal Rules of Evidence and existing caselaw mandate that the government should not be permitted to introduce any of the chats, or related testimony, unless an alleged participant testifies at trial. Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a

finding that the item is what the proponent claims it is."). In this case, without testimony from a chat participant, no other witness can properly authenticate the chat or establish its relevance to a charged offense. *United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992) ("Evidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not that which its proponent claims."); *see also Spiker v. Clarke*, No. 7:15CV00379, 2016 WL 3189296, at *5 (W.D. Va. June 7, 2016) (admitting online chat between detective and defendant where detective testified at trial about his participation in the chat, identified his and the defendant's screenname, testified about the agreement to meet the defendant at a pre-arranged location, and testified how he apprehended the defendant at the pre-arranged location after recognizing the car the defendant described and a photo of himself and he had sent to the detective), attached as Ex. 1.

Such testimony would include whether the minor at issue participated in a specific chat (on a specific date); whether the minor sent or received a particular message that was extracted from a seized device; whether the substance of that message was the same as what the minor sent or received; that a specific username or phone number belonged to a specific minor; that no one else had access to the minor's account, and that no one else had access to the devices on which the accounts were used. Given that the government's witness list consists only of eleven law enforcement agents and alleged minor victims 1 and 5, Gov't Witness List (ECF No. 205), there are *at least* four chats for which no witness will be able to testify on the basis of personal knowledge to establish the authenticity or relevance of the chats.

These chats are not self-authenticating because Fed. R. Evid. 902(14) requires that any data be "authenticated by a process of digital certification, as shown by a certification of a qualified person, which complies with the certification and notice requirements of Fed. R. Evid.

902(11)."  The government was required to produce, for each chat, "a certification of a custodian or other qualified person that complies with a federal statute or rule prescribed by the Supreme Court."  Fed. R. Evid. 902(11).  It did not do so.  This Court did not address or excuse the government's failure to comply with the requirements of Rule 902(14) in its ruling from the bench.

The out-of-circuit cases cited by the government in its opposition to Mr. Sanders's motion in limine in fact support *excluding* the chats and related testimony of non-testifying persons unless and until a participant in the alleged chat testifies.  The Court did not address or reconcile such cases in its ruling from the bench.  In *United States v. Lebowitz*, 676 F.3d 1000, 1009-10 (11th Cir. 2012), chats between the defendant and the alleged 15-year-old victim were admissible at trial where the alleged victim testified at trial, had printed out the chats that were submitted into evidence, testified that the evidence accurately reflected the chat messages that were sent and received, and the district court credited the alleged victim's testimony concerning the accuracy of the printouts of the chats.  This kind of ability to testify to the authenticity and relevance of the chats, based on personal knowledge, is what Fed. R. Evid. 901 demands but is missing here.  Similarly, in *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000), the government introduced at trial emails allegedly sent by the defendant that the recipients had already testified to as being from the defendant and that were introduced at prior depositions; this was permitted because the defendant did not object to the introduction of the emails at trial, the recipients were unavailable at trial, and the emails were introduced as non-hearsay to show the relationship between the defendant and the recipients and his custom of communicating with the recipients by email.

In *United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011), and *United States v. Simpson,* 152 F.3d 1241, 1244 (10th Cir. 1998), online chats were introduced through testimony of a law enforcement agent who participated in the chats and testified based on their personal knowledge of such participation.  In *Lanzon*, the detective who participated in the chat testified at trial that he had preserved the chat using a standard method he learned from the police department, compared the actual chat to the copy he made to ensure the text matched and that he had accurately recorded the chat in its entirety, and that the transcript of the chat he had preserved accurately reflected the messages that were sent and received.  639 F.3d at 1301.  In *Simpson*, the law enforcement agent testified that he had participated in a chatroom conversation called "Kidsexpics" under a particular username, including with a person with the username "Stavron" who said that his name was "B. Simpson" and who gave a particular street address and e-mail address.  152 F.3d 12 1244.

In *United States v. Burt*, 495 F.3d 733, 735 (7th Cir. 2007), a chat was admitted through testimony of law enforcement only after the other alleged participant had testified to his and the defendant's screennames, that he had personal knowledge of his and the defendant's screennames, and that he had the defendant regularly chatted online using those screennames; only then was the government able to introduce transcripts of such chats through the testimony of a law enforcement agent.

While this Court at the May 7, 2021 hearing noted that the 2,150 pages of chats that the government intends to introduce at trial may contain hearsay, but that the defendant had not identified any particular statements as being hearsay, Mr. Sanders previously objected to any statements by an alleged participant about their identity, age, or other information suggestive of their age as being statements impermissibly offered for their truth.  ECF No. 156 at 5-6

4

("statements about a person's identity, age, and other information suggestive of their age (such as their educational institution and attainment) are assertions offered for their truth. . . It is only the truth of the statements . . . that account for their probative value."). The Court did not rule on the admissibility of such statements in its ruling from the bench.

 Finally, unless and until a participant in the chat testifies at trial, Mr. Sanders is denied his right to present a defense and confront the government's evidence against him because there is no witness he can cross-examine on their participation in the chat, whether they actually sent or received the messages in the chat, whether they took the messages they received seriously, and whether they feel they were in fact "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]" to engage in sexually explicit conduct and produce visual depictions of that conduct, or whether that something they had independently and voluntarily decided to do on their own accord, without being "employ[ed], use[d], persuade[d], induce[d], entice[d], or coerce[d]." 18 U.S.C. § 2251(a). This Court did not address this issue in its ruling from the bench.

 Accordingly, Mr. Sanders submits that for the foregoing reasons, and any other reason appearing to this court, this Court should exclude all exhibits and related testimony about the purported online chat conversations an alleged minor victim had with Mr. Sanders if the government does not call that person as a witness and that person cannot adequately testify to the authenticity and relevance of the substance of the chats.

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Nina Ginsberg*
Nina Ginsberg