# Exhibit 1

Case 1:20-cr-00143-TSE Document 338-1 Filed 05/10/21 Page 2 of 9 PageID# 5899

Spiker v. Clarke, Not Reported in Fed. Supp. (2016)

2016 WL 3189296
Only the Westlaw citation is currently available.
United States District Court, W.D. Virginia,
Roanoke Division.

George H. SPIKER, Jr., Petitioner,
v.
Harold W. CLARKE, Respondent.

Case No. 7:15CV00379
|
Signed 06/07/2016

**Attorneys and Law Firms**

George H. Spiker, Jr., pro se.

John W. Blanton, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for Respondent.

**OPINION**

James P. Jones, United States District Judge

**\*1** George H. Spiker, Jr., a Virginia inmate, has filed a pro se petition for habeas corpus under 28 U.S.C. § 2254, contending that his 2010 state convictions for computer solicitation of a minor for sexual acts are void.

Spiker relies on *MacDonald v. Moose*, 710 F.3d 154, 156 (4th Cir.), *cert. denied*, 134 S. Ct. 200 (2013). In *MacDonald*, the Fourth Circuit granted habeas relief to a Virginia inmate who had been convicted of soliciting a minor to commit a felony. The predicate felony charged was MacDonald's solicitation of a minor to perform oral sex on him, in violation of Virginia's "Crime Against Nature" statute, Va. Code § 18.2-361(A), which criminalized carnal knowledge "by the anus or by or with the mouth," commonly known as sodomy. Relying upon *Lawrence v. Texas*, 539 U.S. 558 (2003), which struck down Texas' anti-sodomy statute as unconstitutional, the Fourth Circuit held that section 18.2-361(A) was facially unconstitutional because by its terms it criminalized sodomy between consenting adults, and thus could not support MacDonald's solicitation conviction, even though his actual conduct involved a minor.

Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because the habeas petition is untimely, procedurally defaulted, and without merit.

I.

On September 14, 2009, a Virginia grand jury charged Spiker with five counts of using a computer to solicit a person under 15 years of age to perform certain proscribed sexual acts in violation of Va. Code § 18.2-374.3. One of the proscribed sexual acts included in section 18.2-374.3 referenced Va. Code 18.2-361. Spiker pleaded not guilty and was tried before a jury. As described in more detail hereafter, the Commonwealth's evidence included screen shots of **online chats** Spiker had with a police detective who had identified himself online as a 13-year-old girl. Spiker was convicted on all five counts. On March 15, 2010, based upon the verdict of the jury fixing the punishment, the Circuit Court of Louisa County sentenced Spiker to 20 years in prison on each count, for a total of 100 years.

Spiker sought an appeal to the Court of Appeals of Virginia, challenging venue and the sufficiency of the evidence. The court affirmed his convictions, *Spiker v. Commonwealth*, 711 S.E.2d 228 (Va. Ct. App. 2011), and the Supreme Court of Virginia refused his subsequent appeal, *Spiker v. Commonwealth*, Record No. 111392 (Va. Oct. 25, 2011). (ECF No. 20, p. 24.) Spiker did not file a petition for a writ of certiorari in the United States Supreme Court or seek habeas relief in the state courts.

On October 3, 2012, Spiker filed a pleading in state court called "Petition/Motion to Void Judgment." Spiker contended that he was entitled to relief from his convictions for lack of subject-matter jurisdiction and because of fraud on the court, related to his waiver of a preliminary hearing. The Circuit Court of Louisa County dismissed this petition by order dated July 1, 2013.

