IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-143 |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| Defendant. | ) | |

## ORDER

This matter came before the Court on May 7, 2021 on Defendant Zackary Sanders' Motion to Modify the Protective Order and for Entry of Discovery Order (Dkt. 302). In this, defendant's second motion to modify the Protective Order, defense counsel argue that defendant has been unable to review the voluminous electronic discovery in this case, and that modification of the Protective Order and entry of a discovery order is necessary for defendant to be able to do so. Defendant would like to have access to non-contraband, redacted discovery—specifically hundreds of pages of chats between defendant and the minors—at Alexandria Adult Detention Center ("ADC"), either in hard copy or on an electronic device that is not connected to the internet. The government has informed defendant that the Protective Order does not allow defendant access to that material in the uncontrolled environment of ADC. Defendant therefore moves to modify the Protective Order.

In opposition, the government makes two main arguments. First, the government notes that ADC resumed in-person attorney visits on May 1, and accordingly argues that defendant can view the non-contraband material through in-person visits.[1] Second, the government argues that the

---

[1] The government acknowledges that defendant cannot view contraband material in this way. Defendant has been transported to the U.S. Attorney's Office to view that evidence five times previously, and the government has communicated to defendant that defendant could do so again up to three additional times. Although defendant has not

1

material defendant seeks to view at ADC is so replete with private and potentially embarrassing information about the minor victims that, even assuming defense counsel are aware of and successfully redact all the victims' personal identifiers, there is no practical or safe way for defendant to maintain copies of this material at ADC without violating those victims' privacy and dignity rights.

At the hearing, the government offered an alternative to defendant's proposal in which defendant would be brought to the courthouse and would be able to view non-contraband material with defense counsel in the U.S. Marshal's interview rooms in the courthouse. The government stated that the U.S. Marshal's Service has agreed to the government's proposal, and that defense counsel would be able to bring an iPad into the room and sit with defendant to review material.

Although it appears that defendant is correct that the current situation is inadequate for defendant to be able to review the discovery in this case, the government's proposal appears to address defendant's concerns. A status hearing will be held on May 21, 2021 at 9:00 a.m. to address any concerns about the adequacy of the arrangement once it is implemented.

Accordingly,

It is hereby **ORDERED** that Defendant Zackary Sanders' Motion to Modify the Protective Order and for Entry of Discovery Order (Dkt. 302) is **DENIED**.

It is further **ORDERED** that the U.S. Marshal's Service is **DIRECTED** to schedule appointments with defense counsel for defense counsel to meet with Defendant Zackary Sanders in the U.S. Marshal's interview rooms of the courthouse in order to review discovery materials with defendant. The U.S. Marshal's Service is further **DIRECTED** to allow defense counsel to

---

filed a motion in this respect, defendant has "object[ed] to being limited to review evidence on only three occasions." Def. Mem. in Support, at 8 n. 3 (Dkt. 303).

bring an iPad that is disconnected from the internet containing non-contraband digital discovery materials with them to the interview room.

It is further **ORDERED** that, if necessary, a status hearing will be held on <u>May 21, 2021 at 9:00 a.m.</u> to address any concerns about the adequacy of the arrangement once it is implemented.

The Clerk is directed to send a copy of this Order to the U.S. Marshal's Service and to all counsel of record.

Alexandria, Virginia
May 10, 2021

/s/
T. S. Ellis, III
United States District Judge