IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v. ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, ) | |
| ) | Trial: July 12, 2021 |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S
FOURTH MOTION TO COMPEL**

On May 6, 2021, the defendant filed a motion to compel—his fourth—arguing that the Court should order the government to produce a hypothetical "Title III warrant and/or Pen Register/Trap and Trace order(s)." Dkt. Nos. 315, 316, & 335. The United States of America, by and through undersigned counsel, hereby files this response in opposition. For the reasons set forth below, his motion should be denied. Further, given the Court's familiarity with this case and the baselessness of the defendant's claims, a hearing on his motion would not aid the Court's decisional process and is therefore not necessary.

**BACKGROUND**

As the Court knows,[1] in 2019, the government received a tip from a reliable foreign law enforcement agency ("FLA") that a specific Internet Protocol ("IP") address was used on May 23, 2019, to access child sexual abuse material on a hidden service on The Onion Router ("Tor") dedicated to such content ("Target Website"). Dkt. No. 113 at 1–2. The IP address was assigned to the defendant's mother at their home in the Eastern District of Virginia at the relevant time. *Id.*

---

[1] The Court thoroughly explained the relevant background in its memorandum opinions denying the defendant's first motion to compel and his four motions to suppress. Dkt. Nos. 73 & 113.

at 2.  A special agent with the Federal Bureau of Investigation ("FBI") then obtained a warrant to search the home for child-pornography-related evidence.  *Id.* at 3.  During the search, the defendant admitted to accessing child sexual abuse material on Tor.  *Id.* at 4.  Based on evidence recovered from the home, a federal grand jury returned a twelve-count indictment charging the defendant with production, receipt, and possession of child pornography.  Dkt. No. 29.

## ARGUMENT

"Generally, criminal defendants do not have a constitutional right to discovery absent a statute, rule of criminal procedure, or some other entitlement."  *United States v. Palacios*, 677 F.3d 234, 246 (4th Cir. 2012) (internal citations omitted).  The government is aware of its Rule 16, *Brady*, *Giglio*, and other disclosure obligations and has complied with and will continue to comply with those obligations.

Since the outset of this case, however, the defendant has concocted various theories about how the government's investigation as described in the extensive discovery produced thus far is false or misleading and has demanded that the government disprove his baseless speculation.  The defendant's aim is clear: he refuses to accept the conclusion of this Court and Magistrate Judge John F. Anderson that the affidavit in support of the search warrant established probable cause to search his home but he has no valid basis to challenge the warrant.  Having exhausted his challenges to the warrant, the defendant now claims that "the FBI must have applied for a Title III warrant and/or Pen Register/Trap and Trace order(s)" related to his IP address because (1) the government received information about other IP addresses and (2) he recognizes the name of an FBI Supervisory Special Agent in the discovery, and he has moved to compel the production of this hypothetical material.  Dkt. No. 335 at 2–3.  Neither fact provides a basis for his latest motion.  While the FLA provided the FBI with one tip related to the defendant's IP address, the government

has repeatedly made clear that its investigation extends beyond just his illegal activity on Tor.[2] Moreover, that the defendant recognizes the name of a single FBI supervisor who may have been involved with entirely different investigations based on entirely different circumstances has no bearing on what happened here. In fact, the defendant admits that he believes these other investigations involved the FBI taking control of child pornography websites, which he knows did not occur here. *Id.* at 3 n.3. In other words, this is more of the same "hopeful speculation" based on irrelevant information that the Court has previously rejected. Dkt. No. 73 at 13.

