**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> v.<br><br>ZACKARY ELLIS SANDERS,<br><br>        Defendant. | Case No. 1:20-cr-00143<br><br>The Honorable Judge Ellis<br><br>Hearing on Motion to Compel: May 28, 2021<br><br>Trial: July 12, 2021 |

<u>**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO SEAL**</u>

   Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, moves for an order permitting the defense to file under seal portions of Mr. Sanders's Reply to the Government's Opposition to his Motion to Compel ("Reply"), as well as the entirety of exhibits 1 and 9.  The defense does not believe that any portion of exhibits 2-8 should be filed under seal because such exhibits do not contain information that is subject to the protective order and such exhibits were already publicly available.  A proposed order is attached for the consideration of the Court.[1]  The Government has previously consented to Mr. Sanders filing under seal material that it considers to be subject to the protective order, that it considers particularly sensitive, or that has previously been filed under seal.  Mr. Sanders seeks sealing for the same reasons here.  In support of this motion, the defense further states:

---

[1] The document to be filed under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

## I.      Items to be Filed Under Seal, and Necessity for Sealing

A.      Mr. Sanders asks the Court to seal portions of his Reply, and the entirety of exhibits 1 and 9, which pertain to and refer to material that the Government believes is under a protective order, that the Government believes is most sensitive, or has been previously filed under seal.  *See* ECF No. 28.  The defense has endeavored to seal only the minimum necessary portion of its Reply and will file a redacted version on the public docket.

B.      Filing the Reply partially under seal is necessary because they contain discussion of material that the Government considers under a protective order, that the Government considers most sensitive, or that has previously been filed under seal.  *See* ECF No. 28.  Because of the information contained in exhibits 1 and 9, the government's position is that the entirety of such exhibits should be filed under seal.

C.      Counsel for Mr. Sanders has considered procedures other than filing under seal and none will suffice to protect disclosure of this information that the Government considers subject to a protective order or most sensitive, or that has previously been filed under seal.

## II.      Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it.  *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975).  "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."  *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

## III.    Period of Time to Have the Document Under Seal

The materials to be filed under seal would need to remain sealed as long as the protective

order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order allowing the

defense to file under seal portions of his Reply, and the entirety of exhibits 1 and 9.

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deulber #90669
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

*Counsel for Defendant Zackary Ellis Sanders*

3

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 19th day of May 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress
