**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 1:20-cr-143** |
| ) | |
| **ZACKARY ELLIS SANDERS,** ) | |
| **Defendant.** ) | |

**ORDER**

At issue in this production, possession, and receipt of child pornography prosecution are seven motions *in limine* regarding the scope of admissible evidence at trial. The government's Motion *in Limine* to Admit Certain Records and Evidence (Dkt. 164) will be addressed here. Oral argument on this and the other motions *in limine* was held on May 7, 2021. This matter has been fully briefed and argued and is now ripe for disposition.

**I.**

The government seeks admission of (1) photographs of trade inscriptions for the devises identified in Count 12 of the Indictment and (2) certified birth certifications for Minor Victims 1, 3, 4, and 5 ("Minor Victims Birth Certificates"). Defendant does not object to the admission of the pertinent trade inscriptions, but objects to the admissibility of the certified birth certificates. Thus, with respect to this motion *in limine*, there is only a dispute over the admissibility of the Minor Victims Birth Certificates.

Defendant presents three arguments for exclusion of this evidence, and each argument is unpersuasive. First, defendant argues that the Minor Victims Birth Certificates are inadmissible pursuant to Rule 602, Fed. R. Evid., because the government has not yet identified an appropriate witness with personal knowledge to testify that the Minor Victims Birth Certificates pertain to the

1

respective minor victims that defendant spoke with in online chats. Defendant's argument, which is unsupported by any citation to case law, is unpersuasive. Importantly, the government intends to introduce the Minor Victims Birth Certificates through law enforcement agents who have met with each of the minor victims and these agents can identify each minor victim through an image and/or video file the minor victim sent to the defendant. Thus, the government has identified an appropriate witness with personal knowledge to testify that the Minor Victims Birth Certificates pertain to the respective minor victims that defendant spoke with in online chats.[1] Accordingly, defendant's first objection to the admissibility of the birth certificates is unpersuasive and does not provide a basis to exclude this evidence.

Second, defendant argues that the Minor Victims Birth Certificates are inadmissible because the birth certificates contain hearsay. Defendant's argument is meritless; there is a specific hearsay exception for certified birth certificates which clearly applies here. *See* Rule 803(9), Fed. R. Evid.[2] Accordingly, defendant's second objection to the admissibility of the birth certificates as inadmissible hearsay is unpersuasive and does not provide a basis to exclude this evidence.

Third, defendant argues that the Minor Victim Birth Certificates are inadmissible because admission of these records without the declarant's live testimony purportedly violates defendant's Sixth Amendment right to confrontation. This argument fails, as numerous appellate courts, including the Fourth Circuit, have made clear that the public records of a government agency are not testimonial and therefore that a defendant cannot insist that the declarant of purported

---

[1] *See, e.g.*, *United States v. Burgess*, 684 F.3d 445, 454 (4th Cir. 2012) ("The victim's identify and age were verified by her birth certificate and the testimony of the agent who arrested the producer of the video recording.")

[2] *See id.* ("The following are not excluded by the rule against hearsay . . . (9) [a] record of a birth . . . if reported to a public office in accordance with a legal duty."); *United States v. Medrano*, 356 F. App'x 102, 109 (10th Cir. 2009) (quoting Rule 803(9), Fed. R. Evid.) ("'[R]ecords or data compilations, in any form, of births . . . if the report thereof was made to a public office pursuant to requirements of law' are not excludable as hearsay.").

2

statements in public records testify at trial.[3] Thus, all three of defendant's evidentiary objections to the Minor Victims Birth Certificates are unpersuasive and do not provide a compelling basis to exclude this evidence. Therefore, the government's motion *in limine* must be granted.

Accordingly, for the reasons stated from the bench and for the reasons stated above,

It is hereby **ORDERED** that the government's Motion *in Limine* to Admit Certain Records and Evidence (Dkt. 164) is **GRANTED**.

The Clerk is directed to send a copy of this Order all counsel of record.

Alexandria, Virginia
May 20, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[3] *See United States v. Cabrera-Beltran*, 660 F.3d 742, 754 (4th Cir. 2011) (holding that public records maintained "to administer the affairs" of a government agency are non-testimonial); *United States v. Vidrio-Osuna*, 198 F. App'x 582, 584 (9th Cir. 2006) ("[D]efendant's Confrontation Clause rights were not violated by admission of the birth certificate."); *United States v. Oliveira-Guaresqui*, 445 F. App'x 224, 227 (11th Cir. 2011) ("[T]he birth certificate is not a testimonial statement.").