**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.   ) | **Criminal Action No. 1:20-cr-143** |
| ) | |
| **ZACKARY ELLIS SANDERS,** ) | |
| **Defendant.** ) | |

## ORDER

At issue in this production, possession, and receipt of child pornography prosecution are seven motions *in limine* regarding the scope of admissible evidence at trial. Defendant's Motion *in Limine* to Preclude Lay Opinion Testimony about Forensic Examinations (Dkt. 160) will be addressed here. Oral argument on this and the other motions *in limine* was held on May 7, 2021. This matter has been fully briefed and argued and is now ripe for disposition.

**I.**

Defendant's motion *in limine* seeks to preclude the government's witnesses from offering lay witness opinion testimony regarding the forensic examination of devices seized from defendant and his family. Defendant's motion rests on a misreading of the government's position with respect to forensic evidence and is therefore meritless.

As the government's notice of expert testimony makes clear, the government's forensic experts will separately offer (1) specialized, expert testimony regarding the forensic imaging of electronic devices (i.e., the complicated process of extracting electronic data from a device) and (2) ordinary lay witness testimony regarding personal observations and actions taken during the rudimentary data review process. It is well established that an expert may testify as both an expert and fact witness, and if appropriate at trial, the jury will be instructed on how to consider both

1

types of testimony.[1] Accordingly, defendant's motion *in limine* to preclude the government's witnesses from offering lay witness opinion testimony regarding the forensic examination of devices seized from defendant and his family must be denied.

Accordingly, for the reasons stated from the bench and for the reasons stated above,

It is hereby **ORDERED** that defendant's Motion *in Limine* to Preclude Lay Opinion Testimony about Forensic Examinations (Dkt. 160) is **DENIED**.

The Clerk is directed to send a copy of this Order all counsel of record.

Alexandria, Virginia
May 20, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[1] *See, e.g.*, *United States v. Baptiste*, 596 F.3d 214, 224 (4th Cir. 2010) (internal citations and quotation marks omitted) ("[D]ual-role testimony is acceptable where the district court [takes] adequate steps . . . to make certain that the witness's dual role did not prejudice or confuse the jury."); *United States v. Palacios*, 677 F.3d 234, 244 (4th Cir. 2012) (district court did not abuse its discretion in permitting expert to testify about his "personal observations of specific MS-13 activities.").

2