**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal Action No. 1:20-cr-143** |
| | ) | |
| **ZACKARY ELLIS SANDERS,** | ) | |
| Defendant. | ) | |

**ORDER**

At issue in this production, possession, and receipt of child pornography prosecution are seven motions *in limine* regarding the scope of admissible evidence at trial. Defendant's Motion *in Limine* to exclude Chat Transcripts and Related Testimony from Non-testifying Persons (Dkt. 155) will be addressed here. Oral argument on this and the other motions *in limine* was held on May 7, 2021. This matter has been fully briefed and argued and is now ripe for disposition.

**I.**

In defendant's motion, defendant moves to exclude the admission of chat conversations that allegedly took place between defendant and minor victims in the event the minor victims do not appear at trial. Defendant argues that the chats should be excluded because: (i) the chats cannot be authenticated without the testimony of the chat participants; (ii) the chats are inadmissible hearsay; and (iii) the chats violate defendant's right of confrontation. Defendant's arguments are unpersuasive. The chats can clearly be authenticated by other means even if the minor victims do not testify. Moreover, defendant's confrontation clause rights are not infringed if the minor victims do not testify because their statements in the chats are not testimonial. *See Crawford v. Washington,* 541 U.S. 36 (2004). Finally, it appears that many, if not all, of the chats would be admissible as non-hearsay. Although there may be specific chats where the minor victims'

1

statements are offered to prove the truth of the matter asserted, defendant has not pointed to any specific instance in which this occurs. Defendant may assert this objection at trial on a chat-by-chat basis.

To begin with, if the evidence at trial establishes, as the government forecasts, that the chats were recovered from defendant's electronic devices, then the chats are self-authenticating evidence under Rule 902(14), Fed. R. Evid. With respect to the content of the chats, the chats occur between defendant and third-party minors. It is well-established that statements made by a defendant are admissible as admissions of a party opponent. *See* Rule 801(d)(2)(A), Fed. R. Evid. The remainder of the chats, including the statements by third parties, appear to be admissible as non-hearsay questions, commands, and statements of third parties that are not offered for the truth of the matter or as necessary to place defendant's statements in context. *See* Fed. R. Evid. 801(c)(2).[1] In the event that defendant contends that specific statements by non-testifying third parties in the chats are offered by the government to prove the truth of the matter asserted by the third party, defendant may raise that objection at trial.

Next, defendant's argument that the admission of the chats between defendant and minor victims would violate defendant's confrontation right in the event the minor victims do not appear at trial is unpersuasive. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses

---

[1] *See also United States v. Wills*, 346 F.3d 476, 489–90 (4th Cir. 2003) (holding that transcripts of defendant's telephone conversations were admissible as admissions by a party-opponent and that his brother's statements on those recordings were also properly admitted to put the defendant's statements in context); *United States v. Browne*, 834 F.3d 403, 416 (3d Cir. 2016) (quoting *United States v. Hendricks*, 395 F.3d 173, 184 (3d Cir. 2005)) ("As for the statements in the chat logs that the victims made to [defendant], under our precedent they were not hearsay because they were not offered into evidence to prove the truth of the matter asserted; rather, they were introduced to put [defendant's] statements 'into perspective and make them intelligible to the jury and recognizable as admissions.'"); *United States v. McDowell*, 918 F.2d 1004, 1007 (1st Cir. 1990) ("[Defendant's] own statements could, of course, be used against him; his part of the conversations was plainly not hearsay. Nor can a defendant, having made admissions, keep from the jury other segments of the discussion reasonably required to place those admissions into context.").

against him." This Clause bars the admission of "testimonial statements of a witness who did not appear at trial" unless that witness was unavailable to testify, and the defendant has had a prior opportunity for cross-examination. *Crawford v. Washington,* 541 U.S. 36, 53–54, (2004). And importantly in this respect, as the Fourth Circuit has made clear,

> The primary determinant of a statement's testimonial quality is whether a reasonable person in the declarant's position would have expected his statements to be used at trial—that is, whether the declarant would have expected or intended to bear witness against another in a later proceeding.

*United States v. Dargan*, 738 F.3d 643, 650 (4th Cir. 2013) (citation and quotation marks removed).

This principle, applied here, points clearly to the conclusion that the statements made in chats between minor victims and defendant are not testimonial. The minor victims plainly would not have expected that their statements would be used at trial or to "bear witness against [defendant]." *Id*. Thus, the admission of defendant's chats with minor victims in the event the minor victims do not testify clearly does not violate defendant's Sixth Amendment right to confront his accusers.

In conclusion, defendant's motion *in Limine* to exclude chat transcripts and related testimony from non-testifying persons (Dkt. 155) must be denied. Defendant may raise objections to specific portions of the chat transcripts at trial.

Accordingly, for the reasons stated from the bench and for the reasons stated above,

It is hereby **ORDERED** that defendant's Motion *in Limine* to exclude Chat Transcripts and Related Testimony from Non-testifying Persons (Dkt. 155) is **DENIED**.

The Clerk is directed to send a copy of this Order all counsel of record.

Alexandria, Virginia
May 20, 2021

/s/ T. S. Ellis, III
United States District Judge

3