**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Criminal Action No. 1:20-cr-143** |
| ) | |
| **ZACKARY ELLIS SANDERS,** ) | |
| **Defendant.** ) | |

## ORDER

At issue in this production, possession, and receipt of child pornography prosecution are seven motions *in limine* regarding the scope of admissible evidence at trial. The government's Motion *in Limine* to Permit Presentation of Child Pornography Evidence (Dkt. 162) will be addressed here. Oral argument on this and the other motions *in limine* was held on May 7, 2021. This motion has been fully briefed and argued and is now ripe for disposition.

**I.**

The government's motion *in limine* seeks permission to present at trial videos and images of child pornography that defendant produced, received, and/or possessed, as alleged in the Indictment. These videos and images of child pornography were seized pursuant to a search warrant executed at defendant's residence in February 2020. Some of these videos and images of child pornography allegedly depict minors engaging in particularly degrading sexual conduct or inflicting pain on themselves.

Defendant contends that the government will "cherry-pick" an unrepresentative sample of video and images of child pornography and that this unrepresentative sample, depicting minors

1

engaging in particularly degrading sexual conduct or inflicting pain on themselves, will present a misleading picture of defendant's alleged criminal conduct and inflame the jury.[1]

Defendant's objection is unpersuasive, for two reasons. First, it is well-established that the "prosecution is entitled to prove its case by evidence of its own choice" in light of the prosecution's "need for evidentiary richness and narrative integrity in presenting a case." *Old Chief v. United States*, 519 U.S. 172, 183, 186 (1998). Thus, in child pornography cases, the courts of appeals have "broadly upheld" the presentation of "representative samples of child pornography," meaning that the government here must be afforded substantial leeway here to select the child pornography recordings it believes best conveys defendant's criminal conduct to the jury. *United States v. Naidoo*, -- F.3d --, 2021 WL 1526426, at *3 (5th Cir. Apr. 19, 2021); *see also Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008) (explaining that the government is entitled to a "full presentation" of its child pornography case, including a "sample of images"); *United States v. Rodriguez*, 797 F. App'x 475, 480 (11th Cir. 2019) ("[O]ur sister circuits have almost uniformly upheld the admission of a sample of images or videos of child pornography."). Second, defendant has not presented any factual argument that the government's selected videos and images of child pornography present a wholly misleading picture of defendant's alleged criminal conduct. Thus, there is no factual basis to exclude the government's selected sample of videos and images of child pornography under Rule 403, Fed. R. Evid. Accordingly, the government's motion *in limine* to

---

[1] Subsequent to the filing of Defendant's opposition, the government submitted an Exhibit List identifying the specific child pornography recordings that the government intends to introduce at trial. *See* Gov. Ex. List (Dkt. 206). This Exhibit List identifies what appears to be six child pornography recordings, each containing subparts. Based on this short Exhibit List, it appears that the government does not intend to present impermissibly cumulative evidence of the child pornography at trial.

present, at trial, videos and images of child pornography that defendant produced, received, and possessed is granted.[2]

Accordingly, for the reasons stated from the bench and for the reasons stated above,

It is hereby **ORDERED** that the government's Motion *in Limine* to Permit Presentation of Child Pornography Evidence (Dkt. 162) is **GRANTED**.

The Clerk is directed to send a copy of this Order all counsel of record.

Alexandria, Virginia
May 20, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[2] Defendant's objection that child pornography images and videos that were in defendant's possession are unfairly prejudicial as a general matter under Rule 403, Fed. R. Evid. is unpersuasive. Unquestionably, child pornography videos and images that the government intends to offer in its case-in-chief are highly probative of the government's case, and the fact that this highly probative evidence is prejudicial to defendant is not a basis for excluding the evidence. *See United State v. Grimmond*, 137 F. 3d 823, 833 (4th Cir. 1998) ("[D]amage to a defendant's case is not a basis for excluding probative evidence. And for good reason. Evidence that is highly probative invariably will be prejudicial to the defense.").