# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00143 |
| Plaintiff, | The Honorable Judge Ellis |
| v. | Status Conference: May 21, 2021 |
| ZACKARY ELLIS SANDERS, | Trial: July 12, 2021 |
| Defendant. | |

**DEFENDANT'S RENEWED MOTION TO MODIFY PROTECTIVE ORDER
AND SUPPLEMENT TO THE RECORD**

Zackary Ellis Sanders, by and through counsel, respectfully renews his previously filed motion to modify the protective order (ECF Nos. 302, 303, and 332) and provides additional information to supplement the record. For the reasons that follow, Mr. Sanders should be permitted to review discovery at the Alexandria Adult Detention Center ("ADC"), as this Court recently ordered in *United States v. El Shafee Elsheikh*, Case No. 20-CR-239-TWE (E.D. Va., May 17, 2021) (ECF No. 57, Amended Protective Order), attached as Ex. 1, at ¶ 5 (Court setting forth conditions by which the defendant is permitted to review Protected Material provided in discovery at ADC). In *El Shafee Elsheikh*, the Court relied on "the COVID-19 limitations that are currently in place at [ADC], the voluminous discovery in this case, and the present need for defense counsel to allow their clients to review the discovery ahead of the upcoming trial" to allow for discovery review to be conducted at ADC. For all the same reasons, and the reasons previously stated in ECF Nos. 302, 303, and 332, and at the hearing on May 7, 2021, a similar order should be issued in this case.

## **BACKGROUND**

After the hearing on May 7, 2021, this Court ordered that Mr. Sanders "be brought to the courthouse" to "be able to review non-contraband material with defense counsel in the U.S. Marshal's interview rooms in the courthouse" on an iPad. Discovery Order (ECF No. 346) at 2. The Court scheduled a status hearing for May 21, 2021, at 9:00 a.m. "to address any concerns about the adequacy of the arrangement once it is implemented." *Id.* at 2.

On May 12, 2021, the defense spoke with Supervisor Nazaire, Supervisor McCaffrey, and Deputy Marshal Venuti: the U.S. Marshals and the defense discussed the logistics of the evidence review sessions and agreed to schedule initial sessions on May 14, 2021, and May 18, 2021, from 9:00 a.m. to 4:00 p.m. The U.S. Marshals agreed to coordinate with the government about transport and stated that there was nothing further the defense needed to do except show up for the evidence reviews.

On May 14, 2021, the defense and Mr. Sanders attended the first evidence review session. On May 18, 2021, the defense showed up as scheduled but was informed by the U.S. Marshals that the government had not added Mr. Sanders's name to the agent take-out/court come-up list for that day, as Supervisors Nazaire and McCaffrey had requested the government do for each of the two sessions, and a result, Mr. Sanders was not brought to the courthouse. May 18th Emails, attached as Ex. 2, at 1-2. The defense requested that another review session be scheduled from 9:00 a.m. to 1:00 p.m. the following day, May 19, 2021, which was completed. *Id.* at 1.

After the two evidence reviews conducted to date, there remains a large volume of material, including well over 1,000 pages of chats that underlie the government's case-in-chief and that the government intends to introduce at trial, as well as thousands of pages of

exculpatory information, that Mr. Sanders has not yet reviewed. Mr. Sanders will require at least four additional full days of reviewing evidence in order to complete his review.

On May 19, 2021, Supervisor McCaffrey contacted the defense and informed them that he had spoken with Captain Wade at ADC, who said that ADC could provide material to Mr. Sanders in his cell each day, that Mr. Sanders is in a cell by himself, that no other inmates are allowed in Mr. Sanders's cell, and that no one else would have access to the material that Mr. Sanders could review under ADC's supervision. According to Captain Wade and Supervisor McCaffrey, ADC is a secure setting for these evidence reviews to be conducted. Captain Wade explained that in other cases, including, for example, Paul Manafort's case, defendants have been permitted to review hard copies of material at ADC, as well as discovery on electronic devices. Such electronic devices were locked in a supervisor's office at the end of each day, and no material could be disseminated through the facility. Supervisor McCaffrey shared this information with the defense because he noted that moving the review to ADC and allowing Mr. Sanders to review material in the secure setting of his cell would reduce resources the U.S. Marshals would otherwise need to expend in transporting Mr. Sanders to the Courthouse and supervising his visits with this defense team.

## DISCUSSION

Given the visitation limitations imposed by COVID-19,[1] the voluminous amount of discovery in this case, the need for Mr. Sanders to review evidence that the government intends

---

[1] Because of the limited number of video and in-person visits available at ADC since May 1, 2021, Mr. Sanders's defense team has had much greater difficulty scheduling visits with him. During the week of May 17, 2021, Mr. Sanders only had one in-person visit with his defense team for 45 minutes that Monday. For the week of May 24, 2021, Mr. Sanders has four 45-minute video visits scheduled. It will take the defense many more hours for Mr. Sanders to review the remaining material and doing so by video visit is wholly inadequate and ineffective.

to introduce at trial or that is exculpatory, and the secure setting under which Mr. Sanders could more easily and efficiently review material at ADC, Mr. Sanders should be permitted to review the same material that he is permitted to review with his attorneys under the supervision of ADC in his cell. That material contains information he has "a reason to know" by virtue in his participation in this proceeding as the accused. 18 U.S.C. § 3509(d)(1)(A)-(B).[2]

The order issued by this Court in *El Shafee Elsheikh* demonstrates that such a review can be done securely, and that the government has consented to such a review under similar circumstances. Furthermore, given Supervisor McCaffrey's representations about the circumstances under which a review could be undertaken at ADC, the government's previous representations that information provided for Mr. Sanders to review while locked alone in his cell could fall into a third party's hands is unsupported.

## **CONCLUSION**

Wherefore, for the above reasons, the reasons stated in ECF Nos. 302, 303, and 332 and fully incorporated herein, and any other reason appearing to the Court, Mr. Sanders respectfully requests that his Motion be granted and that this Court issue the proposed discovery order and modify the protective order to ensure Mr. Sanders is able to adequately review discovery prior to the July 12, 2021 trial.

---

[2] Section 3509(d)(4) expressly provides that "[t]his subsection *does not prohibit disclosure of the name of or other information concerning a child to the defendant.*" 18 U.S.C. § 3509(d)(4) (emphasis added).

Respectfully submitted,

  /s/
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

  /s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

  /s/
Mark John Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Nigagara Street
3rd Floor
Buffalo, NY 14202
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of May 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress