# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

EL SHAFEE ELSHEIKH,

Defendant.

Case No. 1:20-CR-239-TSE

Hon. T.S. Ellis, III

## AMENDED PROTECTIVE ORDER

This matter is before the Court on the parties' joint request for entry of a stipulated Protective Order restricting the disclosure and dissemination of the documents, electronic records, and other information produced by the United States to the defendant as part of the government's discovery obligations in this case. In addition, due to the COVID-19 limitations that are currently in place at the Alexandria Detention Center, the voluminous discovery in this case, and the present need for defense counsel to allow their clients to review the discovery ahead of the upcoming trial, the Court authorizes in this limited circumstance additional review provisions set forth in paragraph 5. These documents, electronic records, and other information ("Protected Material"), shall be subject to the following Order:

1.    The government shall disclose Protected Material to EL SHAFEE ELSHEIKH ("the defendant") as part of its discovery obligations, in accordance with the Discovery Order entered in this case, the Federal Rules of Criminal Procedure, and relevant case law. Where Protected Material are produced electronically on disc, only the physical disc (and not the individual electronic files) must be labeled "PROTECTED MATERIAL."

1

2. The disclosure or provision of documents or materials by the government to the defendant shall not operate as a waiver of any privilege or protection that could or may be asserted by the holder of any such privilege or protection.

3. Access to Protected Material shall be restricted to persons authorized by this Order, namely, the defendant, the defendant's attorneys of record in this case, the employees of or other persons working with the attorneys of record, and experts, investigators, or consultants hired by the attorneys of record, who are performing work on behalf of the defendant.

4. The following restrictions are placed on the defendant, defendant's attorney, and the above-designated individuals, unless and until further ordered by the Court. The defendant, the defendant's attorney, and the above-designated individuals shall not:

> a. allow any other person to make copies of Protected Material for, or allow copies of any kind to be made by, any other person;

> b. all ow any other person to take photos of the Protected Material, manually copy information contained thereon, or otherwise reproduce any information contained in the documents including, but not limited to, any personal identifying information (PII) contained therein;

> c. allow any other person to read Protected Material; and

> d. use the Protected Material or information contained therein for any purpose other than preparing to defend against the criminal charges in this matter.

> e. The defense team shall not otherwise disseminate the Protected Material except as provided in this Order and may not post such information on any social media or internet site, including on the Court's public-filing system.

5.      Protected Material may not be left in the custody or control of the defendant at any jail or prison except as authorized by this Order. Additionally, the defendant is prohibited from reviewing any Protected Material outside the presence of any person authorized by this Order except as authorized herein. Protected Material may be left only with the defendant at the Alexandria Detention Center provided the material is: (1) hand-delivered by a person authorized by this Order, (2) clearly marked with a Bates number and contains a cover page stating "Confidential Protected Material – Not to Be Copied, Disseminated or Read by Any Unauthorized Person," (3) is returned (by hand) by the defendant to a person authorized by this Order within seven (7) days of the defendant's receipt of the material, and (4) tracked and recorded by reference to the Bates number(s) to ensure that, with respect to the delivery and return of the material, all of the pages of the material are accounted for. Further, Defense counsel shall make any additional redaction of the material requested by the government before the material is delivered to the defendant. In addition, before the defendant receives any Protected Material, counsel for the defendant must explain to him the terms of this paragraph and the restrictions imposed herein.

6.      The defendant's attorney shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

7.      Nothing in this Order shall restrict use by the defendant's attorney of Protected Material or information during the defendant's investigation of the allegations and preparation of his defenses or introduction as evidence at trial, except that the defendant's attorney will notify the government prior to trial of any Protected Material that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. Where appropriate, however, the defendant's

3

attorney must redact any personal identifying information in the Protected Material, in accordance with Federal Rule of Criminal Procedure 49.1, Local Criminal Rule 47, and the U.S. District Court for the Eastern District of Virginia Guide to February 15, 2005 Local Rule Amendments Concerning Personal Identifiers.

8.    Prior to the disclosure of any Protected Material to a person not identified in Paragraph 3 of this Order, counsel for the defendant must first receive permission from the government or the Court for such disclosure. Such permission may be requested *ex parte*.

9.    Upon conclusion of this action, and consistent with the ethical responsibilities of defense counsel, the defendant's attorney shall return to government counsel, or destroy and certify to government counsel the destruction of, all Protected Material within a reasonable period of time, not to exceed thirty days after the last appeal is final.

IT IS SO ORDERED.

Date: ___5/17/21___

Alexandria, Virginia

Hon. T.S. Ellis, III
United States District Judge

WE ASK FOR THIS:

Raj Parekh
Acting United States Attorney

By: _____

Dennis M. Fitzpatrick
Assistant United States Attorney

_____

El Shafee Elsheikh
Defendant

_____

Nina J. Ginsberg
Edward B. MacMahon
Counsel for the Defendant

4