IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on Defendant Zackary Sanders's Renewed Motion to Modify Protective Order (Dkt. 365). Defendant moves to modify the Protective Order to allow defendant to review discovery material at the Alexandria Adult Detention Center ("ADC"). Specifically, defendant argues that the visitation limitations imposed by COVID-19 at ADC and the voluminous amount of discovery in this case warrant modifying the Protective Order (Dkt. 28) to allow defendant to review non-contraband discovery—specifically chats involving defendant and minor victims—on a password-protected iPad that is not and cannot be connected to the internet at ADC.

At the hearing on the matter, the government argued in opposition, contending that any change to the Protective Order that allows defendant to review his chats with minor victims at ADC "revictimizes" the minors and violates the privacy protections for minor victims as codified in 18 U.S. Code § 3509(d).[1] The government further contends that such a change would violate the Crime Victims' Rights Act, which provides that victims have a "right to be reasonably protected from the accused." 18 U.S.C. § 3771(a)(1). The government also argues that defendant

---

[1] In pertinent part, 18 U.S. Code § 3509(d)(1)(A) states that defendant, as well as attorneys for the government and for defendant shall "keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access." The subsection goes on to specify that "[t]his subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant." 18 U.S. Code § 3509(d)(4).

1

has had adequate opportunity to review the chats in sessions scheduled at the U.S. Attorney's Office, in sessions in the courthouse pursuant to the Order that issued May 10, 2021, and in ADC now that ADC has returned to allowing in-person visits. The government's argument fails.

To begin with, defendant is clearly entitled to review his chats with the minor victims. *See* Rule 16, Fed. R. Crim. P.[2] Moreover, 18 U.S. Code § 3509 does not limit that right, as § 3509(d)(4) makes clear that "[t]his subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant." Although the government understandably has concerns about protecting the privacy of the minor victims, the protections offered by defendant—redaction of all identifying information and placement of the redacted chats on a password-protected iPad that is not and cannot be connected to the internet that can be reviewed by defendant only when defendant is alone in his cell and that will be collected by ADC staff at all other times—are sufficient to protect the minor victims. Moreover, though defendant has had several meetings with his attorneys to review discovery material, those meetings have evidently been insufficient to review the voluminous chats. Therefore, it is appropriate to grant defendant's renewed motion to modify the Protective Order to the extent that defendant will be allowed to review redacted chats between defendant and the minor victims on a password-protected iPad furnished by defense counsel that is not and cannot be connected to the internet that can be reviewed by defendant only when defendant is alone in his cell. The iPad will be collected by ADC staff at all other times and will ultimately be returned to defense counsel.

---

[2] The Protective Order, to which defendant consented, limits defendant's ability to examine discovery material without the presence of counsel. *See* Protective Order (Dkt. 28). There are cases in which such restrictions are necessary to protect victims or sensitive information. *See United States v. Hewlett*, Case No. 1:20-cr-64 (E.D. Va. Aug. 12, 2020) (Order) (denying a motion to modify a Protective Order on the grounds that the Protective order was necessary to protect the minor victim when defendant had repeatedly attempted to contact the minor victim from jail); *see also United States v. Moore*, 322 F. App'x 78, 83 (2d Cir. 2009) (holding that the district court did not violate defendant's Sixth Amendment rights when it denied defendant's motion to view discovery material without counsel present). Here, the government's concerns are adequately addressed by the procedures discussed in this Order.

Accordingly,

It is hereby **ORDERED** that defendant's Renewed Motion to Modify Protective Order (Dkt. 365) is **GRANTED IN PART** and **DENIED IN PART**. Defendant's Motion is granted insofar as the Protective Order is **AMENDED** to allow defendant to review his chats with the alleged minor victims on a password-protected iPad furnished by defense counsel that is not and cannot be connected to the internet. Defendant may review the iPad only when defendant is alone in his cell. The iPad will be collected by ADC staff at all other times and will ultimately be returned to defense counsel. The chats on the iPad must be redacted to remove any of the alleged minor victims' identifying information. A separate device may be prepared for defendant to review non-chat discovery, which must be similarly redacted. Defendant's Motion is denied in all other respects.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
May 24, 2021

/s/
T. S. Ellis, III
United States District Judge