IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## ORDER

At issue in this prosecution for production, receipt, and possession of child pornography is whether Defendant Zackary Sanders is entitled to discovery regarding a hypothesized Title III warrant and/or pen register/trap and trace order that defendant claims the government obtained as part of its investigation into defendant's family's IP address. On May 6, 2021, more than eight months after the deadline for pretrial motions in this case, defendant filed the instant motion to compel. The matter has been fully briefed. Because the facts and legal contentions are clear from the record, oral argument is unnecessary and would not aid the decisional process. Accordingly, the matter is ripe for disposition. For the reasons that follow, even assuming that defendant's motion is timely, defendant's motion to compel must be denied.

I.

The circumstances surrounding the charges in this case are well-established and need not be discussed at length here. However, the facts necessary for the disposition of defendant's motion will be summarized below:

On February 10, 2020, Federal Bureau of Investigation ("FBI") Special Agent Christopher Ford applied for a search warrant for defendant Zackary Ellis Sanders's residence. In connection with the warrant application, Special Agent Ford prepared a search warrant affidavit. The affidavit is based largely on a tip from a Foreign Law Enforcement Agency ("FLA") that defendant's

1

family's IP address accessed online child sexual abuse and exploitation material using The Onion Router ("Tor"), and makes no mention of any Title III warrant and/or pen register/trap and trace order. On February 10, 2020, Magistrate Judge John F. Anderson authorized a search warrant for the residence, and, on February 12, 2020, the FBI executed the search warrant. On June 24, 2020, a federal grand jury returned a twelve-count indictment charging defendant with five counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and § 2251(e), six counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and § 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and § 2252(b)(2).

On July 13, 2020, defendant filed his first motion to compel, which sought discovery under Rule 16, Fed. R. Crim. P., *Brady v. Maryland*, and the Sixth Amendment related to (i) whether the government had actual evidence that the defendant's family's IP address "accessed online child sexual abuse and exploitation material via a website," Search Warrant Affidavit at ¶ 23, and (ii) whether Special Agent Ford knew whether the FLA had used an investigative method to interfere with, access, search, and/or seize data from a computer in the United States to generate its tip to the FBI. After extensive briefing and oral argument, a Memorandum Opinion and Order issued on August 21, 2020 denying defendant's motion to compel. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va. Aug. 21, 2020) (Memorandum Opinion and Order). The Memorandum Opinion found that defendant sought to engage in a fishing expedition to support defendant's speculative theories that the search warrant affidavit contained intentional misrepresentations material to a finding of probable cause. Additionally, the Memorandum Opinion found that defendant could not satisfy Rule 16's materiality requirement in the absence of a specific factual showing that the government possessed information helpful to defendant.

On August 28, 2020, defendant filed a motion to suppress and to reconsider his motion to compel. That same day, defendant's motion was stricken without prejudice because it exceeded eighty pages and was filed without first receiving permission from the Court, in violation of Local Rule 47(F)(3). *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va. Aug. 28, 2020) (Order). On September 2, 2020, defendant filed a motion for reconsideration of his motion to compel, this time in compliance with the Local Rules. On September 10, 2020, an Order issued denying defendant's motion on the ground that defendant failed to meet the requirements of a motion to reconsider and, even if the Court exercised its discretion to grant reconsideration of defendant's motion to compel, defendant's request continued to fail to satisfy the materiality requirement of Rule 16, Fed. R. Crim. P. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va. Sept. 10, 2020) (Order).

On November 27, 2020, defendant filed another motion to compel. Although labeled by defendant as a motion to compel, the motion was more accurately considered a renewed motion to reconsider defendant's motion to compel originally denied on August 21, 2020, as it again sought to compel the government to produce evidence reflecting how the government linked defendant to the Target Website and what the government understood regarding defendant's actions on the Target Website as reflected in Special Agent Christopher Ford's Affidavit in support of the Search Warrant. On January 26, 2021, defendant's motion to compel was denied. The denial was based on the conclusion that defendant's motion "present[ed] pure speculation in support of a groundless fishing expedition into the government's records." *United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va. Jan. 26, 2021) (Order).

