IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)<br>ZACKARY ELLIS SANDERS,  )<br>)<br>  *Defendant.*  )<br>_____ ) | Case No. 1:20-CR-143<br><br>Trial: July 12, 2021<br><br>**UNDER SEAL** |

### UNITED STATES' MOTION TO EXCLUDE EVIDENCE AT TRIAL OR, IN THE ALTERNATIVE, TO CONTINUE THE TRIAL

The United States of America, by and through undersigned counsel, hereby files this motion to exclude evidence at trial or, in the alternative, to continue the trial. For the reasons below, the government respectfully requests that the Court (1) preclude the defendant from introducing any evidence related to ▮▮▮▮▮▮▮▮▮▮▮▮ at trial, or (2) continue the trial to allow the government to have an opportunity to review and respond to whatever evidence the defendant intends to introduce and rely on related to ▮▮▮▮▮▮▮▮▮▮ which the defendant has not yet provided to the government. Given the approaching trial date, the government requests that the Court set a hearing on this motion as soon as practicable; if it would facilitate the Court's calendaring of a hearing at the earliest available opportunity, the government would waive the six-day timeframe within which to file a reply brief pursuant to Local Criminal 47(F)(1).

### FACTUAL AND PROCEDURAL BACKGROUND

On June 24, 2020, a federal grand jury in the Eastern District of Virginia returned a twelve-count indictment charging the defendant with production, receipt, and possession of child pornography. Dkt. No. 29. The charges in this case are based on, among other evidence: (1) the

defendant's online chats with six minors; and (2) material depicting the sexual abuse of other children stored on electronic devices seized from his home. In these six chats, the defendant instructed five minors to record and send him depictions of themselves engaging in specific sexually explicit acts, which they did, and received sexually explicit files depicting a sixth minor.

As outlined in the affidavit in support of the criminal complaint, the defendant posted online advertisements encouraging "boys" who wanted to become his "slaves" to message him on a mobile messaging application. Dkt. No. 4 at ¶ 14. He frequently asked—and, at times, demanded—that these boys provide him with sexually explicit images and videos of themselves to see whether, in his view, they "truly desire[d] to become [his] sub or slave long-term, eventually being collared and owned permanently." *Id.* For example, the defendant instructed one minor—an approximately fourteen-year-old boy identified as MINOR VICTIM 2 in the indictment—to send him a "live full body pic." *Id.* at ¶ 15. After receiving a nude image of the minor, the defendant ordered him to "record a video" in which the minor shows his entire body, states his full name, and explains why he wants to become a slave. *Id.* at ¶ 16. In response, the minor sent a nude video in which he identifies himself and manipulates his genitals. *Id.* at ¶ 17. After receiving this video, the defendant demanded that the minor record and send him increasingly sexualized and degrading images and videos. *Id.* at ¶ 17. Based on the defendant's specific instructions, the minor then recorded and sent: a nude video of himself rotating in a circle; multiple images of his penis that document the process of him shaving his pubic hair; and a nude video of himself slapping his testicles approximately forty times as punishment for resisting the defendant's demands to shave his pubic hair. *Id.* at ¶¶ 17–21.

On March 24, 2021, over a year after the defendant was arrested, he filed his fourth motion to continue the trial. Dkt. No. 264. Six days later, defense counsel informed the government for

the first time that ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Dkt. No. 314-1. On April 2, 2021, the defendant filed a supplement to his motion to continue the trial that included an approximately six-page letter prepared by Dr. Tyler Whitney, a clinical psychologist. Dkt. Nos. 282, 282-1. In his letter, Dr. Whitney ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ based solely on a remote interview of the defendant's mother, who is also a clinical psychologist and who treats children, teenagers, and adults with adjustment issues, internet addiction, and communication issues, among other things.[1] Dkt. No. 282-1 at 5. ▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆ Dkt. No. 282-2. Moreover, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.[2] Id.

The defendant has since provided the government with two additional letters from Dr. Whitney, neither of which contain more than generic conclusions regarding ▆▆▆▆▆▆ ▆▆▆▆▆▆▆ that are unsupported by any actual evidence or data. The first is a roughly two-

---

[1] See Risa E. Sanders, Ph.D. Therapy for Individuals, Couples, & Families, www.drrisasanders.com/ServicesProvided.en.html (last visited May 25, 2021).

[2] Notably, in her letter accompanying the supplemental filing, the defendant's mother ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Dkt. No. 344-1.

page letter dated May 5, 2021, opining with little explanation that ▮

▮ Dkt. No. 344-1 at 3.   The second is a four-page letter dated May 20, 2021.   Dkt. No. 356-1 at 1.   Contrary to the defendant's prior claim that ▮ until the end of March 2021, Dr. Whitney notes in this letter that ▮

▮ *Id.* at 1.   In addition to these records, Dr. Whitney's letter references unspecified assessments, dozens of hours of interviews, and other assorted documents and data he claims to be in the process of incorporating into a "full evaluation report."   *Id.* at 4.   According to Dr. Whitney, this report will clarify his opinions regarding ▮, and he is "hopeful" the report will be complete approximately two weeks before the current trial date.   *Id.*

This is the full extent of the information the government has received from the defendant regarding ▮   On May 10, 2021, the Court ▮

▮ Dkt. No. 347 at 4. ▮

▮ *Id.* at 5.   The Court elaborated on its instructions in an Order dated May 20, 2021, explaining that the ▮ Dkt. No.

