**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

UNITED STATES OF AMERICA,

v.

ZACKARY ELLIS SANDERS,

                    Defendant.

Case No. 1:20-cr-00143
Honorable T.S. Ellis, III
Hearing: June 11, 2021
Trial: July 12, 2021

## RESPONSE TO GOVERNMENT REPLY TO DEFENDANT'S OPPOSITION

The government's reply to Mr. Sanders's corrected opposition to the government's

motion to exclude evidence at trial (ECF No. 385) is based on the government's lay opinion of

Mr. Sanders's mental condition and arguments it will attempt to make to the jury, neither of

which are relevant to the admissibility of evidence relating to (1) the voluntariness of Mr.

Sanders's statements to law enforcement or (2) Mr. Sanders's intent and purpose in engaging in

the charged conduct.  Finally, the defense has already produced to the government's expert all

the material that ▮▮▮▮▮ has relied on to-date in preparing his forthcoming report (which

will be produced to the government no later than June 18, 2021).[1]

The defense submits that the government has mischaracterized the defense arguments as

they relate to the *right to present* ▮▮▮▮▮'s testimony regarding Mr. Sanders's ▮▮▮▮▮

---

[1] As previously explained to the government, ▮▮▮▮▮ has produced to the government's
expert all of his test materials and raw test data, which includes all notes that form the basis of
his forthcoming report. ▮▮▮▮▮ produced that material directly to the government's expert,
who is a licensed psychologist, in conformity with ▮▮▮▮▮'s ethical and contractual
obligations.  The defense has not reproduced the Rule 16 material that the government made
available and/or produced to the defense, including material that ▮▮▮▮▮ examined over the
course of an entire day at the U.S. Attorney's Office.  Any additional notes that ▮▮▮▮▮ has
do not presently form the basis of his forthcoming report and are *Jencks* material that the defense
is not obligated to produce at this time.

███████████████████, and that the government's arguments, if supported by the evidence (which the defendant disputes) are matters for the jury.

1. ██████████s forthcoming report will further explain how Mr. Sanders's pervasive ████████████████ and the pressures he faced while subject to interrogation by the FBI "caused him . . . to experience much greater coercion, stress, and cognitive processing deficits than someone ████████████████," which resulted in Mr. Sanders being "overwhelmed by the stress of the situation" and "unable to understand . . . the situation, filter his thoughts or words, or control what he said to law enforcement." *See* ECF No. 343-1 at 1-2.  The report will also explain that Mr. Sanders ████████ ██████████████████████████████████████ and was therefore misled by the agents' insistence that they had found child pornography on the thumb drive.  During the interview, the agents tell Mr. Sanders that they found his laptop and an iPad in his room but mention nothing about a thumb drive.  Later, when they tell him they also found a thumb drive with child pornography in his room, Mr. Sanders immediately asks to see his Mom or have her in the room as a witness.  He also tells the FBI how uncomfortable and nervous they are making him and how scary this is after asking for his Mom.  Mr. Sanders also tells the agents that he █████████████ ████████████████████████████████████████████  ██████████████████████████████████'s report will further explain that, rightly or wrongly, Mr. Sanders did not believe ████████████ ████████████████████████████████████████  ██████████████████.  And why the agents' characterization of the material on the thumb drive and their insistence that Mr. Sanders was not being honest were unduly

suggestive of what he had to say to end the interview and have the agents leave without

taking his and his family's electronic devices, which they all depended on for work. █████

████████ will further explain how, for example, even though the agents asked Mr.

Sanders about child pornography and his conversations with alleged minors, Mr. Sanders

did not understand that ████████████████████████████████████████████████

████████████████████████.

2. The government asserts as if it were fact that ████████████████████████████

████████████████████████████████████ initial submissions to

this Court (ECF Nos. 282-1, 343-1, and 356-1), and without the benefit of ████████'s

final report, or their own expert's evaluation.  The prosecution's uninformed, lay

opinions are not only irrelevant, but they are also incorrect.  As ████████ has

explained, and will further explain in his forthcoming report, Mr. Sanders has ████████

████████████ ECF No. 356-1 at 2.[2]  In some areas, ████████████████████

████████████████████████ ECF No. 282-1 at 4.

3. Mr. Sanders is only charged with engaging in online activities.  None of the production,

receipt, or possession counts include allegations of in-person conduct.[3]  The relevant

inquiry is whether creating a visual depiction was his primary or dominant purpose.  The



---

[2] While Mr. Sanders was able to graduate from college, ████████████████████████
████████████████████████████ ECF No. 356-1 at 2.  ████████ report will
explain that while Mr. Sanders believes ████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

[3] Mr. Sanders is also not charged with having an interest in the BDSM and leather culture or buying or owning sex toys or BDSM gear.  Nor could he be as that conduct is not illegal.

importance of rare discussions of sex within the chats, or in-person contact with the defendant, are solely matters for the jury.

4. ████████ has produced the notes underlying his forthcoming report.  Any notes that were part of his evaluation are included in the test materials he has already provided. Any additional notes he may possess are *Jencks* and the defense is not obligated to produce such notes at this time, particularly because ████████ may not testify.

Therefore, for all the reasons set forth above and in Mr. Sanders's opposition to the government's motion, the government's motion to exclude should be denied and the government's request for a continuance should be granted.

4

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____/s/_____
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Tel.: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served this 11th day of June 2021, on all counsel of record.

*/s/ Jonathan Jeffress*
Jonathan Jeffress