# Exhibit 3



1099 14TH ST. NW
8TH FLOOR WEST
WASHINGTON, DC 20005
(202) 640-2850
WWW.KAISERDILLON.COM

April 21, 2021

**VIA ELECTRONIC MAIL**
Mr. Jay Prabhu and Mr. William G. Clayman
Assistant United States Attorneys
United States Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Jay.Prabhu@usdoj.gov and William.G.Clayman@usdoj.gov

   Re: *United States v. Zackary Ellis Sanders*, 1:20-cr-00143

Dear Jay and Bill,

   Thank you for Bill's email of March 26, 2021, attaching the two administrative subpoenas the FBI served on Cox Communications on September 10, 2019 (Subpoena #▮▮▮▮, which was issued as part of ▮▮▮▮▮▮▮▮-SBP) and November 22, 2019 (Subpoena #▮▮▮▮, which was issued as part of ▮▮▮▮▮▮▮▮-SBP). Based on Bill's email, the government's production also included the totality of Cox's returns on those subpoenas.[1]

   The November 22, 2019 subpoena requests a broad range of information for a long list of IP addresses on an "attached spreadsheet." That attached spreadsheet lists hundreds (if not over a thousand) IP addresses, all of which are redacted except for the IP address associated with the Sanders's family home.

   The spreadsheet attached to the November 22, 2019 subpoena was undoubtedly copied (or compiled) from a spreadsheet or other information the foreign law enforcement agency ("FLA") provided to the FBI. We have not been provided with that communication (or communications, if there was more than one) – even in redacted form. To the extent that communication (or communications) sheds any light on (1) the activity the users of those IP addresses were alleged to have engaged in; and/or (2) the reliability of the method the FLA used to identify the Sanders family's IP address, the communication is Rule 16 and *Brady v.*

---

[1] If this is incorrect and we only have a portion of the two subpoena returns, please let us know, otherwise we will assume what is stated in Bill's email, *i.e.*, that we have been provided with the complete returns the FBI received from Cox in relation to that IP address.

*Maryland*, 373 U.S. 83 (1963), as it goes directly to the merits of Mr. Sanders's motions to suppress. *See, e.g., United States v. Caro*, 597 F.3d 608, 621 (4th Cir. 2010) (evidence is material if "there is a strong indication" that it will "play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal," and therefore allow a defendant "significantly to alter the quantum of proof in his favor" by supporting suppression of the evidence against him).

  Accordingly, pursuant to Rule 16 and *Brady*, we request the communication(s) from the FLA that included, related to, and/or accompanied the IP addresses included in the seven-page spreadsheet attached to the November 22, 2019 subpoena (Subpoena # ▮▮▮▮▮▮ ). Thank you in advance for your prompt attention to this matter.

                Sincerely,

                Jonathan Jeffress

                Nina Ginsberg

                *Counsel for Zackary Ellis Sanders*