# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>        Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br>Trial: October 19, 2021<br><br>**EVIDENTIARY HEARING REQUESTED** |

## MEMORANDUM IN SUPPORT OF RENEWED MOTION TO SUPPRESS STATEMENTS TAKEN IN VIOLATION OF *MIRANDA V. ARIZONA*

Mr. Zackary Ellis Sanders, by and through counsel, respectfully submits this renewed motion to suppress statements taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966) (Dkt. 149, 150).

Since the defense submitted Mr. Sanders's motion to suppress statements on December 17, 2020 (Dkt. 149, 150), and filed related motions *in limine* to exclude Mr. Sanders's statements (Dkt. 153, 154, 207), trial has been continued to October 19, 2021 (Dkt. 418).

Given that trial has been continued until October 19, 2021, that there are now 61 days until trial, that the law enforcement witnesses the government would call to testify at an evidentiary hearing are likely the same agents who would testify at trial, and that there is no need to arrange travel or lodging in the Eastern District of Virginia for such witnesses, the government cannot plausibly claim any prejudice from having to participate in a hearing on Mr. Sanders's motion.

## DISCUSSION

The interests of justice weigh in favor of this Court ruling on the suppression issues presented in Mr. Sanders's motion to suppress statements.  First, there would be no prejudice to the government in fully litigating Mr. Sanders's motion to suppress statements, given that there are now 61 days until trial, the government has resources to both prepare for trial and litigate such a motion in the ensuing 61 days, and COVID-19 will no longer impose undue obstacles.

The reasons the Court previously relied on in refusing to consider Mr. Sanders's motion to suppress statements carry little, if any, weight now that there are 61 days until trial and COVID-19 is unlikely to cause any serious or undue burdens.  The same government witnesses who will likely testify at trial would also be able to testify at an evidentiary hearing, and those agents live or work nearby.  As a result, there should only be minimal, if any, additional burden on the government to prepare for such a hearing, and there should be no need to make travel or lodging arrangements that could be disrupted by COVID-19.

COVID-19 no longer poses the challenges it did in January 2021.  On April 18, 2021, Virginia's COVID-19 vaccine eligibility opened to all Virginians age 16 and up.[1]  On May 14, 2021, Governor Northam lifted Virginia's mask mandate to align with guidance from the Centers for Disease Control and Prevention, and announced that Virginia would end COVID-19 mitigation measures on May 28, 2021.[2]  On June 21, 2021, 70 percent of adult Virginians had

---

[1] *Virginia's COVID-19 Vaccine Eligibility Opens for All Adults on Sunday*,  Virginia Governor Ralph S. Northam, available from https://www.governor.virginia.gov/newsroom/all-releases/2021/april/headline-894469-en.html (last accessed August 17, 2021).

[2] *Governor Northam Lifts Mask Mandate to Align with CDC Guidance, Announces Virginia to End COVID-19 Mitigation Measures on May 28*, available from: https://www.governor.virginia.gov/newsroom/all-releases/2021/may/headline-895235-en.html (last accessed August 17, 2021).

received at least one COVID-19 vaccine dose.[3]  Thus, the Court's previous concerns about COVID-19 delaying proceedings are no longer applicable.  Dkt. 196 at 4 ("Court reasoning that "[a]lthough the motion to suppress was filed fifty-three (53) days before the current trial date, [February 9, 2021,] the motion, along with defendant's request for an evidentiary hearing, would be all but certain to delay the current trial given the difficulties surrounding travel and courtroom procedures during the Covid-19 pandemic.").

The Court previously reasoned that its consideration of the motion to suppress would prejudice the government because it was "in the midst of responding to defendant's motions *in limine* and preparing for trial [on February 9, 2021]." *Id.* at 5.  The next day, the Court granted a pending consent motion to continue (Dkt. 192) and rescheduled the trial from February 9, 2021, to April 26, 2021 (Dkt. 204).  The government previously claimed that allowing Mr. Sanders to litigate the motion to suppress "would prejudice the government by requiring it to divert resources from the trial," which at that point was more than three months away, "and prepare for an evidentiary hearing in the midst of a pandemic, while the denial of his motion was unlikely seriously to prejudice him."  Dkt. 235 at 2.  At this point, given that the trial was again continued, this time less than three weeks before it was previously scheduled to begin on July 12, 2021, the government cannot plausibly claim prejudice from being required to litigate the motion to suppress statements this far in advance of trial.  Dkt. 418 at 2-3.

Second, the suppression issue should be heard on the merits because this is a very serious case for Mr. Sanders and his family.  Mr. Sanders is just 26 years old.  The government's current plea offer involves a 15-year mandatory minimum, a sentence that would virtually guarantee that

---

[3] *Governor Northam Announces 70 Percent of Adult Virginians Have Received at Least One COVID-19 Vaccine Dose*, available from: https://www.governor.virginia.gov/newsroom/all-releases/2021/june/headline-897920-en.html (last accessed August 17, 2021).

3

Mr. Sanders would never again see his father (who is 83) except during prison visits, and could very well mean the same for his 63-year-old mother, who is recovering from breast cancer. Given the very serious consequences at stake here, the interests of justice weigh in favor of addressing the violation of Mr. Sanders's constitutional rights.

## CONCLUSION

For all of the above reasons, and any others appearing to the Court, the interests of justice and the efficient administration of the criminal legal system counsel in favor of litigating these issues in advance of trial, which will not cause any prejudice to the government. Accordingly, this Court should consider Mr. Sanders's motion to suppress statements taken in violation of *Miranda,* 384 U.S. 436.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

                                      */s/*
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

                                      */s/*
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

                                        */s/*
H. Louis Sirkin (*pro hac vice* pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing was served this 19th day of August 2021, on all counsel of record.

                              */s/ Jonathan Jeffress*
Jonathan Jeffress