IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v.        ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS,   ) | |
| ) | Trial: October 19, 2021 |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
SECOND RENEWED MOTION TO RECONSIDER HIS MOTION TO COMPEL**

On August 5, 2021, the defendant filed a second renewed motion to reconsider his motion to compel—his fifth motion to compel thus far. Dkt. No. 422. The next day, he filed a supporting memorandum, arguing that the Court should revisit its prior rulings and order the government to produce some additional information about the Foreign Law Enforcement Agency's ("FLA") tip based on his speculative yet obstinate belief that the tip is partially false and that there was no probable cause to search his home. Dkt. No. 426. The United States of America, by and through undersigned counsel, files this response. For the reasons below, his motion should be denied. Further, given the Court's familiarity with this case and the baselessness of the defendant's recycled claims, a hearing on his motion would not aid the Court and is not necessary.

**BACKGROUND**

The facts of this case are well known to the Court. In response to many rounds of motions, often accompanied by supplemental briefing and exhibits from the defense, the Court has issued multiple rulings with detailed factual findings. *See* Dkt. Nos. 73 (denying defendant's first motion to compel), 107 (denying motion to reconsider motion to compel), 113 (denying four motions to suppress), 196 (denying fifth motion to suppress), 237 (denying renewed motion to reconsider

motion to compel), 369 (denying motion to compel), 402 (deferring judgment on government's motion to exclude evidence related to defendant's untimely notice pursuant to Fed. R. Crim. P. 12.2(b)). Accordingly, the government will not repeat those facts here.

Despite the frequency and clarity of the Court's denials of his increasingly "conspiratorial" motions, Dkt. No. 369 at 6, the defendant has filed yet another motion to compel along with hundreds of pages of exhibits to "supplement the record" based on his counsel's latest theories, *see* Dkt. Nos. 422, 427-1–427-9. In his current motion, filed almost a year after the extended pretrial motions deadline, *see* Dkt. No. 72, the defendant argues that the Court must (1) alter its prior rulings based on his interpretation of the FLA's tip and (2) order the government to produce material that will confirm his enduring belief that the FLA's tip is only partially reliable[1] in the hopes of filing a seventh motion to suppress, which would itself be even further untimely, Dkt. No. 427 at 2–7; *see also* Dkt. No. 429 (defendant's untimely sixth motion to suppress). In support of his untimely motion, the defendant relies on a declaration from a private consultant with no clear experience in online child sexual abuse investigations who joined the defense team in approximately March 2021,[2] a criminal complaint filed in a different case in a different district in

---

[1] The defendant acknowledges that the FLA identified the user of his Internet Protocol ("IP") address accessing a child pornography hidden service ("Target Website") on The Onion Router ("Tor") but refuses to accept that it also identified the user of his IP address accessing child sexual and exploitation abuse material on the Target Website. To date, he has not explained why the statement in the tip that the user of his IP address accessed online child sexual abuse material on the Target Website can only be interpreted to mean the exact opposite.

[2] The defendant provided the government with a declaration from this consultant in March 2021. *See* Dkt. 427-1 at 2. This declaration, dated March 15, 2021, was attached to the defendant's initial supporting memorandum that has since been removed from the docket. The declaration attached to his current filing is dated July 30, 2021 but appears to largely repeat the claims in his original declaration. Dkt. No. 427-5 at 6. The declarations provide a complicated explanation of the consultant's understanding of the FBI's document serialization process—none of which has any bearing on whether the FBI was entitled to rely on the tip or whether the tip provided probable

March 2021, and a March 2021 phone call between recently added defense counsel and government counsel. Dkt. No. 427 at 7–16.

## ARGUMENT

The government is aware of its disclosure obligations and has complied with and will continue to comply with these obligations. In his latest motion, the defendant relies on tangential speculation to ask this Court to reconsider its discovery rulings and order the government to produce material that he believes will corroborate his unsupported theory about the FLA's tip and give him some basis to challenge the valid search warrant once again. A motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Dkt. No. 237 at 3 (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "A motion to reconsider will not be granted when the moving party seeks to have the Court rethink what the Court has already thought through—rightly or wrongly." *Id.* (internal quotations and citations omitted). Though the defendant ignores this standard, he appears to be asking the Court to reconsider its prior rulings based on "new evidence"—that is, the declaration, criminal complaint, and phone call referenced above.

None of this is new evidence. The consultant's declaration regurgitates the same assumptions he made about this case in March 2021, prior to the filing of the defendant's last motion to compel. *See* Dkt. Nos. 427-1 & 427-5. Moreover, the bases for his convoluted declaration—the FBI's case opening document, which notes the existence of the FBI "HQ file" that has become the desired site for the defense's next fishing expedition, *see* Dkt. No. 427-5 at

---

cause to search the defendant's home—before ultimately concluding with the consultant's opinion that the tip was insufficient to support probable cause. Dkt. No. 427-5 at 6.

3

13–16, and the three documents that form the FLA's tip—were made available to the defense in July 2020. The defendant is simply asking this Court to reconsider its prior rulings based on his bizarre spin of innocuous information about an FBI "HQ file" and the tip that the defense has been aware of since the outset of this case. The out-of-district complaint appears to have likewise come to the defendant's attention in March 2021. Dkt. No. 427 at 15. Undersigned counsel is not privy to the details of that case but, assuming it stems from the same larger investigation as this one, the single sentence he highlighted in no way suggests that the FLA's tip about his IP address is false, nor does it provide any new information. The parties have long known that the FBI's investigation extends to other targets in addition to the defendant charged here, Dkt. No. 369 at 4, and the suggestion that the government is prosecuting other individuals based on the execution of warrants related to this investigation only confirms what the government has repeatedly explained in this case and in the search warrant affidavit: the FLA is a reliable source of information and the FBI had no reason to doubt its tip that the defendant's IP address accessed child sexual abuse and exploitation material on the Target Website.

Finally, with respect to the five-month-old phone call, the government disagrees with defense counsel's characterization of that call. *See* Dkt. No. 427 at 7, 12, 17. The government has long advised that the three documents provided to the defense form the FLA's tip, which is accurately described in the search warrant affidavit here. The government has never conceded that the tip is somehow factually incomplete or inaccurate, and the defense has provided nothing more than rank speculation to suggest that there must be some other document that would support its theory that the tip is false or unreliable. As noted previously, the government has complied with its disclosure obligations. Put simply, the government is not aware of any information suggesting

that the tip is false or unreliable and defense counsel's misrepresentation of a March 2021 phone call does not constitute new evidence that warrants reconsideration of the Court's prior rulings.

But even if the defendant found new evidence not previously available, his motion still fails to provide a sufficient basis for his request. In short, for the Court to grant his motion, he must present facts—not conclusory allegations or speculation—that "would tend to show that the Government is in possession of information helpful to the defense." Dkt. No. 237 at 4 (internal citation omitted). Here, the defendant argues that there must be undisclosed, material information contradicting the tip because of a single sentence in a criminal complaint issued in another case in March 2021 and the March 2021 phone call referenced above.[3] Dkt. 427 at 16–17. The complaint, however, does not contradict the tip's suggestion that the user of his IP address accessed child sexual abuse and exploitation material on the Target Website or prove that the government is in possession of any such contradictory information. As noted above, the government's prosecution of other individuals based on information provided by the FLA would only confirm that the FBI believed the tip regarding his IP address to be accurate and reliable. And as also noted above, the defense's characterization of a five-month-old phone call is inaccurate. The government has never agreed that the tip is false or materially incomplete. Nor has the defendant provided any facts to substantiate this claim. Indeed, all he has presented is his "repeated incantation" that he only accessed the homepage of the Target Website based on a selective reading of the tip. Dkt. No. 73 at 11. It is, of course, unsurprising that the defendant refuses to acknowledge the plain meaning of

---

[3] He also argues that this hypothetical information must exist based on his strained reading of the search warrant affidavit and the FLA's tip documents, all of which have long been available to him. Dkt. No. 427 at 16–17. These arguments have already been raised and appropriately rejected by the Court as baseless conjecture. Neither of these arguments provides any proof that the FBI believes that the FLA's tip is false. The fact that the defendant has added to his legal team since the Court rejected these unfounded claims does not entitle him to have them reconsidered.

the tip's statement that he accessed child sexual abuse and exploitation material on the site, the majority of which is only available to members, because the only logical conclusion to draw from that statement is that the defendant was likely a member of the site who did far more than access its homepage.

The defendant also claims that the government has failed to comply with its obligations under *Kyles v. Whitley*, 514 U.S. 419 (1995), in essence because the government has not provided him with his requested access to the "FBI's HQ case file." Dkt. No. 427 at 18–19. This, too, is incorrect. The government has complied with its discovery obligations and has provided the defendant with material related to his IP address from that file. The defendant's wishful speculation that there must be some additional document or communication stating that the FLA's tip is false or misleading in this file does not make it so and is insufficient to support the requests in his instant motion. The government is aware of its discovery obligations, has consulted with the prosecution team, and will promptly produce exculpatory material if any becomes available.

Finally, the defendant mischaracterizes the relevant caselaw to argue that the Court must "clarify" its rulings to "create an accurate and complete record" that adopts his interpretation of the facts.[4]  Dkt. No. 427 at 3–5, 18. That is not a proper basis to ask this Court to reconsider its prior rulings, particularly considering that this is now the defendant's fifth motion to compel, and it is inappropriate for defense counsel to cast evident dissatisfaction with the Court's rulings as a lack of clarity. In any event, the Court's rulings are clear and consistent with controlling precedent. As the Court has accurately explained, the tip states "on its face" that the user of the defendant's

---

[4] While the defendant claims that he has "no other way" of obtaining the hypothetical material he needs to supplement the already voluminous record in this case than by filing his five motions to compel, Dkt. No. 427 at 18, he has also filed FOIA lawsuits in the United States District Courts for the District of Columbia and the District of Maryland to work around the Court's discovery rulings and obtain this hypothetical document contradicting the tip that he insists must exist.

IP address accessed child sexual abuse material on a hidden service dedicated to such content on the Tor anonymity network—as opposed to on the open internet, like many of the cases cited in the defendant's motion—which is sufficient to establish probable cause to search his residence. Dkt. No. 237 at 2 n.1; *see also* Dkt. No. 113 at 7–8 (citing *United States v. Bosyk*, 933 F.3d 319 (4th Cir. 2019)). The Court has also explained that the defendant has unnecessarily "spill[ed] much ink arguing" that he did not access child sexual abuse material on the Target Website because, even assuming *arguendo* that the defendant's atextual reading of the tip is somehow correct, that distinction is immaterial to the Court's probable cause determination. *Id.* The many affirmative steps that the user of the defendant's IP address would have to take to navigate to the Target Website on Tor supports the conclusion that the user did so intentionally to access the child sexual abuse material on the website, which is sufficient to establish probable cause to believe that evidence of a crime would be found at the defendant's home. Dkt. No. 237 at 2 n.1. In other words, there is nothing to clarify, and the defendant's request is simply designed to have this Court rethink what it has already thought through and clearly articulated on multiple occasions.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's second renewed motion to reconsider his motion to compel. Further, given the Court's familiarity with this case and the baselessness of the defendant's recycled claims, a hearing on his motion would not aid the Court and is not necessary.

                                        Respectfully submitted,

                                        Raj Parekh
                                        Acting United States Attorney

By:       /s/
               William G. Clayman
               Special Assistant United States Attorney (LT)

        Jay V. Prabhu
        Seth M. Schlessinger
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Fax: 703-299-3981
        Email: william.g.clayman@usdoj.gov
        Email: jay.prabhu@usdoj.gov
        Email: seth.schlessinger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2021, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

              By:      /s/
                    William G. Clayman
                    Special Assistant United States Attorney (LT)
                    United States Attorney's Office
                    Eastern District of Virginia
                    2100 Jamieson Avenue
                    Alexandria, Virginia 22314
                    (703) 299-3700
                    Email: william.g.clayman@usdoj.gov