**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| | Hearing: August 27, 2021 |
| ZACKARY ELLIS SANDERS, | Trial: October 19, 2021 |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO SEAL
PORTIONS OF AND REPLACE EXHIBIT ON THE DOCKET**

Defendant, Zackary Ellis Sanders, by counsel, and with consent of the government, moves this Honorable Court, pursuant to Local Crim. R. 49 for entry of an Order permitting replacing a recently filed exhibit on the docket with the attached redacted document (Ex. I), which redacts additional information to be filed under seal. A proposed order is attached for the consideration of the Court.[1] The government has previously consented to Mr. Sanders filing under seal material that it considers to be subject to the protective order, that it considers particularly sensitive, or that has previously been filed under seal. Mr. Sanders seeks sealing for the same reasons here, and also to comply with Local Criminal Rule 47(c)(2) by redacting personal identifiers. In support of this motion, the defense further states:

---

[1] The document to be filed under seal has previously been filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). *See* Dkt. 427-5. Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

I. **Exhibit to be Further Redacted, and Necessity for Sealing**

A. Mr. Sanders asks the Court to seal additional portions of Dkt. 426-5, which pertain to and refer to material that the government believes is under a protective order, that the government believes is most sensitive, that has been previously filed under seal, and/or that contains personal identifying information. *See* Dkt. 28; Local Criminal Rule 47(c)(2). The defense has endeavored to seal only the minimum necessary portion of its exhibit and files, as Ex. I, a newly redacted version on the public docket.

B. Sealing additional portions of Dkt. 426-5 under seal is necessary because it contains discussion of material that the government considers under a protective order, that the government considers most sensitive, that has previously been filed under seal, and/or that contains personally identifying information that should be filed under seal. *See* Dkt. 28; Local Criminal Rule 47(c)(2). Because of the information contained in Dkt. 426-5, the parties request that the exhibit currently on the docket at 426-5 be replaced with the document attached as Ex. I.

C. Counsel for Mr. Sanders has considered procedures other than filing under seal and none will suffice to protect disclosure of this information that the government considers subject to a protective order or most sensitive, or that has previously been filed under seal, or that contains personally identifying information.

II. **Previous Court Decisions Which Concern Sealing Documents**

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory

power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### III.  Period of Time to Have the Document Under Seal

The material to be filed under seal would need to remain sealed as long as the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order replacing Dkt. 426-5 with the document with additional redactions attached as Ex. I.

Respectfully submitted,

       /s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

       /s/
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

       /s/
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

                                          */s/*
H. Louis Sirkin (*pro hac vice* pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2021, the foregoing was served electronically on the counsel of record through the U.S. District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress