IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 1:20-cr-143 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on Defendant Zackary Sanders's Motion to Supplement the Record and Renew His Motion to Compel Exculpatory Material or, in the Alternative, to Submit Exculpatory Material for *In Camera* Review (Dkt. 422). Although labeled by defendant as a Motion to Compel, the motion is more accurately considered a second renewed motion to reconsider defendant's motion to compel originally denied on August 21, 2020. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, Aug. 21, 2020) (Memorandum Opinion and Order).[1] Because the matter has been fully briefed and because the facts and legal contentions are clear from the record, oral argument is unnecessary and would not aid the decisional process. The matter is therefore ripe for disposition.

### I.

The pertinent facts in this case have been reiterated many times in previous memorandum opinions and orders and need not be repeated here. *See, e.g., United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, October 26, 2020) (Dkt. 113-14) (Memorandum Opinion and Order).

As has been made clear in past Orders, a motion for reconsideration can be successful in

---

[1] On September 10, 2020, defendant's first motion to reconsider his motion to compel was denied. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, Sept. 10, 2020) (Dkt. 107) (Sealed Order). On January 26, 2021, defendants' renewed motion to reconsider his motion to compel was denied. *See United States v. Sanders*, Case No. 1:20-cr-143 (E.D. Va, Jan. 26, 2021) (Order).

only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *See Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Despite the fact that this motion represents defendant's fourth attempt to litigate this issue and third attempt to have the Court "rethink what the Court ha[s] already thought through—rightly or wrongly,"[2] defendant fails to address the standard for a motion to reconsider. Nevertheless, it is apparent from defendant's memorandum in support of his motion and defendant's reply brief that defendant's central ground for reconsideration is new evidence that defendant claims was not previously available. Although defendant presents new evidence including the criminal complaint in *United States v. Corwin* and a second declaration from Anthony Ferrante, the evidence merely regurgitates the same failed arguments that have already been considered—and rejected—by the Court. Neither citations to *United States v. Corwin* nor Anthony Ferrante's second declaration alter the analysis or the result reached previously. Defendant's second renewed motion to reconsider his motion to compel must therefore be denied.

Accordingly,

It is hereby **ORDERED** that defendant's Second Renewed Motion to Reconsider his Motion to Compel (Dkt. 422) is **DENIED**.

It is further **ORDERED** that the hearing in this matter scheduled for August 27, 2021 is **CANCELLED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
August 25, 2021

/s/
T. S. Ellis, III
United States District Judge

---

[2] *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).