IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-143 |
| v.   ) | |
| ) | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS,   ) | |
| ) | Trial: October 19, 2021 |
| *Defendant.*   ) | |
| ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S SECOND
RENEWED MOTION TO RECONSIDER THE COURT'S DENIAL OF DEFENDANT'S
FIFTH MOTION TO SUPPRESS AS UNTIMELY**

On August 19, 2021, the defendant filed a "Renewed Motion to Suppress Statements Taken in Violation of *Miranda v. Arizona*," and a supporting memorandum. Dkt. Nos. 429 and 430. While styled as a renewed motion to suppress, his latest filing is more accurately described as a second renewed motion for this Court to reconsider its Order denying his fifth motion to suppress as untimely. Dkt. No. 196. The United States of America, by and through undersigned counsel, files this response. For the reasons below, his motion should be denied. Further, because the defendant has again failed to show good cause for his extremely untimely filing, his request for an evidentiary hearing on September 10, 2021, is premature and should be denied.

**BACKGROUND**

On July 10, 2020, the defendant appeared before this Court for his arraignment, at which the Court set the deadline for pretrial motions as August 20, 2020.[1] Dkt. No. 34. On August 20,

---

[1] The facts of this case are well known to the Court and will not be repeated in full here. *See* Dkt. Nos. 73 (denying defendant's first motion to compel), 107 (denying motion to reconsider motion to compel), 113 (denying four motions to suppress), 196 (denying fifth motion to suppress), 237 (denying renewed motion to reconsider motion to compel), 369 (denying motion to compel), 402

2020, the Court granted in part the defendant's motion for an extension of the briefing schedule and reset the deadline for pretrial motions as August 27, 2020. Dkt. No. 72. On August 27, 2020, the defendant filed an eighty-page motion to suppress and a motion for leave to exceed the thirty-page limit for motions set by the Local Criminal Rules. Dkt. Nos. 75 and 77. The Court struck the motion to suppress for failing to comply with the required page limit and permitted the defendant to refile his motion within a forty-page limit by September 2, 2020. Dkt. No. 80. On September 2, 2020, the defendant filed four motions to suppress and a motion to reconsider his first motion to compel, which the Court had previously denied. Dkt. Nos. 81, 83, 85, 87, and 88. None of the defendant's motions to suppress sought to suppress the incriminatory statements he made to law enforcement regarding his possession of child sexual abuse material during the search of his home, which are detailed in the affidavit in support of the criminal complaint and have been known to defense counsel since the outset of this case.

Over one hundred days after the deadline for pretrial motions and without leave of the Court or any explanation at all, the defendant filed a motion to suppress these statements based on *Miranda v. Arizona*, 384 U.S. 436 (1966), and requested an evidentiary hearing. Dkt. No. 149. The following day, the Court issued an Order requiring the defendant to show cause as to why his motion was filed one hundred and twelve days late. Dkt. No. 152. After receiving briefing from both parties, the Court denied the defendant's motion as untimely, finding that: (1) his untimely motion would delay the trial date; (2) he provided no adequate or persuasive reason for the extreme untimeliness of his motion; (3) his untimely motion would likely prejudice the government; (4)

---

(deferring judgment on government's motion to exclude evidence related to defendant's untimely notice pursuant to Fed. R. Crim. P. 12.2(b)).

2

denial of his untimely motion would not prejudice him; and (5) he had not received any new information to justify his untimely filing. Dkt. No. 196.

On January 13, 2021, the defendant filed a renewed motion for leave for this Court to consider his untimely fifth motion to suppress, noting that the trial had been continued due to COVID-19. Dkt. No. 213. On February 4, 2021, the Court denied the defendant's renewed motion, explaining that the defendant still failed to provide an adequate reason for filing his fifth motion to suppress more than three months after the filing deadline, especially given that he had all the information needed to file the motion long before that deadline. Dkt. No. 245. The Court also noted that accepting the defendant's tardy motion would still prejudice the government and that he will not be prejudiced because he has other avenues to raise the claims in his motion. *Id.*

Two hundred and twenty-four days after the Court's Order denying his motion as untimely—and approximately two weeks before the government's deadline to respond to the defendant's similarly untimely notice of his intent to present expert evidence at trial relating to an alleged mental disease or defect bearing on his guilt, pursuant to Federal Rule of Criminal Procedure 12.2(b)—the defendant has "renewed" his fifth motion to suppress, implicitly asking the Court to reconsider its rulings on the untimeliness of his motion, and has requested that the Court set an evidentiary hearing on his denied motion to suppress. Dkt. Nos. 429 and 430.

## **ARGUMENT**

A motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Dkt. No. 237 at 3 (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). The defendant's second renewed motion for reconsideration of this Court's Order denying his motion to suppress fails to

address the relevant standard for reconsideration. Instead, he simply states that the trial date has been continued—a continuance, it should be noted, that was necessitated by his extremely untimely notice pursuant to Federal Rule of Criminal Procedure 12.2(b) of his intent to present expert evidence related to a purported mental defect that bears on his guilt—and highlights the statutorily mandated sentence he faces. Dkt. No. 430. The defendant otherwise provides no explanation for the timing of his second renewed motion, which comes approximately two hundred days after the Court last denied his fifth motion to suppress as untimely, two months after the last trial continuance to allow for a mental health evaluation to be conducted for purposes of his untimely Rule 12.2(b) notice, and two weeks before the government's deadline to submit its opposition to the defendant's untimely notice. For the following reasons, the defendant's motion should be denied.

First, as this Court has explained, in determining whether to hear an untimely motion consistent with Federal Rule of Criminal Procedure 12(c)(3), "courts confronted with [such a] motion consider (i) the extent of the untimeliness, (ii) the reason for late filing, (iii) prejudice to the other party, and (iv) whether the receipt of additional information after the filing deadline alerted defendant to facts on which a motion to suppress might be based." Dkt. No. 245 at 1–2 (internal citations and quotation marks omitted). And as was the case when the defendant filed his first renewed motion for this Court to reconsider its denial of his motion as untimely, an unrelated trial continuance "in no way affects (ii) the reason for the late filing or (iv) whether the receipt of additional information after the filing deadline alerted defendant to facts on which a motion to suppress might be based." *Id.* at 2. This is particularly true considering that the most recent continuances were necessitated by the defendant's untimely, last-minute effort to inject into this case irrelevant and unreliable evidence in support of a legally dubious defense. Indeed, it is

4

undeniable that the defendant could have filed a timely motion to suppress his statements but made the strategic choice to focus on other suppression arguments. Having lost on those issues, the defendant now seeks to try his hand at suppressing his statements. Under these circumstances, he cannot establish good cause for his untimely filing as required by Rule 12. *See United States v. Robinson*, 92 F. App'x 48, 48 (4th Cir. 2004) ("Counsel's decision not to file a pretrial motion to suppress did not constitute good cause to excuse the waiver.").[2] Put simply, there is "no persuasive reason for the defendant's failure to file his fifth motion to suppress on time when he filed his four previous motions to suppress." Dkt. No. 245 at 2.

Second, as this Court has stated multiple times, "denial of defendant's tardy motion is unlikely seriously to prejudice defendant because defendant has other avenues to raise the claims in his motion." *Id.* at 3. The government, on the other hand, continues to be prejudiced by the constant stream of untimely motions and filings from the various members of his expanding

---

[2] *See also United States v. Abdi*, 827 F. App'x 499, 504 (6th Cir. 2020) ("Such a decision to wait and see how the court rules on an earlier motion before filing another one based on previously available evidence is not good cause for months of delay." (internal citations and quotation marks omitted)); *United States v. Andres*, 960 F.3d 1310, 1316 (11th Cir. 2020) (rejecting untimely pre-trial suppression motion because "no good cause exists if the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." (internal citations and quotations marks omitted)); *United States v. Boliaux*, 915 F.3d 493, 496 (7th Cir. 2019) (noting that counsel's conscious decision not to raise a suppression argument prior to the pre-trial motions deadline "is exactly the kind of strategy that Rule 12(b)(3) is designed to block")*; United States v. Pittman*, 816 F.3d 419, 424 (6th Cir. 2016) ("Parties generally cannot establish good cause for untimely filings when their tardiness results from a lawyer's conscious decision not to file a pre-trial motion before the deadline." (internal citations and quotation marks omitted)); *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) ("A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish 'cause.'"); *United States v. Schulte*, 436 F. Supp. 3d 747, 750 n.6 (S.D.N.Y. 2020) ("Counsel neglecting to file a motion, despite ample opportunity to do so, with no reasonable excuse—does not establish good cause."); *United States v. Robinson*, 357 F. Supp. 3d 221, 223 (E.D.N.Y. 2019) ("Put another way, he made a strategic decision not to advance the Defendant's motion [to suppress], and now regrets not doing so because he is more confident in his chances than he was at the time. However, the law is clear that the strategic decisions of counsel cannot establish cause under Rule 12(c)(3).").

5

defense team—including, most recently, the instant motion, his recently denied fifth motion to compel, and his untimely notice pursuant to Rule 12.2(b), the last of which has required the government to retain a forensic psychologist to extensively evaluate the defendant and prepare briefing that addresses the validity of the defendant's untimely defense based on that evaluation. Indeed, the government's briefing in response to the defendant's untimely 12.2(b) notice is due on September 3, 2021, and the government has now had to divert time and resources away from addressing that issue to address his meritless fifth motion to compel and this meritless motion to reconsider the Court's denial of a motion that should have been filed a year ago.

In short, the defendant has yet again failed to provide good cause for this Court to consider his extremely untimely filing. *See United States v. Walden*, 625 F.3d 961, 965–66 (6th Cir. 2010) ("At a minimum, [good cause] requires the party seeking a waiver to articulate some legitimate explanation for the failure to timely file."); *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009) ("Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases. . . . The possibility that other parties and the court could accommodate a late-filed motion does not mandate that the court grant an exception to the deadline where the movant fails to make an adequate showing of good cause."). Accordingly, his second renewed motion for this Court to reconsider its Order denying his initial motion as untimely should also be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's second renewed motion for this Court to reconsider its Order denying the defendant's fifth motion to suppress as untimely. Further, because the defendant has again failed to show good

6

cause for his extremely untimely motion, his request for an evidentiary hearing on September 10, 2021, is premature and should be denied.

        Respectfully submitted,

        Raj Parekh
        Acting United States Attorney

By:     /s/
        William G. Clayman
        Special Assistant United States Attorney (LT)
        Jay V. Prabhu
        Seth M. Schlessinger
        Assistant United States Attorneys
        United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: 703-299-3700
        Fax: 703-299-3981
        Email: william.g.clayman@usdoj.gov
        Email: jay.prabhu@usdoj.gov
        Email: seth.schlessinger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I filed the foregoing with the Clerk of Court and emailed an un-redacted copy of same to all counsel of record.

                By:      /s/
                     William G. Clayman
                     Special Assistant United States Attorney (LT)
                     United States Attorney's Office
                     Eastern District of Virginia
                     2100 Jamieson Avenue
                     Alexandria, Virginia 22314
                     (703) 299-3700
                     Email: william.g.clayman@usdoj.gov