IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 1:20-cr-143 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| Defendant. ) | |

## ORDER

This twelve-count criminal prosecution for production, receipt, and possession of child pornography is set to come before the Court on September 10, 2021 for a hearing on Defendant's Motion to Suppress Statements Taken in Violation of *Miranda v. Arizona* (Dkt. 429). Defendant filed this motion on August 19, 2021, nearly one year after the motions deadline of August 27, 2020. The motion has been briefed and, for reasons stated *infra*, oral argument is unnecessary.

This is not the first time Defendant has sought suppression of statements that he made to law enforcement officers. Defendant filed his first motion to that effect on December 17, 2020 (Dkt. 149). Because that filing was submitted over one hundred days after the motions deadline, the Court ordered Defendant to show good cause for the motion's tardiness (Dkt. 152). Defendant failed to show good cause and Defendant's motion was denied as untimely (Dkt. 196).

Defendant filed a motion seeking reconsideration of that decision on January 13, 2021 (Dkt. 213). Defendant argued, in part, that because the trial date had been continued, holding a suppression hearing would not prejudice the Government. A subsequent Order concluded that Defendant—who offered no justification for waiting until months after the deadline to seek suppression of his statements—had again failed to show good cause. Defendant's motion was therefore denied. Dkt. 245.

1

In essence, Defendant's present Motion to Suppress rehashes the argument advanced in his January 13, 2021 motion: because the trial date has been continued, and some restrictions related to the COVID-19 pandemic have been relaxed, litigating the merits of Defendant's untimely suppression motion would not prejudice the Government. Again, Defendant's contention misses the heart of the good cause inquiry. In determining whether a defendant has established good cause for filing an untimely motion to suppress, courts consider: "(i) the extent of the untimeliness, (ii) the reason for late filing, (iii) prejudice to the other party, and (iv) whether the receipt of additional information after the filing deadline 'alerted defendant to facts on which a motion to suppress might be based.'" *United States v. Samuel*, Case No. 1:14-cr-351, 2015 WL 1442884, at *3 (E.D. Va. Mar. 26, 2015), aff'd, 674 F. App'x 322 (4th Cir. 2017) (quoting *United States v. Cross*, 256 F. App'x 623, 627 (4th Cir. 2007)). The first factor plainly weighs against Defendant: over a year has now elapsed since the motions deadline in this case. And Defendant presents no argument under factors (ii) or (iv) to explain the extreme tardiness of his motion.

For reasons stated herein—and in the Court's previous Orders—Defendant's Motion to Suppress (Dkt. 249) is denied.

Accordingly,

It is hereby **ORDERED** that defendant's Motion to Suppress Statements Taken in Violation of *Miranda v. Arizona* (Dkt. 429) is **DENIED AS UNTIMELY**.

It is further **ORDERED** that the hearing set for **Friday, September 10 at 9:00 a.m.** is **CANCELLED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
September 8, 2021

/s/
T. S. Ellis, III
United States District Judge

2