**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Trial: October 19, 2021 |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL**

Pursuant to Local Criminal Rule 49(E), defendant, Zackary Ellis Sanders, through counsel, moves for an order permitting the defense to file under seal portions of his Memorandum in Support of his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25, and the entirety of exhibits 3 through 6. The defense does not believe that any portion of exhibits 1, 2, 7, 8, or 9 should be filed under seal because such exhibits do not contain information that is subject to the protective order. A proposed order is attached for the consideration of the Court.[1] The government has previously consented to Mr. Sanders filing under seal material that it considers to be subject to the protective order, that it considers particularly sensitive, or that has previously been filed under seal. Mr. Sanders seeks sealing for the same reasons here. In support of this motion, the defense further states:

---

[1] The document to be filed under seal will be filed with the Court non-electronically pursuant to Local Criminal Rule 49(E) and the Electronic Case Filing Policies and Procedures (*see* p. 21). Pursuant to the Local Rules, the sealed document is to be treated as sealed pending the outcome of this motion.

### I.     Items to be Filed Under Seal, and Necessity for Sealing

A.     Mr. Sanders asks the Court to seal portions of his Memorandum in Support of his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25, and the entirety of exhibits 3 through 6, which pertain to and refer to material that the government believes is under a protective order, that the government believes is most sensitive, or has been previously filed under seal. *See* ECF No. 28. The defense has endeavored to seal only the minimum necessary portion of its Memorandum and will file a redacted version on the public docket.

B.     Filing portions of Mr. Sanders's Memorandum in Support of his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25, and the entirety of exhibits 3 through 6, under seal is necessary because they contain discussion of material that the government considers under a protective order, that the government considers most sensitive, or that has previously been filed under seal. *See* ECF No. 28.

C.     Counsel for Mr. Sanders has considered procedures other than filing partially under seal and none will suffice to protect disclosure of this information that the government considers subject to a protective order or most sensitive, or that has previously been filed under seal.

### II.     Previous Court Decisions Which Concern Sealing Documents

The Court has the inherent power to seal materials submitted to it. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C.

Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

### III. Period of Time to Have the Document Under Seal

The materials to be filed under seal would need to remain sealed as long as the protective order remains in effect.

Accordingly, Mr. Sanders respectfully requests that this Court enter an order allowing the defense to file under seal portions of his Memorandum in Support of his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25, and the entirety of exhibits 3 through 6.

Respectfully submitted,

 */s/*
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

 */s/*
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

 */s/*
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

 */s/*
H. Louis Sirkin (*pro hac vice* pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress