IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                  Defendant. | Case No. 1:20-cr-00143<br><br>Honorable T.S. Ellis, III<br><br>Trial: October 19, 2021 |

## NOTICE OF FILING TO SUPPLEMENT THE RECORD

Zackary Ellis Sanders, by and through counsel, submits the attached filing as supplemental authority in support of his pending Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25 (Dkt. 471, 472, 476), as well as his previously filed Renewed Motion to Compel Exculpatory Material Or, in the Alterative, to Submit Exculpatory Material for *In Camera* Review (Dkt. 422, 426, 427) and Renewed Motion to Suppress Based on Lack of Probable Cause and False and Misleading Statements and for a *Franks* Hearing (Dkt. 463, 464, 467).

The redacted criminal complaint and plea agreement in *United States v. Brandon Kidder*, Case No. 21-cr-00118 (W.D.N.Y.) ("*Kidder* documents"), particularly when read in conjunction with one another, contain public information that was previously unavailable prior to the pretrial motions deadline in this case. March 2020 Criminal Complaint, attached as Ex. 1, and August 2021 Plea Agreement, attached as Ex. 2. These documents provide a further basis for the Court

to rule on a more complete record, "correct a clear error of law," and "prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

While much of the information about the investigation of Mr. Kidder's IP address is redacted,[1] it is clear that the investigation of Mr. Kidder stemmed from the same operation as the investigation of the Sanders family's IP address and involved, *inter alia*, the website that the government alleges is the target website in this case. Additionally, the investigation of Mr. Kidder's IP address was based on a tip that a specific IP address had visited that website on May 24, 2019, and followed the same timeline as the FBI's investigation of the Sanders family's IP address. *See, e.g.,* August 2021 Plea Agreement (Ex. 2) at ¶¶ 7(a), (b); March 2020 Criminal Complaint (Ex. 1) at ¶ 8. Moreover, as in this case, the FBI received that tip prior to September 10, 2019 and issued an administrative subpoena on September 10, 2019 to the Internet Service Provider associated with that IP address, for information on a single date, at an exact time, in May 2019. *Id.* at ¶ 8 ("On September 10, 2019, an administrative subpoena was issued to Charter Communications for information related to IP address 98.3.34.197 on May 24, 2019 at 00:31:58 UTC"); *compare with* FD-1057 (Dkt. 427, Ex. 5-B) at 2 ("On September 10, 2019, an administrative subpoena was issued to Cox Communications for information related to IP address 98.169.118.39, on May 23, 2019, at 02:06:48 UTC"). In January 2020, as in this case, an FBI agent at the local field office opened an investigation into the IP address. March 2020

---

[1] The defense believes that the redacted text includes language that tracks the language used in Mr. Sanders's case and also indicates the Agent's understanding that the tip from the FLA communicated that someone using Mr. Kidder's IP address had merely accessed the website, rather than any specific illegal content on the website (which could only be viewed after registering an account and logging in). That information is material and exculpatory, because it supports Mr. Sanders's arguments for suppression and demonstrates the misleading nature of paragraph 23 of the Affidavit in Support of the Search Warrant (Dkt. 254-3). The Court should order the government to produce an unredacted copy of the affidavit in support of the *Kidder* complaint.

Criminal Complaint (Ex. 1) at ¶ 6.  On August 9, 2021, Mr. Kidder and the government entered into a plea agreement which contains language indicating that this case stemmed from the same joint operation between the US and the foreign law enforcement agency.  August 2021 Plea Agreement (Ex. 2) at ¶¶ 7(a), (b).

The defense submits that, based on the publicly available information contained therein alone, the *Kidder* documents further support Mr. Sanders's position that this operation was a large-scale joint venture that included the warrantless deployment of a Network Investigative Technique ("NIT"), in violation of Mr. Sanders's rights under the Fourth Amendment.

Respectfully submitted,

_____*/s/*_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____*/s/*_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____*/s/*_____
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700

        Facsimile: 716-853-3710
        Email: mjm@harringtonmahoney.com

        /s/
        H. Louis Sirkin (*pro hac vice* pending)
        600 Vine Street, Suite 2700
        Cincinnati, OH 45202
        Telephone: (513) 721-4450
        Facsimile: (513) 721-0109
        Email: hls@santenhughes.com

        *Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

        */s/ Jonathan Jeffress*
        Jonathan Jeffress