IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:20-CR-143 |
| v. | ) |
| | ) Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | ) |
| | ) Trial: October 19, 2021 |
| *Defendant.* | ) |
| | ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO RECONSIDER HIS MOTION TO SUPPRESS**

On September 24, 2021, over a year past the already-extended pre-trial motions deadline, the defendant filed a "Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25." Dkt. Nos. 471 and 476. On October 6, 2021, the defendant filed a supplement to his supplemental motion. Dkt. No. 485. The United States of America, by and through undersigned counsel, files this response. For the reasons below, the defendant's motion should be denied.

**BACKGROUND**

On July 10, 2020, the defendant appeared for his arraignment, at which time the Court set the deadline for pre-trial motions as August 20, 2020.[1] Dkt. No. 34. On August 20, 2020, the Court granted in part the defendant's motion for an extension of the briefing schedule and reset the deadline for pre-trial motions as August 27, 2020. Dkt. No. 72. On August 27, 2020, the defendant filed an eighty-page motion to suppress and a motion for leave to exceed the thirty-page limit for motions set by the Local Criminal Rules. Dkt. Nos. 75 and 77. The Court struck the motion for

---

[1] The facts of this case are well documented and will not be repeated in full here. *See* Dkt. Nos. 73, 107, 113, 196, 237, 369, and 402.

failing to comply with the required page limit and permitted the defendant to refile his motion with a forty-page limit by September 2, 2020. Dkt. No. 80. On September 2, 2020, the defendant filed four motions to suppress. Dkt. Nos. 81, 83, 85, and 87. After receiving full briefing, the Court heard oral argument. Dkt. No. 108. Following oral argument, the defendant filed a "Notice of Supplemental Authority," in which he raised additional arguments in support of his motions to suppress. Dkt. No. 112. On October 26, 2020, the Court denied the defendant's motions to suppress in a comprehensive Memorandum Opinion and Order. Dkt. Nos. 113 and 114.

Since the deadline to file pre-trial motions has elapsed, the defendant has submitted over a dozen untimely motions and supplemental filings and exhibits related to his motions, often without seeking leave of the Court.[2] In the past few months alone, the defendant has filed hundreds of pages of briefing and exhibits to "supplement the record" based on his baseless theories about this investigation and what the foreign law enforcement agency's ("FLA") tip might mean, *see* Dkt. Nos. 422, 464 at 2, 476. And he continues to do submit these untimely filings despite clear rulings from this Court that his "conspiratorial" motions are based on nothing more than a "wishful

---

[2] *See* Dkt. No. 112, Notice of Supplemental Authority in Support of His Motions to Suppress No. 1 and No. 3; Dkt. No. 135, Motion to Compel or in the Alternative for *In Camera* Inspection; Dkt. No. 138, Supplemental Memorandum to Motion to Compel or in the Alternative for *In Camera* Inspection; Dkt. No. 149, Motion to Suppress Statements; Dkt. No. 213, Motion for Leave to File Motion to Suppress Statements, Motion to Suppress; Dkt. No. 238, Supplemental Memorandum to Motion to Compel or in the Alternative for *In Camera* Inspection; Dkt. No. 299, Motion for Leave to File Rule 12.2(b) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt; Dkt. No. 315, Motion to Compel Production of Warrant; Dkt. No. 329, Notice of Supplement to Motion for Leave to File Rule 12.2(b) Notice of Expert Evidence of a Mental Condition Bearing on Lack of Guilt; Dkt. No. 344, Supplement to Motion *in Limine* and Response in Opposition to Government's Motion *in Limine*; Dkt. No. 422, Motion to Compel Exculpatory Material or, in the Alternative, to Submit Exculpatory Material for *In Camera* Review; Dkt. No. 429, Motion to Suppress Statements Taken in Violation of *Miranda v. Arizona*; Dkt. No. 463, Motion to Suppress (Renewed) Based on Lack of Probable Cause and False and Misleading Statements and for a *Franks* Hearing; Dkt. No. 471, Motion to Suppress (Renewed) Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25; Dkt. No. 485, Notice of Filing to Supplement the Record.

misreading" of the evidence, *see* Dkt. Nos. 113 at 9 and 369 at 6, and findings from other courts that similar theories are based on "a stack of hypotheticals," *United States v. Bateman*, 1:20-cr-10012-IT, 2021 WL 3055014, at *3 (D. Mass. July 20, 2021).

In his latest motion, the defendant elaborates on arguments he made previously—namely, that the FLA used a Network Investigative Technique ("NIT") that required a warrant to identify his Internet Protocol ("IP") address, that he is entitled to a *Franks* hearing based on the accurate language in paragraph 25 of the search warrant affidavit, and that the warrant lacked probable cause because he does not believe the FLA's tip is reliable—and asserts for the first time that the FLA and the Federal Bureau of Investigation ("FBI") were engaged in a "joint venture."[3] Dkt. No. 476 at 1–3. And while he also asserts that his instant motion "incorporates new evidence uncovered after the filing" of his original motions to suppress, he does not explain what that evidence is or why it was previously unavailable. *Id.* at 2.

## **ARGUMENT**

The defendant is grasping at straws. Having submitted hundreds—if not thousands—of pages of briefing and exhibits as part of his ongoing effort to suppress the evidence of his sexual abuse of children, he now asks this Court to rethink its denial of his suppression motions almost a year later and shortly before trial. Seeking to justify this request, the defendant argues that the Court must consider his "renewed" motion "on a more complete" record to correct a clear error of law and prevent manifest injustice. Dkt. No. 467 at 2.

---

[3] The phrase "joint venture" appears nowhere in the defendant's prior suppression motions. In fact, in one of his initial motions to suppress, he acknowledged that there was no evidence to support a claim that the FBI and FLA were working together to identify his IP address and made no claim that the FLA's investigation "shocks the conscience." Dkt. No. 91 at 17–20. Accordingly, the defendant made the strategic decision to focus his voluminous suppression motions on other arguments that he believed to be more meritorious.

3

The defendant is incorrect. As an initial matter, he did not assert a joint-venture theory or cite any associated caselaw in his previous motions to suppress, meaning that he has waived this argument pursuant to Federal Rule of Criminal Procedure 12(c)(3). Further, because the defendant has failed to present any new evidence that would justify his request to reconsider his other arguments and is instead simply asking the Court to rethink issues it has already decided, the defendant's last-minute effort to "supplement the record" with revised versions of his failed arguments should be denied.[4] *Id.* at 1. Finally, the Court did not err when it found that the defendant had failed to present anything beyond "rank speculation" to support his claim that the FBI knew or should have known that the FLA interfered with his computer to identify his IP address. Dkt. No. 113 at 14. Nor did the Court err when it rejected the defendant's suggestion—floated through an untimely motion to compel—that the FBI was somehow a "party to an imagined Fourth Amendment violation alluded to in defendant's previous motions to suppress." Dkt. No. 236 at 6. This claim is nothing more than "unsupported speculation." *Id.* Indeed, the defendant's exact arguments appear to have been advanced by at least one other defendant, and the court in that case appropriately rejected that defendant's joint-venture theory as a "stack of hypotheticals." *Bateman*, 2021 WL 3055014, at *3. Put simply, the defendant has presented no evidence beyond his own wishful speculation to establish that the FBI did or should have doubted the reliability of the FLA's tip or that the FBI participated in the FLA's investigation beyond what is described in the discovery in this case. Accordingly, his renewed motion to suppress and for a *Franks* hearing should be denied.

---

[4] The defendant has repeatedly now sought to justify his untimely filings as necessary to "supplement the record" for this Court and an eventual appeal. *See* Dkt. No. 422, Dkt. No. 464 at 2. He cites no authority in support of this litigation tactic, in which a defendant can simply ignore all briefing deadlines and continue submitting versions of his failed motion until he prevails. This last-minute abuse of process should be denied on this basis alone.

I.      **The Defendant Has Waived His Untimely Joint-Venture Claim**

"Under Fed. R. of Crim. P. 12, motions to suppress must be filed prior to trial or by the deadline established by the court." *United States v. Lester*, 311 F. App'x 660, 660 (4th Cir. 2009) (unpublished per curiam). "A defendant waives the right to file a suppression motion if he fails to file the motion prior to the time set by the district court, unless he can establish good cause for the waiver." *Lester*, 311 F. App'x at 600 (citing Fed. R. Crim. P. 12(e)). Factors that courts have considered in determining whether a defendant has shown good cause for filing an untimely motion to suppress include "the extent of the untimeliness," "the reason for the late filing," the prejudice caused by the late filing, and whether information after the filing deadline alerted the defendant to facts on which a motion to suppress might be based. *United States v. Samuels*, 1:14-cr-351 (E.D. Va.), 2015 WL 1442884, at *3 (E.D. Va. March 26, 2015) (citing *United States v. Cross*, 265 F. App'x 623, 627 (4th Cir. 2007)). Importantly, however, "[e]ven if the defendant did not know all of the information establishing the basis for a claim, the court will not excuse a forfeiture if the defendant, by due diligence, could have or should have discovered the basis for the claim." *United States v. Ruhe*, 191 F.3d 376, 386 (4th Cir. 1999).

In his instant motion, the defendant glosses over that he never moved for suppression on the grounds that the FBI and FLA engaged in a "joint venture" and that the FLA's investigation "shocks the conscience." Dkt. No. 476 at 20–25. In fact, the defendant first approached the government with his baseless joint-venture theory in February 2021, after he expanded his defense team to include multiple additional attorneys and well after the deadline for pre-trial motions. At that time, the defendant's theory was based on his misreading of long-produced discovery in this case. And now, despite his best efforts over the course of many months, he has failed to identify a single piece of evidence establishing that the FBI was engaged in a joint venture with the FLA.

Instead, he has now asked the Court to suppress evidence based on the same misreading of the evidence and caselaw involving different, older investigations.[5] Because the defendant has not provided any explanation for his exceedingly untimely motion—let alone a good one—the Court should deny the motion as waived.

II. **The Defendant Has Not Satisfied his Burden for Reconsideration of his Failed Arguments**

Further, to the extent the defendant is asking this Court to reconsider arguments that were actually raised in his initial motions to suppress, he has failed to satisfy his burden for this Court to reconsider these prior motions. A motion for reconsideration "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Dkt. No. 237 at 3 (quoting *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007)). "A motion to reconsider will not be granted," however "when the moving party seeks to have the Court 'rethink what the Court ha[s] already through through—rightly or wrongly.'" Dkt. No. 107 at 4 (quoting *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997)). Citing no intervening change in controlling precedent, the defendant files his latest untimely motion under the guise of presenting the Court with new, unspecified evidence and permitting it to correct a clear error of law in its ruling. Dkt. No. 476 at 2.

---

[5] Seeking to cure this deficiency, the defendant has now submitted a supplemental filing that attaches as an exhibit a heavily redacted criminal complaint from another district that he said was previously unavailable. Dkt. No. 485. The defendant suspects that this case stems from the same investigation as his and then concludes with no explanation or factual basis that the redactions must contain information supporting the many baseless claims he has advanced in this case. *Id.* at 2 n.1. The defendant is once again engaged in hopeful speculation untethered from any evidence, and the Court should disregard this supplemental filing in its entirety.

6

With respect to his claim that the FBI knew or should have known that the FLA's tip was misleading and that it used a NIT to identify his IP address, however, the defendant cites no information that was previously unavailable to him. Instead, he relies on the same inconclusive declarations prepared by the various members of his defense team, none of whom have opined that the FLA could not have identified the defendant's IP address without interfering with his computer. Dkt. No. 276 at 10; *see, e.g.*, Dkt. No. 464-2 at 8 (acknowledging at least two methods by which a Tor user can be de-anonymized, one of which would not interfere with the user's computer). His arguments that he is entitled to a *Franks* hearing based on alleged misrepresentations in paragraph 25 of the search warrant affidavit and that the warrant lacked probable cause similarly rely upon old caselaw and inconclusive affidavits from members of the defense team—both of which could have been used in his previous motions to suppress. *See* Dkt. No. 467 at 28–30. In other words, the defendant is simply asking this Court to rethink what it has already thought through[6] based on material that has always been available to him.

---

[6] *See* Dkt. No. 113 at 8 ("As the Affidavit established, the FLA is a law enforcement agency that is well-known by the FBI and that has a long history of sharing reliable information with the United States. It is well-established that proven, reliable information generally and law enforcement agencies in particular are entitled to considerable credence."); *id.* at 14 ("Defendant speculates that the FLA must have used a technique that interferes with a computer in the United States in order to obtain defendant's IP address and therefore that the FLA's—and the Affidavit's—statement to the contrary is false. This claim is rank speculation, as is defendant's contention that Special Agent Ford knew—or should have known—that the FLA must have interfered with a computer in the United States."); *id.* at 14–15 ("There is no persuasive reason to doubt the veracity of the FLA's statement that it did not interfere with a computer in the United States, nor is there any persuasive reason to think that Special Agent Ford should have disbelieved the FLA's statement. Defendant's speculation to the contrary does not amount to the substantial preliminary showing required by *Franks*. In sum, defendant's argument with respect to paragraph 25 falls well short of demonstrating, as required by *Franks*, that Special Agent Ford intentionally or recklessly made a materially false statement in his Affidavit."); Dkt. No. 236 at 6 ("In essence, defendant contends that the FBI was intimately involved in [the FLA's investigation] and was therefore party to an imagined Fourth Amendment violation alluded to in defendant's previous motions to suppress. This contention amounts to unsupported speculation. Defendant's allegation relies on nothing more than general statements from the FBI and the FLA that the agencies collaborate with

In fact, this Court now no longer appears to be the only one to have thought through these issues. In *Bateman*—relied upon by the defendant for the proposition that the government is prosecuting other individuals based on information provided by the FLA, Dkt. No. 467 at 6—the defendant moved to compel the production of material that he claimed would prove that a warrant affidavit was misleading in its description of the "collaboration between the United States and the FLA" and that the FLA violated his Fourth Amendment rights when it obtained his IP address. 2021 WL 3055014, at *2. In denying the defendant's motion, the court described the claim as "a stack of hypotheticals," with no evidentiary basis: (1) "the FLA may have misrepresented its lack of interference with a computer in the United States;" (2) the affiant "may have misrepresented the working relationship between the United States and the FLA;" and then (3) "a NIT may have been used in a joint venture to obtain Bateman's IP address." *Id.* at *4. So, too, is the defendant's instant motion. Accordingly, his motion should be denied.

## CONCLUSION

For the reasons stated, the government respectfully requests that the Court deny the defendant's "Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25." Dkt. Nos. 471 and 476.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:       /s/
William G. Clayman
Special Assistant United States Attorney (LT)
Seth M. Schlessinger

---

international partners in their efforts to combat online child sexual abuse and exploitation. Defendant's allegation that such collaboration is deeper than the information sharing apparent from this case is pure speculation.").

8

Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3981
Email: william.g.clayman@usdoj.gov
Email: seth.schlessinger@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the parties of record.

By: _____/s/_____
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
Email: william.g.clayman@usdoj.gov