IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ZACKARY ELLIS SANDERS,<br><br>        Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br><br>Trial: October 19, 2021<br><br>HEARING REQUESTED |

**REPLY TO THE GOVERNMENT'S OPPOSITION TO MR. SANDERS'S RENEWED MOTION TO SUPPRESS BASED ON THE WARRANTLESS USE OF A NETWORK INVESTIGATIVE TECHNIQUE AND FALSE MATERIAL <u>INFORMATION IN AFFIDAVIT PARAGRAPH 25</u>**

Zackary Ellis Sanders, by and through counsel, respectfully submits this Reply to the Government's Opposition to his Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25 (Dkt. 490).

In its Opposition, the government once again avoids addressing the substance of Mr. Sanders's Fourth Amendment claims, instead focusing on its well-worn procedural objections. The government does not deny, anywhere in its opposition, that the United States and the foreign law enforcement agency ("FLA") were jointly investigating the target website in tandem, since at least 2017. Nor does the government deny that the FBI asked the FLA to draft the September 16, 2019 letter in order to help justify the FBI's prior subpoenaing of information related to hundreds (if not thousands) of IP addresses in the United States (which the FBI did on September 10, 2019). Most importantly, the government does not deny that the United States and the FLA

participated in a joint venture that involved the warrantless search of Americans' computers, in violation of the Fourth Amendment.

Instead, the government complains once again about the timing of Mr. Sanders's motion, marching through the docket with observations about page limits, the number of defense counsel, and motions the defense has filed that are wholly unrelated to the issue *sub judice*. This is an obvious effort to distract the Court from the substance of Mr. Sanders's renewed motion, the timing of which is of the government's own making. Due to the government's steadfast refusal to produce required discovery that it obviously possesses, the defense was unable to assemble the evidentiary record now before the Court in time for the August 2020 pretrial motions deadline. As a result of the government's failure to honor its discovery obligations, Mr. Sanders has been forced to rely on his own investigation. Mr. Sanders has now conducted his own investigation and has filed his motion. That is entirely proper and what any diligent defense counsel would do under the circumstances. The authority the government cites for the proposition that Mr. Sanders's motion is waived in fact supports Mr. Sanders's position. *See, e.g., United States v. Samuels*, 1:14-cr-351 (E.D. Va.), 2015 WL 1442884, at *3 (E.D. Va. March 26, 2015) (noting that courts should consider both "the reason for the late filing" as well as whether information after the original filing alerted the defendant to facts on which a motion to suppress might be based); Gov't Opp'n at 5. The Court should have the opportunity to consider the additional evidence supporting Mr. Sanders's claims on this more complete record.

At the time of the pretrial motions deadline, the defense was not in a position to present a joint venture argument because it did not have access to the information that the government has been withholding. Notably, this is precisely what the government also did in Operation Pacifier (the Playpen investigation), a similar law enforcement operation. *See, e.g.,* Internal FBI Email

(Dkt. 138-9) at 9 (noting that the "scope of the international aspect of the investigation" had not "been disclosed in any filings" and that the FBI wanted "to continue to protect [that information] to the best of [its] ability").  The government's position that it should profit from its own misconduct is incorrect and would only encourage the government to continue to flout its discovery obligations in future cases.

Nor are the government's evasive tactics new to this case.  When Mr. Sanders requested screenshots of the target website's homepage, asserting that it did not display (or even suggest) any illegal content, the government dismissed his request as a "fishing expedition."  Months later, however, when the government finally disclosed the screenshot after multiple attempts by Mr. Sanders to compel it, the screenshot contradicted how the government, and in turn this Court, had characterized the target website and what an Internet user who visited this site only once would have seen.  *See* Supplement to Motion to Compel (Dkt. 176) (explaining how the government deliberately suppressed, until well after the resolution of Mr. Sanders's motion to suppress, two screenshots of the target website's homepage and announcements page that directly contradicted its, and Agent Ford's, representations and that supported Mr. Sanders's arguments for suppression); *see also* Supplement to Motion to Compel (Dkt. 241) (providing an additional example of how the government suppressed until January 25, 2021, two additional exculpatory screenshots of the target website's registration and login pages).  That the government's same disingenuous tactics continue could not be more apparent than from footnote six of its opposition, where—in a familiar move—the government describes Mr. Sanders's claims about *United States v. Kidder* case as "wishful," Gov't Opp'n at 6, but outright refuses to state *whether Mr. Sanders is correct or not.*

The government further states, without support, that Mr. Sanders "has presented no evidence beyond his own wishful speculation to establish that the FBI did or should have doubted the reliability of the FLA's tip or that the FLA participated in the FLA's investigation beyond what is described in the discovery in this case." Dkt. 490 at 4. Contrary to the government's argument, Mr. Sanders has submitted expert declarations from Seth Schoen (former technologist at the Electronic Frontier Foundation), Dr. Richard Clayton (Director of the Cambridge Cybercrime Centre and Principal Research Associate in the Computer Laboratory of the University of Cambridge), Dr. Steven Murdoch (Professor of Security Engineering at University College London) (Dkt. 464-2), Dr. Matthew Miller (former Associate Professor of Computer Science and Information Technology at the University of Nebraska at Kearney) (Dkt. 254-4, 256-5, 254-5, 254-6), and Anthony Ferrante (former Director for Cyber Incident Response at the U.S. National Security Council at the White House and Chief of Staff for the FBI's Cyber Division) (Dkt. 427-4); news articles regarding US law enforcement's investigation of the target website since sometime prior to 2017 (Dkt. 476-3, 476-4, 476-5); statements from FLA government reports that describes this operation as having been one conducted with partners (Dkt. 138-1, 253-3, 253-12); and statements from the United States government itself (including in this case and in other cases) (Dkt. 4, 140-4, 254-3, 476-2, 476-8).

When the government finally addresses the substance of Mr. Sanders's claims—a discussion confined to a half page of an eight-page pleading—it simply cites to a single unpublished decision, in which a District Court from another jurisdiction resolved a defendant's motion to compel on the NIT issue in favor of the government. *See United States v. Bateman*, 1:20-cr-10012-IT, 2021 WL 3055014, at *3 (D. Mass. July 20, 2021). The government does not address the more persuasive contrary authority, *see, e.g., United States v. Mitrovich*, 458 F.

Supp. 3d 961 (N.D. Ill. 2020) (ordering the government to disclose information about its ability to identify IP addresses and communications between the FBI and foreign law enforcement agencies), or the ample evidentiary record that Mr. Sanders has now compiled through his own independent efforts.

For the reasons stated above and in Mr. Sanders's Renewed Motion to Suppress, all evidence derived from the illegal search of the Sanders's family home should be suppressed.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

/s/
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

/s/
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

>                    /s/
> H. Louis Sirkin (*pro hac vice* pending)
> 600 Vine Street, Suite 2700
> Cincinnati, OH 45202
> Telephone: (513) 721-4450
> Facsimile: (513) 721-0109
> Email: hls@santenhughes.com
>
> *Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

> */s/ Jonathan Jeffress*
> Jonathan Jeffress