**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>         v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                               Defendant. | Crim. No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br>Trial: Oct. 19, 2021 |

## <u>DEFENDANT ZACKARY ELLIS SANDERS'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS</u>

Mr. Zackary Ellis Sanders, by and through undersigned counsel, submits the attached proposed jury instructions for inclusion by the Court in its charge to the jury.  Mr. Sanders reserves the right to modify, withdraw, supplement, or substitute instructions as may be suggested by the evidence in the case before the charge conference.  Mr. Sanders also reserves the right to supplement these instructions with an appropriate "Theory of the Defense" instruction prior to the charge conference.

| No. | Instruction | Authority |
|---|---|---|
| 18. | Statement or Conduct of a Single Defendant on Trial [Revised] | 1A Fed. Jury Prac. & Instr. § 14:03 (6th ed.) |
| 19. | Weak or Less Satisfactory Evidence [Revised] | 1A Fed. Jury Prac. & Instr. § 14:14 (6th ed.) |
| 22. | Offense Specific Definition – "Purpose of Producing" [Revised] | *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020) |
| 23. | Offense Specific Definitions – "Sexually Explicit Conduct" and "Lascivious Exhibition" [Revised] | *United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at *10 (D.C. Cir. Sept. 17, 2021) ("we decline to adopt the *Dost* factors, and thus we find unpersuasive those decisions of our sister circuits that follow the *Dost* factors, or that use *Dost* as the foundation for construing "lascivious exhibition of the |

anus, genitals, or pubic area," rather than *Miller* and its progeny, including *Ferber*, *X-Citement Video*, and *Williams*. *See United States v. Rivera*, 546 F.3d 245, 252–53 (2d Cir. 2008); *Salmoran v. Att'y Gen.*, 909 F.3d 73, 80 n.11 (3d Cir. 2018); *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015); *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019); *United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017); *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019).")

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at **4-5, 7, 9 (D.C. Cir. Sept. 17, 2021) (the terms "sexual intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse" are "graphic, sexual terms referring to sexually explicit conduct or behavior and a 'lascivious exhibition' must be equally graphic with regard to the conduct or child's behavior depicted);  See also *United States v. X-Citement Video*, 513 U.S. 64, 78-79 (1994) (the term "lascivious exhibition of the genitals" as currently used in § 2256(2)(A)(v), has the same meaning as "lewd exhibition of the genitals," as that phrase was construed in *Miller* and *Ferber*); *United States v. Williams*, 553 U.S. 285, 296 (2008) ("§ 2256(2)(A)'s definition of 'sexually explicit conduct' means essentially the same thing as the definition of 'sexual conduct' at issue in *Ferber*, except that the conduct defined by § 2256(2)(A) must be, if anything, more 'hard-core' than the conduct defined by the New York law at issue in *Ferber*, given that the federal statute prohibits "sexually explicit conduct" rather than merely "sexual conduct," as in the state law); *New York v. Ferber*,

|  |  | 458 U.S. 747, 764-65, 773 (1982) (the phrase "lewd exhibition of the genitals referred to "the hard core of child pornography").

*United States v. Hillie* , 2021 WL 4228187, at **8-10 (rejecting argument that "lascivious exhibition of the genitals," as defined in § 2256(2)(A), should be construed in accordance with the so-called *Dost* factors); *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (*Dost* factors have been subject to criticism over the years); See also *United States v. Price*, 775 F.3d 828, 839–40 (7th Cir. 2014) (holding that district court did not plainly err by instructing jury on *Dost* factors, but declining to endorse the factors and "discourag[ing] their routine use); *United States v. Steen*, 634 F.3d 822, 829 (5th Cir. 2011) (Higginbotham, J., concurring) ("The sixth factor, which asks whether the visual depiction was intended to elicit a sexual response in the viewer, is especially troubling. Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." (footnote omitted)); *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011) (permitting considerations of all the evidence concerning the defendant's conduct in deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct); *United States v. Johnson*, 639 F.3d 433, 441 (8th Cir. 2011) (permitting the use of extrinsic evidence in making subjective inquiries); *United States v. Frabizio*, 459 F.3d 80, 88 (1st Cir. 2006) ("[T]he *Dost* factors have fostered myriad disputes that have led courts far afield from the statutory |

3

| | | |
|---|---|---|
| | | language.... [T]here is a risk that the *Dost* factors will be used to inappropriately limit the scope of the statutory definition.") (cited with approval in *United States v. Courtade*); *United States v. Goodale*, 831 F. Supp. 2d 804, 813 (D. Vt. 2011) (noting that the circuits are split regarding the application of the sixth *Dost* factor, and whether this inquiry should be limited to the "four corners of the image," or whether the fact-finder may consider extrinsic evidence).<br><br>*Ashcroft v. Frye Speech Coalition*, 122 S.Ct. 1389 (2002); *United States v. Stevens*, 130 S.Ct. 1577 (2010); *New York v. Ferber*, 102 S.Ct. 3348 (1982); First Amendment to the U.S. Constitution; Fifth Amendment to the U.S. Constitution; *Lawrence v. Texas*, 539 U.S. 558 (2003); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008). |
| 26. | Second Element – Employment, Use, Persuasion, Inducement, Enticement, or Coercion of a Minor in Sexually Explicit Conduct | Adapted from 3 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions – Criminal, §§ 62-5 and 62-6 (2018); *United States v. McCauley*, 983 F.3d 690, 695-97 (4th Cir. 2020) |
| 27. | "Knowingly" – Defined" | Adapted from 3 L. Sand, et al., Modern Federal Jury Instructions – Criminal, § 62-24 (modified to change the term "underage performer" to "underage minor" in the second sentence of the third paragraph); *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994); *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019); *United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000); *United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018); *United States v. Dean*, 635 F.3d 1200, 1209 (11th Cir. 2011); *Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Randall*, 171 F.3d 195 (4th Cir. 1999); *United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994). |

| 28. | Proof of Knowledge or Intent | 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 17.07 (6th ed.); *see also United States v. Hamilton*, 701 F.3d 404, 409 (4th Cir. 2012); *United States v. Engle*, 676 F.3d 405, 418 (4th Cir. 2012). |
|-----|------------------------------|------|
| 29. | Proof of knowledge or intent—Rule 404(b) Evidence | 1A Fed. Jury Prac. & Instr. § 17:08 (6th ed.) |
| 30. | Motive Distinguished from Intent | 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 17.06 (6th ed.). |
| 31. | Visual Depiction of Sexually Explicit Conduct – "Use of a Minor" | Adapted from 3 L. Sands, et al., Modern Federal Jury Instructions – Criminal, § 62-22 |
| 32. | Definition of "Used" | *United States v. Howard*, 968 F.3d 717, 722 (7th Cir. 2020) (The word "use" is undoubtedly broad in the abstract, but under the venerable doctrine of noscitur a sociis, a word "is known by the company it keeps," and we must "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words.") *Yates v. United States*, 574 U.S. 528, 543, 135 S.Ct. 1074, 191 L.Ed.2d 64 (2015) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995)); *United States v. Williams*, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (explaining that the meaning of broad statutory language is "narrowed by the commonsense canon of noscitur a sociis—which counsels that a word is given more precise content by the neighboring words with which it is associated"); see also *Lagos v. United States*, —— U.S. ——, 138 S. Ct. 1684, 1688–89, 201 L.Ed.2d 1 (2018); *McDonnell v. United States*, —— U.S. ——, 136 S. Ct. 2355, 2368–69, 195 L.Ed.2d 639 (2016). |
| 33. | Note-Taking | Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § Preliminary Instruction F (2020 Online Edition); *see* |

| | | |
|---|---|---|
| | | *also United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir. 1986) |
| 34. | Opinion evidence —The expert witness | 1A Fed. Jury Prac. & Instr. § 14:01 (6th ed.) |
| 35. | Dual Role Cautionary Instruction – Fact and Opinion Testimony | *United States v. Smith*, 919 F.3d 825, 834 (4th Cir. 2019) |
| 36. | Number of Witnesses Is Not Controlling | 1A Fed. Jury Prac. & Instr. § 14:16 (6th ed.) |
| 37. | Court's Questions to Witnesses | 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 11.05 (6th ed.) |
| 38. | Court's Comments on Certain Evidence | 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 11.06 (6th ed.) |
| 39. | Bias and Hostility | 1 L. Sand, et al., Modern Federal Jury Instructions §7.01, Instruction 7-2 (2015) |
| 40. | Mandatory Minimum Sentence | *United States v. Polouizzi*, 564 F.3d 142, 161 (2d Cir. 2009); *United States v. Polouizzi*, 687 F. Supp. 2d 133, 167-209 (E.D.N.Y.), *as amended* (Feb. 11, 2010), *vacated on other grds.*, 393 F. App'x 784 (2d Cir. 2010); *United States v. McDonald*, No. 1:10CR29 JCC, 2010 WL 3835107, at *3 (E.D. Va. Sept. 27, 2010), *aff'd*, 444 F. App'x 710 (4th Cir. 2011) |

Dated: October 14, 2021

Respectfully submitted,


_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com


_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)

DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____/s/_____
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

_____/s/_____
H. Louis Sirkin (*pro hac vice* pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

**WITH CITATION OF AUTHORITY**

**REVISED JURY INSTRUCTION NO. 18**

STATEMENT OR CONDUCT OF A SINGLE DEFENDANT ON TRIAL

Evidence relating to any alleged statement, confession, [or] admission [or act or omission] alleged to have been made [or done] by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, [or] admission [or act or omission] alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made [or done] the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and [his] [her] treatment while in custody or under interrogation as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession [or] admission [or act or omission] was made [or done] knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

AUTHORITY: 1A Fed. Jury Prac. & Instr. § 14:03 (6th ed.)

**REVISED JURY INSTRUCTION NO. 19**

WEAKER OR LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

AUTHORITY: 1A Fed. Jury Prac. & Instr. § 14:14 (6th ed.)

**REVISED JURY INSTRUCTION NO. 22**

OFFENSE SPECIFIC DEFINITION – "PURPOSE OF PRODUCING"

"Purpose of producing" means that Defendant must engage in activity with the specific intent to produce a visual depiction of that conduct. The facts must support the conclusion that the defendant engaged in conduct in order to produce a visual depiction.  Producing a visual depiction of sexually explicit conduct must be, at the very least, a significant purpose in the sexual conduct itself, not merely incidental.  It is sufficient for the Government to prove that Defendant had a dominant motivating purpose of producing a visual depiction of sexually explicit conduct when engaging in activity.[1] Dominant in this context means that criminal motivations predominate over other, less powerful motivations for conduct.[2]

When deciding whether the Government has proven that Defendant acted with the requisite culpable purpose, you may consider all the evidence concerning Defendant's conduct.

AUTHORITY: *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020)

---

[1] *United States v. Sirois*, 87 F.3d 34, 39 (2d Cir. 1996).
[2] *United States v. Miller*, 148 F.3d 207, 212–13 (2d Cir. 1998).

**REVISED JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITIONS – "SEXUALLY EXPLICIT CONDUCT" AND "LASCIVIOUS EXHIBITION"

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

"Lascivious" means exciting sexual desires or salacious. And "lascivious exhibition" means visual depictions of the anus, genitals, or pubic area of any person who also engages in patently offensive, sexual conduct in a manner that connotes the commission of sexual intercourse, deviant sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse.

Not every exposure of the genitals or pubic area is a lascivious exhibition, and the fact that a minor is depicted nude, on its own, is not enough for that visual depiction to qualify as a lascivious exhibition. "Lascivious exhibition of the genitals" means depictions showing a minor engaged in "hard core" sexual conduct.

You must determine whether the visual depiction is lascivious based on its overall content and all the evidence in the case.

In order to find Defendant guilty of the offenses charged in counts 1 through 5, you must find that the United States has presented evidence beyond a reasonable doubt that the visual depictions induced by the Defendant were visual depictions of sexually explicit conduct and that the conduct engaged in by each of the alleged minor victims constituted a crime.

AUTHORITY:

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at *10 (D.C. Cir. Sept. 17, 2021) ("we decline to adopt the *Dost* factors, and thus we find unpersuasive those decisions of our sister circuits that follow the *Dost* factors, or that use *Dost* as the foundation for construing "lascivious exhibition of the anus, genitals, or pubic area," rather than *Miller* and its progeny, including *Ferber*, *X-Citement Video*, and *Williams*. *See United States v. Rivera*, 546 F.3d 245, 252–53 (2d Cir. 2008); *Salmoran v. Att'y Gen.*, 909 F.3d 73, 80 n.11 (3d Cir. 2018); *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015); *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019); *United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017); *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019).")

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at **4-5, 7, 9 (D.C. Cir. Sept. 17, 2021) (the terms "sexual intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse" are "graphic, sexual terms referring to sexually explicit conduct or behavior and a 'lascivious exhibition' must be equally graphic with regard to the conduct or child's behavior depicted);  See also *United States v. X-Citement Video*, 513 U.S. 64, 78-79 (1994) (the term "lascivious

exhibition of the genitals" as currently used in § 2256(2)(A)(v), has the same meaning as "lewd exhibition of the genitals," as that phrase was construed in *Miller* and *Ferber*); *United States v. Williams*, 553 U.S. 285, 296 (2008) ("§ 2256(2)(A)'s definition of 'sexually explicit conduct' means essentially the same thing as the definition of 'sexual conduct' at issue in *Ferber*, except that the conduct defined by § 2256(2)(A) must be, if anything, more 'hard-core' than the conduct defined by the New York law at issue in *Ferber*, given that the federal statute prohibits "sexually explicit conduct" rather than merely "sexual conduct," as in the state law); *New York v. Ferber*, 458 U.S. 747, 764-65, 773 (1982) (the phrase "lewd exhibition of the genitals referred to "the hard core of child pornography").

*United States v. Hillie* , 2021 WL 4228187, at **8-10 (rejecting argument that "lascivious exhibition of the genitals," as defined in § 2256(2)(A), should be construed in accordance with the so-called *Dost* factors); *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (*Dost* factors have been subject to criticism over the years); See also *United States v. Price*, 775 F.3d 828, 839–40 (7th Cir. 2014) (holding that district court did not plainly err by instructing jury on *Dost* factors, but declining to endorse the factors and "discourag[ing] their routine use"); *United States v. Steen*, 634 F.3d 822, 829 (5th Cir. 2011) (Higginbotham, J., concurring) ("The sixth factor, which asks whether the visual depiction was intended to elicit a sexual response in the viewer, is especially troubling. Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." (footnote omitted)); *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011) (permitting considerations of all the evidence concerning the defendant's conduct in deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct); *United States v. Johnson*, 639 F.3d 433, 441 (8th Cir. 2011) (permitting the use of extrinsic evidence in making subjective inquiries); *United States v, Frabizio*, 459 F.3d 80, 88 (1st Cir. 2006) ("[T]he *Dost* factors have fostered myriad disputes that have led courts far afield from the statutory language.... [T]here is a risk that the *Dost* factors will be used to inappropriately limit the scope of the statutory definition.") (cited with approval in *United States v. Courtade*); *United States v. Goodale*, 831 F. Supp. 2d 804, 813 (D. Vt. 2011) (noting that the circuits are split regarding the application of the sixth *Dost* factor, and whether this inquiry should be limited to the "four corners of the image," or whether the fact-finder may consider extrinsic evidence).

*Ashcroft v. Frye Speech Coalition*, 122 S.Ct. 1389 (2002); *United States v. Stevens*, 130 S.Ct. 1577 (2010); *New York v. Ferber*, 102 S.Ct. 3348 (1982); First Amendment to the U.S. Constitution; Fifth Amendment to the U.S. Constitution; *Lawrence v. Texas*, 539 U.S. 558 (2003); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008).

**JURY INSTRUCTION NO. 26**

SECOND ELEMENT – EMPLOYMENT, USE, PERSUASION, INDUCEMENT,
ENTICEMENT, OR COERCION OF A MINOR IN SEXUALLY EXPLICIT CONDUCT

The second element that the government must prove beyond a reasonable doubt is that the
defendant employed or used or persuaded or induced or enticed or coerced ALLEGED MINOR
VICTIMS 1, 2, 3, 4, and 5 to take part in sexually explicit conduct for the purpose of producing a
visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped
film and videotape, and data stored on computer disk or by electronic means that is capable of
conversion into a visual image, whether or not stored in a permanent format.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or
advertising.

To convict the defendant of employing, using, persuading, inducing, enticing, or coercing a
minor to engage in sexually explicit conduct "for the purpose" of producing a visual depiction of
that conduct, the government must prove that that producing a visual depiction was a dominant
purpose of engaging in the sexually explicit conduct, and was not merely an incidental reason for
engaging in that conduct.  While the image itself can be probative of the defendant's intent, it
cannot be the only evidence.

In deciding whether the government has proven that the defendant acted for the purpose of
producing a visual depiction of the sexually explicit conduct, you may consider all of the
evidence concerning the defendant's conduct.

AUTHORITY: Adapted from 3 Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions –
Criminal, §§ 62-5 and 62-6 (2018); *United States v. McCauley*, 983 F.3d 690, 695-97 (4th Cir.
2020).

**JURY INSTRUCTION NO. 27**

"KNOWINGLY" – DEFINED

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material and the involvement of minors in the visual depictions' production.

First, the government must prove beyond a reasonable doubt that the defendant knew both that the production of the visual depiction[s] charged in the indictment, involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

Second, the government must prove beyond a reasonable doubt that the defendant had knowledge of the general nature and character of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage minor, but the government must show that the defendant knew the individual depicted in the charged image[s] or video[s] was a minor. Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.

You may consider all of the evidence in determining whether the defendant had knowledge that the material contained a visual depiction of a minor engaging in sexually explicit conduct.

AUTHORITY: Adapted from 3 L. Sand, et al., Modern Federal Jury Instructions – Criminal, § 62-24 (modified to change the term "underage performer" to "underage minor" in the second sentence of the third paragraph); *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994); *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019); *United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000); *United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018); *United States v. Dean*, 635 F.3d 1200, 1209 (11th Cir. 2011); *Stirone v. United States*, 361 U.S. 212 (1960); *United States v. Randall*, 171 F.3d 195 (4th Cir. 1999); *United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994).

**JURY INSTRUCTION NO. 28**

PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts *done* by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

AUTHORITY:  1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 17.07 (6th ed.); *see also United States v. Hamilton*, 701 F.3d 404, 409 (4th Cir. 2012) ("[I]ntent can be implied—and it is the jury's role to make such factual inferences."); *United States v. Engle*, 676 F.3d 405, 418 (4th Cir. 2012) ("[W]e recognize that the jury may infer intent from circumstantial evidence ….").

**JURY INSTRUCTION NO. 29**

PROOF OF KNOWLEDGE OR INTENT—RULE 404(B) EVIDENCE

Evidence that an act was done or that an offense was committed by Defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offense charged in *[Count of]* this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether Defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Defendant physically did the act charged in *[Count of]* this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that Defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which Defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crime[*s*] charged even if you were to find that *[he]* committed other crimes—even crimes similar to the one charged in this indictment.

AUTHORITY: 1A Fed. Jury Prac. & Instr. § 17:08 (6th ed.)

**JURY INSTRUCTION NO. 30**

MOTIVE DISTINGUISHED FROM INTENT

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.  The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

AUTHORITY:  1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 17.06 (6th ed.).

**JURY INSTRUCTION NO. 31**

VISUAL DEPICTION OF SEXUALLY EXPLICIT CONDUCT  – "USE OF A MINOR"

The government must prove beyond a reasonable doubt that the production of the visual depiction[s] charged in the indictment involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen (18) engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen (18) engaging in sexually explicit conduct.

AUTHORITY: Adapted from 3 L. Sands, et al., Modern Federal Jury Instructions – Criminal, § 62-22

**JURY INSTRUCTION NO. 32**

THE DEFINITION OF "USED"

The second element that the government must prove beyond a reasonable doubt is that the defendant employed or used or persuaded or induced or enticed or coerced ALLEGED MINOR VICTIMS 1, 2, 3, 4, and 5 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

As used in this statute, the meaning of the word "used" is meant to be consistent with the words "employed" "persuaded" "induced" "enticed" and "coerced."

AUTHORITY: *United States v. Howard*, 968 F.3d 717, 722 (7th Cir. 2020) (The word "use" is undoubtedly broad in the abstract, but under the venerable doctrine of noscitur a sociis, a word "is known by the company it keeps," and we must "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words.") *Yates v. United States*, 574 U.S. 528, 543, 135 S.Ct. 1074, 191 L.Ed.2d 64 (2015) (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995)); *United States v. Williams*, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008) (explaining that the meaning of broad statutory language is "narrowed by the commonsense canon of noscitur a sociis—which counsels that a word is given more precise content by the neighboring words with which it is associated"); see also *Lagos v. United States*, —— U.S. ——, 138 S. Ct. 1684, 1688–89, 201 L.Ed.2d 1 (2018); *McDonnell v. United States*, —— U.S. ——, 136 S. Ct. 2355, 2368–69, 195 L.Ed.2d 639 (2016).

**JURY INSTRUCTION NO. 33**

NOTE-TAKING

You are permitted to take notes during the trial. You, of course, are not obliged to take any notes, and some feel that the taking of notes is not helpful because it may distract you so that you do not hear and evaluate all of the evidence. If you do take notes, do not allow note taking to distract you from the ongoing proceedings.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

Notes are not official transcripts and may not cover points that are significant to another juror. The contents of notes must not be disclosed except to other jurors.

AUTHORITY: Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § Preliminary Instruction F (2020 Online Edition); *United States v. Polowichak*, 783 F.2d 410, 413 (4th Cir. 1986)

**JURY INSTRUCTION NO. 34**

OPINION EVIDENCE—THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence *[including that of other "expert witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

AUTHORITY: 1A Fed. Jury Prac. & Instr. § 14:01 (6th ed.)

**JURY INSTRUCTION NO. 35**

DUAL ROLE CAUTIONARY INSTRUCTION – FACT AND OPINION TESTIMONY

Members of the Jury, you [will hear] [you have just heard] testimony from [NAME] [POSITION]. [NAME] [is being called] [was called] by the [government] [defendant] as an expert witness regarding his specialized knowledge in the field of forensic examination of digital devices.  Within that area of expertise, [NAME] [is] [was] permitted to offer you his expert opinions. You are permitted to give [NAME] expert opinions on the nature of the examinations conducted involving devices belonging to the defendant, the methods, equipment and software used to accomplish the examinations, and his interpretations and observations resulting from the examinations such weight as you may think they deserve. If during his testimony, you thought you heard [NAME] offer an expert opinion on a subject outside the scope of his expertise, then I instruct you to disregard that testimony.

[NAME] [is also expected to provide] [also provided] ordinary fact testimony regarding his personal observations and actions taken during the rudimentary data review process and about the evidence he reviewed related to [INSERT]. The fact that he also possesses factual information regarding this case should not be taken into account by you as you determine what, if any, weight to decide to give [NAME] expert opinions. It's for you to decide how much weight to give all of the evidence, including [NAME] fact and opinion testimony.  [NAME] testimony as a fact or expert witness is entitled to no greater or lesser weight simply because he is an expert.

AUTHORITY: *United States v. Smith*, 919 F.3d 825, 834 (4th Cir. 2019).

**JURY INSTRUCTION NO. 36**

NUMBER OF WITNESSES IS NOT CONTROLLING

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

AUTHORITY: 1A Fed. Jury Prac. & Instr. § 14:16 (6th ed.)

**JURY INSTRUCTION NO. 37**

COURT'S QUESTIONS TO WITNESSES

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

AUTHORITY:  1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 11.05 (6th ed.)

**JURY INSTRUCTION NO. 38**

COURT'S COMMENTS ON CERTAIN EVIDENCE

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

AUTHORITY: 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice and Instructions* § 11.06 (6th ed.)

**JURY INSTRUCTION NO. 39**

BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the Defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

AUTHORITY: 1 L. Sand, et al., Modern Federal Jury Instructions §7.01, Instruction 7-2 (2015)

**JURY INSTRUCTION NO. 40**

MANDATORY MINIMUM SENTENCE

You are instructed that if you find the defendant guilty of one or more counts of production of child pornography, as charged in Counts 1, 2, 3, 4, or 5, he will be subject to a 15-year mandatory minimum sentence.

You are further instructed that if you find the defendant guilty of one or more counts of receipt of child pornography, as charged in Counts 6, 7, 8, 9, 10, or 11 he will be subject to a 5-year mandatory minimum sentence.

AUTHORITY:

*United States v. Polouizzi*, 564 F.3d 142, 161 (2d Cir. 2009) (district court has discretion to instruct the jury on applicable mandatory minimum sentence in some circumstances);  See *Shannon v. United States*, 512 U.S. 573, 587 (1994) (instruction concerning the consequences of an NGI verdict in some form may be necessary under certain limited circumstances); *United States v. Polouizzi*, 687 F. Supp. 2d 133, 167-209 (E.D.N.Y.), *as amended* (Feb. 11, 2010), *vacated on other grds.*, 393 F. App'x 784 (2d Cir. 2010) (On new trial, jury would properly be informed of the five-year mandatory minimum sentence of imprisonment required with a finding of guilt on any count of receipt of child pornography. Defendant had a Sixth Amendment right to be tried by a jury that knew the sentencing impact of its decisions, in light of special circumstances including defendant's need for psychiatric help in view of sexual childhood abuse).

*United States v. McDonald*, No. 1:10CR29 JCC, 2010 WL 3835107, at *3 (E.D. Va. Sept. 27, 2010), *aff'd*, 444 F. App'x 710 (4th Cir. 2011) (Supreme Court notes that in certain circumstances of misstatement or error, such as where a witness or prosecutor states in front of the jury that a defendant would "go free" if found NGRI, the instruction that an insanity finding would still result in confinement may be called for) (*Shannon v. United States*, 512 U.S. 573, 587 (1994)).

**WITHOUT CITATION OF AUTHORITY**

**REVISED JURY INSTRUCTION NO. 18**

STATEMENT OR CONDUCT OF A SINGLE DEFENDANT ON TRIAL

Evidence relating to any alleged statement, confession, [or] admission [or act or omission] alleged to have been made [or done] by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession, [or] admission [or act or omission] alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made [or done] the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and [his] [her] treatment while in custody or under interrogation as shown by all of the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession [or] admission [or act or omission] was made [or done] knowingly and voluntarily, you may give it such weight as you feel it deserves under the circumstances.

**REVISED JURY INSTRUCTION NO. 19**

WEAKER OR LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

**REVISED JURY INSTRUCTION NO. 22**

OFFENSE SPECIFIC DEFINITION – "PURPOSE OF PRODUCING"

"Purpose of producing" means that Defendant must engage in activity with the specific intent to produce a visual depiction of that conduct. The facts must support the conclusion that the defendant engaged in conduct in order to produce a visual depiction.  Producing a visual depiction of sexually explicit conduct must be, at the very least, a significant purpose in the sexual conduct itself, not merely incidental.  It is sufficient for the Government to prove that Defendant had a dominant motivating purpose of producing a visual depiction of sexually explicit conduct when engaging in activity. Dominant in this context means that criminal motivations predominate over other, less powerful motivations for conduct.

When deciding whether the Government has proven that Defendant acted with the requisite culpable purpose, you may consider all the evidence concerning Defendant's conduct.

**REVISED JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITIONS – "SEXUALLY EXPLICIT CONDUCT" AND "LASCIVIOUS EXHIBITION"

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

"Lascivious" means exciting sexual desires or salacious. And "lascivious exhibition" means visual depictions of the anus, genitals, or pubic area of any person who also engages in patently offensive, sexual conduct in a manner that connotes the commission of sexual intercourse, deviant sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse.

 Not every exposure of the genitals or pubic area is a lascivious exhibition, and the fact that a minor is depicted nude, on its own, is not enough for that visual depiction to qualify as a lascivious exhibition. "Lascivious exhibition of the genitals" means depictions showing a minor engaged in "hard core" sexual conduct.

You must determine whether the visual depiction is lascivious based on its overall content and all the evidence in the case.

In order to find Defendant guilty of the offenses charged in counts 1 through 5, you must find that the United States has presented evidence beyond a reasonable doubt that the visual depictions induced by the Defendant were visual depictions of sexually explicit conduct and that the conduct engaged in by each of the alleged minor victims constituted a crime.

**JURY INSTRUCTION NO. 26**

SECOND ELEMENT – EMPLOYMENT, USE, PERSUASION, INDUCEMENT, ENTICEMENT, OR COERCION OF A MINOR IN SEXUALLY EXPLICIT CONDUCT

The second element that the government must prove beyond a reasonable doubt is that the defendant employed or used or persuaded or induced or enticed or coerced ALLEGED MINOR VICTIMS 1, 2, 3, 4, and 5 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

A "visual depiction" includes any photograph, film, video, or picture, including undeveloped film and videotape, and data stored on computer disk or by electronic means that is capable of conversion into a visual image, whether or not stored in a permanent format.

The term "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

To convict the defendant of employing, using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct "for the purpose" producing a visual depiction of that conduct, the government must prove that that producing a visual depiction was a dominant purpose of engaging in the sexually explicit conduct, and was not merely an incidental reason for engaging in that conduct.  While the image itself can be probative of the defendant's intent, it cannot be the only evidence.

In deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the defendant's conduct.

**JURY INSTRUCTION NO. 27**

"KNOWINGLY" – DEFINED

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason.

In this case, the term "knowingly" refers to an awareness of the sexually explicit nature of the material and the involvement of minors in the visual depictions' production.

First, the government must prove beyond a reasonable doubt that the defendant knew both that the production of the visual depiction[s] charged in the indictment, involved the use of a minor engaging in sexually explicit conduct, and that it portrayed a minor engaged in that conduct.

Second, the government must prove beyond a reasonable doubt that the defendant had knowledge of the general nature and character of the material. The defendant need not have specific knowledge as to the identity or actual age of the underage minor, but the government must show that the defendant knew the individual depicted in the charged image[s] or video[s] was a minor.  Such knowledge may be shown by direct or circumstantial evidence, or both. Eyewitness testimony of the defendant's viewing of the material is not necessary to prove his awareness of its contents; the circumstances may warrant an inference that he was aware of what the material depicts.

You may consider all of the evidence in determining whether the defendant had knowledge that the material contained a visual depiction of a minor engaging in sexually explicit conduct.

**JURY INSTRUCTION NO. 28**

PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts *done* by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

**JURY INSTRUCTION NO. 29**

PROOF OF KNOWLEDGE OR INTENT—RULE 404(B) EVIDENCE

Evidence that an act was done or that an offense was committed by Defendant at some other time is not, of course, any evidence or proof whatever that, at another time, the defendant performed a similar act or committed a similar offense, including the offense charged in *[Count of]* this indictment.

Evidence of a similar act or offense may not be considered by the jury in determining whether Defendant actually performed the physical acts charged in this indictment. Nor may such evidence be considered for any other purpose whatever, unless the jury first finds beyond a reasonable doubt from other evidence in the case, standing alone, that Defendant physically did the act charged in *[Count of]* this indictment.

If the jury should find beyond a reasonable doubt from other evidence in the case that Defendant did the act or acts alleged in the particular count under consideration, the jury may then consider evidence as to an alleged earlier act of a like nature in determining the state of mind or intent with which Defendant actually did the act or acts charged in the particular count.

The defendant is not on trial for any acts or crimes not alleged in the indictment. Nor may a defendant be convicted of the crime[*s*] charged even if you were to find that *[he]* committed other crimes—even crimes similar to the one charged in this indictment.

**JURY INSTRUCTION NO. 30**

MOTIVE DISTINGUISHED FROM INTENT

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act.  Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct.  These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime.  The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

**JURY INSTRUCTION NO. 31**

VISUAL DEPICTION OF SEXUALLY EXPLICIT CONDUCT  – "USE OF A MINOR"

The government must prove beyond a reasonable doubt that the production of the visual depiction[s] charged in the indictment involved the use of a minor engaging in sexually explicit conduct, as I will explain that term to you, and portrays that minor engaged in that conduct.

The visual depiction must be of a real person under the age of eighteen (18) engaging in sexually explicit conduct.  The government does not have to prove the identity of the minor or the exact age of the minor.  You may consider all of the evidence, including your viewing of the depiction, in determining whether the depiction portrayed an actual person under the age of eighteen (18) engaging in sexually explicit conduct.

**JURY INSTRUCTION NO. 32**

THE DEFINITION OF "USED"

The second element that the government must prove beyond a reasonable doubt is that the defendant employed or used or persuaded or induced or enticed or coerced ALLEGED MINOR VICTIMS 1, 2, 3, 4, and 5 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct.

As used in this statute, the meaning of the word "used" is meant to be consistent with the words "employed" "persuaded" "induced" "enticed" and "coerced."

**JURY INSTRUCTION NO. 33**

NOTE-TAKING

You are permitted to take notes during the trial. You, of course, are not obliged to take any notes, and some feel that the taking of notes is not helpful because it may distract you so that you do not hear and evaluate all of the evidence. If you do take notes, do not allow note taking to distract you from the ongoing proceedings.

Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

Notes are not official transcripts and may not cover points that are significant to another juror. The contents of notes must not be disclosed except to other jurors.

**JURY INSTRUCTION NO. 34**

OPINION EVIDENCE—THE EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence *[including that of other "expert witnesses"]*, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

**JURY INSTRUCTION NO. 35**

DUAL ROLE CAUTIONARY INSTRUCTION – FACT AND OPINION TESTIMONY

Members of the Jury, you [will hear] [you have just heard] testimony from [NAME] [POSITION]. [NAME] [is being called] [was called] by the [government] [defendant] as an expert witness regarding his specialized knowledge in the field of forensic examination of digital devices.  Within that area of expertise, [NAME] [is] [was] permitted to offer you his expert opinions. You are permitted to give [NAME] expert opinions on the nature of the examinations conducted involving devices belonging to the defendant, the methods, equipment and software used to accomplish the examinations, and his interpretations and observations resulting from the examinations such weight as you may think they deserve. If during his testimony, you thought you heard [NAME] offer an expert opinion on a subject outside the scope of his expertise, then I instruct you to disregard that testimony.

[NAME] [is also expected to provide] [also provided] ordinary fact testimony regarding his personal observations and actions taken during the rudimentary data review process and about the evidence he reviewed related to [INSERT]. The fact that he also possesses factual information regarding this case should not be taken into account by you as you determine what, if any, weight to decide to give [NAME] expert opinions. It's for you to decide how much weight to give all of the evidence, including [NAME] fact and opinion testimony.  [NAME] testimony as a fact or expert witness is entitled to no greater or lesser weight simply because he is an expert.

**JURY INSTRUCTION NO. 36**

NUMBER OF WITNESSES IS NOT CONTROLLING

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.  You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.  You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

**JURY INSTRUCTION NO. 37**

COURT'S QUESTIONS TO WITNESSES

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The court may ask a question simply to clarify a matter—not to help one side of the case or hurt the other side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

**JURY INSTRUCTION NO. 38**

COURT'S COMMENTS ON CERTAIN EVIDENCE

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

**JURY INSTRUCTION NO. 39**

BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witness, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the Defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**JURY INSTRUCTION NO. 40**

MANDATORY MINIMUM SENTENCE

You are instructed that if you find the defendant guilty of one or more counts of production of child pornography, as charged in Counts 1, 2, 3, 4, or 5, he will be subject to a 15-year mandatory minimum sentence.

You are further instructed that if you find the defendant guilty of one or more counts of receipt of child pornography, as charged in Counts 6, 7, 8, 9, 10, or 11 he will be subject to a 5-year mandatory minimum sentence.