IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## SEALED ORDER

This matter is before the court on Defendant's Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25. *See* Dkts. 471, 472. This motion has been fully briefed and the relevant facts and legal contentions are clear from the record. Accordingly, oral argument is unnecessary and would not aid the decisional process. The matter is therefore ripe for disposition.

The defendant has challenged the validity of the search warrant in a series of motions over the last year. Indeed, defendant previously filed a Motion to Suppress Due to Lack of Probable Cause, Dkt. 81, a Motion to Suppress Based on False and Misleading Material Information in Affidavit Paragraph 23, Dkt. 85, a Motion to Suppress Based on Materially Misleading Statements and Omissions Regarding Tor, Dkt. 83, a Renewed Motion to Suppress Based on Lack of Probable Cause, Dkt. 463, and various Motions to Compel related to the affidavit and search warrant in this case. *See, e.g.*, Dkts. 109, 112, 140, 176, 241, 335. All of the prior motions to suppress have been denied. The relevant facts in this case have been reiterated many times in previous memorandum opinions and orders and need not be repeated here. *See, e.g.*, Dkt. 236 (Sealed Order); Dkt. 113 (Sealed Memorandum Opinion).

Given that defendant's prior motions to suppress have all been denied, the instant renewed motion to suppress is properly construed as a motion for reconsideration. As has been

made clear in past Orders, a motion for reconsideration can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkland v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). None of these situations is present in the instant motion. Accordingly, the motion must be denied.

Defendant argues that newly discovered evidence in his case warrants reconsideration of prior Orders denying defendant's various motions to suppress. But the present motion cites no evidence that was previously unavailable to defendant, and instead this motion relies on documents that the government previously provided to defendant and publicly available articles about the child pornography website at issue in this case. *See* Dkts. 471-3, 471-4.

Instead of providing new evidence that might merit reconsideration, defendant provides an entirely new argument for suppression that is both meritless and untimely. Defendant argues in the present motion, for the first time, that the operation which led to the search of defendant's residence was a "joint venture" between the FBI and a Foreign Law Agency ("FLA") and that any search conducted by the FLA should be subject to the restrictions of the Fourth Amendment. Dkt. 472 at 1. Defendant attempts to excuse his failure to make this argument in earlier briefs by claiming that defendant "did not have access to the information that the government has been withholding." Dkt. 491 at 2. But this argument is belied by the information cited in the instant motion, which relies solely on publicly available articles, published caselaw, and documents that have been in the docket in this case for many months. *See* Dkt. 471. The instant motion also requests a *Franks* hearing as to the validity of the affidavit supporting the search warrant, but previous Orders have explained that defendant has failed to make a sufficient preliminary showing that he is entitled to a *Franks* hearing. *United States v. Sanders*, Case No. 1:20-cr-142

2

(E.D. Va., October 26, 2020) (Dkt. 113) (Sealed Memorandum Opinion). Nothing in this most recent round of briefing suggests that a *Franks* hearing is appropriate or resolves the serious issues of timeliness that have plagued all of defendant's motions on this topic.

In sum, defendant's renewed motion presents no new evidence suggesting that the search warrant in this case was not supported by probable cause. The defendant's new argument that the operation which led to the search warrant was a joint venture is untimely and without factual support. Thus, reconsideration of prior Orders is inappropriate, and the instant motion must be denied.

Accordingly,

It is hereby **ORDERED** that defendant's Renewed Motion to Suppress Based on Warrantless Use of a Network Investigative Technique and False Material Information in Affidavit Paragraph 25 (Dkt. 471) is **DENIED**.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
October 13, 2021

/s/
T. S. Ellis, III
United States District Judge

3