**\*\*\* PUBLIC VERSION \*\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>       v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                              Defendant. | Case No. 1:20-cr-00143<br>The Honorable Judge Ellis<br>Trial: October 19, 2021<br><br>HEARING REQUESTED |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* TO
EXCLUDE THE TESTIMONY OF DR. FREDERICK S. BERLIN**

Zackary Ellis Sanders, by and through counsel, respectfully submits this Opposition to

the Government's Motion *In Limine* to Exclude the Testimony of Dr. Frederick S. Berlin (Dkt.

498).

**Expert facts regarding BDSM are relevant and therefore admissible**

Though the defense respectfully disagrees with the Court's ruling on the admissibility of

Mr. Sanders's ████, the defense understands the ruling and will not seek to introduce evidence

of Mr. Sanders's ███████████, either through Dr. Berlin or otherwise.  The defense does,

however, seek to introduce Dr. Berlin as an expert on BDSM (the first category listed in Dr.

Berlin's expert notice, Dkt. 481).  This is classic expert testimony and plainly admissible at trial

to explain BDSM to the jury, which will not be familiar with this subject area.  To the extent the

government is arguing that this category of Dr. Berlin's anticipated testimony implicates Rule

12.2 (which is unclear), that is clearly incorrect.  This testimony involves subject-matter

expertise and does not involve a mental health condition.

The proposed testimony from Dr. Berlin is plainly relevant.  BDSM runs throughout this case.  It is involved in every chat transcript that will be introduced into evidence.  It will also arise during the trial testimony of the law enforcement agents (Agents Ford and Obie) who will testify about the statements Mr. Sanders made during the execution of the search warrant, as well the testimony of government witnesses MV-1 and MV-5.  Dkt. 494.  It will be undisputed that Mr. Sanders and the alleged minor victims met on BDSM-related websites and were practicing "virtual" BDSM in their chat communications.

Given the above, the defense must be allowed to call Dr. Berlin to explain BDSM terms (including "boy," "sir," "master," "slave," "blackmail," "pup," and "collaring") and BDSM practices to the jury (including domination and submission role play).  Expert testimony about BDSM will assist the jurors in understanding the evidence and testimony they will hear at the trial of this matter.  *See* Federal Rule of Evidence 702 (expert testimony admissible where the expert's "specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue.").  This testimony is also critical to Mr. Sanders's defense, as it will help the jury understand that what appears to be a highly coercive and bizarre manner of communication is actually a fairly widespread relationship practice with safeguards to minimize the risk of danger and abuse.  This testimony is therefore critical to Mr. Sanders's ability to present a defense and is consistent with the *mens rea* requirement of *Elonis v. United States*, 575 U.S. 723, 738 (2015) (crime of making threatening communications required proof that defendant, in making postings on social networking website, intended to issue threats or knew that communications would be viewed as threats, rather than that reasonable person would regard defendant's postings on social networking website as threats, which was essentially negligence standard, regardless of whether applicable statute contained any specific mental state

requirement, since federal criminal liability generally could not turn on results of act without considering defendant's mental state), and the court's ruling in *United States v. Howard*, which held that the term "use" has the same meaning as the terms "coerce," "entice," "induce," and persuade."  968 F.3d 717, 721 (7th Cir. 2020) ("The word "use" is undoubtedly broad in the abstract, but under the venerable doctrine of noscitur a sociis, a word "is known by the company it keeps," and we must "avoid ascribing to one word a meaning so broad that it is inconsistent with its accompanying words.") (*citing Yates v. United States*, 574 U.S. 528, 543 (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 575 (1995)).  This testimony is also critical to whether the government has met its burden of proving that Mr. Sanders "employ[ed]," "use[d]," "persuade[d]," "induce[d]," "entice[d]," or "coerce[d]" a minor, within the meaning of the statute.  18 U.S.C. § 2251(a).

Contrary to the government's suggestion, Mr. Sanders's ██████ was not integral—or even significant—to Dr. Berlin's expert notice.  The word ██████ appears only twice in Dr. Berlin's 8-page expert notice.  Dr. Berlin can easily eliminate that aspect of this case from his testimony.  Indeed, for the first category of Dr. Berlin's expert notice ("BDSM"), the government appears to have no objection to this testimony so long as the last sentence of the second paragraph—that Dr. Berlin will "testify about the factors, *including* ██████, which may have contributed to his gravitation to BDSM activities"—is deleted.  So, in light of the Court's ruling on ██████, the defense modifies Dr. Berlin's expert notice accordingly.  There are no other cognizable objections Dr. Berlin's testimony about BDSM, which is clearly relevant and admissible under Fed. R. Evid. 702.

**Exclusion of expert facts about BDSM would violate the Right to Present a Defense.**

As we have noted  previously, the admissibility of evidence offered by the defense is not only governed by the Federal Rules of Evidence and the Federal Rules of Criminal Procedure, but also by the defendant's Right to Present a Defense, which is protected by the Compulsory Process Clause of the Sixth Amendment.  As cases like *Washington v. Texas*, 388 U.S. 14 (1967) and *Chambers v. Mississippi*, 410 U.S. 284 (1973) demonstrate, adherence to the rules of evidence does not obviate compulsory process concerns: in both these cases, and many other cases decided on compulsory process grounds, the rules of evidence were followed, but the convictions were reversed nonetheless.

Here the rules of evidence compel the admission of relevant fact evidence, including expert fact evidence.  The rules also compel admission of relevant expert opinion evidence.

However expert evidence is not only essential to conveying to a jury clinical and empirical support for Mr. Sanders's defense.  It is essential for a person with ███████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████, to have a chance for the jury to actually fairly consider his evidence, to believe him if he were to testify about his atypical interests and atypical approaches such as his understanding of and interest in BDSM and how it related to his intentions and purposes.  The accused will be prejudiced enough by the exclusion of evidence about ████████████████ – which could help explain and avoid misinterpretation of his unusual behaviors and interests.  He cannot constitutionally also be stripped of his ability to have his testimony believed because he is deprived of his right to show the extent to which scientific facts support his testimony or normalize his behavior and neutralize misunderstanding of his behavior, without regard to its ███████ underpinnings.

It is not enough to have the defendant be able to tell his story – all aspects of it.  He must have the right to introduce facts, and especially expert facts beyond the knowledge of the average juror, which provide support for that testimony or remove barriers to unfair discrediting of his testimony.

This raises another aspect of the right to present a defense.  Prof. Westen has authoritatively discerned from many cases on the compulsory process clause a "right to have defense witnesses believed" on a par with witnesses for the prosecution.  Westen, *The Compulsory Process Clause*, 73 MICHIGAN LAW REVIEW at 146. █████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████.  Even without reference to ███████, Dr. Berlin's expert factual knowledge about BDSM can support the plausibility of this testimony.  Only with expert information about BDSM can the jury possibly believe Mr. Sanders's description of his intention and purpose.  Exclusion of such evidence would violate his 6th Amendment right to a fair opportunity to have the jury believe him.

Respectfully submitted,

_____/s/_____

Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted pro hac vice)
KaiserDillon PLLC

1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____/s/_____
Mark J. Mahoney (admitted pro hac vice)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

_____/s/_____
H. Louis Sirkin (pro hac vice pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

Counsel for Defendant Zackary Ellis Sanders

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Jonathan Jeffress
Jonathan Jeffress