## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

ZACKARY ELLIS SANDERS,

                Defendant.

Crim. No. 1:20-cr-00143
Honorable T.S. Ellis, III
Trial: Oct. 19, 2021

### NOTICE OF FILING OF CORRECTED REVISED JURY INSTRUCTION NO. 23

Mr. Zackary Ellis Sanders, by and through undersigned counsel, submits the attached

corrected version of revised Jury Instruction No. 23.

| No. | Instruction | Authority |
|-----|-------------|-----------|
| 23. | Offense Specific Definitions – "Sexually Explicit Conduct" and "Lascivious Exhibition" [Corrected and Revised] | *United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at \*10 (D.C. Cir. Sept. 17, 2021) ("we decline to adopt the *Dost* factors, and thus we find unpersuasive those decisions of our sister circuits that follow the *Dost* factors, or that use *Dost* as the foundation for construing "lascivious exhibition of the anus, genitals, or pubic area," rather than *Miller* and its progeny, including *Ferber*, *X-Citement Video*, and *Williams*. *See United States v. Rivera*, 546 F.3d 245, 252–53 (2d Cir. 2008); *Salmoran v. Att'y Gen.*, 909 F.3d 73, 80 n.11 (3d Cir. 2018); *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Hodge*, 805 F.3d 675, 680 (6th Cir. 2015); *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019); *United States v. Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017); *United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019).") |

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at **4-5, 7, 9 (D.C. Cir. Sept. 17, 2021) (the terms "sexual intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse" are "graphic, sexual terms referring to sexually explicit conduct or behavior and a 'lascivious exhibition' must be equally graphic with regard to the conduct or child's behavior depicted);  See also *United States v. X-Citement Video*, 513 U.S. 64, 78-79 (1994) (the term "lascivious exhibition of the genitals" as currently used in § 2256(2)(A)(v), has the same meaning as "lewd exhibition of the genitals," as that phrase was construed in *Miller* and *Ferber*); *United States v. Williams*, 553 U.S. 285, 296 (2008) ("§ 2256(2)(A)'s definition of 'sexually explicit conduct' means essentially the same thing as the definition of 'sexual conduct' at issue in *Ferber*, except that the conduct defined by § 2256(2)(A) must be, if anything, more 'hard-core' than the conduct defined by the New York law at issue in *Ferber*, given that the federal statute prohibits "sexually explicit conduct" rather than merely "sexual conduct," as in the state law); *New York v. Ferber*, 458 U.S. 747, 764-65, 773 (1982) (the phrase "lewd exhibition of the genitals referred to "the hard core of child pornography").

*United States v. Hillie* , 2021 WL 4228187, at **8-10 (rejecting argument that "lascivious exhibition of the genitals," as defined in § 2256(2)(A), should be construed in accordance with the so-called *Dost* factors); *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (*Dost* factors have been subject to criticism over the years); See also *United States v. Price*, 775 F.3d 828, 839–40 (7th Cir. 2014) (holding that district court

did not plainly err by instructing jury on *Dost* factors, but declining to endorse the factors and "discourag[ing] their routine use); *United States v. Steen*, 634 F.3d 822, 829 (5th Cir. 2011) (Higginbotham, J., concurring) ("The sixth factor, which asks whether the visual depiction was intended to elicit a sexual response in the viewer, is especially troubling. Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." (footnote omitted)); *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011) (permitting considerations of all the evidence concerning the defendant's conduct in deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct); *United States v. Johnson*, 639 F.3d 433, 441 (8th Cir. 2011) (permitting the use of extrinsic evidence in making subjective inquiries); *United States v, Frabizio*, 459 F.3d 80, 88 (1st Cir. 2006) ("[T]he *Dost* factors have fostered myriad disputes that have led courts far afield from the statutory language.... [T]here is a risk that the *Dost* factors will be used to inappropriately limit the scope of the statutory definition.") (cited with approval in *United States v. Courtade*); *United States v. Goodale*, 831 F. Supp. 2d 804, 813 (D. Vt. 2011) (noting that the circuits are split regarding the application of the sixth *Dost* factor, and whether this inquiry should be limited to the "four corners of the image," or whether the fact-finder may consider extrinsic evidence).

*Ashcroft v. Frye Speech Coalition*, 122 S.Ct. 1389 (2002); *United States v.*

|  |  | *Stevens*, 130 S.Ct. 1577 (2010); *New York v. Ferber*, 102 S.Ct. 3348 (1982); First Amendment to the U.S. Constitution; Fifth Amendment to the U.S. Constitution; *Lawrence v. Texas*, 539 U.S. 558 (2003); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008). |
|--|--|--|

Dated: October 14, 2021

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

_____/s/_____
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

_____/s/_____
H. Louis Sirkin (*pro hac vice* pending)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress

**WITH CITATION OF AUTHORITY**

**CORRECTED REVISED JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITIONS – "SEXUALLY EXPLICIT CONDUCT" AND
"LASCIVIOUS EXHIBITION"

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including
genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or
opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals
or pubic area of any person.

"Lascivious" means exciting sexual desires or salacious. And "lascivious exhibition"
means visual depictions of the anus, genitals, or pubic area of any person who also engages in
patently offensive, sexual conduct in a manner that connotes the commission of sexual
intercourse, deviant sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse.

 Not every exposure of the genitals or pubic area is a lascivious exhibition, and the fact that a
minor is depicted nude, on its own, is not enough for that visual depiction to qualify as a
lascivious exhibition. "Lascivious exhibition of the genitals" means depictions showing a minor
engaged in "hard core" sexual conduct.

You must determine whether the visual depiction is lascivious based on its overall content and
all the evidence in the case.

In order to find Defendant guilty of the offenses charged in counts 1 through 5 and counts 6
through 11, you must find that the United States has presented evidence beyond a reasonable
doubt that the visual depictions induced were depictions of sexually explicit conduct and that the
conduct engaged in by each of the alleged minor victims constituted a crime.

AUTHORITY:

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at *10 (D.C. Cir. Sept. 17, 2021) ("we
decline to adopt the *Dost* factors, and thus we find unpersuasive those decisions of our sister
circuits that follow the *Dost* factors, or that use *Dost* as the foundation for construing "lascivious
exhibition of the anus, genitals, or pubic area," rather than *Miller* and its progeny,
including *Ferber*, *X-Citement Video*, and *Williams*. *See United States v. Rivera*, 546 F.3d 245,
252–53 (2d Cir. 2008); *Salmoran v. Att'y Gen.*, 909 F.3d 73, 80 n.11 (3d Cir. 2018); *United
States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Hodge*, 805 F.3d 675, 680
(6th Cir. 2015); *United States v. Petroske*, 928 F.3d 767, 773 (8th Cir. 2019); *United States v.
Perkins*, 850 F.3d 1109, 1121 (9th Cir. 2017); *United States v. Isabella*, 918 F.3d 816, 831 (10th
Cir. 2019).")

*United States v. Hillie*, No. 19-3027, 2021 WL 4228187, at **4-5, 7, 9 (D.C. Cir. Sept. 17, 2021)
(the terms "sexual intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse"
are "graphic, sexual terms referring to sexually explicit conduct or behavior and a 'lascivious
exhibition' must be equally graphic with regard to the conduct or child's behavior depicted);  See
also *United States v. X-Citement Video*, 513 U.S. 64, 78-79 (1994) (the term "lascivious

exhibition of the genitals" as currently used in § 2256(2)(A)(v), has the same meaning as "lewd exhibition of the genitals," as that phrase was construed in *Miller* and *Ferber*); *United States v. Williams*, 553 U.S. 285, 296 (2008) ("§ 2256(2)(A)'s definition of 'sexually explicit conduct' means essentially the same thing as the definition of 'sexual conduct' at issue in *Ferber*, except that the conduct defined by § 2256(2)(A) must be, if anything, more 'hard-core' than the conduct defined by the New York law at issue in *Ferber*, given that the federal statute prohibits "sexually explicit conduct" rather than merely "sexual conduct," as in the state law); *New York v. Ferber*, 458 U.S. 747, 764-65, 773 (1982) (the phrase "lewd exhibition of the genitals referred to "the hard core of child pornography").

*United States v. Hillie* , 2021 WL 4228187, at **8-10 (rejecting argument that "lascivious exhibition of the genitals," as defined in § 2256(2)(A), should be construed in accordance with the so-called *Dost* factors); *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (*Dost* factors have been subject to criticism over the years); See also *United States v. Price*, 775 F.3d 828, 839–40 (7th Cir. 2014) (holding that district court did not plainly err by instructing jury on *Dost* factors, but declining to endorse the factors and "discourag[ing] their routine use); *United States v. Steen*, 634 F.3d 822, 829 (5th Cir. 2011) (Higginbotham, J., concurring) ("The sixth factor, which asks whether the visual depiction was intended to elicit a sexual response in the viewer, is especially troubling. Congress did not make production of child pornography turn on whether the maker or viewer of an image was sexually aroused, and this *Dost* factor encourages both judges and juries to improperly consider a non-statutory element." (footnote omitted)); *United States v. Russell*, 662 F.3d 831, 840 (7th Cir. 2011) (permitting considerations of all the evidence concerning the defendant's conduct in deciding whether the government has proven that the defendant acted for the purpose of producing a visual depiction of sexually explicit conduct); *United States v. Johnson*, 639 F.3d 433, 441 (8th Cir. 2011) (permitting the use of extrinsic evidence in making subjective inquiries); *United States v, Frabizio*, 459 F.3d 80, 88 (1st Cir. 2006) ("[T]he *Dost* factors have fostered myriad disputes that have led courts far afield from the statutory language.... [T]here is a risk that the *Dost* factors will be used to inappropriately limit the scope of the statutory definition.") (cited with approval in *United States v. Courtade*); *United States v. Goodale*, 831 F. Supp. 2d 804, 813 (D. Vt. 2011) (noting that the circuits are split regarding the application of the sixth *Dost* factor, and whether this inquiry should be limited to the "four corners of the image," or whether the fact-finder may consider extrinsic evidence).

*Ashcroft v. Frye Speech Coalition*, 122 S.Ct. 1389 (2002); *United States v. Stevens*, 130 S.Ct. 1577 (2010); *New York v. Ferber*, 102 S.Ct. 3348 (1982); First Amendment to the U.S. Constitution; Fifth Amendment to the U.S. Constitution; *Lawrence v. Texas*, 539 U.S. 558 (2003); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008).

**WITHOUT CITATION OF AUTHORITY**

**CORRECTED REVISED JURY INSTRUCTION NO. 23**

OFFENSE SPECIFIC DEFINITIONS – "SEXUALLY EXPLICIT CONDUCT" AND "LASCIVIOUS EXHIBITION"

The term "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

"Lascivious" means exciting sexual desires or salacious. And "lascivious exhibition" means visual depictions of the anus, genitals, or pubic area of any person who also engages in patently offensive, sexual conduct in a manner that connotes the commission of sexual intercourse, deviant sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse.

Not every exposure of the genitals or pubic area is a lascivious exhibition, and the fact that a minor is depicted nude, on its own, is not enough for that visual depiction to qualify as a lascivious exhibition. "Lascivious exhibition of the genitals" means depictions showing a minor engaged in "hard core" sexual conduct.

You must determine whether the visual depiction is lascivious based on its overall content and all the evidence in the case.

In order to find Defendant guilty of the offenses charged in counts 1 through 5 and counts 6 through 11, you must find that the United States has presented evidence beyond a reasonable doubt that the visual depictions induced were depictions of sexually explicit conduct and that the conduct engaged in by each of the alleged minor victims constituted a crime.