IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>                    Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br>Trial: Oct. 19, 2021 |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL
DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE
EXCLUSION OF THE TESTIMONY OF DR. TYLER WHITNEY**

**I.   INTRODUCTION**

Zackary Ellis Sanders, by counsel, moves this Honorable Court, pursuant to Local Crim. R. 49, for entry of an Order permitting the entirety of his Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney, including the exhibit, to be filed under seal. Sealing is necessary because it entirely discusses confidential medical information.

**II.   ARGUMENT**

The memorandum in support, and its exhibit, should be sealed because it contains confidential medical information that the public would not, under any other circumstances, be entitled to see. It is true that judicial proceedings are generally open to the public and that there exists, while not a First Amendment right, a common law right of public access to judicial records and documents. *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir. 1989)). The presumption of the right of access can be rebutted if countervailing interests heavily outweigh the public interests in access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The party

seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id*. at 575. Ultimately the decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*, 386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has previously held that such records are entitled to privacy protection and may be filed under seal. *James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at *12 (Nov. 21, 2007 E.D. Va.).

Counsel will provide the government and this Court separate unredacted versions of Defendant's memorandum.

### III.  CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that the entirety of his Memorandum in Support of Motion to Reconsider the Exclusion of the Testimony of Dr. Tyler Whitney, including the exhibit, shall be permanently filed under seal.

Respectfully submitted,

_/s/_
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_/s/_
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

/s/
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

/s/
H. Louis Sirkin (admitted *pro hac vice*)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress