IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## ORDER

This criminal prosecution for production, receipt, and possession of child pornography is presently before the Court on a jury trial. At trial on October 20, 2021, defendant sought to introduce sexually explicit chats and images of one of the defendant's alleged minor victims that were not admitted in the course of the government's case in chief. Defense counsel argued at trial that these chats and images should be admissible because these chats and images tend to show that the defendant's alleged minor victim might have created the explicit images *prior* to communication with the defendant and that this evidence is therefore relevant as to the five counts of production of child pornography production charged in the indictment. The government objected to admissions of these chats and the objection was sustained in part, as explained below.

This is not the first time that admissibility of the alleged minor victim's sexually explicit behavior has been considered. An Order issued May 20, 2021 granted the government's motion to exclude evidence related to the minor victim's alleged sexual behavior or sexual predisposition, explaining that such evidence was inadmissible under Federal Rule of Evidence 412. *See* Dkt. 364 (Sealed Order). As the May 20, 2021 Order explained, however, defendant may be able to introduce such evidence if such evidence established that the images introduced by the government to sustain the production of child pornography counts had, in fact, been

1

produced prior to the defendant's conversations with the minor victims. *See* Dkt. 364 at 5-6, n.8. Federal Rule of Evidence 412 requires that "evidence offered to prove that a victim engaged in other sexual behavior," as well as "evidence offered to prove a victim's sexual predisposition," cannot be admitted in a "criminal proceeding involving alleged sexual misconduct." Fed. R. Evid. 412(a).

At trial, defendant discussed three possible categories of evidence that defendant may seek to introduce to counter the government's evidence. The first category of images defendant discussed includes images that the government contends were produced as a result of defendant's actions, but which preexisted defendant's contact with the alleged minor victim. If defendant has evidence that these images were, in fact, produced prior to defendant's chats with his minor victim, *i.e.* that these images pre-date the chats at issue, then defendant is free to introduce that evidence or to elicit it from the minor victim. This evidence will not run afoul of Rule 412, because such evidence goes to whether the images that are the subject of the indictment were created at defendant's direction and thus are relevant to whether there was production of child pornography. Accordingly, such evidence, if such evidence exists, is admissible. The government may still, however, argue that defendant's conduct constitutes an attempt to produce child pornography, but that contention need not be resolved here.

Defendant may not, however, introduce into evidence other sexually explicit images that the minor victim sent the defendant or posted online. These include sexually explicit images of the minor victim that pre-date the chats that are the subject of the indictment and that the government has sought to introduce. These also include sexually explicit images of the alleged minor victim sent *after* the chats at issue occurred. These images are inadmissible under Rule 412, as the defendant seeks to introduce the evidence for the precise purpose prohibited by Rule

412. That is, defendant seeks to introduce the evidence "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition." Fed. R. Evid. 412; *see also United States v. Ogden*, 685 F.3d 600, 604-05 (6th Cir. 2012) (excluding evidence of the victim's chats with other men pursuant to Rule 412). Accordingly, defendant will not be permitted to introduce other sexual chats or images of the alleged minor victim and the government's objection in this regard will be sustained.

Accordingly,

It is hereby **ORDERED** that the government's objection is **SUSTAINED IN PART and OVERRULED IN PART**. The government's objection is sustained with respect to evidence of other sexual images or chats involving the alleged minor victim, that are not the subject of the indictment. The government's objection is overruled with respect to any evidence that the defendant may have that shows that the images of the minor victim that are the subject of the indictment existed prior to defendant's chats with the alleged minor victim.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
October 21, 2021

/s/
T. S. Ellis, III
United States District Judge