IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>       Defendant. | Case No. 1:20-cr-00143<br>Honorable T.S. Ellis, III<br>Trial: Oct. 19, 2021 |

**DEFENDANT'S OBJECTION TO COURT'S JURY INSTRUCTION REGARDING "CONSENT IS NOT A DEFENSE" AND THE EXCLUSION OF EVIDENCE DEMONSTRATING ASSENT**

Defendant, Zackary Ellis Sanders, by counsel, respectfully objects to the Court's repeated instruction to the jury that under, 18 U.S.C. § 2251(a), "consent is not a defense." The defense objects to the court's instruction on the basis that it is legally incorrect, prejudicial to the accused, and irremediably confusing to the jury. For the same reasons, and given the statute's verbs, Mr. Sanders objects to the continued exclusion of all evidence bearing on assent. The defense requests a curative instruction on this issue as set forth in the Conclusion.

**DISCUSSION**

**I. Section 2251(a) in using the verbs "persuades, induces, entices, or coerces" assumes that minors can "assent" to engage in "any sexually explicit conduct."**

The catchphrase, "a child cannot consent to sex" does not reflect a true principle of common law, federal law or state law. It is a vernacular expression derived from the fact that legislators, and common law, have in various ways and contexts, sought to protect children by limiting the defense of "consent" to sexual crimes to cases where the victim is over a certain age. The concept of "age of consent" or any declarations about the consent of a victim are not

relevant, however, to offenses defined by the defendant's intent, or where lack of consent is not an element of the offense.

In the particular case of statutes defining child exploitation offenses, such as 18 U.S.C. § 2422 and 18 U.S.C. § 2251, a statute charged in this case, the use of this catchphrase undermines the legislative intent and plain language of the offenses. This prejudices the accused by encouraging the jury to disregard the actual elements of the offense. The prejudice is clear in cases of § 2251(a) and § 2422 with their overlapping proscriptions of enticing minors into engaging in sexual activity.

The Fourth Circuit and other Circuits have deliberately avoided confounding the question of whether the accused has enticed a minor to engage in sexual activity, on which the prosecutors have the burden of proof, with any reference to "consent."  Instead,  this and other Circuits have recognized that the terms of enticement in § 2251(a) that are common with § 2422 ("persuades, induces, entices, or coerces") are aimed at "*causing assent* on the part of the minor" to engaging in sexual activity. *United States v. Harris*, 991 F.3d 552, 559-60 (4th Cir. 2021); *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012); *United States v. Berk*, 652 F.3d 132, 140 (1st Cir. 2011); *United States v. Murrell*, 368 F.3d 1283, 95 F. App'x 1283 (11th Cir. 2004); *United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000); *United States v. Pierson*, 544 F.3d 933, 939 (8th Cir. 2008); *United States v. Thomas*, 410 F.3d 1235, 1244 (10th Cir. 2005); *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010); *United States v. Yost*, 479 F.3d 815, 819 n.3 (11th Cir. 2007). The statute "criminalizes an intentional attempt to achieve a mental state—a minor's assent." *Engle*, 676 F.3d 405; *see also* 419 *Dwinells*, 508 F.3d at 71; *Lee*, 603 F.3d at 914.[1]

---

[1] *Accord United States v. Seitu Sulayman Kokayi*, No. 1:18-cr-410 (LMB), 2019 U.S. Dist. LEXIS 78725 (E.D. Va. May 8, 2019, Brinkema, J.); *Coogle v. United States*, No. 2:18-cv-01291, 2020 U.S. Dist. LEXIS 250038, *24-25 (S.D. W. Va. Feb. 11, 2020); *Jeffries v. United States*, No. 4:15-CR-00083, 2018 U.S. Dist. LEXIS 174081, 2018 WL 4903267, at *11 (E.D. Va. Oct. 9, 2018), appeal dismissed, 763 F. App'x 326 (4th Cir. 2019).

Under the enticement provisions of § 2251(a), it is in fact relevant if the minor has already "assented" to the sexual activity without any persuasion.

> The "primary evil Congress meant to avert by enacting § 2422(b) was the psychological sexualization of children . . . ." *Fugit*, 703 F.3d at 255; *see also United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012) (recognizing that § 2422(b) "was designed to protect children from the act of solicitation' (internal quotation marks omitted)). Accordingly, what § 2422(b) criminalizes is "an intentional attempt to achieve a mental state - a minor's assent" - in its young victims. *Fugit*, 703 F.3d at 255 (internal quotation marks omitted). And the conduct § 2422(b) "seeks to regulate," *WesternGeco*, 138 S. Ct. at 2137 (internal quotation marks omitted) - or rather, prevent - is coerced sexual activity by children, *see* 18 U.S.C. § 2422(b) [*560] (criminalizing coercion [**17] of a minor "to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense").

*United States v. Harris*, 991 F.3d 552, 559-60 (4th Cir. 2021). Rather, these statutes are designed to protect children from the act of solicitation to engage in sexuality.

Thus, in interpreting the defendant's language, and his intent, it is relevant whether the accused believes that the minor assents to engaging in sexually explicit activity without enticement. This may be indicated by the minor having responded to the defendant's advertisement, only seeking individuals interested in engaging in sexually explicit behavior—all by themselves. True, *the actual assent or not is not dispositive*. However, in interpreting the aim of the accused in engaging with the minor, what the accused understands about the assent of the minor is certainly relevant to his intent. It is also relevant to whether obtaining a visual depiction of sexually explicit conduct was "at the very least a significant purpose" of the defendant's in saying what he said. *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020). A jury cannot assess this purpose without viewing the full content of the defendant's communications with the alleged minor.

3

Especially in a §2251(a) case where the minor did engage in the sexual activity, telling the jury that a "child cannot consent" or that "consent is not a defense" is fatally prejudicial to a legitimate defense that the accused did not attempt to entice a child. If the Court were to correctly instruct the jury as to the meaning of § 2251 when it comes to "enticement," the statute by its terms contemplates a situation where a minor does not engage in sexually explicit conduct on his or own accord. In other words, the "consent is no defense" thinking would impose criminal liability without regard to actions by the accused designed to obtain "assent" or "consent" because such a thing is not possible.

If Congress had intended for the statute—with its 15-year mandatory minimum—to be applied in this manner, the statue would have read as follows:

> (a) Any person who intends that any minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e) . . .

Instead, as acknowledged by the language of § 2251 and § 2242, and the many courts having addressed the meaning of these enticement terms, Congress clearly understood that minors on their own do in fact "assent" to engaging in sexual behavior and that such assent can be relative to culpability. Though Congress *did not have in mind* the now-pervasive use of cell phones and "web cams" by adolescents to willingly and of their own volition, *self*-produce" images that *literally* fall into the definition of "child pornography, in this environment such a phenomenon demonstrates in an unpredicted way that minors in fact do assent to engaging in such behaviors.

Telling jurors that minors cannot "consent," which they cannot distinguish from being told that a minor cannot "assent," carries with it the idea that anything that the accused did toward the victim must have been coercive because a minor "by law" could not have done it

willingly. The better language for the Court to use is that of assent, or the concept familiar on the question of voluntariness: whether the accused has sought to overcome the will of the minor.

## II. Section 2252(a) concept of "employ, uses" is not pertinent in cases of self-produced images by a minor

Section 2251 contains statutory terms that do not overlap with the federal enticement statute, § 2242, *i.e.*, "employs" and "uses." The term "used" in the second element of the instruction means "to put into action or service," "to avail oneself of," or "[to] employ." *United States v. Laursen*, 847 F.3d 1026, 1032 (9th Cir. 2017). Solicitation can obviously be done remotely by phone or in online communications, or through third persons. *See, e.g. United States v. Murrell*, 368 F.3d 1283, 95 F. App'x 1283 (11th Cir. 2004). In contrast, the term "uses" has generally been applied to cases where the accused with the victim and creation of a photographic or video image, "directly involved in the actual sexual abuse or exploitation of minors." *See United States v. Kemmish*, 120 F.3d 937, 941-42 (9th Cir. 1997).

## CONCLUSION

"Consent" is irrelevant to the §2251(a) charge. The concepts related to "consent" on which the Court has instructed the jury, and the confusion that arises from giving pronouncements on "consent" in a case where one element of § 2251(a) is the purpose to attain the "assent" of the minor, are gravely prejudicial to the defense. The rulings where the concepts related to "consent" not being a defense which have been invoked to elicit evidence from government witnesses, have prejudiced defendant and compromised his right to present a defense.

Accordingly, the defense respectfully objects to these instructions, declarations and rulings and respectfully requests that the Court give a curative instruction to the jury to disregard them. We request the jury be instructed that it was not improper for the defense counsel to attempt to elicit facts that may have appeared in the case that might inform a decision as to what the defendant's purpose might have been in his various statements to the minors.

The defense also respectfully requests that there be no mention of the "consent" or expressions about a minor not being able to consent or that "consent is not a defense" in instructing the jury, as the defense has not and will not attempt to prove that any minor in fact "consented" to the engaging in sexually explicit conduct.

Respectfully submitted,

/s/
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

/s/
Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

/s/

Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

_____/s/_____
H. Louis Sirkin (admitted *pro hac vice*)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress