IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-143 |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| Defendant. | ) | |

## ORDER

This matter comes before the Court on defendant's objection, Dkt. 529, to the Court's instruction to the jury that "consent is not a defense" to an allegation of production of child pornography under 18 USC § 2251(a). Defendant further objects to the exclusion of evidence bearing on the alleged "assent" of defendant's minor victims. Dkt. 529 at 1.[1] Defendant has argued repeatedly during trial that minors can, in fact, consent to sexual activity. This argument has no bearing, however, on whether minors may consent to the production of child pornography, which is the crime for which defendant is charged. The Court has already issued a curative instruction, at defendant's request, that minors may consent to engage in sexually explicit conduct (for example, a minor may masturbate in the privacy of his or her home), but defendant's latest request asks for a further instruction that defendant's belief about a minor's assent to the production of child pornography somehow bears on defendant's criminal liability.

Defendant's argument in the middle of trial is particularly untimely, given that a May 20, 2021 Order, *see* Dkt. 364, explained that "evidence of the alleged minor victims' consent is irrelevant and inadmissible pursuant to Rule 402." Dkt. 364 at 3. The May 20, 2021 Order cited

---

[1] Although this evidence is irrelevant and inadmissible under Rule 402, as explained in this Order, it is also inadmissible under Rule 412, which prohibits in sex-offense cases the use of evidence offered either "to prove that a victim engaged in other sexual behavior" or "to prove a victim's sexual predisposition." Fed. R. Evid. 412(a).

1

a number of cases explaining that consent of minor victims is irrelevant to a charge that defendant used those minor victims for the purpose of production of child pornography. *See, e.g. United States v. Sibley*, 681 F. App'x 457, 461 (1st Cir. 2017) (holding that "consent is irrelevant to whether [the defendant] used [the minor victim] for the purposes of 18 U.S.C. § 2251(a)."); *United States v. Wells*, 843 F.3d 1251, 1255 (10th Cir. 2016) ("[O]f course, a minor cannot consent to production of child pornography."); *Ortiz-Graulau v. United States*, 756 F.3d 12, 19 (1st Cir. 2014) ("[A]ny facts about the consensual and allegedly non-exploitative nature of the relationship between [the defendant] and [the minor victim] or about the circumstances in which the photographs were taken could not have supported a legally permissible defense."); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008) ("Here, the district court properly concluded consent was not a defense and, because [the minor victim's] willingness to engage in the acts was irrelevant, Rule 412's consent exception was inapplicable."). This Order was issued nearly five months before trial began, and defendant made no motion for reconsideration and did not re-raise the issue until after trial had begun.

Defendant relies on caselaw interpreting 18 U.S.C. § 2422(b), which criminalizes coercion of a minor to engage in sexual activity. But § 2422(b) is not at issue in this case, which involves a prosecution for violation of 18 U.S.C. § 2251(a). Defendant seems to suggest that caselaw interpreting § 2422(b) is somehow relevant to determining whether consent is a defense to production of child pornography, but no such connection is apparent. The two statutes criminalize different conduct: § 2251(a) criminalizes the use of minors for production of child pornography and § 2422(b) criminalizes the enticement of minors to engage in sexually explicit conduct. And the two statutes use different verbs, as § 2422(b) criminalizes someone who "persuades, induces, entices, or coerces" a minor to engage in sexually explicit activity, 18

U.S.C. § 2422(b), while § 2251(a) criminalizes anyone who "*employs*, *uses*, persuades, induces, entices, or coerces" a minor to engage in sexually explicit conduct with the purpose of producing pornography. 18 U.S.C. § 2251(a) (emphasis added). Thus, § 2251(a) criminalizes a broader range of actions (e.g. employing or using a minor) than does § 2422(b).

Defendant's brief in support of the instant objection relies heavily on caselaw interpreting § 2422(b) as criminalizing "an intentional attempt to achieve a mental state – a minor's assent – in its young victims." *United States v. Harris*, 991 F.3d 552, 559 (4th Cir. 2021), *cert. denied*, No. 21-5604, 2021 WL 4733596 (U.S. Oct. 12, 2021) (internal citations omitted). But it is unclear from defendant's brief why caselaw interpreting § 2422(b), which uses different words to criminalize different behavior than the statute charged in this case, § 2251(a), should bear on the issue of whether a minor victim can consent to a violation of § 2251(a). More importantly, defendant does not appear to cite a single case suggesting that consent is a defense to either § 2422(b) or § 2251(a). Thus, defendant's reliance on caselaw interpreting § 2422(b) is misplaced and does little to advance his argument here.

In sum, defendant has not demonstrated that the assent of his minor victims is a defense to the charges of production of child pornography.

Accordingly,

It is hereby **ORDERED** that defendant's objection to the Court's jury instruction given in the course of the trial that "consent is not a defense to the production of child pornography" is **OVERRULED** because that instruction is correct.

It is further **ORDERED** that defendant's objection to the exclusion of evidence suggesting that defendant's minor victims consented to engage in sexually explicit acts is also **OVERRULED**. That consent is irrelevant. Defendant will have an opportunity to re-argue this

issue at the final jury instructions conference, but the ultimate instruction is unlikely to differ from the conclusion contained here.

      The Clerk is directed to send a copy of this Order all counsel of record.

Alexandria, Virginia
October 25, 2021

/s/
T. S. Ellis, III
United States District Judge