**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> ZACKARY ELLIS SANDERS, <br><br><div align=right>Defendant.</div> | Case No. 1:20-cr-00143 <br> Honorable T.S. Ellis, III <br> Trial: Oct. 19, 2021 |

**DEFENDANT'S NOTICE OF FILING OF OBJECTION TO JURY INSTRUCTION
REGARDING HIS PURPOSE**

Defendant, Zackary Ellis Sanders, by counsel, submits the attached notice of filing of his objection to this Court instructing the jury merely that the government has to prove that "a motivating purpose" in his employing, using, persuading, inducing, enticing, or coercing any minor to engage in sexually explicit conduct was to create a visual depiction of that conduct.

Merely instructing the jury that producing a visual depiction be "a motivating purpose," without more, would misstate the law on a point so important that it would seriously impair Mr. Sanders's defense. *See United States v. Raza*, 876 F.3d 604, 614 (4th Cir. 2017) (explaining when a jury instruction constitutes reversible error).

Here, the plain statutory language criminalizes a defendant knowingly "employ[ing], us[ing], persuad[ing], induc[ing], entic[ing], or coerc[ing] any minor to engage in . . . any sexually explicit conduct for *the purpose* of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a) (emphasis added). The statute is clear that it must be "the purpose," and not "a purpose."

The Fourth Circuit has interpreted the meaning of "the purpose" and concluded that it means something more than "a purpose" or "a motivating purpose."  In *United States v. Thompson*, the court instructed the jury, *inter alia*, that

> the Government must prove that producing a visual depiction of the sexually explicit conduct was one of the Defendant's purposes for using, employing, persuading, inducing, enticing, or coercing the victim to engage in sexually explicit conduct, and *that it was a significant or motivating purpose and was not merely incidental to the sexually explicit conduct*.  In deciding whether the Government has proven that the Defendant acted for *the purpose* of producing a visual depiction of the sexually explicit conduct, you may consider all of the evidence concerning the Defendant's conduct. While the Government must prove that Defendant acted with *the purpose* of producing a visual depiction of a child engaging in sexually explicit conduct, it is not required that the Government prove that the visual depiction of that conduct was actually produced.

*United States v. Thompson*, Case No. 8:17-cr-00195-TDC (Sept. 14, 2018) (Dkt. 99) (emphases added).  The Fourth Circuit concluded that "this instruction adequately informed the jury of the controlling legal principles."  *United States v. Thompson*, 807 F. App'x 251, 252 (4th Cir.), *cert. denied*, 141 S. Ct. 905 (2020).  The *Thompson* instruction did not merely state that the defendant's purpose was a "motivating purpose," but made clear that it was a "significant or motivating purpose," and "was not merely incidental to the sexually explicit conduct."  *Id.* at 252; *see also United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020) (finding that the difference between "the purpose" and "a purpose" "is whether the accused's alleged purpose *carries some predominant weight*, as required by the plain statutory language, or whether [producing a visual depiction] was one among many, potentially much more significant purposes. Indeed, 'a purpose' could be merely one in ten . . . without considering any relative weight amongst these varying purposes.") (emphasis added).

Thus, the Fourth Circuit has made clear that "the language 'the purpose' requires that [producing a visual depiction] *be at the very least a significant purpose* in the sexual conduct

2

itself, not merely incidental." *Id.* at 695 (emphasis added).  In *McCauley*, *id.* at 695, the Fourth

Circuit cited favorably to *United States v. Torres*, 894 F.3d 305 (D.C. Cir. 2018), where the D.C.

Circuit "assume[d," and which the government conceded in that case, "that the government must

show that *the purpose* of producing a visual image was a defendant's *dominant motive* for using,

inducing, or coercing a minor's sexual conduct," *id.* at 312.  The *McCauley* court also noted that

"[t]wo of our sister circuits have recognized this, defining 'the purpose' as *'one of the dominant'*

*motives or purposes* under § 2251(a).  *Id.* at 696 (emphasis added) (citing *United States v. Sirois*,

87 F.3d 34, 39 (2d Cir. 1996); *United States v. Raplinger*, 555 F.3d 687, 693 (8th Cir. 2009)).

   Here, based on the evidence presented at trial, the jury could rationally conclude, for

example and for the sake of argument, that (1) the alleged minor victims engaged in sexually

explicit conduct and (2) that they recorded videos of that conduct at Mr. Sanders's request, but

that Mr. Sanders is not guilty because his significant, dominant, or motivating purpose/purposes

was/were not to produce a visual depiction,[1] but was something else, including for the alleged

minor victims to complete tasks necessary to their dominant-submissive relationship with him, to

prove that they had completed tasks as part of their training in BDSM protocols, and to allow

them to experience feelings of submission that he believed that they desired (and that producing

a visual depiction was only incidental to those other purposes that predominated).  To do so, the

jury must understand that "[i]t is simply not enough to say 'the photo speaks for itself *and* for the

defendant and that is the end of the matter."  *United States v. Palomino-Coronado*, 805 F.3d 127,

130 (4th Cir. 2015) (emphasis in original) (citation and quotation omitted).

---

[1] *United States v. Williams*, 553 U.S. 285, 294 (2008) (noting that "the commonsense canon of *noscitur a sociis* . . . counsels that a is given more precise content by the neighboring words with which it is associated").

If this Court merely instructs the jury that it must find that producing a visual depiction was one of Mr. Sanders's "motivating purposes," because motivating can simply mean "able to influence someone," the jury is likely to believe that "a motivating purpose" is analogous to merely stating that it need only be "a purpose" of Mr. Sanders's.  This would effectively and impermissibly eliminate the specific intent element of § 2251(a) and convert it into a strict liability offense.  As a result, this Court should instruct the jury that producing a visual depiction of sexually explicit conduct must be, "at the very least, a significant purpose in the sexual conduct itself, not merely incidental," *McCauley*, 983 F.3d at 695, and that it "carr[y] some predominant weight," *id.  See also* Defense Revised Proposed Jury Instruction No. 22 (Dkt. 500 at 11).

<div style="margin-left:40%">

Respectfully submitted,

_____/s/_____

Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____

Nina J. Ginsberg (#19472)
Zachary Deubler (#90669)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com
Email: zdeubler@dimuro.com

</div>

_____/s/_____
Mark J. Mahoney (admitted *pro hac vice*)
Harrington & Mahoney
70 Niagara Street, 3rd Floor
Buffalo, New York 14202-3407
Telephone: 716-853-3700
Facsimile: 716-853-3710
Email: mjm@harringtonmahoney.com

_____/s/_____
H. Louis Sirkin (admitted *pro hac vice*)
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October 2021, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress


5