1

```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                         ALEXANDRIA DIVISION


    UNITED STATES OF AMERICA,    )
                                 )
         v.                      )  Criminal No. 20-143
                                 )
    ZACKARY ELLIS SANDERS,       )
                                 )
              Defendant.         )  Alexandria, Virginia
    _____)  July 10, 2020




                      TRANSCRIPT OF ARRAIGNMENT
                BEFORE THE HONORABLE T. S. ELLIS
                   UNITED STATES DISTRICT JUDGE

         APPEARANCES:

    For the Government:       WILLIAM CLAYMAN, AUSA
                              RAJ PAREKH, AUSA
                              U.S. Attorney's Office
                              2100 Jamieson Avenue
                              Alexandria, Virginia  22314

    For the Defendant:        EMILY VOSHELL, ESQ.
                              JADE CHONG-SMITH, ESQ.
                              KaiserDillon PLLC
                              1099 14th Street NW
                              8th Floor West
                              Washington, DC 20005



    Court Reporter:    PATRICIA A. KANESHIRO-MILLER, RMR, CRR



    Proceedings reported by stenotype shorthand.
    Transcript produced by computer-aided transcription.
```

2

P R O C E E D I N G S

(9:44 a.m.)

THE COURT: You may call the first matter.

THE DEPUTY CLERK: The Court calls Criminal Case United States of America versus Zachary Ellis Sanders, Case Number 2020-CR-143.

May I have appearances please, first for the government.

MR. CLAYMAN: Good morning. Bill Clayman and Raj Parekh for the United States.

THE COURT: Good morning.

And for the defendant?

MS. VOSHELL: Good morning, Your Honor. Emily Voshell on behalf of Zackary Sanders.

Your Honor, Jade Chong-Smith is also present in court; however, I filed her pro hac vice motion last night, so I don't think it has been granted just yet.

THE COURT: Yes, I saw it, and I have signed it.

MS. VOSHELL: Wonderful, Your Honor. Thank you.

THE COURT: We're glad to have you here today.

Good morning to you, Mr. Sanders.

THE DEFENDANT: Good morning, Your Honor.

THE COURT: Just to be clear, I see your middle name is Ellis.

THE DEFENDANT: It is, yes.

1  THE COURT: I think you will agree with me that there
2  is no familial relationship at all between us.
3  THE DEFENDANT: Correct.
4  THE COURT: All right. You may be seated for a
5  moment, sir.
6  All right. Let me ask whether you've had an adequate
7  opportunity to review the matter with your client; that is,
8  review the indictment with your client.
9  MS. VOSHELL: Yes, Your Honor, we have had an
10  adequate opportunity to review the indictment with
11  Mr. Sanders.
12  THE COURT: Let me confirm with Mr. Sanders that
13  you've had an adequate opportunity to review the indictment
14  with your counsel.
15  THE DEFENDANT: Yes, I have, Your Honor.
16  THE COURT: And are you fully satisfied with the
17  advice and counsel you have received thus far from your
18  attorney?
19  THE DEFENDANT: I am, yes.
20  THE COURT: All right. You may be seated.
21  Does your client waive formal reading?
22  MS. VOSHELL: Yes, Your Honor.
23  THE COURT: How does he wish to plead?
24  MS. VOSHELL: He enters a plea of not guilty to all
25  counts, Your Honor, and we further assert all his rights

1   under the Constitution.
2           THE COURT: All right. He seeks a jury trial.
3           MS. VOSHELL: Yes, Your Honor.
4           THE COURT: All right. Let me ask counsel for the
5   government, how long do you think it will take the government
6   to present its case-in-chief?
7           MR. CLAYMAN: I think three to four days, Your Honor.
8           THE COURT: All right. I think I shall set aside,
9   then, four to five days for a trial.
10          Ms. Voshell, does that look like a reasonable period
11  of time to you?
12          MS. VOSHELL: Yes, that sounds like a reasonable
13  period of time to the defense, Your Honor.
14          THE COURT: All right. So the speedy trial date is
15  the 23rd of October, and we do indeed anticipate having
16  criminal trials then.
17          MR. CLAYMAN: Your Honor, I apologize. I calculated
18  the speedy trial date as November 23rd based on the latest
19  general order from this court.
20          THE COURT: What did I say?
21          MR. CLAYMAN: October 23rd.
22          THE COURT: You're right. It is November 23rd.
23  Thank you for the correction.
24          All right. I will set the case for trial on
25  November 23rd. Is that a Monday?

1       MR. CLAYMAN:  That is, Your Honor.

2       THE COURT:  I typically begin trials on a Tuesday,
3  but I'll make an exception here.  It is set now for
4  November 23rd, at 10:00 a.m., with a jury.

5       And I will set motions to be filed by the 24th of --

6       MS. VOSHELL:  Your Honor, if I may briefly be heard
7  on a couple of issues with setting motions?

8       THE COURT:  Yes, you may.

9       MS. VOSHELL:  So, Your Honor, as you may be aware,
10 Mr. Sanders was arrested in this case on March the 20th.  His
11 indictment was delayed due to COVID-19.  During that time, we
12 have had an opportunity to review the affidavit in support of
13 the search warrant in this case, and we very strongly
14 believe, as we have communicated multiple times to the
15 government, a very meritorious *Franks* motion and motion to
16 suppress lies based on the limited discovery that we have
17 received so far related to the application in support of the
18 search warrant.  We believe that the agent materially misled
19 the magistrate in this case.  However, we are still missing
20 very critical discovery that we need to be able to file the
21 *Franks* motion and the motion to suppress in this case.  We
22 have discussed this with the government.  The government's
23 position is that they have complied with their discovery
24 obligations.  But at this point we have reached an impasse,
25 and we intend to filed a motion to compel discovery for a

1    very discrete and limited set of items that are related
2    directly to Mr. Sanders' motion to suppress, and we intend to
3    file that on Monday.  And we would also ask to have a hearing
4    on the motion to compel the last week of July.  We've
5    discussed dates with the government of July the 30th or 31st,
6    I believe, and I think that will give the government enough
7    time to respond to our motion to compel and have everything
8    fully briefed before the Court.
9            THE COURT:  What is the government's view of that in
10   terms of scheduling only?
11           MR. CLAYMAN:  In terms of scheduling, Your Honor, we
12   could be available at the end of July.  We do believe that it
13   is premature at this point and would like additional time to
14   review the material that we have and to continue making
15   discovery productions.  But if they are to file on Monday, we
16   would be available at the end of July.
17           THE COURT:  Well, I am going to set a motions date,
18   but it will be well after this.  Motions must be filed by the
19   20th of August.  That should give you sufficient time for the
20   defendant and the government to respond, and a hearing, if
21   necessary.  And be clear in your motions whether you think an
22   evidentiary hearing is required and how many witnesses, so
23   that I can make an assessment of when to schedule that.
24           Let me ask, Ms. Voshell, the 20th of August, that
25   gives you sufficient time, does it not?  That's for all

```
 1    motions.  Now, you're going to file another motion, and I
 2    think you can assume correctly that I will resolve that
 3    motion fairly promptly.
 4            MS. VOSHELL:  Yes, Your Honor.
 5            THE COURT:  If it isn't resolved by your negotiations
 6    with the government.
 7            MS. VOSHELL:  Yes, Your Honor.
 8            Again, we would ask the Court to set a hearing date
 9    on the motion to compel for July the 30th or 31st so that we
10    can ensure that that motion is fully argued and decided by
11    then in enough time for us to hopefully receive that material
12    from the government and make use of it in our August 20th
13    motions.
14            THE COURT:  Yes, I will set it for July 31st.
15            MS. VOSHELL:  Thank you, Your Honor.
16            THE COURT:  All right.  And I set the motions date
17    for August 20th.  And if a hearing is required, then the
18    hearing will be on September the 11th.  And I have already
19    set the trial in November.
20            Do you have a discovery order?
21            MR. CLAYMAN:  We don't at this time, Your Honor.
22    We're still discussing discovery.
23            THE COURT:  All right.
24            MR. CLAYMAN:  I was going to ask Your Honor, my
25    co-counsel is unavailable the final week of November for the
```

1      trial date.  Is there any way it could be earlier in
2      November?
3              THE COURT:  Yes.  I will set it for the 17th of
4      November, at 10:00 a.m., with a jury.
5              MR. CLAYMAN:  Thank you, Your Honor.
6              MS. VOSHELL:  That's fine for the defense, Your
7      Honor.
8              THE COURT:  All right.  Anything further to be
9      accomplished in this matter today?
10             MR. CLAYMAN:  Nothing from the government, Your
11     Honor.
12             THE COURT:  All right.  I thank counsel for your
13     cooperation.
14             (Adjourned)
15
16
17
18
19
20
21
22
23
24
25


9

1  CERTIFICATE OF OFFICIAL COURT REPORTER

2

3       I, Patricia A. Kaneshiro-Miller, certify that the

4  foregoing is a correct transcript from the record of

5  proceedings in the above-entitled matter.

6

7       Dated this 24th day of November, 2021

8

9       /s/ Patricia A. Kaneshiro Miller
        _____
10      Patricia A. Kaneshiro-Miller, RMR-CRR
        Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25