IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:20-cr-143 |
| | ) |
| ZACKARY ELLIS SANDERS, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on defendant's motion to continue sentencing (Dkt. 567) and defendant's motion to redact the trial transcript (Dkt. 570). These motions have been fully briefed and were orally argued in a hearing on January 28, 2022. Accordingly, these motions are now ripe for dispositive.

Defendant first requests to continue the date of his sentencing, which is currently scheduled for March 4, 2022. Defendant argues that the COVID-19 lockdown at the Alexandria Detention Center ("ADC"), where defendant is presently incarcerated, has made it difficult to prepare for his sentencing. In particular, defendant notes that he needs to have in-person consultations with expert witnesses who will testify at his trial. The government opposes the motion to continue sentencing, arguing that defendant has had ample time to prepare for sentencing and that a continuance in this matter is unreasonable. The government notes that defendant was convicted by a jury in October 2021, and has already had several months to prepare for his sentencing.

The defendant's request to continue his sentencing must be denied. ADC has lifted its lockdown as of this week, and defendant's sentencing, scheduled for March 4, 2022, is more than a month away. Thus, defendant has sufficient time to meet with any expert he desires before his sentencing. It is also important to note that one of the experts defendant wishes to see before

1

his sentencing, Dr. Frederick Berlin, has previously met with defendant and created an expert report for use in defendant's trial. Therefore Dr. Berlin may already have much of the information regarding defendant that Dr. Berlin needs for his sentencing report. In any event, defendant has had more than enough time to prepare for his sentencing, and ADC officials will be directed to arrange for visits, both in person and telephonically, between defendant and his experts so that defendant may prepare for sentencing.

Also pending is defendant's motion to redact portions of the trial transcript. *See* Dkt. 570. As discussed oral argument, and as all parties agree, this motion will be granted in part and denied in part. The motion will be granted insofar as defendant seeks to redact home addresses which appear in the trial transcript. The motion will be denied in all other respects, but the transcripts will be placed under seal so that defendant's privacy may be protected.

Accordingly,

It is hereby **ORDERED** that defendant's motion to continue sentencing (Dkt. 567) is **DENIED**.

It is further **ORDERED** that officials at the Alexandria Detention Center are **DIRECTED** to arrange for meetings between defendant and his doctors so that defendant may prepare for his sentencing.

It is further **ORDERED** that defendant's motion to redact the trial transcript (Dkt. 570) is **GRANTED IN PART AND DENIED IN PART**. The motion to redact is granted insofar as defendant seeks to redact home addresses which appear in the trial transcript.

It is further **ORDERED** that the trial transcripts in this case are to be placed under seal.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
January 28, 2022

/s/
T. S. Ellis, III
United States District Judge

2