IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | Case No. 1:20-cr-00143 |
| | : | The Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS | : | |
| Defendant. | : | |

MOTION TO RECONSIDER ORDER DENYING MR. SANDERS' MOTION TO CONTINUE
SENTENCING

COMES NOW ZACKARY ELLIS SANDERS, Defendant in the above styled case, by and through Counsel, and respectfully moves this Court to reconsider its Order denying Mr. Sanders' Motion to Continue Sentencing.  In support of this Motion, the following is offered for the Court consideration.

I.  TIMELINE OF EVENTS SINCE THE JURY'S VERDICT

As the Court will remember, on October 27, 2022, Mr. Sanders was found guilty by a jury of five counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251; six counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252; and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Court subsequently set Mr. Sanders' sentencing hearing for March 4 2022 at 9am.

Immediately after the trial concluded, Counsel began their work on preparing for Mr. Sanders' sentencing.  This included, of course and by necessity, scheduling professional calls and Webex/Zoom meetings with the attorneys and expert consultants. Counsel maintained their communications with Mr. Sanders as well as proactively scheduling and securing the following time slots for professional meetings and consultations via Webex/Zoom:

| Date | Time |
|------|------|
| Monday, December 20th | 1:00-1:45pm |
| Wednesday, December 22nd | 1:00-1:45pm |
| Thursday, December 23rd | 1:00-1:45pm |

| Date | Time |
|------|------|
| Monday, December 27th | 1:00-1:45pm |
| Wednesday, December 29th | 1:00-1:45pm |
| Thursday, December 30th | 1:00-1:45pm |

| Date | Time |
|------|------|
| Monday, January 3rd | 1:00-1:45pm |
| Wednesday, January 5th | 1:00-1:45pm |
| Thursday, January 6th | 1:00-1:45pm |

Counsel also identified the following dates for in-person professional meetings with sentencing and mitigation experts at the ADC:

| Date | Time |
|------|------|
| Monday, January 19th | 1:00-1:45pm |
| Wednesday, January 21st | 1:00-1:45pm |
| Thursday, February 5th | 1:00-1:45pm |

However, for reasons associated with the most recent COVID surge, in mid-December the ADC began cancelling these scheduled professional calls and Webex/Zoom meetings, effectively preventing him from preparing for sentencing.

On December 30, 2021, the ADC then took the additional step of cancelling all in-person social and professional visits, in addition to the professional phone calls and Webex/Zooms that were previously scheduled and cancelled.  Moreover, the ADC did not provide any guidance on when it would again permit in-person social and professional visits, or even when it would begin accepting appointments for said visits; instead, the ADC made it clear that all professional visits/Webexs/Zooms would be suspended "until further notice." This uncertainty made it all but impossible for any expert to anticipate and plan for future professional visits. Moreover, Counsel lost valuable preparation time in regards to Mr. Sanders' sentencing hearing.

Had those cancelled dates remained in place, and had the ADC permitted in-person professional visits, Mr. Sanders' expert reports would have been completed in a timely fashion and he would not be moving the Court for a continuance. Those dates did not, however, remain in place and the necessary evaluations did not occur.

Further, on January 8, 2022 Mr. Sanders tested positive for COVID and was moved to a quarantine unit within the ADC, where he remained until January 21, 2022.

It was not until January 21, 2022 that the ADC once again began taking appointments for future professional visits and scheduling Webex/Zoom meetings.

All told then, Mr. Sanders, through no fault of his own, and for reasons completely beyond his control, lost at least 30 days of preparation time between December 20, 2021 and January 21, 2022.

II.     <u>MR SANDERS HAS IDENTIFIED THREE EXPERTS WHO CAN COMPLETE TIMELSY EVAULUATIONS, IF THE COURT WERE TO GRANT A SHORT CONTINUANCE</u>

Because the ADC was not able to provide any guidance on when professional visits would resume, prospective experts were not able to schedule and account for their work on his case in the context of their other work, patients, and professional responsibilities.  Instead, as would be expected of busy professionals, they allocated their time and resources to those clients they could see, treat, and evaluate, and to their other professional responsibilities.

As the Court noted in its Order, Dr. Frederick Berlin previously met with Mr. Sanders and reviewed materials in preparation for use at trial. Undersigned Counsel is unclear at this time if Dr. Berlin will need to conduct additional testing before preparing an expert report.  If additional testing is required, Counsel understands that Dr. Berlin estimates that he could not have his report completed until the middle of May.

Out of an abundance of caution, Undersigned Counsel has identified three experts with the skillsets and professional acumen necessary to meaningfully evaluate Mr. Sanders' psycho-sexual health and future dangerousness, and to otherwise assist the Court in fashioning an appropriate sentence and placement within the Bureau of Prisons.


A.  <u>Dr. Michael Hendricks</u>

Dr. Hendricks obtained his Ph.D. in Clinical Psychology from The American University in Washington, D.C., which is accredited by the American Psychological Association. He is board certified in Clinical Psychology by the American Board of Professional Psychology and is licensed

in Virginia, Maryland and the District of Columbia. Dr. Hendricks is a fellow of the American
Psychological Association, the American Academy of Clinical Psychology, the Society of Clinical
Psychology, the Society for the Psychology of Sexual Orientation and Gender Diversity, the
Society for the Psychological Study of Social Issues, and Psychologists in Independent Practice.

Dr. Hendricks was trained in psychological and neuropsychological assessment at the
William Allison White Building at St. Elizabeth's Hospital, at Georgetown University Hospital,
and at NIH; and in criminal forensic assessment at the Institute of Law, Psychiatry, and Public
Policy at the University of Virginia.

Dr. Hendricks has testified as an expert witness more than 1,700 times.

Dr. Hendricks has already been in contact with the ADC and the Marshals and has
received permission from both for his initial intake interview, as well as for his in-person psycho-
sexual evaluation.  Dr. Henricks has already scheduled his initial interview with Mr. Sanders for
**Monday, the 7th of February**, the first available opening.

Dr. Hendricks has no preexisting familiarity with Mr. Sanders' case but is working hard to
familiarize himself with the necessary particulars.

Assuming appropriate access to Mr. Sanders, Dr. Henricks estimates his schedule will
allow him to complete his evaluation by the end of March.

B.  Dr. Fred Volkmar, MD

Dr. Volkmar, M.D. is Irving B. Harris Professor of Child Psychiatry, Pediatrics, and
Psychology at the Yale University Child Study Center, School of Medicine. He is a graduate of
the University of Illinois where he received in undergraduate degree in psychology in 1972 and of
Stanford University where he received his M.D. and a master's degree in psychology in 1976. Dr.

Volkmar is a renowned expert in adolescent and young adult sexuality, brain development in emerging adults, impact of trauma, contemporary adolescent and young adult norms related to media usage, and the significant range of understanding of social cues and developmental delays of individuals who may have Asperger's Syndrome.

Dr. Volkmar has already been in contact with the ADC and the Marshals and has received permission from both for his in-person evaluation.  Dr. Volkmar's initial in-person interview with Mr. Sanders is scheduled **Friday, the 11th of February**, the first available opening.

Dr. Volkmar has no preexisting familiarity with Mr. Sanders' case but is working hard to familiarize himself with the necessary particulars.

Assuming appropriate access to Mr. Sanders, Dr. Volkmar estimates his schedule will allow him to complete his evaluation by the end of March.

C.  Joel Sickler

Mr. Sickler is a prison consultant with more than 30 years expertise in the proper placement of individuals with the Bureau of Prisons so that their medical and other needs are properly met. Towards that end, Mr. Sickler formed the Justice Advocacy Group LLC in Alexandria, VA in 2003 to aid lawyers and their clients with federal sentencing mitigation assistance and prison advocacy.

Mr. Sickler has prepared over 2,500 evaluations for felony-level defendants facing sentencing in federal courts. He has visited 51 federal prisons and has advised clients with inmate matters in 86 of the Bureau of Prisons' 122 institutions and has extensive knowledge of the BOP and its stated mission, services, policies, program statements, regulations, and institutions.

Mr. Sickler has already been in contact with the ADC and the Marshals and has received permission from both for his in-person evaluation.  Mr. Sickler's initial interview with Mr. Sanders is scheduled for **Friday, the 16th of February**, the first available opening.

Assuming appropriate access to Mr. Sanders, Mr. Sickler estimates his schedule will allow him to complete his assessment by the end of March.

<u>CONCLUSION</u>

As Undersigned Counsel indicated at the hearing on his Motion to Continue, Mr. Sanders is requesting a continuance so that he may have sufficient time to adequately and effectively prepare for his sentencing hearing, preparation which necessarily includes meeting and consulting with his attorneys and consulting experts.  Mr. Sanders is not seeking a continuance in order to unreasonably delay the sentencing in this matter or to somehow make up for time that was either ill spent or mismanaged. As set for above, Mr. Sanders and his counsel were working diligently to meet the Court's March 4, 2022 deadline, only to lose at least 30 days of valuable preparation time because of the once-in-a-lifetime pandemic and COVID surge.  It is this missing 30+ days that Mr. Sanders is now looking to recoup, nothing more; all things being considered, this is an eminently justifiable and reasonable request. *See United States v. Copeland*, 707 F.3d 522 (4th Cir. 2013) (citing *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983) (A district court abuses its discretion when its denial of a motion for continuance is an insistence upon expeditiousness in the face of a justifiable request for delay).

Finally, the probation office has now completed its preliminary Presentence Investigation Report and it reads that Mr. Sanders' offense level is 43; he is in criminal history category level 1;

and his advisory guideline range is LIFE.  Mr. Sanders is only 26 years old. The Court's

sentencing determination, then, is among the more serious cases this Court will undertake- and

the Court must have all the necessary information before it prior to determining an appropriate

sentence and ascertaining to what extent Mr. Sanders can be rehabilitated or would pose a risk

upon release at any point in the future.

      Accordingly, Mr. Sanders is moving the Court to reconsider its January 28, 2022 Order

and to continue the sentencing hearing in this matter to April 1, 2022.

                                               Respectfully Submitted,

                                               ZACKARY ELLIS SANDERS
                                               By Counsel

_____/s/_____
CHRISTOPHER AMOLSCH
VSB #43800
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
chrisamolsch@yahoo.com (email)
Counsel for Mr. Sanders

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 4th day of February 2022 I electronically filed the foregoing

pleading with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to the parties of record.

                                        /s/ Christopher Amolsch
                                        CHRISTOPHER AMOLSCH
                                        VSB #43800
                                        Counsel for Mr. Sanders