IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> ZACKARY ELLIS SANDERS, </br></br> *Defendant.* | ) </br> ) Case No. 1:20-CR-143 </br> ) </br> ) Sentencing: March 4, 2022 </br> ) </br> ) </br> ) </br> ) |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION OF
<u>ORDER DENYING MOTION TO CONTINUE SENTENCING</u>**

The United States of America, by and through undersigned counsel, hereby files this response in opposition to the defendant's motion for reconsideration of the Court's January 28, 2022 Order denying the defendant's motion to continue sentencing.  <u>See</u> DE 579 (motion); DE 572 (Court's Order).   As described further below, the circumstances have not materially changed since entry of the January 28, 2022 Order, and the defendant's motion for reconsideration should be denied for the same reasons that the Court denied the defendant's originally-filed motion for continuance.

The currently-set sentencing date of March 4, 2022 is more than four full months following the return of the jury's guilty verdicts at trial, which occurred on October 27, 2021.   The four-month period represents more than sufficient time for the defendant and his team of psychologists and consultants to perform all desired tests and evaluations, to create any resulting reports, and to otherwise prepare for the sentencing hearing.  Notably, at least one of the defendant's proposed experts, Dr. Fred Berlin, had been retained long before trial, has already prepared a report in

connection with this case, and thus had extensive time well before the verdict and certainly before sentencing to meet and evaluate the defendant.[1]

The other psychologists and consultants mentioned in the defendant's motion for reconsideration have more than sufficient time under the current scheduling date to complete their evaluations and reports of the defendant. The motion itself acknowledges that the remaining members of the defense expert team have already scheduled (and presumably already held, at this point) their first in-person meetings with the defendant at ADC – Dr. Hendricks on February 7, Dr. Volkmar on February 11, and Joel Sickler on February 16. ADC and the U.S. Marshals remain available and willing to work with defense counsel to schedule additional meetings prior to sentencing, to the extent possible. Indeed, consistent with the Court's ruling and comments at the hearing on the defendant's original motion for continuance, supervisory members of the U.S. Marshal's Office have personally sought to ensure sufficient in-person access to the defendant at ADC by members of the defense team. Moreover, the undersigned government attorneys have also sought to facilitate the defendant's preparation for sentencing by authorizing its retained expert witness (Dr. Paul Montalbano) to share the results of pre-trial testing of the defendant performed by him and the defendant's previously used psychologist in this case—Dr. Tyler Whitney—with members of the defense team, which Dr. Montalbano has now done.

In short, all interested parties – including not only defense counsel and their retained psychologists and consultants, but also USMS and ADC employees, as well as attorneys and witnesses for the government – have worked and will continue to work diligently to ensure that the defendant has everything needed in order to be properly prepared for sentencing as currently

---

[1] Indeed, the defendant intended to call Dr. Berlin to testify at trial as an expert witness, until the Court excluded Dr. Berlin's testimony.

scheduled on March 4, 2022, and there is no reason to believe that the defendant cannot be prepared to proceed on that date. At the same time, the government, the judicial system, the public, and – most importantly – the victims of the defendant's serious crimes have an important interest in ensuring that the defendant is sentenced and this matter is concluded in a timely manner. The government emphasizes that the victims in this case are entitled to "proceedings free from unreasonable delay," 18 U.S.C. § 3771(a)(7), and that two of the victims have specifically informed the government of their objection to the particular continuance being sought by the defendant. Because the continuance is unwarranted and unreasonable, the government respectfully requests that the Court adhere to its earlier Order denying the defendant's motion for a continuance, deny the defendant's motion for reconsideration, and proceed to sentencing on March 4.

Respectfully submitted,

Jessica D. Aber
United States Attorney

　　　　/s/
Seth M. Schlessinger
Jay V. Prabhu
Assistant United States Attorneys
William G. Clayman
Special Assistant United States Attorney (LT)
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2022, filed the foregoing document with the Clerk of Court under seal, and further served a copy upon all counsel of record via e-mail.

By:     /s/
Seth M. Schlessinger
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700