# Exhibit 8

**Subject:** RE: US v. Zackary Sanders
**Date:** Friday, March 4, 2022 at 1:34:26 PM Eastern Standard Time
**From:** Clayman, William G (USAVAE)
**To:** Jon Jeffress, Schlessinger, Seth (USAVAE), Prabhu, Jay (USAVAE)
**CC:** Nina Ginsberg, Sirkin, H. Louis, Jade Chong-Smith, Chris Amolsch

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know that the content is safe.

Hi Jon,

You asked in your last email whether it is accurate to say that the information underlying the tip was from an unnamed FLA, and we said it is not. The information in the search warrant that your client's IP address accessed child sexual abuse material in May 2019, prior to the seizure of the computer server, came from the ▊ and the ▊ collected this data through its own independent investigation using lawful investigative techniques.

We've read the transcript in *Kiezjo* and we do not agree with your interpretation of it. The defense attorney appears to be conflating the seizure of a computer server and information from a tip based on her own speculative assumptions. Nowhere does the government endorse your claim that another country provided the tip information from that case or this case to the ▊ If the government did represent that in *Kiezjo*, that is not our understanding of the tip here.

As we explained in our last email, we are aware of our discovery obligations and we have complied with and will continue to comply with them.

Thanks,
Bill

_____

William G. Clayman
Special Assistant United States Attorney (LT)
Eastern District of Virginia
▊
Alexandria, VA 22314
▊

**From:** Jon Jeffress ▊
**Sent:** Friday, March 4, 2022 9:29 AM
**To:** Clayman, William G (USAVAE) ▊ ; Schlessinger, Seth (USAVAE) ▊ ; Prabhu, Jay (USAVAE)
**Cc:** Nina Ginsberg ▊ ; Sirkin, H. Louis ▊ ; Jade Chong-Smith ▊ ; Chris Amolsch ▊
**Subject:** [EXTERNAL] Re: US v. Zackary Sanders

Hi Bill,

Thanks Bill, but your response does not answer the first question. On the first issue, you've told us and the Court that the FLA in paragraph 25 is the ▊ As I am sure you understand, if it wasn't the ▊ that did the work underlying the tip, then none of the representations in that paragraph matter.

For example, of course the ▮ did not "interfere" with a computer in the US, as represented in paragraph 25, if the ▮ was not the FLA that generated the tip. The question would be – and what everyone (and, I believe, the Court) thought Agent Ford and you were already representing about the ▮ -- is whether the *seizing FLA* that generated the tip did not interfere with a computer in the U.S. I think this is obvious but please let me know if I am not being clear.

So what I think the government should (and must) tell us in light of the disclosure is this: Was the third country that seized ▮ the same country that identified the IP addresses in the first place? This is a distinct question from whether it was the country that later provided the IP address information to the United States. And if the answer is yes, I think we need to know who this unnamed FLA is, because that's the only way we are going to know anything about its reliability (which is the information Paragraph 25 was purporting to provide in the first place, but apparently wasn't).

Finally, if the answer is that you don't know who seized ▮ the prosecutor in *Kiezjo* represented on the record that she does. And it's obvious from the transcript that with respect to ▮ at least, the tips and the affidavits are exactly the same, nearly to the letter. So we'd ask that you call Ms. Noto at the USAO in D. Mass and find out what country seized ▮ and provided the information to the ▮ For what it's worth, I really do believe that it's in the government's interest to have a dialogue with us about this, in light of the disclosure.

Thank you.

Best,
Jon


Jonathan S. Jeffress
KaiserDillon PLLC
▮
Washington, D.C. 20005
▮

---

**From:** Clayman, William G (USAVAE) ▮
**Date:** Thursday, March 3, 2022 at 5:17 PM
**To:** Jon Jeffress ▮, Schlessinger, Seth (USAVAE) ▮ Prabhu, Jay (USAVAE) ▮
**Cc:** Nina Ginsberg ▮, Sirkin, H. Louis ▮, Jade Chong-Smith ▮, Chris Amolsch ▮
**Subject:** RE: US v. Zackary Sanders

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know that the content is safe.

Hi Jon,

We have complied with all of our discovery obligations and will continue to do so. The transcript in *Kiejzo*

references multiple websites and the case does not appear to involve the same tip as the one related to your client, but to answer your questions:

- It is not accurate to say that the information underlying the tip was from an unnamed FLA. The tip information came from the FLA as described in the materials we produced at the beginning of this case, and the representations in paragraph 25 are accurate.

- The government cannot investigate your client's activity on the Target Website beyond what was described in the search warrant affidavit because we do not know his username.

Thanks,
Bill

_____
William G. Clayman
Special Assistant United States Attorney (LT)
Eastern District of Virginia

Alexandria, VA 22314

---

**From:** Jon Jeffress
**Sent:** Thursday, March 3, 2022 1:40 PM
**To:** Schlessinger, Seth (USAVAE)                              ; Clayman, William G (USAVAE)
               ; Prabhu, Jay (USAVAE)
**Cc:** Nina Ginsberg                    ; Sirkin, H. Louis                              Jade Chong-Smith
                              Chris Amolsch
**Subject:** [EXTERNAL] US v. Zackary Sanders

Seth, Bill, and Jay:

I am writing regarding several new developments in this case with respect to Mr. Sanders's previously filed, and denied, motions to suppress and to compel.

First, we recently were able to obtain the attached transcript from *U.S. v. Vincent Kiejzo*, 20-CR-40036-TSH, a case involving the same FLA tip at issue in Mr. Sanders's case. As you will see from the transcript, the prosecutors in that case – presumably in compliance with their *Brady* and other discovery obligations – disclosed to the defense that the FLA that generated the information underlying the tip was in fact NOT the ▇▇ but instead an unnamed FLA that then provided this information to the ▇▇.

This was a complete surprise to us. Up to this point, we, and I believe the Court, has understood the FLA's tip to mean that the ▇▇ was the FLA that performed the investigative work underlying the tip, including with respect to Mr. Sanders's IP address. Paragraph 25 of the Affidavit, which makes various representations about the FLA (which you represented was the ▇▇ including (1) its reliability, and (2) the fact that it did not "interfere[]" with "any computer in the U.S.," makes no sense (and indeed is misleading) if it's not describing the FLA that actually generated the tip.

We are discussing how to most efficiently bring this information to the Court's attention. Before we

file anything, is it accurate that the information underlying the tip was from an unnamed FLA? If so, are you able to tell us what country's FLA actually seized the site and performed the investigative work that produced the tip? Additionally, can you tell us whether the representations in paragraph 25 of the search warrant affidavit also apply to this unnamed country's FLA – in particular, the representations regarding (1) the lack of U.S. involvement, and (2) the lack of any "interference" with a U.S computer? Please let us know as soon as possible whether you are willing to do so. Thanks.

Second, we also recently obtained the criminal complaint from *U.S. v. Zachary Stauffer*, 20-MJ-4005-RJD. In paragraph 13 of the Complaint (which identifies ▇▇▇ by name), the FBI states that DOJ's CEOPS section has access to a searchable copy of ▇▇▇ and has had access at least as far back as January 2020 (but likely much earlier). This is also very surprising to us. If that's the case, the FBI would have been able to – and presumably did – search DOJ's copy of the ▇▇▇ website for incriminating information regarding Mr. Sanders, just as it did for Mr. Stauffer, see para. 13. Is the government aware of any such evidence? If there is favorable evidence for Mr. Sanders resulting from DOJ's/the FBI's use of the copy of ▇▇▇ we believe the government had (and continues to have) an obligation under *Brady* and its other discovery and ethical obligations to produce it. Please let us know your position on this as well.

Thanks,
Jon


Jonathan S. Jeffress
KaiserDillon PLLC
▇▇▇
Washington, D.C. 20005
▇▇▇