# Exhibit 45

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 20-CR-30018-SMY |
| | ) | |
| ZACHARY M. STAUFFER, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION OF FACTS

The United States of America by and through its attorneys, Steven Weinhoeft, United States Attorney for the Southern District of Illinois, and Casey E. A. Bloodworth, Assistant United States Attorney for said District, and the defendant, ZACHARY M. STAUFFER, by and through his attorney, Ethan Skaggs, hereby stipulate pursuant to §1B1.3 of the United States Sentencing Guidelines as follows:

1. In or about January, 2020, Agents with the Federal Bureau of Investigation (hereinafter, "FBI") were conducting a proactive investigation into the receipt and distribution of child pornography. Specifically, Agents were conducting this proactive investigation into a specific, identified website on the Tor Network, commonly referred to as the "dark web."

2. During this investigation, Agents received information from the FBI's Child Exploitation Operations Unit that a specific IP address was recorded accessing this targeted website on April 29, 2019. It was determined that this IP address resolved to ZACHARY M. STAUFFER'S (hereinafter, "defendant") residence in Salem, Illinois.

3. On January 7, 2020, and again on January 27, 2020, FBI Special Agents Raymond Hart and Adam Buiter arrived at the defendant's residence in Salem, Illinois, for the purpose of making contact with the defendant. Upon arrival, Agents met with the defendant, who was the lone occupant of the residence on both occasions.

4. The defendant consented to an interview on both occasions, and during those interviews, the defendant admitted to actively seeking out and viewing child pornography from the internet. Specifically, the defendant admitted to accessing the website which was the focus of the FBI's investigation. The defendant admitted his familiarity with the Tor Network and identified various websites used to download child pornography. The defendant would access and view both images and videos depicting child pornography.

5. Further, the defendant admitted he accessed the internet and the Tor Network with the intent to view and download child pornography from 2016 to as early as the day prior the first interview on January 7, 2020. Specifically, the defendant admitted accessing a site titled ▓▓▓▓▓ on the Tor Network. The defendant acknowledged that this site contains child pornography, which he characterized as "nastier" child pornography, including the "non-consensual" rape of children. Agents familiar with this particular site know its contents to include hardcore child pornography, many times involving the sadomasochistic abuse of children and infants. The defendant admitted that an account was required to access ▓▓▓▓▓ and, over the course of a year or so, the defendant had two such accounts. The defendant admitted he would access this site a few times a week.

Page 2 of 4

6. The defendant admitted accessing the internet and visiting other sites for the purpose of viewing child pornography. The defendant specifically identified a site he visited titled "Rindexxx." The defendant admitted he would use his home computer, connected to the internet, to view the above mentioned sites.

7. In addition, the defendant admitted he would utilize his cell phone connected to the internet to access and view child pornography outside of the Tor Network.

8. The defendant specifically identified his interest as minor females, aged 4 to 12 years old. He gave agents specifics of a particular series of child pornography for which he would search the internet. The child pornography the defendant viewed would include children engaged in various sexual activities, to include oral sex and vaginal intercourse. The defendant gave Agents consent to search his home and digital devices. The defendant admitted using a "file shredding" application or software to delete child pornography from his devices and indicated he would not save child pornography to his digital devices. Subsequent review of the defendant's computer, phone and other digital devices did not yield any identifiable child pornography.

9. Salem is located in Marion County, Illinois, which is within the Southern District of Illinois.

10. This stipulation of facts is intended only to provide the Court with a sufficient foundation to accept the defendant's guilty plea. Accordingly, it does not set

for all facts establishing the defendant's guilt which could be presented at trial; nor does it contain all information known to the defendant about this or other criminal activity.

So stipulated this 30TH day of MARCH, 2021:

STEVEN WEINHOEFT
United States Attorney

_____
ZACHARY M. STAUFFER
Defendant

_____
CASEY E. A. BLOODWORTH
Assistant United States Attorney

_____
ETHAN SKAGGS
Attorney for Defendant

Date: 3/26/2021

Date: 3/30/2021

Page 4 of 4