IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Sentencing: April 1, 2022 |
| Defendant. | |

### NOTICE OF FILING OF SUPPLEMENTAL EXHIBITS

Zackary Ellis Sanders, by and through undersigned counsel, respectfully submits this notice of filing of supplemental exhibits to his Motion for New Trial and to Reconsider Motions to Compel and Motions to Suppress (ECF No. 585), which was filed on March 14, 2022. Since the defense filed its Reply (ECF No. 596) yesterday, it has learned of four additional cases that also arose from the same operation. These additional cases further corroborate Mr. Sanders's arguments in support of his Motions to Compel, Motions to Suppress, and Motion for a New Trial.

In *United States v. Holmstedt,* Case No. 2:21-CR-00004-JAG-RJK (E.D. Va., Dec. 8, 2020) (Affidavit in Support of Application for Issuance of a Criminal Complaint), attached as Ex. 1, the tip was provided by the foreign law enforcement agency (FLA) in August 2019; on September 11, 2019, an administrative subpoena was issued to Cox Communications; the FBI then sought a warrant for a pen register/trap and trace device, as opposed to a search warrant; and on June 23, 2020, a Magistrate Judge "authorized the installation and use of a pen register/trap and trace ('PRTT') device" for the Target IP address. *Id.* at ¶¶ 6-8. The PRTT device revealed

"evidence that a user of the internet [at the address] regularly accessed the Tor network, over a total of 200 times, beginning June 26, 2020, and continuing through August 21, 2020." *Id.* at ¶ 8. Only after the FBI corroborated the FLA's tip by confirming that the Internet user regularly connected to Tor did the FBI seek a search warrant for the residence. *Id.* at ¶ 9; *see also Holmstedt* Statement of Facts, attached as Ex. 2, at ¶ 1.

In *United States v. Edward Lewis*, Case No. 3:21-CR-00021-GEVT-EBA (C.D. Ky., Nov. 29, 2021) (Continuation Page/Supplementary Uniform Offense Report), attached as Ex. 3, the tip was provided in August 2019. *Id.* at 4. There, law enforcement had much more derogatory information regarding the suspect than it did here. The resident and owner of the suspect premises was a registered sex offender who had previously been convicted of four counts of Possession of Matter Portraying a Sexual Performance by a Minor. *Id.* at 9. Nonetheless, the FBI elected to conduct a knock and talk, as opposed to seeking a search warrant. During the agents' visit, Mr. Lewis admitted to going on Tor and agreed to a consensual search of his devices, during which the FBI uncovered child pornography. *Id.* at 9. Only then did the agents apply for a search warrant. *Id.* at 9-10; *see also Lewis* Search Warrant and Affidavit, attached as Ex. 4 (similar).

*Lewis* also reveals the following about the joint operation between U.S. law enforcement and FLAs:

> Homeland Security Investigations (HSI), working with foreign law enforcement and the Child Exploitation Operational Unit within the FBl, is investigating individuals accessing Dark Web sites/forums dedicated to the sexual abuse and exploitation of children. Through this investigation, law enforcement has identified hundreds of sexual abuse/child exploitation leads across the country. HSI Boston is working in conjunction with other HSI offices and jurisdictions to pursue warrants and prosecution of every target identified.

Ex. 2 (*Lewis* Report) at 1. This further corroborates that there are hundreds of searches that were conducted as a result of a single "investigation," in which U.S. law enforcement was working hand in hand with foreign law enforcement to take down the target website in this case and other websites on Tor. This shows there was full collaboration among HSI, the FBI, and FLAs, and that the government's narrow construction of the tip is an artificial, post-hoc one that is intended to mislead this Court and the defense about the nature of the operation that led to the identification and seizure of Mr. Sanders's IP address. The scale of this operation, including the hundreds of IP address leads that law enforcement pursued warrants and prosecutions for, further corroborates the defense's position that an NIT must have been used.

In *United States v. John Daniel Macintyre*, Case No. 1:21-CR-00121-JJM-LDA (D. RI., Mar. 17, 2021) (Criminal Complaint), attached as Ex. 5, the timeline of the tip and the FBI's initial investigation of the IP address followed the same timeline as this case, with the tip having been provided in August 2019 and a subpoena being issued to Cox Communications on November 22, 2019. *Id.* at ¶¶ 18, 26.

In *United States v. Westley James Keyes*, 1:22-mj-00009-SJB (W.D.M.I) January 11, 2022) (Continuation of Criminal Complaint), attached as Ex. 6, law enforcement stated that HSI received information from Australia law enforcement, Queensland Police Service (QPS) Child Abuse & Sexual Crime Group Task Force ARGOS—the same unit that the FBI worked with to investigate Benjamin Faulkner and Patrick Falte, two individuals associated with the investigation of the purported creator of the target website in this case, Tyler Walker—about child abuse images shared on Tor, as part of the "Queensland Police Service['s] active[] investigate[on of] darknet boards that are known to be dedicated to the proliferation of child exploitation material." *Id.* at ¶¶ 4-5. As in other cases stemming from this same operation, the

foreign law enforcement agency provided U.S. law enforcement with user-specific content from the website, including copies of "chat messages it obtained from different dark web boards posted by" a particular user." *Id.* at ¶ 19.

These four new cases further support Mr. Sanders's arguments in support of his Motions to Compel, Motions to Suppress, and Motion for a New Trial, including that the investigation of the target website in this case was part of a joint operation between U.S. law enforcement and FLAs, that NITs were used to generate such a large number of IP address leads, that U.S. law enforcement understood that the FLA's tip with respect to Mr. Sanders meant only that he had visited the target website on one date, at one time, and that there is significant information material to Mr. Sanders's motions to compel and motions to suppress that the government has withheld from this Court and the defense. *See also* Updated Case Comparison, attached as Ex. 7.

        Respectfully submitted,

        _/s/_
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

        _/s/_
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

        _/s/_
H. Louis Sirkin (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March 2022, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress