# Exhibit 3

| AOC – 335<br>3-88<br>Commonwealth of Kentucky<br>Court of Justice<br>Ky. Const. §10; RCr 13.10 | <br>**AFFIDAVIT FOR<br>SEARCH WARRANT** | Case No. _____<br>Court<br>County **Franklin** |
|---|---|---|

The affiant, Detective WA Gatson, a peace officer of the <u>Kentucky State Police</u> being first duly sworn, states that he has, and there are reasonable and probable grounds to believe and affiant does believe that there is now on the premises known and numbered as:

***147 Meredith Avenue***

***Frankfort KY 40601***

and more particularly described as follows:

Beginning at the Franklin County Courthouse 222 St Clair St, Frankfort, KY 40601, Head northeast on St Clair St toward W Main St and travel 223 feet. Turn right at the 1st cross street onto W Main St and travel 1.8 miles. Turn right onto Rolling Acres Drive and travel 0.2 miles. Turn left onto Meredith Ave and travel 52 feet. The destination will be on the right.

The residence is on the corner of Rolling Acres Drive and Meredith Ave. The residence appears to be a red brick residence. There is a concrete side walk that leads from the roadway to the front door. The front door is white. There is a double window to the right of the front door. There is a double window of the left of the front door. There is a single window to the left of that window. All the windows have black shutters. The shutter to the right of the front door is marked 147.



EXHIBIT B

The residence appears to be a red brick residence. There is a concrete side walk that leads from the roadway to the front door. The front door is white. There is a double window to the right of the front door. There is a double window of the left of the front door. There is a single window to the left of that window. All the windows have black shutters. The shutter to the right of the front door is marked 147.

and/or in a vehicle or vehicles described as: any and all vehicles on said property

and/or in an outbuilding or outbuildings described as: any and all outbuildings on said property

and/or on the or persons of: any and all individuals located on said property

the following described personal property, to wit:

Any and all computers, hard drives, zip drives, data bases, software, diskettes, floppy disks, CDs, DVDs, cell phones, USB/thumb drives, printers and/or any other electronic devices and/or their components of any kind capable of printing, recording, storing, transferring and/or disseminating documents, notes, calculations, schedules, spread sheets and/or any other information and/or data of any kind including any and all books or manuals that may contain sexually explicit reproductions of a child's image, voice, or handwriting. Including sexually explicit photographs, negatives, slides, magazines, movies, video tapes, audio tapes, and pictures or computer-generated images or pictures, whether made or produced by electronic, mechanical or other means of sexually explicit conduct or visual depiction of a child, including undeveloped film or video tape and data stored on computer disk by electronic means which is capable of conversion into a visual image, or material relating to children that serves a sexual purpose for a given individual, including toys, games, drawings, fantasy writings, diaries, souvenirs, sexual aids, manuals, letters, books about children, psychological books on pedophilia and ordinary photographs of children.

Visually explicit images, whether on paper or its equivalent stored in electronic, magnetic or other computer formats including such images as stored within computer storage devices and other computer media depicting any child known or reasonably believed to be under the age of 18 years, in which the child is actually or by simulation engaged in any act of sexual intercourse with any person or animal; actually or by simulation engaged in any act of sexual contact involving the sex organs of the child and the mouth, anus or sex organs of the child and the sex organs of another person or animal; actually or by simulation engaged in any act of masturbation; actually or by simulation portrayed as being the object of, or otherwise engaged in, any act of lewd fondling, touching, caressing involving another person or animal; actually or by simulation engaged in any act of excretion or urination within a sexual context; actually or by simulation portrayed or depicted as bound, fettered, or subject to sadistic, masochistic or sadomasochistic abuse in any sexual context; or depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is female, a fully or partially exposed breast of the child.

Computer systems, including but not limited to system components, input devices, output devices, data storage devices, data transmission devices and network devices; and computer media; and other material relating to computer systems and the Internet including, but not limited to documentation, operating system software, application or access program disks, manuals, books, brochures or notes; and computer access codes, user names, log files, configurations files, and passwords; and any and all evidence related to ownership, control or use of the safe deposit box, files, logs and accounts.

I am further requesting authorization to remove the computer system(s), and related computer peripherals, storage devices, software and media to an off-site controlled environment to perform the search for the items described above.

Affiant states that there is probable and reasonable cause to believe that said property constitutes (check appropriate box or boxes)

☐        stolen or embezzled property;

☒        property or things used as the means of committing a crime;

2

☒ property or things in the possession of a person who intends to use it as a means of committing a crime;

☒ property or things in the possession of a person to whom it was delivered for the purpose of concealing it or preventing its discovery and which is intended to be used as a means of committing a crime;

☒ property of things consisting of evidence which tends to show that a crime has been committed or that a particular person has committed a crime.

The Affiant, W.A. Gatson, is a detective with the Kentucky State Police and has been a peace officer of the Commonwealth of Kentucky for a period of approximately twenty-six (26) years. The information and observations contained herein were received and made in his capacity as an officer thereof. The affiant, Detective W. A. Gatson, was sworn in as a trooper with the Kentucky State Police in July 1994. I was assigned as a general detective with KSP Dry Ridge Post in 2008 and became a post-level Internet Crimes Against Children (ICAC) detective in 2009. Detective Gatson was assigned to the Kentucky State Police Electronic Crime Branch in 2014. The Electronic Crime Branch, which was created in 1999 to primarily investigate crimes involving the online sexual exploitation of children, is the lead agency of the Kentucky Internet Crimes Against Children (ICAC) Task Force. Detective Gatson is an ICAC investigator and has received training in accordance with ICAC investigative standards. He has been trained in online child exploitation investigations, Peer-to-Peer (P2P) investigations, on-site computer previews, the identification and seizure of digital evidence. In addition, he has conducted numerous investigations and interviews relating to child sexual exploitation. Therefore, he is familiar with the techniques used by individuals who collect images of child pornography, including the terminology used to name associated files.

Based on my own experience, I know that child pornographers/collectors almost always maintain and possess their materials in the privacy and security of their homes or saved via third-party phone applications. Child pornographers/collectors typically retain these materials for many years, and they rarely destroy these materials unless their activities are uncovered by law enforcement or others.

Also, based on my experience, I know that computer hardware, software, documentation, passwords, and data security devices may be important to a criminal investigation in two distinct and important aspects: (1) the objects themselves may be instrumentalities, fruits, or evidence of a crime, and/or (2) the objects may have been used to collect and store information about crimes in the form of electronic data.

Child sexual exploitation, also commonly referred to as "child pornography," includes any matter portraying the sexual performance of a minor. As outlined in Kentucky Revised Statues 531.300, "matter" is defined as any book, magazine, newspaper or other printed or written material or any picture, drawing, photograph, motion picture, live image transmitted over the Internet or other electronic network, or other pictorial representation or any statue or other figure, or any recording transcription or mechanical, chemical or electrical reproduction or any other articles, equipment, machines, or materials; "sexual performance" is defined as any performance or part thereof which includes sexual conduct by a minor; and, "sexual conduct by a minor" is defined as:

(a) Acts of masturbation, homosexuality, lesbianism, beastiality, sexual intercourse, or deviant sexual intercourse, actual or simulated;
(b) Physical contact with, or willful or intentional exhibition of the genitals;
(c) Flagellation or excretion for the purpose of sexual stimulation or gratification; or
(d) The exposure, in an obscene manner, of the unclothed or apparently unclothed human male or female genitals, pubic area or buttocks, or the female breast, whether or not subsequently obscured by a mark placed thereon, or otherwise altered, in any resulting motion picture, photograph or other visual representation, exclusive of exposure portrayed in matter of a private, family nature not intended for distribution outside the family.


I, Detective W A Gatson, make this affidavit in support of a criminal investigation and humbly ask the court to search the premises known and numbered as **147 Meredith Avenue Frankfort KY 40601**. Since this affidavit

3

is being submitted for the limited purpose of securing a Search Warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits and instrumentalities of violations of the above described Kentucky Revised Statutes are present at the location described above.

On the 25th day of February 2021, Detective Gatson received the following information:

An HSI investigation identified Edward L Lewis DOB ████████ at as a person of interest. HSI SA Minnick requested assistance with interviewing Mr. Lewis. Mr. Lewis was located at his residence at **147 Meredith Avenue Frankfort KY 40601**. Mr. Lewis gave consent to search his laptop and cell phone. During search it became apparent that Mr. Lewis had used his laptop to view images of child sexual exploitation. The search based on consent was stopped and Mr. Lewis was arrested.

Based on the affiant's knowledge, experience and training, Edward L Lewis has demonstrated a pattern of criminal activity related to child pornography, and there is a reasonable likelihood that the user treats child pornography as a valuable commodity to be retained and collected, a characteristic common to many people interested in child pornography. It is, therefore, likely that evidence of the contraband remains in the user's possession, and as detailed below, such evidence in its digital form is likely to be recoverable even if a person attempts to conceal it and remains recoverable for long periods of time until overwritten by other data. Also based upon my training and experience and that of other law enforcement officers with whom I have had discussions, and a review of scholarly literature regarding child molesters, producers, and consumers of sexually explicit images of minors, I know there are certain characteristics common to such individuals:

Those who produce, receive and may be collecting child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses (such as in person, in photographs, or other visual media), or from literature describing such activity.

Those who produce, receive and may be collecting child pornography may collect sexually explicit or suggestive materials in a variety of media, including photographs, magazines, motion pictures, video tapes, books, slides and/or drawings or other visual media. Child pornography collectors often use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

Those who produce, receive and may be collecting child pornography often possess and maintain any "hard copies" of child pornographic material that may exist—that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc.—in the privacy and security of their home or some other secure location. These individuals typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and video tapes for many years.

Likewise, those who produce, receive and may be collecting child pornography often maintain their collections that are in a digital or electronic format in a safe, secure, and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly. In this way, it is likely that the user would bring his collection with him if he were to change residences.

Those who produce, receive and may be collecting child pornography also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

Those who produce, receive and may be collecting child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers

4

involved in the investigation of child pornography offenders throughout the world. In this way, child pornography evidence has an enduring quality to its possessor, and when considering that such evidence in digital form is difficult if not impossible to destroy even if the possessor chose to do so, it is highly likely to remain in the collector's possession for long periods of time despite moves to different residences.

Also based on the affiant's training, experience, and education, the affiant knows the following to be true regarding the nature of digital evidence:

Information and evidence contained within a computer is likely to survive for long periods of time. The storage of information in a computer can be intentional, i.e., by saving an e-mail as a file on the computer or saving the location of one's favorite websites. However, digital information and evidence can also be retained unintentionally, e.g., traces of the path of an electronic communication may be automatically stored in many places (e.g., temporary files or ISP client software, among others). In addition to electronic communications, a computer user's Internet activities generally leave traces or "footprints" in the web cache and history files of the browser used. A forensic examiner often can recover evidence suggesting whether a computer contains peer-to-peer software, when the computer was sharing files, and some of the files which were uploaded or downloaded. Such information is often maintained indefinitely until overwritten by other data. Because of this, it is likely that digital evidence remains on any computer equipment retained by a user after a move to a different location. Digital evidence is stored on a variety of systems and storage devices, including hard disk drives, floppy disks, compact disks, magnetic tapes and memory chips. Some of these memory devices are incredibly small and easy to conceal, yet can accommodate vast amounts of data. It is therefore necessary to search the entire property, including vehicles thereon, because small memory devices may be easily hidden in such places.

This affiant also knows that during the search of the premises it is not always possible to search computer equipment and storage devices for data for a number of reasons. Searching computer systems is a highly technical process, which requires specific expertise and specialized equipment. There are so many types of computer hardware and software in use today that it is impossible to bring to a search site all of the necessary technical manuals and specialized equipment necessary to conduct a thorough search. In addition, it may also be necessary to consult with computer personnel who have specific expertise in the type of computer, software application, or operating system being searched.

The affiant is also aware that Touch ID is available on many mobile devices that can be used to access, distribute or possess files of CSE. Touch ID will not unlock a device, however, unless it has been enabled by the user and the user has registered the fingerprint(s) that they wish to use to unlock the device. If any said mobile device is on scene, and no passwords are obtained, then the affiant is requesting that the registered user on said device be ordered by this search warrant to unlock the device with said fingerprint/identifiers, so long as the affiant then possesses a reasonable suspicion that the individual has committed a criminal act that is the subject matter of this Affidavit and the requested Search Warrant; that the individual is the user of said device; and that the individual's biometric features will unlock the device.

When examining computer evidence, it may be necessary for programmers and employees of third-party providers to assist law enforcement in order to recover or interpret electronic data that is relevant to the investigation mentioned. Searching computer systems requires the use of precise, scientific procedures which are designed to maintain the integrity of the evidence and to recover "hidden", erased, compressed, encrypted, or password-protected data. Computer hardware and storage devices may contain "booby-traps" which destroy or alter data if certain procedures are not scrupulously followed. Since computer data is particularly vulnerable to inadvertent or intentional modification or destruction, a controlled environment, such as a law enforcement laboratory, is essential to conducting a complete accurate analysis of the equipment and storage devices from which data will be extracted. Therefore the affiant specifically requests removal of any computer equipment for further examination off-site.

Affiant has reasonable and probable cause to believe, and believes, grounds exist for issuance of a Search Warrant based on the aforementioned facts, information and circumstances and prays a Search Warrant be issued, that the property (or any part thereof) be seized and brought before any Court and/or retained subject to order of said Court.

5

_[signature]_
Officer

Subscribed and sworn to before me on this the 25th day of February, 2021,
3:18 PM

_[signature]_
Franklin District Judge
Title

| AOC - 340 11-87 |  | Case No.: ____ |
|---|---|---|
| Commonwealth of Kentucky Court of Justice | | Court: |
| Ky. Const. §10; RCr 13.10 | **SEARCH WARRANT** | County: Franklin |

TO ALL PEACE OFFICERS IN THE COMMONWEALTH OF KENTUCKY:

Proof by affidavit having this day been made before me by Det. WA Gatson, a peace officer of the Kentucky State Police, that there is probable and reasonable cause for the issuance of this Search Warrant as set out in the affidavit attached hereto and made a part hereof as if fully set forth herein; you are commanded to make immediate search of the premises known and numbered as:

**147 Meredith Avenue
Frankfort KY 40601**

and more particularly described as follows:

Beginning at the Franklin County Courthouse 222 St Clair St, Frankfort, KY 40601, Head northeast on St Clair St toward W Main St and travel 223 feet. Turn right at the 1st cross street onto W Main St and travel 1.8 miles. Turn right onto Rolling Acres Drive and travel 0.2 miles. Turn left onto Meredith Ave and travel 52 feet. The destination will be on the right.

The residence is on the corner of Rolling Acres Drive and Meredith Ave. The residence appears to be a red brick residence. There is a concrete side walk that leads from the roadway to the front door. The front door is white. There is a double window to the right of the front door. There is a double window of the left of the front door. There is a single window to the left of that window. All the windows have black shutters. The shutter to the right of the front door is marked 147.

The residence appears to be a red brick residence. There is a concrete side walk that leads from the roadway to the front door. The front door is white. There is a double window to the right of the front door. There is a double window of the left of the front door. There is a single window to the left of that window. All the windows have black shutters. The shutter to the right of the front door is marked 147.



and/or in a vehicle or vehicles described as: Any and all vehicles located on said property,

and/or on the person or persons of: Any and all persons located on said property,

and seize the following described personal property, to wit:

Any and all computers, hard drives, zip drives, data bases, software, diskettes, floppy disks, CDs, DVDs, cell phones, USB/thumb drives, printers and/or any other electronic devices and/or their components of any kind capable of printing, recording, storing, transferring and/or disseminating documents, notes, calculations, schedules, spread sheets and/or any other information and/or data of any kind including any and all books or manuals that may contain sexually explicit reproductions of a child's image, voice, or handwriting; including sexually explicit photographs, negatives, slides, magazines, movies, videotapes, audiotapes, and pictures or computer generated images or pictures, whether made or produced by electronic, mechanical or other means of sexually explicit conduct or visual depiction of a child including undeveloped film or videotape and data stored on computer disk by electronic means which is capable of conversion into a visual image, or material relating to children that serves a sexual purpose for a given individual, including toys, games, drawings, fantasy writings, diaries, souvenirs, sexual aids, manuals, letters, books about children, psychological books on pedophilia and ordinary photographs of children.

Visually explicit images, whether on paper or its equivalent, stored in electronic, magnetic, or other computer format including such images as stored within computer storage devices and other computer media depicting any child known or reasonably believed to be under the age of 18 years of age, in which the child is actually or by simulation engaged in any act of sexual intercourse with any person or animal; Actually or by simulation engaged in any act of sexual contact involving the sex organs of the child and the mouth, anus or sex organs of the child and the sex organs of another person or animal; Actually or by simulation engaged in any act of masturbation; Actually or by simulation portrayed as being the object of, or otherwise engaged in, any act of lewd fondling, touching, caressing involving another person or animal; Actually or by simulation engaged in any act of excretion or urination within a sexual context; Actually or by simulation portrayed or depicted as bound, fettered, or subject to sadistic, masochistic, or sadomasochistic abuse in any sexual context; or Depicted or portrayed in any pose, posture or setting involving a lewd exhibition of the unclothed genitals, pubic area, buttocks or, if such person is female, a fully or partially developed breast of the child.

Computer systems, including, but not limited to system components, input devices, output devices, data storage devices, data transmission devices and network devices; and Computer media; and other material relating to computer systems and the Internet including, but not limited to documentation, operating system software, application or access program disks, manuals, books, brochures, or notes; and Computer access codes, usernames, log files, configurations files and passwords; and Any and all evidence related to ownership, control or use of the safe deposit box, files, logs and accounts.

I understand that Touch ID is available on many mobile devices that can be used to access, distribute or possess files of CSE. Touch ID will not unlock a device, however, unless it has been enabled by the user and the user has registered the fingerprint(s) that they wish to use to unlock the device. If any said mobile device is on scene, and no passwords are obtained, then it is hereby ORDERED that the registered user on said device shall unlock the device with the registered user's fingerprint/identifiers, so long as the affiant then possesses a reasonable suspicion that the registered user has committed a criminal act that is the subject matter of this Search Warrant; that the registered user is the user of said device; and that the registered user's biometric features will unlock the device.

I am further authorizing the removal of the computer system(s) and related computer peripherals, storage devices, software and media to an off-site controlled environment to perform the search for the items described above.

If you find the above-described property or any part thereof, you will seize the property and deliver it forthwith to me or any other court in which the offense in respect to which the property or things taken is triable, or retain it in your custody subject to order of said court.

February 25, 2021 _____  _____ Judge
Franklin District _____ Court

Executed on this the __25th__ day of ~~April 2018~~ FEB 2021 WAS CMD, by __DOT WA GATSON__, of the Kentucky State Police, badge number __613__ searching said premises described herein and by seizing the following:

See ATTACHED

Det. Anthony Gatson Unit 613
February 25th, 2021
Search Warrant Return

A-1, Samsung Galaxy Note 9, blue in color, No Identifiers

A-2, HP Pavilion Laptop computer, Model #: 3165NGW, S/N:5CD62235P

B-3, Sandisk Cruzer 4GB flash drive, Identifying number: 6DCZ36-004G

D-6, Sandisk 32GB flash drive 3.0, Identifyer: BM180126162B

D-7, Sandisk Cruzer 16 GB flash drive, Identifyer: SDOZ36-016G

D-8, Plug-To-Cam camera, ID#: C36694, LOGIN PASSWORD- 38023

D-9, Black USB Flash Drive, no make, model or identifiers

D-10, Plug-To-Cam camera, ID#: C340159, LOGIN PASSWORD- 34004

D-11, Remington 870 12GA pump shotgun, SN: RS13494K

C-12, Acer Aspire 5720Z series Laptop, Model #: ICL50

B-13, Toshiba 500GB hard drive, SN: 58OPTJ7HT SRD HDKCB36MEA01 T

B-14, QNINE NVME Enclosure with USB-C, no identifiers

B-15, Sandisk MicroSD card 512MB with adapter, ID #: 0727201699C