**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | Sentencing: April 1, 2022 |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF NON-CONTRABAND SEIZED PROPERTY AND, ALTERNATIVELY, OBJECTION TO ENTRY OF PRELIMINARY ORDER OF FORFEITURE**

Zackary Ellis Sanders moves this Honorable Court, pursuant to Fed. R. Crim. Pro. 41(g), for entry of an Order directing the United States to preserve and return copies of the non-contraband content of Mr. Sanders seized electronic devices. Additionally, Mr. Sanders objects to the entry of a preliminary forfeiture ordering the forfeiture of non-contraband, personal and business digital data stored on the electronic devices named in the Forfeiture Notice of the Indictment.

Many people, like Mr. Sanders, store every aspect of their lives on electronic devices that are the only record of years of a person's life. At sentencing, the government will seek the entry of a preliminary forfeiture order forfeiting electronic devices that contain images of minors engaged in sexually explicit activity and that were used to commit Mr. Sanders's offenses of conviction, but that also contain the only record of more than a decade of Mr. Sanders's life,

including personal photographs, personal and business records, educational records, records of theater performances, contact information and emails.[1]

The government has informally agreed to return the electronic devices that are no longer needed for evidentiary purposes and do not contain contraband or protected information relevant to his offenses. However, the government opposes Mr. Sanders's request for copies of his non-contraband, personal and business records and photographs and will not agree to allow the copying or return of legally possessed, personal information stored on the devices subject to forfeiture. Accordingly, Mr. Sanders requests the Court direct the government to allow his forensic expert to segregate and make digital copies of non-contraband data and image files that are stored on the electronic devices subject to forfeiture using a protocol that was previously approved by the FBI and the prosecution team for producing discovery.

Prior to filing this motion, Mr. Sanders offered to pay the costs of segregation by having his expert review the electronic storage devices at an FBI facility, copy the non-contraband files onto an external hard drive and submit them for FBI review — thereby eliminating the difficulty and cost of segregating and copying the data. Mr. Sanders already had a forensic expert review these storage devices using the identical procedure previously agreed to by the government in connection with its pretrial discovery obligations. The FBI is also known to utilize artificial intelligence software called "Griffeye" that makes it possible for law enforcement to detect and analyze child pornography content in cases involving millions of images and videos.[2] The FBI

---

[1] For purposes of this motion, the term "non-contraband" data or files refers to all legally possessed, personal and business information electronically stored on the devices subject to forfeiture. The term is not intended to include contraband, electronically stored data or files of evidentiary value or that contain "protected information."

[2] See https://www.griffeye.com/griffeye-releases-new-ai-that-can-identify-csa-content-in-videos/

can use the Griffeye software to rapidly search the data copied onto the external hard drive by Mr. Sanders's forensic expert and to verify that he did not inadvertently copy contraband images. Mr. Sanders has also offered to pay any additional costs reasonably related to the recovery of his property.

**A. General Principles**

It is well settled that the law does not permit the court to forfeit property unrelated to criminal activity and that it must return property seized as evidence once the criminal proceedings have concluded unless it is contraband or is subject to forfeiture." *United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017); *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014); *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002); *United States v. Lindsey*, 202 F.3d 261, at *1 (4th Cir. 2000) (per curiam) (quoting *United States v. Mills*, 991 F .2d 609, 612 (9th Cir.1993)).

Title 18 U.S.C. § 2253(a)(3) provides, *inter alia*, that a person convicted of a child pornography offense shall forfeit to the United States any visual depiction described in this chapter and "such person's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." Mr. Sanders is not seeking the return of copies of contraband or protected information. Nor is he seeking copies of any property, real or personal, constituting or traceable to or from a child pornography offense, data property used in, or to promote the commission of, the crimes, or any adult pornographic or obscene images or visual depictions he may have received or any data received in exchange for child pornography. Indeed, there is no nexus between copies of the non-contraband personal and business files Mr. Sanders is seeking to recover and property forfeitable under Section 2253(a)(3).

**B. Right to Return of Property**

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Fed. R. Crim. Pro. 41(g) provides:

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

See also *Bullock v. United States*, 176 F. Supp. 3d 517, 523 (M.D.N.C. 2016) (quoting *United States v. Soza*, 599 F. App'x 69, 70 (4th Cir. 2015)); see also *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995).

"Property" is defined in Rule 41(a)(2)(A) to include "documents, books, papers, any other tangible objects, and ***information***." (emphasis added). If the property in question is no longer needed for evidentiary purposes, either because trial is complete or the defendant has pleaded guilty, courts addressing the issue have held that "the defendant is presumed to have a right to the property's return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." See *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).

The scope of § 2253(a)(3) in this context appears to be a question of first impression in the Fourth and other circuits. Although there is considerable case law interpreting forfeiture statutes in other contexts,[3] few courts have articulated the contours of a Rule 41(g) motion in the

[3] See e.g., *United States v. King*, 231 F. Supp. 3d 872, 912 (W.D. Okla. 2017) (holding that the "mere pooling or commingling of tainted and untainted funds in an account does not, without more, render the entire contents of the account subject to forfeiture . . . Once we distinguish the money from its container, it also follows that the presence of one illegal dollar in an account does

context of intermingled computer files where the files a defendant seeks to recover are neither contraband or electronic devices subject to forfeiture. In *United States v. Gladding*, the defendant sought the return of commingled computer files that were neither contraband nor subject to forfeiture. The Ninth Circuit held that the government could retain the files "only if the government shows a 'legitimate reason' for doing so 'that is reasonable under all of the circumstances." *Id*. at 1153. In this regard, the court stated:

> The government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. United States,* 2 F.3d 322, 326 (9th Cir.1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)). The Advisory Committee's Note to Rule 41, to which we give "weight in interpreting the Federal Rules of Criminal Procedure," *United States v. Bainbridge,* 746 F.3d 943, 947 (9th Cir.2014), confirms **the "reasonableness" standard applies to the return of computer files on electronic storage devices**, *see* Fed.R.Crim.P. 41, Advisory Committee's Note to 2009 Amendment ("Rule 41(g) ... provides a process for the 'person aggrieved' to seek an order from the court for a return of the property, including storage media **or** electronically stored information, under reasonable circumstances.") (emphasis added).

*Id*. at 1152. The disjunctive "***or***" makes clear that the Advisory Committee recognized the difference between a storage media and the electronically stored data. That is, the Advisory Committee acknowledged the obvious difference between a container and its contents.[4]

In *Gladding*, the defendant was indicted on two counts related to his possession of child pornography. At the change of plea hearing, Gladding did not dispute that his electronic storage devices were forfeitable, but he asked the government to return copies of certain noncontraband

---

not taint the rest—as if the dollar obtained from fraud were like a drop of ink falling into a glass of water." (citing *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998).

[4] The Federal Rules of Civil Procedure expressly recognize that electronically stored data is property distinct from the storage device. Fed. R. Civ. Pro. 37(e) permits sanctions against a party when the party fails to produce electronically stored information, even if the party produces the storage device. The rule imposes sanctions for the destruction of the information, not the destruction of the storage device on which the information was stored.

computer files on those devices. According to Gladding, there were thousands of pictures of his family and personal emails on the devices that he wanted returned. The government objected claiming that it would be difficult and costly to segregate Gladding's noncontraband files from the files containing child pornography. While the appeal was pending, the government granted Gladding's expert access to the forfeited electronic storage devices as occurred prior to trial in this case, and Gladding's expert was able to obtain a large number, but not all of Gladding's non-contraband files. Although the Ninth Circuit acknowledged that the difficulty and cost of segregating the data could be a "legitimate reason" for the government to retain Gladding's property, it ultimately rejected the government's representations without evidence that it was "almost impossible to separate [the noncontraband files] out" and remanded the case for further proceedings. *Id*., at 1153-54.

The Second Circuit took the identical approach in a child pornography case where the defendant sought the return of all non-pictorial files on the hard drive, as well as metadata relating to all files. *United States v. Wernick*, 673 F. App'x 21, 25 (2d Cir. 2016). Unlike Mr. Sanders, the defendant in *Wernick* did not attempt to identify specific files of a clearly non-criminal nature and of high personal value that could readily be disentangled from his criminal activities. Based on the record before it, the court found that "it was impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity)." *Id*. Unlike Mr. Sanders's case, the court also found that the evidence suggested that "thousands and thousands of hours" would be required to segregate the computer data the defendant requested. *Id*. In these circumstances, the court held that the district court did not abuse its discretion in denying the defendant's motion. Notably, the Second Circuit concluded

that it need *not* decide whether defendants in some cases may retain interests in data unconnected to criminal activity that is stored on a hard drive that is itself forfeitable because it was used to commit or to promote the commission of a child pornography offense. *Id*. at 25-26.[5] Mr. Sanders has already offered to pay the costs of segregating and copying the requested data by having his expert review the electronic storage devices, segregate and copy the non-contraband files, submit them for FBI review, and pay costs reasonably related to the recovery of his non-tainted personal and business property.

In *Riley v. California*, 573 U.S. 373 (2014), the Supreme Court enunciated the quantitative and a qualitative difference that a cell phone has from other objects that might be kept on an arrestee's person:

> One of the most notable distinguishing features of modern cell phones and laptop computers is their immense storage capacity. Before cell phones and laptop computers, a search of a person was limited by physical realities and tended to constitute only a narrow intrusion on privacy. See Kerr, Foreword: Accounting for Technological Change, 36 Harv. J.L. & Pub. Pol'y 403, 404–405 (2013). Most people cannot lug around every piece

[5] The few cases where courts have held that computers as a whole, including all of their files and programs were subject to forfeiture have largely been decided on procedural grounds or by citing to these cases. See e.g., *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014) (Noyes' motion requesting the return of files and programs contained on computers that were the subject of the forfeiture order was essentially a challenge to the forfeiture order itself. Noyes was required to challenge the scope of the forfeiture order on direct appeal, but he failed to do so); *Bastian v. Unites States*, 8:17-cv-309, 2019 WL 1040983 at *5 (D. Neb. Mar. 5, 2019) (Bastian waived any claims he might have to non-contraband data located on the seized laptop's hard drive by his guilty plea and agreement to forfeit and abandon any and all claim to items seized by law enforcement, including his laptop computer and hard drive); *United States v. Hewitt*, No. CR 06-20022-01, 2013 WL 12366626, at *3 (W.D. La. June 14, 2013) (holding only that defendant was not an innocent owner with regard to the computer and hard drive he used to download and view child pornography from the internet and that such property was clearly subject to forfeiture).

> of mail they have received for the past several months, every picture they have taken, or every book or article they have read—nor would they have any reason to attempt to do so.

*Id*. at 393–94. An apt analogy is to a filing cabinet (computer) and the paper files contained in it (data), or to a house (computer) and the various items of its owner's personal property (data) contained within it. The data stored on Mr. Sanders's devices can be removed and transferred to different devices in the same way you can move a piece of paper from one location to another. Had the government seized a filing cabinet full of child pornography, or a home used to facilitate the sale of narcotics, it would undoubtedly return the papers in the filing cabinet with no nexus to the offense and the furniture and personal items located in the home.

This Court should meet with great skepticism any rule that would prevent an individual convicted of a federal crime from seeking the return of his personal property—here years' worth of legitimate electronic files including family photos, correspondence, and personal and business records, merely because the computer hardware was utilized to commit an internet-based crime and a quantity of contraband files still exist on the hard drive of that same physical device.

The purpose of forfeiture in this case is to ensure that all visual depictions of child pornography and the property used to commit, to promote, or to facilitate the commission of the crimes are destroyed. See 18 U.S.C. §§ 2253(a)(1) and 2253(a)(3). Forfeiture of Mr. Sanders's non-contraband personal and business files does not serve this or any legitimate governmental purpose.

**Conclusion**

Mr. Sanders retains a property interest in the non-contraband data that is unconnected to criminal activity. This Court should enter an order directing the government to return copies of Mr. Sanders's non-contraband, electronically stored information employing Mr. Sanders's cost

and labor shifting proposals for segregating and recovering the non-contraband data on his electronic devices. If the parties dispute the cost of segregating, copying and reviewing the data, the government should be required to present evidence at a hearing of the cost and difficulty of doing so.[6] Finally, the Court delay entry of a preliminary order of forfeiture until such time as Mr. Sanders's right to the return of his property is decided.

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

/s/

Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

/s/

Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C. 20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

[6] See *Gladding*, 775 F.3d at 1154 ("The district court may also order alternative measures for returning Gladding's noncontraband files other than forcing the government to pay for segregating the data itself. See, e.g., *Ramsden*, 2 F.3d at 327 (ordering the government to return documents but permitting the government to retain copies). For example, the district court can require Gladding to pay the costs of segregation by having his expert review the electronic storage devices and copy the noncontraband files to the extent otherwise permitted by law.").

___________/s/_______________
H. Louis Sirkin (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

___________/s/________________
Christopher Amolsch (#43800)
12005 Sunrise Valley Drive
Suite 200
Reston, Virginia 20191
703.969.2214 (Phone)
703.774.1201 (Fax)
Email: chrisamolsch@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of March 2022, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

____________/s/________________
Nina J. Ginsberg