IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA           )
                                   )
            v.                     )
                                   )       Criminal No. 1:20-CR-143
ZACKERY ELLIS SANDERS,             )
                                   )
            Defendant.             )

**MOTION FOR A PRELIMINARY ORDER OF FORFEITURE AND RESPONSE IN**

**OPPOSITION TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

Comes now the United States of America, by counsel, and moves this Honorable Court to

enter a preliminary order of forfeiture in this case pursuant to Fed. R. Crim. P. 32.2(b), and

further files this response in opposition to defendant's motion for return of property (DE 607).

Specifically, the government seeks the forfeiture of the following:

(a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive ("1B1");

(b) 1B2 - HP Elite Book 755 laptop ("1B2");

(c) 1B3 - Lexar 32GB thumb drive ("1B3");

(d) 1B5 - HP laptop S/N: 5CH1262Y5Y ("1B5");

(e) 1B6 - HP laptop S/N: CNF8255WH5 ("1B6");

(f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV ("1B19");

(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF ("1B22");

(h) 1B24 - Apple iPad, FCC ID: BCG-E2430A ("1B24"); and

(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6 ("1B27").

As explained in more detail below, the evidence presented sufficiently proves the nexus

between the aforementioned property and the offense of conviction, thereby triggering the

mandatory forfeiture penalty.  Moreover, the defendant's motion for return of property (DE 607) should be denied.

<u>FACTUAL BACKGROUND</u>

The facts of this case are set forth in great detail in the presentence report (DE 602). The government does not intend to repeat the facts of the case in detail, rather the government will only highlight those portions of the facts germane to the nexus between the property sought and the offense of conviction.

In August 2019, the Federal Bureau of Investigation (FBI) received information that an individual using a specific IP address accessed child sexual abuse and exploitation material on or about May 23, 2019, on a hidden service on The Onion Router (Tor) network dedicated to such content.  That IP address was registered through Cox Communications to the defendant's mother at an address in McLean, Virginia.  The defendant also resided at that address at the time.

On February 12, 2020, the FBI executed a search warrant at the defendant's residence and seized a number of electronic devices, including all of the devices the government now seeks to forfeit.  During the search, the defendant admitted to accessing and receiving child pornography through websites on the Tor network.  The defendant also stated that he transferred child pornography material that he downloaded over the Internet from his laptop to external media storage devices.

A forensic examination of the seized devices revealed that the defendant used the various devices seized from his home to communicate with minors and to produce and receive child pornography depicting these minors.  Specifically, the examination revealed that between approximately 2017 and approximately 2020, Sanders engaged in sexually explicit

2

communications over the Internet, including the production and receipt of child pornography, with at least five minor boys who were between the ages of 13 and 17 years old, and that he received child pornography depicting a sixth minor boy in the same timeframe.  The defendant used electronic devices to communicate with the minors via Kik Messenger, Telegram, online forums, iMessage application, and the dating application Grindr. Furthermore, the forensic review of the electronic devices seized from Sanders's residence revealed approximately hundreds of images and videos depicting child pornography/exploitation material.

During trial, Special Agent Christopher Ford testified that he imaged and examined the following devices:  1B1 (Ex. 601), 1B2 (Ex. 701), 1B3 (Ex. 801), and 1B5 (Ex. 901), and that each of the devices contained images and video of child pornography, including videos admitted into evidence (Exs. 602-03, 702-04, 802-04, and 902) (Count 12).  Special Agent Laura Calvillo testified that electronic devices including 1B1, 1B2, 1B3, 1B5, 1B19, and 1B22 were found and seized from the defendant's bedroom during the search of his home. Special Agent Ford testified that the defendant used 1B19 to chat online with minors, and specifically as to how the defendant used 1B19 to produce and receive child pornography material depicting Minor Victim 2 (Counts 2 and 8).    Special Agent Ford also testified that 1B27 was seized from the defendant's person during the search of his home, and that the defendant used 1B27 to chat online with minors and to produce and receive child pornography material depicting Minor Victims 1, 3, and 5 (Counts 1, 3, 5, 7, 9, and 11). Special Agent Ford also testified as to how the defendant used 1B27 to receive child pornography material depicting Minor Victim 6 (Count 6).   Lastly, Special Agent Ford testified as to how the defendant used 1B22 to chat online with minors and to produce and

3

receive child pornography material depicting Minor Victim 4 (Counts 4 and 10).

As explained in the declaration of Special Agent Emily Eckert, forensic examination of all the devices discovered a number of child pornography images and videos on each device.

## PROCEDURAL HISTORY

On June 24, 2020, the federal grand jury sitting in Alexandria returned a true bill returned a twelve-count Indictment charging this defendant with Counts 1 through 5: Production of Child Pornography; Counts 6 through 11: Receipt of Child Pornography; and Count 12: Possession of Child Pornography (Document 29).  A jury trial commenced on October 19, 2021.   That jury trial concluded on October 27, 2021, at which time the jury convicted the defendant as charged (Document 541).  Sentencing in this case is presently set for April 1, 2022, at 8:00 AM.

## STANDARDS GOVERNING

18 U.S.C. § 2253(a) provides that defendants who are convicted "of an offense…involving a visual depiction described in section…2252…shall forfeit" three categories of property to the United States.  Those categories of forfeitable property are: (1) any book, magazine, periodical, film, videotape, or other matter which contains a visual depiction described in 18 U.S.C. § 2251 et seq.; (2) any proceeds of the offense; and (3) any property used or intended to be used to commit or to promote the commission of the offense.  Forfeiture is a mandatory aspect of the sentence to be imposed in this case.  United States v. Blackman, 746 F.3d 137, 143 (4th Cir. 2014) ("The word 'shall' does not convey discretion…  The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing.").  Courts may not deny forfeiture based on equitable considerations.  Id. ("Insofar as the district court

believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error.").

As the Court is aware, judicial criminal forfeitures are a multi-step process, with the steps being found in Fed. R. Crim. P. 32.2 and 21 U.S.C. § 853.[1]  The first step is the entry of a preliminary order of forfeiture or consent order of forfeiture at or prior to the sentencing, pursuant to Fed. R. Crim. P. 32.2(b).  Fed. R. Crim. P. 32.2(b)(4)(A) provides that, in general, at the time of sentencing, the preliminary order of forfeiture becomes final as to the defendant, but not as to third parties.  Where specific assets are forfeited, third party interests are dealt with in the ancillary proceeding, a quiet title-type process covered under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c).  Indeed, Rule 32.2(b)(2)(A) provides that "[t]he court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c)."  Accord United States v. Cox, 575 F.3d 352, 358 (4th Cir. 2009) ("Rule 32.2 requires the issuance of a preliminary order of forfeiture when the proper nexus is shown, whether or not a third party claims and interest in the property.").  Once the government obtains a preliminary order of forfeiture with respect to specific property, Rule 32.2(b)(6) and (c) require that interested third parties be given notice of the forfeiture and that an ancillary proceeding be conducted.

The United States must prove the nexus between the property to be forfeited and the offenses of conviction by a preponderance of the evidence.  Libretti v. United States, 516 U.S. 29, 116 S. Ct. 356 (1995) (criminal forfeiture is part of sentence and not a substantive element of

---

[1] Although 21 U.S.C. § 853 is a drug forfeiture statute, its procedures apply even in this child pornography forfeiture accomplished under 18 U.S.C. § 2253 because of the provisions of 18 U.S.C. § 2253(b).

offense, so "preponderance of the evidence" standard applies); United States v. Martin, 662 F.3d 301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence"); United States v. Herder, 594 F.3d 352 (4th Cir. 2010) ("The burden is on the government to establish, by a preponderance of the evidence, that the property at issue is subject to forfeiture").  As for the entry of the preliminary order, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "[t]he Court's determination may be based on evidence already in the record . . . or information presented by the parties … after the verdict or finding of guilty."  See, e.g., United States v. Farkas, 474 Fed. Appx. 349, 360 (4th Cir. 2012) (under Rule 32.2(b)(1)(B), the Court may base its forfeiture determination on evidence already in the record and on any additional evidence or information submitted); United States v. Sabhnani, 599 F.3d 215, 262-63 (2d Cir. 2010) (forfeiture may be based on testimony in the record from the guilt phase of the trial); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (the Court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the government to reintroduce that evidence in the forfeiture hearing).  Reliable hearsay is admissible to establish forfeitability. Capoccia, 503 F.3d at 109 (because forfeiture is part of the sentencing, hearsay is admissible to establish forfeitability); United States v. Brown, No. 11-cr-0050, 2013 WL 2473034, at *2 (D.Md. June 10, 2013) (reliable hearsay may be used to determine the amount of a monetary judgment); United States v. Ivanchukov, 405 F.Supp.2d 708, 709 n.1 (E.D.Va. 2005) (because the forfeiture hearing is part of the sentencing, reliable hearsay is admissible at the forfeiture hearing).

ARGUMENT

A. <u>The Electronic Devices are Subject to Forfeiture, pursuant to 18 U.S.C. § 2253(a)(1) and (3).</u>

As described in the factual background section above, the evidence at trial and the attached declaration from Special Agent Emily Eckert (Ex. 1), showed that each of the devices the government now seeks to have forfeited contained images and videos constituting child pornography.

Set against the above-described factual background, the electronics at issue in this case are forfeitable under two theories. First, they are all subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(1) as a matter which contains a visual depiction described in 18 U.S.C. § 2252. In finding the defendant guilty of Counts 1 through 12 of the indictment, the jury already found that the images and videos forming the basis of those counts constitute visual depictions described in 18 U.S.C. § 2252. The devices containing the images and videos connected to Counts 1 through 12 are now sought by the government. As to the other devices, the evidence likewise showed that those devices contained child pornography. As explained in Special Agent Eckert's declaration, a forensic examination of all nine devices revealed that each device contained child pornography. The aforementioned electronics are therefore mediums which contain visual depictions of child pornography and are therefore subject to forfeiture under 18 U.S.C. § 2253(a)(1).

The nine devices the government seeks also constitute property the defendant used to commit the child pornography violations, making them forfeitable pursuant to 18 U.S.C. § 2253(a)(3). Where a defendant uses electronics to access or store child pornography, that electronic device is subject to forfeiture as facilitating property, as described in 18 U.S.C. §

2253(a)(3).  See, e.g., United States v. Evers, 669 F.3d 645, 660 (6th Cir. 2012) (where examination of computer hard drive revealed "the offending images," the computer was subject to forfeiture).  The evidence at trial, described above and detailed in the PSR, as well as Agent Eckert's declaration showed that each of the electronic devices and storage mediums at issue were used to store child pornography.  In addition, the defendant admitted that his laptop was used to transfer child pornography material over the Internet from his laptop to external media storage devices. Moreover, Agent Ford testified how the defendant used the electronic devices to chat online with minors and to produce and receive child pornography.  Since the defendant used the devices sought for this purpose, they are also subject to forfeiture pursuant to 18 U.S.C. § 2253(a)(3).

B.  The Nine Devices are Subject to Forfeiture in their Entirety.

In a motion filed on March 28, 2022 (DE 607), the defendant requests that the Court enter an Order directing the United States to preserve and retain copies of certain portions of the contents of some of the electronic devices seized by the government in the course of its investigation.  The requested relief is both contrary to the law of forfeiture, and further would impose an undue burden on limited government resources.

The use of the devices to store such illegal images subjects the devices to forfeiture in their entirety, to include any and all contents on the device.  See, e.g., United States v. Noyes, 557 F. App'x. 125, 127-28 (3d Cir. 2014) (noting that property forfeited under § 2253 is forfeited in its entirety; thus, when a computer is forfeited in a child pornography case, the data stored on the computer is forfeited as well); United States v. Wernick, 673 Fed. App'x. 21 (2nd Cir. 2016) (affirming district court's exercise of discretion not to grant motion for the return of untainted data that cannot be easily disentangled from tainted data with which it has been commingled),

affirming United States v. Wernick, 2015 WL 8488774 (E.D.N.Y. Dec. 10, 2015) (following Noyes: defendant convicted of child pornography may be ordered to forfeit his computer and its peripherals without regard to their containing digital files that were unrelated to his criminal offense); United States v. Hoffman, 2018 WL 5973763 (E.D. Va. Nov. 14, 2018) (defendant convicted of espionage forfeited his computers in their entirety and has no right to the return of family photos stored on them; following Noyes).  However, the Ninth Circuit takes a different view in United States v. Gladding, 775 F.3d 1149 (9th Cir. 2014), than the Third Circuit takes in Noyes, though the Ninth Circuit in Gladding never definitively ruled on the issue.  Rather, the Ninth Circuit remanded the Gladding case to the District Court.

In Gladding, a defendant entered a guilty plea to receiving or distributing child pornography and possession of materials containing depictions of minors engaged in sexually explicit conduct.  The defendant's plea agreement included a provision that forfeited the computers used to commit the offenses.  The government agreed to work with Gladding to retrieve the non-contraband files on the forfeited computer, after which point Gladding entered his plea as described above.  After negotiations broke down, Gladding filed a motion for return of all non-contraband files on his computers.  The U.S. District Court for the Eastern District of California then entered a forfeiture order that stated, in part: "The Preliminary Order of Forfeiture is made final as to contraband items only." Gladding, 775 F.3d at 1151.

The District Court denied the motion for return of property, prompting an appeal. Initially, the Ninth Circuit affirmed in an unpublished opinion, United States v. Gladding, 584 F. App'x. 464 (9th Cir. 2014).  Following a rehearing, however, the Ninth Circuit reversed the District Court's order and remanded the matter, holding that the government's proffer to the District Court that it was almost impossible to separate the non-contraband files from those that

were contraband did not constitute evidence.  <u>Gladding</u>, 775 F.3d at 1153.  That point of law is, of course, fairly basic and is reflected in a commonly given jury instruction in this District—that the comments of the attorneys are not evidence.  The Ninth Circuit even noted that "*[i]n the government's view*, the district court's forfeiture order did not cover Gladding's noncontraband files even though those files were intermingled with files containing child pornography."  <u>Id</u>. (emphasis added).  The Ninth Circuit went on to observe that:

> This type of forfeiture order is uncommon according to the government.  The government contends that, in the normal course, a defendant forfeits all the files on an electronic storage device when it forfeits the device itself, whether those files are contraband or not.  **We do not express an opinion on the validity of the district court's order requiring Gladding to forfeit only contraband files**…. But the district court's prior forfeiture order by its terms excluded those files, instead stating the "Preliminary Order of Forfeiture is made final as to contraband items only."

<u>Id</u>. at 1153, n. 1 (emphasis added).  Since the government in the Eastern District of California could not argue that the forfeiture of the devices necessarily included the forfeiture of the data on the devices, the government was left with the alternative argument that the difficulty and cost of separating the contraband from the non-contraband constituted a legitimate reason to retain Gladding's property.  <u>Id</u>. at 1154.  On remand to the District Court, the parties ended up resolving the matter, obviating the need for further Court intervention.  <u>See</u> <u>United States v. Gladding</u>, No. 1:09-cr-265 (E.D.Ca. Jan. 25, 2016) (Document 182—review hearing showing that the parties resolved the remanded issues).

It should be noted that this case is not in the same posture as the <u>Gladding</u> case, where the order of forfeiture plainly covered only the contraband files within the devices and the government conceded as much.  In addition, the government agreed to give copies of noncontraband materials to the defendant at the change of plea hearing.  Here, the government has not agreed to give copies of noncontraband items within the nine devices to the defendant.

In addition, the proposed order of forfeiture lists the devices with no caveats attached.  While some of the comments in the Ninth Circuit's Gladding opinion indicate that that Court would entertain a more general argument that the forfeiture of an electronic device in a child pornography case does not necessarily mean the data within that device is forfeited, the Ninth Circuit in Gladding never squarely reached the issue.  The Court in Noyes, which reached the issue decided that the forfeiture of the device necessarily includes the forfeiture of all data therein, a conclusion which, as the government will explain, finds support in the plain language of the applicable forfeiture statute and a bedrock principle of forfeiture law—that forfeiture is mandatory.

In United States v. Noyes, 557 F. App'x. 125 (3d Cir. 2014), the defendant had been convicted of transportation, receipt and possession of child pornography following a several day jury trial.  Following the guilt phase of that trial, Noyes chose to exercise his right under Fed. R. Crim. P. 32.2(b)(5) to retain the jury for forfeiture.  The jury found that Noyes used two computers to commit the child pornography offenses, and the Court issued a preliminary order of forfeiture accordingly.  United States v. Noyes, 1:08-cr-55 (W.D.Pa. Apr. 13, 2011) (Document 155).  The Court later entered a final order of forfeiture in the matter with respect to the two computers.  Id. (Document 186).

Noyes filed a motion for return of seized property seeking the return of all non-contraband data on the two forfeited computers.  The District Court denied the motion and the Third Circuit affirmed.  The Third Circuit in Noyes took the position that the defendant "requested the return of certain files and programs contained on the forfeited computers, but the computers *as a whole*, *including all of their files and programs*, were subject to the forfeiture order."  Noyes, 557 F. App'x. at 127 (emphasis added).  The Third Circuit pointed to the child

pornography forfeiture statute, the same statute at issue in this case, 18 U.S.C. § 2253(a)(3) and

noted that nothing in the statute indicated that only a portion of computer can be forfeited.  Id.

Likewise, in United States v. Wernick, 148 F.Supp.3d 271 (E.D.N.Y. 2015), the

defendant was convicted of receipt, distribution, possession and reproduction of child

pornography, as well as enticing minors to engage in sexual activity.  Id. at 272.  At Wernick's

sentencing, the Court entered a consent order of forfeiture providing for the forfeiture of

numerous electronic devices.  Id.  Wernick later filed a motion seeking the return of all contents

on the electronic devices except for still images and videos, explaining that "[t]hat automatically

excludes all contraband, such as child pornography, and, beyond that, obviates the need for a

time-consuming culling of contraband from non-contraband images." Id. at 273.

The District Court held that both the order of forfeiture entered in Wernick's case and 18

U.S.C. § 2253 precluded the relief Wernick sought.  Id. at 274-75.  As to the order of forfeiture,

the District Court cited two points:

> …the listing of the forfeited properties, considered in conjunction with (1) the
> explanation in the order that each of those items was "involved" in the counts of
> conviction, and (2) the resulting court-ordered forfeiture of *all of the defendant's
> interest* in such items (which, of semantic necessity, includes their contents *in toto*
> and related mirror-images), is fatal to his claim…

Id. at 275 (emphasis in the original).  The District Court in Wernick concluded that "[i]n sum,

defendant's effort to limit the scope of the Order to contraband is not only inconsistent with its

language and with the terms of Section 2253(a) but is also contrary to the persuasive rationale set

forth in Noyes."  Id. at 276.  As explained herein, the same could be said in this case.

On appeal, the Second Circuit stated that the district court did not err in denying

Wernick's Rule 41(g) motion. United States v. Wernick, 673 F. App'x 21, 25 (2d Cir. 2016).

The court noted that Wernick did not seek files that could easily be disentangled from the

devices; rather, he sought all non-pictorial files on the hard drive and meta data.  <u>Id.</u>  The same concerns are present here, as the defense seeks all non-contraband, personal and business digital records and photographs stored on nine devices.  As FBI Special Agent Andrew Kochy states in this declaration (Ex. 2), it would be difficult and take considerable resources for a forensic examiner to disentangle this data from the contraband.  In addition to child pornography, the defendant's electronic devices also contain victim information.  The Second Circuit in <u>Wernick</u> noted that it was "impossible confidently to conclude that none of the data was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity)."  <u>Id.</u>  However, the Second Circuit stated that it was not deciding the question of whether defendants were entitled to data unconnected to the offense of conviction that is located on an electronic device that is itself forfeitable as property used to commit the offense, pursuant to 18 U.S.C. § 2253(a)(3).  <u>Id.</u> at 26.

In <u>Hoffman</u>, the defendant was convicted of attempted espionage, in violation of 18 § U.S.C. §  794(a) following a jury trial.  <u>Hoffman</u>, 2018 WL 5973763, at *1. The Court entered a Consent Order of Forfeiture, listing several electronic devices to be forfeited, pursuant to 18 § U.S.C. §  794(d).  <u>Id.</u>  The defendant filed a motion for return of seized property seeking family and professional photos, videos, and files on the devices.  <u>Id.</u>  The Court denied the motion, stating, "like the forfeiture statute at issue in <u>Noyes</u>, there is no language in 18 U.S.C. §  794(d) (the applicable forfeiture statute) indicating that only a portion of the forfeited property can be forfeited."  <u>Id.</u> at *3.

As the Court is aware, it has become well-established that forfeiture is mandatory. <u>United States v. Blackman</u>, 746 F.3d 137, 143 (4th Cir. 2014) (statutory language providing "that the district court shall order forfeiture" meant forfeiture was mandatory).  The fact that forfeiture

is mandatory means that the Court must order the forfeiture of *all* assets covered by the forfeiture statute connected to the offense of conviction.   See, e.g., United States v. Evick, 286 F.R.D. 296, 298 (N.D.W.Va. 2012) ("…the Fourth Circuit has specifically ruled that a district court does not have the discretion to ignore a statutory forfeiture provision…this Court is required to impose statutory forfeiture provisions upon the conviction of a defendant") (citing United States v. Jalaram, Inc., 599 F.3d 347, 351 n.3 (4th Cir. 2010)).   As one Appellate Court has observed, "the district court has no discretion to reduce or eliminate mandatory criminal forfeiture."   United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011).   As referenced above, the proposed preliminary order of forfeiture in this case references two classes of property covered under 18 U.S.C. § 2253—matter which contains child pornography and property facilitating the offenses. Specifically, in pertinent part 18 U.S.C. § 2253 provides:

> (a) Property subject to criminal forfeiture.—A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter,, or who is convicted of an offense under chapter 109A, *shall forfeit* to the United States such person's interest in—
>
> (1)  any visual depiction described in section 2251, 2251A, or 2252 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, *or other matter which contains any such visual depiction*, which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (3)  any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

(emphasis added).  Of course, in determining the meaning of a statute, "words will be interpreted as taking their ordinary, contemporary, common meaning."  United States v. Serafini, 826 F.3d 146, 149 (4th Cir. 2016) (quoting Perrin v. United States, 444 U.S. 37, 432 (1979)).  18 U.S.C. § 2253(a)(1) makes clear that forfeiture is not limited to the offending image itself, rather it includes the medium on which that image is stored—"any book, magazine, periodical, film,

14

videotape, or other matter which contains any such visual depiction."  Under the statute as written, the Court cannot order only the forfeiture of the page in the magazine that has an image of child pornography, rather the whole magazine must be forfeited, even if it is otherwise full of completely innocent material.  Likewise, the statute makes clear that one cannot later come to the Court under the auspices of a Rule 41 motion for return of seized property and ask for the return of all the pages in the magazine except the one with the image of child pornography because the statute required that the whole magazine be forfeited.  See United States v. Bernard, 537 F. App'x. 72, 74 (3d Cir. 2013) (defendant cannot use a Rule 41 motion to challenge a forfeiture order); Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007) (same holding—"criminal forfeiture…must be challenged on direct appeal or not at all," Rule 41 motion is an improper vehicle by which to challenge the forfeiture order).  So too it is with a computer, a thumb drive, a smartphone, a disc or "any…other matter which contains any such visual depiction."  18 U.S.C. § 2253(a)(1).  The statute, the application of which is mandatory and which may not be reduced, thus requires the forfeiture of the offending images *and the electronic devices those images were on*.

Furthermore, the Court should be skeptical of a rule which obligates the government to expend considerable resources, both in time and money, to extract innocent data from a defendant's computer when he chooses to store contraband on the same media along with the innocent data, something the defendant alone could have avoided had he simply not comingled his contraband with innocent data in the first place.  Further, based on the above authorities, the Court is not writing on a blank slate with respect to the issue presented here.  The statute at issue, 18 U.S.C. § 2253 requires the forfeiture of any device containing child pornography and any device used as facilitating property.  Under the statute, one need not pause to consider how much

child pornography remains on the device or how often the device was used to coerce a minor into producing child pornography, rather the whole device must be forfeited if used in this manner. Congress could have limited forfeitures under 18 U.S.C. § 2253 to the photos or chats themselves, but they did not and Fourth Circuit precedent requires that the statute be given its plain meaning as written.

The federal Courts in the United States that have squarely confronted and ruled on this issue have held that the whole device must be forfeited under 18 U.S.C. § 2253. Given the number of devices and the amount of data on each electronic device, the undertaking of separating contraband and noncontraband data would be costly and difficult.[2] This remains the case even if the Court utilizes the protocol suggested by the defense, as this protocol still requires the FBI to conduct the review (Ex. 2). The separation would take a significant amount of resources and time as the government would have to be certain that among the thousands of files, the defendant was not handed a single file that constitutes contraband. As the Court is aware, a great number of child pornography and child exploitation cases make their way through the federal Courts in the Eastern District of Virginia every year. Needless to say, if every one of those child pornography and exploitation defendants each year could force law enforcement agencies to engage in the process being done in this case, it would be an enormous drain on their resources. In so draining their resources, it would also take them away from their important mission of protecting children from predators. While perhaps legally irrelevant, the government

---

[2] Indeed, the defendant previously sought multiple continuances of the trial in this matter and requested special accommodations to review the forensic evidence in this case specifically because of the "mountain of digital evidence" on his devices. See (DE 265); *see also* (DE 145, 192). These requests came after the government had already greatly narrowed the universe of data on his devices to the data relevant to the charges in the indictment. The amount of data the defendant now contemplates is significantly larger than the "mountain" of evidence the defendant initially reviewed prior to trial.

also pauses to consider that this defendant is likely facing a significant period of incarceration. In other words, the defendant will not actually receive any of the materials he is asking to have returned for years.

<u>PROCEDURE WITH RESPECT TO THIS MOTION</u>

Fed. R. Crim. P. 32.2(b)(4)(A) provides that, at sentencing, a preliminary order of forfeiture becomes final as to the defendant.  Therefore, as a general rule, a preliminary order of forfeiture must be entered as to a defendant by the time of sentencing.  <u>See, e.g.</u>, <u>United States v. Petrie</u>, 302 F.3d 1280, 1284-85 (11th Cir. 2002) (preliminary order of forfeiture entered approximately six months after the defendant's sentencing vacated because the District Court no longer had jurisdiction to enter the order).  <u>But see</u> <u>United States v. Martin</u>, 662 F.3d 301, 307 (4th Cir. 2011) (missing the sentencing deadline to enter a forfeiture order does not deprive the District Court of jurisdiction to do so, provided the Court makes clear prior to sentencing that it plans to order forfeiture); <u>United States v. Mearing</u>, Case No. 18-4026, at p. 4-5 (4th Cir. May 29, 2018) (citing <u>Martin</u>).  The government is not requesting a hearing and, for its part, is asking the Court to determine this matter on the pleadings.  However, if either party requests a hearing on the forfeiture, Fed. R. Crim. P. 32.2(b)(1)(B) provides that "the court must conduct a hearing . . .."  Therefore, should the defendant request a hearing, the government respectfully requests that the Court take up this motion no later than at the sentencing hearing itself, prior to the imposition of sentence.

Fed. R. Crim. P. 32.2(b)(4)(B) provides that the Court "must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing."  That same rule also provides that the Court "must…include the forfeiture order, directly or by reference, in the judgment."

CONCLUSION

Since the nine devices listed at the outset of this motion all contained child pornography that the evidence showed that the defendant either possessed or received, they are subject to forfeiture pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3).  The government therefore respectfully requests that the Court enter a preliminary order of forfeiture forfeiting the nine electronic devices sought to the United States.  A proposed order is attached for the Court's consideration. The government further respectfully requests that the Court deny the defendant's motion for return of property (DE 607).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:    /s/ Annie Zanobini_____
Annie Zanobini
Assistant United States Attorney
California State Bar No. 321324
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
Office Number: 703/299-3700
Facsimile Number: 703/299-3982
Email Address: Annie.zanobini2@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 29th of March 2022, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF)

to all counsel of record.


By:     /s/ Annie Zanobini_____
        Annie Zanobini
        Assistant United States Attorney
        California State Bar No. 321324
        Attorney for the United States
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Office Number: 703/299-3700
        Facsimile Number: 703/299-3982
        Email Address: Annie.zanobini2@usdoj.gov