# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-cr-143 |
| v. ) | |
| ) | |
| ZACKARY SANDERS, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION IN SUPPORT OF UNITED STATES'
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

I, Special Agent Emily T. Eckert of the Federal Bureau of Investigation (FBI), declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been in this position since March 2016. I currently am assigned to the FBI Washington Field Office (WFO) Child Exploitation and Human Trafficking Task Force (CEHTTF), where I investigate crimes involving the sexual exploitation of children, including but not limited to the production, distribution, and receipt of child pornography. As a Special Agent with the FBI, I received training on investigative techniques related to crimes involving the sexual exploitation of children, including surveillance techniques, undercover activities, obtaining and analyzing digital records, analyzing stored digital media, and the application for and execution of search and arrest warrants. I have conducted and assisted in federal child exploitation investigations and have participated in the execution of numerous search warrants in support of child exploitation investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

3.      I am a case agent assigned to assist with the investigation of Zackary Sanders (the Defendant) for violation of Title 18 U.S.C.§ 2251(a) & (e), production of child pornography, Title 18 U.S.C.§ 2252(a)(2) & (b)(1), receipt of child pornography, and Title 18 U.S.C.§ 2252(a)(4)(B) & (b)(2), possession of child pornography. Based on a review of the FBI's investigative case file, court documents, and discussions with other law enforcement personnel involved in the prosecution of this case, the following nine items of evidence were seized by the FBI and contained suspected child pornography:

- 1B1 - 4GB Sandisk Cruzer Edge thumb drive
- 1B2 - HP Elite Book 755 laptop with cord
- 1B3 - Lexar 32GB thumb drive
- 1B5 - HP laptop S/N: 5CH1262Y5Y w/ cord
- 1B6 - HP laptop S/N: CNF8255WH5 w/ cord
- 1B19 - Apple iPad, S/N: DMPVGGCPHDDV
- 1B22 - Apple iPad, S/N: DMPHM3K7DVGF
- 1B24 – Apple iPhone, FCC ID: BCG-E2430A
- 1B27 – Apple iPhone S/N; C39VJ0XDJCL6

4.      The nine aforementioned electronic devices were seized by the FBI on February 12, 2020, during the execution of a federal search warrant of the Defendant's residence in McLean, Virginia.

5.      The nine aforementioned electronic devices were reviewed by a FBI Special Agent Christopher Ford and all were determined to contain content consistent with suspected child pornography.

6.      Specifically, the SanDisk Cruzar Edge Thumb Drive, was found to contain at least

two videos depicting minor males engaging in sexual activity with each other including anal penetration, digital penetration, and oral sex.

7. The HP Elite Book Laptop was found to contain at least 20 images and 20 videos depicting suspected child pornography. One of the videos was 17 minutes in length and included a compilation of videos of minor males engaging in sexual activity including masturbation, oral sex, and anal penetration.

8. The Lexar 32GB Thumb Drive was found to contain at least 15 images and 80 videos depicting suspected child pornography.

9. The HP Laptop S/N 5CH1262Y5Y was found to contain at least 150 images and 130 videos depicting suspected child pornography. Included is a video depicting an adult male engaging in sexual acts with a male baby. The adult male attempts to masturbate the baby's penis and appears to anally penetrate the baby.

10. The HP Laptop S/N CNF8255WH5 was found to contain at least 40 images and 7 videos depicting suspected child pornography. Included is a video depicting a minor male masturbating with his hands for the duration of the video.

11. The Apple iPad S/N DMPVGGCPHDDV was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this item was at least one known fourteen year old victim that produced child pornography for Zackary Sanders.

12. The Apple iPad S/N DMPHM3K7DVGF was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this item are conversations on KIK between Saunders and multiple possible minor victims that create child pornography under Saunders' direction.

13. The Apple iPhone FCC ID FCC ID: BCG-E2430A was found to contain at least

24 images depicting suspected child pornography. Included in the images were individual males that appeared to be minors, exposing their erect penises to the recording device. The minor males, all in separate images, took pictures of their penises, and the penis was the sole focus of the picture.

14. The Apple iPhone S/N; C39VJ0XDJCL6 was found to contain at least 100 images and 15 videos depicting suspected child pornography. Included in this is a video depicting the genitalia of an identified minor male victim who disclosed in a Child Forensic Interview that he created a video at the direction of Saunders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Manassas, Virginia on this 28 day of March 2022.

Emily T. Eckert
Special Agent
Federal Bureau of Investigation

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:20-cr-143 |
| v. | ) | |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**DECLARATION IN SUPPORT OF UNITED STATES'**
**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

I, Special Agent Andrew Kochy of the Federal Bureau of Investigation (FBI), declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been in this position since November 2002. I am currently assigned to the FBI Washington Field Office (WFO) Computer Analysis Response Team (CART), as an FBI certified Forensic Examiner. I am responsible for the acquisition, preservation, examination processing, and presentation of stored digital information on computers or other electronic devices or media. As a Forensic Examiner with the FBI, I received extensive training on the application of digital forensics across all violations investigated by the FBI. I have conducted forensic examinations associated with federal child exploitation investigations and assisted with the execution of search warrants in support of child exploitation investigations.

2. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

3. I am a forensic examiner assigned to assist with the investigation of Zackary

Sanders (the Defendant) for violation of Title 18 U.S.C.§ 2251(a) & (e), production of child pornography, Title 18 U.S.C.§ 2252(a)(2) & (b)(1), receipt of child pornography, and Title 18 U.S.C.§ 2252(a)(4)(B) & (b)(2), possession of child pornography. Based on a review of the FBI's investigative case file, court documents, and discussions with other law enforcement personnel involved in the prosecution of this case, the following nine items of evidence were seized by the FBI with a relative total storage size of three (3) Terabytes (TB):

- 1B1 - Sandisk Cruzer Edge thumb drive
- 1B2 - HP Elite Book 755 laptop
- 1B3 - Lexar thumb drive
- 1B5 - HP laptop S/N: 5CH1262Y5Y
- 1B6 - HP laptop S/N: CNF8255WH5
- 1B19 - Apple iPad, S/N: DMPVGGCPHDDV
- 1B22 - Apple iPad, S/N: DMPHM3K7DVGF
- 1B24 – Apple iPhone, FCC ID: BCG-E2430A
- 1B27 – Apple iPhone S/N; C39VJ0XDJCL6

4. The nine aforementioned electronic devices were seized by the FBI on February 12, 2020, during the execution of a federal search warrant of the Defendant's residence in McLean, Virginia.

5. The nine aforementioned electronic devices were reviewed by FBI Special Agent Christopher Ford and all were determined to contain content consistent with suspected child pornography.

6. Due to the storage size of the related items, a significant government effort would be required to provide access to retrieve the requested material. Previous review conducted by

defense forensic examination required the participation of two FBI forensic examiners to ensure contraband was not removed. Defense examination review was conducted on no less than three separate occasions. These reviews totaled approximately eight days. Subsequent review by FBI examiners required days' worth of review, and routinely found contraband on defense media. Additionally, the FBI provided space and equipment to facilitate this review. This support is configured on an as needed basis and would need to be reconfigured for future requests. To assist in the defense review, and per their request, FBI examiners preloaded material for the defense to cut down on time the defense was in FBI space. The loading of these files often took days to complete. Due to the volume of contraband found on these devices, the FBI assess significant effort would need to be provided to ensure to contraband was removed.

7. To complete this request, the defense forensic examiner will be presented with an image of the original device noted above. The defense examiner will then need to process and extract the requested information from the device. Each extraction, depending on size, can take hours and days to process. Once items have been identified by the defense examiner, they will need to be exported for review by the FBI. An FBI examiner will be required to visually inspect every picture, text message, email, document, and file which is exported by the defense. It is not uncommon for a digital image to contain millions of files, and depending on the type of export, some or all of these files may need review.

8. As a standard, 1TB of information could produce 250,000 pictures using a 12MP camera. In this case there is roughly 3TB of digital storage to review. This could result in approximately 750,000 pictures. Based on my experience, it takes roughly three (3) seconds to review a picture in an optimal computer environment. Should the defense export all of these files, an FBI examiner would need approximately 78 business days to review for contraband. Use of

such tools as Griffeye will not alleviate the manual review required to identify all contraband within digital media. The Griffeye data base is created by previously identified, and categorized, child pornography images. If images are not currently identified in the database, Griffeye will return a result of "Uncategorized". This category would still require a manual review by a FBI examiner. Griffeye relies on the known hash sets to identify child pornography images. If an image has been cropped or altered in any way, Griffeye will return a result of "Uncategorized" as the new image does not match the hash on file.

9. Additionally, no tool exists which would quickly review text messages, chats, emails, or documents for contraband. All of these items would require manual review by the FBI. It is not uncommon for a single chat session to have hundreds or thousands of independent threads. At present the review process for chats requires the manual selection of the chat and scrolling through every subsequent thread. If parts of a chat are deemed contraband, the FBI examiner would have to remove the individual threads and re-export the chat. Depending on the number of chats, this process can take days or weeks to complete.

10. As a standard, 6.5 million document pages can be contained within 1TB of digital storage. For this investigation, the volume of documents could reach as high as 19.5 million document pages. Based on my experience, it can take between 10 and 30 seconds per document/email to review. Should the defense request all documents from the investigation, an FBI review could take up to 6770 work days. Even if the defense exports only 1% of the possible document/email files, an FBI review could still take up to 67 work days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in __Manassas__, Virginia on this _29_ day of March 2022.

                                                   _____
                                                                      Andrew Kochy
                                                                      Special Agent
                                                              Federal Bureau of Investigation