# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
## Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | Case Number: 1:20-cr-00143-TSE-1 |
| ZACKARY ELLIS SANDERS, | ) | USM Number: 94249-083 |
| | ) | Jonathan Jeffress, Nina Ginsberg, Mark Mahoney, Henry Sirkin, Christopher Amolsch |
| | ) | Defendant's Attorney |

The defendant was found guilty on Counts 1-5, 6-11 and Count 12 after a plea of not guilty.

The defendant is adjudged guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 11/25/2019 | 1 |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 11/14/2019 | 2 |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 04/14/2018 | 3 |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 12/11/2017 | 4 |
| 18 U.S.C. § 2251(a) and (e) | Production of Child Pornography | 10/21/2017 | 5 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 01/16/2020 | 6 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 11/25/2019 | 7 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 11/14/2019 | 8 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 04/14/2018 | 9 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 12/11/2017 | 10 |
| 18 U.S.C. § 2252(a)(2) and (b)(1) | Receipt of Child Pornography | 10/21/2017 | 11 |
| 18 U.S.C. § 2252(a)(4)(B) and (b)(2) | Possession of Child Pornography | 02/2020 | 12 |

The defendant is sentenced as provided in pages 2 through 10 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

/s/

T. S. Ellis, III
United States District Judge

April 1, 2022
Date of Imposition of Judgment

April 1, 2022
Date

Case Number: 1:20-cr-00143-TSE-1
Defendant's Name: SANDERS, ZACKARY ELLIS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO HUNDRED AND SIXTEEN (216) MONTHS with credit for time served as computed by the Bureau of Prisons pursuant to statute.

This term of imprisonment consists of terms of TWO HUNDRED AND SIXTEEN (216) MONTHS on each of Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 to run concurrently with each other and ONE HUNDRED AND TWENTY (120) MONTHS on Count 12 to run concurrently with the sentences imposed on Count 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11.

The Court makes the following recommendations to the Bureau of Prisons:

1. The Court recommends that the defendant be housed at the Alexandria Detention Center in Alexandria, Virginia and not be removed until the Bureau of Prisons designates a specific facility where the defendant will be transported directly to serve his sentence.

    The Court further notes that the defendant hired an expert to assess, based on defendant's various medical conditions and need for sex offender treatment, to what facility defendant should be designated. Defendant's expert recommends that defendant be designated to FCI Butner Low in North Carolina.

    Defendant has a number of medical conditions and ADC and BOP should be careful and alert to make sure he receives treatment for his medical conditions.

2. The Court furthermore recommends that the defendant's medication, Kesimpta, be administered as prescribed by the defendant's doctors.

The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case Number: 1:20-cr-00143-TSE-1  
Defendant's Name: SANDERS, ZACKARY ELLIS

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a LIFETIME TERM.

This term consists of terms of LIFETIME TERM on each of Counts 1, 2, 3, 4 and 5 and FIVE (5) YEARS on each of Counts 6, 7, 8, 9, 10, 11 and 12 to run concurrently with each other.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case Number: 1:20-cr-00143-TSE-1
Defendant's Name: SANDERS, ZACKARY ELLIS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov

Defendant's Signature _____ Date

| Case Number: | 1:20-cr-00143-TSE-1 |
|---|---|
| Defendant's Name: | SANDERS, ZACKARY ELLIS |

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall pay restitution totaling at least **$6,000**. $3000 each to "Andy" who is depicted in the "Spongebob" series and John Doe IV who is depicted in the "8 Kids" series. Restitution shall be payable immediately, and each restitution payment shall be divided proportionately among the victims.

   If not paid in full by the time he is released from custody, any remaining balance on the court-ordered financial obligations shall be paid at a rate of no less than **$100 per month**, to begin within **60 days** of release.

2) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

3) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

5) The defendant shall submit to any testing or assessments required as part of his sexual offender therapeutic treatment. The costs of the testing are to be paid by the defendant, as directed by the probation officer.

6) The defendant shall not engage in employment or volunteer services that allow him access to computers or minors.

7) The defendant shall not purchase, possess or view any sexually explicit material or images using young juvenile models under the age of 18 in any format including, but not limited to, in magazines, books, on the computer, or any electronic device, in videos, movies, and television.

8) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

9) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

10) The defendant shall pay a total of **$60,000** special assessment pursuant to 18 U.S.C. § 3014, based on future earnings ability with penalties and interest waived.

11) Pursuant to 18 U.S.C. § 2259A(a)(3), beginning on the date of enactment of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall assess an amount of up to $50,0000. Accordingly, the Courts finds the defendant indigent and imposes a **zero** amount as it pertains to Counts 1 through 12 of the Indictment.

Case Number: 1:20-cr-00143-TSE-1
Defendant's Name: SANDERS, ZACKARY ELLIS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 1,200.00 | $ 6,000.00 | $ 0.00 | $ 0.00 | $ 60,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed in the Restitution ordered by the Court on April 1, 2022.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☒ Restitution amount ordered by the Court on April 1, 2022   $   6,000.00

The restitution shall be in the sum of $3000 each to "Andy" who is depicted in the "Spongebob" series and John Doe IV who is depicted in the "8 Kids" series.

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the ☐ fine ☒ restitution and JVTA Assessment.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case Number: 1:20-cr-00143-TSE-1
Defendant's Name: SANDERS, ZACKARY ELLIS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $66,000 due immediately, balance due

    ☐ not later than _____, or
    ☒ in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☐ F below); or

**C** ☐ Payment in equal _(e.g., weekly, monthly, quarterly)_ installments of $ ___ over a period of ___ _(e.g., months or years)_, to commence ___ _(e.g., 30 or 60 days)_ after the date of this judgment; or

**D** ☒ Payment in equal _monthly_ installments of $100, to commence _60 days_ after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within ___ _(e.g., 30 or 60 days)_ after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

1) Pursuant to 18 U.S.C. § 3014, the defendant is ordered to pay a special assessment in the amount of $60,000 with penalties and interest waived.

2) Pursuant to 18 U.S.C. § 2259A(a)(3), beginning on the date of enactment of the Amy, Vicky, and Andy Child Pornorgraphy Victim Assistance Act of 2018, the Court shall assess an amount of up to $50,000. Accordingly, the Court finds the defendant indigent and imposes a zero amount on each of Counts 1 through 12 of the Indictment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Pursuant to Fed. R. Crim. P. 32.2(b), the Court must enter an order of forfeiture. Forfeiture to be determined at a later date.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.