**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-00143 |
| v. | Honorable T.S. Ellis, III |
| ZACKARY ELLIS SANDERS, | |
| Defendant. | |

## SUPPLEMENTAL BRIEF REGARDING FORFEITURE OF NON-CONTRABAND ELECTRONIC FILES AND DATA

Zackary Ellis Sanders files this brief in response to the Court's direction at the sentencing hearing to submit a memorandum addressing certain issues relating to whether Mr. Sanders must forfeit non-contraband electronic files and data on electronic devices that themselves must be forfeited. Forfeiture in this case must be limited to the contraband material (*e.g.*, illegal images) and the electronic devices that housed it, or that were used to commit or facilitate the commission of an offense of conviction. Non-contraband computer files are distinct property, separate and apart from the devices on which they reside, and there is no legal basis to subject such property to forfeiture. As a matter of law, therefore, forfeiture should not encompass non-contraband files and data that reasonably can be identified and segregated at Mr. Sanders's expense.

Notwithstanding his legal right to all non-contraband material, Mr. Sanders is willing to propose a compromise that will—at his family's expense—assuage the government's concerns regarding the expenditure of scarce resources.  Under this proposal, Mr. Sanders's forensic expert will visit the United States Attorney's Office (or the FBI, if the material is now there) and

identify a very limited universe of materials (photos and files) from the devices for extraction. The government will then have to review only this small set of materials prior to permitting their return to the Sanders's family.  The defense respectfully submits that this compromise will accommodate both Mr. Sanders's property interest in his family photos and other documents while also avoiding any undue burden on the government.

## **DISCUSSION**

A.     **Non-contraband electronic files and data are not subject to forfeiture, even if the device on which they reside is subject to forfeiture.**

It is well settled that the government must return property seized as evidence once the criminal proceedings have concluded unless the government establishes that it is contraband or is otherwise subject to forfeiture. *See United States v. Roca*, 676 F. App'x 194 (4th Cir. 2017); *United States v. Noyes*, 557 F. App'x 125, 127 (3d Cir. 2014); *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir. 2002); *United States v. Lindsey*, 202 F.3d 261, at *1 (4th Cir. 2000) (per curiam) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)).

It should also be noncontroversial that individual computer files are property in and of themselves, separate and apart from the electronic device on which they reside. A computer file can be copied or transferred from one device to another device. It can be created on a device and then removed from the device. The lawyers in this case create computer files using a word processing program and then convert the file into a static ".pdf" format, a different type of file to upload it to the Court's CM/ECF system. Indeed, companies like Microsoft make billions of dollars each year selling computer files that allow computers to perform functions like typing and creating legal documents. Similarly, individual electronic devices are property in and of themselves, separate and apart from their contents.

2

The Court invited Mr. Sanders to address two specific cases: *United States v. Noyes,* 557 Fed. Appx. 125 (3d Cir. 2014), and *United States v. Wernick*, 673 Fed. Appx. 21 (2d Cir. 2016), both unpublished opinions. Neither case is persuasive here.

In *Noyes*, the defendant's *pro se* motion was made following issuance of a final consent order of forfeiture for his two computers. Noyes' computers as a whole, including all of their files and programs, were subject to the forfeiture order. *Noyes*, 557 F. App'x at 127. The court ruled against Noyes on procedural grounds. Although the court denied the defendant's request for the return of non-contraband files, *Noyes* did not address the issue presented here—whether the files on a computer constitute property separate and apart from the computer on which they are stored. The court in *Noyes* stressed that section 2253(a) included "'*any property* … used or intended to be used to commit or to promote the commission of such offense,'" *id.* (emphasis in original), which is true as far as it goes but is not determinative of the outcome here because non-contraband electronic files are property in and of themselves. They are property separate and apart from the device on which they currently reside, even a device that may have been used to commit an offense. In Mr. Sanders's case, the non-contraband files are not "property … used or intended to be used" to commit the offense under section 2253(a).

*Noyes* overlooked the issue Mr. Sanders is raising and instead assumed that the computer and the files were all one piece of property. *Noyes* reasoned that there is "nothing in the statute which indicates that only a portion of the 'property' can be forfeited." *Noyes,* 557 Fed. Appx. at 127 (quoting 18 U.S.C. § 2253(a)(3) (emphasis in original). Mr. Sanders is now asking the Court to decide whether the computer files are merely a "portion" of a device that should be forfeited or whether they are a distinct form of property in and of themselves warranting separate due

3

process and statutory protection. As discussed above, they are clearly the latter. And because they are the latter and have no nexus to criminal activity, there is no basis for their forfeiture.[1]

At sentencing, the Court asked: "[I]s the defendant's view that he should have returned to him those *portions of the memory* of these devices that are not criminal. Do I have that right?" Apr. 1, 2022 Tr. at 86:14-17 (emphasis added). To clarify, that is not an accurate description of Mr. Sanders' request. The use of the term "portions of the memory" makes the same assumption made in *Noyes* that the computer and all of the files and data on it are one piece of property. To be clear, they are not. The files and data reside within a container, the computer. In that respect, the computer is the electronic version of a file cabinet. The owner of the file cabinet can add or remove papers, photos, or other objects to or from the file cabinet. If one illegal document is added to the file cabinet, that does not change the status of the many other papers in the file cabinet that have no relation to illegal activity. If the FBI got a search warrant to seize and search 10 file cabinets with tens of thousands of papers, it could not seek forfeiture of all of the contents of the file cabinets simply because it would need to review each page.

In *Wernick*, the court concluded that the district court had not abused its discretion in denying Wernick's motion to return all data on seized electronic devices that did not contain

---

[1] The only case the government cites on this issue from this District is *United States v. Hoffman*, No. 2:12cr184, 2018 WL 5973763 (E.D. Va.). In *Hoffman*, an espionage case involving a consent forfeiture order, the court relied exclusively on the reasoning of *Noyes*, noting that there was also no language in the applicable forfeiture statute "indicating that only a portion of the *forfeited* property can be forfeited." *Hoffman*, 2018 WL 5973763, at *3. (emphasis added). Here there is no property that has already been *forfeited*. Unlike the defendant in *Hoffman*, Mr. Sanders has not agreed to a consent order of forfeiture. The question also unanswered in *Hoffman* is whether Mr Sanders's removeable, non-contraband files are a distinct form of property having the requisite nexus to criminal activity such that its forfeiture does not violate the statute or due process.

child pornography.[2] However, the court specifically did not decide "whether defendants in some cases may retain interests in data unconnected to criminal activity that is stored on a hard drive that is forfeitable because it was 'used … to commit or to promote the commission of [a child pornography] offense.'" *Id.* at 25-26 (quoting 18 U.S.C. § 2253(a)(3) (alterations in original). Moreover, Wernick "sought the return of all non-pictorial files on the hard drive, as well as metadata relating to *all* his files (apparently including metadata for the contraband images themselves)."[3] *Id.* at 25. The court ultimately reached the conclusion that it was "impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction" and that "'thousands and thousands of hours' would be required to segregate the computer data." *Id.* Here, Mr. Sanders has not requested metadata for contraband images and has proposed a solution that will eliminate those concerns.

The crux of the issue here is whether, for purposes of criminal forfeiture, the files stored on the hard drive of a computer or cell phone are separate items of property distinct from the electronic device on which they are currently stored. Accepted notions of property, as well as the language of the forfeiture statute, its structure, and purpose, all support the interpretation that such files are property distinct from the devices on which they reside, and that non-contraband

---

[2] *Wernick* cites *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1161-62 (2d Cir. 1986), for the proposition that "[p]roperty that is traceable to an offense is still forfeitable even if commingled with legitimate property." *Wernick*, 673 Fed. App'x at 25. *Banco Cafetero* addressed the forfeiture of drug proceeds that have been commingled with legitimate funds in a bank account. It did not hold that all monies in the account are forfeited where the drug proceeds were just a portion of the total money in the account. In that sense, *Banco Cafetero* only supports Mr. Sanders' argument.

[3] In *Wernick*, the forfeiture order required the defendant to forfeit all seized storage devices without regard to whether they contained child pornography. *Id.* at 25.

files that are not shown by the government to have been used to facilitate the offenses cannot be subject to forfeiture.

The government argues that non-contraband files are subject to forfeiture under two statutory provisions. First, it argues that, under 18 U.S.C. § 2253(a)(1), such files are subject to forfeiture because the electronic devices on which they reside constitute "other matter[s] which contain any such visual depictions." Mr. Sanders, however, does not dispute that the electronic devices themselves, separate and apart from the files on them, may constitute "other matter[s] that are subject to forfeiture." However, the statute does not provide that such "matters" *and all of their contents* are subject to forfeiture. Indeed, the statute separately provides for the forfeiture of contraband images on such devices, first requiring forfeiture of "any visual depiction" and then "other matter[s] that contain any such visual depictions." 18 U.S.C. § 2253(a)(1). As applied to electronic devices containing contraband images, this demonstrates that (a) a computer and its files are separately considered under the statute; and (b) only files that are contraband are subject to forfeiture.

Second, the government argues that the non-contraband files are subject to forfeiture under subsection 2253(a)(3), which provides for forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). Mr. Sanders is not asking for the return of any property, whether devices or files, that were allegedly used or intended to be used to commit the offenses in this case. Accordingly, if one accepts the premise, as this Court must, that computer files are intellectual property, separate and distinct from the device on which they reside, then section 2253(a)(3) is inapplicable on its face. Even if the Court were to conclude that section 2253(a)(3) is ambiguous as to non-contraband computer files, the rule of lenity

applicable to criminal law would require the Court to construe it in Mr. Sanders's favor. *See United States v. R.L.C.*, 503 U.S. 291, 293 (1992) ("No ambiguity about the statute's intended scope survives the foregoing analysis, but if any did, the construction yielding the shorter sentence would be chosen under the rule of lenity."); *Chapman v. United States*, 500 U.S. 453, 463 (1991) (A statute must be ambiguous for the rule of lenity to apply.); *Bifulco v. United States*, 447 U.S. 381, 387 (1980) (The rule of lenity "means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."); *Larue v. Adams*, No. 1:04-0396, 2006 WL 1674487, at *15 (S.D.W. Va. June 12, 2006) ("The rule of lenity . . . requires that ambiguities in criminal or punitive statutes must be resolved in favor of the [defendant].").

Mr. Sanders agrees that the Court may order forfeiture of an electronic device *itself* under either section 2253(a)(1) (devices containing contraband images) or 2253(a)(3) (devices "used" for committing the offenses) where the government satisfies its burden of proof. What *Noyes*, at least, did not recognize (and did not address) is that computer files indisputably are a species of property in and of themselves—regardless of their storage on a cell phone or other computer device—not merely a "portion" of a computer. This is evident from the fact that non-contraband files that are *not* contained within a forfeitable device cannot be subject to forfeiture. This is true even if such files were previously on a device which later becomes subject to forfeiture. For example, if a defendant transfers family photos from a forfeitable device to another untainted device *prior to seizure*, the non-contraband files on the new device unquestionably would not be subject to forfeiture. It stands to reason then, that if those same files are transferred or copied from a forfeitable device to another device *after seizure*, they are also not subject to forfeiture.

In sum, there is no basis to order forfeiture of non-contraband computer files or data under section 2253(a)(1) because they are neither a visual depiction described in the relevant statutes (i.e., contraband images), nor are they a "portion" of a "matter which contains any such visual depiction." They are separate and distinct property from the container in which they are found. The devices are forfeitable whether or not they contain such non-contraband files.

In addition, there is no basis to order forfeiture of non-contraband computer files under section 2253(a)(3) because it is only the device that was "used or intended to be used to commit" the relevant offenses. The non-contraband files on the device are separate and distinct property that were not used or intended to be used in such a manner. If the non-contraband files are transferred from the computer, the computer is still subject to forfeiture. By the same token, if such files are transferred from the computer, there is no basis to seek their forfeiture.

**B.    Notwithstanding his legal right to the material, Mr. Sanders is willing to designate only a limited universe of material for extraction at his own expense to avoid any undue burden in view of Mr. Sanders' property rights.**

Notwithstanding his legal right to all non-contraband files and data, Mr. Sanders is willing to propose a compromise that will—at his family's expense—assuage the government's concerns regarding the expenditure of scarce resources. Under this proposal, Mr. Sanders's forensic expert will visit the United States Attorney's Office and/or the FBI and identify a specified universe of materials (photos and files) from the devices for extraction. The government will then have to review only this small set of materials prior to permitting their return to the Sanders' family. The defense respectfully submits that this compromise will accommodate both Mr. Sanders's property interest in his family photos and other documents while also avoiding any undue burden on the government.

8

Thus, unlike in *Wernick*, Mr. Sanders has proposed a solution to obtain the files at his expense in a way that will avoid returning contraband files. Arguably, the burden of returning property that cannot legally be subject to forfeiture should not be relevant. If there were two files on a computer—one was contraband and one was not—there would be no question that the non-contraband file should be returned. But in any event, what Mr. Sanders is asking would not be unduly burdensome, especially in view of the important nature of the files and the fact that they are not subject to forfeiture.

As Mr. Sanders's counsel has informed the government, Mr. Sanders will bear any costs of the work needed to find, segregate, and copy or transfer files that are not subject to forfeiture. That process would involve searching for certain file types (*e.g.*, .doc, .pdf, etc.), which can be done by Mr. Sanders's forensic expert. Mr. Sanders will only be identifying a very limited universe of material for extraction (e.g., family photos), so the burden on the government of reviewing the material will be limited.

For clarification, though, the government greatly exaggerates the number of files in the universe at issue. It cites 3 terabytes of digital data, including 750,000 pictures that would take 78 business days to review. ECF No. 610-1 (Agent Kochy declaration) at 3 (stating that it "could" result in 750,000 pictures and that the 78 days assumes that "the defense export[s] all of these files"). There are not three terabytes of data in play here. In fact, the total storage capacity of the three devices at issue is approximately one terabyte, and none of these devices are filled to capacity so the actual quantity of data is far less. Moreover, even within the three devices at issue, Mr. Sanders's expert would not be asking to export all files, or even a substantial

percentage of those files.[4] Mr. Sanders seeks the return of only certain, discrete types of personal files.

In terms of burden, it is not clear that manually reviewing every file is necessary, in view of the government's practices. For prosecution purposes, the government certainly does not manually review every single file on a device that is seized from a defendant that has potentially millions of files to determine if each file is contraband; it uses specialized software for that. The government attempts to portray Griffeye as inadequate to review computer files before they are returned to defendants, but that is exactly what the government does when it returns a device on which no child pornography is found. If no child pornography is found in a data file, there is no evidence the device was used to commit the alleged offenses, there is no legal basis for the government to retain it, much less subject it to forfeiture. It must return such files to the defendant. Indeed, if that was not the case, the government would *never* release *any* electronic device to any defendant without manually reviewing every file on the device, even where no contraband images had been found during the investigation. That is directly contrary to what the government does every day when executing search warrants, using its software tools to clear devices on-scene. Moreover, it is the government's burden to prove that property is subject to

---

[4] A significant portion of the 3 TB of stored data cited by the government is presumably made up of "system files," as opposed to user-created files. Substantial numbers of such system files are found on every electronic computerized device, including smart phones, tablets, and computers, and are necessary for the device and its software to operate. They are easily segregable and normally not even readable by humans, and certainly would not be sought by Mr. Sanders. *See, e.g., System File*, Wikipedia (Mar. 9, 2022), available from https://en.wikipedia.org/wiki/System file (last accessed Mar. 31, 2022) ("A system file in computers is a critical computer file without which a computer system may not operate correctly. These files may come as part of the operating system, a third-party device driver or other sources.").

forfeiture. That includes discrete property in the form of computer files.[5] If it cannot prove that the file is contraband, it should be returned.

In any event, Mr. Sanders's proposed compromise would limit any burden that even manual review would impose.

## CONCLUSION

Because Mr. Sanders retains a property interest in the non-contraband files and data that are unconnected to criminal activity, this Court should enter an order directing the government to return copies of Mr. Sanders's non-contraband, electronically stored information employing Mr. Sanders's cost and labor shifting proposals for segregating and recovering the non-contraband files and data on just three electronic devices. The Court should also delay entry of a preliminary order of forfeiture until such time as Mr. Sanders's right to the return of his property is decided.

Respectfully submitted,

_____/s/_____
Jonathan Jeffress (#42884)
Jade Chong-Smith (admitted *pro hac vice*)
KaiserDillon PLLC
1099 Fourteenth St., N.W.; 8th Floor—West
Washington, D.C.  20005
Telephone: (202) 683-6150
Facsimile: (202) 280-1034
Email: jjeffress@kaiserdillon.com
Email: jchong-smith@kaiserdillon.com

_____/s/_____
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181

Email: nginsberg@dimuro.com

_____/s/_____
H. Louis Sirkin (admitted *pro hac vice*)
Santen & Hughes
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450
Facsimile: (513) 721-0109
Email: hls@santenhughes.com

*Counsel for Defendant Zackary Ellis Sanders*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 8th day of April 2022, the foregoing was served electronically

on the counsel of record through the US District Court for the Eastern District of Virginia

Electronic Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Jonathan Jeffress*
Jonathan Jeffress
