IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:20-CR-143 |
| ZACKERY ELLIS SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY ON DEFENDANT'S SUPPLEMENTAL BRIEF**

**REGARDING FORFEITURE**

Comes now the United States of America, by counsel, and offers its brief pursuant to the

Court's Order of April 1, 2022 (Document 620).  For the reasons articulated below and in the

Government's Motion for Entry of a Preliminary Order of Forfeiture and Response to

Defendant's Return of Property (Document 610), the nine devices are forfeitable in their entirety,

pursuant to 18 U.S.C § 2253(a)(1) and (a)(3).  Moreover, a rule requiring the government to

separate the noncontraband files from the contraband materials would place a significant burden

on limited government resources.  Because the matter has been fully briefed and the case law is

well settled, the United States believes that a hearing would not aid the Court's decisional

process and is therefore not requesting a hearing.

PROCEDURAL HISTORY

On June 24, 2020, the federal grand jury sitting in Alexandria returned a twelve-count

Indictment charging this defendant with Counts 1 through 5: Production of Child Pornography;

Counts 6 through 11: Receipt of Child Pornography; and Count 12: Possession of Child

Pornography (Document 29).  A jury trial commenced on October 19, 2021.  That jury trial

concluded on October 27, 2021, at which time the jury convicted the defendant as charged

(Document 541).  Sentencing was held on April 1, 2022, and at the sentencing the Court noted

that the relevant precedent appeared to require the defendant to forfeit the entirety of any devices

he used to commit the offenses of conviction or that contained child pornography.  Transcript

("Tr."), 04/01/22, at 88.  Based on the defendant's objection to this precedent, however, the

Court stated that forfeiture of the defendant's electronic devices would be determined at a later

date, permitted the defense to file additional briefing on the issue of forfeiture by April 8, 2022,

and gave the government until April 15, 2022, to file an additional response.

ARGUMENT

A.  <u>The statute and case law makes clear that the electronic devices are forfeited in their entirety under 18 USC 2253(a)(1) and (a)(3).</u>

The issue before the Court is whether the criminal statute governing forfeiture in child

pornography cases, 18 U.S.C. § 2253(a)(1) and (a)(3), requires the forfeiture of the electronic

devices in their entirety.  Based on a reading of the statute and the case law, the answer to that

question is yes.

The federal Courts that have squarely confronted and ruled on this issue have held that

the whole device must be forfeited under 18 U.S.C. § 2253.[1]  The Third Circuit in <u>Noyes</u> took

the position that the defendant "requested the return of certain files and programs contained on

the forfeited computers, but the computers *as a whole, including all of their files and programs*,

were subject to the forfeiture order."  <u>United States v. Noyes</u>, 557 F. App'x. 125, 127 (3d Cir.

2014) (emphasis added).  The Third Circuit pointed to the child pornography forfeiture statute,

the same statute at issue in this case, 18 U.S.C. § 2253(a)(3), and noted that nothing in the statute

indicated that only a portion of a computer must be forfeited.  <u>Id</u>.  It is true that, unlike this case,

---

[1] The United States addressed this issue in great detail in its previous filing.  *See* ECF No. 610.

when Noyes requested the return of noncontraband files, the District Court had already entered a preliminary order of forfeiture.  The Court noted that to the extent Noyes motion was a direct challenge to the forfeiture order, his appeal should be dismissed as untimely as he did not challenge the scope of the forfeiture order on direct appeal.   However, the Court went on to consider his motion to the extent that it was properly construed as a motion to return property pursuant to Federal Rule of Criminal Procedure 41(g), asking whether the property he sought returned was subject to forfeiture.   The Court thus proceeded to interpret 18 U.S.C. § 2253, the statute at issue here, and observed that nothing in that statute suggested that only a portion of the device should be forfeited.  See id.  Thus, the court in Noyes directly addressed the issue this Court now faces, and decided that the forfeiture of the devices necessarily includes the forfeiture of all data therein.

In making this determination, the Court in Noyes looked to the 8th Circuit's decision in United States v. Hull, 606 F.3d 524 (8th Cir. 2010).  The defendant in Hull was convicted of two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1).  Id. at 525. The district court ordered the forfeiture of Hull's real property, which included 19 acres of land, pursuant to 18 U.S.C. §  2253(a)(3).  Id.  Hull argued that even if the government could forfeit his residence, the government could not forfeit the remaining acreage—which included outbuildings and farm and pasture land—as the rest of the property was not used in the commission of the offense.  Id. at 528. The court rejected the defendant's argument, noting that there was no basis to sever the property, and that all the land should be treated as a single piece of property, pursuant to 18 U.S.C. §  2253.  Id.  The court noted that there was nothing in the text of Section 2253(a)(3) that allowed for the subdivision of the property.

The upshot of <u>Noyes</u> and <u>Hull</u> is clear:  18 U.S.C. § 2253(a)(3)'s provision requiring forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of [a child pornography offense]" clearly requires the forfeiture of the electronic devices in their entirety.  Similarly,18 U.S.C. § 2253(a)(1) means what it says when it provides for forfeiture of any "matter which contains any such visual depiction [of minors engaged in sexually explicit conduct]."  Thus, the court should enter the preliminary order of forfeiture and deny the defendant's motion for return of property.

B.   <u>The separation of the "photos and files" from the electronic devices would create an undue and unreasonable burden on limited government resources and likely violate the rights of the minor victims.</u>

Given the amount of data stored on each of the three devices that are apparently the subject of the defendant's instant motion—a laptop, an iPad, and an iPhone—the undertaking of separating contraband and noncontraband data proposed by the defendant here would be prohibitively costly and difficult.

For the very first time in their response to the government's Motion for a Preliminary Order of Forfeiture, the defense clarifies that they are seeking the return of noncontraband files on three devices, instead of noncontraband files on all nine devices subject to forfeiture. The government notes that the defense has yet to specifically identify which three devices are at issue.  Nonetheless, the fact that the defense seeks the return of the noncontraband data on three devices—an iPhone, a laptop, and an iPad—does not change the government's position that the separation of the noncontraband "photos and files" from the contraband files would place a significant burden on the government.   The amount of data that can be stored on an iPhone, iPad, and laptop is enormous.  The defendant himself has, throughout the course of this case, repeatedly observed the voluminous quantity of data stored on his devices, describing it as a

"mountain of digital evidence."  ECF No. 265; *see also* ECF No. 145; ECF No. 192.[2]  And as FBI Special Agent Andrew Kochy states in his declaration (ECF No. 610-1, Ex. 2), it would be difficult and take considerable time and resources for a forensic examiner to disentangle the noncontraband data from the contraband data on these devices.

The Second Circuit in Wernick expressed a similar concern regarding the burden placed on the government of separating the noncontraband from the contraband material, and also noted the difficultly of ensuring that none of the data requested by the defendant was used to facilitate the offenses of conviction.  United States v. Wernick, 673 F. App'x 21, 25 (2d Cir. 2016).  The defense attempts to distinguish the Court's concern in Wernick by stating that they are not seeking metadata.  However, Wernick sought all non-pictorial files on the hard drive as well.  Therefore, like the defendant in Wernick, defense is seeking a substantial amount of material, and the government has produced evidence on the record that separating the material would be an unduly burdensome endeavor.

This remains the case even if the Court utilizes the protocol suggested by the defense, as this protocol still requires the FBI to review all the data the defendant's forensic examiner and/or his counsel attempts to segregate and remove from his devices—a process that would likely take thousands upon thousands of hours based on the evidence in the record (ECF No. 610-1, Ex. 2).  Indeed, as an initial matter, the defendant's filings make no effort to meaningfully narrow the scope of material he is now seeking, opting instead to use generic descriptors of what he seeks that could conceivably cover all data on his devices except for the ample, thoroughly entangled child sexual abuse material he produced, received, and possessed.  Moreover, a similar procedure

---

[2] By the defendant's own estimation, just one of his devices contained close to one million images, which does not include the similarly large number of video, text, and other data files on the device. ECF No. 265. The defendant's present assurances that his devices do not actually contain a burdensome amount of data based on the unsupported claims of his counsel therefore ring hollow.

was used by the defendant to prepare for trial, and the FBI routinely found child sexual abuse material in the data that the defendant's attorneys and forensic examiners sought to remove from government's facilities.  Id.[3]

In fact, at trial, the defendant sought to introduce what his counsel described as a "naked photograph" of one of the minor victims and a screenshot of various messages this victim allegedly sent that the defense had obtained during a review of the evidence at a government facility with the defendant's forensic examiner.  See Tr., 10/20/21 at 71.  Upon review by the government, it became clear that the allegedly "naked photograph" did not qualify as child pornography, as defined by 18 U.S.C. § 2256, and may not even depict the minor victim.  But when asked how the defense had an image he believed to depict a nude minor outside of a government facility, another defense counsel stated only that they were permitted to remove it from the FBI for purposes of trial.  The defense did not explain, however, if they believed the image to be a "naked photograph" of a minor victim when they sought to remove it from the FBI, nor did they explain whether they flagged for the FBI that they believed this to be a "naked photograph" of a minor before seeking to remove it from the FBI.  This information, however, would have only been readily apparent to the defense based on the defendant's intimate knowledge of his devices and what the material on his devices depict, and would not have been known to a reviewing law enforcement officer absent the contextual information exclusively in the defendant's possession.

The flippancy of defense counsel's response to what appeared at first to be an extremely problematic act—the removal of a sexually explicit image of a minor from the custody of law

---

[3] The material the defendant obtained using this procedure for purposes of preparing for trial is governed by the Protective Order in this case, (ECF No. 28), while the material he now seeks to obtain will be provided to the defendant without any similar protections to ensure that minor victim information is not publicly disclosed.

enforcement officers—only further underscores the impossibility and inadvisability of the defendant's instant request.  Even assuming that the defense can successfully disentangle all child sexual abuse material from the data they now seek—a task that they have repeatedly failed at, either intentionally or through carelessness—any reviewing law enforcement officer will still need to conduct a painstaking review of this data to confirm that the defense is not again seeking to remove illegal content from a government facility.  And assuming even further that the defense somehow manages to remove all child sexual abuse material from the material the defendant now seeks, his devices are still so rife with image, text, and other files related to the minor victims and other minors that it would be exceedingly difficult for any law enforcement officer to review this material and determine the significance of it.  As just one example, the evidence in this case demonstrates that the defendant offered employment to several of the minor victims and employed minors in the Northern Virginia area.  If one of the defendant's "personal" or business-related files includes contact information for or an image of a minor victim—not necessarily child pornography but nevertheless the kind of information that would violate the victim's statutorily guaranteed right to dignity and privacy if provided to the defendant without any guardrails or a Protective Order, see 18 U.S.C. §§ 3509(d) and 3771—the significance of that information would only be readily apparent to the defendant and would likely go undetected by any reviewing law enforcement officer absent a prohibitively costly and lengthy review of every unspecified piece of data he now seeks.

In short, the defense itself has demonstrated the difficulty of separating the contraband from the noncontraband material on the defendant's devices using the defense's proposed solution, and their past conduct in this case shows that any such efforts will almost certainly fail in a manner that violates the rights of the minor victims guaranteed by statute.  The government

therefore strongly objects to the defendant's instant request, not just because it is inconsistent

with the controlling forfeiture statute and relevant precedent but because it will run afoul of the

legal obligations of the government, the Court, and the defense to ensure that the name or "any

other information concerning a child" be securely maintained.  See 18 U.S.C. § 3509(d).

Accordingly, this Court should deny the defendant's motion for return of property.

Conclusion

For the foregoing reasons, the requested relief is both contrary to the law of forfeiture,

and further would impose an undue burden on limited government resources. The government

therefore respectfully requests that the Court enter a preliminary order of forfeiture forfeiting the

nine electronic devices in their entirety, and deny the defendant's motion for return of property

(DE 607).

Respectfully submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:   /s/ Annie Zanobini_____
      Annie Zanobini
      Seth Schlessinger
      Attorneys for the United States
      William G. Clayman
      Special Assistant U.S. Attorney (LT)
      2100 Jamieson Avenue
      Alexandria, VA 22314
      Office Number: 703/299-3700
      Facsimile Number: 703/299-3982
      Email: Annie.zanobini2@usdoj.gov
      Email: seth.schlessinger@usdoj.gov
      Email: William.g.clayman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on the 15th of April 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record.

By:     /s/ Annie Zanobini_____
Annie Zanobini
Assistant United States Attorney
California State Bar No. 321324
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
Office Number: 703/299-3700
Facsimile Number: 703/299-3982
Email Address: Annie.zanobini2@usdoj.gov