IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:10cr42-SPM

MICHAEL ALAN REAID,

    Defendant.
_____/

**ORDER DIRECTING GOVERNMENT TO FILE SUPPLEMENTAL RESPONSE**

    This cause comes before the Court upon Defendant's letter (doc. 80), which has been treated as a motion for return of seized property pursuant to Federal Rule of Criminal Procedure 41(g). The Government filed a response in opposition (doc. 82).

    Defendant's request for return of seized property is limited. He is not seeking the physical return of his lap top computer or the media disks seized by the Government. These items were used to commit his offense and they are subject to forfeiture under 18 U.S.C. § 2253(a). Defendant, in fact, agreed to the forfeiture as a condition of his plea. And while the forfeiture was omitted from Defendant's judgment and sentence, the Government may nevertheless seek forfeiture through a civil forfeiture proceeding, which the Government has indicated it will pursue under 18 U.S.C. § 2254. So Defendant does not have a

possessory interest in the lap top computer or the media disks themselves, nor does he have clean hands with respect to these items, which are requirements for return of property under Rule 41(g).  See United States v. Connolly, 446 F. App'x 254, 255 (11th Cir. 2011) (A defendant seeking return of seized property after conviction must show "that he has a possessory interest in the seized property . . . [and] that he has 'clean hands' with respect to the property.").

What Defendant is asking for are personal and professional files that are stored on the laptop computer and the media files.  He wants the Government to go through the media disks and the hard drive on the lap top computer to find his personal and professional files, copy them, and send them to his parents for safe keeping.  Defendant states that these items are neatly organized and clearly labeled on both the media disks and the hard drive of his computer.

In response, the Government states that many hours may be needed to separate the criminal from the non-criminal files because persons possessing images of child pornography often hide them in seemingly benign files or within the background of larger images.  The Government also notes that no authority exits to require non-criminal items to be extracted from forfeited property.

Rule 41, however, does contemplate extraction and return of electronically stored information.  Vast quantities of non-case related information may be involved when electronic media items are seized.  The 2009 Advisory Committee

Case 1:20cr-00146-TSE Document 628-1 Filed 04/19/20 Page 3 of 5 PageID# 13618
Case 4:10cr-42-RH-CAS Document 146 Filed 04/12/07 Page 3 of 5

Page 3 of 5

Note to Rule 41(e)(2) acknowledges that "[c]omputers and other electronic storage media commonly contain [ ] large amounts of information . . . " and that "officers may seize or copy the entire storage medium and review it later to determine what electronically stored information falls within the scope of the warrant." The same Advisory Committee Note explains that the property owner has a remedy to seek "return of the property, excluding contraband or instrumentalities of crime" through a court order under Rule 41(g) for return of "electronically stored information, under reasonable circumstances." The Advisory Committee Note states that "the court on a case by case basis can fashion an appropriate remedy, taking into account the time needed to image and search the data and any prejudice to the aggrieved party."

So at least in some circumstances a defendant may be entitled to the return of electronically stored information, which is what Defendant is seeking here. The fact that Defendant is not entitled to return of the laptop computer itself or the actual media disks, does not mean that he is not entitled to certain electronically stored information contained therein. By analogy, a defendant may be entitled to return of personal property contained in an automobile even if the automobile is subject to lawful seizure and forfeiture. See United States v. Berroa, No. 05-40098, 2007 WL 2683996 (C.D. Ill. Sept. 6, 2007) (setting hearing on post-conviction 41(g) motion for return of property that was contained in a

seized and forfeited automobile). Likewise, information copied from a computer hard drive may be subject to return under Rule 41(g), even if the defendant is not entitled to possession of the computer hardware. See <u>United States v. Uribe-Londono</u>, 238 F. App'x 628, 630-31 (1st Cir. 2007).

A post-prosecution motion for return of property is treated as a civil action in equity. <u>United States v. Melquiades</u>, 394 F.Appx. 578, 581 (11th Cir. 2010). When a colorable claim is made, the Court cannot deny the motion without requiring the Government to submit at least some evidence to support its factual contentions. <u>Id.</u> at 585; <u>see</u> <u>also</u> <u>United States v. Cardona-Sandoval</u>, 518 F.3d 13, 16 (1st Cir. 2008) ("Affidavits or documentary evidence . . . may suffice to support the district court's determination in a given case.").

If, as the Government contends, the electronically stored information is too difficult to extract from the criminal materials, then Defendant may not be entitled to equitable relief. On the other hand, Defendant represents that the electronically stored information that he seeks is clearly labeled and contains no criminal materials. If that turns out to be true, the equities may favor returning the electronically stored information to Defendant. Accordingly, it is

ORDERED AND ADJUDGED:

1. Defendant's motion (doc. 80) remains under advisement.

2. The Government shall inspect the hard drives and media disks to

assess whether the materials Defendant is seeking can be separated from the criminal materials and returned to Defendant.

      3.      On or before July 30, 2012, the Government shall file a supplemental response with evidentiary materials to support its position.

DONE AND ORDERED this 11th day of June, 2012.

                                    *s/ Stephan P. Mickle*
                                    Stephan P. Mickle
                                    Senior United States District Judge