IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ZACKARY ELLIS SANDERS,<br><br>         Defendant. | Case No. 1:20-cr-00143<br><br>Honorable T.S. Ellis, III |

**MOTION TO CLARIFY JUDGMENT REGARDING SCHEDULE FOR PAYMENT OF RESTITUTION AND SPECIAL ASSESSMENT PURSUANT TO 18 U.S.C. § 3014**

  Zackary Ellis Sanders, by counsel, moves this Honorable Court, for entry of an Order clarifying the Schedule of Payments portion of the Judgment (Dkt. 621, p. 7), as to the starting date for payment of restitution and the special assessment imposed pursuant to 18 U.S.C. § 3014. In support of the motion, Mr. Sanders states as follows:

  On April 1, 2022, this Court sentenced Mr. Sanders to a total term of 18 years imprisonment, a life-time term of supervised release, a special assessment of $1,200, restitution in the amount of $6,000 and a special assessment pursuant to 18 U.S.C. § 3014 in the amount of $60,000.[1]  The Bureau of Prisons has interpreted the Judgment to require Mr. Sanders to participate in the Inmate Financial Responsibility Program and has begun withdrawing $100 per month from his commissary account as a means to enforce immediate payment of the monetary penalties imposed by the Court.

---

[1] The special assessment of $1,200 was paid at the time of sentencing.

1

Paragraph 1 of the Special Conditions of Supervision portion of the Judgment states that restitution in the amount of $6,000 "is due and payable immediately" and "[i]f not paid in full by the time [defendant] is released from custody, any remaining balance . . . shall be paid at a rate of no less than $100 per month to begin within 60 days of release."  Dkt. 631, p. 5.  Paragraph 10 of the Special Conditions states that: "The defendant shall pay a total of $60,000 special assessment pursuant to 18 U.S.C. § 3014, **based on future earnings ability to with penalties and interest waived**."  (emphasis added).  Dkt. 621 p. 5.

Section A of the Schedule of Payments portion of the Judgment provides that the lump sum payment of $66,000 is due immediately, in accordance with section D.  Sections B and D, both of which are checked, provides that "Payment in equal monthly installments of $100, to commence 60 days after release from imprisonment."  Dkt. 621, p. 7.

The funds deposited into Mr. Sanders's commissary account from which the initial $100 was withdrawn, and future deposits to his account are funds paid for and that will be paid in the future by his parents.

Mr. Sanders requests the Court clarify the Judgment to make clear that payment of the $60,000 special assessment is based on his future earning ability as provided in the Judgment and is therefore a contingent payment that is **not** due and payable immediately, and that the Judgment does not require Mr. Sanders to make restitution payments while he is incarcerated.

At the sentencing hearing, the Court determined that Mr. Sanders is "indigent now" and that his parents' wealth does not count toward that determination.  Transcript of Sentencing Hearing, p. 92 (hereafter "Tr."), Exhibit 1.  The Court further determined that it would have to look ahead 15 to 20 years from now to determine whether Mr. Sanders should pay the mandatory

$5000 special assessment per victim pursuant to 18 U.S.C. § 3014. Tr. at 92. Referring to imposition of the mandatory $60,000 assessment, the Court stated:

> THE COURT: "But [the J & C] will also note that it's based not that he's currently indigent, and that it's based on my assessment of his future ability to do it. And if in the future it turns out to be wrong, I would support excusing him from that obligation."

Tr. at 95-96. The Court also made it clear that it did not want Mr. Sanders's parents to pay for the special assessment.

> THE COURT: "Because special assessments really have a kind of punitive effect. I don't doubt that his parents will continue to support him, but I don't want the punishment to be to his parents. I don't want to assess a $5,000 special assessment that his parents are going to have to pay. I don't doubt that they have the wherewithal to do it and more. After all, they hired seven or eight different law firms and lawyers to participate in this case. I don't have any doubt at all that they can afford it. But that isn't legally relevant, and they shouldn't have to pay for that."

Tr. at 77-78. With regard to restitution, the Court further stated that:

> THE COURT: "I think I've already ordered the restitution, I've said that interest is waived, and I've already said that he has to begin paying the restitution at $100 a month 60 days after his release from confinement, and that amount can be increased or decreased depending on his circumstances."

Tr. at 96.

28 C.F.R. , Ch V, Part 545, Subpart B, Inmate Financial Responsibility Program § 545.11 and BOP Program Statement No. 5380.07, 1/3/2000, p. 9 provide:

(d) *Effects of non-participation.* Refusal by an inmate to participate in the financial responsibility program or to comply with the provisions of his financial plan ordinarily shall result in the following:

> (1) Where applicable, the Parole Commission will be notified of the inmate's failure to participate;
>
> (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);
>
> (3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

(4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

(5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exceptions to this require approval of the Warden;

(6) The inmate shall be subject to a monthly commissary spending limitation more stringent than the monthly commissary spending limitation set for all inmates. This more stringent commissary spending limitation for IFRP refusees shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;

(7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);

(8) The inmate will not be placed in a community-based program;

(9) The inmate will not receive a release gratuity unless approved by the Warden;

(10) [Reserved]

(11) The inmate will not receive an incentive for participation in residential drug treatment programs.

Section 545.10 and the PS 5380.07, p. 1 provide in part:

staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility.

If Mr. Sanders declines to participate in the Inmate Financial Responsibility Program, he will face negative consequences for such refusal during his term of imprisonment including the potential of a higher security level classification. His ability to voluntarily participate in the IFRP will be paid for by his parents which the Court expressly stated it did not want to occur.

WHEREFORE, Mr. Sanders requests this Court enter an Order clarifying that restitution and special assessment payments are not due and payable immediately and that

4

he is not required to make payment on his court-ordered financial obligations during his term of imprisonment.

Respectfully submitted,

ZACKARY ELLIS SANDERS
By Counsel

_____/s/_____
Nina J. Ginsberg (#19472)
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuro.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2022, the foregoing was served electronically on the counsel of record through the US District Court for the Eastern District of Virginia Electronic Document Filing System (ECF) and the document is available on the ECF system.

/s/ Nina J. Ginsberg
Nina J. GInsberg