IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:20-cr-143 |
| | ) | |
| ZACKARY ELLIS SANDERS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

A jury, following a seven-day trial, convicted Defendant Zackary Ellis Sanders of five counts of production of child pornography, six counts of receipt of child pornography, and one count of possession of child pornography. Now before the Court are the government's motion for a preliminary order of forfeiture (Dkt. 610) and defendant's motion for return of non-contraband seized property (Dkt. 607). The government seeks forfeiture of nine electronic devices, all of which were used in the commission of the offenses of conviction, and which were seized by FBI agents on February 12, 2020 in the course of executing a search warrant at Defendant's home. Defendant concedes that the electronic devices themselves are subject to mandatory forfeiture, but defendant nonetheless seeks the return of certain files contained on these devices, including defendant's business records and family photograph, which defendant argues are not subject to mandatory forfeiture. Defendant seeks an order directing the government to preserve and return copies of the non-contraband content on the devices. The motions have been fully briefed and a forfeiture hearing was held April 29, 2022.[1] The motions are therefore ripe for disposition.

---

[1] Ordinarily, a forfeiture order is entered at the time of sentencing, and sentencing in this case occurred on April 1, 2022. At the time of defendant's sentencing, however, defendant requested additional time to respond to the government's proffered preliminary forfeiture order and requested that the forfeiture hearing be continued to a later date. *See* Defendant's Reply in Support of Defendant's Motion for Return of Property, *United States v. Sanders*, 1:20-cr-00143

## I.

The factual and procedural background of this case has been recounted in prior Orders and need not be fully repeated here. *See, e.g.*, Sealed Order, *United States v.* Sanders, 1:20-cr-143 (E.D. Va. Apr. 15, 2022) (Dkt. 642) (summarizing defendant's convicted offenses and the trial evidence supporting those convictions).  In essence, in October 2021, following a seven-day trial, defendant was convicted by a jury of twelve counts of possession, receipt, and production of child pornography. The trial evidence established that Defendant coerced, persuaded, and enticed minor victims to record videos of themselves engaged in sexualized conduct (*e.g.* slapping their testicles) and then to send those videos to Defendant. The trial evidence also established that Defendant amassed a collection of child pornography from various websites and that Defendant stored that child pornography on various electronic devices. As a result, the government seeks forfeiture of the following nine electronic devices, all of which contain child pornography or were used in commission of the offenses of conviction:

   (a) 1B1 - 4GB Sandisk Cruzer Edge thumb drive ("1B1");

   (b) 1B2 - HP Elite Book 755 laptop ("1B2");

   (c) 1B3 - Lexar 32GB thumb drive ("1B3");

   (d) 1B5 - HP laptop S/N: 5CH1262Y5Y ("1B5");

   (e) 1B6 - HP laptop S/N: CNF8255WH5 ("1B6");

   (f) 1B19 - Apple iPad, S/N: DMPVGGCPHDDV ("1B19");

---

(E.D.Va.  Mar. 31, 2022) (Dkt. 612 at 1). Defendant's motion to continue the forfeiture hearing was granted, and the forfeiture hearing was continued until Aril 29, 2022.

During defendant's sentencing, counsel for both parties agreed that Fourth Circuit precedent established that a sentencing court may retain jurisdiction to enter a forfeiture order after sentencing, provided that, as occurred here, the sentencing court makes clear at the time of sentencing that a forfeiture order would be forthcoming at a later time. *See United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011).

(g) 1B22 - Apple iPad, S/N: DMPHM3K7DVGF ("1B22");

(h) 1B24 - Apple iPhone, FCC ID: BCG-E2430A ("1B24");[2] and

(i) 1B27 - Apple iPhone S/N; C39VJ0XDJCL6 ("1B27").

Trial testimony and admitted evidence establishes that all of these electronic devices contained child pornography and were used by Defendant in the commission of the offenses of conviction. Specifically, trial testimony included:

- Special Agent Christopher Ford testified that he imaged and examined devices 1B1, 1B2, 1B3, and 1B5, and that those devices each contained images of child pornography (relating to the possession of child pornography charges).

- Agent Ford also testified that he examined 1B19 and that, based on Agent Ford's examination, 1B19 was used to chat online with minors to produce and receive child pornography.

- Agent Ford testified that he examined 1B22 and that 1B22 was used to chat online with minors to produce and receive child pornography.

- Agent Ford testified that he examined 1B27 and that 1B27 was used to receive child pornography.

In addition to the trial testimony, the government submitted two declarations in support of forfeiture. First, Special Agent Emily Eckert submitted a declaration in support of the government's forfeiture motion in which Eckert explained that a forensic examination of the electronic devices found images and videos of child pornography on each device. *See* Declaration of Special Agent Emily T. Eckert, *United States v. Sanders*, 1:20-cr-00143 (E.D.Va. Mar. 29, 2022) (Dkt. 610-1). Second, FBI Special Agent Andrew Kochy also submitted a declaration in support of the government's forfeiture motion in which Agent Kochy described the burden the government would bear if the government were required to review the files on these electronic devices and segregate contraband from non-contraband files. *See* Declaration of

---

[2] The government's proposed forfeiture order incorrectly identified device 1B24 as an Apple iPad, *see* Dkt. 610, but the government corrected this error during the April 22 forfeiture hearing.

Special Agent Andrew Kochy, *United States v. Sanders*, 1:20-cr-00143 (E.D.Va. Mar. 29, 2022)
(Dkt. 610-1 at 7). Specifically, Agent Kochy stated that an FBI agent would be required to
"inspect every picture, text message, email, document, and file" on these devices to ensure that
the files Defendant seeks contain no contraband or evidence of Defendant's crimes.[3] Dkt. 610-1
at 9. Thus, agents would be required to engage in the time-consuming effort of reviewing each
file for contraband content before separating contraband content in order to separate contraband
from non-contraband files.

### III.

The forfeiture of property in child pornography prosecutions is governed by 18 U.S.C.
§ 2253. In essence, the parties dispute the proper scope of that statutory provision. Section
2253(a) provides that defendants who are convicted of child pornography offenses are required
to forfeit certain property used in connection with those offenses. *See* 18 U.S.C. § 2253(a).
Because Section 2253(a)'s forfeiture provisions are mandatory, district courts lack authority to
deny forfeiture even in the presence of compelling circumstances or equitable considerations. In
this respect, the Fourth Circuit has been clear that "[t]he plain text of the statute thus indicates
that forfeiture is not a discretionary element of sentencing." *United States v. Blackman*, 746 F.3d
137, 143 (4th Cir. 2014). Indeed, in *Blackman*, the Fourth Circuit explicitly held that the district
court erred in "believe[ing] that it could withhold forfeiture on the basis of equitable
considerations." *Id.* Thus, equitable considerations must play no role in determining whether the
electronic devices are subject to forfeiture in their entirety.

---

[3] As discussed in more detail below, the term "contraband" refers to all property subject to
mandatory forfeiture. The term "contraband" encompasses not only images of child
pornography, but also includes any electronic files used in the commission of the convicted
offenses as well as any information identifying or relating to the minor victims in this case.

The government bears the burden of "establish[ing] a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence." *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011). The government has clearly satisfied its burden in this case, as the trial evidence and the declarations of Special Agents Eckert and Kochy, *see* Dkt. 610-1, establish that all nine electronic devices at issue here contain visual depictions of child pornography and were used by defendant in the commission of his child pornography offenses. [4] Defendant does not contest that all nine electronic devices are subject to forfeiture.

Although the parties agree that the nine electronic devices are subject to mandatory forfeiture under § 2253, the parties disagree about whether § 2253 applies to non-contraband files stored on those devices. The government argues that the provisions of § 2253 unambiguously require forfeiture of the electronic devices in their entirety, and that the defendant is not entitled to the return of certain non-contraband files stored on those devices. *See* Dkts. 610, 641. Defendant, in contrast, argues that the forfeiture statute does not apply to the non-contraband files contained on those files, and that the government is required to return to defendant non-contraband files which the government can easily identify and separate from the contraband files. Specifically, the defendant seeks the return of certain allegedly non-contraband files—business records and family pictures—stored on the devices designated as 1B2, 1B19, and 1B27.

---

[4] Under Rule 32.2(b)(1)(B), Fed. R. Crim. P., the determination of a nexus between the property and the crime of conviction "may be based on evidence already in the records … or information presented by the parties … after the verdict or finding of guilty." Rule 32.2(b)(1)(B); *accord United States v. Farkas*, 474 Fed. App'x. 349, 360 (4th Cir. 2012) (holding that a district court may rely on additional evidence submitted during sentencing in determining the scope of a forfeiture order). Thus, the declarations of Special Agents Eckert and Kochy are properly considered as part of the factual record at this stage of proceedings.

Section 2253(a) specifically identifies three categories of property subject to mandatory forfeiture:

> (1) any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction [of child pornography], which was produced, transported, mailed, shipped or received in violation of this chapter;
>
> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>
> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.
>
> 18 U.S.C. § 2253(a).

Notably, nowhere does the statute provide that only some portion of the property containing child pornography should be subject to forfeiture. Nor does the statute provide that non-contraband material on the devices should be separated from contraband materials on the devices and returned to a defendant. Instead, the statute clearly requires forfeiture of "any … matter which contains" a visual depiction of child pornography, and thus requires the forfeiture not only of the visual depiction itself, but also the matter or device on which that visual depiction is stored. 18 U.S.C. § 2253(a)(1). Accordingly, any and all property used to commit a child pornography offense must be forfeited to the government under § 2253(a)(3).[5] The statute on its face thus requires that Defendant must forfeit the nine electronic devices in their entirety. And as

---

[5] This result is also consistent with the Fourth Circuit's interpretation of forfeiture provisions in other areas of criminal laws. For example, the Fourth Circuit has held that the forfeiture laws governing drug prosecutions, *see* 21 U.S.C. § 881(a), requires forfeiture of an entire property even if drug sales occurred only on a small portion of that property. *See United States v. Santoro*, 866 F.2d 1538, 1542-43 (4th Cir. 1989) (holding that the statutory text, and not the defendant's "subjective characterization of the property," must "serve as the legal basis" for determining what property is subject to forfeiture).

discussed below, none of Defendant's arguments against forfeiture are persuasive and thus Defendant's opposition to forfeiture of the entire device must fail.

Because the parties disagree on the scope of 18 U.S.C. § 2253, the question presented in this matter is a question of statutory interpretation. Thus, the analysis must "begin, as always in deciding questions of statutory interpretation, with the text of the statute." *Othi v. Holder*, 734 F.3d 259, 265 (4th Cir. 2013). Section 2253's text makes unmistakably clear that the government's position is correct; the electronic devices at issue are subject to forfeiture in their entirety under two subsections of § 2253.

First, the electronic devices are subject to forfeiture under § 2253(a)(1) because they are "any … other matter which contains any such visual depiction" of child pornography. 18 U.S.C. § 2253(a)(1). There is no dispute that each of the nine electronic devices contain images of child pornography, and thus each electronic device falls within the scope of § 2253(a)(1). Notably, Section 2253(a)(1) makes no exception for non-contraband material contained on the electronic devices, and instead requires that any and all matter containing child pornography (*i.e.* the nine devices at issue here) are subject to forfeiture. To the contrary, § 2253(a)(1) clearly requires forfeiture of the matter containing the visual depictions—*i.e.* the electronic storage devices.

Second, the nine electronic devices are also subject to forfeiture in their entirety under § 2253(a)(3), which requires forfeiture of "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). Here, the electronic devices the government seeks to be forfeited qualify as property used to commit the offenses, given that these electronic devices were all used by the defendant to access and store visual depictions of child pornography. Defendant also used these electronic devices (i) to direct his minor victims to produce sexually

7

explicit images of themselves and (ii) to receive those images from his victims. *See* Dkt. 610-1 at
4-5. Thus, these electronic devices were also used to facilitate the convicted offenses of
production and receipt of child pornography. Like Section 2253(a)(1), Section 2253(a)(3) applies
to *any* property used to commit a child pornography offense and does not contain an exception
for non-contraband portions of property. Accordingly, many of the electronic devices are subject
to forfeiture in their entirety under § 2253(a)(3).

Thus, there is no doubt that the plain and unambiguous text of 18 U.S.C. § 2253(a)
requires the forfeiture of the electronic devices in their entirety if the devices contain child
pornography or were used to commit child pornography offenses. As the Fourth Circuit has
made clear in statutory interpretation cases, where, as here, "the text is unambiguous, [the]
inquiry is complete." *Taylor v. Grubbs*, 930 F.3d 611, 616 (4th Cir. 2019) (citing *Nat'l Ass'n of
Mfrs. v. Dep't of Def.*, —— U.S. ——, 138 S. Ct. 617, 631 (2018)). Indeed, the Supreme Court
has observed that criminal forfeiture provisions "punish wrongdoing ... [and] deter future
illegality," *Kaley v. United States*, 571 U.S. 320, 323 (2014). And the plain language of §
2253(a) reflects Congress's clear purpose to deter and prevent further child pornography
offenses. As discussed below, a review of persuasive caselaw confirms this result.

Although the Fourth Circuit has not ruled on this precise issue, two well-reasoned
opinions of other federal courts of appeals analyzing this issue have reached the conclusion that
in child pornography cases, non-contraband files stored on contraband electronic devices must be
forfeited along with the devices themselves. In *United States v. Noyes*, 557 Fed. App'x. 125 (3d
Cir. 2014), the Third Circuit held that electronic devices used in connection with a child
pornography conviction were subject to forfeiture in their entirety, including all of the files,
contraband and non-contraband, stored on those devices. As occurred here, the defendant in

8

*Noyes* requested an order requiring the government to return to defendant any non-contraband electronic files stored on those devices. The *Noyes* Court denied this request, observing that the forfeiture statute in child pornography cases required defendants to forfeit "any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." *Noyes*, 556 Fed. App'x at 127 (citing 18 U.S.C. § 2253(a)(3)). The *Noyes* Court explained that "[t]here is nothing in the statute which indicates that only a portion of the property can be forfeited," *Noyes*, 557 Fed. App'x at 127, and accordingly the *Noyes* Court held that the child pornography forfeiture statute required forfeiture of the electronic devices as well as all files stored on those devices, including non-contraband files.

The Second Circuit reached a similar conclusion in *United States v. Wernick*, 673 Fed. App'x. 21, 25 (2d Cir. 2016). There, as here, a defendant convicted of a child pornography offense sought return of non-contraband files stored on an electronic device subject to mandatory forfeiture under 18 U.S.C. § 2253(a)(3). The Second Circuit denied defendants request, explaining that in child pornography prosecutions electronic devices containing child pornography were "still forfeitable [in their entirety] even if commingled with legitimate property." *Wernick*, 673 Fed. App'x at 25. The Second Circuit also explained that such a request would be difficult to grant even if defendant identified specific files, as "[i]t is impossible confidently to conclude that none of the data requested was used to facilitate the offenses of conviction (such as contact information for parties to the crimes or records of internet chats concerning the criminal activity)." *Id.*

In his briefs opposing forfeiture, defendant cites various out-of-circuit cases to argue that the electronic devices are not subject to forfeiture in their entirety. But this caselaw fails to persuade, as none of the cases cited by defendant involve construction of 18 U.S.C. § 2253, the

9

governing statute in this case. Accordingly, none of these cases are applicable and therefore these cases do not suggest, yet alone require, a conclusion different from the result reached here

Defendant argues that an opinion of the Ninth Circuit, *United States v. Gladding*, 775 F.3d 1149 (9th Cir. 2014), reached the opposite result and requires that the government return defendant's non-contraband files. This is an inaccurate reading of *Gladding*. The *Gladding* Court interpreted a district court's forfeiture order, not the text of § 2253(a). At issue in *Gladding* was whether the district court's forfeiture order which excluded "noncontraband files even though those files were intermingled with files containing child pornography," *id.* at 1153, nonetheless applied to non-contraband files. The government in *Gladding* sought forfeiture of the non-contraband files notwithstanding that those files were not included in the forfeiture order. The Ninth Circuit acknowledged that "this type of forfeiture order [issued in *Gladding*] is uncommon…" because "in the normal course, a defendant forfeits all the files on an electronic storage device when it forfeits the device itself, whether those files are contraband or not." *Id.* at 1153, n.1. But the government in *Gladding* never argued that the forfeiture order should be amended to cover all the files on the electronic devices, and there is no indication that the *Gladding* Court considered the proper interpretation of § 2253(a). To the contrary, the Ninth Circuit explicitly "d[id] not express an opinion on the validity of the district court's order requiring [defendant] to forfeit only contraband files" and further, the *Gladding* Court declined to "preclude the district court from amending its forfeiture order on remand to include the noncontraband files that [defendant] seeks in his motion to the extent permitted by law." *Id.* Thus, the *Gladding* Court expressly declined to consider the issue presented in this case, namely whether the child pornography forfeiture statute, 18 U.S.C. § 2253(a), requires forfeiture of all files housed on electronic storage devices if those devices are used to commit child pornography

offenses. Accordingly, *Gladding* does not suggest that defendant should prevail on his motion for return of non-contraband property.

Defendant also cites additional caselaw which does not involve application of § 2253(a) and is therefore inapplicable to the instant case. For example, defendant cites *United States v. Conrad*, 2013 WL 4028273, No. 3:12-cr-00134-K-34 (TEM) (M.D. Fla. May 14, 2013), which Defendant claims stands for the proposition that courts have developed a standard practice for separating contraband and non-contraband materials in forfeiture disputes. But *Conrad* involved a motion for return of property under Rule 41, Fed. R. Crim. P., and the opinion relied on by defendant does not even cite, yet alone analyze, 18 U.S.C. § 2253(a), which controls the mandatory forfeiture in this case. Defendant also cites *United States v. Reaid*, 4:10-cr-00042 (N.D. Fl., June 11, 2012) for the proposition that courts may order the return of non-contraband property. Once again, however, the *Reaid* opinion did not entail an analysis of § 2253(a); that opinion dealt instead with a motion for return of property under Rule 41. Thus, the *Reaid* opinion does not concern the proper scope of § 2253(a), which, as discussed above, compels the forfeiture of the electronic devices in their entirety even if the device contains some non-contraband material. In sum, defendant relies on inapplicable and unpersuasive cases, none of which interprets § 2253(a), the statute that undoubtedly governs this child pornography forfeiture dispute.

As discussed above, the plain text of § 2253(a) requires forfeiture of the electronic devices in their entirety, and the Fourth Circuit has held that courts imposing mandatory forfeiture under § 2253(a) may not decline to require forfeiture based on equitable considerations. *See Blackman*, 746 F.3d at 143. But even if equitable considerations were

considered, it is clear that those considerations favor a ruling requiring Defendant to forfeit the electronic devices in their entirety.

First, the government has demonstrated, through trial testimony and declarations submitted in support of the instant forfeiture motion, that compliance with defendant's request for return of some files would impose an unwarranted and substantial burden on government resources. In his declaration, FBI Special Agent Kochy advised that it would take considerable time for FBI forensic examiners to comb through the electronic devices at issue and segregate contraband from non-contraband files. *See* Dkt. 610-2. The government also notes that the task of separating contraband from non-contraband files is more complicated than merely separating pornographic images from non-pornographic ones. For example, the trial evidence in this case demonstrated that the Defendant offered employment in his businesses to several of the minor victims. Thus, some of the business files the Defendant seeks to be returned may contain information identifying defendant's minor victims, and thus such files could only be returned to the Defendant with identifying information redacted. *See* 18 U.S.C. § 3509, 3771. It would necessarily take detailed review of each file to ensure that no contraband material was inadvertently disclosed to the defendant. This review would require government personnel to devote substantial time; given the number of child pornography cases prosecuted in this District, manual review of every electronic device subject to forfeiture would be entirely unworkable given finite government resources.[6]

---

[6] Defendant, in his briefing on this issue, has offered to pay the government for the costs of identifying and returning to defendant the non-contraband files stored on the electronic devices. Defendant's offer to pay the government is insufficient. As the government rightly notes, however, even if defendant assisted with the cost of reviewing the files, an FBI technician would still be required to review the files and determine which were contraband and which were not contraband. This would require that FBI personnel take time away from other jobs, which cannot be compensated for by Defendant's payments.

Second, any burden to the Defendant in this case is a result of the Defendant's own wrongdoing. It is clear that the Defendant is the one who decided to commingle family photographs and business records with images of child pornography. Given that the purpose of criminal forfeiture is to punish and deter criminals, equity requires a denial of Defendant's motion. Forfeiture of the devices in their entirety also serves a significant deterrent purpose. As the Fourth Circuit has observed, "the substantive purpose of criminal forfeiture is not to provide protection for defendants but to deprive criminals of the fruits of their illegal acts and deter future crimes." *Martin*, 662 F.3d at 309. Forfeiture of the electronic devices in their entirety is a significant deterrent to those who consider trafficking in images of child pornography.

## IV.

In sum, Defendant asks for the creation of an exception to a statute's mandatory statutory forfeiture requirement, based on the premise that it is unfair to deprive Defendant of family photographs and business records stored on the forfeited devices. But the exception Defendant seeks comes not from the statute's clear text, which contains no such exception for non-contraband files housed on a contraband device; instead, Defendant's proposed exception comes from reliance on equitable considerations. But the Fourth Circuit has explicitly held that sentencing courts may not deny forfeiture based on equitable consideration in cases involving forfeiture under 18 U.S.C. § 2553. *See Blackman*, 746 F.3d at 143 ("Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."). Instead, the plain and unambiguous text of § 2253(a) requires that the government's motion for forfeiture be granted, the defendant's motion for the return of non-contraband property be denied, and that the electronic devices at issue be forfeited in their entirety.

An Order reflecting the issues in this Memorandum Opinion will issue separately.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
August 19, 2022

T. S. Ellis, III
United States District Judge

14