Spiker returned to the same court on February 18, 2014, with a "Motion to Void Judgment." In this motion, Spiker alleged that his conviction should be voided because (1) Va. Code § 18.2-361 had been held unconstitutional in *MacDonald*; (2) the circuit court lacked subject-matter jurisdiction to convict him because there had been no preliminary hearing; and (3)

Case 1:20-cr-00143-TSE   Document 338-1   Filed 05/10/21   Page 3 of 9 PageID# 5900

Spiker v. Clarke, Not Reported in Fed. Supp. (2016)

he had been deprived of various trial-related rights, including the effective assistance of counsel. The court found that Spiker "ha[d] not established a jurisdictional defect and the Court [found] that no fraud, extrinsic or otherwise, ha[d] been established" and noted that his claims should have been raised in a habeas corpus petition. *Spiker v. Commonwealth*, No. CL14-74 (Va. Cir. Ct. May 28, 2014). (ECF No. 14-5, p. 8.) Because Spiker had filed his motion outside the time limit under Virginia law for filing a petition for a writ of habeas corpus, the court found that such a petition would be untimely. (*Id.* at p. 2 n.1.) The Supreme Court of Virginia refused his petition for appeal, *Spiker v. Commonwealth,* Record No. 141322 (Va. Jan. 22, 2015) (ECF No. 20, p. 59), and his subsequent petition for certiorari was denied by the United States Supreme Court, *Spiker v. Virginia*, 135 S. Ct. 2319 (2015).

**\*2** Spiker signed and dated his present federal habeas petition on June 3, 2015. He alleges one ground for relief — that "his state criminal convictions violate the due process clause of the 14th Amendment because state statute 18.2-361 subsection (A) is unconstitutional facially and as applied to his cases." (Pet. 17, ECF No. 1.) The respondent has moved to dismiss Spiker's petition as untimely, procedurally defaulted, and without merit. Spiker has responded to the Motion to Dismiss, making the matter ripe for consideration.

II.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A conviction becomes final once the availability of appeal is exhausted and the time for filing a petition for a writ of certiorari in the United States Supreme Court has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003); *See* Sup. Ct. R. 13(1) (providing time limit of 90 days from entry of state court final judgment to file certiorari petition).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). No such tolling of the federal filing period is invoked, however, by an improperly filed application for state post-conviction relief. *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).

Spiker's convictions became final and his federal habeas time clock began to run on January 23, 2012, 90 days after the Supreme Court of Virginia refused his direct appeal and he failed to file a petition for a writ of certiorari. On October 3, 2012, 254 days after the federal filing period had elapsed, Spiker filed his "Petition/Motion to Void Judgment," in state court seeking to have these convictions vacated. The state court dismissed this motion as untimely filed, however. Specifically, the court held

> that it lacks jurisdiction to consider Spiker's motion because it is untimely. An otherwise final judgment is subject to collateral attack ***only*** if the Court lacked subject matter jurisdiction or if the judgment was secured by extrinsic fraud. The Court finds Spiker has failed to establish either circumstance in this matter. Accordingly, the Court holds Spiker's motion is untimely and it is, therefore, DISMISSED WITH PREJUDICE. Rule 1:1.

Case 1:20-cr-00143-TSE Document 338-1 Filed 05/10/21 Page 4 of 9 PageID# 5901

**Spiker v. Clarke, Not Reported in Fed. Supp. (2016)**

*Spiker v. Commonwealth*, No. CL12-367 (Va. Cir. Ct. July 1, 2013). (ECF No. 14-2, p. 2.) Because the state court found Spiker's petition to be untimely, and therefore improperly filed, the filing and pendency of the petition did not toll the federal filing period under § 2244(d)(2). See *Artuz*, 531 U. S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, ... it will be *pending*, but not *properly filed.*") Thus, under § 2244(d)(1)(A), Spiker's one-year filing period expired on January 22, 2013, more than two years before he filed his present habeas petition.

**\*3** Spiker argues that his current claim should be deemed timely under § 2244(d)(1)(D), using the date when he could first have discovered the *MacDonald* decision as the "factual predicate" for the claim.¹ I find no merit to this argument.

Under § 2244(d)(1)(D), the habeas limitation period begins to run when the petitioner knows, or through due diligence could have discovered, the *factual* predicate for a potential, previously unavailable claim, not when he recognizes the legal significance of facts previously known to him. *See, e.g.,* *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance."). Mere changes in law, unrelated to the petitioner's own criminal proceedings, are not facts that can trigger calculation of the limitation period under § 2244(d)(1)(D). *See, e.g.,* *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) (interpreting *Johnson v. United States*, 544 U.S. 295 (2005)) and noting that a post-conviction court decision "establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim.").²

The Fourth Circuit's *MacDonald* decision did not change the factual landscape of Spiker's case. At the most, this decision gave Spiker a new legal argument, not a new factual basis, for collaterally attacking his conviction.

In any event, even if the *MacDonald* decision could qualify as a new trigger for Spiker's one-year filing period, Spiker's federal petition remains untimely filed. Spiker filed his second state court post-conviction motion (the "Motion to Void Judgment") on February 18, 2014, barely within one year after the issuance of the *MacDonald* decision on March 12, 2013. The state court dismissed this petition as untimely filed under state law. The pendency of that untimely, and therefore, improperly filed, petition and the subsequent appeal proceedings did not toll Spiker's federal filing period under § 2244(d)(2). See *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that state law "time limits, no matter their form, are 'filing' conditions" for purposes of properly filed state post-conviction action so as to qualify for tolling under § 2244(d)).

**\*4** Moreover, Spiker's certiorari petition in the United States Supreme Court was not a state court post-conviction remedy, so its pendency did not toll the filing period under § 2244(d). *Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Therefore, at best, Spiker's one-year filing period under § 2244(d)(1)(D) expired on March 12, 2014, one year after the *MacDonald* decision. Spiker filed his federal petition at the earliest on June 3, 2015, well outside that statutory time limit.³

III.

The respondent also contends that Spiker's claim under the *MacDonald* decision is procedurally barred from federal habeas review. I agree.

A.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)). If a state court expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal habeas version of that claim is also procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)).

Case 1:20-cr-00143-TSE Document 338-1 Filed 05/10/21 Page 5 of 9 PageID# 5902

**Spiker v. Clarke, Not Reported in Fed. Supp. (2016)**

When Spiker presented his current claim in his Motion to Void Judgment the state court dismissed the claim as untimely filed. I conclude that the state court's application of a state time bar rule is sufficient to render Spiker's claim procedurally barred from review on the merits by this court. *See, e.g.,* *Weeks v. Angelone*, 176 F.3d 249, 273-74 (4th Cir. 1999) (finding Virginia habeas limitation statute to be independent and adequate state law ground barring federal habeas review).

### B.

A federal habeas court may review the merits of a procedurally defaulted claim only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Spiker bears the burden to establish one of these exceptions to default — either cause and prejudice or a fundamental miscarriage of justice. *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000).

Spiker contends that he can show cause for his procedural default in state court — namely, the fact that state law provided no legal remedy by which he could properly have raised his current claim under the *MacDonald* decision. Spiker fails to demonstrate, however, that he had no factual or legal grounds to bring a timely appellate or habeas corpus challenge in state court to the constitutionality of Va. Code § 18.2-361(A) under *Lawrence v. Texas*, 539 U.S. 558 (2003), decided long before the Fourth Circuit's *MacDonald* opinion. In any event, it is well established that the perceived futility of pursing a particular claim in an available state court remedy is not a valid excuse for failure to exhaust that remedy to provide the state courts an opportunity to address the petitioner's claim of constitutional error before he presents it to a federal court. *See, e.g.,* *Smith v. Murray*, 477 U.S. 527, 534-35 (1986) (holding that deliberate omission of claim from state court proceeding, based on perceived futility, cannot serve as cause for default). Accordingly, I cannot find that Spiker has established the prior unavailability of his claim as cause for his default in failing to present the claim in a timely state court post-conviction proceeding.

### C.

**\*5** The fundamental miscarriage of justice exception to the cause requirement, which Spiker also invokes, is a narrow one that applies only "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004) (quoting *Dretke v. Haley*, 541 U.S. 386, 393 (2004)). To open this procedural gateway to secure the adjudication of his otherwise procedurally defaulted claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Spiker seeks application of the miscarriage of justice standard as an exception to his default. He asserts that in light of the *MacDonald* decision, he is actually innocent of the offenses for which he was convicted. I find no merit to this contention.

The Court of Appeals of Virginia found the following facts relevant to Spiker's offenses:

> On January 14, 2009, Detective Patrick Siewart of the Louisa County Sheriff's Office was working undercover on the internet, posing as a 13-year-old girl for the purpose of identifying "potential predators ... trying to engage in sexual activity with actual children who may be on the internet." On that date, a person with the screen name "Mustangman6567" initiated an "instant message" "text" conversation, via Yahoo's "internet chat service," with Siewart's undercover persona, a 13-year-old girl named Rebecca with the screen name of "BeccaBoo1209." "Rebecca" identified herself to "Mustangman" as a 13-year-old girl who lived near Gum Springs in Louisa County. The Mustangman screen name was later identified as belonging to [Spiker], who was 55 years old at the time.
>
> [Spiker] contacted Detective Siewart, who was still posing as "Rebecca," in this manner several more times between January 21 and February 18, 2009. On this last date, [Spiker] suggested to Rebecca that they meet at a particular location in Gum Springs in Louisa County the next day, and he described the vehicle he would be driving. The next day, Detective Siewart apprehended [Spiker] at the pre-arranged location, recognizing him by the vehicle he had described and a webcam shot of his face he had transmitted

Case 1:20-cr-00143-TSE   Document 338-1   Filed 05/10/21   Page 6 of 9 PageID# 5903

Spiker v. Clarke, Not Reported in Fed. Supp. (2016)

during one of their **online chats**. [Spiker] admitted he was the person who chatted online with "Rebecca."

*Spiker*, 711 S.E.2d at 228-29.

At trial, Detective Siewart testified that to document the results of his investigation, he had saved copies of the chat conversations between Spiker and "Rebecca." Siewart testified about these conversations and printed copies were introduced as prosecution exhibits for the jury to consider.

On January 27, 2009, after some general conversation with Rebecca, Spiker told "Rebecca" that he wanted to "lick your pussy" and "suck your tits" and asked if she would "play with my cock" and "play with yourself" for him, referring to masturbation. (Tr. 149, Jan. 8, 2010.)

During a similar chat on January 29, 2009, among other things, Spiker asked "Rebecca" if she wanted him to "lick your pussy for you" and "suck your tits" and if she would "play with my dick." (*Id.* 159-161.) Spiker also asked "Rebecca" if she would like to meet him, promising "I'd be so good to you will never want no one else." (*Id.* 164.) "Rebecca" reminded Spiker, "I'm only 13, so, like, I don't know what I want." (*Id.*)

On February 10, 2009, Spiker engaged with "Rebecca" in another chat. After the two agreed to meet the following Thursday, Spiker began suggesting things they could do together: "get something to eat, buy you something, and then come to house," "play with your boobs," and "lick your pussy." (*Id.* 173-74.)

**\*6** On February 12, 2009, Spiker sent "Rebecca" a webcam shot of his penis and suggested that she "lick it" and "suck it" and offered to "rub it up and down your pussy" and "rub it up and down your ass." (*Id.* 180-81.) Spiker then asked, "How long before I can put it in your pussy?" (*Id.* 181.)

During a chat on February 18, after suggesting a place he could meet "Rebecca" the next day, Spiker said, "[P]lease don't have cops there waiting on me, okay?" (*Id.* 185.) Then he asked her: "[W]ant your pussy licked?" and "[S]uck your tits?" (*Id.*) As stated, Spiker went to the meeting place the next day and was arrested. He admitted to chatting with "Rebecca" and sending her the picture of his penis. After Spiker's arrest, officers searched his truck and found three unopened condoms tucked into the truck's visor.

Spiker was found guilty of five counts of violating Va. Code § 18.2-374.3, which then provided in pertinent part:

C. It shall be unlawful for any person 18 years of age or older to use a communications system, including but not limited to computers or computer networks or bulletin boards, or any other electronic means, for the purposes of soliciting, with lascivious intent, any person he knows or has reason to believe is a child less than 15 years of age to knowingly and intentionally:

1. Expose his sexual or genital parts to any child to whom he is not legally married or propose that any such child expose his sexual or genital parts to such person;

2. Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child;

3. Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or

4. Entice, allure, persuade, or invite any such child to enter any vehicle, room, house, or other place, for any purposes set forth in the preceding subdivisions.

2007 Va. Acts ch. 823.

At the time of Spiker's trial in 2010, Va. Code § 18.2-361 read as follows in pertinent part:

> A. If any person carnally knows in any manner any brute animal, or carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be is guilty of a Class 6 felony. ...

2005 Va. Acts ch. 185.

Spiker argues that in light of the *MacDonald* decision invalidating Va. Code § 18.2-361(A) as unconstitutional, no reasonable juror could have found him guilty of violating Va. Code § 18.2-374(C)(3), which referenced section

Case 1:20-cr-00143-TSE Document 338-1 Filed 05/10/21 Page 7 of 9 PageID# 5904

**Spiker v. Clarke, Not Reported in Fed. Supp. (2016)**

18.2-361. On this basis, Spiker contends that the miscarriage of justice exception should apply to excuse his procedural defaults. This argument is without merit for at least three reasons.

First, Spiker's legal contentions about the effects of the *MacDonald* decision cannot satisfy the factually specific miscarriage of justice standard of *Schlup*. Spiker does not cite any new fact about his conduct or the circumstances under which he acted that would change the totality of the evidence so that no reasonable juror would have convicted him of using a computer to solicit prohibited sexual acts from a 13-year-old in violation of Va. Code § 18.2-374.3(C).

Second, Spiker's offense conduct supported his conviction on all five counts under Va. Code § 18.2-374.3(C) alone, without reference to any of the differing acts prohibited in Va. Code § 18.2-361(A). I find it clear that a reasonable juror could have found from the evidence that, on each of the dates alleged in the Indictment, Spiker solicited at least one act proscribed by Va. Code §§ 18.2-374(C)(2) or (3), without any reference to any of the acts prohibited in Va. Code § 18.2-361(A). Spiker cites no legal authority holding that his proposals for a 13-year-old to engage in sexual acts prohibited by Va. Code § 18.2-374(C) are rendered noncriminal merely because he proposed doing some of them by mouth instead of by other means.

 **\*7** Third, Spiker simply has no viable claim that the Fourth Circuit's holding in *MacDonald* necessarily renders his conviction unconstitutional and, therefore, makes his conduct noncriminal. Spiker's case is both factually and legally distinguishable.

The defendant in *MacDonald* was convicted under Va. Code § 18.2-29, making it a crime to solicit any person to commit a felony. MacDonald's offense conduct in violation of this statute was his solicitation of a 17-year-old girl to commit the separate felony set forth in Va. Code § 18.2-361, which, before its recent amendment, made it a crime for persons to engage in sodomy.[4] State courts had upheld MacDonald's conviction under *Lawrence*, finding that application of the anti-sodomy statute to MacDonald for solicitation of a minor to commit sodomy, was not unconstitutional.

MacDonald then filed a federal habeas petition. The Fourth Circuit found the state courts' rulings to be an unreasonable application of established federal law and granted MacDonald habeas relief under 28 U.S.C. § 2254(d). *MacDonald,* 710 F.3d at 167. Specifically, the court found that the anti-sodomy provision in section 18.2-361(A) was facially unconstitutional under *Lawrence* and, therefore, MacDonald's conviction for soliciting a violation of § 18.2-361 could not stand. *Id.* at 163. In so doing, the Fourth Circuit recognized that state legislatures "could, consistently with the Constitution, criminalize sodomy between an adult and a minor," *id.* at 164 (citing *Lawrence,* 539 U.S. at 572), but that state courts could not lawfully engage in "judicial reformation of the anti-sodomy provision to criminalize MacDonald's conduct." *Id.* at 165.[5]

Spiker was convicted of violating Va. Code § 18.2-374(C). This law, unlike the law under which MacDonald was convicted, is legislatively targeted to protect children under age 15 from being electronically solicited to commit any of several, specified sexual acts, *or* "any act constituting an offense under Virginia Code § 18.2-361." Va. Code § 18.2-374(C). As such, Spiker's statute of conviction

> only references the anti-sodomy statute, Virginia Code § 18.2-361, in order to delineate which acts may not be the subject of electronic communications with a child under 15. Mere reference to the acts listed in Virginia Code § 18.2-361 does not unconstitutionally taint [a defendant's] conviction [under § 18.2-374(C)].

*Toghill v. Clarke,* No. 7:15-CV-00119, 2016 WL 742123, at \*6-7 (W.D. Va. Feb. 23, 2016) (Urbanski, J.). In short, Spiker was not convicted of soliciting a violation of the unconstitutional, anti-sodomy provisions of Va. Code § 18.2-361. Rather, he was convicted of proposing via electronic means that a child commit with him several sexual acts, including sodomy — actions expressly prohibited by Va. Code § 18.2-374(C) itself. Accordingly, I reject Spiker's contention that the decision in *MacDonald* makes him actually innocent in any sense of that word.

Case 1:20-cr-00143-TSE Document 338-1 Filed 05/10/21 Page 8 of 9 PageID# 5905

**Spiker v. Clarke, Not Reported in Fed. Supp. (2016)**

**\*8** I conclude that Spiker has not demonstrated actual innocence as required under *Schlup* to excuse his procedural default of his current claim under state procedural law. [6]

IV.

For the stated reasons, I conclude that Spiker's habeas claim is untimely filed under 28 U.S.C. § 2244(d), procedurally defaulted, and without merit. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 3189296

**Footnotes**

1   Spiker argues in his response to the Motion to Dismiss that "he discovered the factual predicate for his claim no earlier th[an] October 7, 2013," when the Supreme Court denied certiorari in the *MacDonald* case. (Resp. 3, ECF No. 22.) In his petition, however, Spiker asserts that his one-year filing period under § 2244(d)(1)(D) should run from March 12, 2013, the date of the Fourth Circuit's *MacDonald* decision itself.

2   "*Johnson* establishe[d] that a state-court decision can, in some circumstances, qualify as a fact," but only where it "was a decision in the petitioner's *own case.*" *Shannon,* 410 F.3d at 1088. Specifically, *Johnson* held that a federal prisoner's receipt of "notice of the order vacating the predicate conviction" used to enhance his sentence "is the event that starts the one year running" for him to collaterally attack that enhanced sentence. 544 U.S. at 308. In contrast, the *MacDonald* decision was not a decision in a case involving Spiker and did not vacate or have any direct effect on his legal status or his convictions.

3   I also note that Spiker has not asserted that his § 2254 petition is timely under the other two subsections of § 2244(d), and I find no basis for such arguments in any event. Spiker's case does not implicate any state-created impediment to his presentation of the current claim so as to trigger § 2244(d)(1)(B). His case also does not involve any new rule of constitutional law declared in a recently decided and retroactively applicable decision of the Supreme Court, so as to invoke § 2244(d)(C). The Supreme Court's mere denial of certiorari in *MacDonald* did not transform the Fourth Circuit's holding in that case into a determination of federal law by the Supreme Court for purposes of § 2244(d)(1)(C). *See, e.g., United States v. Carver,* 260 U.S. 482, 490 (1923) ("The denial of a writ of certiorari imports no expression of opinion upon the merits of the case ....").

4   Section 18.2-361(A) now provides that "[i]f any person carnally knows in any manner any brute animal or voluntarily submits to such carnal knowledge, he is guilty of a Class 6 felony." 2014 Va. Acts ch. 794.

5   The Fourth Circuit expressly noted that Virginia's General Assembly had criminalized sodomy between adults and minors younger than MacDonald's victim. *Id.* at 165 n.16 (citing Va. Code § 18.2-370) (making unlawful the commission or solicitation of sodomy with minors).

6   For the same reasons, I also find that Spiker has no viable claim of actual innocence so as to invoke equitable tolling of the federal habeas limitations period. *See McQuiggin v. Perkins,* 133 S. Ct. 1924, 1928 (2013) (holding that defendant who demonstrates actual innocence of his crime of conviction may, in extraordinary circumstances, proceed with a habeas petition that is otherwise statutorily time-barred under § 2244(d)(1)).

**End of Document**                                                         © 2021 Thomson Reuters. No claim to original U.S. Government Works.