Setting aside the dubious justifications for the defendant's fourth motion to compel, his argument as to the materiality of his request is without any merit. The answer to the defendant's "obvious question" of why the FBI obtained a warrant to search his home is equally obvious: because the government received a reliable tip advising that someone using his IP address accessed child sexual abuse material on a Tor hidden service. Dkt. No. 335 at 3. Moreover, the government specifically advised that it has no material to produce in response to the defendant's request for a

---

[2] The defendant seeks to justify his motion by claiming that he did not realize the scope of the investigation until he received an administrative subpoena related to his and other, redacted IP addresses. Dkt. No. 335 at 3. The suggestion that he did not know there were additional targets in this investigation is belied by the record, which makes clear that the investigation went beyond him. That information is disclosed in: the search warrant affidavit, Dkt. No. 86, Ex. 5 at ¶ 6 n.1 ("Investigation into the users of the [Target Website] remains ongoing and disclosure of the name of the website would potentially alert active website users to the investigation, potentially provoking users to notify other users of law enforcement action, flee, and/or destroy evidence."), *see also id.* at ¶¶ 22, 26; the affidavit in support of the criminal complaint, Dkt. No. 4 at ¶ 9 ("The FBI, in conjunction with other law enforcement entities, is investigating websites on which visitors can access and view child sexual abuse material."); the government's response to the defendant's four motions to suppress, Dkt. No. 97 at 18 ("[T]he Affidavit specifically noted that the FLA provided tips about other IP addresses that led to the apprehension of child sex offenders . . . ."); and, perhaps most obviously, the FLA's tip, Dkt. No. 86, Ex. 2 ("The [FLA has] provided data to the United States Federal Bureau of Investigation in relation to Internet addresses (IPs), associated to individuals who have accessed online Child Sexual Abuse and Exploitation material[.]"). Indeed, the affidavit in support of the search warrant notes that the Target Website had hundreds of thousands of members, Dkt. No. 86, Ex. 5 at ¶ 16, and the defendant readily cites other years-old, multi-target investigations involving large child pornography websites as allegedly supporting his current claims, Dkt. No. 335 at 3 n.3. Accordingly, the fact that the FBI's investigation extends beyond the defendant was known to him from the outset of the case.

3

"Tile III warrant and/or Pen Register/Trap and Trace order(s)" used in the investigation of his IP address. *Id.* at 4. Undeterred, the defendant parsed the government's words beyond any rational meaning to conclude that the government does, in fact, have such material and filed the instant motion. *Id.* at 4–5. The defendant's backwards approach to discovery, wherein he relies on suspicions and conclusory assertions to demand an "unqualified answer" from the government or an opportunity to fish for evidence to support his baseless theories, has been firmly rejected by this Court and others. Dkt. No. 73 ("To authorize discovery based on a defendant's mere speculation that the government possesses information that would be helpful to the defense would permit an impermissible fishing expedition." (citing *United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988))); *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) ("Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." (quoting *United States v. Mandel*, 914 F.3d 1215, 1219 (9th Cir. 1990))); *United States v. Darby*, Case No. 2:16-CR-36 (RGD), Dkt. No. 49 (E.D. Va. Aug. 12, 2016) (rejecting discovery request based on defendant's claim that the government is "lying to him about its operation").

More to the point, the defendant is wrong. As the government already explained prior to the defendant filing his latest motion, the FBI did not "obtain a Title III warrant and/or Pen Register/Trap and Trace order(s)" in connection with the investigation of his IP address. To the extent the defendant is asking the government to produce material related to other targets in other cases, that material is irrelevant. He is not charged in a conspiracy with any other targets and is not entitled to any discovery related to other cases. Accordingly, the defendant's fourth motion to compel should be denied. Further, given the baselessness of his claims and the Court's familiarity

4

with this case, the defendant's motion should be disposed of without an oral hearing pursuant to Local Criminal Rule 47(J).

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's fourth motion to compel discovery.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
Jay V. Prabhu
Seth M. Schlessinger
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov
Email: jay.prabhu@usdoj.gov
Email: seth.schlessinger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2021, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

        By:    /s/
            William G. Clayman
            Special Assistant United States Attorney (LT)
            United States Attorney's Office
            Eastern District of Virginia
            2100 Jamieson Avenue
            Alexandria, Virginia 22314
            (703) 299-3700
            Email: william.g.clayman@usdoj.gov