On May 6, 2021, defendant filed the instant motion to compel, more than eight months after the deadline for pretrial motions in this case. Although defendant has not addressed the

untimeliness of his motion, it appears that defendant contends he has good cause for the delay based on defendant's claim that his newest motion to compel is based on "new evidence the government has just now produced"—specifically the subpoenas that the government relied on to obtain defendant's family's IP address from the internet service provider. *See* Def. Mot. to Compel, 1 (Dkt. 315). Such a claim is clearly false.

Defendant contends that the subpoenas newly produced by the government introduce "new" evidence that defendant did not actually "access child sexual abuse and exploitation material" on the Target Website and that the investigation into the Target Website included many IP addresses, not just that of defendant's family. In fact, neither of these assertions is new. The first assertion remains speculation on the part of defendant that is belied by the FLA Tip and that, even if true, by itself does not undermine the magistrate judge's authorization of the search warrant.[1] Importantly, this first assertion is far from "new," as it served as a central basis for defendant's earlier motions to suppress.

Next, defendant's second assertion—that the FBI's investigation into Target Website went beyond defendant alone—has been recognized as fact by defendant, the government, and the Court

---

[1] The repetitiveness of defendant's supposedly new argument and the validity of the Search Warrant are made clear in the January 26, 2021 Order denying defendant's previous motion to compel and in the October 26, 2020 Memorandum Opinion denying defendant's motions to suppress:

> [O]n its face, the FLA Tip states that the user of the target IP address "accessed online child sexual abuse and exploitation material," not that the user accessed only the Target Website's homepage. However, even if the FLA Tip were read to mean that the target IP address user visited only the Target Website's homepage, "the information in the Affidavit noting the steps the Target IP Address user was required to take to navigate to the [Target Website] warrants the inference that the Target IP Address user's arrival at the [Target Website] was purposeful, that is the Target IP Address user's purpose was to access the website and its illegal content." *United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, October 26, 2020) (Memorandum Opinion). Furthermore, it is important to note that the mere fact that the website's homepage did not mention child pornography does not alter the conclusion, as indicated in the Affidavit and as evident from the screenshots of the website, that the website was dedicated to child pornography. Thus, the magistrate judge was in no way misled about the Target Website or its contents.

*United States v. Sanders*, Case No. 1:20-cr-143, at 2 n.1 (E.D. Va, Jan. 26, 2021) (Order).

4

from early in the proceedings. Indeed, the government has repeatedly emphasized the ongoing nature of the investigation into the Target Website as a rationale for keeping key elements of the case under seal. In other words, the contention that the newly produced subpoenas create a new basis for a motion to compel that requires urgent consideration by the Court is plainly false. Nonetheless, despite the fact that defendant's motion to compel is clearly untimely—and untimely without good cause, *see United States v. Samuel*, Case No. 1:14-cr-351, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), aff'd, 674 F. App'x 322 (4th Cir. 2017)—the Court will assume *arguendo* that the motion is timely and rule on the merits.

In defendant's instant motion to compel, defendant seeks to compel the government to produce any Title III warrant and/or pen register/trap and trace order that defendant claims the government must have obtained as part of its investigation into defendant's family's IP address. Defendant contends that he has a right to the production of these materials based on Rule 16, Fed. R. Crim. P., *Brady v. Maryland*, and the Fifth and Sixth Amendments.

## II.

The standard for materiality under Rule 16 was examined in depth in the Memorandum Opinion denying defendant's original motion to compel and in the subsequent Order denying defendant's motion later renewed motion to reconsider his motion to compel. See *United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, August 21, 2020) (Memorandum Opinion and Order); *United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, Jan. 26, 2021) (Order). Important here, in order to compel discovery under Rule 16(a)(1)(E),[2] a defendant must "present facts which would

---

[2] Rule 16(a)(1)(E), Fed. R. Crim. P. provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use

5

tend to show that the Government is in possession of information helpful to the defense." *United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)). In this respect, courts have held that "[n]either a general description of the information sought nor conclusory allegations of materiality suffice." *Id.* As with defendant's original motion to compel and his subsequent motions to reconsider his motion to compel, defendant's motion to compel fails because defendant offers only conclusory, conspiratorial speculation that the government possesses additional information that would aid defendant.

Seeking to avoid this conclusion, defendant argues (i) that the subpoena that the government used to obtain the subscriber information for defendant's family's IP address included a significant number of IP addresses under investigation; and therefore (ii) that the government necessarily must have applied for a Title III warrant and/or pen register/trap and trace order to narrow the investigation and to decide to apply for a search warrant for defendant's family's home.[3] This is pure conspiratorial conjecture.

To begin with, the government has stated in no uncertain terms that "the FBI did not 'obtain a Title III warrant and/or Pen Register/Trap and Trace order(s)' in connection with the investigation of [defendant's] IP address." Gov't Resp., at 4 (Dkt. 350). Moreover, even absent the government's statement that it does not have any material to produce in response to defendant's speculative, defendant has failed to give any "indication that the pretrial disclosure of the disputed evidence would [] enable[] the defendant significantly to alter the quantum of proof in his favor." *Caro*, 597 F.3d at 621 (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).[4] In other

---

the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

[3] In advancing defendant's theory, defendant does not explain why the government did not include any information beyond the FLA Tip in the Special Agent Ford's affidavit in support of the Search Warrant if the government did in fact apply for a Title III warrant and/or pen register/trap and trace order.

[4] The requirement that evidence be "material" is satisfied "as long as there is a strong indication that [the material

6

words, defendant has not "present[ed] facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* This is so because defendant merely speculates that the government applied for a Title III warrant and/or pen register/trap and trace order, and that the hypothetical warrant or order would prove helpful to the defense. Notably, defendant speculates as much despite the fact that (i) the government has stated that the FBI did not apply for such a warrant or order, and (ii) even if the government applied for such a warrant, it did not serve as the basis for the Search Warrant or any other evidence expected to be offered at trial. This speculation is insufficient to support a motion to compel under Rule 16.

Defendant's request for discovery pursuant to *Brady v. Maryland* and the Fifth Amendment also fails. The Due Process Clause requires the government to disclose "evidence favorable to an accused on request . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Importantly, the Fourth Circuit has made clear that Rule 16 differs from *Brady* in that *Brady* "provides the minimum amount of pretrial discovery granted in criminal cases." *Caro*, 597 F.3d at 620 (citing *United States v. Baker*, 453 F.3d 419, 424 (7th Cir. 2006)). For the reasons described above, defendant has not put forward non-conclusory arguments as to how the requested discovery is material and helpful to the defense. Similarly, with respect to *Brady*, a narrower avenue of discovery than Rule 16, defendant has failed to show that the government possesses any potentially exculpatory evidence that the government has not provided to defense counsel.

Defendant's request for discovery pursuant to the Sixth Amendment must also be denied. The Sixth Amendment guarantees criminal defendants the effective assistance of counsel.

---

requested] will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Caro*, 597 F.3d at 621 (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).

7

*Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Defendant has not presented any authority or argument that supports the existence of a discovery obligation rooted in the Sixth Amendment. Thus, the Sixth Amendment does not provide an independent basis for obtaining discovery in this matter.

Additionally, defendant's request for *in camera* review fails. As the Fourth Circuit has made clear, *in camera* review is warranted only in "atypical" *Brady* cases in which the defendant cannot specifically prove the materiality of suppressed evidence because the government has not turned it over. *See United States v. King*, 628 F.3d 693, 702–03 (4th Cir. 2011). Importantly, in those cases, the defendant must make "'some plausible showing' that exculpatory material exists." *Id.* at 703 (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n. 15 (1987)). Moreover, "[m]ere speculation that the information may be helpful is insufficient to justify an *in camera* review," *United States v. Savage*, 885 F.3d 212, 221 (4th Cir. 2018). Here, defendant has failed to make a plausible showing that the sought-after material would be helpful or that the material exists. Thus, defendant's request for *in camera* review fails.

In summary, defendant is not entitled to compel discovery here because defendant has not satisfied the materiality requirement under Rule 16, Fed. R. Crim. P. Defendant has again failed to provide facts—as opposed to conclusory speculation—that the government is in possession of information helpful to the defense. Nor has defendant shown that *Brady v. Maryland* or any other legal authority provides a basis for permitting either additional discovery or *in camera* review in this case.

Accordingly,

It is hereby **ORDERED** that defendant's Motion to Compel (Dkt. 315) is **DENIED**.

Alexandria, Virginia
May 26, 2021

/s/
T. S. Ellis, III
United States District Judge