4

364 at 7 n.10.  ██████████████

██████████████████████████████████████████████████ *Id.*

On May 21, 2021, the parties appeared before the Court for a hearing and discussed Dr. Whitney's letter dated May 20, 2021. Dkt. No. 367. During this discussion, defense counsel advised the Court that the defendant would provide the government with the records and material that Dr. Whitney is relying on in preparing his report. That same day, the government requested that the defendant provide the following:

> all records, information, and material that Dr. Whitney reviewed or relied on in preparing the letters from him that [the defendant] provided, as well as all records, information, and material that he is reviewing or relying on in preparing his evaluation report; and
>
> all test data and test materials—including any raw test scores, scoresheets, worksheets, notes, protocols, test question materials, and any result summaries and interpretative documents or reports—related to any assessments or tests administered to [the defendant] and [his] mother, as well as any notes and recordings that Dr. Whitney took or relied on while meeting with and evaluating [the defendant] and his mother.

*See* Exh. 1. The government has not received any material in response to this request.

Nevertheless, in an effort to maintain the current trial date, the government has identified and is in the process of retaining its own expert to review the relevant evidence in this case and the material that Dr. Whitney claims supports ██████████████, and independently evaluate the defendant and his mother if necessary. Based on the government's preliminary conversations with its expert, as well as the defendant's refusal to provide the above records and material—or any meaningful notice of Dr. Whitney's opinion under Federal Rules of Criminal Procedure 12.2 and 16, for that matter—the government's expert advised that he will not be able to complete his evaluation of the defendant in advance of the current trial date.

## ARGUMENT

I. **Any Evidence Related to ▅▅▅▅▅▅▅▅▅▅▅▅ Should be Excluded at Trial**

The limited information the defendant has provided regarding ▅▅▅▅▅ fails to give the government adequate notice of Dr. Whitney's anticipated testimony or even a cursory explanation of the bases for his opinions. In fact, Dr. Whitney's months-long assessment is still ongoing, and the most he can advise is that he hopes to complete a "full evaluation report" containing his opinion on the implications of ▅▅▅▅▅▅▅▅▅ roughly two weeks before the start of trial. Without this report and the records, data, and information Dr. Whitney is relying on, the government is unable to effectively evaluate the defendant and respond to his claims regarding ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅. Indeed, if anything, Dr. Whitney's piecemeal letter updates make clear that his opinion with respect to ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ is evolving as he reviews records, data, notes, and material exclusively in the defendant's possession,[3] which means the conclusory statements in his

---

[3] For example, while the defendant has advised that there was no reason for his mother, a clinical psychologist, ▅▅▅▅▅▅▅▅▅▅ until her conversation with Dr. Whitney, Dr. Whitney's latest letter explains ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ Dkt. No. 356-1 at 1. ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ *See supra* n.2. This material is also necessary to understand Dr. Whitney's claim that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅ Dkt. No. 356-1 at 3–4, when the evidence in this case reveals that ▅▅▅▅▅▅▅▅▅▅▅▅▅▅

6

three letters could be different from or irrelevant to the opinion in his final report. The receipt of this full report, which will presumably contain a far more fulsome explanation of Dr. Whitney's opinion and the bases for his opinion than his letters, is therefore critical for the government to assess and respond to the defendant's recently raised claims.

Moreover, even assuming Dr. Whitney can adhere to his own timeframe for completing this report—an assumption he hedges against in his most recent letter, in which he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 356-1 at 3–4—that will leave the government with roughly two weeks to review and respond to a report that Dr. Whitney prepared after he interviewed the defendant and his mother for dozens of hours and reviewed records, data, and other information in the defendant's sole possession for multiple months. By comparison, the government provided its expert notice on November 2, 2020, which gave the defendant time to hire two forensic examiners who have now spent months reviewing the evidence in this case. Dkt. No. 126.

Put simply, Dr. Whitney's three short letters fail to adequately "describe [his] opinions, the bases and reasons for those opinions, and [his] qualifications" ▮▮▮▮▮▮▮▮▮▮ as required by Federal Rule of Criminal Procedure 16(b)(1)(C). Rather, the opinions in Dr. Whitney's letters regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are based on the *ipse dixit* of Dr. Whitney, and the evidence should be excluded on this basis alone. *See United States v. Holmes*, 670 F.3d 586, 599 (4th Cir. 2012) (affirming exclusion of expert testimony where expert disclosure consisted of a "brief synopsis" of the proposed expert's opinion and a curriculum vitae). Moreover, given that Dr.

▮▮▮▮▮▮ *See* Exh. 2.

7

Whitney *hopes* to complete his full report approximately two weeks before trial, requiring the government to speculate as to what his ultimate opinion and the bases for that opinion might be and then have its own expert respond to that speculative opinion without any of the information Dr. Whitney reviewed and compiled, all in advance of the current trial date, would significantly prejudice the government. In fact, according to the government's expert, it would be impossible to do. It is well recognized that a court can "disallow expert testimony where a late proffer of evidence by the defense substantially prejudices the government in its ability to find its own expert and conduct similar testing." *United States v. Dorsey*, 45 F.3d 809 (4th Cir. 1995). The Court should exercise its discretion to do so here, where the defendant has provided no evidence to support his proposed expert's testimony.[4]

### II. If Evidence Related to ▓▓▓▓▓▓ is not Excluded at this Time, the Trial Should be Continued

If the Court does not preclude the defendant from introducing evidence related to ▓▓▓▓▓▓ at trial at this time, the trial date should be continued to allow the government's expert time to review the relevant evidence in this case and the records and information supporting Dr. Whitney's ultimate opinion, conduct his own evaluation, and respond to Dr. Whitney's

---

[4] To be clear, based on the limited information the government has received, the proposed evidence related to the defendant's ▓▓▓▓▓▓ is inadmissible at the trial for a number of reasons beyond the fact that the untimeliness of Dr. Whitney's yet-to-be-completed report and the defendant's yet-to-be-provided expert notice prejudices the government. The government has already expressed its skepticism over Dr. Whitney's claims based on the abundant evidence in this case establishing that ▓▓▓▓▓▓. Dkt. No. 314. Moreover, the defendant's difficulty in articulating even a basic summary of Dr. Whitney's anticipated expert opinion at the May 7, 2021, hearing reveals just how confusing and ultimately irrelevant this testimony will be to the issues at trial. Accordingly, should the Court deny the government's instant request, the government reserves the right to challenge Dr. Whitney's opinion, whenever it is provided, and the admissibility of his testimony at trial.

forthcoming report. Due to the defendant's inexplicable year-long delay in notifying the government that ▉▉▉▉▉▉▉▉▉ and his refusal to provide the government with the material in his possession that allegedly supports that diagnosis—a refusal that persists to this day—the government is unable to complete an independent evaluation of the defendant in time to address this issue before the current trial date. Indeed, Dr. Whitney has been working on his report since March 2021, if not earlier, and does not anticipate having a complete report until shortly before the July 12, 2021, trial. Accordingly, should the Court not exclude the evidence related to ▉▉ ▉▉▉▉▉▉▉▉▉ as untimely, the Court should continue the trial in this matter at least until October 4, 2021, to allow the government an equal opportunity to review the relevant evidence and material and evaluate the defendant.[5] The ends of justice served by granting this request outweigh the best interest of the public and the defendant in a speedy trial because the failure to grant a continuance will deprive the government of the reasonable time necessary to effectively prepare for trial despite its diligent efforts to do so and would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(A), (B)(i), (B)(iv).

Additionally, if the Court continues the trial in this matter and in the interest of avoiding further delays in this case, the government respectfully requests that the Court instruct the defendant to provide the government with the following material, all of which is necessary for the government's expert to meaningfully evaluate the defendant and assess the opinions of Dr. Whitney, and which counsel for the defendant agreed to provide in response to direct inquiry by

---

[5] Pursuant to the Court's direction, the government has made diligent efforts to identify, contact, and retain its own expert witness to evaluate the defendant and any relevant material and reach an independent conclusion regarding ▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Substantial progress has been made in that regard, but it is clear that a full evaluation and subsequent report cannot feasibly be prepared by a government-retained witness in the time remaining between now and the current trial date.

9

the Court:

> all records, information, and material that Dr. Whitney reviewed or relied on in preparing the letters from him that the defense provided, as well as all records, information, and material that he is reviewing or relying on in preparing his evaluation report; and
>
> all test data and test materials—including any raw test scores, scoresheets, worksheets, notes, protocols, test question materials, and any result summaries and interpretative documents or reports—related to any assessments or tests administered to the defendant and his mother, as well as any notes and recordings that Dr. Whitney took or relied on while meeting with and evaluating the defendant and his mother.

The government further requests that the Court instruct the defendant and his mother to comply with the needs of the government expert's evaluation.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

10

**CONCLUSION**

Based on the foregoing, the United States respectfully requests that the Court (1) preclude the defendant from introducing any evidence related to ▮▮▮▮▮ at trial, or (2) continue the trial to allow the government to have an opportunity to review and respond to whatever evidence the defendant intends to introduce and rely on related to ▮▮▮▮▮, which the defendant has not yet provided to the government. Given the approaching trial date, the government requests that the Court set a hearing on this motion as soon as practicable; if it would facilitate the Court's calendaring of a hearing at the earliest available opportunity, the government would waive the six-day timeframe within which to file a reply brief pursuant to Local Criminal 47(F)(1).

Respectfully submitted,

Raj Parekh
Acting United States Attorney

        /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Seth M. Schlessinger
Jay V. Prabhu
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By:    /s/
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov